

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

May 26, 2005

**VIA ELECTRONIC FILING**
**AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:   *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,*
             *C. A. No.. 04-293(KAJ)*

Dear Judge Jordan:

      We write on behalf of defendant Hercules Incorporated ("Hercules") in response to the letter that plaintiff Ciba Specialty Chemicals Corporation ("Ciba") submitted to the Court on May 25, 2005. Hercules addresses Ciba's issues as listed in its letter.

      **A.**    **Hercules' Interrogatory Response as to Non-Infringement**

      Hercules has twice, in letters dated April 20, 2005 and May 16, 2005 (Ciba Ex. G at 2 and Ex. J at 3, respectively[1]), asked Ciba to state which claims of its two patents-in-suit (U.S. Patent Nos. 5,167,766, "the '766 patent," and 5,171,808, "the '808 patent"), are infringed by Hercules' commercial product, PerForm® SP9232. Ciba has refused to provide this information but now approaches the Court stating that certain claims listed in its answer to Hercules' Interrogatory No. 3 are "presently being asserted" in this case. Actually, in answer to Hercules' Interrogatory No. 3 Ciba asserts that a Hercules patent application (published as PCT/US02/39143) infringes the designated claims. As the Court well knows, a patent application cannot infringe a patent; a product must infringe.

      Hercules has already provided substantial information on non-infringement. In answer to Ciba's Interrogatory Nos. 1 and 7 and elsewhere Hercules has indicated that its PerForm® SP9232 does not contain a "cross-linked polymeric microbead (or microparticle)." That limitation appears in every claim of both of Ciba's patents-in-suit. Moreover, in answer to Ciba's First Admission Requests (Nos. 1-53), Hercules responded element-by-element to all of the individual claim limitations requested by Ciba, admitting Request Nos. 1-7, 14, 22, and 26

---

[1] "Ex. _" refers to the Exhibits attached to Ciba's May 25, 2005 letter to the Court.

The Honorable Kent A. Jordan
May 26, 2005
Page 2

and admitting-in-part or denying the remaining Requests. Ciba knows exactly what Hercules' position is on non-infringement.

If Ciba now asserts that Hercules' commercial PerForm® SP9232 product infringes the same claims listed in its answer to Interrogatory No. 3, Hercules will provide the requested claim charts. First, however, Hercules asks the Court to direct Ciba to provide its own infringement claim charts directed not to Hercules' patent application, but to the commercial PerForm® SP9232 product. Ciba tested this product pre-suit but relies on none of that information or any other information about Hercules' product in the claim charts presently contained in its answer to Hercules' Interrogatory No. 3. Ciba is the patentee/plaintiff and should go first on infringement because it bears the burden of proof on that issue. Hercules suggests that Ciba provide its infringement claim charts on all claims it is asserting ten (10) business days prior to Hercules providing its non-infringement claim charts.

### B. Hercules' Interrogatory Response as to Invalidity

Hercules has already provided a supplemental response to Ciba's Interrogatory No. 2 regarding the invalidity of claim 1 of each of the patents-in-suit. (*See* Ex. B.) And when Ciba identifies the other claims it asserts are infringed by Hercules' commercial PerForm® SP9232 product, Hercules will provide the requested claim charts on those claims.

### C. Document Pertaining to Polyflex® CP.3

At the time Hercules served its responses to Ciba's First Set of Document Requests (Nos. 1-71), Ciba had not informed Hercules that the patents-in-suit covered any of the Polyflex® products. Nor had Ciba marked any of its Polyflex® products with the numbers of either patent-in-suit, or asked Hercules to do so. Hercules did not know at that time that any Polyflex® products were covered by the patents-in-suit. Furthermore, many of Ciba's Polyflex®-related discovery requests have no relevance to the infringement issues concerning the accused product, PerForm® SP9232. Thus Hercules' relevancy objections were appropriate.

Moreover, over the years, American Cyanamid, Cytec, and Ciba have manufactured a number of products under the Polyflex® trademark. Pursuant to non-exclusive distributorship agreements with Cytec and later with Ciba, Hercules sold a number of such Polyflex® products. More recently in this litigation, Ciba stated in an interrogatory response that the patents-in-suit cover just one of these products--Polyflex® CP.3. Ciba's document requests are objectionable, among other reasons, because they seek the production of documents concerning the other Polyflex® products that by Ciba's own admission are not covered by the patents-in-suit.

Ciba's document requests broadly define the "Polyflex® Product" as "any product made, used, sold and/or offered for sale by Cytec and/or Ciba under the trademark Polyflex®." Because of this overly encompassing definition, Ciba's requests were and remain objectionable. We address below the specific document requests raised in Ciba's letter to the Court:

**Request No. 18:** This request covers changes in the process or processes used to manufacture the Polyflex® products. Hercules has never manufactured Polyflex® products and thus has no responsive documents.

**Request No. 19:** Ciba requests documents concerning "the conversion from producing any of the Polyflex® products to producing any of the PerForm® SP products." Hercules has produced responsive documents concerning the development and scale-up of PerForm® SP9232 production. If other responsive materials are located they will be produced.

**Request No. 26:** Ciba requests "[a]ll documents concerning the testing of any of the Polyflex® or Perform® SP products." Although this request is overbroad for requesting "all documents" concerning the testing of any "Polyflex® or Perform® SP products," Hercules has produced documents concerning its PerForm® SP9232 products, including research, development, commercialization and "testing," and further has produced and agreed to produce documents comparing the PerForm® SP9232 product with Polyflex® products, including CP.3.

**Request No. 35:** This request seeks "[a]ll documents concerning any examination, analysis, inspection, copying, or testing of any of the microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by Ciba, including, but not limited to, any of the Polyflex® products." It is much broader than even the other Requests above directed broadly to "Polyflex" and is clearly objectionable.

**Request No. 52:** Hercules will provide these documents to Ciba.

**Request No. 53:** This request is overbroad and responding to it would be unduly burdensome because it would literally require production of "any agreement by Hercules to sell, offer to sell, and/or distribute any Polyflex® product to any third party," which would include any and all purchase orders, etc. to any and all Hercules customers, for every Polyflex® product Hercules ever distributed.

**Request Nos. 62, 63, 64, and 67:** Provided these requests are limited to Polyflex® CP.3, allegedly covered by the patents-in-suit, Hercules will produce this sales, pricing, profitability, and so-called commercial success-related information.

**Request No. 87:** The documents requested are in the "possession, custody, or control of Ciba, American Cyanamid Co., and/or Cytec Industries", as Hercules stated in its Rule 26(a)(1) Initial Disclosure (at page 9).

**Request No. 104:** Hercules has already stated that it has no responsive documents.

Respectfully,

Richard L. Horwitz

The Honorable Kent A. Jordan
May 26, 2005
Page 4

683950

cc:   Thomas L. Creel (via facsimile)
      Ford F. Farabow (via facsimile)
      Joann M. Neth (via facsimile)
      Chad M. Shandler (via facsimile)
      Eley O. Thompson (via facsimile)