

# Potter
# Anderson
# Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

May 26, 2005

**VIA ELECTRONIC FILING
AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

Re:   *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,*
       **C. A. No.. 04-293(KAJ); Cytec's Response to Ciba's Discovery Requests**

Dear Judge Jordan:

Our firm, together with trial counsel Goodwin Procter LLP, represents Cytec Industries, Inc., one of the two defendants in this case.

Both defendants, Cytec and Hercules, were separately named as a defendant by Ciba. Hercules developed and sells the PerForm® product, which has been accused of infringement. Cytec toll manufactures the PerForm® product for Hercules. Each defendant is represented by separate trial counsel and each served separate responses to discovery in this case. Yet plaintiff does not differentiate between the two responses in its letter to the Court. Rather, Ciba refers to the alleged "deficiencies in Defendants' interrogatory responses and discovery production." In fact, of the three issues raised, one does not apply to Cytec at all and another has not been the subject of any meet and confer sessions between Ciba and Cytec.

In the past, Cytec has requested Ciba to direct any discovery issues it has with Cytec to Cytec directly since plaintiff's tactic of not differentiating between the two defendants' responses, as is done in the letter to the Court, renders Ciba's complaints "at times unclear and at times misleading ... Ciba's approach increases unnecessarily the costs while at the same time complicates resolution of the issues." (Letter to Ciba's counsel of April 29, 2005.) So too here, Ciba's tactic of not differentiating between the defendants' discovery responses requires each of Cytec, Hercules and the Court to expend time and effort needlessly in sorting through which of the asserted deficiencies apply to which responses of which defendant.

Cytec requests that the Court direct Ciba: (1) to discuss separately with each defendant any alleged deficiencies in that defendant's discovery responses; and (2) to present separately any issues it has with a defendant's discovery responses in papers filed with the Court (except, of course, where the issues are the same for each).

The Honorable Kent A. Jordan
May 26, 2005
Page 2

Cytec responds as follows to the three issues raised by Ciba.

### A. Cytec's Response to Interrogatory No. 1 (infringement)

As to this one issue, the situation for the two defendants is essentially the same.

Ciba bears the burden of proof on infringement. Document discovery has only recently begun. No depositions has been taken. In written discovery, Ciba was asked to designate which claims of the two patents in suit were allegedly infringed and why. To date, Ciba has not done so.[1] Even without this claim identification, Cytec has fully complied with its obligation of discovery. In its response to this interrogatory, Cytec states, as to its non-infringement position on Claim 1 of the '766 patent based on the stage of discovery to date, "Cytec's understanding that the PerForm product sold by Cytec to Hercules does not contain an ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter less than about 750 nanometers." A similar response was made as to the independent claim of the '808 patent. Additionally, Cytec responded in detail to Requests for Admission which asked about specific claim elements.

Without more specificity and discovery from Ciba, such as its claim construction of the claims in issue, the discovery provided is complete and accurate. It should be noted that there is only one independent claim in each of the patents. It is black letter patent law that when a independent claim is not infringed, then all of the dependent claims from that independent claim, are likewise not infringed. In any event, before anything further is done on infringement, Ciba should first supply claim charts showing in detail how it construes the claims and applying the such-construed claims to the products at issue for infringement purposes.

### B. Cytec's Response to Ciba Interrogatory No. 2 (invalidity)

Although this section is labeled as an objection to "Defendants responses" to Interrogatory No. 2, in fact, it only relates to the Hercules' responses. Cytec has not asserted invalidity of the patents-in-suit.

### C. Cytec's Responses to Document Requests Relating to the Polyflex® Product.

As can be seen from the bullet points in Ciba's May 25, 2005 to the Court, most of Ciba's complaints about discovery relate to Hercules' responses. As to the Cytec responses, there has been no meet and confer on the document requests. So the issue is not yet ripe to present to the Court as to Cytec. Nevertheless, Cytec will attempt to respond as best as it is able.

---

[1] Ciba did designate claims which it asserted covered material set forth in a certain Hercules patent application. It did not, however, assert any claims allegedly infringed by the accused product in suit.

The Honorable Kent A. Jordan
May 26, 2005
Page 3

<u>"Cytec's reliance on and promotion of the patents and Polyflex®"</u>

Cytec is unable at this time to respond to this complaint since it does not understand the allegation of insufficiency. Cytec is not aware of any document request directed to it which corresponds to the paraphrase in Ciba's letter.

<u>"Cytec's decision to put the Polyflex® business and the patents-in-suit up for sale"</u>

Cytec's objection here is one of relevance and burden.

Prior to 2000, Cytec manufactured and sold to both Hercules and Ciba product under the trade name Polyflex®. In 2000, Cytec sold the Polyflex® business, including, *inter alia*, the two patents in suit, to Ciba. Thereafter, Hercules independently developed a new product called PerForm®, which is a subject matter of this litigation. Hercules then approached Cytec to manufacture this new product for it under what is known in the industry as a tolling arrangement. That is where a company (such as Cytec) acts as an out source manufacturer to make a product to a third party buyer's own specification. Indeed, in the same manner, Cytec continued to manufacture the Polyflex® product for Ciba under a tolling arrangement after Cytec sold the business to Ciba.

Cytec has only raised a non-infringement defense, not invalidity or other defenses. Furthermore, Cytec has conceded that the two patents in suit which it sold to Ciba cover at least one Polyflex® product. With the only product accused of infringement being one commercialized and sold long after the sale of the business and the only defense being non-infringement, it is clear there is no relevance to the requested information about how and why Cytec sold the Polyflex® business and the patents to Ciba.

Furthermore, even if there could be some relevance, the breadth of such a request is objectionable ("documents relating to the patents and the underlying Polyflex® product"). Cytec manufactured the Polyflex® products for over a decade and sold it to many different customers, including both Ciba and Hercules. This is a true case of the tail wagging the dog. Furthermore, in the absence of any meet and confer to understand exactly what Ciba is seeking and why, Cytec is at this time unable to suggest a compromise narrower scope of production.

**Prayer for Relief**

Cytec respectfully asks the Court: (1) to deny the requested discovery; and (2) to direct Ciba to discuss separately with each defendant any alleged deficiencies in that defendant's discovery response.

Respectfully,

Richard L. Horwitz

The Honorable Kent A. Jordan
May 26, 2005
Page 4

683947

cc:   Thomas L. Creel (via facsimile)
      Ford F. Farabow (via facsimile)
      Joann M. Neth (via facsimile)
      Chad M. Shandler (via facsimile)
      Eley O. Thompson (via facsimile)