RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHAD M. SHANDLER

DIRECT DIAL
(302) 651-7836
SHANDLER@RLF.COM

May 25, 2005

**VIA E-FILE and HAND DELIVERY**

REDACTED - PUBLIC VERSION

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, Delaware 19801

Re:  Ciba Specialty Chemicals Corporation v. Hercules Inc. and Cytec Industries, Inc., C.A. No. 04-293 KAJ

Dear Judge Jordan:

Plaintiff Ciba Specialty Corporation ("Ciba") seeks adequate responses and/or production with respect to certain of its discovery requests propounded to Defendants Hercules, Inc. ("Hercules") and Cytec Industries, Inc. ("Cytec"). The relevant discovery responses from Hercules and Cytec (Exs. A through E) and the correspondence relating thereto (Exs. F through K) are attached.

**I. Issues in Dispute**

Ciba identifies the following deficiencies in Defendants' interrogatory responses and discovery production:

A. <u>Defendants' Responses to Ciba Interrogatory No. 1</u>

This interrogatory seeks Defendants' specific position(s) concerning non-infringement. Defendants' answers to this interrogatory merely state that the Perform® SP products do not meet certain clauses in claim 1 of each patent-in-suit. (See Exs. A and B.) The clauses generally identified by Defendants comprise more than one element, so significant ambiguity exists as to their position. Ciba seeks specific information concerning Defendants' assertions of non-infringement, i.e. claim charts and element-by-element analysis of the claims asserted not to be infringed. Defendants have filed counterclaims of noninfringement relating to the patents. Ciba has identified in its response to Defendants' Interrogatory No. 3 claims 1, 6-8, 11, 13, 15, 17, 21 of the '808 patent, and claims 1, 3, 5, 9, 11, 13, 17, 21, 23, and 25 of the '766 patent as presently being asserted. Defendants have refused to provide specificity

B. <u>Defendants' Responses to Ciba Interrogatory No. 2</u>

This interrogatory concerns any positions regarding invalidity of the patents-in-suit. Hercules has filed counterclaims seeking declaratory judgments of invalidity of both patents-in-suit. In its response to this interrogatory, Hercules simply makes conclusory allegations of

The Honorable Kent A. Jordan
May 25, 2005
Page 2

invalidity. (See Ex. A.) While Ciba's position is that both Defendants are prohibited from asserting invalidity of the patents-in-suit by the doctrine of assignor estoppel (and Cytec has not asserted invalidity of the patents), Ciba seeks specific information regarding Hercules' invalidity positions, in particular, claim charts with an element-by-element application of any asserted prior art disclosure to the asserted claims (identified above) as well as an identification of any suggestion or motivation to combine the asserted art. Hercules served a supplemental response to this interrogatory on May 24, 2005 which only addressed claim 1 from each patent. (Ex. C). Hercules has refused to address the other asserted claims.

### C. Documents Pertaining to the Patented Polyflex® Product

The Polyflex® product is central to this litigation. Cytec's inventors developed the inventions leading to the patents and underlying the Polyflex® product. Hercules and Cytec marketed the Polyflex® product for several years, enjoying the protection afforded by the patents. Although Ciba successfully acquired the patents-in-suit and the Polyflex® business from Cytec, it appears that Hercules also had an interest in such an acquisition. After Ciba took over the Polyflex® business (and the patents), Defendants came up with the Perform® SP product after first testing and analyzing the Polyflex® product. Cytec, after a series of plant trials, made the Perform® SP product and Hercules converted its former Polyflex® customers to the new Perform® SP product.

Ciba Document Request Nos. 18-19, 26, 35, 52-53, 62-64, 67, 87, and 104 seek documents relating to Defendants' history with the Polyflex® product and the patents-in-suit. It appears that Defendants have decided to limit their production to documents relating to analysis of the Polyflex® product done in connection with the work leading to the Perform® SP product. (Exs. D and E). Defendants have not provided discovery regarding other aspects of Defendants' history with the Polyflex® product including, for example, documents relating to:

- Hercules's evaluations of the Polyflex® product and the patents in suit prior to and in connection with becoming a distributor of Polyflex® for Cytec;
- Hercules's evaluations, characterizations and promotion of the Polyflex® product when operating as Cytec's distributor;
- Cytec's reliance on and promotion of the patents and Polyflex®;
- Cytec's decision to put the Polyflex® business and the patents-in-suit up for sale;
- Hercules's interest in acquiring the Polyflex® business and the patents-in-suit from Cytec including any evaluations relating thereto; and
- Hercules's determination that it needed a replacement for the Polyflex® product.

All such documents are relevant to a number of issues in this case including, for example, the relationship between Hercules and Cytec, the success of the Polyflex® product in

The Honorable Kent A. Jordan
May 25, 2005
Page 3

the marketplace and the value of the patents-in-suit

## II. Prayer for Relief

Ciba respectfully asks the Court to compel Defendants to promptly correct the above-identified deficiencies in their discovery responses and production.

Respectfully submitted,

Chad M. Shandler

CS.ps
Enclosures

cc: Clerk of the Court w/ enclosures
Thomas L. Creel, P.C. w/ enclosures via Federal Express and facsimile
Ford F. Farabow, Jr., Esq. w/ enclosures via Federal Express and facsimile
Joann M. Neth, Esq. w/ enclosures via Federal Express and facsimile
Richard L. Horowitz, Esq. w/ enclosures via hand delivery and e-mail
Eley O. Thompson, Esq. w/ enclosures

RLF1-2880501-1