# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, ) ) ) | |
| Plaintiff, ) ) | C. A. No. 04-293 (KAJ) |
| v. ) ) | JURY TRIAL DEMANDED |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., ) ) ) | |
| Defendants. ) | |

### HERCULES' RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-9)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hercules, Incorporated ("Hercules") hereby responds to the First Set of Interrogatories (Nos. 1-9) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Hercules' responses to these interrogatories, including any documents to be produced, are based upon reasonable and diligent inquiry and the best knowledge or information known or readily available to Hercules as of the date of this response. Further investigation may reveal additional responsive information and documents. Hercules reserves the right to continue discovery and investigation into this matter and to present at trial or otherwise, in accordance with the Federal Rules of Civil Procedure, additional information discovered after the date of this response. Hercules therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.

### GENERAL OBJECTIONS

Hercules makes the following General Objections to Ciba's First Set Of Interrogatories

Defendants Hercules and Cytec, Ciba has already served double the number of interrogatories (from 9 to 18) styled in the caption to its interrogatories, even exclusive of parts and subparts.

13. Hercules objects to Ciba's interrogatories to the extent they ask Hercules to produce or otherwise analyze documents or other information that is not within the possession, custody, or control of Hercules, or to prepare documents that do not already exist.

To the extent that any General Objection is cited in response to a specific interrogatory, those specific citations are provided because they are believed to be particularly applicable to the interrogatory and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

Hercules further notes that these responses are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Hercules' responses thereto.

## CIBA'S INTERROGATORIES

### INTERROGATORY NO. 1

With respect to Defendants' allegations that they are not infringing and have not infringed the patents in suit including Defendants' Answers alleging that Defendants "[have] not infringed and [are] not infringing (either directly, contributorily, or by inducement) any claim of the [patents in suit] either literally or under the doctrine of equivalents," state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by Defendants at trial, separately addressing each element of each claim and each Defendant, and provide claim charts for each claim asserted not to be infringed explaining on an element-by-element basis why each element is or is not met by each of Defendants' manufacture, use, sale, offers for sale, implementation and/or distribution of any of the PerForm® products.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1

Hercules objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules further objects to this interrogatory to the extent it

4

seeks information outside of Hercules' possession, custody, or control, as it is directed to "Defendants" and not solely to Hercules. Hercules further objects to this interrogatory as premature. Paragraph 11 of the December 20, 2004, Scheduling Order specifically provides that the parties shall "exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s)." Therefore the construction of the claim terms is premature, as such information will be provided on November 18, 2005, as designated by this Court. The subsequent determination of non-infringement is likewise premature.

Subject to and without waiving these objections and its General Objections, Hercules responds that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the patents in suit either literally or under the doctrine of equivalents. Hercules' PerForm SP® product(s) does/do not contain "an ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers" as required by all claims of the '766 patent. Hence, based upon review of the claims, specification, and prosecution history of the '766 patent, Hercules' PerForm SP® product(s) does/do not literally infringe this patent.

Additionally, in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushika Co.*, 122 S. Ct. 1831 (2002), the Court held that "[e]stoppel arises when an amendment is made to secure a patent and the amendment narrows the patent's scope." *Id.* at 1840. Such an amendment was made in claim 1 of the '766 patent to the elements reciting "an ionic, organic, cross-linked, polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers." And because the amendment of these elements does not fall into any of the three categories wherein a narrowing amendment may be held not to surrender all equivalents (*i.e.*, the

5

equivalent was unforeseeable; the rationale for the amendment "bears no more than a tangential relation to the equivalent in question;" or "some other reason" suggests that the "patentee could not reasonably be expected to have described the insubstantial substitute in question"), Ciba is foreclosed from asserting infringement under the doctrine of equivalents. For at least this reason, Hercules' PerForm SP® product(s) does/do not infringe any claim of the '766 patent under the doctrine of equivalents.

Similarly, Hercules' PerForm SP® product(s) does/do not contain "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an aqueous solution of at least of one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer" as required by all claims of the '808 patent. Hence, based upon review of the claims, specification, and prosecution history of the '808 patent, Hercules' PerForm SP® product(s) does/do not literally infringe this patent. Furthermore, during prosecution applicants made a narrowing amendment in claim 1 of the '808 patent to the elements reciting "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an aqueous solution of at least of one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer." Consequently, Ciba is estopped from asserting infringement under the doctrine of equivalents. See *Festo*, 122 S. Ct. at 1840. For at least this reason, Hercules' PerForm SP® product(s) does/do not infringe any claim of the '808 patent under the doctrine of equivalents.

Hercules will supplement this response after Ciba identifies the claims of the patents in suit alleged to be infringed in this action, and Hercules reserves the right to modify and/or supplement its response to this interrogatory.

## INTERROGATORY NO. 2

With respect to Hercules' allegation that the patents in suit are invalid including Defendants' Answers alleging that the patents in suit are "invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112," state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by either of Defendants at trial, separately addressing each element of each claim, provide claim charts for each claim asserted to be invalid under 35 U.S.C. §§ 102 or 103 setting forth an element-by-element application of each prior art disclosure to each claim of the patents in suit, including an explanation of why each particular element is or is not met by each prior art disclosure, and state the scope and content of the prior art, the similarities and differences between each prior art disclosure and each claim, the level of ordinary skill in the art, and where specifically the suggestion to combine the prior art may be found for any combination of prior art asserted by either of Defendants.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2

Hercules objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules further objects to this interrogatory to the extent it seeks information outside of Hercules' possession, custody, or control, as it is directed to "Defendants" and not solely to Hercules. Hercules further objects to this interrogatory as premature. Paragraph 3(d) of the December 20, 2004, Scheduling Order provides that the parties "shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before July 22, 2005 on the issues as to which each party has the burden of proof," but this interrogatory seeks information concerning the level of ordinary skill in the art, the subject of expert testimony, in advance of this scheduled date. Similarly, Paragraph 11 of the Scheduling Order specifically provides that the parties shall "exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s)."

7

Therefore the construction of the claim terms is premature, as such information will be provided on November 18, 2005, as designated by this Court. The subsequent determination of patent invalidity is likewise premature.

Subject to and without waiving these objections and its General Objections, Hercules responds that Ciba has not identified the claims of the patents-in-suit allegedly infringed by Hercules. In the interest of furthering discovery and for purposes of responding to this interrogatory, however, Hercules will assume that at least claim 1 of the '766 and '808 patents are asserted against Hercules. Accordingly, Hercules responds that U.S. Patent No. 4,528,321 to Allen et al. ("the Allen '321 patent") or U.S. Patent No. 4,720,346 to Flesher et al. ("the Flesher '346 patent"), alone or in combination with U.S. Patent No. 5,180,473 to Akune et al., invalidate at least claim 1 of each of the '766 and '808 patents under 35 U.S.C. §§ 102 and/or 103. Furthermore, claim 1 of each of these patents may fail to comply with the requirements for patentability specified in 35 U.S.C. § 112 ¶¶ 1 and/or 2, for their disclosure, or lack thereof, concerning the measurement of particle diameter and particle size diameter. These patents may also be unenforceable for inequitable conduct based on at least the failure to disclose the Allen '321 patent and/or the Flesher '346 patent to the U.S. Patent Office.

Hercules will supplement this response as necessary after further discovery, and reserves the right to modify and/or supplement its response to this interrogatory response.

### INTERROGATORY NO. 3

With respect to Defendant Cytec's allegation in its Answer that it "is licensed under the [patents in suit]", state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by either of Defendants at trial, separately addressing all terms of the alleged license, the duration of the alleged license, any rights of sublicense, and termination of the alleged license.

8