EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS CORPORATION, )
)
Plaintiff, )
)
v. )        C. A. No. 04-293 (KAJ)
)
HERCULES INCORPORATED and )
CYTEC INDUSTRIES, INC., )
)
Defendants. )

## HERCULES' RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-71)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Hercules Incorporated ("Hercules") hereby responds to the First Request for Production of Documents and Things (Nos. 1-71) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Hercules reserves the right to produce documents by making them available for inspection and copying by Ciba at the facilities of Hercules or the offices of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P. Otherwise, Hercules will send to the offices of Ciba's counsel, Leydig, Voit & Mayer, Ltd., a copy of those responsive documents in Hercules' possession, custody, or control that have been located after reasonable search and inquiry, except to the extent such documents are protected by the attorney-client privilege or work-product immunity doctrine or otherwise are subject to objections set forth in this response.

Hercules provides these answers on the basis of its present understanding of the requests and without prejudice to Hercules' right to obtain and present at trial or in pretrial proceedings such additional documents as may be acquired through discovery or otherwise in this action.

1

Formal discovery is on-going and Hercules' investigation is still underway. Hercules therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.

## GENERAL OBJECTIONS

1.    Hercules objects to Ciba's document requests as vague and ambiguous to the extent that they employ undefined terms.

2.    Hercules objects to Ciba's definitions (such as "identify"), instructions, and document requests as overbroad and unduly burdensome to the extent Ciba seeks to impose on Hercules any obligation not required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, including but not limited to requiring Hercules to provide documents not in its possession, custody, or control; to seek documents from persons not currently employed by Hercules; to seek documents from third parties; or to provide details in a privilege log beyond those requirements imposed under the Federal Rules of Civil Procedure.

3.    Hercules objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit or that are not commercial PerForm SP® product(s), and are therefore not relevant to any issues in this lawsuit. By "PerForm SP® product(s)" herein, Hercules means the composition of its PerForm SP® product(s) and the research or development activities leading thereto.

4.    Hercules objects to Ciba's definitions, instructions, and document requests as overbroad and unduly burdensome to the extent Ciba seeks to require Hercules to search every location of Hercules and its subsidiaries and inquire of all of Hercules employees in an effort to locate documents that relate in some way, no matter how attenuated, to the subject matter of the

-2-

document requests rather than only those locations and employees, who would reasonably be expected to have responsive information. In particular, Hercules objects to Ciba's document requests to the extent that they request "all" documents regarding a particular topic as overbroad and unduly burdensome. Hercules' responses are based upon (1) a reasonable search, given the time allocated to the parties to respond to the document requests, of locations and files that would reasonably be expected to contain responsive information; and (2) inquiries of Hercules' employees and representatives, who could reasonably be expected to possess responsive documents.

5.      Hercules objects to Ciba's definitions, instructions, and document requests to the extent that they seek documents protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity, and which are dated, prepared or received after the May 7, 2004 commencement of this action. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity. Any document or thing that would otherwise be produced but is withheld on the grounds of an applicable privilege or immunity and dated, prepared or received before the May 7, 2004 commencement of this action will be identified on a separate privilege log to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. Hercules further objects to any request by Ciba for immediate service of a privilege log.

6.      Hercules objects to Ciba's definitions, instructions, and document requests as overbroad and unduly burdensome to the extent that they seek to impose any obligation on Hercules to produce documents and/or things not in its possession, custody, or control or any obligation to respond or produce documents on behalf of Hercules' former partners, parents,

-3-

subsidiaries, affiliates, officers, directors, executives, principals, trustees, employees, agents, attorneys, consultants, advisors, representatives, or anyone formerly acting or purporting to act on behalf of Hercules.

7.     Hercules objects to Ciba's document requests to the extent that they call for the production of documents, yet contain no date limitation, as being overbroad, unduly burdensome, and calling for information, which is neither relevant to any claim or defense of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Hercules will limit the scope of its responses to a reasonable time frame.

8.     Hercules objects to Ciba's definitions, instructions, and document requests to the extent that they seek production of documents and/or things generated on or after the May 7, 2004 commencement of this action.

9.     Hercules objects to Ciba's definitions, instructions, and document requests to the extent they call for the production of information that is subject to confidentiality agreements, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information.

10.     Hercules objects to Ciba's document requests as unduly burdensome to the extent that they seek information and documents that are publicly available and, therefore, are of no greater burden for Ciba than for Hercules to obtain.

11.     Hercules objects to Ciba's document requests to the extent they exceed the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

-4-

12.    Hercules objects to Ciba's document requests to the extent they exceed the scope of permissible discovery by calling for the production of documents or things that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

13.    Hercules objects to Ciba's definition of "Hercules" to the extent that it covers entities that are not parties to this lawsuit on the ground that such a definition would expand the discovery sought by these requests beyond that permitted under Fed. R. Civ. P. 34.

14.    Hercules objects to Ciba's document requests referring to "Cytec" and "Defendants" as vague and indefinite. Such requests cannot be responded to insofar as they require Hercules to know the documents, things, contentions, and knowledge of Cytec.

These General Objections apply to all of Ciba's document requests 1-71. To the extent that any General Objection is cited in response to specific document requests, those specific citations are provided because they are believed to be particularly applicable to the document request and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the document request.

Hercules further notes that these answers are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Hercules' responses thereto.

## CIBA'S REQUESTS

**REQUEST NO. 1**

All documents concerning the patents in suit or the subject matter disclosed and/or claimed in the patents in suit including but not limited to, any communications regarding the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "all documents concerning . . . the subject matter disclosed and/or claimed in the patents in suit." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents concerning the patents-in-suit to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 2**

All documents concerning any communication regarding Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request as overbroad and unduly burdensome to the extent it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a

-6-

relevant period of time. Hercules further objects to this request as overly broad and unduly

burdensome to the extent it seeks the production of documents outside of Hercules' possession,

custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will

produce responsive, nonprivileged documents concerning communications regarding Ciba

relating to the patents-in-suit and Hercules' PerForm$^{®}$ SP product(s), to the extent such

documents exist and are located after a reasonable search.


**REQUEST NO. 3**

All documents concerning infringement or validity of the patents in suit, including but not
limited to any opinions of counsel.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request as improper to the

extent that it seeks documents protected by the attorney-client privilege, work-product doctrine,

or any other applicable privilege or immunity.

Subject to and without waiving the above Specific and General Objections, Hercules will

produce responsive, nonprivileged documents to the extent such documents exist and are located

after a reasonable search.


**REQUEST NO. 4**

All documents upon which any of the Defendants may rely in asserting that the patents are not
infringed and/or are invalid.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request as improper to the

extent that it seeks documents protected by the attorney-client privilege, work-product doctrine,

or any other applicable privilege or immunity. Hercules further objects to this request regarding

"the patents" as vague and ambiguous, but will assume for purposes of this response that Ciba was referring to the patents-in-suit. Hercules also objects to this request as premature to the extent that formal discovery is on-going, Hercules' investigations are still underway, and Ciba has not provided its contentions regarding claim construction or the alleged infringement and validity of the patents-in-suit. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search. Hercules reserves the right to supplement, modify, change, amend, or alter this response at any time between now and trial.

**REQUEST NO. 5**

All prior art concerning the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request as premature to the extent that formal discovery is on-going, Hercules' investigations are still underway, and Ciba has not provided its contentions regarding claim construction or the alleged validity of the patents-in-suit. Additionally, Hercules objects to this request as overly broad and unduly burdensome to the extent it calls for the production of information and documents that are publicly available and, therefore, are of no greater burden for Ciba than for Hercules to obtain. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

-8-

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 6

All documents from the files of the named inventors of each of the patents in suit, and anyone who assisted them in any way, concerning crosslinked or structured polymers for use in papermaking.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request because, to the best of its knowledge, none of the named inventors is or has ever been employed by Hercules. Hercules has no documents responsive to this request.

## REQUEST NO. 7

All documents of any technical personnel evaluating either of the patents in suit.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request as vague and ambiguous as to the meaning of the terms "technical personnel" and "evaluating." Hercules also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents" concerning evaluation of the patents-in-suit. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Also, Hercules objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 8

All documents provided to Defendants' counsel and/or considered by Defendants' counsel in connection with any opinion concerning the patents in suit, including, but not limited to the validity or infringement of the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

Hercules objects to this request because it seeks discovery of information protected by the attorney-client privilege and work-product doctrines. The identity of the documents provided to Defendants' counsel or considered by Defendants' counsel is privileged information.

## REQUEST NO. 9

All documents concerning and/or relied upon by any of the Defendants for the defenses and counterclaims in each defendant's Answer, Affirmative Defenses, and Counterclaims, and/or any existing or future amendment(s) to such pleadings.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 10**

All technical papers or publications authored by anyone associated with any of the Defendants or any third party relating to microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, and/or the production of paper using microbeads, microparticles, and/or organic particulates.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Hercules further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll technical papers or publications authored by anyone . . . ." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Additionally, Hercules objects to this request as overly broad and unduly burdensome to the extent it calls for the production of information and documents that are publicly available and, therefore, are of no greater burden for Ciba than for Hercules to obtain. Hercules objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Hercules also objects to this request as duplicative of other of Ciba's document requests. However, Hercules will produce documents within its custody or control in response to other Ciba Requests to the extent indicated herein, subject to the General Objections above and specific objections made in response to these other Requests, and will not withhold documents merely because they would be responsive to this Request. Hercules' production of any

-11-

documents in response to any other Ciba Request shall not be construed as indicative that such documents are responsive to this Request.

**REQUEST NO. 11**

All documents concerning any invention disclosures, patent(s), or patent application(s) (U.S. or foreign) by any of the Defendants or any third party concerning microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, and/or the production of paper using microbeads, microparticles, and/or organic particulates, including but not limited to prosecution files and communications with any patent offices.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Hercules further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning any invention disclosures, patent(s), or patent application(s) (U.S. or foreign) by any of the Defendants or any third party . . . ." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules additionally objects to this request for production to the extent it seeks "invention disclosures" on the ground that the Federal Circuit Court of Appeals held that invention disclosures are not discoverable in *In re Spalding Sports Worldwide, Inc., 203 F.3d 800 (Fed. Cir. 2000)*. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Hercules objects to this request as overbroad and unduly burdensome because it calls for the production of documents

-12-

that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 12

All documents concerning any invention disclosure or patent applications (U.S. or foreign) directed to any of the PerForm® SP products, or the like.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products, or the like." Hercules objects to this document request as vague and ambiguous as to the meaning of the phrase "or the like." Hercules also objects to this document request to the extent it encompasses products that are not yet commercialized and are not relevant to any issues in this lawsuit. Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules additionally objects to this request for production to the extent it seeks "invention disclosures" on the ground that the Federal Circuit Court of Appeals held that invention disclosures are not discoverable in *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000).

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents related to the research and development of Hercules' commercial PerForm® SP product(s), e.g., laboratory notebooks, etc., to the extent such documents exist and are located after a reasonable search.

-13-

**REQUEST NO. 13**

All documents concerning United States Patent Application No. 10/313,632 filed on December 6, 2002, including, but not limited to, any invention disclosure relating to the subject matter disclosed therein and any laboratory notebooks or notebook entries relating to the subject matter disclosed therein (including the Examples set forth in the application).

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections,  Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Hercules additionally objects to this request for production to the extent it seeks "invention disclosures" on the ground that the Federal Circuit Court of Appeals held that invention disclosures are not discoverable in *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000).

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents related to the research and development of the application as requested, to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 14**

All documents from the files of the named inventors of United States Patent Application No. 10/313,632 filed on December 6, 2002, and anyone who assisted them in any way, concerning crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as misleading, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it  states that " documents from the files of the named inventors of United States Patent Application No. 10/313,632 . . . concerning crosslinked or structured polymers . . . ."  Hercules further objects to this document request, as the terms

-14-

"crosslinked" and "structured polymers" are undefined in this request, and are unrelated to the application referred to. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Hercules objects to this request as overbroad and unduly burdensome to the extent it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. To the extent this request is not objectionable, it is duplicative of Request No. 13, and Hercules' response to that Request is incorporated herein.

**REQUEST NO. 15**

All documents concerning the development of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 16

All documents concerning the process or processes used to manufacture any of the PerForm® SP products, including, but not limited to, documents identifying the raw materials used to produce any of such products and the process steps used to produce such products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products, . . . ." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 17

All documents concerning any changes in the process or processes used to manufacture any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules also objects to this document request as vague and ambiguous as to the meaning of the phrase "changes in the process or processes used." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 18**

All documents concerning any changes in the process or processes used to manufacture any of the Polyflex® products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules further

-17-

objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the Polyflex® products." Hercules also objects to this request as vague and ambiguous as to the meaning of the phrase "changes in the process or processes used." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

## REQUEST NO. 19

All documents concerning the conversion from producing any of the Polyflex® products to producing any of the PerForm® SP products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . the PerForm® SP products." Hercules also objects to this request as vague and ambiguous as to the meaning of the phrase "conversion from producing," and misleading to the extent it assumes any such "conversion" occurred. Hercules further objects to this request to the

-18-

extent it calls for the production of documents and information that are outside of Hercules'

possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will

produce responsive, nonprivileged documents relating to the production of PerForm® SP

product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 20**

Representative 16 oz. samples of each of the raw materials used in the process or processes of
manufacturing any of the PerForm® SP products, including, but not limited to, any surfactant or
surfactants used in such process or processes. Such samples should be labeled to indicate the
identity of each of the sampled raw materials and the names used by Hercules to identify the
product or products produced using the raw materials.

**RESPONSE:**

Subject to and without waiving the above Specific and General Objections, Hercules will

produce the samples requested concerning its PerForm® SP product(s), to the extent that it has

such samples in the quantities requested.

**REQUEST NO. 21**

Representative 16 oz. samples of any of the emulsions produced during the process or processes
used to manufacture any of the PerForm® SP products. Such samples should be labeled to
indicate the name(s) used by Hercules to identify the products produced using the sampled
emulsions.

**RESPONSE:**

Subject to and without waiving the above Specific and General Objections, Hercules will

produce the samples requested concerning its PerForm® SP product(s), to the extent that any

such emulsion(s) can be sampled, and to the extent that it has such samples in the quantities

requested.

**REQUEST NO. 22**

Representative 16 oz. samples of each of the PerForm® SP products. Such samples should be labeled to indicate the name(s) used by Hercules to identify the sampled products.

**RESPONSE:**

Subject to and without waiving the above Specific and General Objections, Hercules will produce the samples requested concerning its PerForm® SP product(s), to the extent that it has such samples in the quantities requested.

**REQUEST NO. 23**

All documents concerning the testing of any crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request, as the terms "crosslinked" and "structured polymers" are undefined in these document requests. Hercules also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . use in papermaking." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Hercules objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 24**

All documents concerning the characterization of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request as vague and ambiguous as to the meaning of the phrase "concerning the characterization." Hercules also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 25**

All documents concerning any testing of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules further objects to this request to the extent it seeks documents that are

immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to testing of Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 26**

All documents concerning the testing of any of the Polyflex® or Perform® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as duplicative of Request 25 to the extent it calls for documents concerning testing of Perform® SP products and because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to testing of Hercules' PerForm® SP product(s), including, if any, nonprivileged documents that also relate to or include reference to, comparison with, etc., Polyflex®, to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 27**

All documents describing in any way any of the PerForm® SP products or the polymer(s) contained therein, whether referred to as a PerForm® SP product or not.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents describing in any way any of the PerForm® SP products . . . ." Hercules further objects to this document request to the extent it encompasses products that are not yet commercialized and are not relevant to any issues in this lawsuit. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents describing Hercules' commercial PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 28**

All documents concerning the physical and chemical composition and properties of any of the PerForm® SP products, including, but not limited to, specifications, standard operating procedures, theory of operation documents, user's manuals, service or repair manuals, drawings, assembly and production materials, and testing documents.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products, . . . ." Hercules further objects to this request to the extent it calls for the

production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 29

All documents concerning any proposed, contemplated or actual advertisement, publication, promotion, marketing memorandum, promotional material, sales literature, brochure, catalog, product release, flyer or description of any of the PerForm® SP products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 30

All documents concerning any instructions provided to customers or potential customers regarding actual or potential uses for any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 31**

All documents concerning the use of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to use of Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 32**

All documents concerning any products, including, but not limited to paper products, produced using any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning any products, . . . produced using any of the PerForm® SP products." Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 33**

All documents concerning each Defendant's first knowledge or awareness of the patents in suit and/or any foreign applications or patents corresponding to the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents, to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 34**

All documents concerning each Defendant's first knowledge or awareness of Ciba's development and/or sale of microbeads, microparticles, and/or organic particulates for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Hercules further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . organic particulates for use in papermaking." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Hercules objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 35**

All documents concerning any examination, analysis, inspection, copying, or testing of any of the microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by Ciba, including, but not limited to, any of the Polyflex® products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Hercules further objects to Ciba's document requests to the extent they exceed the

scope of permissible discovery by calling for the production of documents or things related to

Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably

calculated to lead to the discovery of admissible evidence. Hercules further objects to this

request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery

of admissible evidence as it seeks production of "[a]ll documents concerning any examination,

analysis, inspection, copying, or testing of any of the microbeads, microparticles, and/or organic

particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by

Ciba, . . . ." Hercules also objects to this request as overly broad and unduly burdensome to the

extent it calls for the production of documents that are not limited to a relevant period of time.

Hercules further objects to this request to the extent it calls for the production of documents and

information that are outside of Hercules' possession, custody, or control. Hercules objects to this

request as overbroad and unduly burdensome because it calls for the production of documents

that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to

lead to the discovery of admissible evidence.

## REQUEST NO. 36

All documents concerning any comparison between any microbeads, microparticles, and/or
organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed
by Ciba, and those of any of the Defendants, and/or any third party.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request, as the terms

"microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Hercules further objects to this document request as overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence to the extent it

seeks "[a]ll documents concerning any comparison between any microbeads, microparticles,

and/or organic particulates" from Ciba, from either defendant, and/or any third party. Hercules

further objects to this request to the extent it seeks documents that are immune from discovery

under the attorney-client privilege, the work-product doctrine, or any applicable privilege or

immunity. Hercules also objects to this request as overly broad and unduly burdensome to the

extent it calls for the production of documents that are not limited to a relevant period of time.

Hercules further objects to this request to the extent it calls for the production of documents and

information that are outside of Hercules' possession, custody, or control. Hercules objects to this

request as overbroad and unduly burdensome because it calls for the production of documents

that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to

lead to the discovery of admissible evidence.


## REQUEST NO. 37

All documents concerning the conception, reduction to practice, research, development, use,
implementation, testing, analysis and/or evaluation of any microbeads, microparticles, and/or
organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed
by any of the Defendants, Ciba, and/or any third party, including but not limited to laboratory
notebooks, engineering specifications, process flow diagrams, layouts, timing diagrams,
machinery diagrams or specifications, formulations of all chemicals employed therein, internal
reports and memoranda.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request, as the terms

"microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Hercules further objects to this request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence as it seeks production of

"[a]ll documents concerning the . . . research, development, use, implementation, testing,

analysis and/or evaluation of any microbeads, microparticles, and/or organic particulates

manufactured, used, sold, offered for sale, implemented, and/or distributed by any of the

Defendants, Ciba, and/or any third party." Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Hercules objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 38**

All documents in the possession, custody, or control of Hercules concerning Cytec or Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents . . . concerning Cytec or Ciba." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time and as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Cytec or Ciba which also relate to

-30-

Hercules' PerForm® SP product(s) to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 39**

All documents in the possession, custody, or control of Cytec concerning Hercules or Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

Hercules has no documents responsive to this request.

**REQUEST NO. 40**

All documents concerning any correspondence between Defendants regarding the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 41**

All documents from the files of William Avrin concerning crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

To the best of Hercules' knowledge, William Avrin is not and has never been a Hercules employee. Hercules has no documents responsive to this request.

**REQUEST NO. 42**

All documents from the files of William Avrin concerning Hercules and crosslinked or structured polymers for papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

To the best of Hercules' knowledge, William Avrin is not and has never been a Hercules employee. Hercules has no documents responsive to this request.

**REQUEST NO. 43**

All documents from the files of William Avrin concerning Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

To the best of Hercules' knowledge, William Avrin is not and has never been a Hercules employee. Hercules has no documents responsive to this request.

**REQUEST NO. 44**

All documents concerning any contemplated sale, assignment, and/or transfer of either of the patents in suit, including, but not limited to, any correspondence between either of Defendants and Ciba or any third party regarding the contemplated sale, assignment, and/or transfer of either of the patents in suit and any drafts of any agreement concerning the contemplated sale, assignment, and/or transfer of either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

Subject to the above General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 45**

All documents concerning the transfer by Cytec of the patents in suit to Ciba, including, but not limited to, any correspondence between either of Defendants and Ciba regarding the transfer, any drafts of any agreement concerning the transfer, and any correspondence between either of Defendants and any third party regarding the transfer.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity.  Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 46**

All documents concerning any license under the patents in suit allegedly granted to either of Defendants by Ciba or allegedly reserved by either of Defendants pursuant to an agreement regarding the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity.  Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

-33-

**REQUEST NO. 47**

All documents concerning negotiations of any contracts or agreements (whether active, potential or expired) between Cytec and Hercules.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning negotiations of any contracts or agreements . . . between Cytec and Hercules." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control. Hercules further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 48**

All contracts or agreements (whether active, potential or expired) between Cytec and Hercules.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll contracts or agreements . . . between Cytec and Hercules." Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Hercules is required to protect and/or maintain the confidentiality of any third party's documents or information. Hercules further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 49**

All communications concerning any contracts or agreements (whether active, potential or expired) between Cytec and Hercules.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll communication concerning any contracts or agreements . . . between Cytec and Hercules." Hercules also objects to this request as overly

broad and unduly burdensome to the extent it calls for the production of documents that are not

limited to a relevant period of time. Hercules further objects to this request to the extent it seeks

documents that are immune from discovery under the attorney-client privilege, the work-product

doctrine, or any applicable privilege or immunity.    Hercules further objects to this request as

exceeding the scope of permissible discovery by calling for the production of documents that are

neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to

the discovery of admissible evidence.

   Subject to and without waiving the above Specific and General Objections, Hercules will

produce responsive, nonprivileged documents relating to Hercules' PerForm® SP  product(s), to

the extent such documents exist and are located after a reasonable search.


## REQUEST NO. 50

All documents concerning any agreement by either of Defendants to manufacture and/or supply
either of Defendants and/or any third party any product encompassed by either of the patents in
suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

   In addition to the General Objections, Hercules objects to this document request as vague

and ambiguous as to the meaning of the phrase "any product encompassed by either of the

patents in suit" and because Ciba has not provided its contention, nor has the Court determined,

what subject matter is "encompassed" by the patents-in-suit. As Hercules understands this

request, it has no relevant responsive documents to produce.


## REQUEST NO. 51

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any
product encompassed by either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as vague and ambiguous as to the meaning of the phrase "any product encompassed by either of the patents in suit" and because Ciba has not provided its contention, nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit. As Hercules understands this request, it has no relevant responsive documents to produce.

**REQUEST NO. 52**

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any Polyflex® product.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

**REQUEST NO. 53**

All documents concerning any agreement by Hercules to sell, offer to sell, and/or distribute any Polyflex® product to any third party.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or

things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

## REQUEST NO. 54

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any of the PerForm® SP products.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this document request as to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm SP® product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 55

All documents to or from Hercules concerning Ciba, the subject matter of the patents in suit, the patents in suit, this lawsuit, indemnity agreements, microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, or the production of paper using microbeads, microparticles, and/or organic particulates.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Hercules further objects to this request to the extent it seeks documents that are

immune from discovery under the attorney-client privilege, the work-product doctrine, or any

other applicable privilege or immunity. Hercules further objects to this request as exceeding the

scope of permissible discovery by calling for the production of documents that are neither

relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the

discovery of admissible evidence. Hercules also objects to this request as duplicative of other of

Ciba's document requests.

However, Hercules will produce documents within its custody or control in response to

other Ciba Requests to the extent indicated herein, subject to the General Objections above and

specific objections made in response to these other Requests, and will not withhold documents

merely because they would be responsive to this Request. Hercules' production of any

documents in response to any other Ciba Request shall not be construed as indicative that such

documents are responsive to this Request.

**REQUEST NO. 56**

All documents to or from Cytec concerning Ciba, the subject matter of the patents in suit, the
patents in suit, this lawsuit indemnity agreements, microbeads, microparticles, and/or organic
particulates, processes used to produce microbeads, microparticles, and/or organic particulates or
the production of paper using microbeads, microparticles, and/or organic particulates.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request, as the terms

"microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Hercules further objects to this document request as overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence. Hercules further

objects to this request to the extent it seeks documents that are immune from discovery under the

attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity.

Hercules further objects to this request to the extent it calls for the production of documents and

-39-

information that are outside of Hercules' possession, custody, or control. Hercules further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 57

All documents concerning actual or potential negotiations to license microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, processes of producing paper using microbeads, microparticles, and/or organic particulates, and/or patent rights covering any such subject matter, including, but not limited to, the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Hercules further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Hercules further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Hercules also objects to this request as duplicative of other of Ciba's document requests.

However, Hercules will produce documents within its custody or control in response to other Ciba Requests to the extent indicated herein, subject to the General Objections above and specific objections made in response to these other Requests, and will not withhold documents merely because they would be responsive to this Request. Hercules' production of any

documents in response to any other Ciba Request shall not be construed as indicative that such

documents are responsive to this Request.

## REQUEST NO. 58

Documents sufficient to show the first date on which either of Defendants offered each of the
PerForm® SP products for sale in the United States.

### SPECIFIC OBJECTION AND RESPONSE:

Subject to and without waiving the above General Objections, Hercules will produce

responsive, nonprivileged documents relating to Hercules' PerForm SP® product(s), to the extent

such documents exist and are located after a reasonable search.

## REQUEST NO. 59

Documents sufficient to show the quantity of each of the PerForm® SP products sold (on a
monthly, quarterly, and annual basis) by either of Defendants in the United States from the
introduction of the product to the market to the present date.

### SPECIFIC OBJECTION AND RESPONSE:

Subject to and without waiving the above General Objections, Hercules will produce

responsive, nonprivileged documents relating to Hercules' PerForm SP® product(s), to the extent

such documents exist and are located after a reasonable search.

## REQUEST NO. 60

All documents concerning the price of each of the PerForm® SP products from the introduction
of the product to the market to the present date, including, but not limited to, documents
concerning either of Defendants' decisions regarding the setting of such price.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Hercules objects to this document request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks "[a]ll documents concerning the price of each of the

PerForm® SP products . . . ."

    Subject to and without waiving the above Specific and General Objections, Hercules will

produce representative responsive, nonprivileged documents relating to Hercules' PerForm SP®

product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 61

Documents sufficient to show the gross and net profits realized (on a monthly, quarterly, and
annual basis) by either of Defendants from the sale of each of the PerForm® SP products in the
United States from the introduction of the product to the market to the present date.

## SPECIFIC OBJECTIONS AND RESPONSE:

    Subject to and without waiving the above General Objections, Hercules will produce

representative, responsive, nonprivileged documents relating to Hercules' PerForm SP®

product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 62

Documents sufficient to show the quantity (on a monthly, quarterly, and annual basis) of each of
the Polyflex® products sold by either of Defendants in the United States from the introduction of
the product to the market through December 31, 2002.

## SPECIFIC OBJECTIONS AND RESPONSE:

    In addition to the General Objections, Hercules objects to this document request to the

extent it exceeds the scope of permissible discovery by calling for the production of documents

or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation

nor are reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 63

All documents concerning the price of each of the Polyflex® products from the introduction of
the product to the market through December 31, 2002, including, but not limited to, documents
concerning either of Defendants' decisions regarding the setting of such price.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this  document request because

it  exceeds the scope of permissible discovery by calling for the production of documents or

things related to Polyflex®, which are neither relevant to any claim or defense in this litigation

nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 64**

Documents sufficient to show the gross and net profits realized (on a monthly, quarterly, and
annual basis) by either of Defendants from the sale of each of the Polyflex® products in the
United States from the introduction of the product to the market through December 31, 2002.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this  document request because

it exceeds the scope of permissible discovery by calling for the production of documents or

things related to Polyflex®, which are neither relevant to any claim or defense in this litigation

nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 65**

All documents and things relating to (a) market acceptance, (b) market share, (c) demand, and/or
(d) commercial success of any product(s) encompassed by either of the patents in suit from the
introduction of the product to the market to the present date.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as vague

and ambiguous as to the meaning of the phrase "commercial success of any product(s)

encompassed by either of the patents in suit, "and because Ciba has not provided its contention,

nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit.  As

Hercules understands this request, it has no relevant responsive documents to produce.

**REQUEST NO. 66**

All documents and things relating to (a) market acceptance, (b) market share, (c) demand, and/or (d) commercial success of any of the PerForm® SP products from the introduction of the product to the market to the present date.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents . . . relating to . . . any of the PerForm® SP products . . . ."

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents relating to Hercules' PerForm SP® product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 67**

All documents and things relating to (a) market acceptance, (b) market share, (c) demand, and/or (d) commercial success of any of the Polyflex® products from the introduction of the product to the market to the present date.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this  document request because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.   Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

**REQUEST NO. 68**

All documents concerning either Defendant's first knowledge of Ciba's charge that either of Defendants is infringing one or more of the patents in suit.

-44-

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 69**

All documents concerning any communication between either of Defendants and/or any third party relating to any alleged infringement or non-infringement of either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 70**

All documents concerning the subject matter of this case for each person that any of the Defendants intends to use as a witness (fact or expert) in this case including, but not limited to, (a) all documents of such person(s) referring or relating to this case, and/or any issues in this case, including any matters about which such person(s) will testify in this case in deposition, at any hearing or otherwise, (b) all documents reviewed and/or consulted by or on behalf of such person(s) as a part of any participation in this case, (c) all documents, including graphs, charts, models, exhibits, drawings and/or physicals, upon which such person(s) has relied or upon which any such person(s) intends to rely in this case in deposition, at any hearing or otherwise, and (d)

all documents and/or things provided to such person(s), by any of the Defendants or any agent of any of the Defendants (including counsel for any of the Defendants), in connection with this case.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as vague and ambiguous as to the meaning of the phrase "[a]ll documents concerning the subject matter of this case," and also as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Hercules also objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents from any witness that Hercules intends to call at trial since formal discovery is on-going and Hercules' investigation of applicable claims and defenses is still underway. Hercules also objects to this request to the extent it seeks expert discovery in advance of the time scheduled for expert discovery in the Court's December 20, 2004 Scheduling Order. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will, at an appropriate time consistent with the Court's December 20, 2004 Scheduling Order, comply with the requirements for the disclosure of expert testimony set forth in Fed. R. Civ. P. 26 (a)(2) and the requirements for pretrial disclosures set forth in Fed. R. Civ. P. 26 (a)(3).

**REQUEST NO. 71**

All documents concerning the subject matter of this case for each person any of the Defendants intends to use as an expert witness in this case, including but not limited to (a) all publications,

-46-

articles, books and/or papers authored, co-authored, edited or otherwise generated by such person(s), (b) all documents and/or things authored, co-authored, edited or otherwise generated by or on behalf of such person(s), and which refer and/or relate to any opinions and/or testimony of any such person(s) rendered or to be rendered in this case, (c) all transcripts, including all exhibits thereto, of any trial and/or deposition testimony of such person(s) in any prior litigation, (d) all documents and/or things reviewed and/or consulted by or on behalf of such person(s) as a part of any participation in this case, (e) all documents and all things, including graphs, charts, models, exhibits, drawings and/or physicals, upon which such person(s) has relied or upon which any such person(s) intends to rely in deposition, at any hearing or otherwise in this case, (f) all documents and/or things upon which any opinions and/or testimony of such person(s) in this case are based, (g) all documents and/or things provided to such person(s), and/or any agent of such person, by any of the Defendants or any agent of any of the Defendants (including counsel for any of the Defendants), in connection with this case, and (h) all resumes, curricula vitae and/or other documents listing the education, experience and/or training of such person(s).

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Hercules objects to this document request as vague and ambiguous as to the meaning of the phrase "[a]ll documents concerning the subject matter of this case," and also as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Hercules also objects to this request to the extent it seeks expert discovery in advance of the time scheduled for expert discovery in the Court's December 20, 2004 Scheduling Order. Hercules also objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Hercules further objects to this request to the extent it calls for the production of documents and information that are outside of Hercules' possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Hercules will, at an appropriate time consistent with the Court's December 20, 2004 Scheduling Order, comply with the requirements for the disclosure of expert testimony set forth in Fed. R. Civ. P. 26 (a) (2) and the requirements for pretrial disclosures set forth in Fed. R. Civ. P. 26 (a) (3).

POTTER ANDERSON & CORROON LLP

By: _Richard L. Horwitz_
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
Telephone:  (202) 408-4000

*Attorneys for Defendant*
*Hercules Incorporated*

Dated:  March 2, 2005

672308 / 28118

-48-

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 2, 2005, true and correct copies

of the within document were caused to be served on the attorney of record at the

following addresses as indicated:

**VIA HAND DELIVERY**

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899

**VIA FEDERAL EXPRESS**

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

_____
David E. Moore

666520