EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 04-293 (KAJ) |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

**CYTEC'S RESPONSES AND OBJECTIONS TO PLAINTIFF
CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-71)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Cytec Industries,

Inc. ("Cytec") hereby responds to the First Request for Production of Documents and Things

(Nos. 1-71) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Cytec reserves the right to produce documents by making them available for inspection

and copying by Ciba at the facilities of Cytec or the offices of Goodwin Procter LLP. Otherwise,

Cytec will send to the offices of Ciba's counsel, Leydig, Voit & Mayer, Ltd., a copy of those

responsive documents in Cytec's possession, custody, or control that have been located after

reasonable search and inquiry, except to the extent such documents are protected by the attorney-

client privilege or work-product immunity doctrine or otherwise are subject to objections set

forth in this response.

Cytec provides these answers on the basis of its present understanding of the requests and

without prejudice to Cytec's right to obtain and present at trial or in pretrial proceedings such

1

additional documents as may be acquired through discovery or otherwise in this action. Formal discovery is on-going and Cytec's investigation is still underway. Cytec therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.

## GENERAL OBJECTIONS

1.    Cytec objects to Ciba's document requests as vague and ambiguous to the extent that they employ undefined terms.

2.    Cytec objects to Ciba's definitions (such as "identify"), instructions, and document requests as overbroad and unduly burdensome to the extent Ciba seeks to impose on Cytec any obligation not required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, including but not limited to requiring Cytec to provide documents not in its possession, custody, or control; to seek documents from persons not currently employed by Cytec; to seek documents from third parties; or to provide details in a privilege log beyond those requirements imposed under the Federal Rules of Civil Procedure.

3.    Cytec objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit or that are not PerForm® SP product(s), and are therefore not reasonably calculated to lead to the discovery of admissible evidence on any issues in this lawsuit. By "PerForm® SP product(s)" herein, Cytec means the composition of Hercules' PerForm® SP product(s) that Cytec has toll manufactured for Hercules.

4.    Cytec objects to Ciba's definitions, instructions, and document requests as

-2-

overbroad and unduly burdensome to the extent Ciba seeks to require Cytec to search every location of Cytec and its subsidiaries and inquire of all of Cytec employees in an effort to locate documents that relate in some way, no matter how attenuated, to the subject matter of the document requests rather than only those locations and employees, who would reasonably be expected to have responsive information. In particular, Cytec objects to Ciba's document requests to the extent that they request "all" documents regarding a particular topic as overbroad and unduly burdensome. Cytec's responses are based upon (1) a reasonable search, given the time allocated to the parties to respond to the document requests, of locations and files that would reasonably be expected to contain responsive information; and (2) inquiries of Cytec's employees and representatives, who could reasonably be expected to possess responsive documents.

5.      Cytec objects to Ciba's definitions, instructions, and document requests to the extent that they seek documents protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity, and which are dated, prepared or received after the May 7, 2004 commencement of this action. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity. Any document or thing that would otherwise be produced but is not on the grounds of an applicable privilege or immunity and dated, prepared or received before the May 7, 2004 commencement of this action will be identified on a separate privilege log to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware. Cytec further objects to any request by Ciba for immediate service of a privilege log.

6.      Cytec objects to Ciba's definitions, instructions, and document requests as

overbroad and unduly burdensome to the extent that they seek to impose any obligation on Cytec to produce documents and/or things not in its possession, custody, or control or any obligation to respond or produce documents on behalf of Cytec's former partners, parents, subsidiaries, affiliates, officers, directors, executives, principals, trustees, employees, agents, attorneys, consultants, advisors, representatives, or anyone formerly acting or purporting to act on behalf of Cytec.

7.      Cytec objects to Ciba's document requests to the extent that they call for the production of documents, yet contain no date limitation, as being overbroad, unduly burdensome, and calling for information, which is neither relevant to any claim or defense of any party to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Cytec will limit the scope of its responses to a reasonable time frame.

8.      Cytec objects to Ciba's definitions, instructions, and document requests to the extent that they seek production of documents and/or things generated on or after the May 7, 2004 commencement of this action.

9.      Cytec objects to Ciba's definitions, instructions, and document requests to the extent they call for the production of information that is subject to confidentiality agreements, protective orders, and/or any other obligation under which Cytec is required to protect and/or maintain the confidentiality of any third party's documents or information.

10.     Cytec objects to Ciba's document requests as unduly burdensome to the extent that they seek information and documents that are publicly available and, therefore, are of no greater burden for Ciba than for Cytec to obtain.

11.     Cytec objects to Ciba's document requests to the extent they exceed the scope of

permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. In addition, Cytec has provided to Ciba documents concerning the Polyflex® products in connection with the sale of the Polyflex® business to Ciba. Accordingly, Ciba is in possession of most, if not substantially all, of the documents called for by its Polyflex® requests.

12.    Cytec objects to Ciba's document requests to the extent they exceed the scope of permissible discovery by calling for the production of documents or things that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

13.    Cytec objects to Ciba's definition of "Cytec" to the extent that it covers entities that are not parties to this lawsuit on the ground that such a definition would expand the discovery sought by these requests beyond that permitted under Fed. R. Civ. P. 34.

14.    Cytec objects to Ciba's document requests referring to "Hercules" and "Defendants" as vague and indefinite. Such requests cannot be responded to insofar as they require Cytec to know the documents, things, contentions, and knowledge of Hercules.

These General Objections apply to all of Ciba's document requests 1-71. To the extent that any General Objection is cited in response to specific document requests, those specific citations are provided because they are believed to be particularly applicable to the document request and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the document request.

Cytec further notes that these answers are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Cytec's responses thereto.

## CIBA'S REQUESTS AND CYTEC'S OBJECTIONS AND RESPONSES

### REQUEST NO. 1

All documents concerning the patents in suit or the subject matter disclosed and/or claimed in the patents in suit including but not limited to, any communications regarding the patents in suit.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "all documents concerning . . . the subject matter disclosed and/or claimed in the patents in suit." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec additionally objects to this request as seeking documents not within its possession, custody, or control. In connection with the transfer of the patents-in-suit from Cytec to Ciba, Cytec provided to Ciba most, if not substantially all, of the documents concerning those patents.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents concerning the patents-in-suit to the extent such documents exist and are located after a reasonable search and have not already been provided to Ciba.

**REQUEST NO. 2**

All documents concerning any communication regarding Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as overbroad and unduly burdensome to the extent it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request as overly broad and unduly burdensome to the extent it seeks the production of documents outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents concerning communications regarding Ciba that refer to the patents-in-suit and Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 3**

All documents concerning infringement or validity of the patents in suit, including but not limited to any opinions of counsel.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 4

All documents upon which any of the Defendants may rely in asserting that the patents are not infringed and/or are invalid.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request regarding "the patents" as vague and ambiguous, but will assume for purposes of this response that Ciba was referring to the patents-in-suit. Cytec also objects to this request as premature to the extent that formal discovery is on-going, Cytec's investigations are still underway, and Ciba has not provided its contentions regarding claim construction or the alleged infringement and validity of the patents-in-suit. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents upon which it may rely to the extent such documents exist and are located after a reasonable search. Cytec reserves the right to supplement, modify, change, amend, or alter this response at any time between now and trial.

## REQUEST NO. 5

All prior art concerning the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as premature to the extent that formal discovery is on-going, Cytec's investigations are still underway, and Ciba has not provided its contentions regarding claim construction or the alleged validity of the patents-in-suit. Additionally, Cytec objects to this request as overly broad and unduly burdensome to the extent it calls for the production of information and documents that are publicly available and, therefore, are of no greater burden for Ciba than for Cytec to obtain. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. In connection with the transfer of the patents-in-suit from Cytec to Ciba, Cytec provided Ciba with the documents concerning those patents.

**REQUEST NO. 6**

All documents from the files of the named inventors of each of the patents in suit, and anyone who assisted them in any way, concerning crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague with respect to the meaning of "anyone who assisted them in any way." Cytec further objects to this request to the extent it seeks documents that are in Ciba's possession, custody, or control. In connection with the transfer of the patents-in-suit from Cytec to Ciba, Cytec provided Ciba with the documents concerning those patents.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents concerning crosslinked or structured polymers from the files of the named inventors of each of the patents in suit to the extent such documents exist at Cytec, have not already been provided to Ciba, and are located after a reasonable search.

**REQUEST NO. 7**

All documents of any technical personnel evaluating either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague and ambiguous as to the meaning of the terms "technical personnel" and "evaluating." Cytec also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents" concerning evaluation of the patents-in-suit as the subject matter of the patents-in-suit was invented at Cytec by Cytec employees and former Cytec employees. Cytec also objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. In connection with the transfer of the patents-in-suit from Cytec to Ciba, Cytec provided Ciba with the documents concerning those patents. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 8**

All documents provided to Defendants' counsel and/or considered by Defendants' counsel in connection with any opinion concerning the patents in suit, including, but not limited to the validity or infringement of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

Cytec objects to this request to the extent it seeks discovery of information protected by the attorney-client privilege and work-product doctrines. The identity of any documents provided to Defendants' counsel or considered by Defendants' counsel is privileged information.

**REQUEST NO. 9**

All documents concerning and/or relied upon by any of the Defendants for the defenses and counterclaims in each defendant's Answer, Affirmative Defenses, and Counterclaims, and/or any existing or future amendment(s) to such pleadings.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents concerning or relating to its defenses and counterclaims to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 10**

All technical papers or publications authored by anyone associated with any of the Defendants or any third party relating to microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, and/or the production of paper using microbeads, microparticles, and/or organic particulates.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Cytec further objects to this document request as overbroad and unduly burdensome to the extent it seeks "[a]ll technical papers or publications authored by anyone . . . ." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. Additionally, Cytec objects to this request as overly broad and unduly burdensome to the extent it calls for the production of information and documents that are publicly available and, therefore, are of no greater burden for Ciba than for Cytec to obtain. Cytec objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec also objects to this request as duplicative of other of Ciba's document requests. However, Cytec will produce documents within its custody or control in response to other Ciba Requests to the extent indicated herein, subject to the General Objections above and specific objections made in response to these other Requests, and will not withhold documents merely because they may be responsive to this Request. Cytec's production of any documents in response to any other Ciba Request shall not be construed as indicative that such documents are responsive to this Request.

**REQUEST NO. 11**

All documents concerning any invention disclosures, patent(s), or patent application(s) (U.S. or foreign) by any of the Defendants or any third party concerning microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, and/or the production of paper using microbeads, microparticles, and/or organic particulates, including but not limited to prosecution files and communications with any patent offices.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec further objects to this document request as overbroad and unduly burdensome to the extent it seeks "[a]ll documents concerning any invention disclosures, patent(s), or patent application(s) (U.S. or foreign) by any of the Defendants or any third party . . . ." Cytec further objects to this request to the extent it calls for production of documents and information that are outside of Cytec's possession, custody, or control. To the extent that Ciba intends to encompass patents covering Polyflex® products within the scope of this request, the documents relating to those patents were transferred to Ciba in connection with the sale of the Polyflex® business. Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec additionally objects to this request for production to the extent it seeks "invention disclosures" on the ground that the Federal Circuit Court of Appeals held that invention disclosures are not discoverable in *In re Spalding Sports Worldwide, Inc., 203 F.3d 800 (Fed. Cir. 2000)*. Cytec objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 12**

All documents concerning any invention disclosure or patent applications (U.S. or foreign) directed to any of the PerForm® SP products, or the like.

-13-

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec also objects to the term "or the like" as vague. Cytec further objects to this request for production to the extent it seeks "invention disclosures" on the ground that the Federal Circuit Court of Appeals held that invention disclosures are not discoverable in *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed. Cir. 2000).

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 13**

All documents concerning United States Patent Application No. 10/313,632 filed on December 6, 2002, including, but not limited to, any invention disclosure relating to the subject matter disclosed therein and any laboratory notebooks or notebook entries relating to the subject matter disclosed therein (including the Examples set forth in the application).

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request as vague to the extent that it seeks documents "relating to the subject matter disclosed therein." Cytec additionally objects to this request for production to the extent it seeks "invention disclosures" on the ground that the Federal Circuit Court of Appeals held that invention

disclosures are not discoverable in *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800 (Fed.

Cir. 2000).

      Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged documents that refer to United States Patent Application No.

10/313,632 filed on December 6, 2002 to the extent such documents exist and are located after a

reasonable search.

### REQUEST NO. 14

All documents from the files of the named inventors of United States Patent Application No.
10/313,632 filed on December 6, 2002, and anyone who assisted them in any way, concerning
crosslinked or structured polymers for use in papermaking.

### SPECIFIC OBJECTIONS AND RESPONSE:

      In addition to the General Objections, Cytec objects to the term "anyone who assisted

them in any way" as vague.

      Subject to and without waiving the above Specific and General Objections and to the

extent Cytec understands this request, Cytec has no documents responsive to this request.

### REQUEST NO. 15

All documents concerning the development of any of the PerForm® SP products.

### SPECIFIC OBJECTIONS AND RESPONSE:

      In addition to the General Objections, Cytec objects to this request to the extent it calls

for the production of documents and information that are outside of Cytec's possession, custody,

or control.

      Subject to and without waiving the above Specific and General Objections, Cytec has no

documents responsive to this request.

**REQUEST NO. 16**

All documents concerning the process or processes used to manufacture any of the PerForm® SP products, including, but not limited to, documents identifying the raw materials used to produce any of such products and the process steps used to produce such products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products, . . . ." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Cytec is required to protect and/or maintain the confidentiality of any third party's documents or information. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents sufficient to identify the raw materials used and the process steps used to toll manufacture Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 17

All documents concerning any changes in the process or processes used to manufacture any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Cytec also objects to this document request as vague and ambiguous as to the meaning of the phrase "changes in the process or processes used." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Cytec is required to protect and/or maintain the confidentiality of any third party's documents or information. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents sufficient to identify changes to the process, if any, used to toll manufacture Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 18**

All documents concerning any changes in the process or processes used to manufacture any of the Polyflex® products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or things

-17-

related to Polyflex® products, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the Polyflex® products." Cytec also objects to this request as vague and ambiguous as to the meaning of the phrase "changes in the process or processes used." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Cytec is required to protect and/or maintain the confidentiality of any third party's documents or information. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. In connection with the transfer of the Polyflex® business to Ciba, Cytec transferred to Ciba documents related to Polyflex® products.

## REQUEST NO. 19

All documents concerning the conversion from producing any of the Polyflex® products to producing any of the PerForm® SP products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex® products, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this document request as overbroad, unduly burdensome, and not reasonably

calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents

concerning . . . the PerForm® SP products." Cytec also objects to this request as vague and

ambiguous as to the meaning of the phrase "conversion from producing," and misleading to the

extent it assumes any such "conversion" occurred. Cytec further objects to this request to the

extent it calls for the production of documents and information that are outside of Cytec's

possession, custody, or control.

**REQUEST NO. 20**

Representative 16 oz. samples of each of the raw materials used in the process or processes of
manufacturing any of the PerForm® SP products, including, but not limited to, any surfactant or
surfactants used in such process or processes. Such samples should be labeled to indicate the
identity of each of the sampled raw materials and the names used by Hercules to identify the
product or products produced using the raw materials.

**RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks

information outside of its knowledge and control in connection with "the names used by

Hercules."

Subject to and without waiving the above Specific and General Objections and to the

extent not duplicative of Hercules' production, Cytec will produce the samples requested, to the

extent that it has such samples in the quantities requested.

**REQUEST NO. 21**

Representative 16 oz. samples of any of the emulsions produced during the process or processes
used to manufacture any of the PerForm® SP products. Such samples should be labeled to
indicate the name(s) used by Hercules to identify the products produced using the sampled
emulsions.

**RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks information outside of its knowledge and control in connection with "the names used by Hercules."

Subject to and without waiving the above Specific and General Objections and to the extent not duplicative of Hercules' production, Cytec will produce the samples requested, to the extent that any such emulsions can be sampled, and to the extent that it has such samples in the quantities requested.

**REQUEST NO. 22**

Representative 16 oz. samples of each of the PerForm® SP products. Such samples should be labeled to indicate the name(s) used by Hercules to identify the sampled products.

**RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks information outside of its knowledge and control in connection with "the names used by Hercules."

Subject to and without waiving the above Specific and General Objections and to the extent not duplicative of the Hercules' production, Cytec will produce the samples requested, to the extent that it has such samples in the quantities requested.

**REQUEST NO. 23**

All documents concerning the testing of any crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request, as the terms "crosslinked" and "structured polymers" are undefined in these document requests. Cytec also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . use in papermaking." Additionally, Cytec objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. Cytec objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Cytec has no documents responsive to this request.

**REQUEST NO. 24**

All documents concerning the characterization of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague and ambiguous as to the meaning of the phrase "concerning the characterization." Cytec also objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product

-21-

doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Cytec is required to protect and/or maintain the confidentiality of any third party's documents or information. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections and to the extent Cytec understands this request, Cytec has no documents responsive to this request.

**REQUEST NO. 25**

All documents concerning any testing of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm® SP products." Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for information that is subject to confidentiality agreement, protective orders, and/or any other obligation under which Cytec is required to protect and/or maintain the confidentiality of any third party's documents or information. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

-22-

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents relating to testing of Hercules' PerForm® SP product(s), to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 26**

All documents concerning the testing of any of the Polyflex® or Perform® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as duplicative of Request 25 to the extent it calls for documents concerning testing of Perform® SP products and because it exceeds the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it seeks documents that are not in Cytec's possession, custody, or control. In connection with the sale of the Polyflex® business from Cytec to Ciba, Cytec provided to Ciba documents concerning Polyflex® products.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents relating to testing of Hercules' PerForm® SP product(s) to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 27**

All documents describing in any way any of the PerForm® SP products or the polymer(s) contained therein, whether referred to as a PerForm® SP product or not.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as vague as to the meaning of "documents describing in any way." Cytec further objects to this request to

-23-

the extent it calls for the production of documents and information that are outside of Cytec's

possession, custody, or control.

## REQUEST NO. 28

All documents concerning the physical and chemical composition and properties of any of the PerForm® SP products, including, but not limited to, specifications, standard operating procedures, theory of operation documents, user's manuals, service or repair manuals, drawings, assembly and production materials, and testing documents.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks "[a]ll documents concerning . . . any of the PerForm®

SP products, . . .." Cytec further objects to this request to the extent it calls for the production of

documents and information that are outside of Cytec's possession, custody, or control. Cytec

further objects to this request as vague to the extent it seeks "standard operating procedures,

theory of operation documents, user's manuals, service or repair manuals, drawings, assembly

and production materials."

Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged specification and testing documents relating to Hercules'

PerForm® SP products, to the extent such documents exist and are located after a reasonable

search.

## REQUEST NO. 29

All documents concerning any proposed, contemplated or actual advertisement, publication, promotion, marketing memorandum, promotional material, sales literature, brochure, catalog, product release, flyer or description of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, to the extent that Cytec has an actual advertisement, publication, promotion, marketing memorandum, promotional material, sales literature, brochure, catalog, product release, flyer or description of any of the PerForm® SP product(s), Cytec will produce such nonprivileged documents if any are located during a reasonable search.

**REQUEST NO. 30**

All documents concerning any instructions provided to customers or potential customers regarding actual or potential uses for any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec has no documents responsive to this request.

**REQUEST NO. 31**

All documents concerning the use of any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls

for the production of documents and information that are outside of Cytec's possession, custody,

or control.

Subject to and without waiving the above Specific and General Objections, Cytec has no

documents responsive to this request.

**REQUEST NO. 32**

All documents concerning any products, including, but not limited to paper products, produced
using any of the PerForm® SP products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls

for the production of documents and information that are outside of Cytec's possession, custody,

or control.

Subject to and without waiving the above Specific and General Objections, Cytec has no

documents responsive to this request.

**REQUEST NO. 33**

All documents concerning each Defendant's first knowledge or awareness of the patents in suit
and/or any foreign applications or patents corresponding to the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks

documents that are immune from discovery under the attorney-client privilege, the work-product

doctrine, or any applicable privilege or immunity. Cytec further objects to this request as vague

because the subject matter of the patents-in-suit was developed by Cytec employees and former

Cytec employees. In connection with the transfer of the patents in suit to Ciba, Cytec provided

Ciba with the documents concerning the patents-in-suit. Cytec further objects to this request to

the extent it calls for the production of documents and information that are outside of Cytec's

possession, custody, or control. In connection with the transfer of the patents-in-suit from Cytec

to Ciba, Cytec provided Ciba with the documents concerning those patents.

## REQUEST NO. 34

All documents concerning each Defendant's first knowledge or awareness of Ciba's
development and/or sale of microbeads, microparticles, and/or organic particulates for use in
papermaking.

### SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request as vague, as the terms

"microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Cytec further objects to this document request as overbroad and unduly burdensome to

the extent it seeks "[a]ll documents concerning . . . organic particulates for use in papermaking."

Cytec further objects to this request to the extent it calls for the production of documents and

information that are outside of Cytec's possession, custody, or control. Cytec objects to this

request as overbroad and unduly burdensome because it calls for the production of documents

that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to

lead to the discovery of admissible evidence.

## REQUEST NO. 35

All documents concerning any examination, analysis, inspection, copying, or testing of any of
the microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for
sale, implemented, and/or distributed by Ciba, including, but not limited to, any of the Polyflex®
products.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec further objects to Ciba's document requests to the extent they exceed the scope of permissible discovery by calling for the production of documents or things related to Polyflex®, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks production of "[a]ll documents concerning any examination, analysis, inspection, copying, or testing of any of the microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by Ciba, . . .." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. In connection with the transfer of the Polyflex® business from Cytec to Ciba, Cytec provided to Ciba documents concerning the Polyflex® polymer.

Subject to and without waiving the above Specific and General Objections, Cytec has no documents responsive to this request.

**REQUEST NO. 36**

All documents concerning any comparison between any microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by Ciba, and those of any of the Defendants, and/or any third party.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents concerning any comparison between any microbeads, microparticles, and/or organic particulates" from Ciba, from either defendant, and/or any third party. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec has no documents responsive to this request.

**REQUEST NO. 37**

All documents concerning the conception, reduction to practice, research, development, use, implementation, testing, analysis and/or evaluation of any microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by any of the Defendants, Ciba, and/or any third party, including but not limited to laboratory notebooks, engineering specifications, process flow diagrams, layouts, timing diagrams, machinery diagrams or specifications, formulations of all chemicals employed therein, internal reports and memoranda.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec further objects to this request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as it seeks production of

"[a]ll documents concerning the . . . research, development, use, implementation, testing, analysis and/or evaluation of any microbeads, microparticles, and/or organic particulates manufactured, used, sold, offered for sale, implemented, and/or distributed by any of the Defendants, Ciba, and/or any third party." Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. The subject of the patents-in-suit was developed by Cytec employees and former Cytec employees. In connection with the transfer of the Polyflex® business and the patents-in-suit from Cytec to Ciba, Cytec provided Ciba with the documents related to the Polyflex® polymer and the patents-in-suit. Cytec objects to this request as overbroad and unduly burdensome because it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 38**

All documents in the possession, custody, or control of Hercules concerning Cytec or Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request because it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec has no documents responsive to this request.

**REQUEST NO. 39**

All documents in the possession, custody, or control of Cytec concerning Hercules or Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents . . . concerning Hercules or Ciba." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time and as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents relating to Hercules or Ciba which also relate to Hercules' PerForm® SP product(s) to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 40**

All documents concerning any correspondence between Defendants regarding the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request to

the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 41**

All documents from the files of William Avrin concerning crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "crosslinked" and "structured polymers" are undefined in these document requests. Cytec further objects to this request as overly broad. In particular, the term "concerning crosslinked or structured polymers for use in papermaking" could include at minimum every document concerning Polyflex® polymers. Every document concerning Polyflex® polymers is not relevant to any claim or defense in this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, in connection with the sale of the Polyflex® business from Cytec to Ciba, Cytec provided Ciba with the documents concerning the Polyflex® products.

Cytec further objects to this request as unduly burdensome, duplicative and harassing in view of the fact that other requests, such as No. 23, call for documents concerning crosslinked or structured polymers for use in papermaking. Mr. William Avrin is a corporate officer holding the position of Vice President – Corporate and Business Development of Cytec and does not currently run any business related to papermaking. Notably, Mr. Avrin is the only employee singled out by name in these document requests. The broad subject matter scope of this

discovery request is not made relevant by specifying the source of the files to Mr. Avrin. Rather, the motive in Ciba targeting Mr. Avrin's files is called into question.

## REQUEST NO. 42

All documents from the files of William Avrin concerning Hercules and crosslinked or structured polymers for papermaking.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request as vague, as the terms "crosslinked" and "structured polymers" are undefined in these document requests. Cytec further objects to this request as overly broad in that every document concerning Hercules and crosslinked or structured polymers is not relevant to any claim or defense in this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, in connection with the sale of the Polyflex® business from Cytec to Ciba, Cytec provided Ciba with the documents concerning the Polyflex® products.

Cytec further objects to this request as unduly burdensome, duplicative and harassing in view of the fact that other requests, such as No. 23, call for documents concerning crosslinked or structured polymers for use in papermaking and many additional requests call for documents concerning Hercules. Mr. William Avrin is a corporate officer holding the position of Vice President – Corporate and Business Development of Cytec and does not currently run any business related to papermaking. Notably, Mr. Avrin is the only employee singled out by name in these document requests. The broad subject matter scope of this discovery request is not made relevant by specifying the source of the files to Mr. Avrin. Rather, the motive in Ciba targeting Mr. Avrin's files is called into question.

-33-

**REQUEST NO. 43**

All documents from the files of William Avrin concerning Ciba.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as overbroad and unduly burdensome to the extent it calls for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time.

Cytec further objects to this request as unduly burdensome, duplicative and harassing in view of the fact that other requests, such as No. 2, call for documents concerning Ciba. Mr. William Avrin is a corporate officer holding the position of Vice President – Corporate and Business Development of Cytec and does not currently run any business related to papermaking. Notably, Mr. Avrin is the only employee singled out by name in these document requests. The broad subject matter scope of this discovery request is not made relevant by specifying the source of the files to Mr. Avrin. Rather, the motive in Ciba targeting Mr. Avrin's files is called into question.

**REQUEST NO. 44**

All documents concerning any contemplated sale, assignment, and/or transfer of either of the patents in suit, including, but not limited to, any correspondence between either of Defendants and Ciba or any third party regarding the contemplated sale, assignment, and/or transfer of either of the patents in suit and any drafts of any agreement concerning the contemplated sale, assignment, and/or transfer of either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work product doctrine, or any applicable privilege or immunity. Cytec further objects to this request as overly broad and unduly burdensome. As Ciba is well aware, Cytec transferred the patents-in-suit to Ciba. Therefore, Ciba is in possession, custody, and control of the correspondence relating to that transaction including the final agreement. Any correspondence regarding the potential sale of the Cytec papermaking polymer business, which included the patents-in-suit, is not relevant to any claim or defense in this action nor is it reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 45**

All documents concerning the transfer by Cytec of the patents in suit to Ciba, including, but not limited to, any correspondence between either of Defendants and Ciba regarding the transfer, any drafts of any agreement concerning the transfer, and any correspondence between either of Defendants and any third party regarding the transfer.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work product doctrine, or any applicable privilege or immunity. Cytec further objects to this request as overly broad and unduly burdensome. As Ciba is well aware, Cytec transferred the patents-in-suit to Ciba. Therefore, Ciba is in possession, custody, and control of the correspondence relating to that transaction including the final agreement. Any correspondence regarding the potential sale of the Cytec papermaking polymer business, which included the

patents-in-suit, is not relevant to any claim or defense in this action nor is it reasonably

calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 46

All documents concerning any license under the patents in suit allegedly granted to either of
Defendants by Ciba or allegedly reserved by either of Defendants pursuant to an agreement
regarding the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request to the

extent it seeks documents that are immune from discovery under the attorney-client privilege, the

work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this

request to the extent it calls for the production of documents and information that are outside of

Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged documents to the extent such documents exist and are located

after a reasonable search.

## REQUEST NO. 47

All documents concerning negotiations of any contracts or agreements (whether active, potential
or expired) between Cytec and Hercules.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks "[a]ll documents concerning negotiations of any

contracts or agreements . . . between Cytec and Hercules." Cytec also objects to this request as

overly broad and unduly burdensome to the extent it calls for the production of documents that

are not limited to a relevant period of time. Cytec further objects to this request to the extent it

seeks documents that are immune from discovery under the attorney-client privilege, the work-

product doctrine, or any applicable privilege or immunity. Cytec further objects to this request

to the extent it calls for the production of documents and information that are outside of Cytec's

possession, custody, or control. Cytec further objects to this request as exceeding the scope of

permissible discovery by calling for the production of documents that are neither relevant to any

claim or defense in this litigation nor are reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged documents concerning negotiations of any contract or

agreement relating to Hercules' PerForm® SP products, to the extent such documents exist and

are located after a reasonable search.

**REQUEST NO. 48**

All contracts or agreements (whether active, potential or expired) between Cytec and Hercules.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks "[a]ll contracts or agreements . . . between Cytec and

Hercules." Cytec also objects to this request as overly broad and unduly burdensome to the

extent it calls for the production of documents that are not limited to a relevant period of time.

Cytec further objects to this request to the extent it calls for documents that are subject to

confidentiality agreement, protective orders, and/or any other obligation under which Cytec is

required to protect and/or maintain the confidentiality of any third party's documents or

-37-

information. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged contracts or agreements relating to the sale of Hercules' PerForm® SP products, to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 49**

All communications concerning any contracts or agreements (whether active, potential or expired) between Cytec and Hercules.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll communication concerning any contracts or agreements . . . between Cytec and Hercules." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

-38-

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged communications between Cytec and Hercules concerning any contract or agreement relating to the sale of Hercules' PerForm® SP products, to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 50

All documents concerning any agreement by either of Defendants to manufacture and/or supply either of Defendants and/or any third party any product encompassed by either of the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as vague and ambiguous as to the meaning of the phrase "any product encompassed by either of the patents in suit" and because Ciba has not provided its contention, nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit. To the extent that Ciba intends this request to include Polyflex® polymers, Cytec objects to this request as overly broad and unduly burdensome in that it seeks discovery that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 51

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any product encompassed by either of the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as vague and ambiguous as to the meaning of the phrase "any product encompassed by either of the patents in suit" and because Ciba has not provided its contention, nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit. To the extent that Ciba intends this

request to include Polyflex® polymers, Cytec objects to this request as overly broad and unduly

burdensome in that it seeks discovery that is neither relevant to any claim or defense in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 52

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any
Polyflex® product.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request because it

exceeds the scope of permissible discovery by calling for the production of documents or things

related to the Polyflex® product, which are neither relevant to any claim or defense in this

litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec

also objects to this request as overly broad and unduly burdensome to the extent it calls for the

production of documents that are not limited to a relevant period of time. Cytec further objects

to this request to the extent it calls for the production of documents and information that are

outside of Cytec's possession, custody, or control.

## REQUEST NO. 53

All documents concerning any agreement by Hercules to sell, offer to sell, and/or distribute any
Polyflex® product to any third party.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request because it

exceeds the scope of permissible discovery by calling for the production of documents or things

related to the Polyflex® product, which are neither relevant to any claim or defense in this

litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec

further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

## REQUEST NO. 54

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any of the PerForm® SP products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents concerning any agreement by Cytec to manufacture and/or supply Hercules the PerForm SP® product(s), to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 55

All documents to or from Hercules concerning Ciba, the subject matter of the patents in suit, the patents in suit, this lawsuit, indemnity agreements, microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, or the production of paper using microbeads, microparticles, and/or organic particulates.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request as vague, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec also objects to this request as duplicative of other of Ciba's document requests.

-41-

Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

**REQUEST NO. 56**

All documents to or from Cytec concerning Ciba, the subject matter of the patents in suit, the patents in suit, this lawsuit indemnity agreements, microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates or the production of paper using microbeads, microparticles, and/or organic particulates.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec also objects to this request as

-42-

duplicative of other of Ciba's document requests. However, Cytec will produce documents

within its custody or control in response to other Ciba Requests to the extent indicated herein,

subject to the General Objections above and specific objections made in response to these other

Requests, and will not withhold documents merely because they may be responsive to this

Request. Cytec's production of any documents in response to any other Ciba Request shall not

be construed as indicative that such documents are responsive to this Request.

## REQUEST NO. 57

All documents concerning actual or potential negotiations to license microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates, processes of producing paper using microbeads, microparticles, and/or organic particulates, and/or patent rights covering any such subject matter, including, but not limited to, the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request as vague, as the terms

"microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Cytec further objects to this document request as overbroad, unduly burdensome, and

not reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects

to this request to the extent it seeks documents that are immune from discovery under the

attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity.

Cytec further objects to this request as exceeding the scope of permissible discovery by calling

for the production of documents that are neither relevant to any claim or defense in this litigation

nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Cytec has no

documents responsive to this request.

**REQUEST NO. 58**

Documents sufficient to show the first date on which either of Defendants offered each of the PerForm® SP products for sale in the United States.

**SPECIFIC OBJECTION AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent that the term "offered each of the PerForm SP® products for sale" is vague with respect to any "sale" between Cytec and Hercules.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents sufficient to show the first date on which Cytec sold the PerForm SP® product to Hercules, to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 59**

Documents sufficient to show the quantity of each of the PerForm® SP products sold (on a monthly, quarterly, and annual basis) by either of Defendants in the United States from the introduction of the product to the market to the present date.

**SPECIFIC OBJECTION AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls for the production of documents that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents sufficient to show the quantity of the PerForm SP® product sold from Cytec to Hercules, to the extent such documents exist and are located after a reasonable search.

-44-

**REQUEST NO. 60**

All documents concerning the price of each of the PerForm® SP products from the introduction of the product to the market to the present date, including, but not limited to, documents concerning either of Defendants' decisions regarding the setting of such price.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls

for the production of documents that are outside of Cytec's possession, custody, or control.

Cytec further objects to this document request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll

documents concerning the price of each of the PerForm® SP products . . .."

Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged documents sufficient to show the price of the PerForm SP®

product sold to Hercules, to the extent such documents exist and are located after a reasonable

search.


**REQUEST NO. 61**

Documents sufficient to show the gross and net profits realized (on a monthly, quarterly, and annual basis) by either of Defendants from the sale of each of the PerForm® SP products in the United States from the introduction of the product to the market to the present date.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it calls

for the production of documents that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged documents sufficient to show the gross and net profit from the

sale of PerForm SP® product to Hercules, to the extent such documents exist and are located

after a reasonable search.

**REQUEST NO. 62**

Documents sufficient to show the quantity (on a monthly, quarterly, and annual basis) of each of the Polyflex® products sold by either of Defendants in the United States from the introduction of the product to the market through December 31, 2002.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request because it

exceeds the scope of permissible discovery by calling for the production of documents or things

related to the Polyflex® products, which are neither relevant to any claim or defense in this

litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 63**

All documents concerning the price of each of the Polyflex® products from the introduction of the product to the market through December 31, 2002, including, but not limited to, documents concerning either of Defendants' decisions regarding the setting of such price.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request because it

exceeds the scope of permissible discovery by calling for the production of documents or things

related to the Polyflex® products, which are neither relevant to any claim or defense in this

litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 64**

Documents sufficient to show the gross and net profits realized (on a monthly, quarterly, and annual basis) by either of Defendants from the sale of each of the Polyflex® products in the United States from the introduction of the product to the market through December 31, 2002.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request because it

exceeds the scope of permissible discovery by calling for the production of documents or things

related to the Polyflex® products, which are neither relevant to any claim or defense in this

litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 65

All documents and things relating to (a) market acceptance, (b) market share, (c) demand, and/or
(d) commercial success of any product(s) encompassed by either of the patents in suit from the
introduction of the product to the market to the present date.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as vague

and ambiguous as to the meaning of the phrase "commercial success of any product(s)

encompassed by either of the patents in suit, "and because Ciba has not provided its contention,

nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit.  To

the extent that Ciba intends to include Polyflex® polymers within the scope of this request, Ciba

purchased the Polyflex® business from Cytec and in connection with that purchase, Cytec

provided to Ciba documents related to the Polyflex® business.

## REQUEST NO. 66

All documents and things relating to (a) market acceptance, (b) market share, (c) demand, and/or
(d) commercial success of any of the PerForm® SP products from the introduction of the product
to the market to the present date.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks "[a]ll documents . . . relating to . . . any of the

PerForm® SP products . . .." Cytec further objects to this request as seeking documents that are

outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec has no documents responsive to this request.

## REQUEST NO. 67

All documents and things relating to (a) market acceptance, (b) market share, (c) demand, and/or (d) commercial success of any of the Polyflex® products from the introduction of the product to the market to the present date.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request because it exceeds the scope of permissible discovery by calling for the production of documents or things related to the Polyflex® products, which are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. Ciba purchased the Polyflex® business from Cytec. In connection with that purchase, Cytec provided to Ciba documents related to the Polyflex® business.

## REQUEST NO. 68

All documents concerning either Defendant's first knowledge of Ciba's charge that either of Defendants is infringing one or more of the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

-48-

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 69

All documents concerning any communication between either of Defendants and/or any third party relating to any alleged infringement or non-infringement of either of the patents in suit.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 70

All documents concerning the subject matter of this case for each person that any of the Defendants intends to use as a witness (fact or expert) in this case including, but not limited to, (a) all documents of such person(s) referring or relating to this case, and/or any issues in this case, including any matters about which such person(s) will testify in this case in deposition, at any hearing or otherwise, (b) all documents reviewed and/or consulted by or on behalf of such person(s) as a part of any participation in this case, (c) all documents, including graphs, charts, models, exhibits, drawings and/or physicals, upon which such person(s) has relied or upon which any such person(s) intends to rely in this case in deposition, at any hearing or otherwise, and (d) all documents and/or things provided to such person(s), by any of the Defendants or any agent of any of the Defendants (including counsel for any of the Defendants), in connection with this case.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as vague

and ambiguous as to the meaning of the phrase "[a]ll documents concerning the subject matter of

this case," and also as overbroad, unduly burdensome, and not reasonably calculated to lead to

the discovery of admissible evidence.  Cytec also objects to this request to the extent it seeks

documents that are immune from discovery under the attorney-client privilege, the work-product

doctrine, or any applicable privilege or immunity.  Cytec also objects to this document request as

overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks production of documents from any witness that Cytec

intends to call at trial since formal discovery is on-going and Cytec's investigation of applicable

claims and defenses is still underway.  Cytec also objects to this request to the extent it seeks

expert discovery in advance of the time scheduled for expert discovery in the Court's December

20, 2004 Scheduling Order.  Cytec further objects to this request to the extent it calls for the

production of documents and information that are outside of Cytec's possession, custody, or

control.

Subject to and without waiving the above Specific and General Objections, Cytec will, at

an appropriate time consistent with the Court's December 20, 2004 Scheduling Order, comply

with the requirements for the disclosure of expert testimony set forth in Fed. R. Civ. P. 26 (a) (2)

and the requirements for pretrial disclosures set forth in Fed. R. Civ. P. 26 (a) (3).

**REQUEST NO. 71**

All documents concerning the subject matter of this case for each person any of the Defendants
intends to use as an expert witness in this case, including but not limited to (a) all publications,
articles, books and/or papers authored, co-authored, edited or otherwise generated by such
person(s), (b) all documents and/or things authored, co-authored, edited or otherwise generated
by or on behalf of such person(s), and which refer and/or relate to any opinions and/or testimony

of any such person(s) rendered or to be rendered in this case, (c) all transcripts, including all exhibits thereto, of any trial and/or deposition testimony of such person(s) in any prior litigation, (d) all documents and/or things reviewed and/or consulted by or on behalf of such person(s) as a part of any participation in this case, (e) all documents and all things, including graphs, charts, models, exhibits, drawings and/or physicals, upon which such person(s) has relied or upon which any such person(s) intends to rely in deposition, at any hearing or otherwise in this case, (f) all documents and/or things upon which any opinions and/or testimony of such person(s) in this case are based, (g) all documents and/or things provided to such person(s), and/or any agent of such person, by any of the Defendants or any agent of any of the Defendants (including counsel for any of the Defendants), in connection with this case, and (h) all resumes, curricula vitae and/or other documents listing the education, experience and/or training of such person(s).

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as vague and ambiguous as to the meaning of the phrase "[a]ll documents concerning the subject matter of this case," and also as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Cytec also objects to this request to the extent it seeks expert discovery in advance of the time scheduled for expert discovery in the Court's December 20, 2004 Scheduling Order. Cytec also objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will, at an appropriate time consistent with the Court's December 20, 2004 Scheduling Order, comply with the requirements for the disclosure of expert testimony set forth in Fed. R. Civ. P. 26 (a) (2) and the requirements for pretrial disclosures set forth in Fed. R. Civ. P. 26 (a) (3).

OF COUNSEL:

Thomas L. Creel, P.C.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

Dated:  March 2, 2005

POTTER ANDERSON & CORROON LLP

By: _____

   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   P. O. Box 951
   Wilmington, DE  19899
   (302) 984-6000

*Attorneys for Defendant
Cytec Industries, Inc.*

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 2, 2005, true and correct copies

of the within document were caused to be served on the attorney of record at the

following addresses as indicated:

### VIA HAND DELIVERY

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899

### VIA FEDERAL EXPRESS

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780

Ford F. Farabow, Jr.
Joann M. Neth
A. Neal Seth
Eric J. Fues
Finnegan, Henderson, Farabow, Garrett &
	Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413

David E. Moore

666520