EXHIBIT F

LAW OFFICES

# LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

TWO PRUDENTIAL PLAZA, SUITE 4900
CHICAGO, ILLINOIS 60601-6780

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7001
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 521-5985
FACSIMILE: (206) 224-3557

April 11, 2005

***VIA FACSIMILE***
***CONFIRMATION BY MAIL***

Thomas L. Creel, P.C.
Goodwin Proctor LLP
599 Lexington Ave.
New York, NY 10022

Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re: Ciba Specialty Corporation v. Hercules Inc. et al.
C.A. No. 04-293 (KAJ)

Dear Tom and Joann:

We are writing in connection with defendants' responses to Ciba's first set of document requests and defendants' responses to Ciba's first set of interrogatories.

Defendants' response to interrogatory 1 fails to provide the requested information. For example, defendants have not provided any element-by-element analysis or any claim chart relating to the patent claims asserted to not be infringed by defendants. We, therefore, ask that you please supplement your responses to this interrogatory.

If Cytec has any invalidity position with regard to the patents in suit, we request supplementation to interrogatory 2. Cytec has apparently conceded that they are prohibited from challenging validity due to the transfer of the patents to Ciba and assignor estoppel. Hercules apparently challenges the application of assignor estoppel and has responded, albeit inadequately, to this interrogatory. As defendants are aware, Ciba's position is that defendants

Thomas L. Creel, P.C.
Joann M. Neth, Esq.
April 11, 2005
Page 2

are prohibited from raising any of the challenges identified in response to this interrogatory. Nevertheless, since Hercules insists on persisting with such an improper defense, Ciba must address Hercules responses to this interrogatory, such responses being inadequate and incomplete. For example, Hercules has not provided any element-by-element comparison or claim chart relating the asserted prior art to the patent claims. Hercules has not specified where the suggestion or motivation to combine the art may be found or responded on the other factors concerning Hercules obviousness contention. Thus, we ask that Hercules please supplement your responses to this interrogatory.

Cytec's response to interrogatory 3 is vague. For example, it does not indicate that Cytec has received any licensed rights that protect defendants against infringement of the patents in suit in connection with the products involved in this case. Hercules has not responded in any substantive regard to interrogatory 3. We must therefore request that defendants provide complete answers to this interrogatory.

As regards interrogatory 4, defendants have not identified any steps that were taken to reasonably comply with the duty to avoid infringement. While privilege has been raised, defendants cannot rely on privileged information without waiver. If defendants intend to rely and waive, they must do so now so that discovery may proceed. If there is any other responsive information, then Ciba requests that defendants' response to this interrogatory be supplemented. Otherwise, please confirm that this response is complete and that defendants will not rely on or waive privilege in this regard.

Both defendants have failed to fully respond to interrogatory 5, which on the most general level merely asks defendants to identify the most knowledgeable persons on certain topics. We must insist that defendants answer this interrogatory.

With regard to interrogatory 6, no substantive information has been provided under claims of privilege. As the request concerns communications between defendants, please explain the basis for any claims of privilege in the time periods before and after the commencement of this case. Without further explanation, there does not seem to be a good faith basis for withholding the responsive information.

Defendants' response to interrogatory 7 fails to provide any substantive information responding to the interrogatory. There is no description of the structure of PerForm provided by either defendant. The other specific details are also not provided. We, therefore, ask that you please supplement your responses to this interrogatory.

In connection with interrogatory 8, defendants direct Ciba to documents describing the process for making PerForm, yet the documents have not been provided. We ask that the

Thomas L. Creel, P.C.
Joann M. Neth, Esq.
April 11, 2005
Page 3

documents be identified and provided, so that we may review them to see if such a response is adequate.

As to the document responses, we have not received any responsive document production yet. We suggest that the parties should begin exchanging document sets on April 20, 2005 with document production proceeding on a rolling basis thereafter. Please let us know if defendants are prepared to begin producing documents.

As to defendants' objections to the document requests, we cannot agree that all documents from after the commencement of this action may be withheld as a general matter. In other litigations, we have considered an agreement by which the parties would not have to provide a listing of work product documents after the commencement of the litigation. Please let us know if you would like to explore such an agreement.

We wish to clarify whether defendants are taking the position that they will not provide responsive documents to Ciba's document requests 8, 11, 18, 23, 27 (Cytec only), 34-37, 41-45 (Cytec only), 50-53, 56, 62-65, 67. If your position is that you have no responsive documents, then we must know if there are any responsive documents being withheld under your objections. Ciba cannot accept defendants' position that they will unilaterally withhold requested documents. We, therefore, ask that defendants please agree to provide responsive documents to these requests.

Defendants seem to be raising an objection that information relating to Polyflex and the sale of the patents is not relevant and will not be produced. (See e.g., doc. req. 44-45, 47-53, etc.) Please confirm that defendants will not withhold any otherwise responsive documents on this ground.

Defendants seem to be taking the position that they will not produce all documents relating to the structure of the Polyflex and PerForm products, both commercial and developmental. (See e.g., general objection 11, doc. req. 23, 35, 41, 42, 65, 67, etc.) Please confirm that defendants will be producing all documents relating to testing of Polyflex and PerForm products including any documents addressing their structure.

In connection with document request 2, defendants have attempted to recast the scope of the request. Ciba is willing to discuss limitations on the scope of the request to avoid unnecessary production, but the limitations proposed by defendants are too narrow. If defendants could identify those types of communications they wish to exclude, perhaps the parties could reach agreement.

Thomas L. Creel, P.C.
Joann M. Neth, Esq.
April 11, 2005
Page 4

    We look forward to your responses on the above.

Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

By: _____
    Eley O. Thompson

EOT:js

cc:    Richard L. Horowitz, Esq.
        Chad M. Shandler, Esq.