EXHIBIT G

RLF1-2562749-1



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER**

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

JOANN M. NETH
202-408-4028
joann.neth@finnegan.com



CONFIRMATION    APR 2 6 2005

LEYDIG, VOIT & MAYER

April 20, 2005

Eley O. Thompson, Esq.                                              **VIA FACSIMILE**
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780

Re:  *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.*,
     C.A. No. 04-293(KAJ) (D. Del.)

Dear Eley:

We are writing in response to your letter dated April 11, 2005, directed to "Defendants'" responses to Ciba's first set of document requests and interrogatories. Please note that Cytec served its own responses to the discovery in question, and thus, to the extent that Ciba characterizes Cytec's and Hercules' responses together, this letter addresses only Hercules' responses. Furthermore, we object to Ciba's treating Hercules and Cytec as if they were essentially one entity for purposes of discovery or otherwise. Hercules and Cytec are separate companies, and separate defendants in this case. It is inappropriate for Ciba to treat them otherwise, and we request that Ciba discontinue this improper practice.

Hercules' responses to the document requests and interrogatories that Ciba has identified are responsive, accurate, and adequate at this time. Hercules will of course modify and/or supplement its responses to the interrogatories as appropriate and when discovery in the case has progressed. Furthermore, Hercules served its responses to the discovery in question on March 2, 2005, and Ciba waited until April 11, 2005 to raise any issues at all. And although Ciba complains about Hercules' alleged delay in producing documents and about interrogatory responses directing Ciba to Hercules' document production (see Ciba's comments directed to at least Interrogatory Nos. 7 and 8), Ciba, the plaintiff in this case, has yet to produce a single document as of this date.

With respect to its response to Ciba's Interrogatory No. 1, Hercules has already identified why there is no literal infringement of the patents-in-suit. For instance, with respect to the '766 patent, Hercules' commercial PerForm® SP product(s) does/do not contain "an ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers" as required by all claims of the '766 patent. And with respect to the '808 patent, Hercules' commercial PerForm® SP product(s) does/do not contain "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Eley O. Thompson, Esq.
Leydig, Voit & Mayer, Ltd.
Page 2

aqueous solution of at least of one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer" as required by all claims of the '808 patent. Hercules has also explained why neither patent-in-suit is infringed under the doctrine of equivalents even though, as of your April 11, 2005 letter to Eric Fues, Ciba continues to refuse to state whether it will invoke the doctrine of equivalents in this action.

Regarding Hercules' response to Ciba's Interrogatory No. 2, Ciba again alleges that assignor estoppel somehow precludes Hercules from raising invalidity challenges to the '766 and '808 patents, although Ciba has yet to explain its basis for this assertion. Ciba is wrong on both the law and the facts as Hercules explained in detail in response to Ciba's Interrogatory No. 11.

Further as to Hercules' response to Ciba's Interrogatory No. 2, we note that to date Ciba has not explained in detail why it contends that Hercules' Perform SP® product(s) infringe the claims of the patents-in-suit. Instead, Ciba has presented claim charts asserting that Examples of a published Hercules patent application may meet certain claims of these patents, yet Ciba has not alleged that any Hercules product is made according to any of those Examples. *See* Ciba's Response to Hercules Interrogatory No. 3. Does Ciba allege literal infringement of these same claims (*i.e.*, claims 1, 3, 5, 9, 11, 13, 17, 21, 23, and 25 of the '766 patent and claims 1, 6, 7, 8, 11, 13, 15, 17, and 21 of the '808 patent) by a commercial Perform SP® product(s)? If so, please explain why.

In its response to Interrogatory No. 2, Hercules has asserted that U.S. Patent Nos. 4,528,321 to Allen *et al.* ("the Allen '321 patent") and 4,720,346 to Flesher *et al.* ("the Flesher '346 patent") render invalid certain claims of the patents-in-suit. Hercules notes that it has served document requests concerning this prior art to Ciba (*see* Hercules' Document Request Nos. 39-43) but Ciba has objected to producing such information on the grounds of relevance. This information regarding the Allen '321 patent and the Flesher '346 patent is undeniably relevant for invalidity and claim construction purposes. Will Ciba produce the requested information? In the meantime, Hercules will supplement its response to Ciba's Interrogatory No. 2 after Ciba identifies the asserted claims of the patents-in-suit and the Hercules commercial product(s) alleged to infringe those claims.

As to its response to Interrogatory No. 3, Hercules will modify and/or supplement its response as necessary and as provided by the Federal Rules after receiving discovery from Ciba and Cytec concerning Cytec's potential license defense or whether it may apply to Hercules.

Regarding its response to Interrogatory No. 4, Hercules states that to the extent it has opinion(s) of counsel concerning the patents-in-suit, Hercules will identify it(them) on a withheld document log, to be provided when the parties exchange such logs. At this early stage of discovery, it is premature and inappropriate for Hercules to be required to make an election as to reliance on opinion(s) of counsel. If Hercules does make such an election, it will do so prior to the close of discovery, so that Ciba may take appropriate discovery prior to trial.

Eley O. Thompson, Esq.
Leydig, Voit & Mayer, Ltd.
Page 3

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

   As to its response to Ciba's Interrogatory No. 5, because Hercules was not a party to the transaction, Hercules objects to this interrogatory for seeking information regarding the offer and sale of the patents-in-suit to Cytec. Any such information is outside of Hercules' possession, custody, or control.

   As to its response to Ciba's Interrogatory No. 6, Hercules responds that any communications being withheld on the grounds of an applicable privilege or immunity and dated, prepared or received before the May 7, 2004 commencement of this lawsuit, will be identified on a withheld document log, to be provided when the parties exchange such logs at an agreed-upon future date.

   In connection with Document Request No. 2, Hercules has merely attempted to set reasonable limits on Ciba's request for "all documents concerning any communication regarding Ciba." This request is overly broad for at least the reasons set forth in Hercules' response to this document request. Accordingly, Hercules has agreed to produce documents that are relevant to a claim or defense in this lawsuit. If there are certain types of documents about which Ciba is concerned, please let us know.

   Turning to Ciba's Document Requests Nos. 50-53, 56, 62-65, and 67, Hercules believes its responses to those document requests speak for themselves. To reiterate the information already provided to Ciba, Hercules either has no relevant responsive documents to produce, or believes that the document requests are improper for the reasons stated in the responses. For example, Hercules does not believe that information relating broadly to "Polyflex" is relevant to any claim or defense in this lawsuit. However, Hercules has stated that will produce documents relating to the properties and/or performance of Polyflex as compared with commercial PerForm $SP^{®}$ product(s).

   Finally, Hercules agrees that the parties should begin exchanging document sets as soon as possible. Hercules suggests the parties confer regarding the format of the document production and other logistical matters. Hercules therefore proposes a teleconference on Thursday, April 21 at 3:00pm. Please confirm that you are available to participate.

            Sincerely,

            Joann M. Neth

cc:  Thomas L. Creel, P.C.
   Richard L. Horwitz, Esq.
   Chad M. Shandler, Esq.