# EXHIBIT H

LAW OFFICES

# LEYDIG, VOIT & MAYER, LTD.

A PROFESSIONAL CORPORATION

TWO PRUDENTIAL PLAZA, SUITE 4900
CHICAGO, ILLINOIS 60601-6780

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 621-5985
FACSIMILE: (206) 224-3557

May 11, 2005

*VIA FACSIMILE*
*CONFIRMATION*
*VIA FIRST CLASS MAIL*

Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re:   Ciba Specialty Corporation v. Hercules Inc. et al.
      C.A. No. 04-293 (KAJ)

Dear Joann:

This letter is in response to your letter dated May 4, 2005. However, before specifically addressing the assertions in your May 4, 2005 letter, such assertions must be placed in the context of the gross deficiencies in Hercules' discovery responses.

Hercules' Response to Ciba's Interrogatory No. 1

This interrogatory concerns any positions by Defendants concerning non-infringement. Hercules' original answers to this interrogatory merely stated that the Perform® SP products do not meet certain multi-element requirements of the first claim of each of the patents in suit. As explained in our letter of April 11, Ciba seeks specific information concerning Defendants' assertions of non-infringement. Hercules responded in a letter dated April 20 saying that they will not provide the requested information beyond their original response to the interrogatory. In effect, Hercules has refused to provide the specifically requested claim charts and element-by-element analysis of the claims asserted not to be infringed. Based on the correspondence, we are apparently at an impasse as regards Hercules' response to this interrogatory.

Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
May 11, 2005
Page 2

Hercules' Response to Ciba's Interrogatory No. 2

This interrogatory concerns any positions by Defendants concerning invalidity. As explained in our letter of April 11, Ciba seeks specific information concerning Hercules' assertions of invalidity. As you know, Ciba's position is that both Defendants are prohibited from asserting invalidity of the patents by assignor estoppel. Hercules has raised and pled invalidity, injecting such issues into this case.

In our letter of April 11, we asked that Hercules provide claim charts and an element-by-element application of any asserted prior art disclosure to the claims as requested in the interrogatory. We further requested that Hercules identify the suggestion or motivation to combine the asserted art. Hercules has declined to provide the requested information at this time. If we understand Hercules' position correctly, Hercules refuses to supplement until Ciba provides additional claim charts regarding infringement. Ciba does not accept this as a legitimate reason to refuse to provide the requested invalidity information. Thus, we apparently are at an impasse regarding this interrogatory.

Hercules' Response to Ciba's Interrogatory No. 4

This interrogatory relates to steps taken by Defendants to discharge their duty to avoid infringement. Hercules has failed to identify any such steps and has raised privilege as the sole basis for not responding to this interrogatory. As we indicated on April 11, Defendants cannot both rely on opinions of counsel and maintain privilege. Hercules responded by stating that it will not inform Ciba whether it will rely on any opinion of counsel until later in the case. Ciba does not accept further delay of Hercules' decision on whether to rely on any opinion of counsel. Thus, the parties seem to be at an impasse regarding this issue.

Hercules' Response to Ciba's Interrogatory No. 5

This interrogatory relates to certain information concerning persons knowledgeable about the offer of sale of the patents in suit. As explained in our letter of April 11, Hercules' response did not provide any substantive information. In its April 20, 2005, letter Hercules simply stated that such information is outside its possession, custody and control. Based on Hercules' production to date, we now know that Hercules was fully aware of the offer to sell the patents in suit. Ciba cannot accept Hercules' failure to completely respond to this interrogatory and, thus, we are apparently at an impasse regarding Hercules' response to this interrogatory.

Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
May 11, 2005
Page 3

Hercules' Response to Ciba's Interrogatory No. 6

This interrogatory relates to communications between Defendants concerning validity. Hercules has refused to answer on the grounds of privilege. In our letter of April 11, we asked Defendants to explain how privilege existed between them before and after the commencement of the lawsuit. Hercules responded by stating that it was asserting privilege, but Hercules declined to explain the basis for such privilege. Without an explanation, Ciba must continue its insistence on a complete answer to this interrogatory. The parties appear to be at an impasse on this interrogatory in that a complete answer is apparently not forthcoming.

Hercules' Responses to Ciba's Interrogatory No. 7

This interrogatory requests information about the structure of the Perform® SP products. The only response from Hercules is that the Perform® SP products are not cross-linked. However, the request asks Defendants to describe what the structure of the products is (as opposed to what it is not), including tests conducted to characterize the products and such parameters as the Huggins constant. Hercules' letter of April 20 does not respond to this portion of our April 11 letter. To the extent that Hercules intends to rely on Rule 33(d) to refer to documents, we request that such documents be specified and connected to the specific Perform® SP product to which they relate. At the present time, Hercules has not specified a single responsive document or correlated any document to a specific formulation of a Perform® SP product.

Hercules' Response to Ciba's Interrogatory No. 8

This interrogatory generally relates to the processes to make the Perform® SP products. Hercules responded to this interrogatory with an unspecific reference to Rule 33(d). In our letter of April 11, we requested that Defendants identify the documents that specify the requested information and we further ask that the Hercules and Cytec relate the documents to specific Perform® SP products. A general reference to production documents as a whole does not provide this information as required by Rule 33(d). Thus, we request that Hercules provide the requested specificity.

Hercules' Response to Ciba's Interrogatory No. 11

This interrogatory generally relates to estoppel through privity as to Hercules. In our letter of April 21, we asked Hercules to explain its bases for contending that there was no privity. Hercules has declined to provide further information on the basis that it has completely responded. Ciba cannot accept this position. Therefore, the parties appear to be at an impasse.

Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
May 11, 2005
Page 4

Hercules' Response to Ciba's Interrogatory No. 13

This interrogatory generally relates to the differences in manufacture between Polyflex® and PerForm® SP. Hercules has relied on Rule 33(d) to identify the differences. In our letter of April 21, we requested that Defendants specify the documents that describe the differences. Hercules has declined to identify specific responsive documents. Thus, the parties are apparently at an impasse on this interrogatory and the required specificity under Rule 33(d).

Hercules' Response to Ciba's Interrogatory No. 14

This interrogatory generally requests Defendants to identify products and processes covered by the patents. Hercules did not provide a substantive answer. In our letter April 21, we requested that Hercules provide a substantive answer to this interrogatory. Hercules declined to provide any information in its letter of May 2, 2005. Thus, the parties appear to be at an impasse.

Confidentiality Designations with Respect to Hercules' Production

We note that Hercules has marked substantially all of its document production confidential, even though vast amounts of the documents should not be so designated. For instance, Hercules improperly marked the patents-in-suit confidential. Thus, we request that Hercules review its production and remove its improper claims of confidentiality immediately.

Your May 4, 2005 Letter

As explained in Ciba's response to Defendants Interrogatory No. 1, manufacturing information for the PerForm® SP products is internal to Defendants and, therefore, such manufacturing information is not available to Ciba, except through Defendants' statements and the PerForm® SP product itself. In this regard, Hercules previously indicated that the PerForm® SP product was made in accordance with International Patent Application (PCT) No. PCT/US02/39143 and U.S. Patent Application Publication No. US 2004/0102528 A1. Yet, in a letter of April 20, 2005, Hercules implied that the PerForm® SP products were not made in accordance with the noted patent specifications. If Hercules wishes Ciba to address the exact process used to manufacture Perform, then Hercules and Cytec should permit Ciba to examine the documents which describe such processes and the ingredients that have gone into such processes. Otherwise, Ciba requests Hercules to re-affirm that the aforementioned patent applications accurately describe the processes for making the PerForm® SP products.

Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
May 11, 2005
Page 5

In addition, we note that Hercules refuses to describe the structure of the Perform® SP products despite repeated requests from Ciba. (See above regarding Interrogatory No. 7.) Such information should have already been provided in that the product is made internally by Hercules and Cytec.

We disagree with you regarding your characterization of Ciba's responses to Defendants' interrogatories in your May 4 letter. Ciba has provided an abundant amount of information both in written response to the interrogatories and through almost 100 pages of test results provided thus far. In this regard, we note that further testing documents are being processed for production in the near future. Such test results demonstrate the information you seek within reasonable particularity. Ciba has already provided extensive analyses and tests concerning IV, storage and loss modulus, tan delta, etc.

In that Hercules is currently maintaining the actual ingredients and process used to make its Perform product as confidential and thereby withholding the information from Ciba, we believe any claim that Ciba should be able to identify such withheld information is disingenuous. The tests indicate the presence of cross-linking in the range required by the claims (i.e., 4 to 4000 ppm). Given that Ciba will be producing further test results and in light of Ciba's requests herein, Ciba is willing to consider supplementing its response. However, in doing so, Ciba would like to see some movement on behalf of Hercules regarding its refusal to provide any more information in response to the above noted interrogatories.

Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

By: *[signature]*

Eley O. Thompson

EOT:js

cc:   Thomas L Creel, P.C.
      Richard L. Horowitz, Esq.
      Chad M. Shandler, Esq.