# EXHIBIT I

LAW OFFICES
# LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

TWO PRUDENTIAL PLAZA, SUITE 4900
CHICAGO, ILLINOIS 60601-6780

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W. SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 521-5985
FACSIMILE: (206) 224-3857

May 13, 2005

*VIA FACSIMILE*
*CONFIRMATION*
*VIA U.S. MAIL*

Thomas L. Creel, P.C.
Goodwin Proctor LLP
599 Lexington Ave.
New York, NY 10022

Re: Ciba Specialty Corporation v. Hercules Inc. et al.
C.A. No. 04-293 (KAJ)
Our Reference: 228872

Dear Tom:

This letter relates to our earlier correspondence relating to Defendants' incomplete responses to discovery, including: our letters of April 11, 2005 (relating to Defendants' responses to Ciba's first sets of requests and interrogatories), April 20, 2005 (relating to document production), and April 21, 2005 (relating to Defendants' responses to Ciba's' Second Sets of requests and interrogatories).

Cytec has not responded to Ciba's letters on the basis of its improper objection to a single letter format stated in its letter of April 29, 2005. As will be explained in detail below, Ciba believes that Cytec's delay and objections are improper. Ciba's earlier letters clearly and efficiently presented Ciba's concerns relating to Defendants' deficient and improper discovery responses. Ciba will continue to address the deficiencies in Defendants' discovery responses in any means it feels is most clear and efficient.

In that Cytec has refused to provide any substantive response to most of Ciba's requests and follow-up letters, the parties are apparently at an impasse regarding several matters. A few of those maters are set forth below.

Thomas L. Creel, P.C.
Goodwin Proctor LLP
May 13, 2005
Page 2

Cytec's Response to Ciba's Interrogatory No. 1

This interrogatory concerns any positions by Defendants concerning non-infringement. Cytec's original answer to this interrogatory merely stated that the Perform® SP products do not meet certain multi-element requirements of the first claim of each of the patents-in-suit. As explained in our letter of April 11, 2005, Ciba seeks specific information concerning Defendants' assertions of non-infringement. Cytec has refused to substantively respond. As such, Cytec has refused to provide the specifically requested claim charts and element-by-element analysis of the claims asserted not to be infringed. We note that Cytec has not provided any basis in its response challenging indirect infringement. We further note that Cytec stated in its response that it would supplement this interrogatory, but it has yet to do so. We are apparently at an impasse as regards Cytec's response to this interrogatory.

Cytec's Response to Ciba's Interrogatory No. 3

This interrogatory concerns any positions by Defendants alleging that they are licensed under the patents. In our letter of April 11, 2005, we pointed out that Cytec has not provided any information supporting a position that a license protects it from infringement relating to the products involved in this case. Cytec has declined to respond to Ciba's concerns. Thus, we are apparently at an impasse regarding this interrogatory in that Cytec is apparently not providing information that is in its possession.

Cytec's Response to Ciba's Interrogatory No. 4

This interrogatory relates to steps taken by Defendants to discharge their duty to avoid infringement. Cytec has failed to identify any such steps and has raised privilege as the sole basis for not responding to this interrogatory. As we indicated on April 11, 2005, Cytec can not both rely on its opinions of counsel and maintain privilege. Cytec has not responded to the substance of Ciba's April 11, 2005 letter. Ciba does not accept further delay of Cytec's' decision on whether it will rely on any opinions of counsel. Thus, the parties seem to be at an impasse regarding this issue.

Cytec's Response to Ciba's Interrogatory No. 5

This interrogatory relates to certain information concerning persons knowledgeable about the offer of sale of the patents-in-suit. As explained in out letter of April 11, 2005, Cytec's response to this interrogatory did not provide any substantive information. Cytec then never responded to Ciba's April 11, 2005 letter. Ciba cannot accept Cytec's failure to completely respond to this interrogatory, and, thus, we are apparently at an impasse.

Thomas L. Creel, P.C.
Goodwin Proctor LLP
May 13, 2005
Page 3


Cytec's Response to Ciba's Interrogatory No. 6

    This interrogatory concerned communications between Defendants concerning validity. Cytec refused to answer on grounds of privilege between Defendants. In our letter of April 11, we asked Cytec and Hercules' to explain how privilege existed between them before and after the commencement of the lawsuit. Cytec has never substantively responded to our April 11, 2005 letter. Ciba must continue its insistence on a complete answer to this interrogatory, and the parties appear to be at an impasse with respect to this interrogatory in that a complete answer does not appear forthcoming.

Cytec's Response to Ciba's Interrogatory No. 7

    This interrogatory requests information about the structure of the Perform® SP products. The only response from Cytec is that the Perform® SP products are not cross-linked. However, the request asks Defendants to describe what is the structure of the products (as opposed to what it is not), including tests conducted to characterize the products and such parameters as the Huggins constant.

    Cytec did not respond to our April 11, 2005 letter, which pointed out the deficiencies in Cytec's response to this interrogatory. In that Cytec has declined to substantively respond to our April 11, 2005 letter, Cytec and Ciba are apparently at an impasse regarding this interrogatory response.

Cytec's Response to Ciba's Interrogatory No. 8

    This interrogatory generally relates to the processes used to make the Perform® SP products. Cytec responded to this interrogatory by unspecific reference to Rule 33(d). In our letter of April 11, 2005, we requested that Cytec identify the documents that specify the requested information and we further asked that Cytec relate the documents to specific Perform® SP products. A general reference to production documents as a whole does not provide this information as required by Rule 33(d). Thus, we request that Cytec provide the requested specificity.

Cytec's Response to Ciba's Interrogatory No. 10

    This interrogatory generally relates to assignor estoppel as to Cytec. In its response, Cytec attempted to "reserve" the right to raise invalidity. In our letter of April 21, 2005, we asked Cytec to explain how it would have such right. Cytec has chosen not to substantively respond to our letter, and thus the parties are apparently at an impasse.

Thomas L. Creel, P.C.
Goodwin Proctor LLP
May 13, 2005
Page 4

Cytec's Response to Ciba's Interrogatory No. 11

      This interrogatory generally relates to estoppel through privity as to Hercules. Cytec objected to responding to the interrogatory on the grounds of privilege. As explained in our letter of April 21, 2005, Cytec has no reasonable basis to refuse to answer the interrogatory. In that Cytec has declined to address this interrogatory substantively, the parties are apparently at an impasse.

Cytec's Response to Ciba's Interrogatory No. 13

      This interrogatory generally relates to the differences in manufacture between Polyflex® and Perform® SP. Cytec relied on Rule 33(d) to identify the differences. In our letter of April 21, 2005, we requested that Cytec specify the documents that describe the differences. Cytec has declined to substantively respond at all. Thus, the parties are apparently at an impasse on this interrogatory and the required specificity under Rule 33(d).

Cytec's Response to Ciba's Interrogatory No. 14

      This interrogatory generally requests Defendants to identify products and processes covered by the patents-in-suit. Cytec responded by simply stating that the patents-in-suit covered the Polyflex® products. Cytec also objected to this interrogatory as premature though it owned the patents-in-suit for many years and is in a position to provide a complete answer to the interrogatory. In our letter of April 21, 2005, we requested that Cytec provide complete information specific to each product and process, and we requested that specific claims be

Thomas L. Creel, P.C.
Goodwin Proctor LLP
May 13, 2005
Page 5


identified. In its letter of April 29, 2005, Cytec took the position that it had provided a complete response to this interrogatory. Unless Cytec is willing to provide further specificity, the parties are apparently at an impasse as regards this interrogatory.

                              Very truly yours,

                              LEYDIG, VOIT & MAYER, LTD.

                         By:  [signature]
                              Eley O. Thompson


EOT:js

cc:    Eric J. Fues, Esq.
       Joann Neth, Esq.
       Richard L. Horowitz, Esq.
       Chad M. Shandler, Esq.