# EXHIBIT K

RLF1-2562749-1

GOODWIN | PROCTER

Marta E. Gross, Esq.
212.459.7499
mgross@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800
F: 212.355.3333

May 24, 2005

**By Facsimile**

Eley O. Thompson, Esq.
Leydig, Voit & Mayer
Two Prudential Plaza
Suite 4900
Chicago, IL 60601-6780

Re: **Ciba v. Hercules and Cytec**

Dear Eley:

This is in response to your May 13, 2005 letter to Tom Creel. As an initial comment, we disagree with the position stated in your second paragraph regarding Cytec's "objection to a single format." But in any event we appreciate that Ciba has separated its discovery issues in its May 13 letter and made specific those issues it perceives with Cytec's discovery. I do note, however, that you have used the term "Defendants" in prefacing each interrogatory discussion. I would like to make clear that Cytec is speaking on behalf of Cytec only and does not have knowledge or authority to speak on behalf of Hercules.

**Ciba's Interrogatory No. 1**

As I believe has been made clear in Cytec's interrogatory response, it is Cytec's understanding that the PerForm® product sold by Cytec to Hercules "does not contain an' ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers'."

In light of Ciba's failure to substantively respond to the question of the basis for its assertion of crosslinking in the PerForm® product and the identity of the so-called "crosslinking agent," Cytec is unable to respond further to this interrogatory.

Cytec does not understand what Ciba is referring to by "Cytec has not provided any basis in its response challenging indirect infringement." As you are undoubtedly aware absent direct infringement there can be no indirect infringement. Furthermore, until Ciba specifies any act of Cytec which it believes is an act of indirect infringement, Cytec cannot further respond.

05/24/2005 19:54 FAX 2123553333          GOODWIN PROCTER LLP                    ☒003/005

# GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 2

### Ciba's Interrogatory No. 3

Cytec stands on its response in that it has a license available to it pursuant to the Asset Purchase Agreement between Ciba and Cytec dated August 31, 2000. The terms of the license are set forth in that agreement. Should any of the sales of the PerForm® product fall within the terms of this license than Cytec asserts those sales are covered by this license. No further answer is required.

### Ciba's Interrogatory No. 4

Cytec believes that it is premature to make a decision as to whether it will waive privilege. Hercules has proposed the date of two months before close of discovery by which it will make a decision of whether or not to waive privilege. Cytec agrees to this proposed date, and further believes this will provide Ciba with ample time to take any necessary discovery in the event that Cytec chooses to waive its privilege.

### Ciba's Interrogatory No. 5

Cytec stands on its response that this request seeks non-relevant information. Moreover, Ciba knows with whom at Cytec it negotiated the sale of the Polyflex® business, (of which the sale of the patents-in-suit was a part).

### Ciba's Interrogatory No. 6

Cytec stands on its response. The assertion of privilege is based on community of interest between Hercules and Cytec with regard to the patents-in-suit that arose when Ciba threatened infringement of those patents.

### Ciba's Interrogatory No. 7

Cytec stands on its response. Cytec understands that the PerForm® product it makes for Hercules does not use a cross linking agent and is not cross linked. Cytec has not conducted any test to characterize the PerForm® product. No further answer is required

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 3

### Ciba's Interrogatory No. 8

Cytec will provide the production numbers of documents sufficient to describe the process used for the PerForm® product that Cytec makes for Hercules. Cytec will do so at the time it makes its second wave of production.

### Ciba's Interrogatory No. 10

Cytec's response to Interrogatory No. 10 very clearly explains its position on assignor estoppel. Case law clearly shows that Cytec has the right to rely on prior art in the way there explained, whether assignor estoppel applies or not. *See, e.g.*, Westinghouse Electric & Manufacturing Company v. Formica Insulation Co., 266 U. S. 342, 351 (1924); Mentor Graphics Corp, et al v. Quickturn Design Systems, Inc., 150 F.3d 1374 (5 Fed. Cir. 1998) at 1379-1380; and Q.G. Products, Inc. et al v. Shortly, Inc., 992 F.2d 1211 (Fed. Cir. 1993) at 1213. No further answer is required.

### Ciba's Interrogatory No. 11

Interrogatory No. 11 is directed to whether Hercules is estopped from asserting an invalidity defense. Estoppel is an equitable defense based on all of the underlying facts and is unique to each defendant. It is improper for Ciba to ask Cytec contentions about a personal defense asserted by its co-defendant. Furthermore, since all of the facts are uniquely within the knowledge of Hercules and Ciba, Cytec cannot provide a position on this defense, in any event. No further answer is required.

### Ciba's Interrogatory No. 13

Ciba has misstated Cytec's response in its letter. Cytec has objected to this interrogatory as seeking information that is not relevant and that the burden of ascertaining the requested information is substantially the same for Ciba as for Cytec. Cytec stated in its response that it would provide documents that describe the manufacture of the PerForm® SP product that is toll manufactured by Cytec. Cytec has and will do so. Ciba is the owner of the Polyflex® technology and therefore has within its knowledge the Polyflex® manufacturing process. Thus, Ciba can ascertain for itself any additional difference between the PerForm® and Polyflex® manufacturing processes.

### Ciba's Interrogatory No. 14

Ciba's interrogatory states: "Identify any products or processes that you have made, had made on your behalf, used, sold or offered for sale that have been covered, licensed, or protected by either of the patents in suit." Cytec responded to this interrogatory. Ciba now is seeking

GOODWIN | PROCTER

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 4

additional information that was not requested in the original interrogatory. No further answer is required.

Very truly yours,

*Marta E. G*

Marta E. Gross

cc:   Eric J Fues, Esq. (via facsimile)
      Richard L. Horwitz, Esq. (via facsimile)
      Chad M. Shandler, Esq. (via facsimile)