# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 MAY -7 AM 9: 19

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION,<br><br>   Plaintiff,<br><br>    v.<br><br>HERCULES INC. AND CYTEC INDUSTRIES, INC.,<br><br>   Defendants. | C.A. No. 0 4 - 2 9 3<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba"), by and through its undersigned attorneys, for its complaint against defendants, Hercules, Inc. ("Hercules") and Cytec Industries, Inc. ("Cytec"), alleges as follows:

### The Parties

1.   Ciba is a New York corporation having its principal place of business at 540 White Plains Road, Tarrytown, New York 10591.

2.   Hercules is a Delaware corporation having its principal place of business at 1313 North Market Street, Wilmington, Delaware 19894.

3.   Cytec is a Delaware corporation having its principal place of business at 5 Garret Mountain Plaza, West Paterson, New Jersey 07424.

### Jurisdiction and Venue

4.   This is a claim of patent infringement arising under the patent laws of the United States.

RLF1-2737769-1

5.    This Court has proper, original and exclusive jurisdiction over the subject matter of this action based on Title 28, United States Code, § 1338(a). Venue is proper in this Court under the provisions of Title 28, United States Code, §§ 1391(d) and 1400(b). Defendants are incorporated in this district and, upon information and belief, are doing and transacting business in this district and placing products in the stream of commerce in this district.

<b><u>The Patents In Suit</u></b>

6.    U.S. Patent 5,167,766 ("the '766 patent") entitled "Charged Organic Polymer Microbeads in Paper Making Process" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1992. A copy of the '766 patent is attached hereto as Exhibit A.

7.    U.S. Patent 5,171,808 ("the '808 patent") entitled "Cross-linked Anionic and Amphoteric Ploymeric Microparticles" was duly and legally issued by the United States Patent and Trademark Office on December 15, 1992. A copy of the '808 patent is attached hereto as Exhibit B.

8.    Both the '766 and the '808 patents are owned by Ciba, such patents having been transferred to Ciba from Cytec. On information and belief, Hercules and Cytec have been aware of the '766 and '808 patents and have had actual notice of the patents.

<b><u>Patent Infringement</u></b>

9.    Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others manufacture, use, sale,

2

offers to sell products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.

10.    Such infringement has caused and will continue to cause immediate and irreparable injury to Ciba, which will continue unless and until this Court enters a preliminary and permanent injunction prohibiting such infringement.

11.    Upon information and belief, while Hercules and Cytec have had direct knowledge of the '766 and '808 patents, they have nonetheless continued their unlawful conduct without taking reasonable precautions to avoid such infringement and, therefore, such infringement has been willful and deliberate. Ciba is entitled to recover damages for its injury and Defendants' willful infringement.

### Prayer For Relief

WHEREFORE, Ciba prays for the following relief:

A.    A preliminary injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them during the pendency of this action;

B.    A judgment that Defendants have infringed the '766 and '808 patents;

C.    An award of damages adequate to compensate Ciba for the infringement that has occurred, together with interests and costs, and an award of increased damages, as provided in 35 U.S C. § 284;

D.    A finding that this case is exceptional and an award to Ciba of its reasonable attorney fees as provided by 35 U.S.C. § 285;

3

RLF1-2737769-1

E.    A permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them; and,

F.    Such other and further relief as the Court deems appropriate.

### Demand For Jury Trial

Ciba hereby requests a trial by jury on all issues so triable.

Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780

Dated:  May 7, 2004

4

RLF1-2737769-1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | C.A. No. 04-293 (KAJ) |
| v. | ) ) | JURY TRIAL DEMANDED |
| HERCULES INC. AND CYTEC INDUSTRIES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba"), by and through its undersigned attorneys, for its complaint against defendants, Hercules, Inc. ("Hercules") and Cytec Industries, Inc. ("Cytec"), alleges as follows:

### The Parties

1.    Ciba is a New York corporation having its principal place of business at 540 White Plains Road, Tarrytown, New York 10591.

2.    Hercules is a Delaware corporation having its principal place of business at 1313 North Market Street, Wilmington, Delaware 19894.

3.    Cytec is a Delaware corporation having its principal place of business at 5 Garret Mountain Plaza, West Paterson, New Jersey 07424.

## Jurisdiction and Venue

4.    This is a claim of patent infringement arising under the patent laws of the United States.  This is also a claim for breach of contract and tortious interference with contractual relations.

5.    This Court has proper, original and exclusive jurisdiction over the patent infringement claims (Count I) based on Title 28, United States Code, § 1338(a).  This Court further has jurisdiction over the breach of contract claim and the tortious interference with contractual relations claim based on 28 U.S.C. § 1332 and supplemental jurisdiction based on 28 U.S.C. § 1367.  Venue is proper in this Court under the provisions of Title 28, United States Code, §§ 1391(d) and 1400(b).  Defendants are incorporated in this district and, upon information and belief, are doing and transacting business in this district and placing products in the stream of commerce in this district.

## The Patents In Suit

6.    U.S. Patent 5,167,766 ("the '766 patent") entitled "Charged Organic Polymer Microbeads in Paper Making Process" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1992.  A copy of the '766 patent is attached hereto as Exhibit A.

7.    U.S. Patent 5,171,808 ("the '808 patent") entitled "Cross-linked Anionic and Amphoteric Ploymeric Microparticles" was duly and legally issued by the United States Patent and Trademark Office on December 15, 1992.  A copy of the '808 patent is attached hereto as Exhibit B.

2

8.    Both the '766 and the '808 patents are owned by Ciba, such patents having been transferred to Ciba from Cytec. On information and belief, Hercules and Cytec have been aware of the '766 and '808 patents and have had actual notice of the patents.

### The Contract In Suit

9.    Ciba acquired the '766 and '808 patents from Cytec under an Asset Purchase Agreement dated as of August 31, 2000 among Ciba, Cytec and Cytec Technology Corp. ("the Asset Purchase Agreement").

10.    In 2002 and at other times, Cytec misrepresented on numerous occasions through representatives that there had been no action taken by Defendants that would breach the Asset Purchase Agreement, including in such instances as communications on or about November 1, 2002 involving such Cytec representatives as William Avrin among others.

11.    In the time period until the original filing of this lawsuit and subsequent discovery, information about the breach of the Asset Purchase Agreement was withheld from Ciba. Such information and harm was inherently unknowable because the internal activities and knowledge within the Defendants are maintained in secret and outside the access of Ciba.

12.    Only through Ciba's diligent efforts in discovery coupled with its independent investigations, and in spite of resistance and misleading conduct from the Defendants, did Ciba learn that the prior representations were misleading and untrue and that the there had been a breach of the Asset Purchase Agreement and that there had been a tortious interference with Ciba's rights under the Asset Purchase Agreement.

### Claim I – Patent Infringement

13.    Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale,

3

implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others' manufacture, use, sale, offers to sell products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.

14.    Defendants are barred by the doctrine of assignor estoppel from challenging the validity and unenforceability of the '766 patent and the '808 patent. Cytec sold the '766 patent and the '808 patent to Ciba and Hercules is/was in privity with Cytec.

15.    Such infringement has caused and will continue to cause immediate and irreparable injury to Ciba, which will continue unless and until this Court enters a preliminary and permanent injunction prohibiting such infringement.

16.    Upon information and belief, while Hercules and Cytec have had direct knowledge of the '766 and '808 patents, they have nonetheless continued their unlawful conduct without taking reasonable precautions to avoid such infringement and, therefore, such infringement has been willful and deliberate. Ciba is entitled to recover damages for its injury and Defendants' willful infringement.

### Claim II – Breach of Contract (Under New York Law)

17.    Cytec has breached Section 5.23 (Noncompetition) of the Asset Purchase Agreement through its activities relating to the Perform® products including by researching, developing, manufacturing, marketing and/or selling the Perform® products.

18.    The Asset Purchase Agreement states in Section 9.07 (Governing Law) that it is governed by the laws of the State of New York.

4

19.    Such breach has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New York law, which will continue unless and until enjoined by this Court.

**Claim III – Tortious Interference With Contractual Relations (Under New Jersey Law)**

20.    Hercules knew or should have known that Cytec had non-compete obligations to Ciba through the Asset Purchase Agreement.

21.    Hercules intentionally with malice, and without justification or excuse, induced Cytec within New Jersey to breach the non-compete obligations of the Asset Purchase Agreement through Hercules' activities relating to the Perform® products including by inducing Cytec to engage in researching, developing, manufacturing, marketing and/or selling the Perform® products.

22.    Such tortious interference with contractual relations has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New Jersey law, which will continue unless and until enjoined by this Court.

**Prayer For Relief**

WHEREFORE, Ciba prays for the following relief:

A.    A preliminary injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them during the pendency of this action;

B.    A judgment that Defendants have infringed the '766 and '808 patents;

C.    A judgment that Cytec has breached the Asset Purchase Agreement;

5

D.    An award of damages adequate to compensate Ciba for the infringement that has occurred, together with interests and costs, and an award of increased damages, as provided in 35 U.S.C. § 284;

E.    An award of damages adequate to compensate Ciba for its actual loss resulting from the breach of the Asset Purchase Agreement by Cytec;

F.    An award of damages adequate to compensate Ciba for its actual loss resulting from the tortuous interference with contractual relations by Hercules;

G.    A finding that this case is exceptional and an award to Ciba of its reasonable attorney fees as provided by 35 U.S.C. § 285;

H.    A permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them;

I.    An order requiring Cytec to perform and abide by the Asset Purchase Agreement; and,

J.    Such other and further relief as the Court deems appropriate.

### Demand For Jury Trial

Ciba hereby requests a trial by jury on all issues so triable.

Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson

6

Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780

Dated:  June 24, 2005

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS          )
CORPORATION,                      )
                                  )
            Plaintiff,            )
                                  )    C.A. No. ————————04-293 (KAJ)
      v.                          )
                                  )    JURY TRIAL DEMANDED
HERCULES INC. AND CYTEC           )
INDUSTRIES, INC.,                 )
                                  )
            Defendants.           )

## FIRST AMENDED COMPLAINT

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba"), by and through its undersigned

attorneys, for its complaint against defendants, Hercules, Inc. ("Hercules") and Cytec Industries,

Inc. ("Cytec"), alleges as follows:

### The Parties

1.      Ciba is a New York corporation having its principal place of business at

540 White Plains Road, Tarrytown, New York 10591.

2.      Hercules is a Delaware corporation having its principal place of business

at 1313 North Market Street, Wilmington, Delaware 19894.

3.      Cytec is a Delaware corporation having its principal place of business at 5

Garret Mountain Plaza, West Paterson, New Jersey 07424.

## Jurisdiction and Venue

4.    This is a claim of patent infringement arising under the patent laws of the United States. This is also a claim for breach of contract and tortious interference with contractual relations.

5.    This Court has proper, original and exclusive jurisdiction over the ~~subject matter of this action~~patent infringement claims (Count I) based on Title 28, United States Code, § 1338(a). This Court further has jurisdiction over the breach of contract claim and the tortious interference with contractual relations claim based on 28 U.S.C. § 1332 and supplemental jurisdiction based on 28 U.S.C. § 1367. Venue is proper in this Court under the provisions of Title 28, United States Code, §§ 1391(d) and 1400(b). Defendants are incorporated in this district and, upon information and belief, are doing and transacting business in this district and placing products in the stream of commerce in this district.

## The Patents In Suit

6.    U.S. Patent 5,167,766 ("the '766 patent") entitled "Charged Organic Polymer Microbeads in Paper Making Process" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1992. A copy of the '766 patent is attached hereto as Exhibit A.

7.    U.S. Patent 5,171,808 ("the '808 patent") entitled "Cross-linked Anionic and Amphoteric Ploymeric Microparticles" was duly and legally issued by the United States Patent and Trademark Office on December 15, 1992. A copy of the '808 patent is attached hereto as Exhibit B.

8.    Both the '766 and the '808 patents are owned by Ciba, such patents having been transferred to Ciba from Cytec. On information and belief, Hercules and Cytec have been aware of the '766 and '808 patents and have had actual notice of the patents.

**Patent Infringement**

~~Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others~~

**The Contract In Suit**

9.    Ciba acquired the '766 and '808 patents from Cytec under an Asset Purchase Agreement dated as of August 31, 2000 among Ciba, Cytec and Cytec Technology Corp. ("the Asset Purchase Agreement").

10.    In 2002 and at other times, Cytec misrepresented on numerous occasions through representatives that there had been no action taken by Defendants that would breach the Asset Purchase Agreement, including in such instances as communications on or about November 1, 2002 involving such Cytec representatives as William Avrin among others.

11.    In the time period until the original filing of this lawsuit and subsequent discovery, information about the breach of the Asset Purchase Agreement was withheld from Ciba. Such information and harm was inherently unknowable because the internal activities and knowledge within the Defendants are maintained in secret and outside the access of Ciba.

12.    Only through Ciba's diligent efforts in discovery coupled with its independent investigations, and in spite of resistance and misleading conduct from the

3

Defendants, did Ciba learn that the prior representations were misleading and untrue and that the there had been a breach of the Asset Purchase Agreement and that there had been a tortious interference with Ciba's rights under the Asset Purchase Agreement.

### Claim I – Patent Infringement

13.    Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others' manufacture, use, sale, offers to sell products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.

9.14.  Defendants are barred by the doctrine of assignor estoppel from challenging the validity and unenforceability of the '766 patent and the '808 patent. Cytec sold the '766 patent and the '808 patent to Ciba and Hercules is/was in privity with Cytec.

10.15.  Such infringement has caused and will continue to cause immediate and irreparable injury to Ciba, which will continue unless and until this Court enters a preliminary and permanent injunction prohibiting such infringement.

11.16.  Upon information and belief, while Hercules and Cytec have had direct knowledge of the '766 and '808 patents, they have nonetheless continued their unlawful conduct without taking reasonable precautions to avoid such infringement and, therefore, such infringement has been willful and deliberate. Ciba is entitled to recover damages for its injury and Defendants' willful infringement.

### Claim II – Breach of Contract (Under New York Law)

4

17.    Cytec has breached Section 5.23 (Noncompetition) of the Asset Purchase Agreement through its activities relating to the Perform® products including by researching, developing, manufacturing, marketing and/or selling the Perform® products.

18.    The Asset Purchase Agreement states in Section 9.07 (Governing Law) that it is governed by the laws of the State of New York.

19.    Such breach has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New York law, which will continue unless and until enjoined by this Court.

**Claim III – Tortious Interference With Contractual Relations (Under New Jersey Law)**

20.    Hercules knew or should have known that Cytec had non-compete obligations to Ciba through the Asset Purchase Agreement.

21.    Hercules intentionally with malice, and without justification or excuse, induced Cytec within New Jersey to breach the non-compete obligations of the Asset Purchase Agreement through Hercules' activities relating to the Perform® products including by inducing Cytec to engage in researching, developing, manufacturing, marketing and/or selling the Perform® products.

22.    Such tortious interference with contractual relations has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New Jersey law, which will continue unless and until enjoined by this Court.

**Prayer For Relief**

WHEREFORE, Ciba prays for the following relief:

A.     A preliminary injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them during the pendency of this action;

B.     A judgment that Defendants have infringed the '766 and '808 patents;

C.     A judgment that Cytec has breached the Asset Purchase Agreement;

D.     An award of damages adequate to compensate Ciba for the infringement that has occurred, together with interests and costs, and an award of increased damages, as provided in 35 U.S.C. § 284;

E.     An award of damages adequate to compensate Ciba for its actual loss resulting from the breach of the Asset Purchase Agreement by Cytec;

C.F.     An award of damages adequate to compensate Ciba for its actual loss resulting from the tortuous interference with contractual relations by Hercules;

D.G.     A finding that this case is exceptional and an award to Ciba of its reasonable attorney fees as provided by 35 U.S.C. § 285;

E.H.     A permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them; and,

I.     An order requiring Cytec to perform and abide by the Asset Purchase Agreement; and,

F.J.     Such other and further relief as the Court deems appropriate.

### Demand For Jury Trial

Ciba hereby requests a trial by jury on all issues so triable.

_____
Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780


Dated:  ~~May 7, 2004~~June 24, 2005

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS          )
CORPORATION,                      )
                                  )
        Plaintiff,                )
                                  )      C.A. No. 04-203-KAJ
v.                                )
                                  )      JURY TRIAL DEMANDED
HERCULES, INC. and CYTEC          )
INDUSTRIES, INC.,                 )
                                  )
        Defendants.               )

## ORDER

WHEREAS Plaintiff Ciba Specialty Chemicals Corporation having moved this Court for leave to file a first amended complaint; and

WHEREAS the Court having considered the motion and having found good cause for the relief sought therein;

IT IS HEREBY ORDERED this ___ day of _____, 2005 that Ciba Specialty Chemicals Corporation's motion for leave to file a first amended complaint is granted and pursuant to District of Delaware Local Rule 15.1, the first amended complaint is deemed filed and served as of the date of this Order.

_____
United States District Judge