IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HERCULES, INC. and )<br>CYTEC INDUSTRIES, INC., )<br>)<br>Defendants. ) | C.A. No. 04-293-KAJ<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CIBA SPECIALTY CHEMICALS
CORPORATION'S OPENING BRIEF IN SUPPORT
OF ITS MOTION FOR LEAVE TO AMEND**

                        Frederick L. Cottrell, III (#2555)
                        Jeffrey L. Moyer (# 3309)
                        Chad M. Shandler (#3796)
                        Richards, Layton & Finger, P.A.
                        P.O. Box 551
                        One Rodney Square
                        Wilmington, Delaware 19899-0551
                        302-651-7700
                        Cottrell@rlf.com
                        Moyer@rlf.com
                        Shandler@rlf.com
                        Attorneys for Plaintiff Ciba Specialty
                        Chemicals Corporation

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601
312-616-5600

Dated: June 24, 2005

RLF1-2892339-1

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ............................................................1

STATEMENT OF FACTS ....................................................................................................3

SUMMARY OF ARGUMENT .............................................................................................3

ARGUMENT .........................................................................................................................5

    A.   Defendants Will Not Suffer Any Prejudice From The Proposed Amendment .....5

    B.   Plaintiff Has Not Delayed In Bringing Its Motion To Amend. ...........................6

CONCLUSION ......................................................................................................................7

## TABLE OF AUTHORITIES

### CASES

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
190 F. Supp. 2d 726 (D. Del. 2002) .................................................................................. 5, 6

*Alvin v. Suzuki*,
227 F.3d 107 (3d Cir. 2000) .................................................................................................. 5

*Foman v. Davis*,
371 U.S. 178 (1962) ............................................................................................................... 5

*Inline Corp. v. Tricon Restaurants, Int'l*,
2002 WL 1331885 (N.D. Tex. 2002) ................................................................................... 6

*Kiser v. Gen. Elec. Corp.*,
831 F.2d 423 (3d Cir. 1987) .................................................................................................. 5

### OTHER AUTHORITIES

Fed. R. Civ. P. 15(a) .................................................................................................................. 5

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Ciba Specialty Chemicals Corporation ("Ciba") has moved for leave to file its first Amended Complaint. Ciba submits this opening brief in support of that motion.

Ciba has been working with Defendants in an attempt to obtain a reciprocal agreement not to oppose the motions to amend filed by the parties. Defendants have not agreed to this arrangement, so presumably they oppose Ciba's motion for leave to amend. Nevertheless, as stated in a separate letter to this Court, Ciba will not oppose Hercules' motion for leave to amend though it believes that such claims are limited and fatally flawed.[1]

Pursuant to Delaware Local Rule 15.1, the original Complaint and the proposed Amended Complaint are attached as Exhibits A and B (respectively) to this brief. In addition, a black line copy of the Amended Complaint is attached as Exhibit C.

## NATURE AND STAGE OF THE PROCEEDINGS

The original complaint in this case was filed on May 7, 2004. After the complaint was filed, but before it was served, the parties engaged in extended and ultimately unsuccessful settlement discussions. The complaint was answered by Defendants on November 17, 2004. Both Defendants raised counterclaims of noninfringement at that time. Only Hercules raised a counterclaim of invalidity.

The Scheduling Order entered on December 20, 2004, allows the parties to file "motions to join other parties, and to amend or supplement the pleadings" any time before July 15, 2005. (*See* Scheduling Order at ¶2; D.I. 23). The parties have until October 31, 2005, to complete

---

[1] Ciba notes that granting the present motion would make Hercules' motion for leave to amend its answer and counterclaim moot in that Defendants would have the right to respond to Ciba's amended pleadings under the Federal Rules of Civil Procedure.

1

RLF1-2892339-1

2

discovery, and case dispositive motions are not due until December 5, 2005. Trial is scheduled to begin August 14, 2006.

As contemplated by Local Rule 7.1.1, Ciba has attempted through an extensive series of correspondence over the past two weeks to obtain agreement from Defendants not to oppose the present motion. Although Defendants have never identified any ground to oppose this motion, Defendants would not agree to the relief sought by the motion.[2] Defendants stated that they needed more time to evaluate the merits of the case (as opposed to the more limited questions that pertain to leave to amend), but Defendants refused to extend the schedule of their motion to permit such time. Based on these actions, Ciba must presume that Defendants will seek to oppose this motion.

---

[2] Cytec raised an unsubstantiated concern relating to the specificity of paragraph 10 of the Amended Complaint. Ciba added the requested specificity as a matter of cooperation even though Ciba does not believe that such specificity is required.

2

## STATEMENT OF FACTS

The invention covered by the patents in suit was developed by Cytec. The patents and the business related to the patents were sold to Ciba. (*See* Amended Complaint at ¶9; Exhibit B). Prior to such sale, Hercules and Cytec had jointly marketed a Polyflex® product covered by the patents. After such sale to Ciba, Defendants were supposed to cease their marketing of products covered by the patents. This did not occur. Instead of ceasing their activities, the Defendants secretly worked together to research, develop and market a substitute infringing product called PerForm®. (*See* Amended Complaint at ¶11; Exhibit B).

The Defendants were very careful to keep their improper efforts secret. When asked about the characteristics of the PerForm® product and their secret activities, Cytec claimed that it had not participated in the research and development of the PerForm® product and had not breached its agreement with Ciba. (*See* Amended Complaint at ¶10; Exhibit B). Only through recent discovery coupled with independent investigations, and in spite of Defendants' resistance and misleading conduct, did Ciba discover the improper activities of Defendants in spite of Defendants' efforts to hide their improper actions. (*See* Amended Complaint at ¶12; Exhibit B).

## SUMMARY OF ARGUMENT

The proposed amended complaint seeks to add two claims related to the improper activities of Defendants in connection with the sale of the patents. New claim II sets forth a claim for breach of the non-compete terms of the sales agreement under the laws of the State of New York. (*See* Amended Complaint ¶¶ 9-12 and 17-19; Exhibit B). New claim III sets forth a claim for tortious interference with contractual relations under the laws of the State of New Jersey through Hercules' efforts to induce Cytec to breach the non-compete terms of the sales agreement. (*See* Amended Complaint ¶¶ 9-12 and 20-22; Exhibit B).

Ciba also seeks to plead that Defendants are barred by the doctrine of assignor estoppel from challenging validity or enforceability of the patents. In its proposed amended counterclaims, Hercules has raised a defense that its co-defendant Cytec obtained the patents by fraud. Through this defense, both Defendants seek to escape liability for their joint infringement of the patents. Assignor estoppel prevents such improper defenses that spawn from co-defendants working together to nullify the value of patents previously conveyed.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 15(a), leave to amend pleadings "should be freely given when justice so requires." This Court has recognized that "absent any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave [to amend one's pleadings] should, as rules require, be freely given." *Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court of Appeals for the Third Circuit has explained that absent a clear reason such as delay, bad faith, or prejudice, it is an abuse of discretion for a district court to deny leave to amend. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

### A. Defendants Will Not Suffer Any Prejudice From The Proposed Amendment.

The burden to demonstrate prejudice squarely rests on the party opposing the amendments. *See Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 428 (3d Cir. 1987). Nevertheless, it is apparent that in this case the Defendants will suffer no prejudice from the proposed amendments because the amendments are being made at an early stage of this case and there is ample opportunity for any discovery that is required for the issues raised by the proposed amendments. In fact, the parties are still in document discovery and no depositions have been taken. With a discovery cut-off date of October 31, 2005, both Defendants will have time to prepare their defenses. The scheduling order specifically provides that the parties are permitted until July 15, 2005 to amend the pleadings.

In addressing this factor relative to its own motion, Hercules averred that:

> [T]his case is still in its early stages. A trial date is not set until August 14, 2006—over 14 months from the filing of this motion. The parties are still exchanging written discovery and discovery

5

> documents, and no depositions have ... taken place. Moreover, the discovery cut-off is not until October 31, 2005. [The opposing party] will have ample time to prepare its defenses ...

(*See* Hercules' Motion to Amend at ¶8; D.I. 67, Exhibit D). Defendants cannot claim, much less show, that they will be prejudiced by Ciba's proposed amendment.

### B.  Plaintiff Has Not Delayed In Bringing Its Motion To Amend.

Ciba has moved to amend the complaint within the July 15, 2005, deadline set by the Court's Scheduling Order for amended pleadings. The filing of a motion to amend before the court-ordered deadline creates a "presumption of timeliness." *Inline Corp. v. Tricon Restaurants, Int'l*, 2002 WL 1331885, at *1 (N.D. Tex. 2002) (attached as Exhibit E).

In addition, this motion has been filed early in the case -- four months before the close of fact discovery and 14 months before the scheduled trial date. Dispositive motions are not due for over six months. As Hercules noted when describing the timeliness of amending at this stage of the proceedings:

> It is still early in the fact discovery process with no depositions having taken place. Moreover, no case dispositive motions or other substantive issues, aside from one discovery dispute conference, have been presented to the Court.

(See Hercules' Motion to Amend at ¶7; D.I. 67, Exhibit D). Thus, Ciba's motion to amend is timely and appropriate as it seeks "to resolve disputes comprehensively" rather than in a piecemeal fashion and thus, conserves judicial resources. *See Agere*, 190 F.Supp.2d at 732.

## CONCLUSION

For the reasons stated above and in the interest of justice, Ciba respectfully requests that the Court grant Ciba leave to file its First Amended Complaint and that the First Amended Complaint be deemed filed and served as of the date the Court grants such relief.

                                             /s/
                                             _____
                                             Frederick L. Cottrell, III (#2555)
                                             Jeffrey L. Moyer (#3309)
                                             Chad M. Shandler (3796)
Of Counsel:                                  Richards, Layton & Finger
                                             One Rodney Square, P.O. Box 551
Gordon R. Coons                              Wilmington, DE  19899
Eley O. Thompson                             (302) 651-7700
Gregory C. Bays                              Cottrell@rlf.com
LEYDIG, VOIT & MAYER, LTD.                   Moyer@rlf.com
Two Prudential Plaza, Suite 4900             Shandler@rlf.com
Chicago, Illinois 60601                      Attorneys for Plaintiff Ciba Specialty Chemicals
312-616-5600                                 Corporation


Dated:  June 24, 2005

7

RLF1-2892339-1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2005, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon, LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

I hereby certify that on June 24, 2005, I have sent by Federal Express, the foregoing document to the following non-registered participants:

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022

Ford F. Farabow, Jr., Esquire
Finnegan, Henderson, Farabow,
 Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

RLF1-2892339-1