# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2004 MAY -7 AM 9:19

CIBA SPECIALTY CHEMICALS
CORPORATION,

        Plaintiff,

      v.

HERCULES INC. AND CYTEC
INDUSTRIES, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. _____ 0 4 - 2 9 3

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba"), by and through its undersigned

attorneys, for its complaint against defendants, Hercules, Inc. ("Hercules") and Cytec Industries,

Inc. ("Cytec"), alleges as follows:

### The Parties

1.     Ciba is a New York corporation having its principal place of business at

540 White Plains Road, Tarrytown, New York 10591.

2.     Hercules is a Delaware corporation having its principal place of business

at 1313 North Market Street, Wilmington, Delaware 19894.

3.     Cytec is a Delaware corporation having its principal place of business at 5

Garret Mountain Plaza, West Paterson, New Jersey 07424.

### Jurisdiction and Venue

4.     This is a claim of patent infringement arising under the patent laws of the

United States.

RLF1-2737769-1

5.    This Court has proper, original and exclusive jurisdiction over the subject matter of this action based on Title 28, United States Code, § 1338(a). Venue is proper in this Court under the provisions of Title 28, United States Code, §§ 1391(d) and 1400(b). Defendants are incorporated in this district and, upon information and belief, are doing and transacting business in this district and placing products in the stream of commerce in this district.

### The Patents In Suit

6.    U.S. Patent 5,167,766 ("the '766 patent") entitled "Charged Organic Polymer Microbeads in Paper Making Process" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1992. A copy of the '766 patent is attached hereto as Exhibit A.

7.    U.S. Patent 5,171,808 ("the '808 patent") entitled "Cross-linked Anionic and Amphoteric Ploymeric Microparticles" was duly and legally issued by the United States Patent and Trademark Office on December 15, 1992. A copy of the '808 patent is attached hereto as Exhibit B.

8.    Both the '766 and the '808 patents are owned by Ciba, such patents having been transferred to Ciba from Cytec. On information and belief, Hercules and Cytec have been aware of the '766 and '808 patents and have had actual notice of the patents.

### Patent Infringement

9.    Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others manufacture, use, sale,

2

offers to sell products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.

10. Such infringement has caused and will continue to cause immediate and irreparable injury to Ciba, which will continue unless and until this Court enters a preliminary and permanent injunction prohibiting such infringement.

11. Upon information and belief, while Hercules and Cytec have had direct knowledge of the '766 and '808 patents, they have nonetheless continued their unlawful conduct without taking reasonable precautions to avoid such infringement and, therefore, such infringement has been willful and deliberate. Ciba is entitled to recover damages for its injury and Defendants' willful infringement.

<u>Prayer For Relief</u>

WHEREFORE, Ciba prays for the following relief:

A. A preliminary injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them during the pendency of this action;

B. A judgment that Defendants have infringed the '766 and '808 patents;

C. An award of damages adequate to compensate Ciba for the infringement that has occurred, together with interests and costs, and an award of increased damages, as provided in 35 U.S.C. § 284;

D. A finding that this case is exceptional and an award to Ciba of its reasonable attorney fees as provided by 35 U.S.C. § 285;

3

E.    A permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them; and,

F.    Such other and further relief as the Court deems appropriate.

### Demand For Jury Trial

Ciba hereby requests a trial by jury on all issues so triable.

Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780

Dated:  May 7, 2004

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 04-293 (KAJ) |
| v. | ) ) | JURY TRIAL DEMANDED |
| HERCULES INC. AND CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba"), by and through its undersigned attorneys, for its complaint against defendants, Hercules, Inc. ("Hercules") and Cytec Industries, Inc. ("Cytec"), alleges as follows:

### The Parties

1.    Ciba is a New York corporation having its principal place of business at 540 White Plains Road, Tarrytown, New York 10591.

2.    Hercules is a Delaware corporation having its principal place of business at 1313 North Market Street, Wilmington, Delaware 19894.

3.    Cytec is a Delaware corporation having its principal place of business at 5 Garret Mountain Plaza, West Paterson, New Jersey 07424.

## Jurisdiction and Venue

4.    This is a claim of patent infringement arising under the patent laws of the United States.  This is also a claim for breach of contract and tortious interference with contractual relations.

5.    This Court has proper, original and exclusive jurisdiction over the patent infringement claims (Count I) based on Title 28, United States Code, § 1338(a).  This Court further has jurisdiction over the breach of contract claim and the tortious interference with contractual relations claim based on 28 U.S.C. § 1332 and supplemental jurisdiction based on 28 U.S.C. § 1367.  Venue is proper in this Court under the provisions of Title 28, United States Code, §§ 1391(d) and 1400(b).  Defendants are incorporated in this district and, upon information and belief, are doing and transacting business in this district and placing products in the stream of commerce in this district.

## The Patents In Suit

6.    U.S. Patent 5,167,766 ("the '766 patent") entitled "Charged Organic Polymer Microbeads in Paper Making Process" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1992.  A copy of the '766 patent is attached hereto as Exhibit A.

7.    U.S. Patent 5,171,808 ("the '808 patent") entitled "Cross-linked Anionic and Amphoteric Ploymeric Microparticles" was duly and legally issued by the United States Patent and Trademark Office on December 15, 1992.  A copy of the '808 patent is attached hereto as Exhibit B.

2

8.    Both the '766 and the '808 patents are owned by Ciba, such patents having been transferred to Ciba from Cytec. On information and belief, Hercules and Cytec have been aware of the '766 and '808 patents and have had actual notice of the patents.

### The Contract In Suit

9.    Ciba acquired the '766 and '808 patents from Cytec under an Asset Purchase Agreement dated as of August 31, 2000 among Ciba, Cytec and Cytec Technology Corp. ("the Asset Purchase Agreement").

10.    In 2002 and at other times, Cytec misrepresented on numerous occasions through representatives that there had been no action taken by Defendants that would breach the Asset Purchase Agreement, including in such instances as communications on or about November 1, 2002 involving such Cytec representatives as William Avrin among others.

11.    In the time period until the original filing of this lawsuit and subsequent discovery, information about the breach of the Asset Purchase Agreement was withheld from Ciba. Such information and harm was inherently unknowable because the internal activities and knowledge within the Defendants are maintained in secret and outside the access of Ciba.

12.    Only through Ciba's diligent efforts in discovery coupled with its independent investigations, and in spite of resistance and misleading conduct from the Defendants, did Ciba learn that the prior representations were misleading and untrue and that the there had been a breach of the Asset Purchase Agreement and that there had been a tortious interference with Ciba's rights under the Asset Purchase Agreement.

### Claim I – Patent Infringement

13.    Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale,

3

implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others' manufacture, use, sale, offers to sell products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.

14.     Defendants are barred by the doctrine of assignor estoppel from challenging the validity and unenforceability of the '766 patent and the '808 patent. Cytec sold the '766 patent and the '808 patent to Ciba and Hercules is/was in privity with Cytec.

15.     Such infringement has caused and will continue to cause immediate and irreparable injury to Ciba, which will continue unless and until this Court enters a preliminary and permanent injunction prohibiting such infringement.

16.     Upon information and belief, while Hercules and Cytec have had direct knowledge of the '766 and '808 patents, they have nonetheless continued their unlawful conduct without taking reasonable precautions to avoid such infringement and, therefore, such infringement has been willful and deliberate. Ciba is entitled to recover damages for its injury and Defendants' willful infringement.

### Claim II – Breach of Contract (Under New York Law)

17.     Cytec has breached Section 5.23 (Noncompetition) of the Asset Purchase Agreement through its activities relating to the Perform® products including by researching, developing, manufacturing, marketing and/or selling the Perform® products.

18.     The Asset Purchase Agreement states in Section 9.07 (Governing Law) that it is governed by the laws of the State of New York.

4

19.    Such breach has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New York law, which will continue unless and until enjoined by this Court.

## Claim III – Tortious Interference With Contractual Relations (Under New Jersey Law)

20.    Hercules knew or should have known that Cytec had non-compete obligations to Ciba through the Asset Purchase Agreement.

21.    Hercules intentionally with malice, and without justification or excuse, induced Cytec within New Jersey to breach the non-compete obligations of the Asset Purchase Agreement through Hercules' activities relating to the Perform® products including by inducing Cytec to engage in researching, developing, manufacturing, marketing and/or selling the Perform® products.

22.    Such tortious interference with contractual relations has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New Jersey law, which will continue unless and until enjoined by this Court.

### Prayer For Relief

WHEREFORE, Ciba prays for the following relief:

A.    A preliminary injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them during the pendency of this action;

B.    A judgment that Defendants have infringed the '766 and '808 patents;

C.    A judgment that Cytec has breached the Asset Purchase Agreement;

5

D.    An award of damages adequate to compensate Ciba for the infringement that has occurred, together with interests and costs, and an award of increased damages, as provided in 35 U.S.C. § 284;

E.    An award of damages adequate to compensate Ciba for its actual loss resulting from the breach of the Asset Purchase Agreement by Cytec;

F.    An award of damages adequate to compensate Ciba for its actual loss resulting from the tortuous interference with contractual relations by Hercules;

G.    A finding that this case is exceptional and an award to Ciba of its reasonable attorney fees as provided by 35 U.S.C. § 285;

H.    A permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them;

I.    An order requiring Cytec to perform and abide by the Asset Purchase Agreement; and,

J.    Such other and further relief as the Court deems appropriate.

## Demand For Jury Trial

Ciba hereby requests a trial by jury on all issues so triable.

_____
Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson

6

Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780

Dated:  June 24, 2005

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS )
CORPORATION, )
 )
                    Plaintiff, )
 )    C.A. No. ————————04-293 (KAJ)
          v. )
 )    JURY TRIAL DEMANDED
HERCULES INC. AND CYTEC )
INDUSTRIES, INC., )
 )
                    Defendants. )

## FIRST AMENDED COMPLAINT

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba"), by and through its undersigned

attorneys, for its complaint against defendants, Hercules, Inc. ("Hercules") and Cytec Industries,

Inc. ("Cytec"), alleges as follows:

### The Parties

1.    Ciba is a New York corporation having its principal place of business at

540 White Plains Road, Tarrytown, New York 10591.

2.    Hercules is a Delaware corporation having its principal place of business

at 1313 North Market Street, Wilmington, Delaware 19894.

3.    Cytec is a Delaware corporation having its principal place of business at 5

Garret Mountain Plaza, West Paterson, New Jersey 07424.

## Jurisdiction and Venue

4.    This is a claim of patent infringement arising under the patent laws of the United States.  This is also a claim for breach of contract and tortious interference with contractual relations.

5.    This Court has proper, original and exclusive jurisdiction over the ~~subject matter of this action~~patent infringement claims (Count I) based on Title 28, United States Code, § 1338(a).  This Court further has jurisdiction over the breach of contract claim and the tortious interference with contractual relations claim based on 28 U.S.C. § 1332 and supplemental jurisdiction based on 28 U.S.C. § 1367.  Venue is proper in this Court under the provisions of Title 28, United States Code, §§ 1391(d) and 1400(b).  Defendants are incorporated in this district and, upon information and belief, are doing and transacting business in this district and placing products in the stream of commerce in this district.

## The Patents In Suit

6.    U.S. Patent 5,167,766 ("the '766 patent") entitled "Charged Organic Polymer Microbeads in Paper Making Process" was duly and legally issued by the United States Patent and Trademark Office on December 1, 1992.  A copy of the '766 patent is attached hereto as Exhibit A.

7.    U.S. Patent 5,171,808 ("the '808 patent") entitled "Cross-linked Anionic and Amphoteric Ploymeric Microparticles" was duly and legally issued by the United States Patent and Trademark Office on December 15, 1992.  A copy of the '808 patent is attached hereto as Exhibit B.

8.    Both the '766 and the '808 patents are owned by Ciba, such patents having been transferred to Ciba from Cytec. On information and belief, Hercules and Cytec have been aware of the '766 and '808 patents and have had actual notice of the patents.

**Patent Infringement**

~~Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents. Hercules and Cytec have further induced, aided and abetted, and contributed to others~~

**The Contract In Suit**

9.    Ciba acquired the '766 and '808 patents from Cytec under an Asset Purchase Agreement dated as of August 31, 2000 among Ciba, Cytec and Cytec Technology Corp. ("the Asset Purchase Agreement").

10.    In 2002 and at other times, Cytec misrepresented on numerous occasions through representatives that there had been no action taken by Defendants that would breach the Asset Purchase Agreement, including in such instances as communications on or about November 1, 2002 involving such Cytec representatives as William Avrin among others.

11.    In the time period until the original filing of this lawsuit and subsequent discovery, information about the breach of the Asset Purchase Agreement was withheld from Ciba. Such information and harm was inherently unknowable because the internal activities and knowledge within the Defendants are maintained in secret and outside the access of Ciba.

12.    Only through Ciba's diligent efforts in discovery coupled with its independent investigations, and in spite of resistance and misleading conduct from the

3

Defendants, did Ciba learn that the prior representations were misleading and untrue and that the there had been a breach of the Asset Purchase Agreement and that there had been a tortious interference with Ciba's rights under the Asset Purchase Agreement.

<u>**Claim I – Patent Infringement**</u>

13.    Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.  Hercules and Cytec have further induced, aided and abetted, and contributed to others' manufacture, use, sale, offers to sell products (including but not limited to the Perform® product) and processes covered by one or more of the claims of the '766 and '808 patents.

~~9.~~14.   Defendants are barred by the doctrine of assignor estoppel from challenging the validity and unenforceability of the '766 patent and the '808 patent.  Cytec sold the '766 patent and the '808 patent to Ciba and Hercules is/was in privity with Cytec.

~~10.~~15.  Such infringement has caused and will continue to cause immediate and irreparable injury to Ciba, which will continue unless and until this Court enters a preliminary and permanent injunction prohibiting such infringement.

~~11.~~16. Upon information and belief, while Hercules and Cytec have had direct knowledge of the '766 and '808 patents, they have nonetheless continued their unlawful conduct without taking reasonable precautions to avoid such infringement and, therefore, such infringement has been willful and deliberate.  Ciba is entitled to recover damages for its injury and Defendants' willful infringement.

<u>**Claim II – Breach of Contract (Under New York Law)**</u>

4

17.    Cytec has breached Section 5.23 (Noncompetition) of the Asset Purchase Agreement through its activities relating to the Perform® products including by researching, developing, manufacturing, marketing and/or selling the Perform® products.

18.    The Asset Purchase Agreement states in Section 9.07 (Governing Law) that it is governed by the laws of the State of New York.

19.    Such breach has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New York law, which will continue unless and until enjoined by this Court.

### Claim III – Tortious Interference With Contractual Relations (Under New Jersey Law)

20.    Hercules knew or should have known that Cytec had non-compete obligations to Ciba through the Asset Purchase Agreement.

21.    Hercules intentionally with malice, and without justification or excuse, induced Cytec within New Jersey to breach the non-compete obligations of the Asset Purchase Agreement through Hercules' activities relating to the Perform® products including by inducing Cytec to engage in researching, developing, manufacturing, marketing and/or selling the Perform® products.

22.    Such tortious interference with contractual relations has caused and will continue to cause immediate and irreparable injury and damage to Ciba in violation of New Jersey law, which will continue unless and until enjoined by this Court.

### Prayer For Relief

WHEREFORE, Ciba prays for the following relief:

A.    A preliminary injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them during the pendency of this action;

B.    A judgment that Defendants have infringed the '766 and '808 patents;

C.    A judgment that Cytec has breached the Asset Purchase Agreement;

D.    An award of damages adequate to compensate Ciba for the infringement that has occurred, together with interests and costs, and an award of increased damages, as provided in 35 U.S.C. § 284;

E.    An award of damages adequate to compensate Ciba for its actual loss resulting from the breach of the Asset Purchase Agreement by Cytec;

C.F.    An award of damages adequate to compensate Ciba for its actual loss resulting from the tortuous interference with contractual relations by Hercules;

D.G.    A finding that this case is exceptional and an award to Ciba of its reasonable attorney fees as provided by 35 U.S.C. § 285;

E.H.    A permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting in concert and participating with them; and,

I.    An order requiring Cytec to perform and abide by the Asset Purchase Agreement; and,

F.J.    Such other and further relief as the Court deems appropriate.

## Demand For Jury Trial

Ciba hereby requests a trial by jury on all issues so triable.

_____

Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780


Dated:  ~~May 7, 2004~~June 24, 2005

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 04-293 (KAJ) |
| ) | |
| HERCULES INCORPORATED and ) | **JURY TRIAL DEMANDED** |
| CYTEC INDUSTRIES, INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT HERCULES, INCORPORATED'S MOTION FOR LEAVE
### TO FILE AMENDED ANSWER AND COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 15(a), defendant Hercules,

Incorporated ("Hercules") hereby moves for leave to file an Amended Answer and

Counterclaims. As required by District Court of Delaware Local Rule 15.1, an original

and a copy of the proposed Amended Answer and Counterclaims are attached as Exhibits

1 and 2 to this motion. In addition, attached as Exhibit 3 is a black line copy of the

Amended Answer and Counterclaims.

Defendant Cytec Industries, Incorporated ("Cytec") does not oppose this motion.

Hercules has repeatedly asked Plaintiff Ciba Specialty Chemicals Corporation ("Ciba")

whether it will agree to entry of the proposed amended pleading but Ciba has deferred

making a decision and apparently opposes Hercules' motion to amend.

Hercules waives its opening brief and states as follows in support of its motion:

1.     Ciba filed this action for patent infringement on May 7, 2004 against

Hercules and Cytec.

2.     On November 17, 2004, Hercules filed its Answer and Counterclaims to

Ciba's Complaint.

3.    On November 17, 2004, Cytec likewise filed its Answer and Counterclaims to Ciba's Complaint.

4.    The Scheduling Order requires all motions to amend or supplement the pleadings to be filed by July 15, 2005 and sets the discovery cut-off for October 31, 2005. (D.I. 23). Trial is scheduled to begin on August 14, 2006.

5.    The Federal Rules of Civil Procedure state that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The Supreme Court of the United States has cautioned that leave to amend should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, prejudice or futility of the claims." *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp.2d 484, 487 (D. Del. 2003) (citing *Forman v Davis*, 371 U.S. 178, 182 (1962) and *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

6.    Hercules' initial Answer and Counterclaims set forth defenses concerning non-infringement, patent invalidity, and lack of actual notice of infringement, and counterclaims concerning non-infringement and patent invalidity. The proposed Amended Answer and Counterclaims (Exs. 1-2) additionally sets forth: (1) a marking defense; and (2) a defense and counterclaim alleging inequitable conduct in the procurement of the patents-in-suit.

7.    Hercules has not unduly delayed in asserting its marking defense or its defense and counterclaim alleging inequitable conduct in the procurement of the patents-in-suit. It is still early in the fact discovery process with no depositions having taken

2

place. Moreover, no case dispositive motions or other substantive issues, aside from one discovery dispute conference, have been presented to the Court.

8.    Hercules' proposed amendment will not prejudice Ciba because the case is still in its early stages. A trial date is not set until August 14, 2006--over 14 months from the filing of this motion. The parties are still exchanging written discovery and discovery documents, and no depositions have been noticed or taken place. Moreover, the discovery cut-off is not until October 31, 2005. Ciba will have ample time to prepare its defenses to Hercules' new counterclaim. Consequently, Ciba will not be unduly burdened or prejudiced by entry of Hercules' Amended Answer and Counterclaims.

9.    Pursuant to Local Rule 7.1.1, counsel for Hercules has conferred with counsel for Ciba several times regarding this motion. On May 17, 2005, Hercules wrote Ciba a letter providing a draft copy of the Amended Answer and Counterclaims and asked whether Ciba would oppose entry of the proposed pleading. Ciba did not respond to that letter. Hercules asked Ciba again at the May 27th technology tutorial whether Ciba would oppose Hercules amending its pleading and was told that Ciba would respond by June 3rd. On June 7th, Ciba belatedly responded with a voice mail message stating that it would let Hercules know of Ciba's position in "a day or two." Finally on June 8th, Hercules wrote another letter, informing Ciba that Hercules needed to have Ciba's answer by noon (EDT) on June 10th in order to make the appropriate representation to the Court in Hercules' Motion for Leave to Amend. After the noon deadline Ciba wrote to request more time to consider its position and requested amendment and supplementation of Hercules' proposed pleading. Through its course of conduct, Ciba thus appears to oppose entry of Hercules' proposed pleading.

3

WHEREFORE, Hercules respectfully requests that this Court:

(i)    Grant Hercules' Motion for Leave to File Amended Answer and

Counterclaims; and

(ii)    Deem Hercules' Amended Answer and Counterclaims, attached hereto, as

having been filed and served as of the date of this Court's decision to allow Hercules'

motion.

A proposed Order is attached hereto as Exhibit 4.

POTTER ANDERSON & CORROON LLP

By: _____

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Hercules Incorporated*

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Dated:  June 10, 2005

686079 / 28118

4

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 10, 2005, the attached

document was hand-delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

I hereby certify that on June 10, 2005, I have Federal Expressed the

foregoing document(s) to the following non-registered participants:

Gordon R. Coons                    Thomas L. Creel, P.C.
Eley O. Thompson                   Goodwin Procter LLP
Gregory C. Bays                    599 Lexington Avenue
Leydig, Voit & Mayer, Ltd.         New York, NY 10022
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780


                                   /s/ David E. Moore
                                   Richard L. Horwitz
                                   David E. Moore
                                   Potter Anderson & Corroon LLP
                                   Hercules Plaza – Sixth Floor
                                   1313 North Market Street
                                   Wilmington, DE 19801
                                   Telephone: (302) 984-6000
                                   rhorwitz@potteranderson.com
                                   dmoore@potteranderson.com

672306

# EXHIBIT E

Westlaw.

Not Reported in F.Supp.2d
2002 WL 1331885 (N.D.Tex.)
(Cite as: 2002 WL 1331885 (N.D.Tex.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Texas, Dallas
Division
INLINE CORPORATION, Plaintiff-
counterdefendant,
v.
TRICON RESTAURANTS INTERNATIONAL, et
al., Defendants-counterplaintiffs.
**No. Civ.A. 3:00-CV-0990-.**

June 14, 2002.

*MEMORANDUM OPINION AND ORDER*

FITZWATER, J.

*1 Defendant Packaging Resources, Inc. ("PRI")
moves for leave to amend its answer to assert
additional affirmative defenses and to file a
counterclaim, and plaintiff-counterdefendant Inline
Corporation ("Inline") moves for leave to amend its
complaint and its reply [FN1] to the counterclaim of
certain defendants. The court grants both motions.

> FN1. Inline actually entitles its reply as an
> "answer." This is improper. Fed.R.Civ.P.
> 7(a) provides:
> There shall be a complaint and an answer; *a
> reply to a counterclaim denominated as
> such;* an answer to a cross-claim, if the
> answer contains a cross-claim; a third-party
> complaint, if a person who was not an
> original party is summoned under the
> provisions of Rule 14; and a third-party
> answer, if a third-party complaint is served.
> No other pleading shall be allowed, except
> that the court may order a reply to an answer
> or a third-party answer.
> *Id.* (emphasis added). Accordingly, the court
> will refer throughout this memorandum
> opinion and order to Inline's existing and
> proposed pleading as a "reply."

I

The background facts of this case are set out in the

court's January 10, 2001 memorandum opinion and
order and need not be recounted at length. [FN2]
Inline filed this suit on May 9, 2000 against Tricon
Restaurants International, Kentucky Fried Chicken
Corporation, Pizza Hut, Inc., and Taco Bell Corp.
("the Tricon Defendants"). It amended its complaint
on August 23, 2000, adding PRI as a defendant.
Inline alleged that defendants were liable for breach
of contract, breach of warranty, and negligence
concerning services that Inline provided in affixing
promotional game pieces to product packaging used
in fast food restaurants.

> FN2. Although in the context of that
> opinion-a ruling on Rule 12(b)(6) motions to
> dismiss-the court viewed the facts favorably
> to Inline as the nonmovant, it need not
> recount them under a different standard in
> the present decision.

The Tricon Defendants and PRI filed motions to
dismiss, and the court on January 10, 2001 granted
the motions in part, dismissing counts II, V, and VI.
The court dismissed one of Inline's contract claims
and its warranty and negligence actions but declined
to dismiss three breach of contract counts. Following
the court's decision, the Tricon Defendants filed an
answer and counterclaim on January 25, 2001. PRI
filed its answer on February 5, 2001. Inline filed its
reply [FN3] to the Tricon Defendants' counterclaim
on February 15, 2001.

> FN3. *See supra* note 1.

The court filed a scheduling order on September 12,
2000 that established October 1, 2001 as the deadline
to file motions for leave to amend. In an order filed
April 27, 2001 the court set the case for trial on the
April 3, 2002 docket. On September 5, 2001 the court
granted defendants' motion for continuance, reset the
trial to the October 7, 2002 docket, and extended all
unexpired deadlines for six months, effectively
extending to April 1, 2002 the deadline for filing
motions for leave to amend. On March 11, 2002 the
court granted in part Inline's motion for continuance.
It retained the October 7, 2002 trial docket setting but
extended certain pretrial deadlines, including the
deadline for parties to file motions for leave to amend
pleadings, which it deferred to May 1, 2002.

On April 30, 2002 PRI filed a motion for leave to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 1331885 (N.D.Tex.)
(Cite as: 2002 WL 1331885 (N.D.Tex.))

Page 2

file amended pleading, in which it requests leave to amend its answer to assert new affirmative defenses and to file a compulsory counterclaim for usury. Inline opposes PRI's motion. On May 1, 2002 Inline filed a motion to amend complaint and to amend reply to the Tricon Defendants' counterclaim. The Tricon Defendants oppose Inline's motion.

II

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir.1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). When, as here, a party files a motion to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-America, Inc. v. Serrot Int'l Inc.,* 2002 WL 206454, at *1 (N.D.Tex. Feb. 7, 2002) (Fitzwater, J.). The standards for determining whether leave should be granted under Rule 13(f) to allege an omitted counterclaim are similar to those under Rule 15(a). *See* 6 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1479 at 573-74 (1990) ("However, several courts have ruled that the same liberal standards that apply when leave to amend is requested under Rule 15(a) should govern when leave to add an omitted counterclaim is requested under Rule 13(f). Thus, little seems to turn on whether the amendment is made under Rule 13(f) or Rule 15(a) because using the latter provision's permissive approach would permit the counterclaim to be added in almost every case under Rule 13(f)." (footnote omitted)).

*2 Having reviewed the grounds set forth in the motions and in the opposing parties' responses, the court is persuaded that leave to amend should be granted. Neither PRI nor Inline has engaged in undue delay. Both parties filed their motions by the court-ordered deadline. Nor has there been a showing of bad faith or dilatory motive. The prejudice that the parties opposing the motions maintain they will incur is insufficient to justify denying leave. PRI requests leave to assert a compulsory counterclaim for usury,

a companion affirmative defense of usury, and the affirmative defenses of lack of privity of contract, failure to mitigate damages, contractual bar or limitation of damages, and offset. The court is not convinced that allowing a compulsory counterclaim and affirmative defenses of this type will result in extensive or expensive additional discovery or pleadings. And although Inline's claim for tortious interference with contract will add a tort claim to a case now based only on contract causes of action, the tort claim is related to a breach of contract cause of action that has been present in the litigation since Inline filed its first amended complaint. In count I, Inline alleged that the Tricon Defendants breached their contract with Inline "by instructing PRI to withhold payments to Inline for the amounts which are due and owing." P. 1st Am. Compl. ¶ 38. In its proposed tortious interference claim, Inline asserts that the Tricon Defendants interfered with Inline's contract with PRI by demanding that PRI stop paying Inline on the remaining invoices. *See* Proposed 2d Am. Compl. ¶ 57.

The court declines to deny leave to amend based on contentions that the new claims or defenses would be futile. "[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." ' *Poly-America,* 2002 WL 206454, at *1-*2 (quoting *Sells v. Six Flags Over Tex., Inc.,* Civil Action No. 3:96-CV-1574-D, at 2 (N.D.Tex. Oct. 17, 1996) (Fitzwater, J.)). The summary judgment motion deadline has not elapsed, and these claims and defenses can be addressed by summary judgment motion. Moreover, nothing prevents a party from moving to dismiss the new claims or defenses under Rule 12(b)(6) if there are grounds to do so.

III

Accordingly, the court grants PRI's April 30, 2002 motion for leave to file amended pleading [FN4] and grants Inline's May 1, 2002 motion to amend complaint and motion to amend reply. The clerk of court shall file Inline's second amended complaint and its amended reply today. The court notes that, by its motion, PRI seeks leave to amend its answer to a first amended complaint that will now be superseded by a second amended complaint. Rather than direct the clerk of court to file the amended answer and counterclaim that PRI has submitted with its motion,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 1331885 (N.D.Tex.)
**(Cite as: 2002 WL 1331885 (N.D.Tex.))**

Page 3

the court will permit PRI to file, no later than June 28, 2002, an amended answer and counterclaim that is responsive to Inline's second amended complaint PRI is entitled to assert in the amended answer the affirmative defenses and counterclaim that the court has addressed today and any other affirmative defenses that are now available due to new allegations contained in Inline's second amended complaint. Inline is entitled to file a timely reply to the counterclaim. [FN5]

> FN4. Inline's alternative request for additional discovery costs and expenses, *see* Inline Resp. at 7, is denied.

> FN5. If an extension of the discovery deadline is needed in view of this decision, the parties may obtain such relief by agreed order, as they did on June 11, 2002 when the court allowed them to take the deposition of Donna Kahre after the July 1, 2002 discovery deadline, or they may seek appropriate relief by motion.

**\*3** SO ORDERED.

2002 WL 1331885 (N.D.Tex.)

  **Motions, Pleadings and Filings (Back to top)**

•       3:00CV00990_____(Docket)
(May. 09, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.