## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) |
| Plaintiff, | ) |
| | ) C. A. No. 04-293 (KAJ |
| | ) |
| v. | ) **HIGHLY CONFIDENTIAL –** |
| | ) **SUBJECT TO PROTECTIVE** |
| HERCULES INCORPORATED and | ) **ORDER AND FILED UNDER** |
| CYTEC INDUSTRIES, INC., | ) **SEAL** |
| | ) |
| Defendants. | |

### DEFENDANT HERCULES INCORPORATED'S
### ANSWERING MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
wdrane@potteranderson.com
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Hercules Incorporated*

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: July 15, 2005

Public Version Dated: July 22, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ................................................................................................... 1

NATURE AND STAGE OF PROCEEDINGS ....................................................... 3

STATEMENT OF FACTS ...................................................................................... 3

SUMMARY OF ARGUMENT ............................................................................... 3

ARGUMENT .......................................................................................................... 4

    I.    CIBA'S MOTION FOR LEAVE TO AMEND TO PLEAD ITS BREACH OF CONTRACT CLAIM AGAINST CYTEC IN THIS COURT IS A VIOLATION OF THE FORUM SELECTION CLAUSE OF THE ASSET PURCHASE AGREEMENT AND SHOULD BE DENIED ON THAT BASIS. .......................................................................................... 4

    II.    CIBA'S MOTION TO AMEND THE COMPLAINT BY ADDING A TORTIOUS INTERFERENCE CLAIM AGAINST HERCULES SHOULD BE DENIED BASED UPON CONSIDERATIONS OF JUDICIAL ECONOMY, AVOIDANCE OF CONFLICTING RULINGS AND JUDGMENTS, AND TO AVOID UNDUE PREJUDICE TO HERCULES. ............................................................................................. 6

        A.    Breach Of A Contract Is An Essential Element Needed To Prove Tortious Interference With The Contract. .................................. 7

        B.    Because The Breach of Contract Claim Should Go Forward In New York, And Because the Breach of Contract and Tortious Interference Claims are Intertwined, The Court Should Deny The Ciba Motion To Add the Tortious Interference Claim Against Hercules. ................................................................................ 8

            1.    The Amendment Should Not Be Allowed Based On Considerations of Judicial Economy And Avoidance of Duplicative Proceedings. ............................................. 8

            2.    The Amendment Should Not Be Allowed Because It Would Result in Undue Prejudice to Hercules and Be Contrary to the Interests of Justice. .............................. 10

    CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

## CASES

*Agere System Guardian Corp. v. Proxim, Inc.*,
  190 F.Supp.2d 726 (D. Del. 2000) ...................................................................... 10

*APV North America v. Sig Simonazzi North America*,
  295 F.Supp.2d 393 (D. Del. 2002) ...................................................................... 9

*Cureton v. NCAA*,
  252 F.3d 267 (3d Cir. 2001) (affirming denial of leave to amend) .................... 10

*Digiorgio Corp. v. Mendez & Co.*,
  230 F.Supp.2d 552 (D.N.J. 2002) ...................................................................... 7

*Isco International, Inc. v. Conductus, Inc.*,
  Ca. No. 01-487-GMS, 2002 U.S. Dist. LEXIS 21706 (D. Del. No. 8, 2002) ........... 10

*John F. Dillon & Co. LLC v. Foremost Mar. Corp.*,
  Ca. No. 02 Civ 7803 (SHS), 2004 U.S. Dist. Lexis 11383 (S.D.N.Y. Jun, 21,
  2004) ...................................................................................................................... 7

*L. D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.*,
  495 F.Supp. 313 (W.D. Pa. 1980) ...................................................................... 12

*McGurk v. Swisher Hygiene Franchise Corp*,
  C.A. No. 02-1337-SLR, 2003 WL 252124 (D.Del. Jan. 30, 2003) ...................... 5

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) ................................................................................................ 5

*Mentor Graphic Corp. v. Quickturn Design Systems, Inc.*,
  77 F.Supp.2d 505 (D. Del. 1999) ...................................................................... 9

*MoneyGram Payment System v. Consoricio Oriental*,
  No. 01-4386, 2003 U.S. App. LEXIS 9875 (3d Cir. May 21, 2003) .................... 5

*Printing Mart-Morristown v. Sharp Electric Corp.*,
  563 A.2d 31 (N.J. 1989) ...................................................................................... 7

*Stewart Organization Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) .............................................................................................. 5

*The Original Creatine Patent Co., Ltd. v. Kaizen*,
  Ca. No. 02-471-SLR, 2003 U.S. Dist. LEXIS 988 (D.Del. Jan. 22, 2003) .......... 9

ii

*Trueposition, Inc. v. Allen Telecom, Inc.,*
   C.A. No. 01-823 GMS, 2003 WL 151227 (D. Del. Jan. 21, 2003)................................7

*United States v. New Castle County,*
   116 F.R.D. 19 (D. Del. 1987) ....................................................................................10

## RULES

*Fed. R. Civ. P.* 15...............................................................................................................10

iii

## INTRODUCTION

Defendant Hercules Incorporated ("Hercules") respectfully submits this Memorandum in Opposition to Plaintiff Ciba Specialty Chemicals Corporation's ("Ciba") Motion for Leave to Amend ("Ciba Motion") (D.I. 74). In its proposed First Amended Complaint, Ciba seeks to add two new counts: a breach of contract claim against Cytec Industries, Inc. ("Cytec") and a tortious interference claim against Hercules for inducing the breach of contract. Each of these claims rests upon an alleged breach of the Noncompetition provision in Section 5.23 of the Asset Purchase Agreement, dated as of August 31, 2000. (*See* Proposed Amended Complaint, attached as Exhibit B to the Ciba Motion, ¶¶17, 21). A copy of relevant portions of the Asset Purchase Agreement is attached as Exhibit A hereto.

In its separate Memorandum in Opposition to the Ciba Motion (the "Cytec Opposition"), filed today, Cytec contends that the Ciba Motion should be denied insofar as it seeks to add the breach of contract claim against Cytec, because Ciba and Cytec agreed unequivocally in the Asset Purchase Agreement that any claim for breach is within the exclusive jurisdiction of the New York courts. Cytec also urges the Court to deny the Cytec Motion insofar as it seeks to add the tortious interference claim against Hercules, because the claims are intimately related and should be litigated, if at all, together in New York. Hercules joins in and incorporates by reference the points and authorities set forth in the Cytec Opposition.

The Ciba Motion also should be denied insofar as it seeks to add the tortious interference claim against Hercules, because breach of contract is an element needed to prove tortious interference, and the breach of contract and tortious interference claims are closely related factually and legally. Because the breach of contract claim against Cytec must be brought against Cytec in New York, the tortious interference against Hercules claim should be

1

brought there, if at all, as well. Judicial economy requires that both the Delaware and the New York courts should not be trying the same issue. Denial of the Ciba Motion also will avoid the very real prospect of conflicting findings and judgments on the breach of contract issue, which is a key part of the both the breach of contract claim against Cytec and the tortious interference claim against Hercules. Finally, having the same issue tried in two different courts would unduly prejudice Hercules.

There is no discernible impediment that prevents Ciba from pursuing its tortious interference claim against Hercules in New York. Hercules does not contest that it is subject for purposes of this matter to personal jurisdiction in the state and federal courts in New York, and in the event Ciba brings the proposed breach of contract and tortious interference claims there, Hercules would not contest personal jurisdiction. As Cytec has agreed in the Asset Purchase Agreement to submit to personal jurisdiction in New York, there likewise is no jurisdictional impediment to Ciba bringing its contract claim against Cytec in that state.

.

2

NATURE AND STAGE OF PROCEEDINGS

Ciba filed its original action against Defendants for patent infringement on May 7, 2004. (D.I. 1). On November 17, 2004, Defendants filed their respective Answers and Counterclaims to Ciba's Complaint. (D.I. 9; D.I. 10) On December 20, 2004, the Court entered a Scheduling Order, setting forth July 15, 2005 as the deadline for motions to amend or supplement the pleadings. (D.I. 23.) On June 24, 2005, Ciba filed its motion for leave to amend (D.I. 74) and supporting brief ("Ciba Op. Br.") (D.I. 75), attaching to each a proposed Amended Complaint.

**This is Hercules' memorandum in opposition to the Ciba Motion.**

STATEMENT OF FACTS

Hercules incorporates by reference the Statement of Facts set forth in the Cytec Opposition.

SUMMARY OF ARGUMENT

1.    Ciba's Motion for Leave to Amend to plead its breach of contract claim against Cytec in this Court is a violation of the forum selection clause of the Asset Purchase Agreement and should be denied on that basis.

2.    Since breach of contract is an element needed to prove tortious interference and the contract claim is within the exclusive jurisdiction of the New York courts, judicial economy requires that both the Delaware and the New York courts should not be trying the same issue.

3.    Both the Delaware and the New York courts should not try the same issue because there could be conflicting findings and judgments.

4.    Having the same issue tried in two different courts would unduly prejudice Hercules.

3

ARGUMENT

I.      **CIBA'S MOTION FOR LEAVE TO AMEND TO PLEAD ITS BREACH
        OF CONTRACT CLAIM AGAINST CYTEC IN THIS COURT IS A
        VIOLATION OF THE FORUM SELECTION CLAUSE OF THE ASSET
        PURCHASE AGREEMENT AND SHOULD BE DENIED ON THAT
        BASIS.**

        For the reasons set forth at length in Cytec's Opposition, the breach of contract

claim against Cytec may be brought, if at all, only in a court in New York, and the Court should

deny Ciba's Motion for leave to amend the complaint to plead its breach of contract claim.

Hercules incorporates Cytec's arguments herein by reference.

        Inexplicably, Ciba fails to mention anywhere -- including its proposed Amended

Complaint, its motion for leave to amend, and its opening brief in support of the Ciba Motion

(the "Ciba Op. Br.") -- the "Consent to Jurisdiction" provision contained in Section 9.08 the

Asset Purchase Agreement.  This omission is all the more striking because Ciba relies

specifically in its proposed First Amended Complaint upon the immediately preceding Section

9.07 (selecting New York law to govern the contract), as well as on the Noncompetition

provision in Section 5.23.  (*See* Proposed First Amended Complaint, ¶¶ 17-18).

        In Section 9.08 of the Asset Purchase Agreement, Ciba and Cytec agreed:

●                          **Redacted**

●                          **Redacted**

●                          **Redacted**

4

**Redacted**

As Cytec correctly observes in its Opposition, there can be no doubt that the
Consent to Jurisdiction provision establishes New York as the one and only proper venue for the
breach of contract claim that Ciba seeks to introduce into this action, and that the parties'
unambiguous intent was that any such action may not be brought anywhere else, including
Delaware.  Indeed, Cytec's and Ciba's agreement to litigate all claims related to the contract
exclusively in the New York courts could not be more clear.

This Court follows the "general rule that forum selection clauses are *prima facie*
valid" and has ruled "[a] party can resist imposition of a forum clause if it could demonstrate that
the contract resulted from fraud, undue influence, or overweening bargaining power." *McGurk
v. Swisher Hygiene Franchise Corp*, C. A. No. 02-1337-SLR, 2003 WL 252124 (D.Del. Jan. 30,
2003), citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) and *Stewart Org. Inc. v.
Ricoh Corp.*, 487  U.S. 22 (1988) (internal quotation omitted) (Exhibit B hereto).  *See also
MoneyGram Payment Sys v. Consoricio Oriental*, No. 01-4386, 2003 U.S. App. LEXIS 9875 (3d
Cir. May 21, 2003) (because fraud was not alleged for the inducement of the forum-selection
clause itself, the court enforced the forum selection clause and affirmed dismissal of the lawsuit)
(Exhibit C hereto).  In accordance with these well-established rules of law, the Consent to
Jurisdiction clause in this case should be presumed valid.  Because there are no countervailing
considerations present here, such as fraud or unequal bargaining power, Ciba may not disavow
its own agreement to a New York forum.  In fact, one presumes that Ciba is the party that sought
and obtained in the contract the provision for an exclusive New York venue, since Ciba is a New

York corporation with its principal place of business in Tarrytown, New York. (Complaint ¶1)

(D.I. 1)

Under these circumstances, the Consent to Jurisdiction clause should be enforced, and this Court should deny Ciba's motion to amend the complaint to add the breach of contract claim.

**II.    CIBA'S MOTION TO AMEND THE COMPLAINT BY ADDING A TORTIOUS INTERFERENCE CLAIM AGAINST HERCULES SHOULD BE DENIED BASED UPON CONSIDERATIONS OF JUDICIAL ECONOMY, AVOIDANCE OF CONFLICTING RULINGS AND JUDGMENTS, AND TO AVOID UNDUE PREJUDICE TO HERCULES.**

The breach of contract claim and the tortious interference claim that Ciba seeks to add to its complaint are closely inter-related factually and legally. Each claim involves the same alleged breach of Section 5.23 of the Asset Purchase Agreement. Specifically, Ciba seeks to allege that Cytec breached Section 5.23 of the contract "by researching, developing, manufacturing, marketing, and/or selling the Perform® products," and that Hercules induced such breach. Proposed Amended Complaint ¶¶ 17, 21.

As a matter of law, Ciba cannot establish a tortious interference claim against Hercules without first establishing that Cytec breached the contract. Because the alleged breach of contract by Cytec is an essential element of Ciba's claim for tortious interference against Hercules, and any breach of contract claim against Cytec must go forward, if at all, in New York, the Court should not allow Ciba to introduce the tortious interference claim into the present action. Ciba should be required to bring the tortious interference claim, if anywhere, in its chosen venue in New York.

A.    Breach Of A Contract Is An Essential Element Needed To Prove Tortious
      Interference With The Contract.

Ciba asserts in its proposed Amended Complaint that New Jersey law governs the

tortious interference claim against Hercules.  Without conceding that point, in order to decide the

pending motion, it is not necessary to resolve which state's law may govern this claim.  It is well

established in all relevant jurisdictions that breach of a contract is a necessary element of any

claim for tortious interference with the contract.  *See, e.g., Trueposition, Inc. v. Allen Telecom,*

*Inc.*, C. A. No. 01-823-GMS, 2003 WL 151227 at *2 (D. Del. Jan. 21, 2003) ("Without a breach

[of the contract], there is no viable tortious interference claim") (Exhibit D hereto);  *Digiorgio*

*Corp. v. Mendez & Co.*, 230 F. Supp. 2d 552, 558 (D.N.J. 2002), citing *Printing Mart-*

*Morristown v. Sharp Elec. Corp.*,  563 A.2d 31, 37 (N.J. 1989) ("New Jersey has adopted the

Restatement (Second) of Torts definition of tortious interference with an existing contract. To

establish this tort, a plaintiff must prove: (1) an existing contractual relationship; (2) intentional

and malicious interference with that relationship; (3) loss or breach of a contract as a result of the

interference; and (4) damages resulting from that interference.); *John F. Dillon & Co. LLC v.*

*Foremost Mar. Corp.*, C. A. No. 02-Civ 7803 (SHS), 2004 U.S. Dist. Lexis 11383, at *32

(S.D.N.Y. Jun. 21, 2004) (Under New York law, "[a] claim of tortious interference with

contractual relations cannot be brought unless there is in fact a breach of the underlying contract

between the plaintiff and a third party.")  (Exhibit E hereto).

Accordingly, regardless of which state's law applies, Ciba will be required to

prove that Cytec breached the contract as a threshold matter in any effort to show that Hercules

tortiously interfered with the contract.

7

B.    Because The Breach of Contract Claim Should Go Forward In New York, And Because the Breach of Contract and Tortious Interference Claims are Intertwined, The Court Should Deny The Ciba Motion To Add the Tortious Interference Claim Against Hercules.

Having agreed that its breach of contract claim against Cytec must be decided

exclusively, if at all, by the New York courts, there are a number of reasons why Ciba should not

be allowed to press forward with the closely related tortious interference claim in this Court.

1.    The Amendment Should Not Be Allowed Based On Considerations of Judicial Economy And Avoidance of Duplicative Proceedings.

Considerations of judicial economy strongly support denial of Ciba's Motion, so

that this Court and the New York court will not be required to decide precisely the same breach

of contract issue.  As explained above, prosecution of Ciba's tortious interference claim against

Hercules is wholly dependent upon Ciba's ability to prove its breach of contract claim against

Cytec, and in the event Ciba cannot establish that claim against Cytec, the tortious interference

claim against Hercules will be rendered moot.  It would be contrary to principles of judicial

economy for this Court to decide an issue that Ciba itself has agreed should be heard exclusively

in New York, and that Ciba will need to bring against Cytec, if at all, in New York.

Proceeding with the tortious interference claim in Delaware also raises the very

real prospect of conflicting rulings by this Court and the New York court as to whether Cytec

breached the contract.  On the other hand, if this Court denies the Ciba Motion, Ciba is free to

bring the closely-related breach of contract and tortious interference claims in New York, where

they can be decided in one proceeding, and the risk of conflicting findings will be eliminated.

8

Ciba may argue that judicial economy will be better served by maintaining this case in Delaware where the patent claims are pending against Cytec and Hercules.[1]  But the existence of purportedly related litigation does not warrant retaining this case in Delaware, particularly here, where the *genuinely* related litigation – the breach of contract claim against Cytec – can go forward exclusively in New York.[2]  As explained in Cytec's Opposition, Ciba's pending patent infringement claims are wholly independent of the proposed breach of contract and tortious interference claims -- both factually and legally -- and, therefore, the pendency of the patent claims provides no support for allowing Ciba to amend its complaint to add the unrelated contract claims to this action.  Equally important, the tortious interference claim includes as an element the breach of contract claim that must go forward, if at all, in New York.  Thus, the tortious interference claim is closely tied to the breach of contract claim, and has little connection with the patent claims.  Under these circumstances, there is no persuasive justification for requiring Hercules to litigate the tortious interference claim in Delaware simply because Ciba has the unrelated patent claims pending before this Court.  Instead, the contract claims should be resolved together by a New York court, if Ciba chooses to bring them at all.

_____

[1] Ciba may also argue that Delaware is a suitable forum for Hercules because it is incorporated in Delaware.  Such an argument should be given little consideration when an alternative forum is more convenient and has more substantial connections with the litigation.  *See APV North America v. Sig Simonazzi North America*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (holding that both parties' incorporation in Delaware would not prevent transfer where an alternative forum had more connections with the litigation); *Mentor Graphic Corp. v. Quickturn Design Systems, Inc.*, 77 F. Supp. 2d 505, 509 (D. Del. 1999) (transferring venue to the Northern District of California even though both parties were incorporated in Delaware and some important witnesses were located in France).

[2] The Court has transferred cases to other jurisdictions that more appropriately should hear them, even where litigation in Delaware actually is related to the transferred case. *See, e.g., The Original Creatine Patent Co., Ltd. v. Kaizen*, C. A. No. 02-471-SLR, 2003 U.S. Dist. LEXIS 988, at *11 (D.Del. Jan. 22, 2003) (granting the defendant's motion to transfer despite the plaintiff having had three other cases involving the same patents pending before this District) (Exhibit F hereto).

Moreover, as mentioned above, Hercules concedes that it is subject to personal jurisdiction in the state and federal courts in New York for purposes of this matter, and would not contest such jurisdiction in the event that Ciba brought the proposed breach of contract and tortious interference claims against Cytec and Hercules in New York. Thus, Cytec is perfectly able to bring an action in New York against Cytec and Hercules if it chooses to do so.

> 2. The Amendment Should Not Be Allowed Because It Would Result in Undue Prejudice to Hercules and Be Contrary to the Interests of Justice.

The general rule that leave to amend the complaint should be freely given does not apply under the present circumstances, because the amendment would cause undue prejudice to Hercules and the interests of justice would not be served by allowing Ciba to interject the tortious interference claim into this action. *See Fed. R. Civ. P.* 15(a); Ciba Opposition p. 5.

Leave to amend a complaint is not "automatic," and "the liberal policy of granting leave to amend must not be interpreted to permit amendment without restraint." *Isco Int'l, Inc. v. Conductus, Inc.,* C. A. No. 01-487-GMS, 2002 U.S. Dist. LEXIS 21706, at *3 (D. Del. Nov. 8, 2002) (citing *Agere Sys. Guardian Corp. v. Proxim, Inc.,* 190 F. Supp. 2d 726, 732 (D. Del. 2000 (Exhibit G hereto))). Rather, "the decision of whether to grant or deny leave to amend a pleading is fully within the discretion of the court." *Id.* at *4. "[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton v. NCAA,* 252 F.3d 267, 273 (3d Cir. 2001) (affirming denial of leave to amend); *see also United States v. New Castle County,* 116 F.R.D. 19, 24 (D. Del. 1987) ("Prejudice to the non-moving parties represents the touchstone for denial of leave to amend.") In determining whether to deny leave to amend the complaint, the court will "focus on the hardship to the defendants if the amendment were permitted." *Id.*

10

Assuming that the Court will uphold the Consent to Jurisdiction provision in the Asset Purchase Agreement, Hercules should not in fairness be required to defend the tortious interference claim in this action, while the closely-related breach of contract claim against Cytec must go forward, if at all, in a court in New York. Rather, Ciba should be required to bring its related claims against both Cytec and Hercules in New York, so that they may be heard by a single trier of fact. If Ciba's motion were granted as to the tortious interference claim, the jury in this case would be asked to determine whether Cytec breached the contract, but it would not be asked to determine Cytec's liability for any breach, as the tortious interference claim is asserted against Hercules only. This circumstance would cause undue prejudice to Hercules, and likely would engender confusion for the jury. In such a scenario, the jury quite possibly would make an unwarranted negative interference that Hercules, rather than Cytec, bears total responsibility for any alleged breach by Cytec. This negative inference might cause further prejudice and hardship to Hercules by placing it in an unfairly negative light not only as to the tortious interference claim, but also as to the patent infringement claims. The interests of justice would be far better served, and the prejudice and hardship to Hercules reduced, by requiring Ciba to bring all of its contract claims in New York, the venue it chose in the Asset Purchase Agreement and its "home turf".

If the Court denies the Ciba Motion, Ciba will suffer little if any prejudice. Ciba cannot reasonably contend that New York is an inconvenient forum. Ciba is a New York corporation, has its headquarters in Tarrytown, New York, and has consented to (and presumably insisted upon) vesting exclusive jurisdiction in the New York courts

**Redacted**

*See* Section 9.08 of the Asset Purchase Agreement; Proposed First

11

Amended Complaint ¶1.  Because the breach of contract and tortious interference claims involve overlapping factual and legal issues, Ciba will need to conduct little, if any, additional discovery in a New York tortious interference case against Hercules that will not already be required in any breach of contract case there against Cytec.  In fact, it would be far more efficient for Ciba to prosecute the breach of contract and tortious interference claims together in one forum, rather than splitting them apart and instituting separate proceedings in two different jurisdictions.  Moreover, as the contract claims are factually and legally distinct from the patent infringement claims, Ciba will suffer no prejudice by bringing the contract claims against Hercules and Cytec in New York, while prosecuting the patent claims here.  Finally, as previously mentioned, Hercules agrees that it is subject to personal jurisdiction in New York for purposes of this matter, and will not contest personal jurisdiction there in the event Ciba brings its tortious interference claim against it in the state or federal court in New York.

In short, if the Court denies the Ciba Motion, Ciba can still be afforded the opportunity to obtain complete relief from Hercules and Cytec, assuming Ciba is ultimately successful in any litigation against them in New York.  *See L. D. Schreiber Cheese Co., Inc. v. Clearfield Cheese Co., Inc.*, 495 F. Supp. 313, 316 (W.D. Pa. 1980) (explaining that "we fail to see how denial of this motion would unduly prejudice the plaintiff" since plaintiff can still obtain complete relief even if motion to amend the complaint is denied).  At the same time, Hercules will avoid undue prejudice if the Ciba Motion is denied, and Ciba is required to bring its contract claims together, if anywhere, in New York.

12

## CONCLUSION

The Court should deny Ciba's Motion in all respects.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
Neal Seth
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, DC 20005-3315
(202) 408-4000

Dated: July 15, 2005

   Public Version Dated:

July 22, 2005

By: _____
W. Harding Drane (#1023)
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000

*Attorneys for Defendant*
*Hercules Incorporated.*

13

## IIN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, W. Harding Drane, Jr., hereby certify that on July 22, 2005, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899

I hereby certify that on July 22, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY  10022

Richard L. Horwitz
W. Harding Drane, Jr.
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
Telephone:   (302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
dmoore@potteranderson.com

672306