## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS
CORPORATION,
                                        )
                                        )
                    Plaintiff,          )   C. A. No. 04-293 (KAJ)
                                        )
            v.                          )   **HIGHLY CONFIDENTIAL –**
                                        )   **SUBJECT TO PROTECTIVE**
HERCULES INCORPORATED and               )   **ORDER AND FILED UNDER**
CYTEC INDUSTRIES, INC.,                  )   **SEAL**
                                        )
                    Defendants.         )

## DEFENDANT CYTEC INDUSTRIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND

POTTER ANDERSON & CORROON LLP
W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000

*Attorneys for Defendant*
*Cytec Industries, Inc.*

OF COUNSEL:
Thomas L. Creel, P.C.
Marta E. Gross
Goodwin Procter LLP
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 813-8800

Dated:        July 15, 2005

Public Version Dated:  July 22, 2005

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................ 2

STATEMENT OF RELEVANT FACTS .................................................................. 2

SUMMARY OF ARGUMENT .................................................................................. 3

ARGUMENT ............................................................................................................... 5

I.    CIBA'S MOTION FOR LEAVE TO AMEND TO PLEAD ITS BREACH OF
      CONTRACT CLAIM IN THIS COURT IS A VIOLATION OF THE FORUM
      SELECTION CLAUSE OF THE ASSET PURCHASE AGREEMENT AND SHOULD
      BE DENIED ON THAT BASIS ALONE .......................................................... 5

II.   CIBA'S MOTION SHOULD ALSO BE DENIED SINCE IT IS BROUGHT TO SEEK
      A TACTICAL ADVANTAGE IN THE PENDING PATENT INFRINGEMENT
      LITIGATION - NOT TO RESOLVE A CONTRACT CLAIM ......................... 9

III.  CIBA'S MOTION TO ADD A TORTIOUS INTERFERENCE CLAIM AGAINST
      HERCULES SHOULD BE DENIED BECAUSE THE TORT CLAIM IS UNRELATED
      TO THE PATENT INFRINGEMENT CLAIM BUT IS SUBSTANTIALLY RELATED
      TO CIBA'S BREACH OF CONTRACT CLAIM AGAINST CYTEC AND CAN BE
      RAISED IN THE NEW YORK COURTS .......................................................... 11

IV.   GRANTING CIBA'S MOTION TO AMEND WILL UNDULY PREJUDICE CYTEC
      BUT DENYING THE MOTION TO AMEND WILL NOT PREJUDICE CIBA .......... 13

V.    ADDING THE NEW CLAIMS WILL REQUIRE SUBSTANTIAL NEW DISCOVERY
      WHICH WILL NECESSITATE EXTENDING THE DISCOVERY AND TRIAL
      SCHEDULE ........................................................................................................ 14

CONCLUSION ............................................................................................................ 16

# TABLE OF AUTHORITIES

## Federal Cases

*Agere Sys. Guardian Corp. v. Proxim, Inc.,*
190 F. Supp. 2d 726 (D. Del. 2002) ................................................................................. 12

*Bense v. Interstate Battery Sys. of America, Inc.,*
683 F.2d 718 (2d Cir. 1982) .......................................................................................... 6

*Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,*
690 F.2d 1157 (5th Cir. 1982) ...................................................................................... 9

*DiGiorgio Corp. v. Mendez & Co.,*
230 F. Supp. 2d 552 (D.N.J. 2002) ............................................................................... 12

*Envirolite Enter., Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft,*
53 B.R. 1007 (S.D.N.Y. 1985) .................................................................................... 6, 9

*Foman v. Davis,*
371 U.S. 178 (1962) ...................................................................................................... 9

*Hunt v. Stryker Corp.,*
No. 03 Civ. 7385 (RWS), 2004 WL 502186 (S.D.N.Y. Mar. 10, 2004) ...................... 12

*John Wyeth & Brother Ltd. v. Cigna Int'l Corp.,*
119 F.3d 1070 (3d Cir. 1997) ........................................................................................ 6

*L.D. Schreiber Cheese Co. v. Clearfield Cheese Co.,*
495 F. Supp. 313 (W.D. Pa. 1980) ............................................................................... 14

*Millgard Corp. v. E.E. Cruz/Nab/Frontier-Kemper,*
No. 99 Civ 2952 LBS, 2002 WL 31812710 (S.D.N.Y. Dec. 12, 2002) ........................ 9

*Oneida Indian Nation v. County of Oneida,*
199 F.R.D. 61 (N.D.N.Y. 2000) ................................................................................... 10

*State Trading Corp. of India Ltd. v. Assurancefoeningen Skuld,*
921 F.2d 409 (2d Cir. 1990) .......................................................................................... 9

*TruePosition, Inc. v. Allen Telecom, Inc.,*
No. C.A. 01-823 GMS, 2003 WL 151227 (D. Del. Jan. 21, 2003) ............................. 12

**State Cases**

*Elia Corp. v. Paul N. Howard Co.*,
  391 A.2d 214 (Del. Super. Ct. 1978) ........................................................ 7

*Irvin Indus., Inc. v. Gateway Indus., Inc.*,
  No. 1268 CIV. A. 1975, 1978 WL 194996 (Del. Super. Ct. Apr. 26, 1978) ........................... 12

*Issen & Settler v. GCS Enter., Inc.*,
  1981 WL 15131 (Del. Ch. Dec. 7, 1981) ..................................................... 12

*Outokumpu Eng'g Enter., Inc. v. Kvaerner EnviroPower, Inc.*,
  685 A.2d 724 (Del. Super. Ct. 1996) ......................................................... 7

# INTRODUCTION

Defendant Cytec Industries, Inc. ("Cytec") respectfully submits this Memorandum in Opposition to Plaintiff Ciba Specialty Chemicals Corporation's ("Ciba") Motion for Leave to Amend ("Ciba Motion"). In its proposed First Amended Complaint, Ciba seeks to add two new counts: (1) a breach of contract claim against Cytec; and (2) a tortious interference claim against Hercules for inducing the alleged breach of contract.

The Motion to add the breach of contract claim against Cytec should be denied because Ciba and Cytec agreed in the contract that any claim for breach is in the exclusive jurisdiction of the New York courts. Ciba has not even attempted to explain why the claim was not brought in New York. Ciba appears to be seeking to add the breach of contract claim in Delaware to gain a tactical advantage in its patent infringement claim before a jury.

The Motion to add the tortious interference claim against Hercules should be denied because breach of contract is an element of proof in both Ciba's tortious interference with contract claim and its contract claim against Cytec. As the contract claim is within the exclusive jurisdiction of the New York courts, the interest of judicial economy dictates that the Delaware and the New York courts should not try the same issue, particularly when both Cytec and Hercules are subject to suit in New York. The Delaware and the New York courts also should not try the same issue because there could be conflicting findings and judgments.

Additionally, neither claim should be added because each of them introduces new issues not present in the patent infringement litigation and will require substantial new discovery. This cannot be completed in the three months of discovery remaining. Finally, adding the claims will unduly prejudice Cytec and Hercules and not adding them will not prejudice Ciba.

## NATURE AND STAGE OF THE PROCEEDINGS

Ciba filed its original action against Defendants for patent infringement on May 7, 2004. (D.I. 1.) On December 20, 2004, the Court entered a Scheduling Order allowing ten months for discovery and setting a discovery cut-off of October 31, 2005. (D.I. 23.) Trial is scheduled to commence on August 14, 2006. (D.I. 23.) On June 24, 2005, more than fourteen months after Ciba filed its initial Complaint and with only four months remaining for discovery, Ciba filed the instant Motion to Amend. (D.I. 74.)

## STATEMENT OF RELEVANT FACTS

This action arises out of patents developed by Cytec that were subsequently sold to Ciba. On August 31, 2000, Cytec, Cytec Technology Corp. and Ciba Specialty Chemicals Water Treatments, Inc. entered into an Asset Purchase Agreement in connection with Cytec's sale of certain portions of Cytec's business to Ciba, including the patents-in-suit ("Asset Purchase Agreement").[1] Cytec and Ciba bargained for provisions in the Asset Purchase Agreement including, among others, non-competition clauses that restrict Cytec, for a period of five years from the closing date, from engaging in certain activities — for example, research and development — but permit Cytec, *inter alia*, to manufacture for distributors or resellers (so-called toll manufacturing) products of the type at issue in the patent infringement claim. (Ex. A, Asset Purchase Agreement at § 5.23.) Cytec and Ciba also bargained for a forum selection clause whereby they agreed that ". REDACTED

REDACTED                           ." must be brought in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, New York

---

[1]      A copy of relevant portions of the Asset Purchase Agreement are attached as Exhibit A hereto.

County. (Ex. A, Asset Purchase Agreement at § 9.08.)

The non-competition restrictions will expire on November 1, 2005. According to Ciba's Complaint, Ciba has known since at least November 1, 2002 that Cytec has toll manufactured the PerForm® product for Hercules. To conduct the permitted toll manufacturing for Hercules, Cytec scaled-up for the production of the PerForm® product in one of its plants. In so doing, Cytec has conducted activities permitted under the non-competition clauses but has not engaged in research and development or any other activities restricted by the non-competition clauses.

## SUMMARY OF ARGUMENT

This Court should deny Ciba's motion for leave to amend its original Complaint. The rule that leave to amend a pleading "shall be freely given when justice so requires" does not dictate otherwise. This is because Ciba has expressly agreed to submit to the exclusive jurisdiction of the New York courts the very claims that it now seeks to add to this action in the District of Delaware.

In its brief in support of its Motion, Ciba omits a key provision of the Asset Purchase Agreement – the forum selection clause – that mandates that all claims " **REDACTED** " the Asset Purchase Agreement must be brought in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, New York County. Ciba ignores the forum selection clause and offers no excuse or explanation for its failure to pursue the breach of contract claim against Cytec in the New York courts. Cytec has not waived its rights under the forum selection clause and will be unduly prejudiced if it is forced to litigate Ciba's contract claim in a patent infringement case in the District of Delaware and is deprived of the benefit of its bargain to have any such contract claims determined by New York courts applying New York law.

Ciba's Motion should also be denied because it is brought merely to gain a tactical

3

advantage in the patent infringement litigation. Ciba apparently wants to try to convince the Delaware jury in the patent case that Cytec is a company whose word cannot be trusted and that Hercules was an instigator in causing Cytec to breach its agreement. Even if this were true — but it is not — these allegations have nothing to do with the issues that the trier of fact must resolve in the patent infringement claim. And Ciba has not even attempted to demonstrate why its bargained-for agreement to resolve these contract issues in New York should not be enforced as written.

The Court should also deny Ciba leave to plead its tortious interference with contract claim against Hercules in this action. This claim is also not related to the patent infringement claims, but rather is substantially related to Ciba's contract claim against Cytec. In order to prevent the risk of inconsistent results and duplicative litigation, the two claims should be tried together, if at all, in the New York courts.

Finally, the motion should be denied because the claims will add new issues on which discovery cannot be completed under the current discovery schedule.

In short, Ciba asks the Court's leave to amend its original complaint to add a breach of contract claim in violation of Ciba's express contractual obligations. Moreover, the breach of contract claim and the tortious interference with contract claim against Hercules are closely intertwined with each other but have nothing in common — legally or factually — with the patent infringement claims in the original complaint. Ciba's Motion is a tactical ploy to tip the scales in this litigation in favor of Ciba by injecting unrelated claims through which Ciba will attempt to cast Cytec in an unflattering light before the jury as a business that does not keep its word and Hercules as someone who encourages and promotes this. Such strategic amendments to pleadings do not serve the interests of justice and should be denied.

4

## ARGUMENT

I.  **CIBA'S MOTION FOR LEAVE TO AMEND TO PLEAD ITS BREACH OF CONTRACT CLAIM IN THIS COURT IS A VIOLATION OF THE FORUM SELECTION CLAUSE OF THE ASSET PURCHASE AGREEMENT AND SHOULD BE DENIED ON THAT BASIS ALONE**

Ciba seeks to amend its pleadings to add a breach of contract claim that alleges that Cytec is in violation of the non-compete clauses of the Asset Purchase Agreement "through its activities relating to the PerForm® products." (D.I. 74, Ciba Motion, Ex. B (Proposed First Amended Compl.) at Claim II.)  In its Motion, Ciba cited to the Court the specific provisions of the Asset Purchase Agreement that Cytec allegedly has violated and that call for the application of New York law to Ciba's new claims.  *Id.*  Ciba's Motion, however, tells the Court only half of the story.

The half that Ciba omitted is that Ciba and Cytec expressly agreed that any action to enforce any provision of the Asset Purchase Agreement is subject to the *exclusive jurisdiction of the New York courts*.  The Asset Purchase Agreement contains a forum selection clause whereby any suit "**REDACTED** " or " **REDACTED** " by the Asset Purchase Agreement must be brought either in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, New York County.  (Ex. A, Asset Purchase Agreement at § 9.08.)  Specifically, Section 9.08 of the Asset Purchase Agreement states in relevant part:

**R E D A C T E D**

5

*Id.* (emphasis added). The forum selection clause indisputably applies to the actions of Ciba, as the provision affirmatively calls for the party commencing the action — here, Ciba — to do so only in one of two New York courts:

**R E D A C T E D**

*Id.* (emphasis added).

Any attempt by Ciba to raise claims relating to the Asset Purchase Agreement in the District of Delaware is an improper violation of the forum selection clause in the Asset Purchase Agreement. Ciba cannot dispute that the claims it seeks to add here constitute a ": **REDACTED**

   **REDACTED**                ?" the Asset Purchase Agreement. Instead, Ciba wants to have it both ways, invoking those portions of the Asset Purchase Agreement that suit Ciba's purposes — such as the non-compete provisions and the provision that New York law will apply to these claims — but ignoring other portions of the Asset Purchase Agreement that bind Ciba to litigate these claims, if at all, in the courts of New York.

Ciba has not pointed to any reason that the forum selection clause should not be enforced. There is none. Forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Envirolite Enter., Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft*, 53 B.R. 1007, 1012 (S.D.N.Y. 1985) (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972)); *see also John Wyeth & Brother Ltd. v. Cigna Int'l Corp.,* 119 F.3d 1070, 1076 (3d Cir. 1997) (enforcing forum selection clause in insurance policy relating to product liability claims); *Bense v. Interstate Battery Sys. of America, Inc.,* 683 F.2d 718, 721 (2d Cir. 1982) (applying forum selection clause

6

in distributorship agreement to antitrust claim); *Outokumpu Eng'g Enter., Inc. v. Kvaerner EnviroPower, Inc.*, 685 A.2d 724, 733 & n.5 (Del. Super. Ct. 1996) (noting that absent a showing that the party seeking a different forum "will for all practical purposes be deprived of his day in court" or that clause was invalid for reasons such as fraud, forum selection clauses are "presumptively valid" and should be enforced); *Elia Corp. v. Paul N. Howard Co.*, 391 A.2d 214, 216 (Del. Super. Ct. 1978) ("Such an agreement [forum selection clause] is unreasonable only when its enforcement would, under the circumstances then existing, seriously impair the plaintiff's ability to pursue his cause of action."). For example, in *Elia Corp.*, 391 A.2d at 216, the Superior Court of Delaware granted the defendant's motion to dismiss the complaint on the basis of a forum selection clause that provided that any legal action relating to the operative contract between the parties should be brought in North Carolina. The court explained that "even though venue is proper where suit is filed and a court of competent jurisdiction exists, that court should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." *Id.* That is precisely the situation here.

Nor has Ciba even attempted to demonstrate that it would be unreasonable for Ciba to bring these claims in the New York courts as it promised. There is simply no plausible basis to believe that Ciba cannot have its day in court on the contract claim in the New York courts. Indeed, Cytec also agreed to the exclusive jurisdiction of the New York courts and thus cannot object to jurisdiction in New York. And any financial burden on Ciba from bringing the contract claim in the New York courts is no greater for Ciba than Cytec and is what the parties presumably took into account when they bargained for the forum selection clause in the first place.

7

Even if Ciba were not contractually obligated under the forum selection clause to litigate

these claims in the New York courts — but it is — there is no compelling reason to litigate

Ciba's contract claim in this patent infringement action. The breach of contract claim that Ciba

seeks to add to this litigation has nothing in common with the patent infringement claim pleaded

in the original complaint. The breach of contract claim (and the closely related tortious

interference with contract claim against Hercules) involves different legal and factual issues from

those at issue in the patent infringement claim. For example, whether or not Cytec has breached

the non-compete provisions of the Asset Purchase Agreement depends on a number of legal and

factual issues, *inter alia*, for example, what Cytec actually did in connection with toll

manufacturing a product for and selling product to Hercules, and whether Cytec's conduct in toll

manufacturing a product for Hercules constitutes ". **REDACTED**          " as that term is

used in the non-compete provisions, or instead simply the usual adaptation of a process that

occurs when a process for manufacturing a product is scaled up and implemented in commercial

production in a large-scale manufacturing plant that is different from the small-scale production

used to initially develop and test the product. These legal and factual issues are entirely different

from the ones involved in a determination of the patent infringement claim, among them, for

example, the underlying technology of the paper-making process in general and of anionic

polymer microbeads and microparticles in particular, the nature of the accused Hercules product

and whether it is cross-linked, the inventions claimed in U.S. Patent No. 5,167,766 (the "'766

patent") and U.S. Patent No. 5,171,808 (the "'808 patent"), and what is prior art to these patents.

The issues of breach of contract and patent infringement are, for all practical purposes, like two

ships passing in the night. The finder of fact on the issue of contract breach does not need to be

concerned with the patents, for example, or the prior art, and the finder of fact on the patent

infringement issues has no need to be concerned with the details of scaling up and implementing

a process for commercial plant manufacturing. Whether or not the patents are infringed by the

Hercules product is a different question from whether or not Cytec breached the non-compete

provisions of the Asset Purchase Agreement, or whether or not Hercules induced a breach.

In sum, Ciba cannot plausibly contend that Section 9.08 of the Asset Purchase Agreement

is invalid or unenforceable.[2] Section 9.08 was entered into in an arm's-length negotiation by

experienced and sophisticated business entities. It should be honored by the parties to the

Agreement and enforced by the Court. On this basis alone, Ciba's Motion should be denied.

## II.    CIBA'S MOTION SHOULD ALSO BE DENIED SINCE IT IS BROUGHT TO SEEK A TACTICAL ADVANTAGE IN THE PENDING PATENT INFRINGEMENT LITIGATION - NOT TO RESOLVE A CONTRACT CLAIM

The Court should also deny Ciba's Motion because Ciba has acted simply to gain a

strategic advantage. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Millgard Corp. v. E.E.*

*Cruz/Nab/Frontier-Kemper*, No. 99 Civ. 2952 LBS, 2002 WL 31812710, at *5 (S.D.N.Y. Dec.

12, 2002) (Exhibit B hereto). Strategic pleading to gain a tactical advantage "is not encouraged

even under the liberal standard of Rule 15." *Millgard*, 2002 WL 31812710, at *5. *See also State*

*Trading Corp. of India Ltd. v. Assurancefoeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990)

(denying leave to amend when party requesting amendment made tactical decision by not

pleading foreign law earlier); *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d

1157, 1164 (5th Cir. 1982) (noting that "it is improper to amend solely to gain a tactical

---

[2]    Ciba has not made any allegations that the parties to the Asset Purchase Agreement waived the contractual forum selection clause, or that the forum selection clause was a product of fraud or coercion and is thus invalid as a matter of contract law. *See Envirolite*, 53 B.R. at 1012. It would be difficult for Ciba to make such an argument at the same time it seeks to enforce the Asset Purchase Agreement in its breach of contract claim against Cytec. In addition, it is very likely that Ciba itself sought the provision for an exclusive New York venue since Ciba is a New York corporation with its principal place of business in New York.

advantage."). Ciba's motion is a thinly-veiled attempt at gaining an unfair strategic advantage by inaccurately casting Cytec in an unflattering light in front of the jury as a company that does not keep its word and casting Hercules as someone who assists and promotes this activity.

Ciba's tactical game is most apparent in its complete disregard of its longstanding obligation under the Asset Purchase Agreement to litigate these claims in the courts of New York. Ciba has shifted 180 degrees from the parties' bargain in August 2000 to its position now. This Court cannot allow Ciba to execute a strategy of picking and choosing among the provisions of the Asset Purchase Agreement that will be enforced. *Cf. Oneida Indian Nation v. County of Oneida,* 199 F.R.D. 61, 80 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage, also supports a finding that such an amendment is made in bad faith.")

In *Oneida,* several Native American tribes brought a land claim action against the state counties that had alleged acquired tribal lands. Many years later, the Native American tribes sought to amend their complaint in order to, *inter alia,* add a class of private landowners who had been residing on the property for thirty years with the Native American tribes' blessing. The court found that the Native American tribes' motion to amend the complaint to add the private landowners was such a "drastic change of heart" as to constitute bad faith. 199 F.R.D. at 81, 82, and 85.

Like the Native American tribes in *Oneida,* Ciba cannot have it both ways. Ciba bound itself to each and every term contained in the Asset Purchase Agreement (including the forum selection clause). Ciba cannot now invoke the provisions in the Agreement that further its strategy while ignoring those provisions that bind Ciba to litigate claims arising out of the Agreement, if at all, in the courts of New York.

Ciba's stratagem is also apparent in its failure to acknowledge that the parties bargained for contractual provisions in the Asset Purchase Agreement that permit the Cytec activities that Ciba now claims are "improper." Specifically, under Section 5.23 of the Asset Purchase Agreement, Cytec is permitted to toll manufacture products for others. This is exactly what Cytec has been doing. As Ciba is well aware, the toll manufacturing of the PerForm® products involved the scaling up of a process in addition to adjusting the process to the conditions of an existing plant. Such activities are distinctly different from the research and development of new products.

III.   **CIBA'S MOTION TO ADD A TORTIOUS INTERFERENCE CLAIM AGAINST HERCULES SHOULD BE DENIED BECAUSE THE TORT CLAIM IS UNRELATED TO THE PATENT INFRINGEMENT CLAIM BUT IS SUBSTANTIALLY RELATED TO CIBA'S BREACH OF CONTRACT CLAIM AGAINST CYTEC AND CAN BE RAISED IN THE NEW YORK COURTS**

Ciba's Motion to add a tortious interference claim against Hercules should be denied as well. As with the breach of contract claim, the tort claim has nothing in common with Ciba's patent infringement claims. By contrast, Ciba's tort claim shares a common nucleus of legal issues and facts with Ciba's breach of contract claim. In order to preserve judicial resources and prevent the risk of inconsistent results, the two claims should be tried together, if at all, in the New York courts, where both Cytec and Hercules are subject to suit.[3]

Ciba's claim that Hercules tortiously interfered with the contractual relations between Ciba and Cytec requires that Ciba prove the following elements: (1) the existence of a contractual relationship; (2) intentional and malicious interference with that contractual relationship; (3) the loss or breach of the contract as a result of the interference; and (4) damages

---

[3]   It is Cytec's understanding that Hercules is and will agree to be subject to the New York court's jurisdiction.

resulting from the interference. *See DiGiorgio Corp. v. Mendez & Co.,* 230 F. Supp. 2d 552, 558 (D.N.J. 2002) (citing to *Printing Mart-Morristown v. Sharp Electronics Corp.,* 563 A.2d 31, 37 (N.J. 1989)); *see also TruePosition, Inc. v. Allen Telecom, Inc.,* No. C.A. 01-823 GMS, 2003 WL 151227, at *2 (D. Del. Jan. 21, 2003) ("Without a breach [of the contract], there is no viable tortious interference claim") (Exhibit C hereto).  It is indisputable that the elements of Ciba's tort claim have nothing to do with the issues of patent infringement in Ciba's original complaint but are closely intertwined with the legal and factual issues of Ciba's breach of contract claim against Cytec.

The close nexus between the contract breach and tort claims means that litigating Ciba's breach of contract claim against Cytec in New York, as required under the Asset Purchase Agreement, and Ciba's claim of tortious interference against Hercules in this Delaware action would run the serious risk of conflicting results and should be avoided as a waste of judicial resources. *See generally, Agere Sys. Guardian Corp. v. Proxim, Inc.,* 190 F. Supp. 2d 726, 732 (D. Del. 2002) (explaining courts' general preference "to resolve disputes comprehensively and on the merits"); *Issen & Settler v. GCS Enter., Inc.,* 1981 WL 15131, at *4 (Del. Ch. Dec. 7, 1981) (denying motion to vacate stay, explaining that "if this Court vacated the stay and allowed the two suits to proceed simultaneously, there exists the possibility of inconsistent results.  This is clearly contra to the concepts of judicial economy and substantial justice.") (Exhibit D hereto); *Irvin Indus., Inc. v. Gateway Indus., Inc.,* No. 1268 CIV. A. 1975, 1978 WL 194996, at *3 (Del. Super. Ct. Apr. 26, 1978) (granting motion to stay proceedings in state court until resolution of similar issues in federal case, explaining that "[o]ne trial of both causes of action promotes economy and fairness to the litigants") (Exhibit E hereto); *Hunt v. Stryker Corp.,* No. 03 Civ. 7385 (RWS), 2004 WL 502186, at *4 (S.D.N.Y. Mar. 10, 2004) (granting motion for joinder,

12

noting that "such dual litigation could result in unnecessary expense and conflicting results. Moreover, the Court finds that multiple suits would constitute a clear waste of judicial resources particularly as common questions of fact would necessitate utilizing the same witnesses and documents in both cases.") (Exhibit F hereto). The common questions of fact mean that many of the same witnesses and documents will be utilized as proof of these claims, and the defenses of Cytec and Hercules may also overlap because each will challenge Ciba's assertion that Cytec's conduct in toll manufacturing product for Hercules constitutes a breach of the Asset Purchase Agreement. For these reasons, judicial resources would be better utilized by hearing all claims in the forum agreed to by Cytec and Ciba under the Asset Purchase Agreement – and where Hercules is also subject to suit —the New York courts.

## IV.    GRANTING CIBA'S MOTION TO AMEND WILL UNDULY PREJUDICE CYTEC BUT DENYING THE MOTION TO AMEND WILL NOT PREJUDICE CIBA

Cytec will be unfairly prejudiced if leave to amend is granted and it must defend the contract claim subject to New York law in the midst of a patent infringement claim in the District of Delaware. The patent infringement case will end up becoming a side show of Cytec's scale-up activities, which have nothing to do with the patent infringement allegations. Cytec will be deprived of the benefit of its bargain for the forum selection clause without any compelling reason for the selective enforcement of the provisions of the Asset Purchase Agreement.

Cytec will also be unduly prejudiced if Ciba is denied leave to add the breach of contract claim but granted leave to add the tortious interference claim against Hercules. As noted earlier, Ciba's claim against Hercules includes as an element of proof a breach of contract. Thus, Ciba would still gain the unfair tactical advantage of attempting to cast Cytec in a bad light as a

13

company that does not keep its word. Cytec would be unfairly prejudiced because Cytec could not defend against Ciba's allegations of breach in a claim brought against Hercules.

If the Court denies Ciba's Motion, however, Ciba will not be unduly prejudiced. Ciba will still be afforded its day in court. *See L.D. Schreiber Cheese Co. v. Clearfield Cheese Co.*, 495 F. Supp. 313, 316 (W.D. Pa. 1980) (explaining that "we fail to see how denial of this motion would unduly prejudice the plaintiff" since plaintiff can still obtain complete relief even if motion to amend the complaint is denied). As discussed previously, Ciba can bring its breach of contract claim against Cytec in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York, New York County, pursuant to Section 9.08 of the Asset Purchase Agreement. Ciba can also sue Hercules on the closely related tortious interference with contract claim in the same court. Ciba cannot be prejudiced by having to litigate these claims in the same court that it bargained for in the Asset Purchase Agreement. As there is no risk of prejudice to Ciba and the interests of justice will be served by requiring that Ciba bring these claims, if at all, in the New York courts, Ciba's Motion should be denied.

## V.   ADDING THE NEW CLAIMS WILL REQUIRE SUBSTANTIAL NEW DISCOVERY WHICH WILL NECESSITATE EXTENDING THE DISCOVERY AND TRIAL SCHEDULE

Ciba brings the instant Motion after seven months of the ten-month discovery period have expired and with just a few months of discovery remaining. Ciba's assertion that "there is ample opportunity for any discovery that is required for the issues raised by the proposed amendments" rings hollow. (D.I. 74, Ciba Motion at 5.) Ciba fails to provide the Court with any indication as to the number of witnesses or volume of additional documents that will be required if Ciba's Motion is granted. This is no small matter because Ciba's proposed amendments are not merely additional claims or legal theories related to the patent infringement that can be easily

be discovered within the remaining three months of the discovery period. Instead, Ciba's proposed amendments raise entirely new and separate claims based on unrelated facts and events, and will require Cytec and Hercules to develop entirely new additional defenses. For example, at least the following new issues are raised and will require new document and disposition discovery: was the work undertaken by Cytec allowing scale-up for toll manufacturing or prohibited research and development; what did the parties to the contract understand the contract terms meant as to what Cytec could and could not do; what, if any, actions did Hercules take to allegedly induce the breach; what did Ciba understand Cytec was to do for Hercules as reflected in the 2002 conversation; and how did that differ, if at all, from what was actually done.

Ciba's proposed amendments break new ground in this case, requiring substantial additional discovery at a point when the discovery period has almost expired, and will necessarily delay the resolution of the patent infringement litigation. Leave to amend should be denied in favor of Ciba bringing these claims, if at all, in the New York courts.

## CONCLUSION

For the reasons set forth above, Cytec respectfully requests that the Court deny Ciba leave to file its First Amended Complaint.

POTTER ANDERSON & CORROON LLP

Dated: July 15, 2005

Public Version Dated:  July 22, 2005

By: _____
W. Harding Drane, Jr. (#1023)
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000

*Attorneys for Defendant Cytec*
*Industries, Inc*

OF COUNSEL:

Thomas L. Creel, P.C.
Marta E. Gross
Goodwin Procter LLP
599 Lexington Avenue
New York, New York  10022
Telephone:  (212) 813-8800

.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, W. Harding Drane, Jr., hereby certify that on July 22, 2005, the attached

document was hand-delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

I hereby certify that on July 22, 2005, I have Federal Expressed the

foregoing document(s) to the following non-registered participants:

Ford F. Farabow, Jr.
Joann M. Neth
A. Neal Seth
Eric J. Fues
Finnegan, Henderson, Farabow, Garrett &
    Dunner, L.L.P.
901 New York Avenue, NW
  Washington, DC 20001-4413

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780


Richard L. Horwitz
W. Harding Drane, Jr.
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
dmoore@potteranderson.com

676169