IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> HERCULES, INC. and CYTEC INDUSTRIES, INC., <br><br> Defendants. | ) <br> ) <br> ) C.A. No. 04-293 (KAJ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) **REDACTED PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF CIBA SPECIALTY CHEMICALS
CORPORATION'S MEMORANDUM IN SUPPORT OF PRIVILEGE
AS DIRECTED BY THE COURT DURING THE JULY 13, 2005 HEARING**

Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Jeffrey L. Moyer (# 3309)
(Moyer@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

OF COUNSEL:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: July 27, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

I.   BACKGROUND ........................................................................................................ 1

II.  ARGUMENT .............................................................................................................. 2

    A.  Communications Relating To Tests For The Purpose Of Obtaining Legal Advice Are Privileged ........................................................................................ 2

    B.  Hercules Has Full Access To The Underlying Technical Information ............ 3

    C.  Hercules Impeachment Argument Is Meritless ................................................ 5

III. CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

Page

*Hercules Inc. v. Exxon Corp.*,
    434 F. Supp. 136 (D. Del. 1977) .................................................................................... 2

*Mead Corp. v. Riverwood Natural Resources Corp.*,
    145 F.R.D. 512 (D. Minn 1992) ..................................................................................... 3

*Rhone Poulenc Rorer Inc. v. Home Indemnity Co.*,
    32 F.3d 851 (3d Cir. 1994) ......................................................................................... 1, 5

*Rohm and Haas Co. v. Brotech Corp.*,
    815 F. Supp. 793 (D. Del. 1993), *aff'd*, 19 F.3d 41 (Fed. Cir. 1994) (TABLE) ....... 3, 5

*U.S. v. Rockwell International*,
    897 F.2d 1255 (3rd Cir. 1990) ....................................................................................... 2

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ............................................................................................. 1, 2, 3

During a hearing on July 13, 2005, this Court directed the parties to submit crossing briefs on whether certain communications with counsel for Ciba that related to evaluating the present lawsuit should be accorded privilege. (*See* hearing transcript at 17-24; Ex. A.) Hercules contended at the hearing that privilege should not be permitted because the communications with counsel involved testing. Upon direction of this Court, Hercules limited its contentions to two questions. The first question concerned "why" certain tests were selected by Ciba in consultation with its attorney. (*See id.* at 17.) The second question went to an attorney-client communication involving certain computations and test results. (*See id.* at 21-22.)

This Court directed Ciba to submit the specific attorney-client communication documents for *in camera* review which are being submitted contemporaneously herewith.

I.   **BACKGROUND**

Hercules deposed Dr. Michael Heard, a Ph.D. chemist from Ciba, for a full day on testing and other technical issues. (*See* Heard Dep. attached as Ex. B.) The examination was unrestricted as to testing, results and procedures employed by Ciba's scientists. Ciba abided by the legal precedent that "privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). As the Supreme Court explained:

> A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge....

*Id.* at 395-396; *see also Rhone Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 862 (3d Cir. 1994).

Hercules was not satisfied with the full disclosure permitted by Ciba of the tests, procedures and results. Hercules insisted on focusing on attorney-client communications that

related to such tests and the evaluation of the present lawsuit conducted by Ciba's counsel, JoAnn Villamizar. Hercules' position during the hearing was that because the attorney-client communications involved testing, Ciba was not entitled to privilege. Hercules' alternative position was that privilege was waived because Hercules believed that the documented communications might serve as impeachment evidence.

## II.  ARGUMENT

The attorney-client privilege is essential for the proper operation of the justice system. *Upjohn v. U.S.*, 449 U.S. at 389. Clients are entitled to rely on the sanctity of privilege. *See Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 144 (D. Del. 1977). The Third Circuit follows Wigmore's privilege test which protects (1) a communication from a client (2) to an attorney (3) containing confidential information (4) and seeking legal advice, (5) with no waiver. *U.S. v. Rockwell Int'l*, 897 F.2d 1255, 1264 (3rd Cir. 1990).

### A.  Communications Relating To Tests For The Purpose Of Obtaining Legal Advice Are Privileged

The communications at issue were communications between a client and attorney for the purpose of evaluating and advising regarding the possibility of bringing legal proceedings against the Defendants. (Heard Dec. at ¶¶2-6; Ex. C)[1] Ciba's lawyer providing legal advice was JoAnn Villamizar. (Heard Dec. at ¶2.) She was asked to advise regarding patent infringement by Defendants' PerForm® product. (*Id.* at ¶2-5.) Such evaluation involved considering and differentiating between various tests and the results as they related to various patents. (*Id.* at ¶5.) This process is very complex and requires legal advice which is sometimes based on highly technical matters.

---

[1] Dr. Heard also testified about the existence of privilege at his deposition. (Heard Dep. at 221-22.)

Knowing what tests were considered relevant by Ciba's counsel and which tests were not would improperly reveal the legal advice and the mental analysis provided by Ciba's counsel. *Upjohn v. U.S.*, 449 U.S. at 390-91 ("The first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant"); *see also Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 520 (D. Minn 1992) (knowing the selection process or the separation of "wheat from chaff" reveals the attorney's opinion). The evaluation and advice concerning this litigation necessarily involved the selection and evaluation of testing information. Though the tests and the related procedures are not privileged as indicated above, the selection process and the tests considered relevant from a legal perspective reveal the essence of legal advice offered by Ciba's attorney. *Rohm and Haas Co. v. Brotech Corp.*, 815 F. Supp. 793, 797 (D. Del. 1993), *aff'd*, 19 F.3d 41 (Fed. Cir. 1994) (TABLE) (attorney evaluations based on provided technical information are privileged).

The documents submitted for *in camera* review are part of the ongoing consultation provided by Ciba's lawyer. What was asked for and what was received from Ciba's scientists is the privileged communication in such process of rendering legal advice. While information within documents may be factual, the facts as incorporated into an attorney communication is what makes the documents privileged just like the Supreme Court observed in the *Upjohn* case. The data requested and selected for analysis is very informative of the mental analysis being performed. Revealing the documents would prejudice Ciba's right to freely seek legal advice and could potentially lead to the improper deposition of Ciba's lawyers relative to the conversations and analysis.

### B. Hercules Has Full Access To The Underlying Technical Information

During the July 13 hearing, the Court asked Hercules to specifically identify its objections. Hercules pointed to two questions. The first question identified by Hercules related

-3-

-4-

to "why" certain tests were performed on certain samples. (Heard Dep. at 82.) Dr. Heard testified at length about such tests, the protocols and the results. (Heard Dep. at 63-99.) The tests and procedures were reflected in a Ciba laboratory notebook and in Hercules' patent application. (*Compare* Heard Dep. at 63 and 87, and the respective deposition exhibits attached as Exs. D and E.) As shown in Exhibit D, four samples were prepared and the raw data was set forth in the laboratory notebook. (Heard Dep. at 64.) Dr. Heard testified that the samples were prepared as set forth in Example 12 of Exhibit E with certain modifications. (*Id.* at 87.) The laboratory notebook calculates the fundamental specific viscosities of 30.4, 30.2, 1.2 and 1.2 for each of the samples. (*See* Ex. D at CIBA 4705-06.) Dr. Heard further testified at length regarding intrinsic viscosities. (*See* Heard Dep. at 230-242.) All of the information regarding the tests and protocols were available to Hercules; however, the "why" impacts the ongoing legal analysis and thinking which is properly protected by privilege.

Relative to the second question cited by Hercules (*Id.* at 260), Hercules erroneously contended at the hearing that Hercules did not know the ppm calculation of Hypermer in the PerForm® product. However, Dr. Heard testified on exactly what was the calculation. (*See id.* at 194-95.) Basically, the calculation converts weight measurements of the ingredients into molar measurements, which is a routine conversion for a scientist. Dr. Heard would have actually typed the numbers into a calculator for Hercules if Hercules had asked, but such exercise was unnecessary in light of Dr. Heard's testimony. Hercules never asked for such calculations. (*See id.* at 194-95)

**REDACTED**

In short, the underlying technical information has been produced to Hercules and Hercules has had an unfettered opportunity to learn any detail regarding such information

-4-

Privileged communications are not breached simply because they involve technical information, especially where the underlying technical information was provided in discovery as occurred here. *Rohm and Haas Co. Brotech Corp.*, 815 F. Supp. at 797.

### C. Hercules Impeachment Argument Is Meritless

Hercules claims that because the requested attorney-client communications are in writing, Hercules is entitled to them apparently for the purposes of impeaching Ciba's witnesses. There is no legally recognized basis to interfere with the attorney client privilege simply because the information might be relevant. As the Third Circuit has explained:

> As the attorney client privilege is intended to assure a client that he or she can consult with counsel in confidence, finding that confidentiality may be waived depending on the relevance of the communication completely undermines the interests to be served

*Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F 3d at 864

In the present case, Hercules has been offered a full opportunity to examine the underlying tests and results. Hercules is not entitled to the attorney-client communications, even if they are in writing and Hercules would prefer such forms of evidence.

### III. CONCLUSION

For the reasons stated above, Ciba requests that this Court uphold its attorney-client privilege and deny Hercules improper attempts to probe such communications.

OF COUNSEL:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

_____
Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Jeffrey L. Moyer (# 3309)
(Moyer@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899-0551
(302) 651-7700

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2005, I electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951

I hereby certify that on July 20, 2005, I have Federal Expressed the document(s) to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY  10022

Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2005, I hand delivered the foregoing Notice of Deposition to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on July 27, 2005, I have Federal Expressed the foregoing Notice of Deposition to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022

/s/ Chad M. Shandler

Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Plaintiff