

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

July 12, 2005

**VIA ELECTRONIC FILING
AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court for the District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:    Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,
             C. A. No.. 04-293(KAJ)

Dear Judge Jordan:

      I write regarding an upcoming teleconference with the Court. We informed both of Ciba's lead and local counsel earlier today of the Court's availability for this teleconference at the following times: July 29, 2005 at 10:00 a.m. or 2:00 p.m., and August 2, 2005 at 2:00 p.m. Ciba's counsel has not responded to our messages. As this dispute involves Ciba's initial expert reports and, hence, Hercules' obligation to potentially file responsive reports on August 19, 2005, Hercules submits this letter with the goal of resolving this dispute as soon as possible. Hercules is available at any of the times suggested by Your Honor's Chambers.

      On July 13, 2005, the Court ordered the parties to file their expert reports on issues where each has the burden on the scheduled date of July 22, 2005. Ciba had sought to extend this period by one month but the Court denied this request.

      On July 22, 2005, Ciba served five expert reports, three of which are defective and should be stricken.[1] Hercules seeks this relief now, rather than later in the proceedings, because waiting would cause the parties unnecessary expense in attempting to respond to the reports and deposing the Ciba experts.

      Ciba's report of John T. Goolkasian (D.I. 103), a patent law expert, violates Your Honor's Standing Order regarding testimony of legal experts. Mr. Goolkasian's report either explains patent law and Patent Office practice, or outlines the prosecution of the patents-in-suit. Both categories are improper under the Court's Standing Order. Ciba apparently contends that Mr. Goolkasian should be allowed to testify about inequitable conduct issues. However, these

---

[1] Hercules reserves the right to challenge the other Ciba reports, from Drs. Robert G. Gilbert and Clarence A. King, at the appropriate time.

The Honorable Kent A. Jordan
July 27, 2005
Page 2

issues will be tried to the Court and Hercules submits that there is no need for a patent law expert on these issues. Of course, if the Court disagrees, Hercules will need to respond to Mr. Goolkasian's report and therefore we approach the Court by letter on this issue now to obtain guidance before the parties spend any more time and effort on patent law expert discovery.

The two remaining reports that Hercules asks be stricken are those of Dr. Norman Wagner (D.I. 107) and Mr. Michael Tate (D.I. 106). Neither of these reports complies with Federal Rule 26(a)(2)(B). Neither offers expert opinions or conclusions or describes the basis for such conclusions. Both appear to be "place holder" reports, designed to serve as a basis for "supplementation." Moreover, the lack of conclusions or bases for conclusions leaves Hercules in an unusual spot – as the party without the burden of proof, there is nothing in these reports for Hercules experts to respond to. Dr. Wagner's report merely recites a litany of tests he may do or areas he may investigate or comment on in the future. Mr. Tate's report merely recites a general legal framework for damages determinations. We should not be required to spend time and money now, when Ciba's reports are designed to grant it the extension Your Honor denied.

It is telling that in Mr. Tate's report he lists hundreds of pages of documents that he has reviewed. Many of those documents provide sales and profit and other information relevant to the damages issues in this case. Hercules' answer to Ciba's Interrogatory No. 17 (served on Ciba on July 11, 2005) lists 62 pages of production documents directed specifically to damages issues. (*See* Ex. A at 5.) Mr. Tate indicates that he reviewed some but not all of these pages, yet his report provides no opinion whatsoever about his opinion on royalty rate, amount of lost profits alleged, and other damages issues. His report ignores totally issues of marking and notice. If he wanted to reserve the right to supplement his report if more information was provided by Hercules after the date of his initial report, that would have been reasonable. Instead, Mr. Tate provided no analysis whatsoever based on the information Ciba had prior to his report, and much of which he conceded he had reviewed.

It is Hercules' position that Ciba, having been denied its requested extension by the Court, has now sought to grant itself such an extension through these totally inadequate reports. Hercules accordingly asks the Court to strike the Goolkasian, Wagner, and Tate reports.

Because Hercules' responsive reports are due August 19, 2005, we have approached the Court through this letter procedure. If the Court believes a more formal Motion to Strike procedure should be followed, we will, of course, follow such a procedure.

Respectfully,

Richard L. Horwitz

690101
Enclosures
cc:    Thomas L. Creel (via facsimile)
       Ford F. Farabow (via facsimile)
       Joann M. Neth (via facsimile)
       Chad M. Shandler (via facsimile)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HERCULES INCORPORATED and ) <br> CYTEC INDUSTRIES, INC., ) <br> ) <br> Defendants. ) | C. A. No. 04-293 (KAJ) <br><br> **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER** |

### HERCULES' RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S THIRD SET OF INTERROGATORIES (NOS. 15-18)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hercules, Incorporated ("Hercules") hereby responds to the Third Set of Interrogatories (Nos. 15-18) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Hercules' responses to these interrogatories, including any documents to be produced, are based upon reasonable and diligent inquiry and the best knowledge or information known or readily available to Hercules as of the date of this response. Further investigation may reveal additional responsive information and documents. Hercules reserves the right to continue discovery and investigation into this matter and to present at trial or otherwise, in accordance with the Federal Rules of Civil Procedure, additional information discovered after the date of this response. Hercules therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.

## GENERAL OBJECTIONS

Hercules adopts and incorporates its General Objections stated in Hercules' Responses and Objections to Plaintiff Ciba Specialty Chemicals Corp.'s First Set of Interrogatories (Nos. 1-9) and Second Set of Interrogatories (Nos. 10-14).

To the extent that any General Objection is cited in response to specific interrogatory, those specific citations are provided because they are believed to be particularly applicable to the interrogatory and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

Hercules further notes that these responses are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Hercules' responses thereto.

## HERCULES' RESPONSES TO CIBA'S INTERROGATORIES

### INTERROGATORY NO. 15

Describe in detail any disagreement Defendants have with the statements made in Ciba's response to Defendants' Interrogatory No. 3, including, but not limited to, all descriptions of the manufacture and use of PerForm® SP, and, to the extent that there is any disagreement, explain what Defendants contend are the accurate facts.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15

Hercules objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules also objects to this interrogatory as vague and ambiguous, as Ciba has not defined "all descriptions of the manufacture and use of PerForm® SP" or provided this information in Ciba's response to Hercules' Interrogatory No. 3. Hercules further objects to this interrogatory as overly broad and unduly burdensome, as it seeks to have Hercules correct the numerous erroneous factual assertions and legal conclusions in Ciba's

2

## INTERROGATORY NO. 17

On a quarterly basis relative to sales of Perform® SP products and any cationic additives made and/or sold by either Defendant in the United States, for each such product, identify the amount of the product delivered, the unit price, the gross sales, the net profit, the associated costs (fixed and variable) and any sales or other discounts, returns and/or allowances, warranty credits or any other credit resulting in a reduction from gross sales and identify all persons having knowledge of such information.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17

Hercules objects to this interrogatory to the extent that it is overbroad and seeks information that is neither relevant to any issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Hercules further objects to this interrogatory as vague, ambiguous, and confusing, as it fails to adequately define terms or the information sought with reasonable particularity.

Subject to and without waiving these objections and its General Objections, and because the burden of deriving or ascertaining the answer to this interrogatory from discoverable documents is substantially the same for Ciba as it would be for Hercules, Hercules has produced and will continue to produce documents regarding the sales of Perform® SP products to the extent they are not objectionable and/or privileged, from which Ciba can derive the answer to this interrogatory. Pursuant to Fed. R. Civ. P. Rule 33(d), Hercules identified representative responsive documents as including HERC0058292; HERC0015204-34; HERC0015615-29; and HERC0015743-57.

Hercules reserves the right to amend or supplement its response to this interrogatory based on further information learned during discovery.

5

## INTERROGATORY NO. 18

Identify each product or process, if any, that any Defendant asserts is an acceptable non-infringing alternative to the products and processes described and claimed in the patents in suit, for each such product or process describe the composition or structure, the price, the commercial availability and the source of such product or process.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18

Hercules objects to this interrogatory to the extent that it is overbroad and seeks information that is neither relevant to any issue in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Hercules further objects to this interrogatory as vague, ambiguous, and confusing, as it fails to adequately define terms or the information sought with reasonable particularity. Hercules further objects to this interrogatory to the extent that it seeks information outside of Hercules' possession, custody, or control.

Subject to and without waiving these objections and its General Objections, Hercules submits the following list of exemplary non-infringing alternatives to the products claimed in the patents-in-suit and/or used in the claimed processes:

| Trade Name | Description | Source |
|---|---|---|
| BMA-0 | Anionic silica sol | Eka Chemicals |
| NP 590 | Anionic silica sol | Eka Chemicals |
| NP 670 | Anionic silica sol | Eka Chemicals |
| NP 780 | Anionic silica sol | Eka Chemicals |
| NP 890 | Anionic silica sol | Eka Chemicals |
| NP 090 | Anionic silica sol | Eka Chemicals |
| NP 200 | Anionic silica sol | Eka Chemicals |
| NP 320 | Anionic silica sol | Eka Chemicals |
| NP 442 | Anionic silica sol | Eka Chemicals |
| CS Series | Cationic starches | Eka Chemicals |
| PL Series | Cationic polyacrylamide | Eka Chemicals |
| ATC Series | Anionic Trash Catchers | Eka Chemicals |
| Hydrocol® series | Bentonite clay | Ciba |
| Particol® series | Anionic silica sol | Ciba |
| MP 810 | Anionic inorganic | Buckman Laboratories |

6

| | | |
|---|---|---|
| MP 820 | Cationic boehmite | Buckman Laboratories |
| MP 825 | Cationic boehmite | Buckman Laboratories |
| MP 830 | Cationic polyacrylamide | Buckman Laboratories |
| MP 835 | Cationic polyacrylamide | Buckman Laboratories |
| Positek 8629 | Anionic silica sol | Ondeo Nalco |
| Positek 8671 | Anionic silica sol | Ondeo Nalco |
| Positek 8677 Plus | Anionic polymer | Ondeo Nalco |
| Positek 8678 | Naphthalene Sulphonate | Ondeo Nalco |
| Positek 8691 | Colloidal silica | Ondeo Nalco |
| Positek 8692 | Anionic borosilicate | Ondeo Nalco |
| Fennosil FS158 | Amphoteric microparticle | Kemira |
| Fennosil A | | Kemira |
| Fennosil L | | Kemira |
| Fennosil 515 | | Kemira |
| Fennopol | | Kemira |
| FennoREt | | Kemira |

Hercules reserves the right to amend or supplement its response to this interrogatory based on further information learned during discovery.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: July 11, 2005

690039

*Attorneys for Defendant
Hercules Incorporated*

7

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on July 11, 2005, true and correct copies of the within document were caused to be served on the attorney of record at the following addresses as indicated:

### VIA HAND DELIVERY

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

David E. Moore

666520