IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, ) ) | |
| Plaintiff, ) ) | C. A. No. 04-293 (KAJ) |
| v. ) ) | **PUBLIC VERSION** |
| HERCULES INCORPORATED and CYTEC ) INDUSTRIES, INC, ) ) | |
| Defendants. ) | |

**HERCULES' BRIEF REGARDING DISCOVERABILITY OF
CIBA'S PRE-SUIT TESTING DOCUMENTS AND INFORMATION**

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant
Hercules Incorporated*

Dated: July 20, 2005

Public Version Dated: July 28, 2005

In its July 11, 2005 letter to the Court (D.I. 81), Hercules moved to compel the production of Ciba's pre-suit testing documents, and to compel Ciba to provide complete testimony regarding that testing. At a July 13 telephonic hearing, the Court directed the parties to submit five-page briefs detailing their positions. Because certain information regarding Ciba's pre-suit testing of the accused product, Perform® SP9232, only resides in the withheld documentation and Ciba improperly interfered with the questioning of its witness about Ciba's testing, Hercules respectfully requests that the Court order the production of the withheld information.

### A.     Ciba's Pre-Suit Testing

Ciba designated a technical manager from its Suffolk, Virginia facility (Michael Heard, Ph.D.) to testify as its Rule 30(b)(6) witness. Dr. Heard was responsible for testifying, *inter alia*, about Ciba's pre-suit investigation of Perform® SP9232, whether its testing had identified a cross-linking agent in Perform® SP9232, and if so, in what quantity. (*See* Ex. A, Notice of Deposition under Rule 30(b)(6) at 4, Topics 3-4.) During the deposition,



[REDACTED]

### B. Ciba Relies on its Pre-Suit Testing But Only Selectively Disclosed It

In responding to Hercules' discovery requests, Ciba has repeatedly relied upon its pre-suit testing of PerForm® SP9232. [REDACTED] Because of Ciba's references to this testing, Hercules propounded Interrogatory No. 9 requiring Ciba to describe all testing and analysis supporting Ciba's assertion that [REDACTED] and to identify the cross-linking agent allegedly found and the quantity allegedly found. [REDACTED]

Ciba did not directly answer this interrogatory but referenced documents pursuant to Fed. R. Civ. P. 33(d). (*Id.* at 7.) [REDACTED]

Hercules learned at the June 30 deposition that [REDACTED]

---

[1] Hercules does not know how many documents Ciba has withheld because the parties have not yet exchanged privilege logs.

2



Dr. Heard also testified that

### C. Ciba Should Produce All of Its Pre-Suit Testing

Having made the tactical decision to rely on its pre-suit testing, Ciba cannot now thwart discovery regarding that testing by invoking privilege. "The attorney client privilege should not be used as both a sword and a shield." *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp.2d 487, 513 (D. Del. 2005) (citing *United States v. Rylander*, 460 U.S. 752, 758 (1983)). As the court noted in *Tracinda*, "[i]t is unfair to allow a party to 'disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position.'" *Tracinda*, 362 F. Supp.2d at 513 (quoting *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 156 (D. Del. 1977)).

---

[2] As the Court has surely seen many times, scientists keep records of their experiments in laboratory notebooks.

3

Ciba asserted during the July 13 teleconference that "any information that relates to testing we have not treated as privileged." (Ex. E, Tr. of July 13, 2005 Telephone Conf. at 15.) The record belies this assertion. On the grounds of privilege, Ciba's counsel directed ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

Ciba's conduct follows that of the patentee in *Loctite Corp. v. Fel-Pro Inc.*, 94 F.R.D. 1 (N.D. Ill. 1980), *aff'd in relevant part*, 667 F.2d 577 (7th Cir. 1981) (per curiam). There the patentee (Loctite) conducted pre-suit testing of the accused products (anaerobic sealants) and relied on that testing in answering interrogatories regarding its bases for filing suit. *Loctite*, 94 F.R.D. at 2-3. The asserted claims required that a certain chemical (tertiary butyl hyperoxide - "TBHP") be present in a specified amount, but Loctite produced no discovery documents identifying TBHP in the accused products. *Id* at 3. Loctite also refused to allow its corporate officer to testify about the test results. *Id.*

The *Loctite* Court held that "[a]n accused infringer must have access to tests conducted by a patentee where those are the only facts which plaintiff has to support its charges of infringement." *Id.* at 10 (quoting *E.I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 24 F.R.D. 416, 421-23 (D. Del. 1959)). In affirming that ruling, the appellate court added that "[f]urthermore, the privileges are not absolute. Where the benefit to the resolution of the suit outweighs the potential injury to the party from whom discovery is sought, as is clearly true in the case before us, disclosure is required." *Loctite*, 667 F.2d at 582 (citations omitted). Like the patentee in *Loctite*, Ciba should be

4

required to produce all of its testing information to Hercules.

### D. Ciba Should Provide a Witness to Fully and Completely Testify Regarding the Pre-Suit Testing

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████ These standard deposition questions--involving who, what, when, where, and why--are appropriate for inquiry into factual matters about the testing and do not on their face seek privileged communications.

Hercules is hampered by not having access to the withheld Ciba document(s) to determine ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ If the former, then the testing never constituted protected privileged or work product information to begin with. If the latter, Hercules submits that Ciba waived any privilege or work product immunity by relying on its test results, thus placing its testing squarely at issue in this action.

### E. Conclusion

Hercules respectfully request that the Court issue an order compelling Ciba to (i) produce its documents and information related to pre-suit testing of Perform® SP9232; (ii) prepare and serve a supplemental response to Hercules' Interrogatory No. 9 regarding this testing; and (iii) provide a witness to fully testify regarding Ciba's pre-suit testing.

5

|  | POTTER ANDERSON & CORROON LLP |
|---|---|
| OF COUNSEL: | |
| | By: /s/ |
| Ford F. Farabow, Jr. | Richard L. Horwitz (#2246) |
| Joann M. Neth | David E. Moore (#3983) |
| Eric J. Fues | Hercules Plaza, 6th Floor |
| A. Neal Seth | 1313 N. Market Street |
| FINNEGAN, HENDERSON, FARABOW, | P.O. Box 951 |
|   GARRETT & DUNNER, L.L.P. | Wilmington, DE 19899-0951 |
| 901 New York Avenue, NW | Tel: (302) 984-6000 |
| Washington, DC 20001-4413 | rhorwitz@potteranderson.com |
| (202) 408-4000 | dmoore@potteranderson.com |

Dated: July 20, 2005

*Attorneys for Defendant*
*Hercules Incorporated*

Public Version Dated: July 28, 2005
691419

6

IIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on July 28, 2005, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899

I hereby certify that on July 28, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY  10022

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
Telephone:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672306