# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 04-293 (KAJ) |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
| Defendants. | ) ) | |

## PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S COMBINED REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND

Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Jeffrey L. Moyer (# 3309)
(Moyer@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

OF COUNSEL:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: August 4, 2005

RLF1-2904926-1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 3

    A.   Cytec Has Waived Any Assertion Of The Forum Selection Clause ......................... 3

    B.   Enforcement Of The Forum Selection Clause Would Be Unreasonable And Unjust ...... 5

    C.   No Delay Will Occur As A Result Of Permitting Ciba To File Its First Amended Complaint .................................................................................................................. 7

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Envirolite Enters., Inc. v Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.*,
53 B.R. 1007 (S.D.N.Y. 1985), *aff'd*, 788 F.2d 5 (2d Cir. 1986) (TABLE) .......... 3, 6

*Licensed Practical Nurses v Ulysses Cruises, Inc.*,
131 F. Supp. 2d 393 (S.D.N.Y. 2000) .......... 3, 5

*M/S Bremen v. Zapata Off-Shore Co*,
407 U.S. 1 (1972) .......... 3

*Mobilificio San Giacomo S.P.A. v. Stoffi*,
1998 WL 125534 (D.Del. 1998) .......... 3

*Outokumpu Eng'g Enters., Inc. v. Kvaerner EnviroPower, Inc.*,
685 A.2d 724 (Del. Super. Ct. 1996) .......... 3, 4

*Publicis Communication v. True North Communications Inc.*,
132 F.3d 363 (7th Cir. 1997) .......... 5

*In re Rationis Enters., Inc.*,
1999 WL 6364 (S.D.N.Y. 1999) .......... 3

*Taylor Inv. Corp. v. Weil*,
169 F. Supp. 2d 1046 (D. Minn. 2001) .......... 3, 5

*Van Den Biggelaar v. Wagner*,
978 F. Supp. 848 (S.D. Ind. 1997) .......... 5

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a), Ciba has sought leave of this Court to file its First Amended Complaint that: (1) seeks to explicitly state that Defendants are barred from challenging validity and enforceability of the patents under the doctrine of assignor estoppel and privity, (2) adds a claim for breach of the Asset Purchase Agreement against Cytec, and (3) adds a claim of tortious interference with contractual relations against Hercules. As to the first claim concerning assignor estoppel and privity, Defendants have not contested Ciba's request to amend the complaint. Defendants oppose Ciba's request only as to claims (2) and (3), i.e., the contract and tort claims. Ciba submits this reply in support of its request for leave and in joint reply to Defendants' oppositions.

Defendants' oppositions are premised on the same argument, namely, that the disputed Asset Purchase Agreement includes a forum selection clause requiring disputes to be raised in New York courts, and not in Delaware. What Defendants ignore is that, while Cytec alleges that it has not waived its rights under the forum selection clause, Cytec clearly has done so. In earlier counterclaims in this action, Cytec invoked this Court's diversity jurisdiction seeking a judgment that it is licensed under the Asset Purchase Agreement. In its pleadings, Cytec claimed that venue was proper in Delaware. Cytec never mentioned the forum selection clause in the agreement. Even in its opposition, Cytec invokes the Asset Purchase Agreement arguing that: "under Section 5.23 ... Cytec is permitted to toll manufacture products for others. This is exactly what Cytec has been doing." (Cytec Mem. at p. 11.) In short, Cytec has embraced Delaware as the proper venue to resolve disputes concerning the Asset Purchase Agreement and should not now be heard to argue otherwise.

As a result of Cytec's earlier assertion of the Asset Purchase Agreement and the issues concerning assignor estoppel and privity, the activities underlying the breach claim and the

RLF1-2904926-1

agreement itself are already part and parcel to this action. The Asset Purchase Agreement and its enforceability/termination will be adjudicated in this Court by virtue of Cytec's claims. While Cytec argues that the breach of contract claim has nothing in common with Ciba's patent infringement claims, such claim is based in part on the same activities establishing that Defendants are prohibited from challenging the validity and enforceability of the patents under the doctrines of assignor estoppel and privity, i.e., that Cytec and Hercules cooperated in developing the PerForm® product. Thus, if leave were denied and Ciba was forced to re-file in New York, there is a substantial possibility of conflicting judgments in addition to being a waste of judicial and litigants' resources. Such enforcement of the forum selection clause would be unreasonable and unjust. Ciba would be severely prejudiced by this action proceeding without Ciba being permitted to raise all of its claims and defenses stemming from the very same Asset Purchase Agreement that Cytec continues to rely upon for its assertion of a license and that its activities are approved by Section 5.23.

If Cytec's forum selection arguments fail, then Hercules' forum arguments become moot. Hercules' arguments are premised entirely in the assumption that the Cytec claims can only be brought in New York.

As to delay, the record is clear that the case is in the early stages of discovery. Only one deposition of each party has taken place, and those depositions were taken after the motions for leave were filed. Since the Asset Purchase Agreement has been in the middle of the dispute from the beginning, the case and discovery have already been shaped to include addressing the Asset Purchase Agreement. Indeed, the first deposition of Cytec specifically addressed these issues. In the deposition, Cytec's Rule 30(b)(6) deponent testified

REDACTED

**REDACTED**

There is little, if any, additional discovery that will be required if the Court grants leave. Indeed, of the depositions Ciba has noticed, Cytec has only asserted that one is dependent on the resolution of this motion for leave to amend.

## ARGUMENT

### A. Cytec Has Waived Any Assertion Of The Forum Selection Clause.

The forum selection clause raised by Cytec is a contractual provision relating to venue. It is interpreted under federal law. *Mobilificio San Giacomo S.P.A. v. Stoffi*, 1998 WL 125534, at *5 (D.Del. 1998)(attached as Ex. A). Federal courts recognize that forum selection clauses may be waived by behavior that is inconsistent with such provisions. As stated by one court:

> [A] forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced.

*In re Rationis Enters., Inc*, 1999 WL 6364 at *2 (S.D.N.Y. 1999)(attached as Ex. B). Such inconsistent actions resulting in waiver include seeking substantive relief in the forum. *Id.* (raising limitations action); *Taylor Inv. Corp v. Weil*, 169 F. Supp. 2d 1046, 1060-61 (D. Minn. 2001) (raising cross claims); *Licensed Practical Nurses v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 410 (S.D.N.Y. 2000)(bringing claim and raising substantive limitations issue).[1]

Here, Cytec has sought a judgment that that it is licensed under the Asset Purchase Agreement. (D.I. 10 at ¶3; Ex. C.) In particular, Cytec has sought relief from this Court

---

[1] The cases relied upon by Defendants relating to forum selection recognize the possibility of waiver. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 19-20 (1972); *Envirolite Enters., Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft M.B.H.*, 53 B.R. 1007, 1011 (S.D.N.Y. 1985), *aff'd*, 788 F.2d 5 (2d Cir. 1986) (TABLE); *Outokumpu Eng'g Enters., Inc. v. Kvaerner EnviroPower, Inc.* 685 A.2d 724, 734 (Del. Super. Ct. 1996).

3

RLF1-2904926-1

"pray[ing] for the Court's entry of judgment for it and against Ciba" declaring that Cytec is licensed under the '766 and '808 patents. (*Id.* at Prayer for Relief.) Cytec grounded such causes of action on the diversity jurisdiction of this Court. (*Id.* at ¶3.) Cytec pled that "[v]enue is proper in this district" to litigate the Asset Purchase Agreement. (*Id.* at ¶4.) Ciba admitted that venue was proper here in its reply to Cytec's counterclaim. (D.I. 15 at ¶4; Ex. D.) Cytec has never before raised any objection or issue concerning venue being improper in this Court.

In seeking enforcement of the Asset Purchase Agreement, Cytec's initial disclosures under Rule 26(a)(1) stated that Cytec's case would involve evidence based on "[d]ocuments relating to the asset purchase agreement between Ciba and Cytec for the granting of a license." (Cytec's Initial Disclosures Under Rule 26(a)(1) at 3; Ex. E.) Cytec identified Ms. Claire Schultz as being its likely trial witness to testify about the Asset Purchase Agreement. (Id. at 2.) When asked to explain the basis for its assertions, Cytec responded that:

REDACTED

(Cytec's Response to Interrogatory No. 3; Ex. F.) When further details were requested, Cytec wrote in a letter that "Cytec stands on its response" and "[s]hould any of the sales of the PerForm® product fall within the terms of this license than [sic: then] Cytec asserts those sales are covered by this license." (Cytec letter of May 24, 2005 at 2; Ex. G)

Cytec cannot have it both ways. It has chosen this forum to litigate the Asset Purchase Agreement and resolve issues relating thereto. No venue objection has ever been raised by Cytec, and the pleadings in this case specifically state that this is the proper venue for litigating the agreement. Courts have recognized that filing counterclaims can be inconsistent with a

4

forum selection clause. *Publicis Communication v. True North Communications Inc.*, 132 F.3d 363, 366 (7th Cir. 1997) (asserting compulsory counterclaim inconsistent with forum selection clause). Here, Cytec filed a counterclaim invoking separate jurisdiction of this Court and pleading that venue was proper. Cytec irrevocably waived venue. *Licensed Practical Nurses v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 410 (S.D.N.Y. 2000) ("a party with a contractual right to block litigation in a particular forum can waive any rights the contract confers on it"); *Van Den Biggelaar v. Wagner*, 978 F. Supp. 848, 856 (S.D. Ind. 1997) (party "waived his right ... when he voluntarily filed his action there and proceeded to litigate the issues").

    **B.**    **Enforcement Of The Forum Selection Clause Would Be Unreasonable And Unjust.**

In addressing the potential for waste and unreasonable hardship that could be invoked on a party by improperly enforcing a forum selection clause, one Court explained in the context of the parties filing several cross-claims, eventually including an agreement with a forum selection clause:

> [A]ll claims relating to the StarBuilder license agreement are joined before this Court. Ultimate resolution of this case will dispose of all claims among the parties with respect to StarBuilder. Geac essentially requests that the Court dismiss a portion of the lawsuit and force Weil and CMAC to re-file those claims in Texas. ... [A] decision requiring Weil and CMAC to re-file certain claims in Texas would be an inefficient use of judicial resources as well as an unnecessary waste of litigants' resources. ... Enforcement of the forum selection clause in this case would be both unreasonable and potentially unjust.

*Taylor Investment Corp. v. Weil*, 169 F. Supp. 2d 1046, 1061 (D. Minn. 2001) (following the *Bremen* decision). Here, there can be little doubt that permitting Cytec to assert the Asset Purchase Agreement in Delaware, but preventing Ciba from doing the same would be unjust and unreasonable. Even the authority cited by Cytec concludes that enforcing forum selection clauses should not be undertaken where it is "unreasonable under the circumstances." *See*

5

RLF1-2904926-1

*Envirolite Enter., Inc.*, 53 B.R. at 1012 (Cytec Mem. at p. 6). The proposed claims are directly related to the same agreement asserted by Cytec. This agreement, including its enforceability and termination, should be litigated in a single forum. Cytec chose Delaware.

Furthermore, the operative facts relating to the breach share the same underpinnings with other issues presently in the case. In addition to interpreting and enforcing the Asset Purchase Agreement, the proposed claims involve addressing whether Defendants acted together in development of the accused PerForm® product in such a way as to constitute prohibited development. These same facts and events are part of the evidence establishing assignor estoppel and privity. For example, the single Rule 30(b)(6) deposition of Cytec that has taken place in this action demonstrated that REDACTED

These facts will show the close relationship of the parties and the proper application of assignor estoppel. These also show the breach of the Asset Purchase Agreement and the inducement by Hercules. The issues are completely intertwined.

Against this backdrop, Defendants allege that no prejudice would come to Ciba if it were forced to litigate the very same issues on the very same agreement in a different forum. This is simply untrue. Aside from the massive waste of judicial and litigants' resources, such a procedure prejudices Ciba from having its day in court to resolve all the matters relating to that agreement in context. Defendants ask this Court to have two courts ruling on the underlying facts, interpreting the Asset Purchase Agreement, and determining whether the agreement was enforceable and/or could be terminated. Inconsistent judgments on these matters would be detrimental to the judicial process and undermine public policy.

C.  No Delay Will Occur As A Result Of Permitting Ciba To File Its First Amended Complaint.

As noted above, the issues and underlying facts relating to the breach of contract and the tortious interference are already part of this case. The Asset Purchase Agreement has been the subject of extensive written discovery going back to Cytec's statement in its Initial Disclosure Statement that documents relating to the Asset Purchase Agreement were going to be part of the trial. Ciba has sought full discovery in this regard. In addition and as mentioned, the information and facts about Cytec's involvement with Hercules in developing the PerForm® product are relevant to several issues already in the case, certainly including assignor estoppel and privity. These activities were partially covered in the first and only deposition of Cytec thus far in the case. The preliminary expert reports included discussion of the same issues as appropriate. The deposition schedule is presently being worked on among the parties. There need not be any delay in the case, and the case will not significantly expand if this Court grants leave. This is in part due to the fact that this case will necessarily resolve the same issues as mentioned above in the context of potentially conflicting judgments. As previously noted, of the depositions Ciba has noticed, Defendants have only asserted that one is dependent on the resolution of this Motion for Leave to Amend.

As averred by Hercules in its recent motion to amend:

> [T]he case is still in its early stages. A trial date is not set until August 14, 2006--over 14 months from the filing of this motion. The parties are still exchanging written discovery and discovery documents, and no depositions have ... taken place. Moreover, the discovery cut-off is not until October 31, 2005. [The opposing party] will have ample time to prepare its defenses ....

(See Hercules Motion to Amend at ¶8; D.I. 67, Exhibit H.) Only one deposition of each party has taken place since the filing of this motion. The scheduling order specifically allows the

7

RLF1-2904926-1

parties to file "motions to join other parties, and to amend or supplement the pleadings" at any time before July 15, 2005, which was done in this case. Indeed, Hercules raises no timing objections, only procedural objections.

## CONCLUSION

For the reasons stated above and in the interest of justice, Plaintiff respectfully requests that it be permitted to file the amended complaint attached to the motion. Plaintiff further respectfully requests that the Court considers the amended complaint as having been served as of the date of this Court's decision to allow Plaintiff's motion to amend.

                                            /s/ 
                                      Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Jeffrey L. Moyer (# 3309)
(Moyer@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Steven J. Fineman (#4025)
(Fineman@rlf.com)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

OF COUNSEL:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: July 28, 2005

8

RLF1-2904926-1

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

**HAND DELIVERY:**
Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market Street, P.O. Box 951
Wilmington, DE 19899

I hereby certify that on July 28, 2005, I have sent by Federal Express the foregoing document to the following non-registered participants:

**FEDERAL EXPRESS:**
Thomas L. Creel, Esq.
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022

**FEDERAL EXPRESS:**
Ford F. Farabow, Jr., Esq.
Joann M. Neth, Esq.
A. Neal Seth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Steven J. Fineman (#4025)
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7000
Fineman@rlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2005, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899-0951

I hereby certify that on August 4, 2005, I have Federal Expressed the foregoing document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY  10022

_____
Chad M. Shandler (#3796)
Shandler@rlf.com