IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>HERCULES, INC. and )<br>CYTEC INDUSTRIES, INC., )<br>)<br>Defendants. ) | C.A. No. 04-293 (KAJ)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S
RESPONSE IN OPPOSITION TO DEFENDANT CYTEC
INDUSTRIES, INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (# 3309)
Moyer@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff Ciba Specialty
Chemicals Corporation

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: August 9, 2005

RLF1-2909117-1

## TABLE OF CONTENTS

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| CONCLUSION | 4 |

## TABLE OF AUTHORITIES

### CASES

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
190 F. Supp. 2d 726 (D. Del. 2002) .................................................................. 2

*Foman v. Davis*,
371 U.S. 178 (1962) .......................................................................................... 2

*Revlon Consumer Prods. Corp. v. L'Oreal S.A.*,
170 F.R.D. 391 (D. Del. 1997) ...................................................................... 1, 3

*Vandenbraak v. Alfieri*,
C.A. Nos. 01-482-KAJ, 01-492-KAJ,
2005 WL 1242158 (D. Del. May 25, 2005) ..................................................... 1

ii

RLF1-2909167-1

## INTRODUCTION

Plaintiff Ciba Specialty Chemicals Corporation ("Ciba") respectfully submits this Response in Opposition to Defendant Cytec Industries, Inc.'s ("Cytec") Motion For Leave To File A Sur-Reply To Ciba's Combined Reply Brief In Support Of Its Motion To Amend ("Ciba's reply brief")

Pursuant to Federal Rule of Civil Procedure 15(a), Ciba has sought leave of this Court to file a First Amended Complaint that: (1) seeks to explicitly state that Defendants are barred from challenging validity and enforceability of the patents under the doctrine of assignor estoppel and privity (Defendants have not opposed this aspect of Ciba's proposed First Amended Complaint), (2) adds a claim for breach of the Asset Purchase Agreement against Cytec, and (3) adds a claim of tortious interference with contractual relations against Hercules

Cytec opposed Ciba's motion arguing that the Asset Purchase Agreement includes a forum selection clause requiring disputes to be raised in New York courts, and not in Delaware, and that it had not waived its rights under this clause. In its reply brief, Ciba stated that Cytec waived its rights under the forum selection clause through, *inter alia*, its earlier counterclaim which invoked this Court's jurisdiction seeking a judgment that Cytec is licensed under the Asset Purchase Agreement. Now, Cytec seeks leave to file another brief on this issue.

## ARGUMENT

In certain circumstances, leave to file a sur-reply can be granted to respond to new evidence or a new position adopted in a reply brief. *See, e.g., Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, 170 F.R.D. 391, 392 n.1 (D. Del. 1997). However, Cytec has not established that argument beyond the standard briefing outlined in Local Rule 7.1.2 "is necessary or appropriate," nor has Cytec established that Ciba has raised any new arguments or positions in its reply brief. *See, e.g., Vandenbraak v. Alfieri*, C.A. Nos. 01-482-KAJ and 01-492-KAJ, 2005 WL

- 1 -

1242158, at *1 (D. Del. May 25, 2005) (attached as Ex. A). For these reasons, Cytec's motion should be denied.

As its basis for seeking leave to file its sur-reply brief, Cytec alleges that Ciba raised waiver of the forum selection clause of the Asset Purchase Agreement by Cytec for the first time in Ciba's reply brief. This ignores the context. Ciba did not raise waiver as a "new" argument in favor of granting Ciba leave to file its First Amended Complaint. Rather, Ciba raised Cytec's waiver to refute Cytec's assertion of the forum selection clause as grounds for denying Ciba leave to amend its pleadings and in response to Cytec's statement that it had not waived its rights. In particular, Cytec argues at page 3 of its opposition brief that:

> Cytec has not waived its rights under the forum selection clause and will be unduly prejudiced if it is forced to litigate Ciba's contract claim in a patent infringement case in the District of Delaware.
> (D.I. 127 at p.3)

In its reply brief, Ciba responded to this argument by explaining how Cytec had waived its rights under the forum selection clause when it filed a counterclaim in this Court seeking enforcement of the Asset Purchase Agreement. Thus, Cytec's waiver was raised only to counter an argument made by Cytec in opposing the motion. No new evidence was raised by Ciba as to this waiver. Cytec knew full well what actions it had taken in this regard.

Cytec apparently believes that Ciba should have anticipated Cytec's arguments in opposition to the motion to amend and raised its counterarguments in Ciba's opening brief. However, such a belief ignores the factors upon which any motion to amend is evaluated. Whether to grant leave to amend pleadings is typically evaluated on the basis of factors such as undue delay, bad faith or undue prejudice. *See, e.g., Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 732 (D. Del. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ciba addressed each of these factors in its opening brief. Cytec's waiver of the forum selection

RLF1-2909117-1

- 3 -

clause concerns none of these factors. Thus, it should not be surprising that Ciba did not raise Cytec's waiver in its opening brief.

The limitation on the number of briefs set forth in Local Rule 7.1.2 is intended to prevent endless back-and-forth briefing where each party counters the other's last arguments in an attempt to get the final word. *See, e.g., Revlon*, 170 F.R.D. at 393, n.1 (denying leave to file sur-reply brief on the basis of an alleged "new position" and noting that "enough trees have already been destroyed"). Cytec is attempting to do just that here. Ciba's assertion of waiver as a counter to Cytec's statement that "it is has not waived its rights under the forum selection clause" is not a "new" argument that justifies the filing of another brief by Cytec.

Finally, Cytec's sur-reply addresses more than just "waiver." The Table of Contents reveals that at least two of the four sections clearly relate to topics other than waiver.

## CONCLUSION

For the reasons stated above and in the interest of justice, Plaintiff respectfully requests that the Court deny Cytec leave to file a sur-reply brief in response to Ciba's reply brief on Ciba's motion for leave to amend

/s/ signature

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (# 3309)
Moyer@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff Ciba Specialty Chemicals Corporation

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: August 9, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2005, I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on August 9, 2005, I have Federal Expressed the foregoing document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022

_____
Chad M. Shandler (#3796)
Shandler@rlf.com

RLF1-2848132-1