# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) C.A. No.: 04-293 (KAJ) |
| v. | ) ) JURY TRIAL DEMANDED |
| HERCULES INC. AND CYTEC INDUSTRIES, INC. | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF CIBA SPECIALTY CHEMICAL CORPORATION'S
OBJECTIONS TO DEFENDANT HERCULES INC.'S
NOTICE OF DEPOSITION UNDER RULE 30(b)(6) DATED SEPTEMBER 6, 2005**

Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba") hereby raises the following objections to Defendant Hercules Inc's Notice of Deposition Under Rule 30(b)(6) dated September 6, 2005 and, in particular, to the Subjects of the Deposition listed in Schedule B. Ciba expressly reserves the right to raise additional objections at the time of the deposition.

**SUBJECT 1**

Any valuation and/or assessment of the patents in suit and/or the Polyflex® business including, but not limited to, any valuation and/or assessment in association with Cytec's offer of sale and/or Ciba's offer to purchase such patents and the Polyflex® business.

**OBJECTIONS TO SUBJECT 1**

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is

vague and ambiguous, in particular as to the phrases "valuation and/or assessment" and "Polyflex® business." Ciba also objects to this subject as overly broad and unduly burdensome to that it seeks "valuation and/or assessments" provided or performed by parties other than Ciba such as Hercules and/or Cytec, which is information in the possession of Defendants. Ciba will provide a witness on this subject consistent with the foregoing objections.

**SUBJECT 2**

The quantity, pricing, and gross and fully-allocated net profits realized from the sale of Polyflex® products, including how such information was compiled and calculated.

**OBJECTIONS TO SUBJECT 2**

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrases "Polyflex® products" and "gross and fully-allocated net profits." Ciba also objects to this subject as being overly broad and unduly burdensome to the extent that it may encompass sales of "Polyflex® products" by Hercules and/or Cytec, which is information in the possession of Defendants. Ciba will provide a witness on this subject consistent with the foregoing objections.

**SUBJECT 3**

The quantity, pricing, and gross and fully-allocated net profits realized from the sale of the products referred to as "associated products" by Michael E. Tate in his expert report dated August 25, 2005, including how such information was compiled and calculated.

2

## OBJECTIONS TO SUBJECT 3

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrase "gross and fully-allocated net profits realized." Ciba also objects to this subject as being overly broad and unduly burdensome to the extent that it may encompass sales of "associated products" by Hercules and/or Cytec, which is information in the possession of Defendants. Ciba will provide a witness on this subject consistent with the foregoing objections.

## SUBJECT 4

Ciba's sales strategy and practice with respect to Polyflex®.

## OBJECTIONS TO SUBJECT 4

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrase "sales strategy and practice." Ciba will provide a witness on this subject consistent with the foregoing objections.

3

**SUBJECT 5**

Ciba's manufacturing, marketing, and sales capacities with respect to Polyflex®.

**OBJECTIONS TO SUBJECT 5**

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrase "marketing, and sales capacities." Ciba will provide a witness on this subject consistent with the foregoing objections.

**SUBJECT 6**

Ciba's agreements with Hercules whereby Hercules purchased Polyflex® from Ciba for sale to certain customers, including sales data for these transactions.

**OBJECTIONS TO SUBJECT 6**

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrase "sales data." Ciba will provide a witness on this subject consistent with the foregoing objections.

## SUBJECT 7

Any contention by Ciba that it has marked the Polyflex® product with the patent numbers of the patents in suit and any facts and/or documents that support such a contention.

## OBJECTIONS TO SUBJECT 7

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject as being overly broad and unduly burdensome to the extent that it seeks information that is irrelevant to the claims or defenses of any party. It is well settled law that marking is irrelevant if the asserted patent claims are limited to a process. In such instances, damages begin accruing at least as early as the issuance of the patent and infringing activities of the infringers.

Ciba also objects to this subject to the extent that it is seeking the legal basis for Ciba's contentions. Ciba will provide a witness on this subject to testify as to the factual basis for its contentions and otherwise consistent with the foregoing objections.


## SUBJECT 8

Any contention by Ciba that it gave Hercules actual notice of infringement of the patents in suit prior to May 7, 2004, the filing date of this case, and any facts and/or documents that support such a contention.

## OBJECTIONS TO SUBJECT 8

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba also objects to this subject to the extent that it is seeking the legal

5

basis for Ciba's contentions. Ciba will provide a witness on this subject to testify as to the factual basis for its contentions and otherwise consistent with the foregoing objections.

**SUBJECT 9**

An explanation of the underlying Ciba data set forth in Michael E. Tate's expert report dated August 25, 2005 including, but not limited to, an explanation of the Excel spreadsheets cited in the report as Hercules Litigation_PL Full_2001-04.xls (see Schedule 7-4), Hercules Litigation_PolyFlex_Sales_July05.xls (see Schedule 9-1), Hercules Litigation_PolyFlex_Margins_July05.xls (see Schedule 9-1), and Ciba Polyflex & Associated Polymers_Active Solids_Aug05.xls (see Schedule 10-9).

**OBJECTIONS TO SUBJECT 9**

Ciba objects to this subject of deposition to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege or doctrine. Ciba further objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrase "underlying Ciba data." Ciba will provide a witness on this subject consistent with the foregoing objections.

6

**SUBJECT 10**

The identity and location of witnesses knowledgeable about and documents relating to the categories set forth in topics 1-9 above.

**OBJECTIONS TO SUBJECT 10**

Ciba objects to this subject of deposition to the extent that it is vague and ambiguous, in particular as to the phrases "knowledgeable about" and "documents relating to." Ciba further incorporates by reference herein its objections to subjects 1-9. Ciba will provide a witness on this subject consistent with the foregoing objections.

Respectfully submitted,

Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
Attorneys for Plaintiff

*Of Counsel:*
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780

Dated: September 8, 2005

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2005, I caused copies of **PLAINTIFF CIBA SPECIALTY CHEMICAL CORPORATIONS' OBJECTIONS TO DEFENDANT HERCULES INC.'S NOTICE OF DEPOSITION UNDER RULE 30(b)(6) DATED SEPTEMBER 6, 2005**, to be served on the following attorneys of record at the address and in the manner indicated:

### VIA FACSIMILE AND FEDERAL EXPRESS:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
POTTER ANDERSON & CORROON, LLP
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899

Ford F. Farabow, Jr.
Joann M. Neth
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413

Thomas L. Creel, P.C.
GOODWIN PROCTOR LLP
599 Lexington Avenue
New York, NY 10022

Gregory C. Bays

8