IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C. A. No. 04-293 (KAJ) |
| | ) | **PUBLIC VERSION** |
| HERCULES INCORPORATED and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE KENT A. JORDAN DATED SEPTEMBER 9, 2005**

**PUBLIC VERSION FILED SEPTEMBER 16, 2005**

cc: Dr. Peter Dalleo,
    Clerk of the Court

Chad M. Shandler
Richards Layton & Finger P.A.

Ford F. Farabow
Joann M. Neth
Finnegan Henderson Farabow
    Garrett & Dunner

Gordon R. Coons
Leydig, Voit & Mayer, Ltd.

Thomas L. Creel
Goodwin Proctor LLP

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Hercules Incorporated*

Public Version Filed: September 16, 2005



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 9, 2005
Public Version Filed: September 16, 2005

<u>VIA ELECTRONIC FILING
AND HAND-DELIVERY</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

**PUBLIC VERSION**

Re:   *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.*,
      <u>Civil Action No. 04-293(KAJ)</u>

Dear Judge Jordan:

We write on behalf of defendant Hercules Incorporated ("Hercules") regarding ongoing discovery disputes that Hercules has with plaintiff Ciba Specialty Chemicals Corporation ("Ciba"). Hercules seeks: (1) access to litigation documents involving the predecessor companies of plaintiff Ciba and defendant Cytec Industries, Inc. ("Cytec") in the case of *Allied Colloids Inc. v. American Cyanamid Co.*, Civ. Action No. 92-CV-1658 (E.D.Va.), where Allied Colloids asserted U.S. Patent No. 4,720,346 (to Flesher *et al.*) ("the Flesher '346 patent"); and (2) to have Ciba procure discovery from Ciba Specialty Chemicals Water Treatments P.L.C. ("Ciba UK"), a sister company that has interjected itself into the current dispute with Hercules on numerous occasions. The discovery from the *Allied Colloids* litigation is relevant to invalidity, unenforceability, and claim construction issues, and discovery from Ciba UK relates to these issues and also to Ciba's pre-suit testing of the accused product, PerForm® SP9232.

Ciba Refuses to Produce or Allow Access to <i>Allied Colloids</i> Documents

Allied Colloids Inc. and Allied Colloids Ltd.[1] asserted the Flesher '346 patent and another patent against American Cyanamid in the *Allied Colloids* litigation. When Allied Colloids filed its complaint, the applications that matured as the '766 and '808 patents-in-suit were still pending before the United States Patent & Trademark Office ("PTO"). Moreover, the *Allied Colloids* complaint averred that American Cyanamid, who prosecuted the '766 and '808 patents, had knowledge of the Flesher '346 patent. (*See* Allied Colloids' Complaint, ¶ 9.) In 2000, American Cyanamid's successor, Cytec, sold its water treatment business to Ciba and assigned the '766 and '808 patents (among others). Ciba sued Hercules and Cytec for alleged infringement of the '766 and '808 patents in 2004.

---

[1] Plaintiff Ciba is the successor to Allied Colloids Inc. and Ciba UK is successor to Allied Colloids Ltd.

The Honorable Kent A. Jordan
September 9, 2005
Public Version: September 16, 2005
Page 2

      Hercules has alleged that the Flesher '346 patent, as well as other prior art, invalidates the '766 and '808 patents and renders these patents unenforceable due to the failure of prosecuting attorney Frank Van Riet, and others at American Cyanamid owing a duty of candor during patent prosecution, to bring this prior art to the PTO's attention. Hercules explained these allegations in its recently-filed Amended Answer. (*See* Ex. B, Amended Answer at Counterclaim ¶¶ 16-77.) Discovery from the *Allied Colloids* litigation relates to American Cyanamid's and Mr. Van Riet's prior knowledge of the Flesher '346 patent, assertions by Allied Colloids regarding the scope and content of this prior art, and potential inventor testimony. Hercules' Document Request Nos. 39-40, 43, 81, and 110 request this information. (*See* Exs. C, D, E.)

      Hercules has been requesting discovery concerning the *Allied Colloids* litigation and the Flesher '346 patent since January of this year. (*See* Ex. C, Hercules' Doc. Req. Nos. 39-41, 43.)

**REDACTED**

      Hercules respectfully requests that the Court order Ciba to promptly obtain the court record from the *Allied Colloids* litigation (where Ciba's predecessor was a named party), or direct Ciba to cooperate in filing, within one week, a motion in the Virginia federal district court that would allow Hercules to inspect and copy the *Allied Colloids* litigation documents.

<u>Ciba Refuses to Procure Discovery from Ciba UK</u>

**REDACTED**

This information is responsive to at least Hercules' Document Request Nos. 8-9, 77, 82, and 84-85. (*See* Exs. C, D I.)

**REDACTED**

The Honorable Kent A. Jordan
September 9, 2005
Public Version: September 16, 2005
Page 3

**REDACTED**

Hercules has also requested that Ciba provide discovery from Ciba UK for Hercules' invalidity and unenforceability claims and defenses regarding:

- The technology described in the Flesher '346 patent, U.S. Patent No. 4,528,321 (to Allen *et al.*) ("the Allen '321 patent"), and their foreign counterparts, all of which were developed by Allied Colloids, Ltd. (*See* Exs. C, D, E, Hercules' Doc. Req. Nos. 39, 81, 99-100, 108-109, and 113-114.)

- The opposition proceeding involving a European counterpart of the Flesher '346, including internal documentation related to that proceeding. (*See* Ex. E, Hercules' Doc. Req. Nos. 101-102.)

- An ongoing opposition proceeding involving the European counterpart of the '766 patent-in-suit, which is owned by Ciba UK. (*See* Ex. C, Hercules' Doc. Req. No. 27.) The parties submitted extensive testing during that proceeding concerning the disclosures of the Flesher '346 patent and the Allen '321 patent. **REDACTED**

Ciba has refused to provide this discovery. It is fundamentally unfair for Ciba to rely on limited discovery from Ciba UK to support its infringement contentions, but to shield from discovery other Ciba UK information relating to Hercules' invalidity and unenforceability claims.

When documents are sought from a corporation affiliated with a party litigant, the court can order production of those documents under Federal Rule 34 if that litigant has control or shares control over those documents. *See Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129-30 (D. Del. 1986) (holding a litigant had "control" over a non-party's documents based on the close relationship of their corporate structures, the non-party's connection to the issue, and the degree to which the non-party would benefit from an award in the case).

Plaintiff Ciba and Ciba UK are ultimately wholly owned by Ciba Specialty Chemicals Holding Inc., which issues consolidated financial reports and states in its SEC filing that its "Water & Paper Treatment" business, which includes both Ciba and Ciba UK, "is managed as an integrated global business." (Ex. H at H4, H6, H7, and H9.) These companies are part of a unified business entity such that Ciba can exercise control over the documents at issue. *See Alcan Int'l Ltd. v. S.A. Day Mfg. Co., Inc.*, 176 F.R.D. 75, 78 (W.D.N.Y. 1996) (compelling production of documents in the possession of litigant's foreign sister corporation because they were "corporate members of a unified worldwide business entity . . . under common control"). Indeed, Ciba has requested testing of PerForm® in the UK, distributing its request to Ciba employees in the U.S., the UK, and Switzerland (CH). (*See* Ex. J.) Accordingly, Hercules respectfully requests that the Court order Ciba to procure the Ciba UK discovery.

The Honorable Kent A. Jordan
September 9, 2005
Public Version: September 16, 2005
Page 4

                                            Respectfully,

                                            /s/ *Richard L. Horwitz*

                                            Richard L. Horwitz

698454
Public Version: 699419
Enclosures

cc:      Thomas L. Creel, P.C.
          Ford F. Farabow, Esq.
          Joann M. Neth, Esq.
          Gordon R. Coons, Esq.
          Chad M. Shandler, Esq.

IIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on September 16, 2005, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

I hereby certify that on September 16, 2005, I have Federal Expressed the foregoing document(s) to the following non-registered participants:

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672306