## RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHAD M. SHANDLER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7836
SHANDLER@RLF.COM

September 12, 2005

**BY ELECTRONIC FILING
AND BY HAND DELIVERY**

REDACTED - PUBLIC VERSION

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

Re: *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.*
     C.A. No. 04-293 (KAJ)

Dear Judge Jordan:

I write on behalf of Ciba Specialty Chemicals Corporation ("Ciba") regarding the September 13, 2005 telephone conference and in response to Hercules' request for discovery from Ciba Specialty Chemicals Water Treatments Limited ("Water Treatments").

In an effort to cooperate with defendants in discovery, Ciba has attempted to provide assistance to defendants so that they may obtain the discovery they wish, even when Ciba does not believe that the discovery is legitimate. However, Hercules' September 9, 2005 letter does not seek discovery from Ciba. Instead, Hercules now seeks discovery from foreign corporations claiming that such discovery should be provided by Ciba.

### Discovery From Water Treatments

Water Treatments is a company existing under the laws of the United Kingdom.

REDACTED

The precedent dealing with related companies makes it clear that a corporate entity must be deemed to be "in control" of documents sought before production can be compelled when they are in the possession and control of a non-party. *See Pennwalt Corp. v. Plough, Inc.*, 85 F.R.D. 257, 263 (D. Del. 1979). However, in cases in which the corporate entities are not parent and subsidiary, production is rarely ordered, unless the respected business operations of each entity "are so intertwined as to render meaningless their separate corporate identities." *See*

RLF1-2920420-1

The Honorable Kent A. Jordan
September 12, 2005
Page 2

*Novartis Pharmaceuticals Corporation v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392 (D. Del. 2002). That is certainly not the relationship between Ciba and Water Treatments.

Rather than comply with the Federal Rules of Civil Procedure and issue discovery requests through the Hague Convention, Hercules has attempted to obtain discovery from Water Treatments by making a series of broad requests directly on Ciba. This is improper and Hercules has not explained why it should be permitted to circumvent the Federal Rules. However, in an attempt to avoid a discovery dispute such as this, Ciba agreed -- without waiver of any objections to Hercules' discovery requests



Hercules has attempted to take advantage of Water Treatment's cooperation by demanding that it produce a broader category of documents that are irrelevant to this case.



### Modifying The Protective Order Of The Virginia Court

The case law makes it very clear that the proper procedure is for Hercules to intervene to attempt to modify the orders of the presiding Judge in Virginia, Judge Brinkema. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990), *cert. denied*, 498 U.S. 1073 (1991); *see also* the series of cases cited in *Boone v. City of Suffolk*, 79 F. Supp.2d 603, 605 (E.D. Va. 1999). If Hercules had followed the proper procedure, this matter would have already been resolved in the Virginia court, however,



The record in that case was protected by order of the presiding Judge in the Eastern District of Virginia and a protective order was entered by Judge Brinkema. The case precedent is clear that this matter is for the Eastern District of Virginia and Judge Brinkema to resolve. *Id.* In the event Hercules seeks to intervene to reopen the Virginia case and modify the protective order entered in that litigation, Water Treatments should be entitled to respond accordingly. Thus, following the proper procedure of moving to intervene would permit Water

RLF1-2920420-1

The Honorable Kent A. Jordan
September 12, 2005
Page 3

Treatments to be heard by the Judge that presided over the case with respect to Hercules' unspecific requests to open the record there.

Respectfully submitted,

Chad M. Shandler (#3796)

CMS/lll
Enclosures
cc:    Clerk of Court
       Thomas L. Creel, P.C.
       Ford F. Farabow, Jr., Esquire
       Joann M. Neth, Esquire
       Richard L. Horowitz, Esquire

RLF1-2920420-1