IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HERCULES INCORPORATED and ) <br> CYTEC INDUSTRIES, INC., ) <br> ) <br> Defendants. ) | C. A. No. 04-293 (KAJ) <br><br> **PUBLIC VERSION** |

**LETTER TO THE HONORABLE KENT A. JORDAN DATED SEPTEMBER 12, 2005**

cc: Dr. Peter Dalleo,
    Clerk of the Court

Chad M. Shandler
Richards Layton & Finger P.A.

Ford F. Farabow
Joann M. Neth
Finnegan Henderson Farabow
    Garrett & Dunner

Gordon R. Coons
Leydig, Voit & Mayer, Ltd.

Thomas L. Creel
Goodwin Proctor LLP

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P. O. Box 951
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant*
*Hercules Incorporated*


Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

September 12, 2005

<u>VIA ELECTRONIC FILING</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

**REDACTED – PUBLIC VERSION**

Re:  *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.*
     Civil Action No. 04-293(KAJ)

Dear Judge Jordan:

   We write on behalf of defendant Hercules Incorporated ("Hercules") in response to plaintiff Ciba Specialty Chemicals Corporation's ("Ciba") letter of September 9, 2005.

   Ciba raises only one issue in its September 9 letter concerning discovery from Hercules. Ciba's claim that Hercules is refusing to produce laboratory notebooks is not correct.

   Hercules has never refused to produce laboratory notebooks or portions of notebooks relating to the accused product, PerForm® SP9232. To date, Hercules has produced 46 laboratory notebooks or portions thereof that relate to this product and its development, testing, etc., including notebook 2590. As far as Hercules is aware, all notebooks or portions thereof relating to the PerForm® SP9232 product in Hercules' possession and that Ciba had requested have been produced. Hercules is still searching for two notebooks of Betz Dearborn recently requested by Ciba (Nos. 2446 and 3353). Notebook no. 2446 has just been located and Hercules is checking to see if it relates to the PerForm® SP9232 product and if so any relevant portions will be promptly produced. Notebook no. 3353 has not been located and indeed Hercules has no record of that notebook number in its library system.

   [REDACTED] Hercules is checking to see if Mr. Bleier even had laboratory notebooks relating to the PerForm® SP9232 product. If so, Hercules will promptly produce the relevant portions. Document production is still ongoing by all parties in the case. Indeed Ciba itself produced over 1000 pages just last Friday. In short, Hercules does not understand why Ciba claims that "Hercules is still withholding most of the

The Honorable Kent A. Jordan
September 12, 2005 (PUBLIC VERSION)
Page 2

other notebooks" when this is demonstrably not the case. Moreover, as is apparent from the foregoing, this is not something that requires the Court's intervention.

The real dispute concerning Hercules' notebooks involves portions of some of the notebooks that relate to other Hercules research projects which Hercules believes have no relevance to this lawsuit or the PerForm® SP9232 product. Ciba is unwilling to accept Hercules' explanation that the redacted materials are irrelevant. In an effort to avoid yet another discovery dispute, Hercules offered to make the entire notebooks available for inspection by Ciba's outside counsel and technical experts, so that Ciba could confirm for itself the irrelevance of the redacted portions of the notebooks in question. Ciba, however, insists that its *inside* counsel must also participate in the inspection. Hercules' view is that it is simply inappropriate for inside counsel for Ciba to be trolling thorough the totality of Hercules' research efforts and laboratory records, reviewing sensitive information of a competitor on projects/products that are unrelated to this lawsuit. [REDACTED] Moreover, it is unclear (and illogical) why Ciba's inside counsel is necessary for a review of highly technical laboratory notebooks, when its outside technical experts clearly should be as capable if not more capable of "quickly process[ing]" a review of the notebooks in question. That is why Hercules offered to allow access by Ciba's technical experts in the first place.

Hercules does not understand Ciba's excuse that its outside technical experts' assistance "will be limited due to location and available time." One of its experts, Dr. Norman Wagner, is in the Department of Chemical Engineering at the University of Delaware.

Hercules respectfully requests that the Court direct Ciba to conduct the inspection of redacted portions of Hercules' laboratory notebooks via its outside counsel and technical experts, and deny access to these sensitive and irrelevant materials by Ciba's in-house counsel.

Respectfully,

/s/ Richard L. Horwitz

Richard L. Horwitz

699925
Enclosure

cc:    Clerk of the Court
       Thomas L. Creel, P.C.
       Ford F. Farabow, Esq.
       Joann M. Neth, Esq.
       Gordon R. Coons, Esq.
       Chad M. Shandler, Esq.