**RICHARDS, LAYTON & FINGER**
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHAD M. SHANDLER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7836
SHANDLER@RLF.COM

September 27, 2005

BY ELECTRONIC FILING
AND BY HAND DELIVERY
The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street
Wilmington, DE 19801

REDACTED - PUBLIC VERSION

RE:   Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.
      C.A. No. 04-293 (KAJ)

Dear Judge Jordan:

   I write this on behalf of Ciba Specialty Chemicals Corporation ("plaintiff Ciba") in response to Hercules' letter of September 20, 2005.

   On September 13, 2005, Hercules argued that this Court should ignore the corporate separateness between Plaintiff Ciba and certain foreign companies operating in the United Kingdom.

   REDACTED    Based on the materials submitted and argued by Hercules, this Court observed that Hercules had not presented sufficient evidence to disregard the corporate separateness and pierce the corporate veil. (Trans. at 22; D. I. 179) This Court gave Hercules another chance to present new evidence to show that the companies are "alter egos." In its most recent letter, however, Hercules has presented essentially the same arguments it did before.

**The United Kingdom Companies Are Not "Alter Egos" Of Plaintiff Ciba**

   In its letter, Hercules has failed to show any overlapping structure or control between plaintiff Ciba and the UK companies.

REDACTED

The Honorable Kent A. Jordan
September 27, 2005
Page 2

       The only direct connection argued by Hercules relates to certain testing of the product that was done at the Physical Measurement Lab. REDACTED All documents in the possession of plaintiff Ciba relating to the testing performed by the Physical Measurement Lab have been provided to Hercules. In addition, the UK companies have cooperated in discovery and provided Hercules with other testing documents that were not available to plaintiff Ciba. Hercules has also been given two full-day depositions of the scientists working in the Physical Measurements Lab.

       Yet, Hercules now demands discovery in areas distantly removed from the testing done by the Physical Measurements Lab. REDACTED. In addition to raising attorney-client privilege issues under UK law, such documents are well beyond the control or access of plaintiff Ciba.

       Hercules makes no other showing to support this discovery. *See Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140-42 (3d Cir. 1988); *see also Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 206 F.R.D. 392, 395 (D. Del. 2002).

**Plaintiff Ciba is Separate From Its Ultimate Holding Company**

       Hercules now asserts that this Court should pierce the corporate veils of all the intermediary companies that connect the UK companies and plaintiff Ciba.

REDACTED

This does not establish day-to-day control or a basis for ignoring the corporate separateness of the over 100 world-wide companies. If

The Honorable Kent A. Jordan
September 27, 2005
Page 3

coordination at such a high level were prohibited, then there would be no multinational corporate structures. *Cf. Akzona Inc. v. E.I. Du Pont de Nemours & Co.*, 607 F.Supp. 227 (D. Del. 1984) (holding that even an overlap in directors does not compel concluding that one corporate entity is the alter ego of another). Hercules has failed to show any control over the day-to-day management of plaintiff Ciba or the UK companies by any other entity. Under Hercules' reasoning, if associated companies even communicated with each other, they would risk being found "alter egos." Such is not the law. *Pennwalt Corp. v. Plough, Inc.* 85 F.R.D. 257 (D. Del. 1979).

**There Is No Basis To Pierce The Corporate Veil**

Hercules continues to rely on the *Afros* decision, which did not involve sister corporations, but rather concerned a parent/subsidiary situation. In the *Afros* case, the parent and subsidiary were essentially one company with significant or complete overlap of corporate directors and managers. *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 131–32 (D. Del. 1986). Many decisions about the litigation and the day-to-day operation of the subsidiary were made by the parent without consultation with the principles of the subsidiary. *Id.* at 132. None of these facts apply in the present situation.

In distinguishing the *Afros* decision, the Court of Appeals for the Third Circuit indicated that discovery can only be ordered where sister companies are "alter egos" or their joint acts give rise to the dispute. *Gerling*, 839 F.2d at 140–42; *see also Novartis*, 206 F.R.D. at 395 ("production is rarely ordered, unless the respective business operations of each entity 'are so intertwined as to render meaningless their separate corporate identities'")(citing *Pennwalt*). In the present situation, the companies involved are all independent and act as separate entities. They have separate managers and their respective managers control the day-to-day management of their respective companies. Even common control by a single parent company is insufficient to support discovery. *Pennwalt Corp. v. Plough, Inc.* 85 F.R.D. 257, 263 (D. Del. 1979). Furthermore, in *Novartis*, the court only directed production of information accessed by the party, even though there may have been a contractual right to further information. *Novartis*, 206 F.R.D. at 395.

The UK companies are foreign nationals that are not subject to jurisdiction in the United States. They should be permitted the protections of UK law and the applicable international conventions. Even if Hercules could somehow establish that the information it seeks from the UK companies is somehow relevant, which it has not done, Hercules has failed to establish that the UK companies are "alter egos" of plaintiff Ciba and, therefore, Hercules' motion should be denied.

Respectfully,

Chad M. Shandler

CS:ps

RLF1-2927552-1

The Honorable Kent A. Jordan
September 27, 2005
Page 4

Enclosure
Cc:   Clerk of the Court w/ enclosure (By E-filing and Hand Delivery)
      Marta Gross, Esq. w/o enclosure (By Facsimile)
      Joann M. Neth, Esq. w/o enclosure (By Facsimile)
      Richard L. Horowitz, Esq. w/o enclosure (By E-Filing and Hand Delivery)
      Eley O Thompson, Esq. (By Facsimile)

RLF1-2927552-1

# EXHIBITS A AND B REDACTED