# EXHIBIT A

GF:111

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION<br>Plaintiff<br>v.<br>HERCULES, INC. and CYTEC INDUSTRIES, INC.,<br>Defendant | SUBPOENA IN A CIVIL CASE<br><br>CASE NUMBER: C.A. No. 04-293 (KAJ)<br><br>(Pending in the United States District Court for the District of Delaware) |

TO:   Frank M. Van Riet
      1768 Main St
      Route 6A
      E. Dennis, MA  02641

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Goodwin Proctor LLP<br>599 Lexington Ave<br>New York, NY 10022 | October 25, 2005<br>9:00 A.M. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects listed on Schedule A (attached) at the place, date, and time specified below (see attached Schedule A):

| PLACE   Goodwin Proctor LLP<br>599 Lexington Ave<br>New York, NY 10022 | DATE AND TIME<br>October 25, 2005<br>9:00 A.M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Eric J. Fues    Attorney for Defendant | October 17, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric J. Fues
Finnegan Henderson Farabow Garrett & Dunner, LLP
901 N.Y. Ave, N.W.
Washington, D.C. 20001-4413
202.408.4000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on next page)

GF:112

AO 88 (Rev 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/17/05 | Goodwin Procter LLP<br>599 Lexington Ave<br>New York, N.Y. 10022 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| MARTA GROSS | FEDERAL EXPRESS |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| JEFFREY W ABRAHAM | ATTORNEY |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on   10/17/05
              DATE

SIGNATURE OF SERVER

901 N.Y. Ave., N.W.
ADDRESS OF SERVER

Washington, DC  20001

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

10/94

# SCHEDULE A TO THE SUBPOENA OF FRANK VAN RIET

## DEFINITIONS

The following definitions are applicable to terms employed in these discovery requests:

1. The term "Ciba" shall mean Plaintiffs Ciba Specialty Chemicals Corporation, together with all partners, directors, owners, officers, members, employees, agents, representatives, attorneys, and any other persons under the control of Ciba Specialty Chemicals Corporation, including all parents, divisions, subsidiaries, affiliates, and corporate predecessors of Ciba Specialty Chemicals Corporation.

2. The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including but not limited to all tangible embodiments, manifestations, or evidence of a communication, as defined in paragraph 3 below.

3. The term "communication" shall mean and include any and all forms of information transmission or storage, including but not limited to written, oral, electronic, telephonic, or videographic inquiries, responses to inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, comments and interviews, and all documents (as defined above) related to such communication.

4. The term "thing" shall mean any tangible item, other than a document.

5. The term "the '766 patent" shall mean U.S. Patent No. 5,167,766.

6. The term "the '808 patent" shall mean U.S. Patent No. 5,171,808.

7. The term "USPTO" shall mean the United States Patent and Trademark Office.

8. The term "person" shall refer to natural persons or any business, legal, or governmental entity or association, as well as any entity's or association's officers, agents, or employees.

9. The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa.

10. The term "relating to" shall mean constituting, referring to, reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way logically or factually connected with the matter discussed or identified.

## INSTRUCTIONS

The following instructions apply to these document requests:

1. All documents that are responsive in whole or in part to any of the requests herein shall be produced in full, without abridgement, abbreviation, or expurgation of any sort. If any document cannot be produced in full, Mr. Van Riet shall produce the document to the extent possible and indicate in writing what portion of the document is not produced and why it could not be produced.

2. If Mr. Van Riet claims that any document or thing responsive to any of the numbered requests below is privileged or immune from discovery as work product, or that any request is unanswerable in full for any reason, Mr. Van Riet shall answer the request to the extent to which it is not objected and explain the objection by providing a full identification of the withheld document, thing, or portion thereof, including:

(a) the date or dates appearing on such document or thing, or if no date appears thereon, the date (or approximate date) such document or thing was prepared;

(b) the identity of all persons who prepared, authored, signed, and/or received (including "blind copy" recipients) such document or thing, or who learned of its contents, including an identification of any affiliations of such persons with Mr. Van Riet;

(c) the general nature of the document or thing (*e.g.*, letter, photograph, etc.);

(d) a summary of its contents or its general subject matter; and

(e) the specific grounds for not answering in full, including the nature of the privilege (*e.g.*, attorney-client privilege, work product) or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds.

3. Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion excised. Mr. Van Riet shall identify the specific location on each page where matter has been excised.

4. If Mr. Van Riet is aware of any document or things requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production by Mr. Van Riet for any reason whatsoever, Mr. Van Riet shall provide:

(a) a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (*e.g.*, letter, report);

(b) a summary of its contents or general subject matter;

(c) the names, affiliations, and job titles of all persons who participated in preparing and/or signing the document or thing;

(d) the date and manner of disposal;

(e) the reason for disposal;

(f) the identity of any person who has possession, custody, or control of a partial or complete copy of such document or thing; and

(g)  the identity of all persons who participated in and/or authorized the destruction or discarding or who have knowledge of the dates and circumstances surrounding the destruction or discarding.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents and things concerning United States Patent No. 4,720,346, issued to Flesher *et al.* ("the Flesher '346 patent").

### REQUEST NO. 2:

All documents and things concerning United States Patent No. 4,528,321, issued to Allen *et al* ("the Allen '321 patent").

### REQUEST NO. 3:

All documents and things concerning the preparation, filing, and prosecution of the '766 patent.

### REQUEST NO. 4:

All documents and things concerning the preparation, filing, and prosecution of the '808 patent.

### REQUEST NO. 5:

All documents and things concerning United Kingdom Patent No. EP-0202780-B, including but not limited to the related opposition proceeding before the European Patent Office and "EP 0,202,780" referenced in the specifications of the '766 and '808 patents.

### REQUEST NO. 6:

All documents and things concerning the Flesher '346 patent and a United States litigation involving Allied Colloids Inc., Allied Colloids Ltd., and American Cyanamid Co., in the Eastern District of Virginia, Civil Docket 92-CV-1658.

### REQUEST NO. 7:

All documents and things concerning United Kingdom Patent No. EP-0202780-B and/or the Flesher '346 patent and a United Kingdom litigation involving Allied Colloids Ltd., American Cyanamid Co., and Cyanamid of Great Britain Ltd.