**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, ) | |
| ) | |
| ) | C.A. No.: 04-293 (KAJ) |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| HERCULES INC. AND CYTEC ) | |
| INDUSTRIES, INC. ) | **REDACTED - PUBLIC VERSION** |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL EXPERT REPORT OF**
**ROBERT G. GILBERT, Ph.D.**

I filed an initial expert report on July 22, 2005, and a rebuttal expert report on August 18,

2005. This report is in response to the rebuttal and supplemental expert reports of Robert K.

Prud'homme and James N. Greenshields, and supplements my prior reports. As with my prior

expert reports, I specifically reserve the right to form and submit additional opinions regarding

any additional information or discovery that is subsequently generated or produced. I refer in my

report to various documents and specifics. I have not, however, set forth every relevant factored

document about which I am aware, and reserve the right to supplement, if required. Likewise, I

reserve the right to further supplement my report to clarify possible ambiguities or to opine

further based upon future court rulings, agreements between the parties, or any further testimony

by either party, either by deposition at any hearing, or at trial.

**I.    THE RELEVANT SKILL IN THE ART**

REDACTED

REDACTED

I stand by my previous statements that ordinary skill in the art would have knowledge of polymer synthesis or knowledge of use of polymers in the paper industry, but not both.

## II.   SUMMARY

REDACTED

Likewise, and also for the reasons set forth herein, I stand by my opinion that the PerForm® SP9232 product and its use in making paper infringes the claims of the '808 and '766 patents, specifically claims 1, 6-8, 11, 13, 15, 17 and 20 of the '808 patent and claims 1, 3, 5, 7, 9, 11, 13, 17 and 19 of the '766 patent.

3.    In connection with reaching my opinions which are set forth herein, I have again reviewed the various patents and applications involved here, in addition to data and information newly discovered from defendants.

REDACTED

## III.    DR. PRUD'HOMME'S REBUTTAL REPORT

REDACTED

REDACTED

All the physical evidence points to the existence of cross-linking in the particular conditions used in making PerForm® SP9232.

REDACTED

- 4 -

REDACTED

Whatever the case, I see nothing in these patents that would exclude the Hypermer B246SF when used under process conditions causing it to function as a crosslinker as well as a surfactant.

REDACTED

I do not agree that the patents in suit are limited to specific types of cross-linking agents or to the use of specific types of crosslinkers. Grafting is a reaction which involves free radical activation as do numerous other reactions involving "typical" crosslinkers. Moreover, as I have previously stated, Hypermer B246SF includes molecules having two or more reactive groups or functionalities. Thus, Hypermer B246SF is capable of reacting and functioning as a cross-linking agent as claimed in the patents.

REDACTED

Nothing in the patents in suit requires that cross-linking agents only have that

function. And, as previously stated, Hypermer B246SF, in my view, functions in making of

PerForm® SP9232 as a cross-linking agent as well as a surfactant

REDACTED

The functioning of

materials such as the Hypermer B246SF should be considered not in a vacuum, but in the context

of the specific process conditions in which such material is used.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

In my opinion, claim 1 of each of the patents in suit is infringed.

REDACTED

## IV.    DR. PRUD'HOMME'S SUPPLEMENTAL REPORT

REDACTED

REDACTED

REDACTED

Since I disagree
with Dr. Prud'homme's views as to claim 1 of each of the '808 and '766 patents, I disagree with
his conclusions as to the additional claims identified.

REDACTED

In this regard, I have reviewed the prosecution in the
United States Patent Office leading to U.S. 5,274,055, which I have been advised is a division of
the '766 patent. (Ex. Q).

REDACTED

33.     As to paragraph 23 regarding the Allen '321 and Flesher '346 patents, I stand by
my prior statements.

REDACTED

- 13 -

# REDACTED

First, what the '346 patent "specifies" is that the polymer particles must be below 10 microns in dry size, preferably

below 2 microns, but preferably swell, *e.g.*, to at least twice their dry diameter, and after at least

5 times their dry diameter in water. (Ex. R, '346 patent, Col. 6, lines 31-35)

REDACTED                                the '346 patent states that the

particle size may be controlled by the degree of shear and by the possible presence of

emulsifying agent. ('346 patent, Col. 9, lines 7-10) Third, what the '321 patent "specifies" is

that it is normally desirable for the particle size of the monomer and polymer droplets to be

below 5 microns, preferably 0.3 to 3 micron and the monomer droplets should be homogenized

to achieve their particle size. (Ex. S, '321 patent, Col. 5, lines 61-66)

REDACTED

REDACTED

## V.    MR. GREENSHIELDS' REPORTS

REDACTED

REDACTED    The type of initiator is important in the abstraction/grafting processes

which can lead to cross-linking, both in terms of the solubility of initiator in different phases and

the rate coefficient for abstraction and addition: See "Modification of natural and artificial

polymer colloids by 'topology-controlled' emulsion polymerization," D.J. Lane, J.F. Anstey,

C.M. Fellows, M.J. Monteiro, R.G. Gilbert, *Biomacromolecules*, **2**, 518-525 (2001).

REDACTED

Hypermer includes many molecules, and

some of these have hydroxyl groups and some have unsaturation.

REDACTED

- 17 -

REDACTED

Date:  14.10 . 05                    R. Gilbert
                                    _____
                                    Robert G. Gilbert, Ph.D.

- 18 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2005, I hand delivered the foregoing to the following persons and electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**HAND DELIVERY:**
Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter Anderson & Corroon, LLP
1313 N. Market Street, P.O. Box 951
Wilmington, DE 19899

I hereby certify that on October 25, 2005, I have mailed by Federal Express the aforesaid Notice of Service and Filing to the following non-registered participants:

**FEDERAL EXPRESS:**
Thomas L. Creel, Esq.
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022

**FEDERAL EXPRESS:**
Ford F. Farabow, Jr., Esq.
Joann M. Neth, Esq.
A. Neal Seth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Chad M. Shandler (#3796)
shandler@rlf.com
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7000

RLF1-2933607-1