# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS )
CORPORATION, )
) 
           Plaintiff, )    C. A. No. 04-293 (KAJ)
)
           v. )    **JURY TRIAL DEMANDED**
)
HERCULES, INC. and )
CYTEC INDUSTRIES, INC., )
)
           Defendants. )

## AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANT HERCULES, INCORPORATED

Defendant Hercules, Incorporated ("Hercules") files this Amended Answer and Counterclaims in response to the Complaint dated May 7, 2004 filed by Plaintiff Ciba Specialty Chemicals Corporation ("Ciba").

### AMENDED ANSWER

#### The Parties

1. Upon information and belief, Hercules admits the allegations of paragraph 1 of the Complaint.

2. Hercules admits the allegations of paragraph 2 of the Complaint.

3. Upon information and belief, Hercules admits the allegations of paragraph 3 of the Complaint.

#### Jurisdiction and Venue

4. Hercules admits that Ciba alleges that Hercules infringes U.S. Patent Nos. 5,167,766 (the "'766 patent") and 5,171,808 (the "'808 patent") and seeks relief under

the patent laws of the United States. Hercules denies all remaining allegations of Paragraph 4.

5. Hercules admits that, as to defendant Hercules, subject matter, personal jurisdiction and venue are proper in this Court. Hercules further admits that it is incorporated in the State of Delaware and is doing business in this district. As to the remaining allegations in paragraph 5 of the Complaint, Hercules has insufficient information to admit or deny them, and thus denies them.

<u>Patents in Suit</u>

6. Hercules admits that the '766 patent, entitled "Charged Organic Polymer Microbeads in Paper Making Process," was issued by the United States Patent and Trademark Office ("PTO") on December 1, 1992, and that a copy of the '766 patent was attached to the Complaint as Exhibit A. Hercules denies the remaining allegations of paragraph 6 of the Complaint, and specifically denies that the '766 patent was duly and legally issued by the PTO.

7. Hercules admits that the '808 patent, entitled "Cross-linked Anionic and Amphoteric Polymeric Microparticles," was issued by the PTO on December 15, 1992, and that a copy of the '808 patent was attached to the Complaint as Exhibit B. Hercules denies the remaining allegations of paragraph 7 of the Complaint, and specifically denies that the '808 patent was duly and legally issued by the PTO.

8. Upon information and belief, Hercules admits that, according to the records of the PTO, assignment of each of the '766 and '808 patents from Cytec to Ciba was recorded in the PTO on or about January 16, 2002. Hercules further admits that on or about October 24, 2002 it received a letter from Ciba referring Hercules to a number of

Ciba's patents, including the '808 and '766 patents, but specifically denies that Hercules received notice of alleged infringement of these patents. Hercules also denies the remaining allegations of paragraph 8 of the Complaint.

**Patent Infringement**

9.   Hercules denies the allegations of paragraph 9 of the Complaint.

10   Hercules denies the allegations of paragraph 10 of the Complaint.

11.  Hercules denies the allegations of paragraph 11 of the Complaint.

**Plaintiff's Prayer For Relief**

12.  Hercules denies that Ciba is entitled to the relief requested in any of paragraphs A-F of the Complaint or to any other relief.

**FIRST DEFENSE**

13.  Hercules has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the '766 patent either literally or under the doctrine of equivalents.

14   The prosecution history of the '766 patent estops Ciba from asserting infringement of any claim of the '766 patent.

15.  Hercules has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the '808 patent either literally or under the doctrine of equivalents.

16.  The prosecution history of the '808 patent estops Ciba from asserting infringement of any claim of the '808 patent

3

## SECOND DEFENSE

17.     The '766 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

18.     The '808 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD DEFENSE

19.     Ciba did not provide actual notice of infringement to Hercules prior to filing this lawsuit.

## FOURTH DEFENSE

20.     Upon information and belief, Ciba, Cytec Industries, Inc., and/or their licensees failed to comply with 35 U.S.C. § 287 in connection with the making, offering for sale, or selling of products covered by the patents-in-suit by failing to mark those products with the numbers of the patents-in-suit.

## FIFTH DEFENSE

21.     On information and belief, all claims of the patents-in-suit are unenforceable as a matter of law because persons owing a duty of candor to the PTO withheld from the PTO and misrepresented to the PTO highly material prior art during prosecution of the '766 and '808 patents. Such intentional acts were material to patentability under PTO Rule 1.56. The facts currently known on which Hercules will rely in support of this defense are set forth with particularity in paragraphs 16 to 78 of the Amended Counterclaims and are incorporated herein by reference.

4

## RIGHT TO ASSERT ADDITIONAL DEFENSES

22.    Hercules' investigations into the allegations set forth in Ciba's Complaint are ongoing and discovery has not been completed. Hercules expressly reserves the right to assert and pursue additional defenses.

## AMENDED COUNTERCLAIMS

### Parties and Jurisdiction

1.    Hercules is a Delaware corporation having its principal place of business at 1313 North Market Street, Wilmington, Delaware 19894.

2.    On information and belief, Ciba is a New York corporation having its principal place of business at 540 White Plains Road, Tarrytown, New York 10591.

3.    This Court has jurisdiction over these Counterclaims pursuant to at least 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

4.    Venue is proper in this district under at least 28 U.S.C. §§ 1391 and 1400(b).

5.    These counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 101 et seq.

### Counterclaim I - Declaratory Judgment of Noninfringement of the '766 Patent

6.    Hercules has not infringed, contributorily infringed, or induced infringement of the '766 patent, either literally or under the doctrine of equivalents.

7.    The prosecution history of the '766 patent estops Ciba from asserting infringement of any claim of the '766 patent.

5

8.    Hercules is entitled to a declaratory judgment that it has not infringed, and is not infringing, the '766 patent.

## Counterclaim II – Declaratory Judgment of Noninfringement of the '808 Patent

9.    Hercules has not infringed, contributorily infringed, or induced infringement of the '808 patent, either literally or under the doctrine of equivalents.

10.    The prosecution history of the '808 patent estops Ciba from asserting infringement of any claim of the '808 patent.

11.    Hercules is entitled to a declaratory judgment that it has not infringed, and is not infringing, the '808 patent.

## Counterclaim III – Declaratory Judgment of Invalidity of the '766 Patent

12.    The '766 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

13.    Hercules is entitled to a declaratory judgment that the '766 patent is invalid.

## Counterclaim IV – Declaratory Judgment of Invalidity of the '808 Patent

14.    The '808 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

15.    Hercules is entitled to a declaratory judgment that the '808 patent is invalid.

## Counterclaim V – Declaratory Judgment of Unenforceability of the '766 and '808 Patents

16.    Persons owing a duty of candor to the PTO during prosecution of the '766 and '808 patents did not disclose highly material prior art to the PTO, including U.S. Patent No. 4,720,346 to Flesher et al. ("the Flesher '346 patent") and U.S. Patent No

6

4,528,321 to Allen *et al.* ("the Allen '321 patent"). Their inequitable conduct during prosecution of the '766 and '808 patents renders unenforceable all claims of these patents.

17.    Like claim 1 of the '766 patent, the Flesher '346 patent discloses adding ionic, organic polymeric particles to an aqueous cellulosic suspension in a paper making process. ('346 patent, col. 5, lines 35-65; col. 8, lines 40-55.)

18.    The Flesher '346 patent teaches that these ionic, organic polymeric particles may be cross-linked. (*See id.* at col. 6, lines 52-57; col. 7, lines 51-54; Examples 2, 3, and 12.)

19.    The polymer particles of the Flesher '346 patent meet the particle size limitation of claim 1 of the '766 patent. (*See id.* at col. 6, lines 25-26 (stating that the polymeric material in suspension "should preferably be a microdispersion") and 31-33 (stating that its polymeric particles "are preferably below 2µm" in size); *see also* Examples 2, 3, and 12.)

20.    During prosecution of a patent application that was co-pending at the PTO with the '766 and '808 patents, the assignee of that application (American Cyanamid Corporation - "American Cyanamid") and persons at American Cyanamid owing a duty of candor to the PTO in connection with the prosecution of the '766 and '808 patents, including at least patent attorney Frank Van Riet, conceded that the polymer particles of the Flesher '346 patent would have sizes in the range of 0.2 to 2.0 microns:

> Further support for Appellants' position is found at col. 9, lines 21-24 of [the Flesher '346 patent] wherein EP No. 0126528 is disclosed as including details of the type of polymerization used in [the Flesher '346 patent]. As mentioned, macroemulsion technology produces polymer particles averaging about one (1) micron in diameter.

7

*Reference to U.S. Patent No. 4,528,321, copy attached, which is an equivalent of the above-identified EP patent, shows the production of polymers having an average particle size range of from 0.2-2.0, see Example 1, line 50. Thus, it is clear that [the Flesher '346 patent's] polymer particles, which are* all *above 0.2 micron and average 1.1 micron, are far larger than claimed by Appellants i.e. all are below 0.1 micron, not an average.*

(U.S. Application Serial No. 07/552,958, Appeal Brief on Behalf of Appellants dated Sept. 13, 1991, at 8 (emphasis added; underlining in original).)

21.     The polymeric particles in the Flesher '346 patent meet the ionicity limitation of claim 1 of the '766 patent of at least 1% (*see* '346 patent at col. 9, lines 56-61; Examples 2, 3), or at least 5% if anionic and used alone (*see id.* at Example 12.)

22.     Additionally, a person of skill in the art would have known to add the polymeric particles of the Flesher '346 patent to the aqueous paper furnish in the amount required by claim 1 of the '766 patent (of about 0.05 to 20 lbs/ton).

23.     The Flesher '346 patent discloses adding between 0.2 and 60 lbs/ton of polymeric particles to achieve optimum floc stability: "[s]uitable doses are in the range of 0.01 to 3%, often 0.5 to 3%, by weight polymer based on dry solids." ('346 patent, col. 11, lines 9-11; *see also* Example 14 (disclosing adding a polymer dose of about 6 kg/ton, which equals 13.2 lbs/ton) )

24.     The Flesher '346 patent thus anticipates at least claim 1 of the '766 patent.

25.     Like claim 1 of the '808 patent, the Flesher '346 patent discloses a composition comprising anionic polymeric particles derived from the reverse phase polymerization of an aqueous solution of at least one monomer. (*See id.* at col. 5, lines 63-64; col. 6, lines 45-47; col. 7, lines 45-54; col. 8, lines 40-46; Example 12.)

8

26.    The Flesher '346 patent teaches that these anionic polymeric particles may be cross-linked. (*See id.* at col. 6, lines 52-57; col. 7, lines 51-54; Example 12.)

27.    A cross-linking agent (methylene bis acrylamide – "MBA") is present in the Flesher '346 patent in the amount required by claim 1 of the '808 patent. (*See id* at Example 12.)

28.    The cross-linked polymeric particles of the Flesher '346 patent meet the particle size limitation of claim 1 of the '808 patent. (*See id* at col. 6, lines 25-26 and 31-33; Example 12; *see also* U.S. Application Serial No. 07/552,958, Appeal Brief on Behalf of Appellants dated Sept. 13, 1991, at 8.)

29.    The polymeric particles of Example 12 of the Flesher '346 patent also satisfy the ionicity limitation of claim 1. (*See id* at Example 12.)

30.    The composition of Example 12 of the Flesher '346 patent meets the solution viscosity limitation of claim 1 of the '808 patent. (*See* '346 patent, Example 12; '808 patent, Table 1.)

31.    The Flesher '346 patent thus anticipates at least claim 1 of the '808 patent.

32.    Like claim 1 of the '808 patent, the Allen '321 patent discloses a composition comprising anionic polymeric particles derived from the reverse phase polymerization of an aqueous solution of at least one monomer. (*See* '321 patent, col. 4, lines 22-26, 43-48; Example 7.)

33.    The Allen '321 patent teaches that these anionic polymeric particles may be cross-linked. (*See id.* at col. 4, lines 59-69; Example 7.)

34.    A cross-linking agent (MBA) is present in the amount required by claim 1 of the '808 patent. (*See id* at Example 7.)

9

35.     The cross-linked polymeric particles of the Allen '321 patent meet the particle size limitation of claim 1 of the '808 patent. (*See id.* at col. 5, lines 61-63; Example 7; *see also* U.S. Application Serial No 07/552,958, Appeal Brief on Behalf of Appellants dated Sept. 13, 1991, at 8.)

36.     The polymeric particles of Example 7 of the Allen '321 patent also satisfy the ionicity limitation of claim 1. (*See* '321 patent, Example 7.)

37.     The composition of Example 7 of the Allen '321 patent meets the solution viscosity limitation of claim 1 of the '808 patent. (*See* '321 patent, Example 7.)

38.     The Allen '321 patent thus anticipates at least claim 1 of the '808 patent.

39.     The combination of the Flesher '346 patent and the prior art, including at least the Allen '321 patent, would have rendered obvious at least claims 1-6 of the '808 patent.

40.     The combination of the Flesher '346 patent and the prior art, including at least the Allen '321 patent and/or U.S. Patent No. 5,180,473 to Akune *et al.*, would have rendered obvious at least claims 1-3 of the '766 patent.

41.     PTO Rule 1.56 requires "[e]ach individual associated with the filing and prosecution of a patent application . . . to disclose to the Office all information known to that individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56(a).

42.     Effective March 16, 1992, the PTO Rules provided the following amended definition for information to be considered "material to patentability":

> (b) Under this section, information is material to patentability when it is not cumulative to information already of record or being made of record in the application, and

10

(1) It establishes, by itself or in combination with other information, a *prima facie* case of unpatentability of a claim; or

(2) It refutes, or is inconsistent with, a position the applicant takes in:

(i) Opposing an argument of unpatantability relied on by the Office, or

(ii) Asserting an argument of patentability.

37 C.F.R. § 1.56(b).

43. The Flesher '346 patent and the Allen '321 patent were more material than other prior art before the PTO during prosecution of the '766 and '808 patents.

44. Had they been considered, the Flesher '346 patent and the Allen '321 patent would have supplied deficiencies in the other references cited during prosecution of the '766 and '808 patents.

45. Had they been considered, the Flesher '346 patent and the Allen '321 patent would have refuted arguments for patentability urged by American Cyanamid and those involved in the prosecution of the '766 and '808 patents.

46. During prosecution of the '766 patent, American Cyanamid argued that their claims would not have been obvious over U.S. Patent No. 4,659,431 to Probst *et al.* ("the Probst '431 patent") because this patent allegedly failed to teach (a) ionic polymeric particles, (b) that are cross-linked, and (c) that are added to the paper furnish, rather than the paper sheet itself, during the papermaking process:

"Thus, Probst fails to meet Applicants' claims because:

1. The microbeads are preferably added to the paper rather than the furnish;

2. The microbeads are not ionic and

11

       3.     The microbeads are not cross-linked."

(U.S. Application Serial No. 07/540,667, Amendment dated Sept. 23, 1991 at 6-7; *see also* U.S. Application Serial No. 07/540,667, Amendment dated Mar. 16, 1992 at 1-5 (repeating these arguments).)

      47.     In contrast to the Probst '431 patent, the Flesher '346 patent teaches the use of ionic polymeric particles that are cross-linked

      48.     In contrast to the Probst '431 patent, the Flesher '346 patent also teaches adding ionic, cross-linked polymeric particles to the paper furnish during the papermaking process.

      49.     During prosecution of the '808 patent, American Cyanamid argued that U.S. Patent No. 4,147,688 to Makhlouf *et al* ("the Makhlouf '688 patent") would not have rendered their claims obvious because this prior art allegedly failed to teach (a) preparing the polymeric particles solely from water-soluble monomers, and (b) using a cross-linking agent in the range of about 4 molar parts to about 4000 molar parts per million, instead of a higher range:

> "Thus, Appellants have clearly shown the unexpected superiority of the instant compositions produced by the claimed novel process. Therefore, since Makhlouf et al. fail to teach the necessity of using only water-soluble monomers and fail to teach the claimed, *critical range of cross-linking agent*, it is respectfully submitted that the rejection based thereon is erroneous and should be reversed."

(U.S. Application Serial No. 07/803,120, Brief for Appellants dated Apr. 27, 1992, at 6 (emphasis added).)

50.    In contrast to the Makhlouf '688 patent, the Flesher '346 patent and the Allen '321 patent both contain Examples of compositions of polymeric particles prepared only from water-soluble monomers.

51.    In contrast to the Makhlouf '688 patent, the Flesher '346 patent and the Allen '321 patent both contain Examples of compositions of polymeric particles that use cross-linking agents in the claimed range of about 4 molar parts to about 4000 molar parts per million.

52    Persons at American Cyanamid owing a duty of candor to the PTO, including at least the in-house patent attorney who prosecuted the '766 patent, Mr. Frank Van Riet, were aware of the Flesher '346 patent during prosecution of the '766 patent.

53.    Persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, who also prosecuted the '808 patent, were aware of the Flesher '346 patent during prosecution of the '808 patent.

54.    The Flesher '346 patent was not cited to the PTO or considered by the PTO during prosecution of either the '766 or '808 patents.

55.    Persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, were aware of the Allen '321 patent during prosecution of the '808 patent.

56.    The Allen '321 patent was not cited to the PTO or considered by the PTO during prosecution of the '808 patent.

57.    Claim 1 of the '808 patent recites "[a] composition comprising cross-linked anionic or amphoteric polymeric microparticles."

13

58.  The specification of the '808 patent misrepresents that the European counterpart to the Flesher '346 patent, EP 0,202,780, "describes the preparation of polymeric, crosslinked, *cationic* acrylamide polymer beads by *conventional* inverse emulsion polymerization techniques." ('808 patent, col. 1, lines 23-25 (emphasis added).)

59.  The specification of the '766 patent contains a similarly misleading statement describing EP 0,202,780 as being limited to "cationic" polyacrylamide beads prepared by "conventional" polymerization techniques. (*See* '766 patent, col. 2, lines 47-49.)

60.  The Flesher '346 patent describes the preparation of polymeric, crosslinked, anionic acrylamide polymer particles in addition to cationic ones. (*See* '346 patent, Example 12; *see also* col. 5, lines 63-64 (stating that when forming paper and paper products "the flocculant polymer is preferably an anionic polyacrylamide.").)

61.  Instead of describing polymeric particles formed by "conventional" processes, the polymeric particles of the Flesher '346 patent are ionic, organic, cross-linked particles meeting the limitations of claim 1 of both the '766 and '808 patents. (*See* '346 patent, Example 12.)

62.  The Flesher '346 patent and the Allen '321 patent were brought to the attention of persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, many times prior to issuance of the '766 and '808 patents.

63.  For instance, the Flesher '346 patent was cited during the prosecution of U.S. Patent Nos. 5,132,023 and 5,104,552, both of which were prosecuted by Mr. Van Riet and both of which issued before the '766 and '808 patents.

14

64.   Mr. Van Riet also had knowledge of the Flesher '346 patent because it had been cited during prosecution of other American Cyanamid patent applications that were pending at the PTO before or during prosecution of the '766 and '808 patents. These include U.S. Application Serial Nos. 07/286,015, 07/409,366, 07/285,940, 07/864,243, 07/643,309, and 07/552,958.

65.   Persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, were also aware of the Flesher '346 patent, or its European equivalent, by virtue of having identified EP 0,202,780 in the specifications of the '766 and '808 patents.

66.   Furthermore, during an appeal to the PTO Board of Patent Appeals and Interferences during prosecution of U.S. Application Serial No. 07/552,958, Mr. Van Riet argued that the Allen '321 patent disclosed that the polymeric particles of the Flesher '346 patent would have sizes in the range of 0.2 to 2.0 microns. (*See* U.S. Application Serial No. 07/552,958, Appeal Brief on Behalf of Appellants dated Sept. 13, 1991, at 8 (quoted in paragraph 20 above).)

67.   Persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, were further aware of the Allen '321 patent because they cited this prior art during prosecution of U.S. Application Serial No. 07/922,885. This citation of the Allen '321 patent also occurred before issuance of the '766 and '808 patents.

68.   Prior to issuance of the '766 and '808 patents, Allied Colloids Ltd. sued American Cyanamid Company and Cyanamid of Great Britain for infringement of EP 0,202,780.

69.    Prior to issuance of the '766 and '808 patents, Allied Colloids Ltd. and its U.S. licensee, Allied Colloids Inc. (collectively "Allied Colloids"), also sued American Cyanamid for infringement of the Flesher '346 patent.

70.    Allied Colloids' complaint averred that American Cyanamid's infringement of the Flesher '346 patent was willful and had occurred "with knowledge of" that patent

71.    Upon information and belief, persons at American Cyanamid involved with the prosecution of the '766 and '808 patents had such prior knowledge of the Flesher '346 patent.

72.    In spite of all the above instances where the Flesher '346 patent and the Allen '321 patent were brought to the attention of persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, this prior art was not brought to the attention of the PTO during prosecution of the '808 patent.

73.    After the PTO mailed a Notice of Allowance for the '766 patent on March 23, 1992, American Cyanamid and Mr. Van Riet waited until April 27, 1992 and then cited EP 0,202,780 to the PTO along with 15 other references.

74.    At the time when American Cyanamid and Mr. Van Riet cited EP 0,202,780, the PTO's Rules precluded it from considering additional references and the PTO therefore refused to consider this European counterpart to the Flesher '346 patent

75.    Upon information and belief, at least Mr. Van Riet knew or should have known that the citation of references including EP 0,202,780 was not timely and that the references could not be considered by the PTO.

76    American Cyanamid and Mr. Van Riet could have withdrawn the '766 patent from issuance and properly cited EP 0,202,780 or the Flesher '346 patent for consideration by the PTO but did not do so.

77.    By their course of conduct, persons at American Cyanamid owing a duty of candor to the PTO, including at least Mr. Van Riet, purposefully prevented the PTO from considering the most pertinent prior art, the Flesher '346 patent and the Allen '321 patent, during prosecution of the '766 and '808 patents.

78.    Such purposeful conduct along with the high materiality of these prior art references is sufficient to establish an intent to mislead the PTO into wrongfully allowing the '766 and '808 patents to issue.

## Right to Assert Additional Counterclaims

79.    Hercules' investigations into the allegations set forth by in Ciba's Complaint are ongoing and discovery has not been completed. Hercules expressly reserves the right to assert and pursue additional counterclaims.

## Prayer for Relief

For the reasons set forth above, Hercules prays for the Court's entry of judgment for it and against Ciba as follows:

A.    Declaring the '766 patent to be invalid;

B.    Declaring the '808 patent to be invalid;

C.    Declaring that Hercules has not infringed, contributorily infringed or induced infringement of the '766 patent;

D.    Declaring that Hercules has not infringed, contributorily infringed or induced infringement of the '808 patent;

17

E.   Declaring the '766 patent to be unenforceable;

F.   Declaring the '808 patent to be unenforceable;

G.   Dismissing Ciba's Complaint with prejudice;

H.   Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

I.   Awarding to Hercules its costs, expenses, and reasonable

attorney's fees incurred in defending against Ciba's claims in this action; and

J.   Awarding to Hercules such other and further relief as this Court

deems just and proper.

POTTER ANDERSON & CORROON LLP

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
Neal Seth
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
(202) 408-4000

*Attorneys for Defendant*
*Hercules, Inc.*

Dated:

18

# EXHIBIT 2

D&B Business Information Report: CYTEC INDUSTRIES INC



Decide with Confidence

# Business Information Report

To save report(s) to your PC, click here for instructions.

📄 Print this Report

Copyright 2005 Dun & Bradstreet - Provided under contract for the exclusive use of subscriber 061010366L

Report Printed: DEC 08 2005
**In Date**

## BUSINESS SUMMARY

**CYTEC INDUSTRIES INC**
**Five Garret Mountain Plaza**
**West Paterson, NJ 07424**

| | | |
|---|---|---|
| Now Included with this Report | | NEW! |

**D&B's Credit Limit Recommendation**
D&B's industry and risk-based limit guidance
  ☞ Learn More                               ☞ **View Now**

**Payment Trends Profile**
Payment trends and industry benchmarks
  ☞ Learn More                               ☞ **View Now**

This is a **headquarters** location.
Branch(es) or division(s) exist.

**D-U-N-S Number:**        80-974-9948

| | |
|---|---|
| Web site: | www.cytec.com |
| Telephone: | 973 357-3100 |
| Fax: | 973 357-3061 |
| Chief executive: | DAVID LILLEY, CHB-PRES-CEO |
| Stock symbol: | CYT |
| Year started: | 1907 |
| Management control: | 1993 |
| Employs: | 4,500 (250 here) |
| Financial statement date: | SEP 30 2005 |
| Sales F: | $1,721,300,000 |
| Net worth F: | $1,217,600,000 |
| History: | CLEAR |
| Financing: | SECURED |
| Financial condition: | FAIR |
| SIC: | 2899 |
| | 2821 |
| | 2672 |

**D&B Rating:**              **5A3**
**Financial strength:**      5A is $50 million and over.

**Composite credit appraisal:**   3 is fair.

**D&B PAYDEX®:**

**12-Month D&B PAYDEX:** **76**
When weighted by dollar amount, payments to suppliers average 6 days beyond terms.

| 0 | | 100 |
|---|---|---|
| 120 days slow | 30 days slow | Prompt  Anticipates |

Based on trade collected over last 12 months.

NEW! Enhanced payment trends and industry benchmarks are available on this business

                    2851
                    2823
                    2819

**Line of**     Mfg chemical preparation, mfg plstc
**business:**    material/resin, mfg coat/laminated
                    paper, mfg paints/allied prdts


SPECIAL EVENTS


11/04/2005
**EARNINGS UPDATE:** According to published reports, comparative operating results for the 9 months ended
September 30, 2005: Sales of $2,138,200,000, Net Income of $40,700,000; compared to Sales of $1,270,700,000,
Net Income of $84,700,000 for the comparable period in the prior year.

11/01/2005
**OTHER SPECIAL EVENT:** According to published reports, Cytec Industries Inc. announced that it has completed
expansion of its plant in Mount Pleasant, Tennessee to increase production capacity for metal extractant products
that are of critical importance to the copper mining industry. The expansion will allow the plant to increase its output
of these products by approximately 50 percent.

10/27/2005
**OTHER SPECIAL EVENT:** According to published reports, Cytec Industries Inc. announced that it is combining its
two specialty chemical divisions, Cytec Surface Specialties and Cytec Performance Specialties into a new unit named
Cytec Specialty Chemicals.

10/26/2005
**STOCK/BOND ISSUANCE/REDEMPTION/REPURCHASE:** According to published reports, Cytec Industries Inc.
announced that the company's Board of Directors declared a regular quarterly cash dividend of $0.10 per share on
the common stock of the company, payable on November 25, 2005, to shareholders of record as of November 10,
2005.

'/30/2005
'OCK/BOND ISSUANCE/REDEMPTION/REPURCHASE:** According to published reports, Cytec Industries Inc.
announced the pricing of $250 million aggregate principal amount of 5.5% Notes due 2010 and $250 million
aggregate principal amount of 6.0% Notes due 2015.

09/29/2005
**OTHER SPECIAL EVENT:** According to published reports on September 28, 2005, Cytec Industries Inc. announced
that Hurricane Rita did not cause any direct damage to its facilities in Texas and Louisiana. However, the curtailment
of the supply of natural gas by the Company's primary provider necessitated an orderly shutdown of the Building
Block Chemical's Fortier facility in Louisiana. The Company has now obtained natural gas at current spot prices from
other providers and has restarted the Fortier facility. The cost of the shutdown, lost production, higher cost of natural
gas and startup of production is estimated to reduce pretax earnings about $1 million ($0.01 per diluted share). The
Company has contracted enough natural gas to operate to the end of the month and is working with its primary
natural gas provider on resumption of regular deliveries.

The Company is not yet able to quantify the financial impact on the raw materials and energy that it purchases due to
price increases and/or supply disruptions for oil and natural gas. The Company is in the process of assessing its
ability to recover cost increases with price increases as well as other mitigating actions. In addition, the Company is
working with its raw material, natural gas and transportation suppliers to reduce the impact from Hurricanes Katrina
and Rita.


SUMMARY ANALYSIS


**D&B Rating:**            **5A3**
    **Financial strength:**        5A indicates **$50 million and over**.
    **Composite credit appraisal:** 3 is **fair**.

The Rating was changed on May 10, 2005 because of changes in financial information, payment information, or other
information about this business. This credit rating was assigned because of D&B's assessment of the company's
financial ratios and its cash flow. For more information, see the D&B Rating Key.

   ow is an overview of the company's rating history since 02/05/94:

| D&B Rating | Date Applied |
|---|---|
| 5A3 | 05/10/05 |
| 5A2 | 04/24/00 |
| 5A3 | 04/05/00 |
| 5A2 | 05/01/96 |
| 5A3 | 04/18/95 |
| --- | 02/05/94 |

The Summary Analysis section reflects information in D&B's file as of December 5, 2005.

---
| NEW! | How does CYTEC INDUSTRIES INC's payment record compare to its industry? | ⑦ |
|---|---|---|
| A Payment Trends Profile will show you - View Now | | |

CUSTOMER SERVICE

If you have questions about this report, please call our Customer Resource Center at 1.800.234.3867 from anywhere within the U.S. If you are outside the U.S. contact your local D&B office.

*** Additional Decision Support Available ***

Additional D&B products, monitoring services and specialized investigations are available to help you evaluate this company or its industry. Call Dun & Bradstreet's Customer Resource Center at 1.800.234.3867 from anywhere within the U.S. or visit our website at www.dnb.com.

HISTORY

The following information was reported **10/27/2005**:

Officer(s):     DAVID LILLEY, CHB-PRES-CEO+
                JAMES P CRONIN, EX V PRES-CFO
                R SMITH , V PRES-SEC-GEN COUNSEL
                D M DRILLOCK, VP-INVESTOR RELATIONS-CONT
                WILLIAM N AVRIN, VP-CORP-BUS DEVELOPMENT
                T P WOZNIAK, TREAS

DIRECTOR(S):    The officers identified by (+) and William P Powell, Jerry R Satrum, John E Akitt, Chris A Davis, Louis L Hoynes, Anthony G Fernandes, James R Stanley, Barry C Johnson and Raymond P. Sharpe.

OUTSTANDING CAPITAL STOCK:
There were 39,900,511 shares of common stock outstanding on January 31, 2005.

. ...... BACKGROUND/OWNERSHIP ...... .

Business started 1907 by the chemical division of American Cyanamid Co. Present control succeeded Dec 1993.

MISC HISTORY:

In Dec 1993, American Cyanamid Co effected the spin-off of its chemicals unit, Cytec Industries Inc, in the form of a taxable dividend to shareholders. Cytec received substantially all of the businesses and assets of, and responsibility for substantially all of the liabilities (including liabilities of chemicals businesses previously disposed of, exclusive of Cyanamid's Bound Brook, NJ plant) associated with Cyanamid's global chemicals businesses.

STOCK OWNERSHIP:

This is a publicly held company. Shares of the common stock are traded principally on the New York Stock Exchange under the ticker symbol "CYT". On January 31, 2005, there were approximately 9,600 registered holders of the common Stock of the Company.

As of Dec 31 2004 the officers and directors as a group beneficially owned 6.8% of the common stock. Those owning ⁀% or more were UCB SA, 12.6%, Vanguard Fiduciary Trust Company on behalf of the Cytec Employees' Savings and ᴜfit Sharing Plan, 6.8%.

## RECENT EVENTS:

On September 1, 2005,Cytec Industries Inc, West Paterson, NH announced that it has completed the previously announced sale of its Surface Specialties Amino Resins Business (SSAR) to affiliates of INEOS Group Limited (INEOS) for cash consideration of euro 64 million (\$78 million @ \$1.22 euro) subject to certain customary closing adjustments. This completes Cytecs commitments under orders from the FTC and EC to divest SSAR following Cytecs acquisition of the Surface Specialties business earlier this year. Net proceeds of the sale will be used to reduce debt incurred to fund the Surface Specialties acquisition. Further details were unavailable at this time.

On June 7, 2005, an inside source stated that Cytec Industries Inc, West Paterson, NJ, announced today that it has completed its previously announced acquisition of UCBs Surface Specialties business. The transaction is valued at \$1.797 billion of which 1.140 billion (\$1.505 billion at 1.32\$/) was paid in cash and the balance was paid in 5,772,857 shares of Cytec common stock (\$292 million at \$50.55 per Cytec share). Surface Specialties Inc will operate as a subsidairy of Cytec Industries. The employees and the management were retained.

On June 1, 2005, an inside source at Cytec Industries Inc, West Paterson, NJ, stated that Cytec sold its 50% ownership interest in Cyro Industries, Rockaway, NJ to its joint venture partner, Degussa Specialty Polymers Inc. The remaining interst is held by Rohacryl Inc, New York, NY.

On March 3 2005, Cytec Industries Inc. (West Paterson, NJ) announced that it has completed its previously announced acquisition of UCB's Surface Specialties business. The transaction is valued at \$1.797 billion of which EUR 1.140 billion (\$1.505 billion at 1.32\$/EUR) was paid in cash and the balance was paid in 5,772,857 shares of Cytec common stock (\$292 million at \$50.55 per Cytec share). In addition, there is contingent consideration up to a maximum of EUR 50 million, of which EUR 20 million was paid up front with the balance payable in 2006. The contingent consideration is earned on a pro rata basis pending the achievement of certain operating results by Surface Specialties in 2005. Repeated attempts to contact the management were unsuccessful. Further details are unavailable at this time.

## OFFICERS BACKGROUND:

VID LILLEY born 1946. Prior to 1994 American Cyanamid Company, Vice President. 1994-1997 Global Medical ᴜevices for American Home Products, Vice President, Global Medical Devices. 1997-present Cytec Industries, Inc .

JAMES P CRONIN born 1953. Graduated from Fairfield University in 1975. 1975-1983 Arthur Andersen & Company. 1983-1993 American Cyanamid Company, Controller and Chief Financial Officer-Chemicals Group. 1991-1992 Group Controller-Chemicals Group. 1987-1991 Director-Corporate Accounting. 1993-present Cytec Industries Inc.

R SMITH born 1949. 1998-present active here.

D M DRILLOCK born 1958. 1998-present active here.

WILLIAM N AVRIN born 1956. 1998-present active as officer. From 1997 through 1998, he was vice president and general manager of Cytec's paper, water treating and mining chemicals business.

T P WOZNIAK born 1954. 1998-present active as officer here.

WILLIAM P POWELL born 1955. Managing Director, SBC Warburg Dillon Read & Co Inc

JERRY R SATRUM born 1944. Retired President and CEO, Georgia Gulf Corporation.

JOHN E AKITT born 1932. Retired executive vice president of Exxon Chemical Company.

CHRIS A DAVIS born 1950. Executive Vice President and Chief Financial and Administrative Officer of ONI Systems Corp.

LOUIS L HOYNES, JR born 1935. Executive Vice President and General Counsel of Wyeth (formerly known as American Home Products Corporation).

ANTHONY G FERNANDES born 1945. Chairman, Chief Executive Officer and President of Philip Services Corporation.

JAMES R STANLEY born 1944. President and Chief Executive Officer of Howmet Corporation.

ᴙRY C JOHNSON born 1945. He is Dean of Engineering at Villanova University.

٦YMOND P. SHARPE. Sharpe has been President and Chief Executive Officer of Isola Group since June 2004.

## CORPORATE FAMILY

Click below to buy a Business Information Report on that family member.
For an expanded, more current corporate family view, use D&B's Global Family Linkage product

    Buy Selected Report(s)

**Subsidiaries (US):**

| | | |
|---|---|---|
| Cytec Carbon Fibers LLC | Piedmont, SC | DUNS # 00-576-5180 |
| Cytec De Argentina S.A. | West Paterson, NJ | DUNS # 18-467-1514 |
| Cytec Engineered Materials Inc | Tempe, AZ | DUNS # 80-998-4230 |
| Cytec Global Holding Inc | West Paterson, NJ | DUNS # 60-301-9915 |
| Cytec Olean, Inc. | Olean, NY | DUNS # 10-681-2555 |
| Surface Specialties, Inc. | Smyrna, GA | DUNS # 06-924-7948 |

**Subsidiaries (International):**

| | | |
|---|---|---|
| Cytec Canada Inc. | Niagara Falls, CANADA | DUNS # 24-990-9557 |
| Cytec do Brasil Ltda. | SAO PAULO, BRAZIL | DUNS # 90-174-1566 |
| Cytec Engineered Materials GmbH | ÖSTRINGEN, GERMANY | DUNS # 31-386-7269 |
| Cytec Surface Specialties Germany GmbH & Co.KG | WIESBADEN, GERMANY | DUNS # 31-581-8646 |
| NIHON CYTEC INDSUTRIES INC. | CHUO-KU, JAPAN | DUNS # 69-089-6493 |

**Branches (US):**

| | | |
|---|---|---|
| Cytec Industries Inc | Mobile, AL | DUNS # 14-975-4319 |
| Cytec Industries Inc | Mobile, AL | DUNS # 19-235-3998 |
| Cytec Industries Inc | Stamford, CT | DUNS # 00-186-4024 |
| Cytec Industries Inc | Wallingford, CT | DUNS # 00-117-3467 |
| Cytec Industries Inc | Crystal Lake, IL | DUNS # 09-019-0708 |
| Cytec Industries Inc | Carmel, IN | DUNS # 12-482-6348 |
| Cytec Industries Inc | Westwego, LA | DUNS # 00-817-5390 |
| Cytec Industries Inc | Kalamazoo, MI | DUNS # 00-536-0680 |
| Cytec Industries Inc | Springfield, MO | DUNS # 01-165-4550 |
| Cytec Industries Inc | Charlotte, NC | DUNS # 79-046-2464 |
| Cytec Industries Inc | Charlotte, NC | DUNS # 86-695-0108 |
| Cytec Industries Inc | Rock Hill, SC | DUNS # 92-851-5782 |
| Cytec Industries Inc | Mount Pleasant, TN | DUNS # 00-403-8550 |
| Cytec Industries Inc | Arlington, TX | DUNS # 60-482-8488 |
| Cytec Industries Inc | Spring, TX | DUNS # 12-609-7877 |
| Cytec Industries Inc | Centerville, UT | DUNS # 01-829-4918 |
| Cytec Industries Inc | Bellevue, WA | DUNS # 02-346-4758 |
| Cytec Industries Inc | Longview, WA | DUNS # 04-411-0633 |

| Cytec Industries Inc | Belmont, WV | DUNS # 14-501-9761 |
| Cytec Industries Inc | Charleston, WV | DUNS # 12-168-2744 |
| Cytec Industries Inc | Willow Island, WV | DUNS # 01-311-8166 |
| Cytec Industries Inc | Green Bay, WI | DUNS # 94-134-4343 |

**Branches (International):**

| Cyquim de Colombia Sur America Sucursal Colombia | BOGOTA, COLOMBIA | DUNS # 88-019-6324 |
| Cytec Overseas Corporation Filial Av Utenlandsk | Lillestrøm, NORWAY | DUNS # 51-973-0071 |

Buy Selected Report(s)

OPERATIONS

10/27/2005

**Description:** Operates as a manufacturer of chemicals and specialty materials company that focuses on value-added products.

The Company reports with respect to four segments: Water and Industrial Process Chemicals; Performance Products; Specialty Materials; and Building Block Chemicals.

Water and Industrial Process Chemicals principally include water treatment chemicals, mining chemicals and phosphine and phosphorous specialties.

Performance Products principally include coatings, amino resins and specialty additives, performance chemicals and polymer additives.

Specialty Materials principally include advanced composites and film adhesives.

Building Block Chemicals principally include acrylonitrile, hydrocyanic acid, acrylamide, sulfuric acid and melamine.

Has 6,000 account(s). Sells to commercial concerns. Territory : International.

Nonseasonal. Highly competitive.

**Employees:** 4,500 which includes officer(s). 250 employed here.

**Facilities:** Leases 100,000 sq. ft. in a four story building.

**Branches:** This business has multiple branches, detailed branch/division information is available in Dun & Bradstreet's linkage or family tree products.

**Subsidiaries:** The company had numerous subsidiaries. Detailed information is available in Dun & Bradstreets linkage or family tree products.

SIC & NAICS

**SIC:**

Based on information in our file, D&B has assigned this company an extended 8-digit SIC. D&B's use of 8-digit SICs enables us to be more specific to a company's operations than if we use the standard 4-digit code.

e 4-digit SIC numbers link to the description on the ⸺ccupational Safety & Health Administration (OSHA)

**NAICS:**

| 325998 | All Other Miscellaneous Chemical Product and Preparation Manufacturing |
| 325998 | All Other Miscellaneous Chemical Product and Preparation Manufacturing |
| 325211 | Plastics Material and Resin Manufacturing |
| 322222 | Coated and Laminated Paper Manufacturing |
| 325510 | Paint and Coating Manufacturing |

Web site. Links open in a new browser window.

| | |
|---|---|
| 28990000 | Chemical preparations, nec |
| 28999948 | Water treating compounds |
| 28210000 | Plastics materials and resins |
| 26720201 | Adhesive backed films, foams and foils |
| 28510000 | Paints and allied products |
| 28230000 | Cellulosic manmade fibers |
| 28190000 | Industrial inorganic chemicals, nec |

| | |
|---|---|
| 325221 | Cellulosic Organic Fiber Manufacturing |
| 325188 | All Other Basic Inorganic Chemical Manufacturing |

### D&B PAYDEX

**NEW!** Enhanced payment trends and industry benchmarks are available on this business

The D&B PAYDEX is a unique, dollar weighted indicator of payment performance based on up to 509 payment experiences as reported to D&B by trade references.



**3-Month D&B PAYDEX: 76**
When weighted by dollar amount, payments to suppliers average 6 days beyond terms.

Based on trade collected over last 3 months.



**12-Month D&B PAYDEX: 76**
When weighted by dollar amount, payments to suppliers average 6 days beyond terms.

Based on trade collected over last 12 months.

When dollar amounts are not considered, then approximately 72% of the company's payments are within terms.

### PAYMENT SUMMARY

The Payment Summary section reflects payment information in D&B's file as of the date of this report.

Below is an overview of the company's dollar-weighted payments, segmented by its suppliers' primary industries:

| | Total Rcv'd (#) | Total Dollar Amts ($) | Largest High Credit ($) | Within Terms (%) | Days Slow <31 | 31-60 | 61-90 | 90> |
|---|---|---|---|---|---|---|---|---|
| **Top industries:** | | | | | | | | |
| Nonclassified | 32 | 745,150 | 200,000 | 57 | 42 | - | - | 1 |
| Whol electrical equip | 19 | 946,250 | 500,000 | 88 | - | 11 | 1 | - |
| Whol chemicals | 10 | 1,345,250 | 500,000 | 4 | 95 | 1 | - | - |
| Mfg organic chemicals | 9 | 18,114,000 | 15,000,000 | 97 | 3 | - | - | - |
| Mfg paint/allied prdt | 9 | 677,950 | 600,000 | 45 | 45 | 5 | - | 5 |
| Electric services | 8 | 3,101,500 | 3,000,000 | 100 | - | - | - | - |
| Mfg inorganic chemcls | 6 | 2,905,000 | 2,000,000 | 98 | 2 | - | - | - |
| Mfg plastics/resins | 4 | 1,090,500 | 1,000,000 | 49 | 46 | 2 | 3 | - |
| Oil/gas production | 3 | 600,000 | 400,000 | 50 | 33 | 17 | - | - |
| Petroleum refining | 3 | 575,000 | 300,000 | 26 | 74 | - | - | - |
| OTHER INDUSTRIES | 387 | 4,181,050 | 400,000 | 65 | 28 | 4 | 1 | 2 |
| **Other payment categories:** | | | | | | | | |
| Cash experiences | 5 | 750 | 750 | | | | | |
| Payment record unknown | 14 | 137,850 | 60,000 | | | | | |
| Unfavorable comments | 0 | 0 | 0 | | | | | |

**Placed for collections:**

| | | |
|---|---|---|
| ith D&B | 0 | 0 |
| Other | 0 | N/A |
| Total in D&B's file | 509 | 34,420,250 | 15,000,000 |

The highest **Now Owes** on file is $1,000,000

The highest **Past Due** on file is $200,000

Dun & Bradstreet has 509 payment experiences in its file for this company. For your convenience, we have displayed 80 representative experiences in the PAYMENTS section.

| | |
|---|---|
| *NEW!* **How does CYTEC INDUSTRIES INC's payment record compare to its industry?** | ⑦ |
| A Payment Trends Profile will show you - View Now | |

PAYMENT DETAILS

### Detailed Payment History

| Date Reported (mm/yy) | Paying Record | High Credit ($) | Now Owes ($) | Past Due ($) | Selling Terms | Last Sale Within (months) |
|---|---|---|---|---|---|---|
| 11/05 | Ppt | | 100 | 0 | | 1 mo |
| | Ppt | | 100 | 0 | | 1 mo |
| | Ppt | | 100 | 0 | | 1 mo |
| | Ppt | | 100 | 0 | | 1 mo |
| | Ppt | 2,000,000 | 1,000,000 | 70,000 | | 1 mo |
| | Ppt | 250,000 | 0 | 0 | N30 | 6-12 mos |
| | Ppt | 40,000 | 20,000 | 0 | | 1 mo |
| | Ppt | 20,000 | 0 | 0 | | 6-12 mos |
| | Ppt | 10,000 | | | | |
| | Ppt | 7,500 | 0 | 0 | N30 | 1 mo |
| | Ppt | 5,000 | 0 | 0 | | 6-12 mos |
| | Ppt | 5,000 | 0 | 0 | | 4-5 mos |
| | Ppt | 5,000 | 0 | 0 | | 6-12 mos |
| | Ppt | 5,000 | 500 | 0 | | 1 mo |
| | Ppt | 5,000 | | | | |
| | Ppt | 2,500 | 0 | | | 6-12 mos |
| | Ppt | 2,500 | 0 | | | 6-12 mos |
| | Ppt | 2,500 | 1,000 | 0 | | 1 mo |
| | Ppt | 1,000 | 1,000 | 0 | | 1 mo |
| | Ppt | 1,000 | 0 | 0 | N30 | 6-12 mos |
| | Ppt | 1,000 | 0 | 0 | N30 | 2-3 mos |
| | Ppt | 1,000 | 0 | 0 | | 2-3 mos |
| | Ppt | 1,000 | 0 | 0 | N30 | 6-12 mos |
| | Ppt | 1,000 | 0 | 0 | | 6-12 mos |
| | Ppt | 1,000 | 0 | 0 | N30 | 2-3 mos |
| | Ppt | 750 | 500 | 50 | | 1 mo |
| | Ppt | 500 | 50 | 0 | N30 | 1 mo |
| | Ppt | 500 | 0 | 0 | | 1 mo |
| | Ppt | 250 | 0 | 0 | | 6-12 mos |

D&B Business Information Report: CYTEC INDUSTRIES INC

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Ppt | 100 | 0 | 0 | N30 | 1 mo |
| Ppt | 100 | 100 | 0 |  | 1 mo |
| Ppt | 50 | 50 | 0 |  | 1 mo |
| Ppt | 50 | 50 | 0 |  | 1 mo |
| Ppt-Slow 15 | 7,500 | 7,500 | 5,000 | N30 | 1 mo |
| Ppt-Slow 15 | 5,000 | 5,000 | 750 | N30 | 1 mo |
| Ppt-Slow 30 | 400,000 | 250,000 | 100,000 |  | 1 mo |
| Ppt-Slow 30 | 50,000 | 35,000 | 15,000 |  | 1 mo |
| Ppt-Slow 30 | 1,000 | 100 | 0 |  | 1 mo |
| Ppt-Slow 30 | 250 | 0 | 0 | N15 | 6-12 mos |
| Ppt-Slow 30 | 100 | 100 | 0 |  | 1 mo |
| Ppt-Slow 60 | 100,000 | 45,000 | 15,000 |  | 1 mo |
| Ppt-Slow 60 | 10,000 | 0 | 0 | N30 | 6-12 mos |
| Ppt-Slow 60 | 250 | 0 | 0 |  | 1 mo |
| Ppt-Slow 60 | 100 | 50 | 0 | N30 | 1 mo |
| Ppt-Slow 60 | 50 | 0 | 0 | N15 | 6-12 mos |
| Ppt-Slow 90 | 2,500 | 0 | 0 |  | 4-5 mos |
| Ppt-Slow 90 | 100 | 50 | 0 |  | 1 mo |
| Slow 5 | 250,000 | 100,000 | 35,000 | N30 | 1 mo |
| Slow 15 | 50 | 50 | 0 |  | 1 mo |
| Slow 5-30 | 50 | 50 | 0 | N30 | 1 mo |
| Slow 15-45 | 1,000 | 0 | 0 |  | 4-5 mos |
| Slow 60 | 25,000 | 0 | 0 |  | 6-12 mos |
| Slow 60 | 750 | 750 | 750 | N15 |  |
| Slow 60 | 500 | 500 | 500 | N15 |  |
| Slow 60 | 250 | 0 | 0 | N30 | 2-3 mos |
| Slow 30-60 | 250 | 0 | 0 | N15 | 6-12 mos |
| Slow 90 | 50 | 50 | 50 |  | 4-5 mos |
| Slow 30-90+ | 7,500 | 5,000 | 2,500 | N15 | 1 mo |
| Slow 90+ | 500 | 500 | 500 | N15 |  |
| Slow 90+ | 250 | 250 | 250 |  |  |
| (061) | 50 |  |  |  | 6-12 mos |
| Satisfactory |  |  |  |  |  |
| 10/05 Ppt | 50,000 | 15,000 | 0 |  | 1 mo |
| Ppt | 45,000 | 45,000 | 2,500 | N30 | 1 mo |
| Ppt | 20,000 | 20,000 | 0 | N30 | 1 mo |
| Ppt | 10,000 | 0 | 0 |  | 4-5 mos |
| Ppt | 10,000 | 0 | 0 | N30 | 6-12 mos |
| Ppt | 2,500 | 0 | 0 |  | 6-12 mos |
| Ppt | 2,500 | 0 | 0 | N30 | 6-12 mos |
| Ppt | 1,000 | 0 | 0 | N30 | 6-12 mos |
| Ppt | 750 | 0 | 0 | N30 | 4-5 mos |
| Ppt | 750 | 0 | 0 |  | 1 mo |
| Ppt | 50 | 0 | 0 | 1 10 N30 | 6-12 mos |
| Ppt-Slow 30 | 45,000 | 0 | 0 |  | 2-3 mos |
| Ppt-Slow 30 | 10,000 | 7,500 | 2,500 |  | 1 mo |
| Ppt-Slow 30 | 2,500 | 0 | 0 |  | 1 mo |
| Ppt-Slow 60 | 5,000 | 750 | 0 | N30 | 1 mo |
| Ppt-Slow 90+ | 10,000 | 0 | 0 |  | 1 mo |
| Slow 25 | 15,000 | 2,500 | 250 | N30 | 1 mo |

| | | | | | |
|---|---|---|---|---|---|
| Slow 30 | 5,000 | 0 | 0 | | 6-12 mos |
| (080) | 0 | 0 | 0 | Cash account | 1 mo |

, Jyment experiences reflect how bills are met in relation to the terms granted. In some instances payment beyond terms can be the result of disputes over merchandise, skipped invoices etc.

Each experience shown is from a separate supplier. Updated trade experiences replace those previously reported.

| *NEW!*    Have CYTEC INDUSTRIES INC's payment habits changed over time? | ⓘ |
|---|---|
| A Payment Trends Profile will show you - View Now | |

STATEMENT UPDATE

**11/07/2005**

**Interim Consolidated statement dated SEP 30 2005:**

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | 177,900,000 | Accts Pay | 243,300,000 |
| Accts Rec | 480,400,000 | Short-Term Borrowings | 446,700,000 |
| Inventory | 450,900,000 | Accruals | 238,300,000 |
| Due From Related Party | 17,500,000 | Taxes | 68,800,000 |
| Other Accounts Receivable | 65,600,000 | L.T. Liab-(1yr) | 89,700,000 |
| Deferred Income Taxes | 12,000,000 | | |
| Other Curr Assets | 30,700,000 | | |
| **Curr Assets** | **$1,235,000,000** | **Curr Liabs** | **$1,086,800,000** |
| Txt & Equip | 1,090,300,000 | Long-Term Debt | 919,800,000 |
| Acquisition Intangibles-Net | 505,400,000 | Pension/Other Postretirmnt Ben Liab | 410,100,000 |
| Investments-Other | 11,200,000 | L.T. Liab-Other | 309,000,000 |
| Goodwill | 1,017,600,000 | COMMON STOCK | 500,000 |
| Other Assets | 83,800,000 | ADDIT. PD.-IN CAP | 234,900,000 |
| | | TOTAL ACCUM OTHER COMPREHENSVE LOSS | (89,800,000) |
| | | RETAINED EARNINGS | 1,135,900,000 |
| | | TREASURY STOCK | (63,900,000) |
| **Total Assets** | **$3,943,300,000** | **Total** | **$3,943,300,000** |

From JAN 01 2005 to SEP 30 2005 sales $2,138,200,000; cost of goods sold $1,679,000,000. Gross profit $459,200,000; operating expenses $335,600,000. Operating income $123,600,000; other income $7,400,000; other expenses $108,800,000; net income before taxes $22,200,000; Federal income tax $(18,500,000); net income $40,700,000.

Statement obtained from Securities And Exchange Commission. Prepared from books without audit.

Accounts receivable shown net less $9,100,000 allowance. Fixed assets shown net less $973,000,000 depreciation.

**Explanations**
The net worth of this company includes intangibles.

FINANCE

**09/29/2005**

**Three-year statement comparative:**

| | Fiscal | Fiscal | Interim |
|---|---|---|---|

D&B Business Information Report: CYTEC INDUSTRIES INC

| | Consolidated Dec 31 2003 | Consolidated Dec 31 2004 | Consolidated Jun 30 2005 |
|---|---|---|---|
| Current Assets | 730,000,000 | 904,800,000 | 1,347,900,000 |
| Current Liabs | 496,700,000 | 496,700,000 | 1,194,500,000 |
| Current Ratio | 1.47 | 1.82 | 1.13 |
| Working Capital | 233,300,000 | 408,100,000 | 153,400,000 |
| Other Assets | 1,496,100,000 | 1,321,300,000 | 2,751,300,000 |
| Long Term Liab | 934,000,000 | 822,900,000 | 1,726,700,000 |
| Net Worth | 755,400,000 | 906,500,000 | 1,178,000,000 |
| Sales | 1,471,800,000 | 1,721,300,000 | |
| Net Profit (Loss) | 77,400,000 | 126,100,000 | |
| Cash From Ops | 132,400,000 | 167,400,000 | |
| Interest Expense | 16,200,000 | 17,400,000 | |
| Deprec & Amort | 93,600,000 | 98,800,000 | |
| Capital Outlays | 93,800,000 | 89,300,000 | |

**Interim Consolidated statement dated JUN 30 2005:**

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | 114,400,000 | Accts Pay | 268,700,000 |
| Accts Rec | 503,400,000 | Short-Term Borrowings | 503,600,000 |
| Inventory | 487,600,000 | Accruals | 236,900,000 |
| Due To Related Party | 19,000,000 | Taxes | 65,600,000 |
| Other Accounts Receivable | 75,500,000 | L.T. Liab-(1yr) | 87,500,000 |
| Deferred Income Taxes | 27,900,000 | Liabs-Discontnd Operations Hld-Sale | 32,200,000 |
| Assts-Discontnued Oprtions Hld-Sale | 96,700,000 | | |
| Other Curr Assets | 23,400,000 | | |
| **Curr Assets** | **$1,347,900,000** | **Curr Liabs** | **$1,194,500,000** |
| Fixt & Equip | 1,095,500,000 | Long-Term Debt | 1,017,400,000 |
| Acquisition Intangibles-Net | 515,800,000 | Pension/Other Postrtirmnt Ben Liabs | 397,800,000 |
| Investments-Other | 10,700,000 | L.T. Liab-Other | 311,500,000 |
| Goodwill | 1,010,300,000 | COMMON STOCK | 500,000 |
| Other Assets | 119,000,000 | ADDIT. PD.-IN CAP | 234,100,000 |
| | | ACCUM OTHER COMPREHENSIVE LOSS | (95,000,000) |
| | | RETAINED EARNINGS | 1,105,200,000 |
| | | TREASURY STOCK | (66,800,000) |
| **Total Assets** | **$4,099,200,000** | **Total** | **$4,099,200,000** |

From JAN 01 2005 to JUN 30 2005 sales $1,377,300,000; cost of goods sold $1,079,400,000. Gross profit $297,900,000; operating expenses $229,900,000. Operating income $68,000,000; other income $7,200,000; other expenses $98,900,000; net income before taxes $(23,700,000); Federal income tax $(29,000,000). Net income $5,300,000.

Statement obtained from Securities And Exchange Commission. Prepared from books without audit.

Accounts receivable shown net less $9,200,000 allowance. Fixed assets shown net less $957,300,000 depreciation.

**Explanations**
The net worth of this company includes intangibles; Other Long Term Liabilities consist of Deferred income taxes and Other noncurrent liabilities.

   :heduled maturities of long-term debt are as follows
   million in 2005; $ million in 2006; $ million in 2007; $ million in 2008; $ million in 2009; and $ million thereafter.

D&B Business Information Report: CYTEC INDUSTRIES INC

**SULTS OF OPERATIONS**
.t sales for the first six months of 2005 were $1,377.3 compared with $837.2 for the prior year period. All segments reported increased sales. In the Cytec Surface Specialties segment, sales increased primarily as a result of the inclusion of sales from Surface Specialties which was acquired on February 28, 2005. Net earnings for 2005 were $5.3 compared with net earnings for 2004 of $64.4.

**ANALYSIS OF CONDITION**
Cytec Industries Inc displayed a fair condition as of six mónths ending June 30 2005. Total liabilities to equity for year end 2004 were heavier when compared to like businesses. Working capital was $153.4 million as of the six months ending June 30 2005 compared to $408.1 million in fiscal 2004. Change in working capital attributed to increased non-current assets coupled with long term liabilities partially offset by increased equity. As a matter of liquidity, the Company's current and quick ratios were below industry norms. Payments to vendors averaged 12 days beyond terms when weighted by dollar amounts; when not weighted, 71% of payments were within terms.

**SUMMARY OF CASH FLOWS for the six months ending June 30 2005**
Cash provided by (used in) operating activities was $58.5 million; cash provided by (used in) investing activities was $(1,456.0) million; and cash provided by (used in) financing activities was $1,197.1 million. Effect of currency rate changes on cash and cash equivalents was $(9.0) million. Net increase (decrease) in cash was $(209.4) million. Cash at beginning of period was $323.8 million. Cash at end of period was $114.4 million.

On February 28, 2005, the Company completed its acquisition of the Surface Specialties business of UCB Group SA for cash and stock valued at $1,799.6 subject to final working capital and other customary adjustments, of which $1,508.8 (euro 1,138.5 at 1.325 U.S. dollar per euro) was paid in cash and the balance was paid in 5,772,857 shares of Cytec common stock ($290.8 at $50.37 per Cytec share).

The Company financed the cash component with $600.0 under an unsecured 364-day credit facility, $725.0 under an unsecured five-year term loan and the remaining $184.0 was paid from existing cash. The Company intends to refinance the borrowings then outstanding under the 364-day credit facility with long-term debt later in 2005.

Upon closing, UCB became the owner of approximately 12.5% of the outstanding shares of the Company. UCB and the Company also entered into a stockholder's agreement which provides, subject to various exceptions, that UCB must reduce its stake to less than 9% within three years, less than 7% within four years and less than 5% within five ars and which provides that UCB will be prohibited from purchasing additional shares of Cytec common stock or using, advocating or participating in a change of control in the ownership of Cytec.

The Company believes that it will be able to fund its operating cash requirements, planned capital expenditures and dividends for the remainder of the year from internal cash generation. Net cash realized from the divestiture of Surface Specialties amino resins will be used to reduce acquisition-related debt.

**KEY BUSINESS RATIOS**

Statement date:                                  SEP 30 2005
Based on this number of establishments: 60

| Firm | | Industry Median | |
|---|---|---|---|
| Return of Sales: | 1.9 | Return of Sales: | 3.3 |
| Current Ratio: | 1.1 | Current Ratio: | 2.1 |
| Assets / Sales: | UN | Assets / Sales: | 49.2 |
| Total Liability / Net Worth: | UN | Total Liability / Net Worth: | 77.2 |

UN = Unavailable

**BANKING**

March 2005: On February 15, 2005, the Company entered into credit agreements totaling $1.775 billion in preparation for the upcoming acquisition of Surface Specialties. The agreements provide: a $725 0 5-year term loan facility, a $700.0 364-day credit facility, and a $350.0 5-year revolving credit facility. The term loan and 364-day facilities will be used to finance the acquisition and the revolving credit facility will provide additional liquidity for general corporate purposes, including acquisitions. The facilities contain covenants that are customary for such facilities.

**BANKS:**    Citibank, NA, 399 Park Ave, New York, NY

UBLIC FILINGS

---

The following Public Filing data is for information purposes only and is not the official record. Certified copies can only be obtained from the official source.

SUITS

| | |
|---|---|
| Suit amount: | $5,306 |
| Status: | Closed |
| DOCKET NO.: | DC-002440-2003 |
| Plaintiff: | EVERGREEN AMERICA CORP |
| Defendant: | CYTEC INDUSTRIES INC |
| Cause: | CONTRC-REG |
| Where filed: | PASSAIC COUNTY SPECIAL CIVIL/SMALL CLAIMS COURT, PATERSON, NJ |
| | |
| Date status attained: | 03/31/2003 |
| Date filed: | 02/13/2003 |
| Latest Info Received: | 01/19/2005 |

| | |
|---|---|
| Status: | Dismissed |
| DOCKET NO.: | 265862 |
| Plaintiff: | TEXAS MUTUAL INSURANCE COMPANY |
| Defendant: | CYTEC INDUSTRIES INC |
| Where filed: | TRAVIS COUNTY - COUNTY AT LAW COURT, AUSTIN, TX |
| | |
| Date status attained: | 11/27/2002 |
| Date filed: | 09/27/2002 |
| Latest Info Received: | 12/04/2003 |

| | |
|---|---|
| Status: | Dismissal with prejudice |
| DOCKET NO.: | L 002075 02 |
| Plaintiff: | RAYMOND CAPRIOLO |
| Defendant: | CYTEC INDUSTRIES INC |
| Cause: | CONTRACT |
| Where filed: | PASSAIC COUNTY SUPERIOR COURT, PATERSON, NJ |
| | |
| Date status attained: | 03/21/2003 |
| Date filed: | 04/15/2002 |
| Latest Info Received: | 11/18/2003 |

| | |
|---|---|
| Status: | Dismissed |
| DOCKET NO.: | 98CV4075 |
| Plaintiff: | PAUL FONTANEZ |
| Defendant: | CYTEC INDUSTRIES INC |
| Where filed: | U.S. FEDERAL DISTRICT COURT, NEW YORK, NY |
| | |
| Date status attained: | 05/20/1999 |
| Date filed: | 06/10/1998 |
| Latest Info Received: | 10/21/2003 |

If it is indicated that there are defendants other than the report subject, the lawsuit may be an action to clear title to property and does not necessarily imply a claim for money against the subject.

LIENS

A lienholder can file the same lien in more than one filing location. The appearance of multiple liens filed by the same lienholder against a debtor may be indicative of such an occurrence.

| | |
|---|---|
| Amount: | $28,634 |
| Status: | Released |
| FILING NO.: | 53343/0162 |
| Type: | State Tax |
| Filed by: | STATE OF TEXAS |

D&B Business Information Report: CYTEC INDUSTRIES INC

| | |
|---|---|
| **Against:** | CYTEC INDUSTRIES INC |
| ere filed: | HARRIS COUNTY RECORDERS OFFICE, HOUSTON, TX |
| | |
| **Date status attained:** | 07/13/2000 |
| **Date filed:** | 07/13/2000 |
| **Latest Info Received:** | 05/25/2005 |

| | |
|---|---|
| **Amount:** | **$28,634** |
| **Status:** | **Released** |
| **FILING NO.:** | 53167/3562 |
| **Type:** | State Tax |
| **Filed by:** | STATE OF TEXAS |
| **Against:** | CYTEC INDUSTRIES INC |
| **Where filed:** | HARRIS COUNTY RECORDERS OFFICE, HOUSTON, TX |
| | |
| **Date status attained:** | 07/13/2000 |
| **Date filed:** | 04/11/2000 |
| **Latest Info Received:** | 12/01/2003 |

UCC FILINGS

| | |
|---|---|
| **Collateral:** | All Inventory and proceeds - All Account(s) and proceeds - All Computer equipment and proceeds - All Chattel paper and proceeds - and OTHERS |
| **Type:** | Original |
| **Sec. party:** | MCI CAPITAL CORPORTION, A DVISION OF GENERAL ELECTRIC CAPITAL CORPORATION, FRANKLIN, TN |
| **Debtor:** | CYTEC INDUSTRIES, INC. |
| **Filing number:** | 2124336 3 |
| **Filed with:** | SECRETARY OF STATE/UCC DIVISION, DOVER, DE |
| | |
| **Date filed:** | 05/03/2002 |
| ` atest Info Received:` | 06/25/2002 |

| | |
|---|---|
| `·ype:` | Termination |
| **Sec. party:** | MCI CAPITAL CORPORATION, A DIVISION OF GENERAL ELECTRIC CAPITAL CORPORATION, FRANKLIN, TN |
| **Debtor:** | CYTEC INDUSTRIES, INC. |
| **Filing number:** | 2217045 8 |
| **Filed with:** | SECRETARY OF STATE/UCC DIVISION, DOVER, DE |
| | |
| **Date filed:** | 08/27/2002 |
| **Latest Info Received:** | 09/23/2004 |
| **Original UCC filed date:** | 05/03/2002 |
| **Original filing no.:** | 2124336 3 |

| | |
|---|---|
| **Collateral:** | Inventory Including proceeds and products - Account(s) including proceeds and products - Computer equipment including proceeds and products - Chattel paper including proceeds and products - and OTHERS |
| **Type:** | Original |
| **Sec. party:** | MCI CAPITAL SERVICES, FRANKLIN, TN |
| **Debtor:** | CYTEC INDUSTRIES, INC. |
| **Filing number:** | 0100003162984 |
| **Filed with:** | SECRETARY OF STATE/UCC DIVISION, INDIANAPOLIS, IN |
| | |
| **Date filed:** | 06/12/2001 |
| **Latest Info Received:** | 07/23/2003 |

| | |
|---|---|
| **Collateral:** | Inventory and proceeds - Account(s) and proceeds - Farm products/crops and proceeds - General intangibles(s) and proceeds - and OTHERS |
| **Type:** | Original |
| **Sec. party:** | BARLOWORLD FLEET LEASING LLC, CHARLOTTE, NC |
| **Debtor:** | CYTEC INDUSTRIES, INC., MOUNT PLEASANT, TN |
| **Filing number:** | 4323301 4 |
| `·led with:` | SECRETARY OF STATE/UCC DIVISION, DOVER, DE |

D&B Business Information Report: CYTEC INDUSTRIES INC

| | |
|---|---|
| Date filed: | 11/12/2004 |
| test Info Received: | 12/22/2004 |

| | |
|---|---|
| Collateral: | Inventory and proceeds - Account(s) and proceeds - Chattel paper and proceeds - General intangibles(s) and proceeds - and OTHERS |
| Type: | Original |
| Sec. party: | MCI CAPITAL SERVICES, FRANKLIN, TN |
| Debtor: | CYTEC INDUSTRIES, INC. |
| Filing number: | 0561907 |
| Filed with: | UCC DIVISION, CHARLESTON, WV |

| | |
|---|---|
| Date filed: | 06/11/2001 |
| Latest Info Received: | 07/06/2001 |

| | |
|---|---|
| Collateral: | Inventory |
| Type: | Original |
| Sec. party: | A. W. CHESTERTON COMPANY, STONEHAM, MA |
| Debtor: | CYTEC INDUSTRIES, INC., STAMFORD, CT |
| Filing number: | 2144525 7 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, DOVER, DE |

| | |
|---|---|
| Date filed: | 06/12/2002 |
| Latest Info Received: | 07/16/2002 |

| | |
|---|---|
| Collateral: | Leased Inventory including proceeds and products - Account(s) including proceeds and products - Chattel paper including proceeds and products - General intangibles(s) including proceeds and products - and OTHERS |
| Type: | Original |
| Sec. party: | MCI CAPITAL SERVICES, FRANKLIN, TN |
| Debtor: | CYTEC INDUSTRIES, INC. |
| Filing number: | 2341782 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, SAINT PAUL, MN |

| | |
|---|---|
| ite filed: | 06/12/2001 |
| atest Info Received: | 02/27/2002 |

| | |
|---|---|
| Collateral: | Leased Inventory including proceeds and products - Account(s) including proceeds and products - Chattel paper including proceeds and products - General intangibles(s) including proceeds and products - Leased Equipment including proceeds and products |
| Type: | Original |
| Sec. party: | MCI CAPITAL SERVICES, FRANKLIN, TN |
| Debtor: | CYTEC INDUSTRIES, INC. |
| Filing number: | 00000181086704 |
| Filed with: | UCC DIVISION, BALTIMORE, MD |

| | |
|---|---|
| Date filed: | 06/11/2001 |
| Latest Info Received: | 08/01/2001 |

| | |
|---|---|
| Collateral: | Leased Inventory including proceeds and products - Account(s) including proceeds and products - Chattel paper including proceeds and products - General intangibles(s) including proceeds and products - and OTHERS |
| Type: | Original |
| Sec. party: | MCI CAPITAL SERVICES, FRANKLIN, TN |
| Debtor: | CYTEC INDUSTRIES INC |
| Filing number: | AP344086 |
| Filed with: | SECRETARY OF STATE/UCC DIVISION, COLUMBUS, OH |

| | |
|---|---|
| Date filed: | 06/11/2001 |
| Latest Info Received: | 07/10/2001 |

| | |
|---|---|
| Collateral: | Leased Inventory including proceeds and products - Account(s) including proceeds and products - Chattel paper including proceeds and products - General intangibles(s) including proceeds and products - and OTHERS |
| Type: | Original |
| c. party: | MCI CAPITAL SERVICES, FRANKLIN, TN |

| Debtor: | CYTEC INDUSTRIES, INC. |
| 'ing number: | 0002074917 |
| ed with: | UCC COMMERCIAL RECORDING DIVISION, HARTFORD, CT |

| Date filed: | 06/08/2001 |
| Latest Info Received: | 08/06/2001 |

| Collateral: | Leased Inventory including proceeds and products - Account(s) including proceeds and products - Chattel paper including proceeds and products - General intangibles(s) including proceeds and products - and OTHERS |
| Type: | Original |
| Sec. party: | MCI CAPITAL SERVICES, FRANKLIN, TN |
| Debtor: | CYTEC INDUSTRIES INC |
| Filing number: | 1177007 |
| Filed with: | SECRETARY OF STATE UCC DIVISION, PHOENIX, AZ |

| Date filed: | 06/08/2001 |
| Latest Info Received: | 07/24/2001 |

There are additional UCC's in D&B's file on this company available by contacting 1-800-234-3867.

The public record items contained in this report may have been paid, terminated, vacated or released prior to the date this report was printed.

GOVERNMENT ACTIVITY

**Activity summary**

| Borrower (Dir/Guar): | NO |
| Administrative debt: | YES |
| Contractor: | NO |
| Grantee: | NO |
| Party excluded from federal program(s): | NO |

**Possible candidate for socio-economic program consideration**

| Labor surplus area: | YES (2005) |
| Small Business: | N/A |
| 8(A) firm: | N/A |

The details provided in the Government Activity section are as reported to Dun & Bradstreet by the federal government and other sources.

Copyright 2005 Dun & Bradstreet - Provided under contract for the exclusive use of subscriber 061010366L

# EXHIBIT 3

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY