# EXHIBIT 1

23

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 DEC 20  AM 9: 56

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HERCULES, INC. and CYTEC INDUSTRIES, )<br>INC., )<br>)<br>Defendants. ) | C.A. No.: 04-293 (KAJ) |

## SCHEDULING ORDER

This ___ day of _____, 2004, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on December 15, 2004, and the parties having satisfied their obligations under Fed. R. Civ. P. 26(f) and having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. The parties have agreed that they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by January 14, 2005.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before July 15, 2005.

3. <u>Discovery</u>.

   a. <u>Limitation on Hours for Deposition Discovery</u>. Defendants shall share a total of 150 hours of taking fact testimony, including depositions of a party taken pursuant to

Federal Rule of Civil Procedure 30(b)(6). Plaintiff will have a total of 150 hours of taking fact testimony, including depositions of a party taken pursuant to Federal Rule of Civil Procedure 30(b)(6). Each party may depose each person who has been identified as an expert whose opinions may be presented for trial, for one day/seven hours of deposition testimony, unless otherwise agreed by the parties.

  b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before October 31, 2005. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Each party is limited to a total of 50 (fifty) interrogatories including all discrete subparts. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

  d. <u>Disclosure of Expert Testimony</u>. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before July 22, 2005 on issues as to which each party has the burden of proof, and file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before August 19, 2005. To the extent any objection to expert testimony is made pursuant to the principles announced in <u>Daubert v. Merrell Dow Pharm., Inc.</u>,

2

509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein (January 27, 2006), unless otherwise ordered by the Court.

    e.    <u>Discovery Disputes</u>. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue). No less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    4.    <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, the counsel must first follow the provisions of paragraph 3e above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to

3

disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

6. <u>Settlement Conference</u>. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States magistrate for the purpose of exploring the possibility of a settlement. The Magistrate Judge will schedule a settlement conference with counsel and their clients to be held within ninety days from the date of this Order.

7. <u>Interim Status Report</u>. On August 24, 2005, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference</u>. On August 31, 2005, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at 4:30 p.m. Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue</u>. The parties shall provide the Court on May 27, 2005 at 9:30 a.m. a tutorial on the technology at issue. The parties will present the tutorial in person. The tutorial should focus on the technology in issue and

4

should not be used to argue the parties' claims construction contentions. The parties will arrange for the tutorial to be videotaped.

10. Case Dispositive Motions. All case dispositive motions, and opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before December 30, 2005. Responsive briefs shall be served and filed on or before January 27, 2006. Reply briefs (if allowed) shall be served and filed on or before February 17, 2006. A hearing before the Court shall be held on March 17, 2006.

11. Claim Construction Issue Identification. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on November 18, 2005, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 12 below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. Claim Construction. Issues of claim construction shall be submitted to the Court no later than January 27, 2006, to be considered by the Court in conjunction with the parties' summary judgment motions. The parties shall file initial briefs on claim construction on

5

December 30, 2005 and responsive briefs on January 27, 2006. There will be no Reply briefs on claim construction issues.

13. <u>Hearing on Claim Construction.</u> Beginning at 2:00 p.m. on March 17, 2006, the Court will hear evidence and argument on claim construction and summary judgment.

14. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Pretrial Conference.</u> On July 13, 2006 the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at 4:30 p.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the join proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before June 12, 2006.

16. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses shall be set forth in the proposed pretrial order. Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The motion and response thereto shall contain the authorities relied upon, and no single *in limine* request shall have more than five pages of argument associated with it. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdicts and interrogatories three full business days before the

6

final pretrial conference. That submission shall be accompanied by a computer diskette (in WordPerfect format) which contains a copy of these instructions and proposed voir dire and special verdicts and interrogatories.

18.  Trial. This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on August 14, 2006. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present their case.

_____
United States District Judge

SO ORDERED this 20th day of Dec, 2004.

# EXHIBITS 2 -5

# REDACTED