# EXHIBIT 3
## Part 2

07535626

NEW APPLICATION (Original)                    Docket No. 31,320
[REV.4Apr89/MB4-1]                                              PATENT


Commissioner of Patents and Trademarks
Washington, D.C. 20231

MAIL ROOM
JUN 11 1990
PAT & TRADEMARK

                    NEW APPLICATION TRANSMITTAL
    Transmitted herewith for filing is the patent application of
the following inventor(s): Roderick Glynn Ryles; Dan S. Honig ,
Elieth W. Harris and Roger E. Neff; For: Cross-Linked Anionic and
Amphoteric Polymeric Microparticles                        .


This new filing is for an ORIGINAL application.
1.    Papers enclosed which are required for filing date under 35
      CFR 1.53(b):
      [ X ]  _22_ Pages of specification
      [ X ]  _4_ Pages of claims
      [ X ]  _1_ Pages of abstract
      [   ]  ____ Sheets of drawing
                  [   ] Formal
                  [   ] Informal (in triplicate)
2.    Additional papers enclosed
      [   ] Information Disclosure Statement
      [   ] Form PTO-1449
      [   ] Citations
      [   ] Declaration of Biological Deposit
      [   ] Other: _____

------------------------------------------------------------------

                CERTIFICATION UNDER 37 CFR 1.10
      I hereby certify that this New Application Transmittal and the
documents referred to as enclosed therein are being deposited with
the United States Postal Service on this date
in an envelope as "Express Mail Post Office to Addressee" Mailing
Label Number _____ addressed to the: Commissioner of
Patents and Trademarks, Washington, D.C 20231.


            _____
                 (name of person mailing paper)

            _____
                (Signature of person mailing paper)
------------------------------------------------------------------

CIBA 000508

NEW APPLICATION (Original)    -2-
[REV.4Apr89/MB4-1]

3.  Declaration

     [ X ] Enclosed and executed by all inventor(s)

     [   ] Not enclosed or not executed by all inventor(s)

4.  Assignment

     [   ] An assignment of the invention to:

             American Cyanamid Company

             1937 West Main Street

             P.O. Box 60

             Stamford, CT 06904-0060

          [   ] is attached.

          [   ] will follow.

5.  Fee Calculation

| CLAIMS AS FILED | | | | |
|---|---|---|---|---|
| (1) | (2) | (3) | (4) | (5) |
| FOR | NUMBER FILED | NUMBER EXTRA | RATE | BASIC FEE ($370.00) |
| TOTAL CLAIMS | 22  - 20 = | | X $12.00 | 24.00 |
| INDEP. CLAIMS | 2  - 3 = | | X $36.00 | |
| MULTIPLE DEPENDENCY FEE | | | $ 120.00 | |
| RECORDING OF ASSIGNMENT | | | $  8.00 | 8.00 |
| | | | TOTAL FILING FEE | $402.00 |

6.  Fee Payment being made at this time

     [ X ] filing fee                    $  394.00

     [ X ] recording assignment          $    8.00

                          TOTAL  $  402.00

7.  Method of Payment of Fees:

     Charge Deposit Account No. 01-1300 in the amount of

     $402.00    .

     A duplicate of this transmittal is attached.

8.  Instructions as to Overpayment:

     Credit any overpayment to Deposit Account No. 01-1300.

CIBA 000509

NEW APPLICATION (Original)     -3-
[REV.4Apr89/MB4-1]

9.    Authorization to Charge Additional Fees
      [ X ] The Commissioner is hereby authorized to charge the
            following additional fees by this paper and during the
            entire pendency of this application to Deposit Account
            No. 01-1300:
            [ X ] 37 CFR 1.16(a),(f),or (g) filing fees
            [ X ] 37 CFR 1.16(b),(c), and (d) presentation of
                  extra claims
            [    ] 37 CFR 1.16(e) surcharge for filing the basic
                  filing fee and/or declaration on a date later
                  than the filing date of the application
            [    ] 37 CFR 1.17 application processing fees


                                    _____
                                    (Signature of Attorney)

Reg. No. 19933                      Frank M. Van Riet
                                    (Type name of Attorney)

Tel. No. (203) 321-2614             American Cyanamid Company
                                    1937 West Main Street
                                    P.O. Box 60
                                    Stamford, CT 06904-0060


CIBA 000510



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/535,626 | 06/11/90 | RYLES | R    31,320 |

FRANK M. VAN RIET
C/O AMERICAN CYANAMID CO.
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

| EXAMINER |
|---|
| CHENG, W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 155 | 2 |

DATE MAILED:     08/16/90

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☐ Responsive to communication filed on_____     ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims _1 to 22_____ are pending in the application.

Of the above, claims _14 to 22_____ are withdrawn from consideration.

2. ☐ Claims_____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1 to 13_____ are rejected.

5. ☒ Claims _5, 8, 10, and 12_____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

Serial No. 535,626                    -2-

Art Unit    155

15.

   Restriction to one of the following inventions is required
under 35 U.S.C. § 121:

   I.    Claims 1 to 13, drawn to polymers, *are* classified in Class
526, subclass 264.

   II.   Claims 14 to 22, drawn to process, *are* classified in Class
522, subclass 184.

   Inventions I and II are related as process of making and
product made.  The inventions are distinct if either or both of
the following can be shown: (1) that the process as claimed can
be used to make other and materially different product or (2)
that the product as claimed can be made by another and materially
different process (M.P.E.P. § 806.05(f)).  In the instant case
the process as claimed can be used to make a materially different
product such as polymer dispersion stabilizer.

   Because these inventions are distinct for the reasons given
above and have acquired a separate status in the art as shown by
their different classification, restriction for examination
purposes as indicated is proper.

   During a telephone conversation with Mr. Frank M. Van Riet
on July 30, 1990 a provisional election was made with traverse to
prosecute the invention of I, claims 1 to 13.  Affirmation of
this election must be made by applicant in responding to this
Office action.  Claims 14 to 22 *are* withdrawn from further

CIBA 000512

Serial No. 535,626                          -3-

Art Unit    155


consideration by the Examiner, 37 C.F.R. § 1.142(b), as being

drawn to a non-elected invention.

16. The following is a quotation of the first paragraph of 35

U.S.C. § 112:

> The specification shall contain a written description of the
> invention, and of the manner and process of making and using
> it, in such full, clear, concise, and exact terms as to
> enable any person skilled in the art to which it pertains,
> or with which it is most nearly connected, to make and use
> the same and shall set forth the best mode contemplated by
> the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112,

first paragraph, as failing to provide an adequate written

description of the invention.

Claim 5 is rejected under 35 U.S.C. § 112, first paragraph,

for the reasons set forth in the objection to the specification.

This claim contains the term "aldehydes" which is generic

and the terms "acrolein" and "glyoxal" which are species. It is

suggested to delete the term "aldehydes", since all the other

compounds are species.

Claim 10 is rejected under 35 U.S.C. § 112, first paragraph,

for the reasons set forth in the objection to the specification.

Does this claim involve a cationic or an anionic monomer? 

The compounds listed contain anionic organic monomers.

Claims 8 and 12 are rejected under 35 U.S.C. § 112, first

paragraph, for the reasons set forth in the objection to the

specification.

CIBA 000513

Serial No. 535,626                              -4-

Art Unit   155

These two claims involve non-ionic organic monomers.  How
can they be expected to produce polymers with ionicity of at
least about 5.0%?

17.

Claims 1 to 13 are rejected under 35 U.S.C. § 112, second
paragraph, as being indefinite for failing to particularly point
out and distinctly claim the subject matter which applicant
regards as the invention.

The term "ionicity" is not defined, making the claims vague
and indefinite.  When "percentage" is mentioned, does it mean
"percentage by weight based on the total polymer or on the
ionizable monomer"?

18.

The following is a quotation of the appropriate paragraphs
of 35 U.S.C. § 102 that form the basis for the rejections under
this section made in this Office action:

A person shall be entitled to a patent unless --

(b) the invention was patented or described in a printed
publication in this or a foreign country or in public use or
on sale in this country, more than one year prior to the
date of application for patent in the United States.

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

A patent may not be obtained though the invention is not
identically disclosed or described as set forth in section
102 of this title, if the differences between the subject
matter sought to be patented and the prior art are such that
the subject matter as a whole would have been obvious at the
time the invention was made to a person having ordinary
skill in the art to which said subject matter pertains.

CIBA 000514

Serial No. 535,626                          -5-

Art Unit   155

> Patentability shall not be negatived by the manner in which
> the invention was made.

> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

Claims 1 to 4, 7 to 10, and 12 to 13 are rejected under 35

U.S.C. § 102(b) as anticipated by or, in the alternative, under

35 U.S.C. § 103 as obvious over Durand et al.

In Example 1, Durand et al. disclosed anionic organic

polymeric microparticles by polymerizing sodium acrylate (or

acrylic acid plus sodium hydroxide) and acrylamide in the

presence of poly-oxyethylene sorbitol hexaoleate and sorbitan

sesquioleate. Since oleate contains a double bond, it is

reasonable to expect these oleates functioning to some degree as

a cross-linking agent in addition to being a surfactant. Example

2 reported the viscosity of the acrylamide-sodium acrylate in

aqueous solution to be 1.30 $mm^2/s$. Line 67 in column 3 mentioned

that particles' radius was of the order of 20-40 nanometers (or

0.02-0.04 microns). Since 20.7g of acrylic acid was used to

produce 82.0g of the copolymer (i.e. 61.3g acrylamide plus 20.7g

acrylic acid), the weight percentage of acrylate ion in the

copolymer was about 25%.

19.

Claims 1 to 5, 7 to 9, and 12 are rejected under 35 U.S.C.

CIBA 000515

Serial No. 535,626                    -6-

Art Unit   155

§ 102(b) as anticipated by or, in the alternative, under 35
U.S.C. § 103 as obvious over Makhlouf et al.

In the abstract, Makhlouf et al. disclosed a composition
comprising cross-linked organic polymeric micro particles having
particle sizes of from 0.1 to 10 microns. At least one
monoethylenically unsaturated monomer and a cross-linking agent
were used.

From line 64 in column 2 to line 6 in column 3, the cross-
linking agent was disclosed to be an epoxy-group-containing
compound like glycidyl acrylate or glycidyl methacrylate.

From lines 29 to 63 in column 2, the monoethylenically
unsaturated monomers were disclosed to include acrylic acid,
methacrylic acid, ethacrylic acid, vinyl acetate, and others.
20.

Claims 1 to 4, 7, 9 to 11, and 13 are rejected under 35
U.S.C. § 102(b) as anticipated by or, in the alternative, under
35 U.S.C. § 103 as obvious over Silver.

In the abstract, Silver disclosed acrylate copolymer
microspheres. At least one alkyl acrylate ester and one ionic
monomer or maleic anhydride were used. From line 1 to line 40 in
column 3, ionic monomers on the list included both anionic
monomer and cationic monomers.

The lower limit of these microspheres was one micron which
was very close to (or within experimental error of) the claimed

CIBA 000516

Serial No. 535,626                           -7-

Art Unit   155

particle size of 0.75 micron.

21.

    Claim 5 is rejected under 35 U.S.C. § 102(b) as anticipated
by or, in the alternative, under 35 U.S.C. § 103 as obvious over
Leong *et al.*

    From lines 8 to 10 in the left column on page 2270, Leong et
al. disclosed cross-linked polyacrylamide lattices or microgels
which were prepared by using a mixture of acrylamide and
methylene bisacrylamide.

    The sizes of the inverse lattices were disclosed in the
abstract to be less than 500 Å in diameter.

W.C. Cheng:jp
August 09, 1990

JOSEPH L. SCHOFER
SUPERVISORY PATENT EXAMINER
ART UNIT 155

CIBA 000517

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/535626 | GROUP ART UNIT 155 | ATTACHMENT TO PAPER NUMBER | |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) A. G. Byles, D. S. Honig, E. W. Harris, and R. E. Neff | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4 6 8 1 9 1 2 | 7-21-87 | Durand et al. | 524 | 827 | |
| | B | 4 1 4 7 6 8 8 | 4-3-79 | Makhlouf et al. | 526 | 273 | |
| | C | 3 6 9 1 1 4 0 | 9-12-72 | Silver | 524 | 815 | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Y. S. Leong and F. Candau, Inverse Microemulsion Polymerization, Journal of Physical Chemistry 86, 2269, 1982. |
| S | |
| T | |
| U | |

| EXAMINER CHENG, W. C. | DATE 8-6-90 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)

CIBA 000518

*15C*

RECEIVED

*GØ-155*

[REV. Apr89/MB11-2]

JAN 2 2 1991

GROUP 150

Docket No. 31,320

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
RODERICK GLYN RYLES
DAN S. HONIG
ELIETH W. HARRIS
ROGER E. NEFF

Date: January 7, 1991

*#3*

Serial No.: 07/535,626
Filed:  February 12, 1990
For:  CROSS-LINKED ANIONIC AND
      AMPHOTERIC POLYMERIC MICRO-
      PARTICLES

Group No. 155
Examiner: W. Cheng

Commissioner of Patents and Trademarks
Washington, D. C.  20231

PETITION FOR EXTENSION OF TIME (37 CFR 1.36(a))

1.  This is a petition for an extension of the time for a total
    period of  _2_  month(s) to respond to the Office Letter
    mailed on _August 16, 1990_  for _filing an amendment_.

2.  A response in connection with the matter for which this
    extension is requested:

    [ X ] is filed herewith

    [   ] has been filed

          (complete the following if applicable)

    [   ] the response is the filing of a continuation
          application having an express abandonment conditioned
          on the granting of a filing date to the continuing
          application.

CERTIFICATE OF MAILING [37 CFR 1.8(a)]

I hereby certify that this paper (along with any referred to as
being attached or enclosed) is being deposited with the United
States Postal Service on the date shown below with sufficient
postage as first class mail in an envelope addressed to the:
Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Date: 038  01/17/91  07535626

(Signature of person mailing paper)

CIBA 000519

[REV.4Apr89/MB11-2]                -2-

3.  Calculation of extension fee (37 CFR 1.17(a)-(d):

    [   ] One Month.    Fee in the amount of $100.00

    [ X ] Two Months.   Fee in the amount of $300.00

    [   ] Three Months. Fee in the amount of $730.00

    [   ] Four Months.  Fee in the amount of $1,150.00

                           FEE $ 300.00

If an additional extension of time is required, please consider
this a petition therefor.

    (check and complete the next item, if applicable)

    [   ] An extension for ____ months has already been secured
          and the fee paid therefor of $_____ is deducted
          from the total fee due for the total months of
          extension now requested.

        Extension fee due with this request $ 300.00

4.  FEE PAYMENT

    [ X ] Charge fee to Account No. 01-1300 and this is a
        request to charge for any additional extension and/or
        fee required or credit for any excess fee paid. A
        duplicate of this petition is attached.

                              _____
                              (Signature of Attorney)

Reg. No. 19933              Frank M. Van Riet
                        (Type name of Attorney)

Tel. No. (203) 321-2614     American Cyanamid Company
                        1937 West Main Street
                        P.O. Box 60
                        Stamford, CT 06904-0060

CIBA 000520

RECEIVED

JAN 2 2 1991

GROUP 150

Docket No.: 31,320

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
RODERICK GLYN RYLES
DAN S. HONIG
ELIETH W. HARRIS
ROGER E. NEFF

Serial No.:  07/535,626
Filed: June 11, 1990
For:  CROSS-LINKED ANIONIC
      AND AMPHOTERIC POLYMERIC
      MICROPARTICLES

Commissioner of Patents
 and Trademarks

Washington, D.C.  20231

Group Art Unit:  155

Examiner:  W. Cheng

January 4, 1991

Amendment

In response to the Office Action of August 16, 1990, please amend the instant application as follows:

In the Specification

Page 5, lines 14 and 15, cancel the words "Attorney Docket No. 31,043), filed concurrently hereiwth" and substitute therefor the words --07/536,382 filed June 11, 1990, now abandoned and refiled as Serial No. 07/540,667, filed June 18, 1990 as a continuation-in-part--.

Page 5, line 24, cancel the term "5%" and substitute therefor --5 mole percent--.

Page 10, line 9, please correct the spelling of "azobisisobutyronitrile".

Page 11, line 16, cancel the word "initialed" and substitute therefor the word --initiated--.

Page 18, line 8, cancel the word "micorbead" and substitute therefor the word --microbead--.

In the Claims:

Please rewrite Claim 1 as follows:

- 1 -

CIBA 000521

--1. (Amended)  A composition comprising cross-linked anionic or amphoteric polymeric microparticles derived solely from water-soluble monomers, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1. mPa.s, [and] a cross-linking agent content of above about 4 molar parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about [5%] 5 mole percent--.

Claim 5, line 6, cancel the word "aldehydes".

Claim 10, line 2, cancel the word "cationic" and substitute therefor the word --anionic--.

## Remarks

The Examiner has required restriction to one of the following inventions under 35 USC 121:

Group I, claims 1-13, drawn to polymers and classified in Class 526; Subclass 264.

Group II, Claims 14-22 drawn to a process and classified in Class 522; Subclass 184.

Inventions I and II are related as process of making and product made, the Examiner explains, and are distinct if either or both of the following can be shown:  (1) that the process, as claimed, can be used to make another and materially different product or (2) that the product, as claimed, can be made by another and materially different process.  In the instant case, the Examiner contends, the process, as claimed, can be used to make a materially different product such as polymer dispersion stabilizer.

Because the Inventions are therefore distinct, and have acquired a separate status in the art as shown by their different

- 2 -

CIBA 000522

classification, the restriction for examination purposes has been indicated as proper.

The requirement for restriction is strenuously urged as improper. Contrary to the Examiner's contention, it is not seen how the process of Invention II can be used to make a materially different product than represented by Invention I in that the process, of necessity, must make a polymer and the polymer, of necessity, must be that of Invention I. The fact that the polymer may be a polymer dispersion stabilizer is irrelevant. It will still be the polymer represented by Claims 1-13 and thus will not be a materially different product.

Additionally, ex parte Coe 1889 CD 191 and U.S. ex rel. Steinmetz v. Allen 1904 CD 703 clearly establish that a separation of classification is not determinative of the separateness of invention. Reconsideration of the requirement for restriction is therefore earnestly solicited.

In order to comply with the requirement, however, Applicants hereby acknowledge their previous telephonic election of Invention I i.e. Claims. 1-13. Retention of non-elected Claims 14-22, withdrawn from further consideration, in the application for the purpose of filing a subsequent divisional application or appeal is respectfully requested.

The specification has been objected to under 35 USC 112, first paragraph, as failing to provide an adequate written description of the invention.

This objection is not understood in that the Examiner has not expressed any reasons why the specification is insufficient. Applicants have carefully considered the specification and find no reason why it does not contain such full, clear, concise and exact terms as to enable any person

- 3 -

CIBA 000523

skilled in the art to which it pertains to make and use the same. Clarification of this objection is respectfully requested.

Claim 5 has been rejected under 35 USC 112, first paragraph, the Examiner stating that the claim contains the term "aldehydes" which is generic to the terms "acrolein" and "glyoxal" which are species.

This rejection has been overcome by the instant amendment, as suggested by the Examiner, by cancellation of the term "aldehydes", which compounds, however, are still clearly included in the generic claims as a possible cross-linking agent.

Claim 10 has been rejected under 35 USC 112, first paragraph, the Examiner questioning whether the claim involves a cationic or an anionic monomer, the compounds listed being anionic.

This ground of rejection has been overcome by the instant amendment in that the term "cationic" has been replaced by the term --anionic--, as obviously intended. The error is regretted.

Claims 8 and 12 have also been rejected under 35 USC 112, first paragraph, in that they involve non-ionic monomers, the Examiner questioning how they can be expected to produce polymers with an ionicity of at least about 5 mole percent.

This ground of rejection is respectfully traversed. All that is required by Claims 8 and 12 is that a non-ionic monomer be present in the final polymer composition. Since Claims 8 and 12 are dependent upon Claim 1 and Claim 1 requires that the polymer composition have an ionicity of at least about 5 mole percent, it is believed to be clear that the polymer must also be additionally composed of either anionic or anionic and cationic monomer(s). Thus, Claims 8 and 12 cover anionic or

- 4 -

CIBA 000524

amphoteric polymer compositions which are also produced from a non-ionic monomer, e.g. acrylamide, see Example 1 vis-a-vis Example 3. Reconsideration of this rejection is earnestly solicited.

Claims 1-13 have been rejected under 35 USC 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which Applicants regard as the invention, the Examiner stating that the term "ionicity" is not defined, thus making the claims vague and indefinite since when "percentage" is mentioned, there is no designation of the basis therefor.

This ground of rejection has been overcome by the instant amendment whereby the ionicity of the polymer composition, both in the specification at page 5 and the claims, has been indicated as a "mole percentage". Basis for this limitation can be found in Table I, page 13, and Table III, page 17, see, for example, Example 25. Withdrawal of this ground of rejection is respectfully requested.

Claims 1-4, 7-10, 12 and 13 have been rejected under 35 USC 102(b) as anticipated by or, in the alternative, under 35 USC 103, as obvious over, Durand etal, the Examiner stating that Durand etal, in Example 1, discloses anionic, organic, polymeric microparticles by polymerizing sodium acrylate and acrylamide in the presence of polyoxyethylene sorbitol hexaoleate and sorbitan sesquioleate. Since the oleate contains a double bond, the Examiner argues that it is reasonable to expect the oleate to function to some degree as a cross-linking agent in addition to being a surfactant. Specifically, the Examiner continues, Example 2 reports the viscosity of the polymer to be 1.30 $mm^2$/s while col. 3, line 67 mentions that particles of a radius of 20-40 nanometers result. Since 20.7g of acrylic acid was used to

- 5 -

CIBA 000525

produce 82.0g of copolymer, the Examiner indicates that the weight percent of acrylate ion was about 25%.

This ground of rejection is respectfully traversed. The Durand etal, reference has been carefully considered but is not seen to teach, disclose or suggest the instant invention. Durand etal fail to indicate the incorporation of a cross-linking agent into the polymer produced therein. Only sodium acrylate and acrylamide are used. The Examiner apparently recognizes the deficiency of Durand etal in that he points out that the oleate surfactants of Durand etal contain an unsaturated group and thus would reasonably be expected to function as a cross-linker. This assumption is erroneous in that the oleates of Durand etal are monounsaturated and if any reaction thereof with the acrylamide and/or acrylate were to occur it would occur linearly because a cross-linking agent must contain two functional groups to act as such, see page 7, lines 11-26 of the instant specification. Thus, the particulate polymer compositions produced by Durand etal clearly do not anticipate the instant claims in the sense of 35 USC 102.

Durand etal also fails to render the instant invention obvious in that the particles of Durand etal clearly would not function as do the instant compositions. In this regard, the Examiner's attention is respectfully directed to Table II of the instant specification. As can be seen, Example 7 is representative of a polymer produced in the absence of cross-linking agent i.e. it is linear, see page 16, line 2, as is that of Durand etal. The cross-linked polymer compositions, while beneficial, are clearly outclassed by the Applicants' compositions as represented by Examples 8-19. It is Applicants' position that it would not be expected from a perusal of the Durand etal application that the use of a cross-linking agent in

- 6 -

CIBA 000526

the preparation of the instant compositions would result in compositions which function in a manner unexpectedly superior to those produced in the absence of a cross-linking agent. Reconsideration of this ground of rejection is earnestly solicited.

Claims 1-5, 7-9 and 12 have been rejected under 35 USC 102(b) as anticipated by, or, in the alternative, under 35 USC 103, as obvious over, Maklhouf etal, the Examiner stating that Maklhouf etal discloses a composition comprising cross-linked, organic, polymeric microparticles having particle sizes of from 0.1-10 microns, at least one monomethylenically unsaturated monomer and a cross-linking agent being used. The cross-linking agent can be an epoxy-group containing compound like glycidyl methacrylate, the Examiner continues, and the unsaturated monomers include acrylic acid.

This ground of rejection has been overcome the instant amendment whereby Claim 1 has been rewritten to include the limitation that the polymers hereof are produced solely from water-soluble monomers. Basis for this limitation can be found in the specification at page 3, line 1 et seq. and all the Examples wherein, it can be seen, only water-soluble monomers are disclosed. The polymers of Maklhouf etal contain only 0.5-15% of water-soluble monomer, the remaining 70-99% being water-insoluble monomer, see col 2, linear 41-63. Furthermore, although Maklhouf etal disclose a particle diameter range which overlaps the maximum particle size diameter of Applicants, it is strenuously urged that Maklhouf etal do not produce particles where the number average particle size is only below 0.75 microns. The compositions of Maklhouf etal are particles of all diameters from 0.1-10 microns as is recognized in the art where this type of dispersion polymerization is used in the polymer production. All

- 7 -

CIBA 000527

of Applicants' particles fall within the claimed range whereas only some of the composition of Maklhouf etal fall within said range.

Furthermore, as discussed above, the compositions of the instant invention have been shown to be unexpectedly superior to closely related compositions and thus, are clearly unobvious over the teachings of Maklhouf etal.

Claims 1-4,7, 9-11 and 13 have also been rejected under 35 USC 102(b), as anticipated by, or, in the alternative, under 35 USC 103, as obvious over, Silver, the Examiner stating that Silver discloses acrylate copolymer microspheres of at least one alkyl acrylate ester and one ionic monomer or maleic anhydride. Ionic monomers listed include both anionics and cationics, the Examiner continues, the lower limit of the particle size being one micron which is very close to, or within experimental error, of the claimed 0.75 micron maximum.

This ground of rejection has also been overcome by the instant amendment whereby Claim 1 has been limited to polymer compositions produced solely from water-soluble monomers. The arguments applied to Maklhouf etal above also apply to Silver which also fails to teach the use of water-soluble monomers alone and produces polymer particles of a range too large to fall within those claimed herein, a 25% differential in size being considered more than within experimental error. Silver, in fact, indicates that a smaller particle size is undesirable, see col 4, lines 23-27. From 90-99.5% of the Silver compositions are made from water-insoluble monomers, see col 1, lines 45-52. Additionally, no cross-linking agent is employed and no suggestion can be found that the unexpected results, shown in Table II hereof, can be achieved. Accordingly, reconsideration of this ground of rejection is also strenuously urged.

- 8 -

CIBA 000528

Claim 5 has been rejected under 35 USC 102(b), as anticipated by, or, in the alternative, under 35 USC 103, as obvious over, Leong etal, the Examiner stating that Leong etal disclose cross-linked polyacrylamide latices or microgels which are prepared using a mixture of acrylamide and ethylene bisacrylamide, the sizes of the latices being less than 500Å in diameter.

This ground of rejection is also respectfully traversed. Leong etal is acknowledged in Applicants' specification as prior art over which the instant invention is a patentable improvement. Leong etal fails to include an ionic monomer in the polymerization taught therein and thus, the polymer compositions produced therein do not contain the 5 mole percent ionicity required by the instant claims. Nor are the instant claims obvious therefrom in view of the unexpectedly superior results achieved as shown in Applicants' specification. Withdrawal of this ground of rejection is also earnestly solicited.

It is noted that the Examiner failed to include Claim 6 in any of the above-discussed rejections. It is therefore assumed that Claim 6 contains allowable subject matter. Confirmation of this assumption is hereby requested from the Examiner.

In view of the above Remarks, this Application is believed to be in condition for allowance and such action is earnestly requested at an early date.

Respectfully submitted,

*Frank M Van*

Attorney for Applicants
Frank M. Van Riet
Registration# 19933

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on _____ *January 7, 1991*
(Date of Deposit)

FRANK M. VAN RIET
Name of Applicant, Assignee, or Registered Representative

*Frank M V*
Signature
*1-7-91*
Date of Signature

oc/
AM-31320

- 9 -

CIBA 000529





**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/535.626 | 06/11/90 | RYLES | R        31,320 |

EXAMINER

CHENG, N

| ART UNIT | PAPER NUMBER |
|---|---|
| 155 | |

FRANK H. VAH RIET
C/O AHERICAN CYANAHID CO.
1937 WEST HAIN STREET
STAHFORD, CT 06904-0060

DATE MAILED:
04/11/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined ☒ Responsive to communication filed on _1-10-91_ ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.   2. ☐ Notice re Patent Drawing. PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.   4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.   6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _____1 – 22_____ are pending in the application.

    Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _____1 – 22_____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
    are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1835 C.D. 11; 453 O.G. 213.

14. ☐ Other

EXAMINER'S ACTION

CIBA 000530

( )

Serial No. 535,626                         -2-

Art. Unit    155

15.

    Applicants' arguments, filed on January 10, 1991, have been carefully considered.

16.

    The restriction requirement is withdrawn in view of the arguments.

17.

    The corrections in claims 5 and 10 are noted.  The rejection under 35 U.S.C. 112, first paragraph, has been overcome.

18.

    The rejection of claims 8 and 12 under 35 U.S.C. 112, first paragraph, is withdrawn in view of arguments.

19.

    The rejection of claims 1-13 under 35 U.S.C. 112, second paragraph, has been overcome by the amendment.

20.

    The rejection of claims 1-5, 7-9, and 12 under 35 U.S.C. 102(b) or under 35 U.S.C. 103 over Makhlouf et al on record is repeated.

    On page 7 of the amendment, the applicants argued that the polymers of Markhouf et al contain 70-99% water-insoluble monomer.  The list of monomers in lines 41-63 column 2 of the reference included vinyl acetate which is soluble in water.

CIBA 000531

Serial No. 535,626                                    –3–

Art. Unit    155

There is also a statement that essentially any copolymerizable

mono ethylenic monomer may be utilized.

21.

        The rejection on record of claims 1–4, 7–10, 12 and 13 under
                                           *over Durand et al.*
35 U.S.C. 102(b) or 35 U.S.C. 103 is withdrawn in view of the

arguments.

22.

        The rejection on record of claims 1–4, 7, 9–11 and 13 under
                                           *over Silver*
35 U.S.C. 102(b) or 35 U.S.C. 103 has been overcome by the

amendment.

23.

        The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

        A patent may not be obtained though the invention is not
        identically disclosed or described as set forth in section
        102 of this title, if the differences between the subject
        matter sought to be patented and the prior art are such that
        the subject matter as a whole would have been obvious at the
        time the invention was made to a person having ordinary
        skill in the art to which said subject matter pertains.
        Patentability shall not be negatived by the manner in which
        the invention was made.

        Subject matter developed by another person, which qualifies
        as prior art only under subsection (f) or (g) of section 102
        of this title, shall not preclude patentability under this
        section where the subject matter and the claimed invention
        were, at the time the invention was made, owned by the same
        person or subject to an obligation of assignment to the same
        person.

CIBA 000532

Serial No. 535,626                          -4-

Art Unit   155


Claims 1-13 are rejected under 35 U.S.C. § 103 as being
unpatentable over Neff et al (U.S. 4,968,435) in view of
Whittaker.

In the primary reference, Neff et al disclosed crosslinked
cationic polymeric microparticles and its method of preparation.

Whittaker taught the use of cationic, anionic, and/or
amphoteric polymers as flocculating agents for different types of
dispersions.

Thus it would be obvious because crosslinked anionic (and/or
amphoteric) polymeric microparticles would be expected to
flocculate that type of dispersions which Whittaker's anionic
(and/or amphoteric) polymers will flocculate.

24.

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section
> 102 of this title, if the differences between the subject
> matter sought to be patented and the prior art are such that
> the subject matter as a whole would have been obvious at the
> time the invention was made to a person having ordinary
> skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which
> the invention was made.
>
> Subject matter developed by another person, which qualifies
> as prior art only under subsection (f) or (g) of section 102
> of this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

CIBA 000533

Serial No. 535,626                          -5-

Art Unit   155


    Claims 14-22 are rejected under 35 U.S.C. § 103 as being

unpatentable over Neff et al (U.S. 4,968,435) in view of Durand

et al.

    Neff et al disclosed the method of preparing crosslinked

cationic polymeric microparticles.

    Durand et al showed that anionic monomers are polymerizable

under the inverse emulsion polymerization conditions of Neff.

Thus it would be obvious.

25.

    Applicant's amendment necessitated the new grounds of

rejection.  Accordingly, THIS ACTION IS MADE FINAL.  See M.P.E.P.

§ 706.07(a).  Applicant is reminded of the extension of time

policy as set forth in 37 C.F.R. § 1.136(a).


    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

W. Cheng:amw
April 09, 1991
703-308-2351

April 09, 1991

                                    JOSEPH L. SCHOFER
                                SUPERVISORY PATENT EXAMINER
                                       ART UNIT 155

CIBA 000534

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP—APART AND DISCARD CARBON

| FORM PTO-892 (REV. 2-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/535 626 | GROUP ART UNIT 155 | ATTACHMENT TO PAPER NUMBER | 5 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S) R. G. Ryles, D. S. Honig, E. W. Harris, and R. E. Neff | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4 7 0 5 6 4 0 | 11-10-87 | Whittaker | 210 | 733 | |
| | B | 4 9 6 8 4 3 5 | 11-6-90 | Neff et al. | 210 | 734 | |
| | C | | | (effective filing date was 12-19-88) | | | |
| | D | 4 6 8 1 9 1 2 | 7-21-87 | Durand et al. | 524 | 827 | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER CHENG, W. C | DATE 4-4-91 | |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

CIBA 000535

*155*
*150*    *8:19:91*
          *a 1 chang 155*    *155*

[4Apr89/MB11-2]                          Docket No. 31,320-00

                                                         PATENT

MAIL ROOM
JUL 22 1991        IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                    Date: July 18, 1991
RODERICK GLYN RYLES                           *155*    *7-30-91*
DAN S. HONIG                                  *150*    *061 Chang, WU*
ELIETH W. HARRIS
ROGER E. NEFF                            RECEIVED

Serial No.: 07/535,626                   JUL 2 0 1991    *A6*
Filed:  June 11, 1990
For:  CROSS-LINKED ANIONIC AND           GROUP 150
      AMPHOTERIC POLYMERIC
      MICROPARTICLES

Commissioner of Patents and Trademarks
Washington, D. C.  20231

        PETITION FOR EXTENSION OF TIME (37 CFR 1.36(a))

1.    This is a petition for an extension of the time for a total
      period of _1_ month(s) to respond to the Office Letter
      mailed on _April 11, 1991_ by _filing a continuation_
      _application._

2.    A response in connection with the matter for which this
      extension is requested:    /

      [  ]  is filed herewith

      [  ]  has been filed

            (complete the following if applicable)

      [  ]  the response is the filing of a continuation
            application having an express abandonment conditioned
            on the granting of a filing date to the continuing
            application.

-----------------------------------------------------------------
              CERTIFICATE OF MAILING [37 CFR 1.8(a)]

      I hereby certify that this paper (along with any referred to as
being attached or enclosed) is being deposited with the United
States Postal Service on the date shown below with sufficient
postage as first class mail in an envelope addressed to the:
Commissioner of Patents and Trademarks, Washington, D.C. 20231.

   DS20155  07/24/91  07535626        01-1300  020  11S    100.00CH

      Date: _____
                                _____
                                (Signature of person mailing paper)
-----------------------------------------------------------------

CIBA 000536

[REV.4Apr89/MBll-2]            -2-

3.    Calculation of extension fee (37 CFR 1.17(a)-(d):
      [ X ] One Month.   Fee in the amount of $100.00
      [   ] Two Months.  Fee in the amount of $300.00
      [   ] Three Months. Fee in the amount of $730.00
      [   ] Four Months.  Fee in the amount of $1,150.00

                                    FEE $ 100.00

If an additional extension of time is required, please consider
this a petition therefor.

            (check and complete the next item, if applicable)

      [   ] An extension for ____ months has already been secured
            and the fee paid therefor of $_____ is deducted
            from the total fee due for the total months of
            extension now requested.

            Extension fee due with this request $ 100.00

4.    FEE PAYMENT
      [ X ] Charge fee to Account No. 01-1300 and this is a
            request to charge for any additional extension and/or
            fee required or credit for any excess fee paid. A
            duplicate of this petition is attached.

                        _Frank M. Van Riet_____
                        (Signature of Attorney)

Reg. No. 19933          _Frank M. Van Riet_____
                        (Type name of Attorney)

Tel. No. (203) 321-2614  American Cyanamid Company
                         1937 West Main Street
                         P.O. Box 60
                         Stamford, CT 06904-0060

                                    CIBA 000537



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/535,626 | 06/11/90 | BYLES | R   31,330 |

FRANK M. VAN RIET
C/O AMERICAN CYANAMID CO.
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

| EXAMINER |  |
|---|---|
| CHENG, W |  |
| ART UNIT | PAPER NUMBER |
| 1505 |  |

DATE MAILED:
11/19/91

### NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☒ Applicant's failure to respond to the Office letter, mailed _4-11-91_ .

2. ☐ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____

   ☐ The issue fee has not been received in Allowed Files Branch as of _____ .

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (i), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.

   ☐ The corrected and/or substitute drawings were received on _____ .

6. ☐ The reason(s) below.

EDWARD J. SMITH
PRIMARY EXAMINER
ART UNIT 1505

CIBA 000538

#8

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

IN RE APPLICATION OF:                      )
                                           )
APPLICANT:   RYLES                         )
                                           )
SERIAL NO:   535,626                       )
                                           )
FILED:       June 11, 1991                 )
                                           )
                                           )
                                           )

POWER TO INSPECT AND MAKE COPIES

HONORABLE COMMISSIONER OF PATENTS
  AND TRADEMARKS
WASHINGTON, D.C.  20231


SIR:

        The undersigned is the attorney of record in the subject

application, and therefore grants the power to inspect and make copies

to Rita M. Stark, of Landon & Stark Associates, Inc.

                                Respectfully submitted,

                                Frank M. Van Riet
                                Registration No. 19933


DATED:  December 6, 1991

AMERICAN CYANAMID COMPANY
1937 West Main Street
P. O. BOX 60
STAMFORD,   CT  06904-0060

TEL.: (203) 348-7331

CIBA 000539

_9_
paper number

REQUEST FOR ACCESS

Date: _A-22-96_

Serial Number: _535 626_

Filing Date: _6-11-90_

Applicants: _Ryles_

Sir.

Request is hereby respectfully made for access to the file history of the following abandoned application referred to in U.S. patent number _5,171,808_ or printed application number _____.

Respectfully submitted.

_Chris Bennett_

--------------------------------

OFFICIAL USE ONLY

--------------------------------

PROCESSED BY

APR 22 1996

FIII
initials

FILE INFORMATION UNIT

--------------------------------

CIBA 000540

_/0_
paper number

## REQUEST FOR ACCESS

Date: _10-9-96_

Serial Number: _535626_

Filing Date: _6-11-90_

Applicants: _Ryles et al_

Sir.

Request is hereby respectfully made for access to the file history of the following abandoned application referred to in U.S. patent number _5171808_ or printed application number _____.

Respectfully submitted.

_Cindy Hilliard_

------------------------------
OFFICIAL USE ONLY
------------------------------

PROCESSED BY
OCT 1 0 1996
**FIU**
initials

FILE INFORMATION UNIT

------------------------------

CIBA 000541

PTO/SB/68 (11-98)
Approved for use through 10/31/98. OMB 0661-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Red.    1 Act of 1995, no persons are required to respond to a coll.    of Information unless it displays a valid OMB control number.

## REQUEST FOR ACCESS OF ABANDONED APPLICATION UNDER 37 CFR 1.14(a)

PROCESSED BY

JAN 2 1 1999

FM#

| In re Application of | |
|---|---|
| **Application Number** | **Filed** |
| 535626 | June 11 1996 |
| **Group Art Unit** | **Examiner** |
| | R Ytes et al. |

Paper No. #11

Assistant Commissioner for Patents
Washington, DC 20231

I hereby request access under 37 CFR 1.14(a)(3)(iv) to the application file record of the above-identified ABANDONED application, which is: (CHECK ONE)

___ (A) referred to in United States Patent Number _____, column _____.

___ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11, i.e.,
Application No. _____, filed _____, on page _____ of
paper number _____.

___ (C) an application that claims the benefit of the filing date of an application that is open to public
inspection, i.e., Application No. _____, filed _____, or

___ (D) an application in which the applicant has filed an authorization to lay open the complete
application to the public.

Please direct any correspondence concerning this request to the following address:

_____

_____

_____

ADRIN                                        1-28-99.
Signature                                    Date

Typed or printed name

CIBA 000542

| FOR PTO USE ONLY |
|---|
| Approved by: _____ (initials) |
| Unit: _____ |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO Assistant Commissioner for Patents, Washington, DC 20231.

PTO/38/68 (04-01)
Approved for use through 10/31/2002. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REQUEST FOR ACCESS TO AN APPLICATION UNDER 37 CFR 1.14(e)

In re Application of

| Application Number | Filed |
|---|---|
| 07-535626 | 6-11-90 |
| Art Unit | Examiner |

RECEIVED
OCT 3 0 2002
File Information Unit

Paper No. ___

Assistant Commissioner for Patents
Washington, DC 20231

1. ☐  I hereby request access under 37 CFR 1.14(e)(2) to the application file record of the above-identified ABANDONED Application, which is not within the file jacket of a pending Continued Prosecution Application (CPA) (37 CFR 1.53(d)) and is: (CHECK ONE)

☐ (A) referred to in:

United States Patent Application Publication No. 5171808, page ____, line _____,

United States Patent Number _____, column _____, line _____, or

an International Application which was filed on or after November 29, 2000 and which

designates the United States, WIPO Pub. No. _____, page _____, line _____.

☐ (B) referred to in an application that is open to public inspection as set forth in 37 CFR 1.11(b) or

1.14(e)(2)(i), i.e., Application No. _____, paper No. _____; page _____, line _____.

2. ☐  I hereby request access under 37 CFR 1.14(e)(1) to an application in which the applicant has filed an authorization to lay open the complete application to the public.

| Signature | Date |
|---|---|
| *M.* | 10-30-02 |

Typed or printed name: ADRIAN

RECEIVED
OCT 3 0 2002
Approved ___
Unit ___

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

CIBA 000543