# EXHIBIT 6
## Part 3

Docket No: 31,043

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re Application of:

DAN S. HONIG
ELIETH HARRIS

Serial No: 07/540,667
Filed: June 18, 1990
For: CHARGED ORGANIC
      POLYMER MICROBEADS
      IN PAPER-MAKING PROCESS

Group Art Unit: 133

Examiner: C. Friedman

Commissioner of Patents
 and Trademarks

Washington, D.C.  20231

## AMENDMENT

In response to the Office Action of June 26, 1991, please amend the above-identified application as follows:

### In The Claims:

Claim 12, line 1, please cancel the numeral "10" and substitute therefore the numeral --11--.

Please cancel Claims 17 and 28.

Please rewrite Claim 1 as follows:

--1.  (Amended)  A method of making paper which comprises adding to an aqueous paper furnish from about 0.05 to about 20 lbs./ton, based on the dry weight of paper furnish solids, of an ionic, organic, <u>cross-linked</u>, polymeric microbead, the microbead being less than about 750 nanometers in diameter [if cross-linked and less than 60 nanometers in diameter of non-cross-linked and water-insoluble] <u>and</u> the ionicity of said microbead being at least 1%, but at least 5%, if [cross-linked] anionic and used alone--.

### Remarks

The Examiner has again required restriction to one of the following inventions under 35 USC 121:

- 1 -

HERC0076016

I.  Claims 1-14 and 40 drawn to a method of making paper and classified in Class 162; Subclass 168.3 and

II. Claims 15-25 and 41 drawn to a composition of matter and classified in Class 252; Subclass 351.

The inventions are distinct, each from the other, the Examiner continues, because Inventions II and I are related as product and process of use and the inventions are distinct if either or both of the following can be shown: 1) that the process for using the product, as claimed, can be practiced with another and materially different product or 2) that the product, as claimed, can be used in a materially different process of using that product, citing M.P.E.P. 806.05(h). In the instant case, the Examiner explains, the product, as claimed, can be used in a materially different process such as one that does not require papermaking, e.g. making cement.

Because the inventions are therefore distinct and have acquired a separate status in the art as shown by their different classification and because of their recognized divergent subject matter, restriction for examination purposes is indicated as proper by the Examiner.

This requirement for restriction is again respectfully traversed.

This requirement is respectfully submitted as unfounded and based on speculation and conjecture. The Examiner has cited no authority or documentation in support of his statement that the instantly claimed products can be used in making cement. This concept is not taught in Applicants' disclosure or in any reference cited by the

- 2 -

HERC0076017

Examiner and therefore the requirement is clearly erroneous. Withdrawal thereof is earnestly solicited.

Applicants, however, again affirm the previous provisional election of Group I, i.e. Claims 1-14 and 40 and respectfully request retention of the non-elected claims i.e. Claims 15-25 and 41, in the application for purposes of filing a subsequent divisional application or appeal.

Claims 12 and 37 have been rejected under 35 USC 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which Applicants regard as the invention in that there is no antecedent basis for the word "species" as recited in Claim 12.

This ground of rejection has been overcome by the instant amendment whereby Claim 12 has been amended to render it dependent upon Claim 11 rather than Claim 10, as obviously intended. The error is sincerely regretted.

Claims 1-3,5,7,8, 10-14, 26-28, 30, 32,33, 35-40 and 42 have been rejected under 35 USC 103 as being unpatentable over Probst etal, alone, or in view of Johnson the Examiner stating that Probst teaches a cationic polymer for addition to paper as a sizing agent and that the polymers i.e. microbeads, are 20-150 nm, citing col. 5, lines 2-6. Probst does not teach if the microbead is cross-linked, the Examiner continues, however, it would have been an obvious matter of choice based on the availability, cost and effectiveness of cross-linked versus non-cross-linked microbeads. At col. 8, lines 58-62, the Examiner explains, Probst teaches mixing a solution of starch (a cationic polymer) with the sizing agent. The addition of the claimed amounts of microbeads and starch (cationic polymer) is conventional to enhance drainage and

- 3 -

HERC0076018

retention properties, the Examiner argues, and therefore it would have been obvious for one to utilize the claimed amounts to achieve such and to add a size or strength additive to the paper furnish to increase the desirability of the final product.

To further support the above discussion, the Examiner refers to the teaching of Johnson which, the Examiner explains, teaches improving retention and dewatering properties of paper by adding 0.1-0.15% of a binder of a cationic starch (a high molecular weight ionic polymer), an anionic polymer of acrylamide and a dispersed silica to the headbox of a paper-making machine, citing col. 1, lines 15-16 and 41; col. 2, lines 15-24 and col. 3, lines 50-52. At Figures 3 and 4, the Examiner points out, Johnson teaches the use of all components within the range of the presently claimed amounts, while alum is shown to increase drainage and retention (shown, the Examiner contends, in Figure 4 as decreased turbidity). Thus, the Examiner concludes, it would have been obvious to one of ordinary skill in the art to add cationic starch and alum in the claimed amounts to the microbeads of Probst to further improve drainage and retention properties because Johnson teaches that such improves drainage.

Rejection of the method claims necessarily precludes patentability of the product-by-process claims, the Examiner explains, citing in re Thorpe 227 USPQ 964.

This ground of rejection is respectfully traversed. It is strenuously urged that Probst does not teach, disclose or suggest the instant invention especially in view of the amendment made to Claim 1 herein. Probst is directed to a sizing agent comprising an emulsion of a copolymer of 0-90% of (meth)acrylonitrile, 5-95% of styrene

- 4 -

HERC0076019

and 5-95% of (meth)acrylates. The sizing agent is disclosed as in the form of a colloidal solution wherein the copolymer is present in the form of particles having a size between 15 and 200 nm. The reference indicates that starch may be used in a 5% solution as a sizing liquor.

Applicants' claims require that the organic, polymeric microbeads be <u>ionic!</u> Probst employs ionic group containing emulsifiers in order to create dispersion stability in the solution. The ionic groups remain part of the emulsifier and are not chemically bonded to the hydrophobic copolymers. The Probst product, therefore, is a <u>nonionic</u> hydrophobic polymer mixture stabilized by cationic surfactants.

Applicants' invention resides in the use of the polymer microbead having an ionic charge covalently bonded to the polymer, whereas, in Probst, the only ionic charge present is on a different molecule i.e. a surfactant which can dissolve out of and/or migrate from the polymer microbeads. Applicants' microbead does not require the use of an emulsifier. It is an integral unit which can be separated from any emulsifier present if made in emulsion form.

Probst indicates that for effective sizing, the polymer microbeads must be film-formers, see col. 3, line 67 to col. 4, line 8. The Examiner argues that it would be obvious to cross-link the Probst polymers, however, such is diametrically opposite that which Probst describes because cross-linking the Probst polymer would substantially reduce or even prevent its film-forming ability. That is to say, if the Probst sizing agent were to be cross-linked as the Examiner indicates, and then applied to paper, the intended performance thereof, i.e. sizing, would be reduced or

- 5 -

HERC0076020

eliminated because of the failure of the cross-linked polymer to act as a film-former. Additionally, the stability of the Probst dispersions would be greatly reduced by cross-linking the polymer. What is generally desired in sizing is the ability of the sizing molecules to spread out on the paper surface in order to impart their maximum efficiency. Cross-linking prevents this.

In retention and drainage, however, the polymer must be strongly absorbed on a fiber, fine and/or filler surface and be able to also be strongly absorbed onto another fiber, filler of fine surface under the high shear conditions of the paper-making process. The retention and drainage aid links fiber, fines and filler suspended solids to one another. By contrast, a sizing agent is absorbed onto fiber, fines and filler but is not then absorbed onto more fiber, fines and filler so as to "cover" the agent. If it is covered, it is not able to exercise its sizing action. Retention requires adsorption strength and integrity of the aid under conditions of high shear and stress.

Thus, it can be readily appreciated that Applicants' claims, especially as newly presented wherein the microparticles must be cross-linked, are not in any way anticipated by the Probst disclosure especially since Applicants' claims require the microparticles to be added to the paper-making furnish i.e to the slurry of paper-making fibers, fines, fillers etc. which are used to form the paper sheet per se whereas all the examples of Probst show that the Probst composition is added to the paper sheet in the size press after it is already formed, although Probst does suggest engine sizing at col. 5, line 32. Thus, Probst fails to meet Applicants' claims because:

- 6 -

HERC0076021

1.  The microbeads are preferably added to the paper rather than the furnish;

2.  The microbeads are not ionic and

3.  The microbeads are not cross-linked.

These deficiencies in the Probst disclosure are not overcome by the teachings of Johnson which is directed to a retention aid comprising a cationic starch and a dispersed silica. Johnson does not teach the use of polymeric microbeads and, as such, it is representative of the type of retention aid over which Applicants' invention is an improvement. In fact, Johnson is acknowledged in Applicants' specification at page 1, line 26. While Johnson may recognize the benefits of adding starch, anionic acrylamide and alum, the reference fails to recognize that the silica used therein can be replaced, in whole or in part, by Applicants' microbeads and, as such, the fact that Johnson teaches the amounts of these additives which may be added with a retention aid is irrelevant with respect to the instant claims. To add the additives of Johnson in their disclosed amounts to the composition of Probst will still not result in Applicants' invention because there still will be no ionic, cross-linked, organic polymeric microbeads present. For these reasons, reconsideration and withdrawal of this ground of rejection is earnestly solicited.

Claims 4,6,9,29, 31 and 34 have been rejected under 35 USC 103 as unpatentable over Probst etal, either alone or in view of Johnson as applied above, and further in view of Sinclair etal, the Examiner noting that Sinclair etal teaches starches as the cationic polymer in a process to provide paper of improved properties. Sinclair etal teaches that starch (polysaccharide) or another polymer can be used as either a cationic or anionic polymer and the acrylamide i.e. microbead, can be selected in either

- 7 -

HERC0076022

ionicity such that the two polymers have opposite charges, the Examiner explains, and therefore it would have been obvious to the skilled artisan to use either anionic or cationic starch (high molecular weight polymer) of opposite charge in the process of Probst either alone or taken with Johnson because Sinclair etal teaches such as conventional in improving retention and dewatering properties. Further, the Examiner contends, the selection being merely a matter of choice, the skilled artisan would have found it obvious to choose the additives based on economy and availability, noting that the rejection of the paper product claims necessarily follow from the rejection of the process claims. This rejection is also respectfully traversed.

While Sinclair etal may recognize the advantage of using two oppositely charged polymers for retention and drainage during paper-making, the reference fails to teach the use of an ionic, cross-linked microbead of polymer having a size below about 750 nm. Thus, even if one used oppositely charged polymers in the process of Probst (or Probst in view of Johnson), Applicants' process would not be met because the polymer microbead would not be present and the use of such is the crux of Applicants' invention. Reconsideration of this ground of rejection also believed warranted.

In view of the above Remarks, this application is believed to be in condition for allowance and such action is earnestly requested it an early date.

Respectfully submitted,

*Frank M. Van Riet*

Attorney for Applicants
Frank M. Van Riet
Registration# 19933

A-310431:oc

- 8 -

HERC0076023

**9**

HERC0076024



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/540-667 | 06/18/90 | HONIG | 31-043-01 |

| EXAMINER |
|---|
| FRIEDMAN, C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1303 | 9 |

FRANK M. VAN RIET
C/O AMERICAN CYANAMID COMPANY
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

DATE MAILED: 12/06/91

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☒ Responsive to communication filed on _9-23-91_ (Amdt C)    ☒ This action is made final

A shortened statutory period for response to this action is set to expire _3_ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I**    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II**    SUMMARY OF ACTION

1. ☒ Claims _1-12, 14-37, and 39-42_ _____ are pending in the application.

   Of the above, claims _15-25, and 41_ _____ are withdrawn from consideration.

2. ☒ Claims _13 and 38_ _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1-12, 14, 26-37, 39, 40, and 42_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____ Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the
    examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____ has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____ ; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 9-89)

HERC0076025

Serial No. 540,667                    -2-

Art Unit   1303

    Claims 15-25 and 41 are withdrawn from further consideration
by the examiner, 37 C.F.R. § 1.142(b), as being drawn to a non-
elected invention, the requirement having been traversed in Paper
No. 8.

    Applicant's election with traverse of claims 1-12, 14, 26-37,
39, 40, and 42 in Paper No. 8 is acknowledged. The traversal is on
the ground(s) that the rejection is based on conjecture, i.e. there
is no support that the instantly claimed products can be used in
making cement. This is not found persuasive because the product as
claimed <u>can</u> be used in a materially different process.    The
intended use of the product recited in the Group II claims is
papermaking; however, papermaking is not the only possible use,
i.e. there is nothing to prevent the product from being used in
another process, e.g. making cement. Applicant has not proved or
provided a convincing argument that the product cannot be used in
making cement and must be used in making paper (MPEP 806.05(h)).

    The requirement is still deemed proper and is therefore made
FINAL.

    This application contains claims 15-25 and 41 drawn to an
invention non-elected with traverse in Paper No. 8. A complete
response to the final rejection must include cancellation of non-
elected claims or other appropriate action (37 C.F.R. § 1.144)

Serial No. 540,667                        -3-

Art Unit   1303


M.P.E.P. § 821.01.

The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

> A patent may not be obtained though the invention is not
> identically disclosed or described as set forth in section 102
> of this title, if the differences between the subject matter
> sought to be patented and the prior art are such that the
> subject matter as a whole would have been obvious at the time
> the invention was made to a person having ordinary skill in
> the art to which said subject matter pertains. Patentability
> shall not be negatived by the manner in which the invention
> was made.

> Subject matter developed by another person, which qualifies as
> prior art only under subsection (f) or (g) of section 102 of
> this title, shall not preclude patentability under this
> section where the subject matter and the claimed invention
> were, at the time the invention was made, owned by the same
> person or subject to an obligation of assignment to the same
> person.

This application currently names joint inventors.    In
considering patentability of the claims under 35 U.S.C. § 103, the
examiner presumes that the subject matter of the various claims was
commonly owned at the time any inventions covered therein were made
absent any evidence to the contrary.  Applicant is advised of the
obligation under 37 C.F.R. § 1.56 to point out the inventor and
invention dates of each claim that was not commonly owned at the
time a later invention was made in order for the examiner to
consider the applicability of potential 35 U.S.C. § 102(f) or (g)
prior art under 35 U.S.C. § 103.

Claims 1-3, 5, 7, 8, 10-12, 14, 26-28, 30, 32, 33, 35-37, 39,

40, and 42 are rejected under 35 U.S.C. § 103 as being unpatentable

over Probst et al either alone or in view of Johnson et al, as

applied to claims 1-3, 5, 7, 8, 10-14, 26-28, 30, 32, 33, 35-40,

and 42 in the last Office Action, Paper No. 7.

Claims 4, 6, 9, 29, 31 and 34 are rejected under 35 U.S.C.

HERC0076027

Serial No. 540,667                         -4-

Art Unit   1303

§ 103 as being unpatentable over Probst et al either alone or in view of Johnson et al and further in view of Sinclair et al, as applied to these claims in Paper No. 7.

Applicant's arguments filed September 23, 1991, Paper No. 8 have been fully considered but they are not deemed to be persuasive.

It is argued that the microbeads of Probst are added to the paper rather than to the furnish. However, Probst teaches that the microbeads can be used in engine sizing (column 5, line 32), which is internal addition, i.e. adding the sizing agent to the furnish.

It is further argued that the microbeads of Probst are not ionic. However, it is seen that the terpolymer, the backbone of the microbead, is cationic (column 2, lines 27-31). Obviously the microbead is ionic.

Finally, it is argued that the microbeads of Probst are not cross-linked.    However, the  mixture  is  quaternised  with epichlorohydrin (column 1, lines 46-47). Epichlohydrin is a well-known crosslinking agent, as discussed at page 11 of the instant specification.

THIS ACTION IS MADE FINAL.   Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

HERC0076028

Serial No. 540,667                    -5-

Art Unit  1303

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.   IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

    Any inquiry concerning this communication should be directed

to Charles Friedman at telephone number (703) 308-2052.


RICHARD V. FISHER
SUPERVISORY PATENT EXAMINER
ART UNIT 1303

12-5-91

Friedman/ad
November 22, 1991

HERC0076029

**10**

HERC0076030



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 5 40667 | | | |

| | EXAMINER |
|---|---|
| | |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 10 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Van Riet                          (3) Mr. Friedman

(2) Mr. Dauplaise                         (4)

Date of interview  3-13-92

Type: ☐ Telephonic  ☑ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☑ Yes  ☐ No    If yes, brief description: 1)The polymer micro bead in solution
and 2) in a dried powder form

Agreement  ☐ was reached with respect to some or all of the claims in question.  ☑ was not reached (however, agreed to reconsider)

Claims discussed:  1

Identification of prior art discussed:  Probst, Farrar

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Agreed that Probst could be internal addition. Agreed to reconsider based on epichlorohydrin as a quaternizing agent and in acidic solution. Said that Farrar Provide documentation that epichlorohydrin in acid won't work Farrar doesn't shear particle size, merely breaks or cross links.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

Examiner's Signature

PTOL-413 (REV 1-84)

HERC0076031

OFFICIAL

AMERICAN CYANAMID COMPANY
Patent Law Department
Stamford, CT  06904-0060

Telecopy No.:  (203) 321-2971

TELECOPY COVER SHEET

THE INFORMATION IN THIS MESSAGE AND ENCLOSURES IS INTENDED ONLY
FOR THE USE OF THE INDIVIDUAL OR ENTITY IDENTIFIED BELOW.  If you
have received this communication in error, please notify us
immediately by telephone (collect), (203) 321-          , so
that we may arrange for its return.  Thank you.

TO:  MR. C. FRIEDMAN  — Group 130

NUMBER: 703-308-3718

FROM:  F. M. VAN RIET
       AMERICAN CYANAMID Co.

DATE:  3-17-92

TOTAL NUMBER OF PAGES (INCLUDING COVER SHEET):  9

HERC0076032

**11**

HERC0076033

OFFICIAL

[REV.4Apr89/MB11-2]                     Docket No. 31,043-01

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:              Date: March 16, 1992
DAN S. HONIG
ELIETH HARRIS

Serial No.: 07/540,667
Filed:  June 18, 1990
For:  CHARGED ORGANIC POLYMER
      MICROBEADS IN PAPER MAKING
      PROCESS

Commissioner of Patents and Trademarks
Washington, D. C.  20231

### PETITION FOR EXTENSION OF TIME (37 CFR 1.36(a))

1.  This is a petition for an extension of the time for a total
    period of __1__ month(s) to respond to the Office Letter
    mailed on __December 6, 1992__ by __filing an Amendment__
    __thereto.__

2.  A response in connection with the matter for which this
    extension is requested:

    [ X ] is filed herewith

    [   ] has been filed

          (complete the following if applicable)

    [   ] the response is the filing of a continuation-in-part
          application having an express abandonment conditioned
          on the granting of a filing date to the continuing
          application.

----------------------------------------------------------------

### CERTIFICATE OF MAILING [37 CFR 1.8(a)]

I hereby certify that this paper (along with any referred to as
being attached or enclosed) is being deposited with the United
States Postal Service on the date shown below with sufficient
postage as first class mail in an envelope addressed to the:
Commissioner of Patents and Trademarks, Washington, D.C. 20231.

                    CORNELIA CALABRESE

Date: _____      _____
                            (Signature of person mailing paper)

----------------------------------------------------------------

1010716  03/18/92  07540667      01-1300  010  115      110.00CH

HERC0076034

[REV.4Apr89/MB11-2]        -2-

3.  Calculation of extension fee (37 CFR 1.17(a)-(d):
    [ X ] One Month.    Fee in the amount of $110.00
    [   ] Two Months.   Fee in the amount of $350.00
    [   ] Three Months. Fee in the amount of $810.00
    [   ] Four Months.  Fee in the amount of $1,280.00

                                    FEE $ 110.00

If an additional extension of time is required, please consider
this a petition therefor.

            (check and complete the next item, if applicable)
    [   ] An extension for ____ months has already been secured
          and the fee paid therefor of $_____ is deducted
          from the total fee due for the total months of
          extension now requested.

          Total Extension fee due with this request $ 110.00

4.  FEE PAYMENT
    [ X ] Charge fee to Account No. 01-1300 and this is a
          request to charge for any additional extension and/or
          fee required or credit for any excess fee paid. A
          duplicate of this petition is attached.


                            _____
                            (Signature of Attorney)

Reg. No. 19933              Frank M. Van Riet
                            (Type name of Attorney)

Tel. No. (203) 321-2614     American Cyanamid Company
                            1937 West Main Street
                            P.O. Box 60
                            Stamford, CT 06904-0060


HERC0076035

OFFICIAL

Docket No.: 31,043-01

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
Dan S. Honig
Elieth Harris

Serial No: 07/540,667          Group Art Unit:
Filed: June 18, 1990
For:  Charged Organic Polymer    Examiner: C. Friedman
      Microbeads In Paper
      Making Process

Commissioner of Patents
  and Trademarks

Washington, D.C.  20231          March 16, 1992

DO NOT ENTER

OK TO ENTER

OK AS ENTERED

AMENDMENT

In response to the Office Action of December 6,
1991, please amend the instant application as follows:

IN THE CLAIMS

Please rewrite Claim 1 as follows:

--1. (Twice Amended) A method of making paper
which comprises adding to an aqueous paper furnish from
about 0.005 to about 20 lbs/ton, based on the dry weight of
paper furnish solids, of an ionic, organic, cross-linked
polymeric microbead, the microbead [being] having an
unswollen particle diameter of less than about 750
nanometers [in diameter] and [the] an ionicity of [said
microbead having] at least 1%, but at least 5%, if anionic
and used alone--.

REMARKS

Applicants would like to take this opportunity to
thank Examiner Friedman for the interview afforded
Applicants' Attorney and representative on March 13, 1992.
The consideration and comments forwarded by the Examiner are
sincerely appreciated.

- 1 -

HERC0076036

The finality of the requirement for restriction is acknowledged. The Examiner has withdrawn Claims 15-25 and 41 as being drawn to non-elected subject matter, however, retention of said claims in the application for the purpose of filing a subsequent divisional application or appeal is earnestly solicited.

Claims 1-3,5,7,8, 10-12, 14, 26-28, 30, 32, 33, 35-37, 39, 40 and 42 have been rejected under 35 USC 103 as unpatentable over Probst etal, alone or in view of Johnson as applied in Paper No. 7.

Claims 4,6,9,29, 31 and 34 have been rejected under 35 USC 103 as unpatentable over Probst etal, alone or in view of Johnson, and further in view of Sinclair etal, as applied in Paper No. 7.

The Examiner has indicated that Applicants' arguments have been carefully considered but are not deemed persuasive for the following reasons.

A. With regard to Applicants' argument that the microbeads of Probst are added to the paper rather than the furnish, the Examiner indicates that Probst teaches at col. 5, line 32 that the microbeads can be used in engine sizing which is internal addition, i.e. addition to the furnish.

At the above-acknowledged interview, Applicants admitted that engine sizing is internal addition, however, it was pointed out that Probst, in every example, adds the sizing composition thereof to the paper. It is urged that one skilled in the art clearly recognizes that sizing agents are predominately added to the paper per se and not the furnish because addition thereof to the furnish materially detracts from the efficiency thereof.

B. With regard to Applicants' argument that the microbeads of Probst are not ionic, the Examiner argues that

- 2 -

HERC0076037

the terpolymer, the backbone of the microbead, is cationic, citing col. 2, lines 27-31 and that the microbead is therefore obviously ionic.

This position is respectfully urged as erroneous. Reference to the "terpolymer" at col. 2, lines 27-31 pertains to the emulsifier in the presence of which the microbead is prepared by polymerizing the "(meth) acrylonitrile, styrene and acrylates or methacrylates or mixtures of styrene and acrylates or methacrylates" as taught by Probst at col. 2, lines 23-25. It is the emulsifier which contains the cationic N,N-dimethylamino-ethyl acrylate or methacrylate monomer and not the microbead prepared in its presence. Reference to col. 2, lines 32-36 clearly shows that components (a)-(c) form the terpolymer emulsifier in the presence of which components (d) - (f), col. 2, lines 44-50, are polymerized to form the microbead. Thus, the microbead per se is not ionic as required by Applicants' claims. Thus, as previously discussed, the Probst product is a nonionic hydrophobic polymer stabilized by a cationic terpolymer emulsifier. Applicants' microbead has an ionic charge covalently bonded thereto and is an integral unit which can be separated as such. At the above-identified interview, Applicants' Attorney showed the Examiner a small bottle of white, powdery polymer which comprised such a separated, ionic product. Separation of the (d)-(f) polymer of Probst will not isolate an ionic polymer because it is only the emulsifier which is ionic in the Probst composition.

C.   With regard to Applicants' argument that the Probst microbeads are not cross-linked, the Examiner states that the Probst mixture is quaternized with epichlorohydrin,

- 3 -

HERC0076038

citing col. 1, lines 46-47, which is a well-known cross-linking agent and also referred to as such by Applicants at page 11 of the instant specification.

Most of the discussion at the above-acknowledged interview focused on the cross-linking argument of the Examiner. It was pointed out to the Examiner that epichlorohydrin is only a cross-linking agent when reacted under certain precise conditions. In fact, Probst discloses the most important condition indirectly by virtue of its teaching at col. 1, lines 44-47. Probst indicates that quateriztion of the emulsifier portion of his composition is effected with epichlorohydrin at 80-85°C and after the mixture is <u>acidified with acetic acid</u>. It is well-recognized that the pH of the reaction media in which quaternization with epichlorohydrin is conducted is critical. It must be accomplished under acidic conditions i.e. a pH below 7, preferably below 6. Support for this position was afforded the Examiner in the form of U.S. Patent No. 3,702,799. This reference teaches, at col. 3, lines 15-60, that the reaction of a hydrogen acid salt of a basic ester (of which the N,N-dimethylaminoethyl(meth)-acrylate of Probst is an example) with epichlorohydrin must be conducted under acid conditions to "prevent undesirable side reactions", lines 54-55, i.e. cross-linking. Further, at col. 6, lines 38-47, the 3,702,799 reference teaches that "At pH values of 6 or less, the propensity for gelation attributable to the glycidyl group of IVA is inhibited (or possibly completely lacking because of absence or almost complete absence of IVA groups) whereas raising the pH to neutral or alkaline conditions results in rapid curing the

HERC0076039

copolymer even at room temperature to an insoluble condition, the higher the pH and concentration of the polymer the more rapid the curing".

Thus, it is clear that Probst does not envision the production of a cross-linked microbead especially in view of the fact that in Table I his emulsifiers A and B are made with epichlorohydrin whereas emulsifiers C and D are made with ethylchloroacetate and allyl chloride,, respectively, both of which are not capable of effecting cross-linking. Therefore, since emulsifiers A,B,C and D of Probst all perform similarly, it is apparent that emulsifiers A and B are not cross-linked with the epichlorohydrin because emulsifiers C and C cannot be. If some of Probst's emulsifiers were cross-linked and others not, they would not function alike.

Furthermore, as was pointed out at said interview, in Probst it is the emulsifier which is reacted with the epichlorohydrin and not the acrylic polymer which is colloidally suspended in solution and stabilized by the emulsifier. Probst states that it is the acrylic polymer which has the 15-200 nanometer particle size at col. 5, line 2, and not the emulsifier. Therefore, it is even more evident that Probst does not prepare a cross-linked, ionic polymer bead because if anything in Probst cross-linked it would be the emulsifier and it is not in the form of a particle i.e. it forms a solution.

The Johnson reference does not overcome the deficiencies of Probst pointed out above. Johnson does not teach the formation of microbeads but merely extol the virtues of adding starch, anionic acrylamide and alum to a retention aid. To add these additives to Probst will still not result in the instant process because no ionic, cross-linked, organic polymer microbeads will exist therein.

- 5 -

HERC0076040



Sinclair also fails to obviate the Probst deficiencies in that this reference merely teaches the use of starch and acrylamide polymer of opposite charges and fails to show the use of an ionic, cross-linked microbeads of an unswollen particle size of less than about 750nm. Again, modifying Probst as taught by Sinclair will not result in Applicants' process.

For these reasons, reconsideration and withdrawal of these grounds of rejection are earnestly requested.

Applicants have further modified Claim 1 so as to indicate that the particle size limitation refers to the unswollen particle, as specified on page 5, line 33 of the instant disclosure. This amendment is for purposes of clarification, does not require a new search, does not present a new issue and does not constitute new matter. Entrance thereof is respectfully urged.

In view of the above Remarks and the arguments presented at the above-acknowledged interview, this application is believed to be in condition for allowance and such action is earnestly requested at an early date.

This Amendment is being faxed to the Examiner at (703) 308-3718 in order to facilitate early consideration thereof. If the Examiner has any questions or desires to further limit the claims, he is requested to contact Applicants' Attorney at the number listed below at any time.

Respectfully submitted,

Frank M. Van Riet
Attorney for Applicants
Registration# 19933

1937 West Main Street
P.O. Box 60
Stamford, CT  06904-0060
(203) 321-2614

A-B-310431:cc

- 6 -

HERC0076041

03/17/92   12:05   ☎703 308 3718        PTO FAX CENTER 1                    ☒001

ACTIVITY REPORT

RECEPTION OK

TN #              4825
CONNECTION TEL   2033212971
CONNECTION ID        G3
START TIME       03/17 11:57
USAGE TIME       07' 56
PAGES                9

HERC0076042

**12**

HERC0076043



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 540667 07/540,667 | 06/18/90 | HONIG | 31-043-01 |

| EXAMINER |
|---|
| FRIEDMAN.C |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 12 |

FRANK M. VAN RIET
C/O AMERICAN CYANAMID COMPANY
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

DATE MAILED:
03/23/92

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Mr. Van Riet

(2) Mr. Friedman

(3) _____

(4) _____

Date of interview _____

Type:  ☑ Telephonic  ☐ Personal (copy is given to  ☐ applicant  ☐ applicant's representative).

Exhibit shown or demonstration conducted:  ☐ Yes  ☑ No.   If yes, brief description: _____

Agreement  ☑ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed: 1 15-25, and 41

Identification of prior art discussed: None

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Agreed to cancel non-elected claims 15-25 and 41 and correct a typographical error in claim 1.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☑ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_Charles N. Friedman_
Examiner's Signature

PTOL-413 (REV 1-84)

HERC0076044

**13**

HERC0076045



UNITED STAT~ ~PARTMENT OF COMMERCE
Patent and Tra    ~rk Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

07/540,667    06/18/90    HONIG

D    EXAMINER 043-01

FRANK M. VAN RIET
C/O AMERICAN CYANAMID COMPANY
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

AR IEDMAN, C PAPER NUMBER

*13/E* *e122*

DATE MAILED:
1303

03/23/92

## NOTICE OF ALLOWABILITY

PART I.
1. ☑ This communication is responsive to *3-17-92 ( Amdt D)*
2. ☑ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☑ The allowed claims are *1-12, 14  26-37 39-40, and 42*
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received [_] been filed in parent application Serial No. _____ filed on _____
6. ☑ Note the attached Examiner's Amendment.
7. ☑ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☑ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☑ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

PART II.
A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____ . CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
☑ Examiner's Amendment
☑ Examiner Interview Summary Record, PTOL-413
☑ Reasons for Allowance
☑ Notice of References Cited, PTO-892
_ Information Disclosure Citation, PTO-1449

_ Notice of Informal Application, PTO-152
_ Notice re Patent Drawings, PTO-948
_ Listing of Bonded Draftsmen
_ Other

PTOL-37 (REV. 2-93)                                        USCOMM-DC 85-3744

HERC0076046

Serial No. 07/540667                    -2-
Art Unit   133

An Examiner's Amendment to the record appears below. Should
the changes and/or additions be unacceptable to applicant, an
amendment may be filed as provided by 37 C.F.R. § 1.312. To
ensure consideration of such an amendment, it MUST be submitted
no later than the payment of the Issue Fee.

Authorization for this Examiner's Amendment was given in a
telephone interview with Mr. Van Riet on March 20, 1992.

In claim 1, line 3, change ".005" to --.05--.

Cancel claims 15-25 and 41.

The following is an Examiner's Statement of Reasons for
Allowance:

Neff et al teach a cationic, cross-linked particle of less
than .5 microns unswollen particle diameter size. Neff teaches
that this particle can be added to cellulosic paper pulp
suspensions (column 1, line 19). The instant invention is
patentable over Neff because Neff provides no indication of how
much of the microbead to add to the paper or in what part of the
papermaking process it should be added.

Any comments considered necessary by applicant must be
submitted no later than the payment of the Issue Fee and, to
avoid processing delays, should preferably accompany the Issue
Fee. Such submissions should be clearly labeled "Comments on
Statement of Reasons for Allowance."

Any inquiry concerning this communication should be directed

HERC0076047

Serial No. 07/540667                    -3-

Art Unit   133


to Charles Friedman at telephone number (703) 308-2052.


W. GARY JONES
PRIMARY EXAMINER
ART UNIT 1303
3/22/92


Charles Friedman
March 20, 1992

HERC0076048

TO SEPARATE. HO.D TOP AND BOTTOM EDGES, SNAP-APART        -AN CARBON

| FORM PTO-892<br>(REV 3-78) | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>540667 | GROUP ART UNIT<br>1303 | ATTACHMENT<br>TO<br>PAPER<br>NUMBER | 13 |
|---|---|---|---|---|---|
| **NOTICE OF REFERENCES CITED** | | APPLICANT(S)<br>Honig et al | | | |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| X | A | 4 9 6 8 4 3 5 | 11/90 | Neff et al. | 210 | 732 | |
| X | B | 3 7 0 2 7 9 9 | 11/72 | Lewis et al. | 162 | 1684 | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS DWG. | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER<br>Charles K Friedman | DATE<br>3-20-92 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

HERC0076049



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address:  Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

FRANK M. VAN RIET
C/O AMERICAN CYANAMID COMPANY
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

☐ Have appeared communications with the Examiner
☐ This notice is issued in view of applicant's communication filed

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/540,667 | 06/18/90 | 028 | FRIEDMAN, C | 1303 | 03/23/92 |

First Named
Applicant    HONIG,                          DAN  S.

TITLE OF
INVENTION  CHARGED ORGANIC POLYMER MICROBEADS IN PAPER MAKING PROCESS

| | ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|---|
| 1 | 31-043-01 | 162-164.100 | B30 | UTILITY | NO | $1130.00 | 06/23/92 |

*THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.*
*PROSECUTION ON THE MERITS IS CLOSED.*

*THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS*
*APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.*

*HOW TO RESPOND TO THIS NOTICE:*

I  Review the SMALL ENTITY Status shown above.

If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:

A  If the Status is changed, pay twice the amount of the
FEE DUE shown above and notify the Patent and
Trademark Office of the change in status, or
B  If the Status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:
A  Pay FEE DUE shown above, or
B  File verified statement of Small Entity Status before. or with,
payment of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned
If you are charging the ISSUE FEE to your deposit account. Part C of this notice should also be completed and returned

III. All communications regarding this application must give series code (or filing date). serial number and batch number
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary

*IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of*
*maintenance fees.*

**PATENT AND TRADEMARK OFFICE COPY**

HERC0076050

**14**

HERC0076051

INFORMATION DISCLOSURE(PendingApp)          Docket No. ____31,043-01____
[REV.4MAR92]                                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:
Serial No.:07/540,667                       Group No. 1303
Filed: March 23, 1992                       Examiner:   Friedman
For:  CHARGED ORGANIC POLYMER MICROBEADS
      IN PAPER MAKING PROCESS
Commissioner of Patents and Trademarks
Washington, D.C. 20231

## INFORMATION DISCLOSURE STATEMENT

1.   Preliminary Statements
     In accordance with 37 CFR 1.97 and 1.98, Applicants submit
     herewith patents, publications, or other information of
     which they are aware, which they believe may be material to
     the examination of this application and in respect of which
     there may be a duty to disclose in accordance with 37 CFR
     1.56.
     This Information Disclosure Statement is not to be construed
     as a representation that:  (i) a search has been made; (ii)
     the information is material to the examination of this
     application; (iii) additional information material to the
     examination of this application does not exist; (iv) the
     information, protocols, results and the like reported by
     third parties are accurate or enabling; or (v) the
     information constitutes prior art to the subject invention.

---------------------------------------------------------------

### CERTIFICATE OF MAILING [37 CFR 1.8(a)]

I hereby certify that this paper (along with any referred to as
being attached or enclosed) is being deposited with the United
States Postal Service on the date shown below with sufficient
postage as first class mail in an envelope addressed to
Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Date: _____        _____
                              (Signature of person mailing paper)

---------------------------------------------------------------

HERC0076052

- 2 -

INFORMATION DISCLOSURE (Pending App)
[REV.4MAR92]

2.  Identification of Time of Filing
    This Information Disclosure Statement
    a.    [    ] is filed within three months of the filing date
          of the application.
    b.    [    ] is filed before the mailing date of a first
          Office Action on the merits.
    c.    [ X ] is filed after the period specified in 2(a) or
          2(b) above, but before the mailing date of a
          final action under 37 CFR 1.113 or a Notice of
          Allowance under 37 CFR 1.311.  This statement
          includes a certification under 37 CFR 1.97(e) or
          the fee set forth in 37 CFR 1.17(p).
    d.    [    ] is filed after the mailing date of a final
          action or Notice of Allowance but before payment
          of the issue fee.  This statement includes (i) a
          certification under 37 CFR 1.97(e), (ii) a
          petition requesting consideration of this
          information disclosure statement, and (iii) the
          petition fee under 37 CFR 1.17(i)(1).


3.  [    ] Certification under 37 CFR 1.97(e)
        The undersigned attorney certifies
    a.    [    ] that each item of information contained in the
          Information Disclosure Statement was cited in a
          communication from a foreign patent office in a
          counterpart foreign application not more than
          three months prior to the filing of the state-
          ment, or
    b.    [    ] that no item of information contained in the
          Information Disclosure Statement was cited in a
          communication from a foreign patent office in a
          counterpart foreign application or, to the know-
          ledge of the person signing the certification
          after making reasonable inquiry, was known to
          any individual designated in 37 CFR 1.56(c) more

HERC0076053

- 3 -

INFORMATION DISCLOSURE (Pending App)
[REV.4MAR92]

       than three months prior to the filing of the
       statement.

4.   [ X ] Newly Cited Information
       A legible copy of the patents, publications or other
       information cited on the attached form PTO 1449 is
       enclosed, except that no copy of a pending U. S.
       application is enclosed.

5.   [   ] Previously Cited Information
       No copy of the patents, publications or other
       information cited on the attached form PTO-1440 is
       enclosed because it has been previously cited by or
       submitted to the Office in a prior application which
       is relied upon for an earlier filing date under
       35 USC 120.

       Prior application is Serial No. ___/_____,
       filed on _____ of _____
              (date)          (inventors)

       _____, _____,
       for _____
       _____.

6.   [   ] Concise Explanation
Documents cited above which are not in the English language
      a.   [   ]  have been explained in the
                specification.
      b.   [   ]  have an abstract (or other concise
                explanation) in English enclosed or if
                readily available a translation into
                English of the document is enclosed.

HERC0076054

- 4 -

INFORMATION DISCLOSURE (Pending App)
[REV.4MAR92]

7.    Form PTO-1449 is enclosed in duplicate.


8.    [    ] A petition requesting consideration of this informa-
tion disclosure statement is enclosed.


9.    [    ] Fees
      a.    [    ] late filing (37 CFR 1.17(p)) Fee:  $200.00
      b.    [    ] Petition (37 CFR 1.17(i)(1)) Fee:  $130.00


      Total Fee due $_____.

10.   Method of Payment of Fees:
      Charge Deposit Account No. 01-1300 in the amount
      of $_____.
      A duplicate of this statement is enclosed.


11.   Instructions as to Overpayment/Underpayment:
      Credit any overpayment and charge any underpayment to
      Deposit Account No. 01-1300.

                                    _____
                                    (Signature of Attorney)


Reg. No. 19933                      _Frank M. Van Riet_____
                                    (Type name of Attorney)

Tel. No. (203) 321-2614             American Cyanamid Company
                                    1937 West Main Street
                                    P.O. Box 60
                                    Stamford, CT 06904-0060

HERC0076055

| LIST OF PATENT AND PUBLICATIONS FOR APPLICANT'S INFORMATION DISCLOSURE STATEMENT (USE SEVERAL SHEETS IF NECESSARY) | Atty. Docket No. | Serial No. |
|---|---|---|
| | 31,043-01 | 07/540,667 |
| | Applicants | |
| | Dan S. Honig; Elieth S. Harris | |
| | Filing Date | Group |
| | March 23, 1992 | |

APR 1992

### U. S. PATENT DOCUMENTS

| Examiner Initial | | Doc. No. | Date | Name | Class | subclass | Filing Date |
|---|---|---|---|---|---|---|---|
| | AA | 4,388,150 | | | | | |
| | AB | 4,385,961 | | | | | |
| | AC | 4,643,801 | | | | | |
| | AD | 4,798,653 | | | | | |
| | AE | 4,750,974 | | | | | |
| | AF | 4,305,781 | | | | | |
| | AG | 4,753,710 | | | | | |
| | AH | 4,445,970 | | | | | |
| | AI | 4,056,501 | | | | | |
| | AJ | 4,178,205 | | | | | |
| | AK | 4,187,142 | | | | | |
| | AL | 4,189,345 | | | | | |
| | AM | 4,225,383 | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | Doc. No. | Date | Country | Class | Subclass | Translation Yes | No |
|---|---|---|---|---|---|---|---|---|
| | AN | 235596/63 | | Japan | | | | |
| | AO | 0273605 | | EPO | | | | |
| | AP | 0202780 | | EPO | | | | |
| | AQ | | | | | | | |
| | AR | | | | | | | |

### OTHER ART (Including author, title, date, pertinent pages, Etc)

| | | |
|---|---|---|
| AS | | |
| AT | | |
| AU | | |

| Examiner | Date Considered |
|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Form PTO-1449

HERC0076056

**15**

HERC0076057



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 07/540,667 | 06/18/90 | HONIG | D | 31-043-01 |

FRANK M. VAN RIET
C/O AMERICAN CYANAMID COMPANY
1937 WEST MAIN STREET
STAMFORD, CT 06904-0060

| EXAMINER |
|---|
| FRIEDMAN,C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1303 | 5 |

DATE MAILED:
05/13/92

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents.

The information disclosure statement filed April 27, 1992 has been entered and placed in the file. However, it has not been considered because the statement has been submitted after allowance and none of the requirements prerequisite to the consideration of such a statement (a certification as specified in 37 CFR 1.97(e), a petition requesting consideration of the information disclosure statement, and the petition fee set forth in 37 CFR 1.17(i)(1)) have been met.

Charles Friedman
May 12, 1992

MICHAEL G. WITYSHYN
PRIMARY EXAMINER
GROUP 130
5-12

HERC0076058

PART B - ISSUE FEE TRANSMITTAL

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advanced orders and notification of maintenance fees will be mailed to address entered in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. **See reverse for Certificate of Mailing.**

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| 6-10 <br><br> FRANK M. VAN RIET <br> C/O AMERICAN CYANAMID COMPANY <br> 1937 WEST MAIN STREET <br> STAMFORD, CT 06904-0060 | INVENTOR'S NAME _____ <br> Street Address _____ <br> City, State and ZIP Code _____ <br> CO-INVENTOR'S NAME _____ <br> Street Address _____ <br> City, State and ZIP Code _____ <br> ☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 07/540,667 | 06/18/90 | 028 | FRIEDMAN, C. — 1303 | 03/23/92 |

First Named Applicant  HONIG, — DAN B.

TITLE OF INVENTION  CHARGED ORGANIC POLYMER MICROBEADS IN PAPER MAKING PROCESS

| ATT'Y DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31-043-01 | 162-164.100 | B30 | UTILITY | NO | $1130.00 | 06/23/92 |

| 3. Further correspondence to be mailed to the following: <br> Frank M. Van Riet <br> American Cyanamid Company <br> 1937 West Main Street <br> P.O. Box 60 <br> Stamford, CT  06904-0060 | 4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed | 1  Frank M. Van Riet <br><br> 2 _____ <br><br> 3 _____ |
|---|---|---|

DO NOT USE THIS SPACE

SC13044  07/06/92  07540667  01-1300  130  142  1,130.00CH

| 5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type) <br> (1) NAME OF ASSIGNEE: <br> American Cyanamid Company <br> (2) ADDRESS: (City & State or Country) <br> Stamford, CT <br> (3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION <br> Maine <br><br> A. ☐ This application is NOT assigned. <br> ☒ Assignment previously submitted to the Patent and Trademark Office. <br> ☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS <br> **PLEASE NOTE:** Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment. | 6a. The following fees are enclosed: <br> ☐ Issue Fee  ☐ Advanced Order - # of Copies _____ <br> (Minimum of 10) <br> 6b. The following fees should be charged to: <br> DEPOSIT ACCOUNT NUMBER ___01-1300___ <br> (Enclose Part C) <br> ☒ Issue Fee  ☐ Advanced Order - # of Copies _____ <br> ☐ Any Deficiencies in Enclosed Fees  (Minimum of 10) <br><br> THE COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above. <br> (Signature of party in interest of record) *Frank M Van Riet*  (Date) 6-10-92 <br> NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. |
|---|---|

TRANSMIT THIS FORM WITH FEE-CERTIFICATE OF MAILING ON REVERSE

PTOL-85B (REV 12-89)(OMB Clearance is pending)

HERC0076059

## Certificate of Mailing

I hereby certify that this correspondence is being deposited with
the United States Postal Service with sufficient postage as first class
mail in an envelope addressed to:

Box ISSUE FEE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

on _____ *June 10, 1992*
(Date)

*ORNELLA CALABRESE*
(Name of person making deposit)

*Ornella Calabrese*
(Signature)

*6-10-92*
(Date)

Note: If this certificate of mailing is used, it can only be used to transmit the
Issue Fee. This certificate cannot be used for any other accompanying
papers. Each additional paper, such as an assignment or formal drawings,
must have its own certificate of mailing.

This form is estimated to take 20 minutes to complete. Time will vary
depending upon the needs of the individual applicant. Any comments on
the amount of time you require to complete this form should be sent to the
Office of Management and Organization, Patent and Trademark Office,
Washington, D.C. 20231 and to the Office of Information and Regulatory
Affairs, Office of Management and Budget, Washington, D.C. 20503.

HERC0076060

0 540667

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

PG11241  06/25/90  07540667          01-1300  110  101            634.00CH  31043-01

P 30531  08/07/90  07540667          01-1300  030  101        204.00CR

PTO-1556
(5/87)

HERC0076061



FORM PTO-875
REV. 86

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

**PATENT APPLICATION FEE DETERMINATION RECORD**

SERIAL NO. 54₀667
FILING DATE 6/18/90
APPLICANT (FIRST NAMED): Hanig, D. et al

### CLAIMS AS FILED - PART I

| FOR | NO. FILED | NO. EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN A SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $ 185 | OR | | $ 370 |
| TOTAL CLAIMS | 25 | -20= | 5 | x 6 | $ | OR | x 12 | 60 |
| INDEP. CLAIMS | 2 | -3= | 0 | x18 | $ | OR | x 36 | $ |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | | 60 | $ | OR | 120 | $ |
| | | | | TOTAL | $ | OR | TOTAL | 430 |

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | (1) CLAIMS REMAINING AFTER AMENDMENT | (2) HIGHEST NO. PREVIOUSLY PAID FOR | (3) PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE | OR | OTHER THAN A SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|
| TOTAL | 40 | MINUS | 25 | | x 6 | $ | OR | x 12 | 204 |
| INDEP. | 2 | MINUS | 2 | | x 18 | $ | OR | x 36 | $ |
| FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | 60 | $ | OR | 120 | $ |
| | | | | TOTAL ADDIT FEE | $ | OR | TOTAL | 204 |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|
| TOTAL | | MINUS | | | x 6 | $ | | x 12 | $ |
| INDEP. | | MINUS | | | x 18 | $ | | x 36 | $ |
| FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | 60 | $ | OR | 120 | $ |
| | | | | TOTAL ADDIT FEE | $ | OR | TOTAL | $ |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NO. PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDIT. FEE | OR | RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|
| TOTAL | | MINUS | | | x 6 | $ | | x 12 | $ |
| INDEP. | | MINUS | | | x 18 | $ | | x 18 | $ |
| FIRST PRESENTATION OF MULTIPLE DEP. CLAIM | | | | 60 | | OR | 60 | |
| | | | | TOTAL ADDIT. FEE | $ | OR | TOTAL | $ |

HERC0076062



HERC0076063

Staple Issue Slip Here



| POSITION | INIT. | DATE |
|---|---|---|
| CLASSIFIER | | |
| EXAMINER | | |
| VERIFIER | 1/K | 1-23-91 |
| TYPIST | | |
| CORPS CORR. | | |
| SPEC. HAND. | | |
| FILE MAINT. | | |

## INDEX OF CLAIMS

| Claim Final | Claim Original | Date 1/90 | 6/91 | 11/91 | 3/92 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | ✓ | ✓ | ✓ | = | | | | | |
| 3 | 2 | ✓ | | | | | | | | |
| 11 | 3 | ✓ | | | | | | | | |
| 5 | 4 | ✓ | | | | | | | | |
| 7 | 5 | ✓ | | | | | | | | |
| 7 | 6 | ✓ | | | | | | | | |
| 9 | 7 | ✓ | | | | | | | | |
| 13 | 8 | ✓ | | | | | | | | |
| 15 | 9 | ✓ | | | | | | | | |
| 21 | 10 | ✓ | | | | | | | | |
| 23 | 11 | ✓ | | | | | | | | |
| 25 | 12 | ✓ | ↓ | = | | | | | | |
| | 13 | ✓ | | | | | | | | |
| 17 | 14 | ✓ | ✓ | ✓ | = | | | | | |
| | 15 | N | N | N | | | | | | |
| | 16 | N | | | | | | | | |
| | 17 | N | | | | | | | | |
| | 18 | N | | | | | | | | |
| | 19 | N | | | | | | | | |
| | 20 | N | | | | | | | | |
| | 21 | N | | | | | | | | |
| | 22 | N | | | | | | | | |
| | 23 | N | | | | | | | | |
| | 24 | N | | | | | | | | |
| | 25 | N | | | | | | | | |
| 2 | 26 | ✓ | ✓ | = | | | | | | |
| 4 | 27 | ✓ | | | | | | | | |
| 12 | 28 | ✓ | | | | | | | | |
| 6 | 29 | ✓ | | | | | | | | |
| 10 | 30 | ✓ | | | | | | | | |
| 8 | 31 | ✓ | | | | | | | | |
| 22 | 32 | ✓ | | | | | | | | |
| 14 | 33 | ✓ | | | | | | | | |
| 16 | 34 | ✓ | | | | | | | | |
| 22 | 35 | ✓ | | | | | | | | |
| 24 | 36 | ✓ | | | | | | | | |
| 20 | 37 | ✓ | ↓ | | | | | | | |
| | 38 | ✓ | | | | | | | | |
| 18 | 39 | ✓ | ✓ | | | | | | | |
| 21 | 40 | ✓ | ✓ | ✓ | | | | | | |
| | 41 | N | N | | | | | | | |
| 20 | 42 | ✓ | ✓ | = | | | | | | |
| | 43 | | | | | | | | | |
| | 44 | | | | | | | | | |
| | 45 | | | | | | | | | |
| | 46 | | | | | | | | | |
| | 47 | | | | | | | | | |
| | 48 | | | | | | | | | |
| | 49 | | | | | | | | | |
| | 50 | | | | | | | | | |

| Claim Final | Claim Original | Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 51 | | | | | | | | | |
| | 52 | | | | | | | | | |
| | 53 | | | | | | | | | |
| | 54 | | | | | | | | | |
| | 55 | | | | | | | | | |
| | 56 | | | | | | | | | |
| | 57 | | | | | | | | | |
| | 58 | | | | | | | | | |
| | 59 | | | | | | | | | |
| | 60 | | | | | | | | | |
| | 61 | | | | | | | | | |
| | 62 | | | | | | | | | |
| | 63 | | | | | | | | | |
| | 64 | | | | | | | | | |
| | 65 | | | | | | | | | |
| | 66 | | | | | | | | | |
| | 67 | | | | | | | | | |
| | 68 | | | | | | | | | |
| | 69 | | | | | | | | | |
| | 70 | | | | | | | | | |
| | 71 | | | | | | | | | |
| | 72 | | | | | | | | | |
| | 73 | | | | | | | | | |
| | 74 | | | | | | | | | |
| | 75 | | | | | | | | | |
| | 76 | | | | | | | | | |
| | 77 | | | | | | | | | |
| | 78 | | | | | | | | | |
| | 79 | | | | | | | | | |
| | 80 | | | | | | | | | |
| | 81 | | | | | | | | | |
| | 82 | | | | | | | | | |
| | 83 | | | | | | | | | |
| | 84 | | | | | | | | | |
| | 85 | | | | | | | | | |
| | 86 | | | | | | | | | |
| | 87 | | | | | | | | | |
| | 88 | | | | | | | | | |
| | 89 | | | | | | | | | |
| | 90 | | | | | | | | | |
| | 91 | | | | | | | | | |
| | 92 | | | | | | | | | |
| | 93 | | | | | | | | | |
| | 94 | | | | | | | | | |
| | 95 | | | | | | | | | |
| | 96 | | | | | | | | | |
| | 97 | | | | | | | | | |
| | 98 | | | | | | | | | |
| | 99 | | | | | | | | | |
| | 100 | | | | | | | | | |

SYMBOLS
- (Through numeral)
N
I
A
O

HERC0076064

## SEARCHED

| Class | Sub | Date | Exmr |
|---|---|---|---|
| 162 | 164.1 | 10/90 | ENJ |
| | 164.6 | | |
| | 168.1 | | |
| | 168.2 | | |
| | 168.3 | | |
| | 175 | | |
| | 181.2 | | |
| 210 | 734 | | |
| 210 | 735 | | |
| 524 | 52 | | |
| 524 | 555 | | |
| above updated | | 4/91 | ENJ |
| above updated | | 10/91 3/92 | ENJ |

## SEARCH NOTES

| | Date | Exmr |
|---|---|---|
| Pete Chen, primary, AU 133, classes 162 & 210 | 10/90 | ENJ |
| Paul Thibodeau, primary, AU 154, class 428 | | |
| J. Schofer, SPE, AU 155, classes 523 & 524 | | |
| Pete Chen on to allowance | 4/91 3/92 10/91 | ENJ |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|---|---|---|---|
| 162 | 164.1 | 3/92 | ENJ |
| | 164.6 | | |
| | 168.1 | | |
| | 168.2 | | |
| | 168.3 | | |
| | 175 | | |
| | 181.2 | | |

HERC0076065