IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | )<br>)<br>) C.A. No. 04-293 (KAJ)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) **REDACTED - PUBLIC VERSION**<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | |
| Defendants. | |

**CIBA'S ANSWERING BRIEF IN OPPOSITION TO HERCULES'
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>LIMITING DAMAGES UNDER 35 U.S.C. § 287(a)</u>**

            Frederick L. Cottrell, III (#2555)
            Cottrell@rlf.com
            Jeffrey L. Moyer (# 3309)
            Moyer@rlf.com
            Chad M. Shandler (#3796)
            Shandler@rlf.com
            Richards, Layton & Finger, P.A.
            P.O. Box 551
            One Rodney Square
            Wilmington, Delaware 19899-0551
            (302) 651-7827
            Attorneys for Plaintiff
            Ciba Specialty Chemicals Corporation

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: February 3, 2006

RLF1-2974941-1

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ................................................................................................................ 1

II. NATURE AND STAGE OF PROCEEDINGS .................................................................. 1

III. SUMMARY OF THE ARGUMENT ................................................................................ 2

IV. STATEMENT OF FACTS ................................................................................................ 4

V. ARGUMENT ...................................................................................................................... 6

    A. The Notice Requirement Does Not Apply To The '766 Patent ................................... 6

    B. Hercules Was Put On Actual Notice Of The Infringement ........................................ 9

VI. CONCLUSION ................................................................................................................ 11



RLF1-2974941-1

# TABLE OF AUTHORITIES

**Cases**

*American Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) ........ 6, 7

*Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178
  (Fed. Cir. 1994) .................................................................................................................... 8

*Bandag, Inc. v. Gerrard Tire Co., Inc.*, 704 F.2d 1578 (Fed. Cir. 1983) ................................. 6, 8

*Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) ..................................................... 6, 9, 10

*Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983) ................................... 7

*Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339 (Fed. Cir. 2000) .................................................. 6

*Maxwell v. K Mart Corp.*, 880 F.Supp. 1323 (D. Minn. 1995) ................................................ 11

*Mosel Vitelic Corp. v. Micron Tech., Inc.*, 2000 WL 1728351, at *2
  (D. Del. 2000) ..................................................................................................................... 8

*Novo Nordisk A/S v. Becton Dickinson & Co.*, 96 F.Supp.2d 309
  (S.D.N.Y. 2000) ................................................................................................................. 11

*Philips Electronics N.A. Corp. v. Contec Corp.*, 312 F.Supp.2d 649
  (D. Del. 2004) ..................................................................................................................... 8

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) ................. 9

*State Contracting & Eng'g. Corp. v. Condotte America, Inc.*, 346 F.3d 1057
  (Fed. Cir. 2003) ............................................................................................................... 7, 9

*Wokas v. Dresser Indus., Inc.*, 978 F.Supp 839 (N.D.Ind. 1997) .................................. 9, 10, 11

**Statutes**

35 U.S.C. § 287(a) ....................................................................................................................... 6

Fed. R. Civ. P. 56 (c) ................................................................................................................... 6

## I. INTRODUCTION

Hercules, Inc. ("Hercules") has filed three separate motions for summary judgment. Ciba Specialty Chemicals Corporation ("Ciba") submits this brief in opposition to the motion for partial summary judgment limiting damages under 35 U.S.C. § 287(a). This opposition is being submitted concurrently with Ciba's oppositions to the other motions and with Ciba's brief relating to claim construction, which are incorporated by reference.

## II. NATURE AND STAGE OF PROCEEDINGS

This is a patent infringement case involving U.S. Patents 5,167,766 (the '766 patent) and 5,171,808 (the '808 patent), which were originally issued to Defendant Cytec Industries, Inc. ("Cytec," at that time, American Cyanamid). The patents generally relate to a commercial product and method referred to as the Polyflex® system which was jointly commercialized by the Defendants through the 1990s and into the new millennium. Ciba purchased the Polyflex® business in bidding against Hercules in about 2000.



The original complaint in this case was filed on May 7, 2004, and was answered by Defendants on November 17, 2004. The Court's scheduling order provided for the parties to submit briefs on claim construction and motions for summary judgment concurrently. (Beall I,

Exh. 1,[1] ¶ 12.) Hercules filed three separate motions for summary judgment, with over 70 pages of briefing. The Court set March 17, 2006, for hearings on the motions and on claim construction. (*Id.*, ¶ 13.)

### III.   SUMMARY OF THE ARGUMENT

Hercules' motion argues that Ciba's damages claim should be limited to the time period beginning with the filing of Ciba's Complaint because Ciba allegedly failed to comply with the notice requirements of 35 U.S.C. § 287(a) prior to that date. Section 287(a) applies to situations where a "patented article" has been produced by a patent owner. In such situations, § 287(a) provides that the amount of damages the patent owner can recover for infringement of its patent may be limited to a period beginning when the alleged infringer was notified of the infringement, either through marking of the patented article with the patent number or providing actual notice of the infringement.

Hercules' argument is flawed in several respects. Most fundamentally, Hercules misapplies § 287(a) to the '766 process patent. The '766 and '808 patents are separate patents covering distinctly claimed inventions, which must be considered separately with regards to the marking requirement of 35 U.S.C. § 287(a). The marking requirement of § 287 does not ordinarily apply to patents directed to methods or processes because there is no "patented article" to mark. Section 287 by its very terms is limited to "patented articles."

---

[1] Hereinafter, "Beall I, Exh. __" refers to the exhibits attached to the Declaration of L. Scott Beall in Support of Ciba's Motion for Partial Summary Judgment that the Accused Perform® System Infringes U.S. Patent Nos. 5,167,766 and 5,171,808, filed 12/30/2005, D.I. 279-281; "Def. Opening Brief, Exh. __" refers to the exhibits attached to Defendant Hercules' Opening Brief in Support of Motion for Partial Summary Judgment Limiting Damages Under 35 U.S.C. § 287(a), filed 12/30/2005, D.I. 285; "Ciba's Opp. Brief on Privity, Exh. __" refers to the exhibits attached to the Declaration of Douglas A. Robinson In Support of Ciba's Opposition to Hercules' Motion for Partial Summary Judgment Holding That Hercules Is Not Precluded From Asserting Invalidity and Unenforceability of the Patents In Suit Because of Alleged Privity Between Cytec and Hercules, filed 1/27/2006; and "Exh. __" refers to the Exhibits attached to the Declaration of L. Scott Beall dated 1/27/2006, filed herewith.

It cannot be disputed that Ciba does not currently sell, and in fact has never sold, any tangible item covered by any of the claims of the '766 patent. (Exh. 1.) The asserted independent claim of the '766 patent reads:

> A method of making paper which comprises adding to an aqueous paper furnish from about 0.05 to about 20 lbs/ton, based on the dry weight of paper furnish solids, of an ionic, organic, cross-linked, polymeric microbead ...

(Beall I, Exh. 9, '766 patent, Col. 29, lines 39-46.) Some of the unasserted dependent claims are directed toward "[p]aper produced by the method." Ciba makes and sells specialty chemicals, not paper. (Exh. 1.) With respect to the '766 patent, Ciba does not sell the "patented article" that would trigger the provisions of § 287(a). Accordingly, damages for infringement of the '766 patent should not be limited based on any alleged lack of Ciba marking paper that it does not produce in the first place. Since the '766 method patent issued before the '808 article patent, the applicability of the marking requirement to the '808 patent is irrelevant if Hercules is found to infringe both patents.



This is more than enough to put Hercules on actual notice under § 287(a). Whether there has been actual notice is a question of fact and, at

- 3 -

a minimum, Ciba's letter and the subsequent communications are sufficient to raise a genuine issue of fact that requires denial of Hercules' motion for summary judgment.[2]

## IV. STATEMENT OF FACTS

The patents in suit cover distinctly claimed inventions. Specifically, the '766 patent relates to a method for making paper that involves adding an organic polymeric microbead having certain characteristics to an aqueous suspension of papermaking fibers. The only independent claim in the '766 patent is directed to a "method of making paper..." The '808 patent relates to a novel organic polymer microbead having certain characteristics that functions surprisingly effectively as a drainage and retention aid. The '766 patent issued on December 1, 1992 and the '808 patent issued on December 15, 1992. (See Beall I, Exhs. 9 and 10.)

Hercules and Cytec have known about the patents-in-suit since long before the present action was filed. In fact, the patents in suit originated from two separate patent applications that were filed in 1990 by Cytec, then American Cyanamid. (See Beall I, Exhs. 9 and 10.) The patents in suit cover the so-called Polyflex® system which permits paper mills to make paper better and faster. Defendants have long known that the patents in suit cover the Polyflex® system. (



REDACTED

In 2002, Ciba learned that Hercules and Cytec were jointly commercializing an infringing system called Perform®.

REDACTED

REDACTED



This suit followed.

## V. ARGUMENT

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). A court can grant summary judgment only "if, when the facts are viewed in the light most favorable to the non-moving party and all doubts are resolved in favor of the non-movant, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1345-46 (Fed. Cir. 2000).

### A. The Notice Requirement Does Not Apply To The '766 Patent

Section 287(a) provides in part that:

> Patentees, and persons making, offering for sale, or selling within the United States any *patented article*...may give notice to the public that the same is patented either *by fixing thereon* the word "patent" or the abbreviation "pat.", together with the number of the patent.... In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except of proof that the infringer was notified of the infringement....

35 U.S.C. § 287(a) (emphasis added). The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice. *Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001).

The Federal Circuit has explained that "ordinarily, where the patent claims are directed to only a method or process there is nothing to mark." *See American Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). Where the patentee sells components that are used in the process, there is no requirement to mark those products. *Bandag, Inc. v. Gerrard Tire Co., Inc.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983) (the process was for making a retreaded tire,

- 6 -

the patentee sold tread and cushion gum used in the process); *see also Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1076, 1083 (Fed. Cir. 1983) (stating that it is irrelevant that the patent also includes article claims if only process claims are infringed).

Hercules relies heavily on the Federal Circuit's opinion in *American Medical* in arguing that the marking requirement of § 287(a) applies to the '766 patent. However, *American Medical* is clearly distinguishable. The patent in *American Medical* included method and apparatus claims both of which were asserted to be infringed. *American Medical*, 6 F.3d at 1538-39. Significantly, the patent owner sold a product produced by the claimed method and covered by the apparatus claims of the patent. *Id.* As noted above, Ciba does not sell any paper produced by the method of the '766 patent and such claims are not asserted.

In cases where more than one patent is asserted, each asserted patent is considered independently for compliance with the notice requirement. *See State Contracting & Eng'g. Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1074 (Fed. Cir. 2003). The notice requirement does not apply to a method patent simply because a patent with article claims is also being asserted. *Id.* In *State Contracting*, the Federal Circuit stated in connection with a suit involving a method patent and an apparatus patent:

> [D]amages could begin accruing as of the issuance date of the [method] patent, regardless of when there was notice of either a pending or issued patent.... [W]e need not address the notice issue as to the later-issued [apparatus] patent.

*Id.* at 1073-74.

The '766 and '808 patents are separate and must be considered independently relative to the notice requirement of § 287(a). The only independent claim in the '766 patent is directed to a method of making paper. The '766 patent also includes several dependent claims directed toward a paper product produced by the claimed method, but they are not asserted. Ciba does

- 7 -

not make or sell any paper, let alone any paper made using the patented method. (Exh. 1.) Thus, there is no patented article which is required to be marked under § 287(a). The statute is very specific, only requiring notice "by fixing thereon" to the "patented article."

The other cases cited by Hercules are inapplicable. In the *Mosel* case, the patent owner and its licensees had sold products covered by the apparatus claims of the patent. *Mosel Vitelic Corp. v. Micron Tech., Inc.*, 2000 WL 1728351, at *2 (D. Del. 2000) (Def. Opening Brief, Exh. 14.) In the *Philips* case, the patent included method and apparatus claims directed toward universal remote controls and the patent owner sold universal remote controls. *Philips Electronics N.A. Corp. v. Contec Corp.*, 312 F.Supp.2d 649, 651 (D. Del. 2004). The *Amsted* case involved a patent with only apparatus claims, not method claims. *Amsted Industries Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 180 (Fed. Cir. 1994). In *Amsted*, the patentee supplied the central part of the patented apparatus which was assembled by its customers using drawings from the patentee. *Id.* at 185.

Each of the cases cited by Hercules involved the patent owner selling an unmarked product directly covered by one of the claims in the asserted patent. None of these cases involved a patentee selling a component used in a process to make a product. *Compare Bandag, Inc. v. Gerrard Tire Co., Inc.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983) (no requirement to mark ingredients of a process). Ciba sells chemicals that can be used to practice the method claimed in the '766 patent. Unlike the patents in the cases cited by Hercules, the product claims in the '766 patent do not cover the chemicals employed in the method. The product claims in the '766 patent are directed to the paper made by the claimed method. Ciba does not sell any product that can be considered to be covered by the '766 patent, i.e. a "patented article." Since there was no

requirement to provide Hercules with actual or constructive notice of the '766 patent under the statute, Hercules is responsible for the full scope of the damages it inflicted upon Ciba.[3]

### B. Hercules Was Put On Actual Notice Of The Infringement At Least As Early As October 24, 2002

While Hercules had long known of the patents in suit before it introduced the Perform product, REDACTED

Actual notice is an alternative to complying with the requirements as to marking. If no marking is required, actual notice becomes moot. *See Wokas v. Dresser Industries, Inc.*, 978 F.Supp. 839, 848 (N.D. Ind. 1997) (finding no duty to mark or give notification "makes actual notice moot").

Actual notice under § 287(a) may be given by a communication from the patentee that provides sufficient specificity regarding its belief that the recipient may be an infringer. *Gart*, 254 F.3d at 1345-46; *see also SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) (distinguishing the criteria for actual notice from the criteria for filing a declaratory judgment action, which requires a threat of suit). The patentee does not need to make an unqualified charge of infringement in order to put the accused infringer on actual notice. *Gart*, 254 F.3d at 1346.


REDACTED

---

[3] Ciba does not assert that there has been constructive notice to Hercules of the '808 patent under § 287(a). However, constructive notice as to the '808 patent is irrelevant if Hercules is found to infringe both the '766 and '808 patents because Ciba would be able to collect damages from the date Hercules introduced the Perform® product under the '766 patent. *See State Contracting*, 346 F.3d at 1073-74.

- 9 -

Ciba's letter did not provide mere notice of the patents' existence and ownership as in the letter of the *Amsted* case cited by Hercules. Nor was Ciba's letter merely an invitation to Hercules to study the patents.



Throughout the communications, the allegation of infringement was apparent. *See Wokas,* 978 F.Supp. at 845 (N.D. Ind. 1997) ("If Dresser representatives could conclude that the letter charged infringement, certainly a factfinder could conclude the sa[m]e").

REDACTED

Compliance with the actual notice requirement is a question of fact. *Gart,* 254 F.3d at 1339. The issue is properly decided upon summary judgment only when no reasonable jury could find that the patent owner has not provided actual notice to the accused infringer by informing them of his patent and their infringement. *Id.* A number of courts have denied motions for summary judgment on the basis there was a genuine issue of fact whether a letter

-10-

from a patent owner put the accused infringer on actual notice. *See, e.g., Novo Nordisk A/S v. Becton Dickinson & Co.*, 96 F.Supp.2d 309, 320 (S.D.N.Y. 2000); *Wokas v. Dresser Indus., Inc.*, 978 F.Supp 839, 845 (N.D. Ind. 1997); *Maxwell v. K Mart Corp.*, 880 F.Supp. 1323, 1339 (D.Minn. 1995). The substance of Ciba's letter in conjunction with the later actions of the parties is, at least, sufficient to raise a genuine issue of material fact on actual notice that would compel denial of the portion of Hercules' motion dealing with actual notice.

## VI.   CONCLUSION

For the foregoing reasons, this Court should deny Hercules motion for partial summary judgment limiting Ciba to an accounting period beginning when Ciba filed its Complaint.

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (# 3309)
Moyer@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: January 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006 I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on January 27, 2006, I have Federal Expressed the foregoing document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022



Jeffrey L. Moyer (#3309)

RLF1-2848132-1

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006 I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899-0951

I hereby certify that on February 3, 2006, I have Federal Expressed the foregoing document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY 10022

Steven J. Fineman (#4025)