# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS
CORPORATION,

               Plaintiff,

        v.

HERCULES, INC. and
CYTEC INDUSTRIES, INC.,

               Defendants.

)
)
) C.A. No. 04-293-KAJ
)
) **JURY TRIAL DEMANDED**
)
) **REDACTED - PUBLIC VERSION**
)
)
)
)
)

## CIBA'S ANSWERING BRIEF IN OPPOSITION TO HERCULES' MOTION FOR PARTIAL SUMMARY JUDGMENT HOLDING THAT HERCULES IS NOT PRECLUDED FROM ASSERTING INVALIDITY AND UNENFORCEABILITY OF THE PATENTS IN SUIT BECAUSE OF ALLEGED PRIVITY BETWEEN CYTEC AND HERCULES

OF COUNSEL:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: February 3, 2006

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (# 3309)
Moyer@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7500
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION ...................................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

SUMMARY OF THE ARGUMENT ........................................................................ 1

STATEMENT OF FACTS ........................................................................................ 4

ARGUMENT ............................................................................................................. 9

    A. ASSIGNOR ESTOPPEL BARS CYTEC FROM DENYING THE
       VALIDITY OR ENFORCEABILITY OF THE PATENTS-IN-SUIT ...................... 10

    B. ASSIGNOR ESTOPPEL AND PRIVITY BARS HERCULES FROM
       DENYING THE VALIDITY OR ENFORCEABILITY OF THE PATENTS-
       IN-SUIT ...................................................................................................... 11

        1. Hercules' Indemnification of Cytec Is Strong Evidence
          Demonstrating Privity ................................................................................ 12

        2. The Joint Development and Commercialization Of Perform® Is
          Strong Evidence Demonstrating Privity ...................................................... 14

        3. The Totality Of Circumstances Dictate That Estoppel Apply To
          Hercules ...................................................................................................... 15

CONCLUSION ........................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Acoustical Design, Inc. v. Control Elecs. Co., Inc.*, 932 F.2d 939 (Fed. Cir. 1991)..................... 16

*Acushnet Co. v. Dunlap Maxfli Sports Corp.*, 2000 U.S. Dist. LEXIS 10123 (D. Del. June 29, 2000) ............................................................................................................................................... 17, 18

*Am. Mach. Co. v. Everedy Mach. Co.*, 35 F.2d 526 (E.D.Pa. 1929)............................................. 12

*Automatic Draft & Stove Co. v. Auto Stove Works*, 34 F.Supp. 472 (W.D. Va. 1940) .......... 12, 13

*Barmag Barmer Maschinenfabrik AG v Murata Mach., Ltd,* 731 F.2d 831(Fed. Cir. 1984)......... 9

*Climax Lock & Ventilator Co. v. Ajax Hardware Mfg. Co.*, 192 F. 126 (W.D.N.Y. 1911) ......... 14

*Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189 (D. Del. 2004) .......................................... 9

*Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220 (Fed. Cir. 1988) ............................... 10, 11

*Earth Resources Corp. v. U.S.*, 44 Fed. Cl. 274, (Ct. Cl. 1999) .................................................... 13

*Everpure, Inc. v. Cuno, Inc.*, 705 F. Supp. 725  (D. Conn. 1988), *aff'd ,* 875 F.2d 300 (Fed. Cir. 1989) ............................................................................................................................................... 10

*Intel Corp. v. ITC,* 946 F.2d 821 (Fed. Cir. 1991) ....................................................... 11, 12, 14, 17

*Lemelson v. TRW, Inc.*, 760 F.2d 1254 (Fed. Cir. 1985) ............................................................... 10

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374 (Fed. Cir. 1998)10, 12, 15, 17

*Monsanto Co. v. Aventis Cropscience SA*, 226 F.Supp.2d 531 (D. Del. 2002) ...................... 12, 15

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161 (Fed. Cir. 2005)............................ 11

*Randa/Madison Joint Venture III v. Dahlberg*, 239 F.3d 1264 (Fed. Cir. 2001) ......................... 13

*Shamrock Techs., Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789 (Fed. Cir. 1990)............. 11, 14

*U.S. Appliance Corp. v. Beauty Shop Supply Co.*, 121 F.2d 149 (9th Cir. 1941)......................... 14

*Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810 (6th Cir. 1954)............................................. 12, 13

*Weyerhauser Timber Co. v. Bostitch, Inc.*, 178 F.Supp. 757 (D.R.I. 1959) ............................ 12, 13

**Statutes**

Fed. R. Civ. P. 56(c) ................................................................................................................ 10

RLF1-2974960-1

## I.    INTRODUCTION

Hercules, Inc. ("Hercules") has filed three separate motions for summary judgment. Cytec Industries, Inc. ("Cytec") has filed none. In the present motion, Hercules seeks a ruling from this Court that it can challenge the validity and enforceability of the patents in suit for the joint benefit of the Defendants[1] and with the assistance of Cytec. Ciba Specialty Chemicals Corporation ("Ciba") submits this brief in opposition to Hercules' motion, and concurrently with Ciba's other oppositions and its responsive brief on claim construction. Such other briefs are incorporated by reference.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

The original complaint in this case was filed on May 7, 2004, and was answered on November 17, 2004. The Court's scheduling order provided for the parties to submit briefs on claim construction and summary judgment concurrently. (Beall I, Exh. 1,[2] ¶ 12.) Hercules filed three separate motions for summary judgment totaling more than seventy pages. Cytec filed none. The Court has set March 17, 2006 as the date for hearings on summary judgment and claim construction. (Id., ¶ 13.)

## III.    SUMMARY OF THE ARGUMENT

Assignor estoppel prevents one who sells a patent from later denying its validity and enforceability. Assignor estoppel is not intended to be easily circumvented. Assignor estoppel

---

[1] "Defendants" refers to Hercules and Cytec, which are joint defendants in this case.

[2] Hereinafter, "Beall I, Exh. ____" refers to the Exhibits attached to the Declaration of L. Scott Beall in Support of Ciba's Motion for Partial Summary Judgment that the Accused Perform® System Infringes U.S. Patent Nos. 5,167, 766 and 5,171,808, filed 12/30/2005, D.I. 279–81; "Def. Opening Brief, Exh. ___" refers to the Exhibits attached to Defendant Hercules' Opening Brief In Support Of Motion For Partial Summary Judgment Holding That Hercules Is Not Precluded From Asserting Invalidity And Unenforceability Of The Patents In Suit Because Of Alleged Privity Between Cytec And Hercules, filed 12/30/2005, D.I. 283; and "Exh. ___" refers to the Exhibits attached to the Declaration of Douglas A. Robinson In Support Of Ciba's Opposition To Hercules' Motion For Partial Summary Judgment Holding That Hercules Is Not Precluded From Asserting Invalidity And Unenforceability Of The Patents In Suit Because Of Alleged Privity Between Cytec And Hercules dated 1/27/2006, filed herewith.

also applies to those in association, or "privity," with the assignor. The application of assignor estoppel to associated companies does not require piercing of the corporate veil or anything similar. It is a distinct concept grounded in fairness and preventing end-runs around the law involving using a closely associated company to do what was otherwise unfair and improper for the assignor to do.

Hercules' indemnification of Cytec is strong evidence demonstrating privity between these co-infringers, as is their joint development and commercialization of the accused Perform® system. Indeed, the totality of their relationship establishes privity.



Before the patents and the Polyflex® business were publicly offered for sale,

When

the Polyflex® system was sold to Ciba,



2



Once the Perform® product was ready for commercialization, Hercules and Cytec continued to work as one.

Now that they are accused of jointly infringing the very same patents that were sold to Ciba, the Defendants seek to deny the validity and enforceability of these patents. In the litigation, Hercules has taken the leading role.



The bottom line is that these companies are deeply intertwined as regards the subject matter of this suit. They wish to unfairly use all of the knowledge and information at their disposal to try to make these patents worthless. They should not be permitted to conduct an end-run around the law intended to prevent such unfairness.

RLF1-2974960-1

## IV.    STATEMENT OF FACTS

This is a patent infringement case involving U.S. Patents 5,167,766 ("the '766 patent") and 5,171,808 ("the '808 patent"). These patents were originally issued to Cytec, which was at the time operating as American Cyanamid. The patents generally relate to a commercial product and method referred to as the Polyflex® system. (Exh. 1 at 3.)



They were very dependent on one another to maintain this business.

In about 1999, prior to any public offering of the Polyflex® business,



Shortly after these discussions, Cytec publicly offered for sale its paper chemicals business, including the Polyflex® business and patents.



4

# REDACTED

# (Pages 5 - 8)



Throughout this litigation, Hercules has

asserted that the communications between it and Cytec regarding the validity of the patents in

suit are immune from discovery based on the commonality-of-interest privilege.[5]  (See, for

example, Exh. 37 at 10-11,

REDACTED

## V.    ARGUMENT

In patent cases as in others, Courts may grant motions for summary judgment in

accordance with the principles of Federal Rule of Civil Procedure 56.  *Barmag Barmer*

*Maschinenfabrik AG v Murata Mach., Ltd,* 731 F.2d 831, 835 (Fed. Cir. 1984).  Under Rule 56, a

court may grant summary judgment where the moving party has shown that "there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of

---

[4] Hercules resisted producing this agreement.  It was only provided after Ciba moved to compel.  (See D.I. 229, Proposed Consent Order regarding the production of the indemnification agreement, signed by the Court on October 6, 2005.)

[5] In Delaware, for a communication to be protected under the commonality-of-interest privilege, the common interests must be "identical, not similar, and be legal, not solely commercial."  *Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 189, 190 (D. Del. 2004).

9

law." Fed. R. Civ. P. 56(c). Thus, the summary judgment procedure is reserved for situations

were there are no material facts in issue. As one court explained:

> A court is not authorized to resolve factual questions on such a motion; rather, its
> task is to determine if any such factual questions exist. If such questions exist,
> and if they are material to the claims in issue, then the non-moving party has met
> its burden and summary judgment is improper.

*Everpure, Inc. v. Cuno, Inc.,* 705 F. Supp. 725, 728 (D. Conn. 1988), *aff'd ,* 875 F.2d 300 (Fed.

Cir. 1989). Courts have further recognized that:

> [A]s an additional precaution against denying a party its chance to prove a
> worthy case, any doubt as to the presence or absence of disputed issues of
> material fact must be resolved in favor of the presence of disputed issues, or in
> other words in favor of the party opposing summary judgment.

*Lemelson v. TRW, Inc.,* 760 F.2d 1254, 1261 (Fed. Cir. 1985). The consideration of

assignor estoppel and privity is particularly steeped in facts in that it is based on the

totality of the circumstances. *See, e.g., Mentor Graphics Corp. v. Quickturn Design Sys.,*

*Inc.,* 150 F.3d 1374, 1379 (Fed. Cir. 1998) (noting that the privity inquiry involves an

evaluation of all direct and indirect contacts between two entities).

### A.     Assignor Estoppel Bars Cytec From Denying The Validity Or Enforceability Of The Patents-In-Suit

"Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights

to a patent (or patent application) from later contending that what was assigned is a nullity."

*Diamond Scientific Co. v. Ambico, Inc.,* 848 F.2d 1220, 1224 (Fed. Cir. 1988). According to the

Federal Circuit, there are four commonly-mentioned justifications for the rule of assignor

estoppel: "(1) to prevent unfairness and injustice; (2) to prevent one [from] benefiting from his

own wrong; (3) by analogy to estoppel by deed in real estate; and (4) by analogy to a landlord-

tenant relationship." *Id.* (*quoting* Cooper, *Estoppel to Challenge Patent Validity: The Case of*

*Private Good Faith vs. Public Policy*, 18 CASE W. RES. 1122 (1967)). The Federal Circuit has

10

identified the first justification (i.e., "to prevent unfairness and injustice") as being of particular

importance, stating that "an assignor should not be permitted to sell something and later to assert

that what was sold is worthless, all to the detriment of the assignee." *Diamond Scientific*, 848 at

1224; *see also Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161, 1167 (Fed. Cir.

2005) ("Thus, assignor estoppel prevents an assignor from asserting that its own patent, for

which it may have received value upon assignment, is invalid and worthless."). Assignor

estoppel bars later assertions of either invalidity or unenforceability, or both. *Shamrock Techs.,*

*Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 793–94 (Fed. Cir. 1990).

In the present case, Cytec assigned the patents to Ciba. Thus, Cytec is indisputably

estopped from challenging the validity and enforceability.



This is

improper and in clear contravention of the law.

### B.    Assignor Estoppel And Privity Bars Hercules From Denying The Validity Or Enforceability Of The Patents-In-Suit

The purpose of estoppel is "to prevent unfairness and injustice" to those that purchase

patents. *Intel Corp. v. ITC,* 946 F.2d 821, 837 (Fed. Cir. 1991). Recognizing the fact that two

parties working together could circumvent this purpose, the Federal Circuit has held that parties

in privity with one another are also similarly estopped. *See Diamond Scientific*, 848 F.2d at 1224

("[assignor] estoppel also operates to bar other parties in privity with the assignor"); *see also*

*Shamrock Techs.*, 903 F.2d at 793 (extension of estoppel to those in privity with the assignor is

justified because such parties "partake" of the balance of the equities between the assignee and

the assignor).

11

Privity in the assignor estoppel context is not akin to alter ego or any other corporate separateness doctrines. *Intel Corp.,* 946 F.2d at 837. Companies can be completely separate and independent and be subject to estoppel. *See, e.g., Am. Mach. Co. v. Eveready Mach. Co.*, 35 F.2d 526, 528 (E.D.Pa. 1929) (distinguishing use of privity for estoppel from use of privity for imposition of personal liability).

"Privity, like the doctrine of assignor estoppel itself, is determined upon a balance of the equities." 903 F.2d at 793. Because of the equitable nature of this doctrine, "[a]ssessing a relationship for privity involves evaluation of all direct and indirect contacts" between two parties. *Mentor Graphics Corp. v. Quickturn Design. Sys., Inc.*, 150 F.3d 1374, 1379 (Fed. Cir. 1998); *see also Monsanto Co. v. Aventis Cropscience SA*, 226 F.Supp.2d 531, 540 (D. Del. 2002). Limiting the inquiry is error. *Intel Corp. v. ITC,* 946 F.2d 821, 838.

### 1. Hercules' Indemnification of Cytec Is Strong Evidence Demonstrating Privity

Indemnification among separate companies has been found to be very significant evidence of privity and certainly enough by itself to defeat a motion for summary judgment. *Intel Corp. v. ITC*, 946 F.2d 821, 839 (Fed. Cir. 1991). In some cases, indemnification has alone been sufficient to dictate a finding of privity and the application of estoppel. See *Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810 (6th Cir. 1954) and *Weyerhauser Timber Co. v. Bostitch, Inc.*, 178 F.Supp. 757, 760–61 (D.R.I. 1959), both cited approvingly in *Intel*, 946 F.2d at 839. The fact that one party "would take on such a liability demonstrates that he had considerable interest in [the other party's] contribution to the joint venture." *Id.*; *see also Automatic Draft & Stove Co. v. Auto Stove Works*, 34 F.Supp. 472, 477 (W.D. Va. 1940) (finding that an

indemnification agreement whereby the assignor and manufacturer split in half the litigation costs was indicative of privity).[6]

REDACTED

Cytec is comfortable with such an arrangement, and this fact alone speaks volumes.

REDACTED

The extent of the cooperation remains unknown, as Cytec and Hercules have shrouded their communications under a cloak of joint attorney/client privilege.  (See, for example, Exh. 37 at 10–11                .)  The Defendants have explained that their privilege is premised on their "common interest."  *Id.*  Their "common interest" is to render the patents Cytec sold to Ciba a nullity.



.  Indeed, in *Automatic Draft, supra,* privity was found where the parties had agreed to each bear half of the expenses of any resulting litigation.  34 F.Supp. at

---

[6] Hercules argues that the *Intel* precedent concerning indemnification should be disregarded, relying on *Earth Resources Corp. v. U.S.*, 44 Fed. Cl. 274, 286 (Ct. Cl. 1999).  The *Earth Resources* case is not considered binding precedent by the Federal Circuit.  *See Randa/Madison Joint Venture III v. Dahlberg*, 239 F.3d 1264, 1269 (Fed. Cir. 2001).  Importantly, the *Urbain* and *Weyerhauser* cases have been cited with approval by the Federal Circuit, while the *Earth Resources* case has not.  The *Earth Resources* case is factually distinguishable from the instant case as well, in that it involved the question of whether the U.S. government, not a private party, was in privity with a citizen company.

477. Hercules has now, and did have, considerable interest in Cytec's contribution to their continuing joint commercialization of the Perform® system. *Intel,* 946 F.2d at 839.

### 2. The Joint Development and Commercialization Of Perform® Is Strong Evidence Demonstrating Privity

Parties that join in developing the infringing system are equally estopped from denying the validity and enforceability of the patents. *U.S. Appliance Corp. v. Beauty Shop Supply Co.,* 121 F.2d 149, 151 (9th Cir. 1941) (estoppel "also extends to defendant Moseley, who cooperated with Keele in developing the [accused] device here under attack as an infringement"). Where a party avails itself of the assignor's "knowledge and assistance," estoppel will be extended. *Shamrock Techs. Inc.,* 903 F.2d at 794 (Fed. Cir. 1990) ("MSI clearly availed itself of Luniewski's 'knowledge and assistance' to conduct infringement"). Where two companies create a joint venture to manufacture and market the infringing product, both are estopped from denying validity and enforceability. *Climax Lock & Ventilator Co. v. Ajax Hardware Mfg. Co.,* 192 F. 126, 128-129 (W.D.N.Y. 1911), *cited approvingly in Intel Corp. v. ITC,* 946 F.2d 821, 839 (Fed. Cir. 1991).

The relationship between Hercules and Cytec in this technology area has been very close for many years.





Cytec witnesses have admitted that

these efforts amounted to joint research and development, as is confirmed by Dr. Gilbert.

The infringing system in this case is basically the result of a joint venture between the

Defendants.



In the market, they have operated essentially as one.



Hercules and Cytec have been in this together from the beginning, and they are acting as

one in this case. Such long history of joint efforts in this respect dictates in fairness that they are

jointly estopped from denying the validity and enforceability of the patents.

### 3.  The Totality Of Circumstances Dictate That Estoppel Apply To Hercules

While Ciba has identified certain factual similarities between the present case and prior

decisions, the law broadly requires that "[a]ssessing a relationship for privity involves evaluation

of all direct and indirect contacts" between two parties. *Mentor Graphics Corp. v. Quickturn*

*Design. Sys., Inc.*, 150 F.3d 1374, 1379 (Fed. Cir. 1998); *see also Monsanto Co. v. Aventis*

*Cropscience SA*, 226 F.Supp.2d 531, 540 (D. Del. 2002). Thus, there is no particular fact or

15

circumstance required for privity to apply. The fact finder is required to consider all of the contacts.

Here, there is a large amount of evidence showing the close association between Hercules and Cytec in addition to that noted above in the two preceding Argument sections. As explained in the factual section above, REDACTED

The fact finder, upon considering all of this evidence, will be required to decide if, in the balance of the equities, Hercules should be able to deny validity and enforceability for the joint benefit of the Defendants. Here, given the close relationship financially benefiting both Defendants, a finding of privity is compelled to prevent injustice.

Looking to the underpinnings of the law, assignor estoppel and privity were intended to prevent "unfairness and injustice" to Ciba. Permitting Hercules to attempt to nullify the patents in suit —something Cytec is prevented from doing—is "unfair and unjust." Such a ruling would eviscerate the policy underlying the law of assignor estoppel in the first instance. Where a company assigned a patent and was subject to assignor estoppel, it could simply rely on a joint infringer to make the invalidity and unenforceability positions on its behalf. There would be scarcely a time when assignor estoppel would have any meaning in such situations. The Federal Circuit rejected an end-run around the assignor estoppel doctrine analogous to the one being attempted here by Hercules in *Acoustical Design, Inc. v. Control Elecs. Co., Inc.*, where the Court held that a party who assigns a patent and takes a license in that patent cannot later, by claiming to be a licensee, avoid the doctrine of assignor estoppel. 932 F.2d 939, 943 (Fed. Cir. 1991). For the time being, however, the Court's only consideration is whether a finding of privity could be supported with all inferences taken in favor of Ciba.

16

 This is simply not the case. As

noted above, corporate separateness is assumed in the law relating to privity. The Federal

Circuit has already reversed one trial court for limiting its inquiry to the notions of "alter ego"

and "identity of interests." *Intel Corp. v. ITC*, 946 F.2d 821, 837–39 (Fed. Cir. 1991) (the test

applied by the trial court was "unduly restrictive for an equitable doctrine").

 Yet, the law is clear

that the totality of circumstances need to be considered. *See, e.g., Mentor Graphics Corp.*, 150

F.3d at 1379 (noting that "[a]ssessing a relationship for privity involves evaluation of all direct

and indirect contacts" between two entities). There has been a long and cooperative relationship

between the parties, as has been discussed herein. In any event,

and the parties' joint infringement of the patents in suit actually supports an

ultimate finding of privity.

In the cited *Acushnet* case, the court refused to grant summary judgment in favor of the

patentee; thus, the matter was reserved for trial. *Acushnet Co. v. Dunlap Maxfli Sports Corp.*,

2000 U.S. Dist. LEXIS 10123, *13 (D. Del. June 29, 2000) (Def. Opening Brief, Exh. 13).

Moreover, and importantly, the court in denying summary judgment stated that "the record as it

17

stands now reveals no real advantage that would accrue to [the assignor] from defendant's assertion of an invalidity defense." *Id.* The assignor, the inventor, was not a defendant in *Acushnet.* He was not a joint infringer, and he was not being indemnified. These fundamental facts are entirely different in the present case.

Here, the assignor, Cytec, stands to gain substantially. For example, if this Court permits the Defendants to assert invalidity and unenforceability, the proceedings will amount to a staged presentation where Hercules elicits testimony from its co-infringer for the purpose of putting down the patents. Relative to unenforceability, the notion would be that the Defendants should be permitted to infringe the patents because of the bad acts of the co-defendant, Cytec.

REDACTED

18

## VI.    CONCLUSION

For the reasons stated above, Ciba respectfully requests that the Court deny Hercules'

motion for summary judgment.

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (# 3309)
Moyer@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7500
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

OF COUNSEL:

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated:  January 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006 I hand delivered the foregoing document to the

following persons and electronically filed the foregoing document with the Clerk of Court using

CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE   19899-0951


I hereby certify that on January 27, 2006, I have Federal Expressed the foregoing

document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire                    Thomas L. Creel, Esquire
Joann M. Neth, Esquire                            Goodwin Proctor, LLP
A. Neal Seth, Esquire                             599 Lexington Avenue
Finnegan, Henderson, Farabow, Garrett &           New York, NY  10022
Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413


Jeffrey L. Moyer (#3309)

RLF1-2848132-1

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006 I hand delivered the foregoing document to the

following persons and electronically filed the foregoing document with the Clerk of Court using

CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE   19899-0951


I hereby certify that on February 3, 2006, I have Federal Expressed the foregoing

document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY  10022


Steven J. Fineman (#4025)

RLF1-2848132-1