# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS
CORPORATION,

          Plaintiff,

HERCULES, INC. and
CYTEC INDUSTRIES, INC.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 04-293 (KAJ)

**JURY TRIAL DEMANDED**

**REDACTED--**
**PUBLIC VERSION**

## DECLARATION OF DOUGLAS A. ROBINSON
## IN SUPPORT OF CIBA'S OPPOSITION TO HERCULES'
## MOTION FOR PARTIAL SUMMARY JUDGMENT HOLDING
## THAT HERCULES IS NOT PRECLUDED FROM ASSERTING
## INVALIDITY AND UNENFORCEABILITY OF THE PATENTS IN SUIT
## BECAUSE OF ALLEGED PRIVITY BETWEEN CYTEC AND HERCULES

### Volume II

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

Dated: February 3, 2006

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (# 3309)
Moyer@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7500
Attorneys for Plaintiff
Ciba Specialty Chemicals Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| | ) | C.A. No. 04-293 (KAJ) |
| Plaintiff, | ) ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) ) | |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | **REDACTED - PUBLIC VERSION** |
| Defendants. | ) ) | |

DECLARATION OF DOUGLAS A. ROBINSON
IN SUPPORT OF CIBA'S OPPOSITION TO HERCULES'
MOTION FOR PARTIAL SUMMARY JUDGMENT HOLDING
THAT HERCULES IS NOT PRECLUDED FROM ASSERTING
INVALIDITY AND UNENFORCEABILITY OF THE PATENTS IN SUIT
BECAUSE OF ALLEGED PRIVITY BETWEEN CYTEC AND HERCULES

I, Douglas A. Robinson, declare as follows:

1.     I am an attorney at law of the State of Illinois and a member of the firm of

Leydig, Voit & Mayer, LTD. I am fully competent to make this declaration in support of Ciba's

Opposition to Hercules' Motion for Partial Summary Judgment Holding That Hercules Is Not

Precluded From Asserting Invalidity And Unenforceability Of The Patents In Suit Because Of

Alleged Privity Between Cytec And Hercules. All statements made in this declaration are true

and correct.

2.     I represent Ciba Specialty Chemicals Corporation. As an attorney for Ciba, I am

personally familiar with the litigation, pleadings and discovery history, including document

production, in this action

3.     Attached hereto as Exhibit 1 is a true and correct copy of "Hercules'

Supplemental Responses to Plaintiff Ciba Specialty Chemicals Corporation's Interrogatory Nos. 4 and 14" dated August 24, 2005.

4.    Attached hereto as Exhibit 2 is a true and correct copy of a BetzDearborn Interoffice Memo having the subject "Cytec" and dated May 26, 1998, with attachments and various handwritten notes thereon, bearing Hercules production numbers HERC0070571-87 (collectively PDX 227).

5.    Attached hereto as Exhibit 3 is a true and correct copy of a document entitled "Global Polyflex Distributorship Agreement" bearing Hercules production numbers HERC0058390-403 (PDX 226).

6.    Attached hereto as Exhibit 4 is a true and correct copy of Hercules production documents bearing Hercules production numbers HERC0070726-49 (collectively PDX 229).

7.    Attached hereto as Exhibit 5 is a true and correct copy of a series of email messages as depicted on Hercules production documents bearing Hercules production numbers HERC0070680-81 (collectively PDX 230).

8.    Attached hereto as Exhibit 6 is a true and correct copy of a letter from Richard D. Royce to Frank Wiseman dated January 10, 2000 and having handwritten notes thereon, bearing Hercules production number HERC0070632 (PDX 231).

9.    Attached hereto as Exhibit 7 is a true and correct copy of a letter from Israel J. Floyd to Renard C. Strautman dated May 9, 2000 and bearing Hercules production number HERC0058313-16 (PDX 233).

10.    Attached hereto as Exhibit 8 is a true and correct copy of a document entitled "Asset Purchase Agreement" bearing Ciba production numbers CIBA 021109-83.

11.    Attached hereto as Exhibit 9 is a true and correct copy of a Hercules production

- 2 -

document entitled "PPD Acquisition Proposal Project Co-OP" dated August 4, 2000 and bearing Hercules production numbers HERC0061010-23 (PDX 63).

12.    Attached hereto as Exhibit 10 is a true and correct copy of a Hercules production document entitled "Project Co-Op" dated May 2, 2000 and bearing Hercules production numbers HERC0011052-73 (PDX 65).

13.    Attached hereto as Exhibit 11 is a true and correct copy of the transcript from the deposition of Daniel Michalopoulos held on October 14, 2005.

14.    Attached hereto as Exhibit 12 is a true and correct copy of a series of email messages as depicted on Cytec production documents bearing Cytec production numbers CYT0009987-89 (collectively PDX 80).

15.    Attached hereto as Exhibit 13 is a true and correct copy of a series of email messages as depicted on Cytec production documents bearing Cytec production numbers CYT0000830-31 (collectively PDX 33).

16.    Attached hereto as Exhibit 14 is a true and correct copy of a letter from Lou Rosati to John Harrington dated September 25, 2001 and bearing Ciba production number CIBA 036519 (PDX 245).

17.    Attached hereto as Exhibit 15 is a true and correct copy of a letter from Logan A. Jackson to John Harrington dated January 30, 2002 and bearing Ciba production number CIBA 036520 (PDX 247).

18.    Attached hereto as Exhibit 16 is a true and correct copy of a Hercules Interoffice Memo from Fushan Zhang entitled "Monthly Report of February 2002" dated February 25, 2002, and an email message transmitting same, bearing Hercules production numbers HERC0071616-17 (collectively PDX 306).

19.    Attached hereto as Exhibit 17 is a true and correct copy of the transcript from the deposition of Louis Rosati held on October 12, 2005.

20.    Attached hereto as Exhibit 18 is a true and correct copy of a Cytec memorandum from S.M. Chen having as the subject "August Monthly Highlights" dated August 15, 2001 and bearing Cytec production numbers CYT0010139-44 (PDX 81).

21.    Attached hereto as Exhibit 19 is a true and correct copy of the transcript from the deposition of Shirley Chen held on October 27, 2005.

22.    Attached hereto as Exhibit 20 is a true and correct copy of the transcript from the deposition of Logan A. Jackson, Ph.D. held on August 11, 2005.

23.    Attached hereto as Exhibit 21 is true and correct copy of a document entitled "Process Transmittal Polyflex CP Paper Product 3310" dated December 2, 1993, having handwriting thereon and bearing Ciba production numbers CIBA 011356, CIBA 011446-495 (collectively PDX 79).

24.    Attached hereto as Exhibit 22 is a true and correct copy of a series of email messages as depicted on Cytec production documents bearing Cytec production numbers CYT0001123-25 (PDX 40).

25.    Attached hereto as Exhibit 23 is a true and correct copy of Hercules production documents bearing Hercules production numbers HERC0077000-15 (PDX 185).

26.    Attached hereto as Exhibit 24 is a true and correct copy of a document entitled "Process Change Authorization" dated January 17, 2002 and bearing Cytec production numbers CYT0000303-06 (PDX 43).

27.    Attached hereto as Exhibit 25 is a true and correct copy of an email message, with attachments, from William S. Carey dated January 14, 2002 and bearing Cytec production

- 4 -

numbers CYT0000232-51 (collectively PDX 42).

28.    Attached hereto as Exhibit 26 is a true and correct copy of an email message, with attachment, from John C Harrington dated March 6, 2003 and bearing Hercules production numbers HERC0095078-81 (PDX 293).

29.    Attached hereto as Exhibit 27 is a true and correct copy of the transcript from the deposition of John C. Harrington held on October 19, 2005.

30.    Attached hereto as Exhibit 28 is a true and correct copy of a series of email messages, with attachments, as depicted on Cytec production documents bearing Cytec production numbers CYT0000653-662 (collectively PDX 53).

31.    Attached hereto as Exhibit 29 is a true and correct copy of an email message, with attachment, from John C Harrington dated July 19, 2002, having handwriting thereon and bearing Hercules production numbers HERC0061892-95 (collectively PDX 307).

32.    Attached hereto as Exhibit 30 is a true and correct copy of two BetzDearborn Interoffice Memos, one from J.C. Harrington and R.W. Klinzman entitled "Cytec Accurac Polymer and Polyflex Microparticle Evaluations: Executive Summary" dated September 6, 1996 and one from W.L. Freeman entitled "Summary of Polyflex Meeting At Cytec" dated August 27, 1996, bearing Hercules production numbers HERC0070097-127 (collectively PDX 118).

33.    Attached hereto as Exhibit 31 is a true and correct copy of Hercules production documents bearing Hercules production numbers HERC0022172-73.

34.    Attached hereto as Exhibit 32 is a true and correct copy of a series of email messages as depicted on Cytec production documents bearing Cytec production numbers CYT0006133-34 (collectively PDX 56).

35.    Attached hereto as Exhibit 33 is a true and correct copy of a series of email

- 5 -

messages, with attachment, bearing Cytec production numbers CYT0000976-80 (collectively PDX 88).

36.    Attached hereto as Exhibit 34 is a true and correct copy of Hercules production document bearing Hercules production numbers HERC0018665-707 (PDX 76).

37.    Attached hereto as Exhibit 35 is as true and correct copy of the transcript from the deposition of John J. Mangano held on August 17, 2005.

38.    Attached hereto as Exhibit 36 is a true and correct copy of the transcript from the deposition of Brian McCall held on August 18, 2005.

39.    Attached hereto as Exhibit 37 is a true and correct copy of "Hercules' Responses and Objections to Plaintiff Ciba Specialty Chemicals Corporation's First Set of Interrogatories (Nos. 1-9)" dated March 2, 2005.

40.    Attached hereto as Exhibit 38 is a true and correct copy of a letter, with attachment, from Joann M. Neth to Eley O. Thompson, Esq. dated August 23, 2005.

41.    Attached hereto as Exhibit 39 is a true and correct copy of a letter from Joann M. Neth to Eley O. Thompson, Esq. dated September 7, 2005.

42.    Attached hereto as Exhibit 40 is a true and correct copy of a letter from Joann M. Neth to Eley O. Thompson, Esq. dated September 8, 2005.

43.    Attached hereto as Exhibit 41 is a true and correct copy of a letter, with attachment, from Joan M. Neth to Eley O. Thompson, Esq. dated September 14, 2005.

44.    Attached hereto as Exhibit 42 is a true and correct copy of a letter from Joann M. Neth to Eley O. Thompson, Esq. dated September 20, 2005.

45.    Attached hereto as Exhibit 43 is a true and correct copy of a letter from Marta E. Gross to Eley O. Thompson, Esq. dated May 24, 2005.

46.    Attached hereto as Exhibit 44 is a true and correct copy of "Cytec's Responses and Objections to Plaintiff Ciba Specialty Chemical Corporation's Second Set of Interrogatories (Nos. 10-11 and 13-14)" dated March 30, 2005.

47.    Attached hereto as Exhibit 45 is a true and correct copy of a compilation of Cytec production documents bearing Cytec production numbers CYT0019267-68; CYT0019305-07; CYT0019344-46; and CYT0019395-98.

48.    Attached hereto as Exhibit 46 is a true and correct copy of Cytec production documents bearing Cytec production numbers CYT0000140-42.

49.    Attached hereto as Exhibit 47 is a true and correct copy of a document entitled "Process Change Authorization" dated March 4, 2002 and having handwriting thereon bearing Cytec production numbers CYT0000299-302 (PDX 49).


I DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT.


Date: January 27, 2006

                                        _____
                                        Douglas A. Robinson

# EXHIBITS 22-36
# REDACTED

# EXHIBIT 37

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 04-293 (KAJ) |
| v. | ) ) | JURY TRIAL DEMANDED |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

## HERCULES' RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-9)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Hercules, Incorporated ("Hercules") hereby responds to the First Set of Interrogatories (Nos. 1-9) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Hercules' responses to these interrogatories, including any documents to be produced, are based upon reasonable and diligent inquiry and the best knowledge or information known or readily available to Hercules as of the date of this response. Further investigation may reveal additional responsive information and documents. Hercules reserves the right to continue discovery and investigation into this matter and to present at trial or otherwise, in accordance with the Federal Rules of Civil Procedure, additional information discovered after the date of this response. Hercules therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.

## GENERAL OBJECTIONS

Hercules makes the following General Objections to Ciba's First Set Of Interrogatories

(Nos. 1-9), which are incorporated by reference and made part of the response to each interrogatory:

1.    Hercules hereby incorporates by reference, as if set forth fully herein, the General Objections from its Objections And Responses To Plaintiff Ciba Specialty Chemicals Corporation's First Request for Production of Documents and Things (Nos. 1-71) that pertain to Ciba's definitions of specific terms.

2.    Hercules objects to Ciba's definitions and instructions to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, overly broad, unduly burdensome, or uncertain.

3.    Hercules objects to each interrogatory to the extent that it purports, through Ciba's instructions, definitions, or otherwise, to impose burdens or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, any applicable orders of this Court, or any stipulation or agreement of the parties.

4.    Hercules objects to each and every request to the extent that it seeks information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The inadvertent production of any such information or documents by Hercules does not waive any applicable privilege, immunity, or other protection.

5.    Hercules objects to each interrogatory to the extent that it calls for a legal conclusion. Any responses or production of information by Hercules shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Ciba's interrogatories.

6.      Hercules objects to each interrogatory to the extent it is unduly burdensome, overly broad, and calls for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Hercules objects to each interrogatory to the extent it is vague, ambiguous, or confusing, by failing to adequately define terms or failing to describe the information sought with reasonable particularity.

8.      Hercules objects to each interrogatory to the extent that it is premature. Discovery has just begun and Hercules expressly reserves the right to supplement these responses and its contentions as necessary when discovery has further progressed.

9.      Hercules objects to each interrogatory as premature to the extent that it seeks information in advance of the time periods provided in the Court's December 20, 2004, Scheduling Order, including but not limited to the Disclosure of Expert Testimony (on July 22, 2005), Claim Construction Issue Identification (on November 18, 2005), and Claim Construction (on January 27, 2006). *See* Scheduling Order at ¶¶ 3(d), 11, and 12, respectively.

10.     Hercules objects to providing any information generated on or after the date of filing of this lawsuit, except as may be agreed to by counsel.

11.     Consistent with Federal Rule of Civil Procedure 33(d), Hercules objects to providing responses to interrogatories where the information can be derived from documents that are being produced, and where the burden to derive such information is substantially the same for Ciba as it is for Hercules.

12.     Hercules objects to each interrogatory to the extent that it exceeds the permissible number of interrogatories, including all parts and subparts. Hercules further notes that by serving interrogatories directed to "Defendants" and receiving separate responses from

3

Defendants Hercules and Cytec, Ciba has already served double the number of interrogatories (from 9 to 18) styled in the caption to its interrogatories, even exclusive of parts and subparts.

13.    Hercules objects to Ciba's interrogatories to the extent they ask Hercules to produce or otherwise analyze documents or other information that is not within the possession, custody, or control of Hercules, or to prepare documents that do not already exist.

To the extent that any General Objection is cited in response to a specific interrogatory, those specific citations are provided because they are believed to be particularly applicable to the interrogatory and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

Hercules further notes that these responses are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Hercules' responses thereto.

## CIBA'S INTERROGATORIES

## INTERROGATORY NO. 1

With respect to Defendants' allegations that they are not infringing and have not infringed the patents in suit including Defendants' Answers alleging that Defendants "[have] not infringed and [are] not infringing (either directly, contributorily, or by inducement) any claim of the [patents in suit] either literally or under the doctrine of equivalents," state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by Defendants at trial, separately addressing each element of each claim and each Defendant, and provide claim charts for each claim asserted not to be infringed explaining on an element-by-element basis why each element is or is not met by each of Defendants' manufacture, use, sale, offers for sale, implementation and/or distribution of any of the PerForm® products.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1

Hercules objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules further objects to this interrogatory to the extent it

seeks information outside of Hercules' possession, custody, or control, as it is directed to "Defendants" and not solely to Hercules. Hercules further objects to this interrogatory as premature. Paragraph 11 of the December 20, 2004, Scheduling Order specifically provides that the parties shall "exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s)." Therefore the construction of the claim terms is premature, as such information will be provided on November 18, 2005, as designated by this Court. The subsequent determination of non-infringement is likewise premature.

Subject to and without waiving these objections and its General Objections, Hercules responds that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the patents in suit either literally or under the doctrine of equivalents. Hercules' PerForm SP® product(s) does/do not contain "an ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers" as required by all claims of the '766 patent. Hence, based upon review of the claims, specification, and prosecution history of the '766 patent, Hercules' PerForm SP® product(s) does/do not literally infringe this patent.

Additionally, in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushika Co.*, 122 S. Ct. 1831 (2002), the Court held that "[e]stoppel arises when an amendment is made to secure a patent and the amendment narrows the patent's scope." *Id.* at 1840. Such an amendment was made in claim 1 of the '766 patent to the elements reciting "an ionic, organic, cross-linked, polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers." And because the amendment of these elements does not fall into any of the three categories wherein a narrowing amendment may be held not to surrender all equivalents (*i.e.*, the

5

equivalent was unforeseeable; the rationale for the amendment "bears no more than a tangential relation to the equivalent in question;" or "some other reason" suggests that the "patentee could not reasonably be expected to have described the insubstantial substitute in question"), Ciba is foreclosed from asserting infringement under the doctrine of equivalents. For at least this reason, Hercules' PerForm SP® product(s) does/do not infringe any claim of the '766 patent under the doctrine of equivalents.

Similarly, Hercules' PerForm SP® product(s) does/do not contain "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an aqueous solution of at least of one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer" as required by all claims of the '808 patent. Hence, based upon review of the claims, specification, and prosecution history of the '808 patent, Hercules' PerForm SP® product(s) does/do not literally infringe this patent. Furthermore, during prosecution applicants made a narrowing amendment in claim 1 of the '808 patent to the elements reciting "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an aqueous solution of at least of one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer." Consequently, Ciba is estopped from asserting infringement under the doctrine of equivalents. *See Festo*, 122 S. Ct. at 1840. For at least this reason, Hercules' PerForm SP® product(s) does/do not infringe any claim of the '808 patent under the doctrine of equivalents.

Hercules will supplement this response after Ciba identifies the claims of the patents in suit alleged to be infringed in this action, and Hercules reserves the right to modify and/or supplement its response to this interrogatory.

## INTERROGATORY NO. 2

With respect to Hercules' allegation that the patents in suit are invalid including Defendants' Answers alleging that the patents in suit are "invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112," state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by either of Defendants at trial, separately addressing each element of each claim, provide claim charts for each claim asserted to be invalid under 35 U.S.C. §§ 102 or 103 setting forth an element-by-element application of each prior art disclosure to each claim of the patents in suit, including an explanation of why each particular element is or is not met by each prior art disclosure, and state the scope and content of the prior art, the similarities and differences between each prior art disclosure and each claim, the level of ordinary skill in the art, and where specifically the suggestion to combine the prior art may be found for any combination of prior art asserted by either of Defendants.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2

Hercules objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules further objects to this interrogatory to the extent it seeks information outside of Hercules' possession, custody, or control, as it is directed to "Defendants" and not solely to Hercules. Hercules further objects to this interrogatory as premature. Paragraph 3(d) of the December 20, 2004, Scheduling Order provides that the parties "shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before July 22, 2005 on the issues as to which each party has the burden of proof," but this interrogatory seeks information concerning the level of ordinary skill in the art, the subject of expert testimony, in advance of this scheduled date. Similarly, Paragraph 11 of the Scheduling Order specifically provides that the parties shall "exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s)."

Therefore the construction of the claim terms is premature, as such information will be provided on November 18, 2005, as designated by this Court. The subsequent determination of patent invalidity is likewise premature.

Subject to and without waiving these objections and its General Objections, Hercules responds that Ciba has not identified the claims of the patents-in-suit allegedly infringed by Hercules. In the interest of furthering discovery and for purposes of responding to this interrogatory, however, Hercules will assume that at least claim 1 of the '766 and '808 patents are asserted against Hercules. Accordingly, Hercules responds that U.S. Patent No. 4,528,321 to Allen *et al.* ("the Allen '321 patent") or U.S. Patent No. 4,720,346 to Flesher *et al.* ("the Flesher '346 patent"), alone or in combination with U.S. Patent No. 5,180,473 to Akune *et al.*, invalidate at least claim 1 of each of the '766 and '808 patents under 35 U.S.C. §§ 102 and/or 103. Furthermore, claim 1 of each of these patents may fail to comply with the requirements for patentability specified in 35 U.S.C. § 112 ¶¶ 1 and/or 2, for their disclosure, or lack thereof, concerning the measurement of particle diameter and particle size diameter. These patents may also be unenforceable for inequitable conduct based on at least the failure to disclose the Allen '321 patent and/or the Flesher '346 patent to the U.S. Patent Office.

Hercules will supplement this response as necessary after further discovery, and reserves the right to modify and/or supplement its response to this interrogatory response.

## INTERROGATORY NO. 3

With respect to Defendant Cytec's allegation in its Answer that it "is licensed under the [patents in suit]", state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by either of Defendants at trial, separately addressing all terms of the alleged license, the duration of the alleged license, any rights of sublicense, and termination of the alleged license.

8

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3

Hercules further objects to this interrogatory as seeking information outside of Hercules'

possession, custody, or control, as is directed on its face to Cytec's assertion that it is licensed

under the patents in suit. Hercules further objects to this interrogatory to the extent that it seeks

information protected from discovery by the attorney-client privilege, the work-product doctrine,

and/or any other applicable privilege or immunity.

Subject to and without waiving these objections and its General Objections, Hercules

responds that fact discovery has just begun and Hercules has not obtained discovery concerning

this potential license defense or whether it may apply to Hercules. Hercules will modify and/or

supplement its response to this interrogatory on a timely basis after receiving such discovery.

## INTERROGATORY NO. 4

With respect to any assertion that either Defendant's infringement of the patents in suit
has not been willful and deliberate, state all steps that were taken by each of the Defendants to
avoid infringing the patents in suit or to comply with the duty to reasonably avoid infringement,
including, but not limited to, identifying any opinions of counsel upon which either of
Defendants intend to rely in an attempt to show that it acted reasonably.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4

Hercules objects to this interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, and/or any other

applicable privilege or immunity. Hercules also objects to this interrogatory as premature as fact

discovery has just begun. At this point in the litigation Ciba has not identified which claims of

the patents in suit it alleges to be infringed, nor has Ciba identified any facts supporting its

allegations of infringement. Hercules further objects to Ciba's unfounded presumption in

phrasing this interrogatory improperly stating "Defendant's infringement of the patents in suit."

*See* Objections and Response to Interrogatory No. 1 above. Hercules further objects to this

interrogatory to the extent it seeks information outside of Hercules' possession, custody, or

9

control, as it is directed to "Defendants" and not solely to Hercules.

Subject to and without waiving these objections and its General Objections, Hercules

responds that to the extent it has opinion(s) of counsel concerning the patents-in-suit, Hercules

will identify it(them) on a privilege log, to the extent required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the District of Delaware, to

be provided when the parties exchange privilege logs at an agreed upon future date.

Hercules reserves the right to modify and/or supplement its response to this interrogatory.

## INTERROGATORY NO. 5

Identify all people that are or were knowledgeable concerning the offer and sale of the
patents in suit prior to the execution of such sale, including when such persons became aware of
such activities, with whom such persons communicated about such activities, and when such
communications occurred.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5

Hercules objects to this interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, and/or any other

applicable privilege or immunity. Hercules further objects to this interrogatory for seeking

information outside of Hercules' possession, custody, or control, as this interrogatory concerns

"the offer and sale of the patents in suit prior to the execution of such sale" since Hercules was

not a party to this transaction.

## INTERROGATORY NO. 6

Identify all communications between Hercules and Cytec relating to the validity,
including the providing of any prior art, and infringement of the patents in suit, including
identifying who participated in such communications, when such communications occurred, and
detailing the content of such communications.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6

Hercules objects to this interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, and/or any other

applicable privilege or immunity. Hercules also objects to this interrogatory to the extent it seeks information concerning communications that occurred on or after the date of filing of this lawsuit, as such information is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and its General Objections, Hercules responds that any communication(s) that would otherwise be produced but is being withheld on the grounds of an applicable privilege or immunity and dated, prepared or received before the May 7, 2004, commencement of this lawsuit, will be identified on a privilege log, to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, to be provided when the parties exchange privilege logs at an agreed upon future date.

## INTERROGATORY NO. 7

Describe the structure of each of the PerForm® SP products, specifically and separately describing any branching or cross-linking of the polymer, any testing performed to characterize the structure of any of the PerForm® SP products, and the Huggins constant of any of the PerForm® SP products.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7

Hercules objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules further objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit, and are therefore not relevant to any issues in this lawsuit.

Subject to and without waiving these objections and its General Objections, Hercules responds that its PerForm® SP product(s) is/are not cross-linked and that no cross-linking agent is used in its/their production. Further information regarding the answer to this interrogatory can

11

be obtained, without waiving these specific and General Objections, from documents Hercules

will produce pursuant to Fed.R.Civ.P. 33(d) because the burden of deriving or ascertaining the

answer to this interrogatory from discoverable documents is substantially the same for Ciba as it

would be for Hercules.

## INTERROGATORY NO. 8

For each of the PerForm® SP products, specify all of the steps utilized in the process or processes used to manufacture each product, specifically and separately addressing each sequential step of the process(es), including identifying the raw materials used in each step, the manufacturer or supplier from whom each of the raw materials is/was obtained, and the reaction parameters employed in each step.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8

Hercules objects to Ciba's definition of "PerForm® SP product" to the extent it

encompasses products that have not been accused of infringement in this lawsuit, and are

therefore not relevant to any issues in this lawsuit. Hercules also objects to this interrogatory to

the extent it seeks information outside of the possession, custody, or control of Hercules.

Subject to and without waiving these objections and its General Objections, and because

the burden of deriving or ascertaining the answer to this interrogatory from discoverable

documents is substantially the same for Ciba as it would be for Hercules, pursuant to

Fed.R.Civ.P. 33(d) Hercules will produce documents regarding the process used to manufacture

PerForm® SP product(s), to the extent they are not objectionable and/or privileged, from which

Ciba can derive the answer to this interrogatory.

## INTERROGATORY NO. 9

Identify all persons knowledgeable about and all documents and things relating to any of Defendants' answers to any interrogatory posed by Ciba.

12

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9

Hercules objects to this interrogatory because it seeks information that is not relevant to any claim or defense of any party, including, *inter alia*, information subsequent to the commencement of this litigation. Hercules further objects to this interrogatory to the extent it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Hercules further objects to this interrogatory as overbroad, unduly burdensome, and not relevant to the claim or defense of any party in that it requires Hercules to broadly identify all persons "relating to any of Defendants' answers to any interrogatory" without any limits or definitions regarding time, extent of involvement, or type of involvement.

Subject to and without waiving these objections and its General Objections, Hercules responds that outside counsel, Joanne Rossi, Esq. (in-house counsel at Hercules), and Robert A. Gelman (a chemist employed by Hercules) are knowledgeable about Hercules' answers to these interrogatories

Hercules reserves the right to modify and/or supplement its response to this interrogatory.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000

Dated: March 2, 2005

*Attorneys for Defendant*
*Hercules, Inc.*

672304 / 28118

13

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 2, 2005, true and correct copies

of the within document were caused to be served on the attorney of record at the

following addresses as indicated:

### VIA HAND DELIVERY

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

David E. Moore

666520

# EXHIBITS 38-47
# REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006 I hand delivered the foregoing document to the

following persons and electronically filed the foregoing document with the Clerk of Court using

CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE   19899-0951


I hereby certify that on January 27, 2006, I have Federal Expressed the foregoing

document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY  10022


Steven J. Fineman (#4025)

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2006 I hand delivered the foregoing document to the

following persons and electronically filed the foregoing document with the Clerk of Court using

CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE   19899-0951


I hereby certify that on February 3, 2006, I have Federal Expressed the foregoing

document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire                        Thomas L. Creel, Esquire
Joann M. Neth, Esquire                               Goodwin Proctor, LLP
A. Neal Seth, Esquire                                599 Lexington Avenue
Finnegan, Henderson, Farabow, Garrett &              New York, NY  10022
Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413


Steven J. Fineman (#4025)


RLF1-2848132-1