## STATUS OF AMENDMENTS

No amendments have been filed after issuance of the Final Rejection.

## SUMMARY OF THE INVENTION

The invention relates to a novel composition comprising cross-linked, anionic or amphoteric polymeric microparticles and a process for the production thereof. The microparticles have an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 molar parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about 5 mole percent.

The process of making said composition comprises admixing 1) an aqueous solution comprising at least one ethylenically unsaturated anionic monomer, alone or in admixture with a cationic monomer, and at least one cross-linking agent, and, optionally, at least one ethylemically unsaturated non-ionic monomer, 2) an oily phase comprising at least one hydrocarbon liquid and 3) an effective amount of a surfactant or surfactant mixture so as to form an inverse emulsion. The resultant admixed components are then subjected to polymerization conditions to produce the above-described composition.

Preferably, the cross-linking agent is present in amounts ranging from about 20 to 4000 molar parts per million, more preferably, about 50 to 2000 molar parts per million.

CIBA 038714

Preferred cross-linking agents include:

N,N –methylenebisacrylamide,
N,N –methylenetismethacrylamide,
polyethyleneglycol dimethacrylate,
polyethyleneglycol diacrylate,
N-vinyl acrylamide,
glycidyl acrylate,
divinylbenzene,
acrolein,
glyoxal,
diepoxy compounds,
epichlorohydrin and mixtures thereof.

The most preferred cross-linking agent is N,N –methylenebisacrylamide.

Preferred anionic monomers include:

acrylic acid,
methacrylic acid,
ethacrylic acid,
2-acrylamido-2-methylpropane sulfonic acid or
salts or mixtures thereof.

Preferred cationic monomers include:

acryloxyethyl trimethylammonium chloride,
diallyldimethyl ammonium chloride,
3-(meth)acrylamidopropyl trimethylammonium chloride,
3-acrylamidopropyl    trimethylammonium-2-
hydroxypropylacrylate methosulfate,
1-trimethylammonium-2-hydroxypropyl methacrylate
methosulfate,
methacryloxyethyl trimethylammonium chloride and
mixtures thereof.

Preferred non-ionic monomers include:

acrylamide,
methacrylamide,
N,N-dialkylacrylamides,
N-alkylacrylamides,
N-vinylmethacetamide,
N-vinylmethylformamide,
N-vinyl pyrrolidone and mixtures.

3

CIBA 038715

The compositions of the present invention have been found to be useful in flocculating dispersions of suspended solids and especially in paper-making.

### ISSUES

The issues presented for review are:

1.    Whether or not Claims 1 and 3-22 are unpatentable over Makhlouf et al. under 35 USC 103.

2.    Whether or not Claims 1 and 3-22 are indefinite for failing to particularly point out and distinctly claim the subject matter which Appellants regard as the invention under 35 USC 112, second paragraph.

3.    Whether or not Claims 1 and 3-22 are unpatentable over Neff et al. in view of Whittaker under 35 USC 103.

### GROUPING OF THE CLAIMS

The claims under appeal stand or fall individually, especially Claims 1 and 3-13 and Claims 14-22 especially with regard to any showings made concerning distinct species.

### ARGUMENTS

The Examiner has rejected Claims 1 and 3-22 under 35 USC 103 as being unpatentable over Makhlouf et al. stating that in the Abstract of the reference there is disclosed a composition comprising cross-linked, organic polymeric microparticles having particle sizes from 0.1 to 10 microns of at least one monoethylenically unsaturated monomer and a cross-linking agent. From col. 2, line 64 to col. 3, line 6, the Examiner explains, the reference teaches the cross-linking agent to be an epoxy group-

4

CIBA 038716

containing compound like glycidyl acrylate or methacrylate and in col. 2, lines 29-63, there is mentioned that essentially any copolymerizable monoethylenic monomer may be used. The list of suitable monomers includes acrylic acid, methacrylic acid, vinyl acetate and others, the Examiner continues, and explains that such monomers are all soluble in water as indicated by the Merck Index article cited.

Although admitting that the instant claims use a cross-linking agent content of about 4 molar parts to about 4000 molar parts per million and the reference specifies 0.5% to 15%, by weight, the Examiner argues that the higher limit of the claimed range is very close to the lower limit of the reference range and thus it would be obvious.

Appellants respectfully take issue with this ground of rejection in that Makhlouf et al. does not teach, disclose or suggest the formation of a composition falling within the ambits of the instant claims. The patentees teach the formation of cross-linked particles using at least 5000 ppm of cross-linking agent and monomers comprising:

1) 70-99%, by weight, of such monomers as alkyl esters of acrylic or methacrylic acid, vinyl aromatic hydrocarbons, unsaturated esters of organic and inorganic acids, unsaturated nitriles (see col. 2, lines 41-63) and

2) 0.5-15%, by weight, of an alpha, beta-ethylenically unsaturated monocarboxylic acid (see col. 2, lines 29-40).

5

CIBA 038717

Appellants' claims require that the polymeric particles be prepared solely from water-soluble monomers of which the main component of the Makhlouf et al. particles are not. Secondly, the applied reference teaches the use of extraneous cross-linking agent, i.e. 0.5-15%, by weight. Appellants have shown in Table I of the instant specification that 10,086 ppm of cross-linking agent is too high in that when particles of polymer otherwise conforming to the limitations of the present claims are used, as shown in Example 9 and Table II, (Examples 20-22), the drainage time is no better than commercially available polymers (Example 7) and is far inferior to polymers according to the instant invention (Examples 8-19). Thus, Appellants have clearly shown the unexpected superiority of the instant compositions produced by the claimed novel process. Therefore, since Makhlouf et al. fail to teach the necessity of using only water-soluble monomers and fail to teach the claimed, critical range of cross-linking agent, it is respectfully submitted that the rejection based thereon is erroneous and should be reversed.

The Examiner has further rejected Claims 1 and 3-22 under 35 USC 112, second paragraph, as indefinite in the term "water-soluble monomers" because some monomers are partially soluble in water and questions the criteria for determining whether a monomer is water-soluble or not.

This ground of rejection is also strenuously urged as erroneous. The term in question is well known to those skilled in the art of polymers. For example, U.S. Pat. No. 4485209, cited by

6

CIBA 038718

Appellants previously, clearly spells out such monomers at col. 2, lines 39-46 thereof. Those monomers which are not water-soluble are described at col. 3, lines 1-7 thereof. It is noted that many of the listed water-soluble monomers are likewise disclosed by Makhlouf et al., as discussed above. Thus, it is respectfully submitted that the term in question is clearly understood by those skilled in the art and that this rejection is therefore erroneous and should be reversed.

Claims 1 and 3-22 have additionally been rejected under 35 USC 103 as being unpatentable over Neff et al. in view of Whittaker, the Examiner stating that Neff et al. disclose cross-linked, cationic polymeric microparticles and the method of preparation while Whittaker teaches the use of cationic, anionic and/or amphoteric polymeric microparticles as flocculating agents for different types of dispersions, citing col. 7, lines 37-44. Although Whittaker's polymers are not cross-linked, the Examiner argues that the same teaching can be applied to the cross-linked polymers and it would be obvious to substitute anionic polymers in Neff's microparticles to flocculate suitable types of dispersions.

The ground of rejection is also respectfully traversed. Neff et al. is limited to cationic polymeric microparticles and does not teach, disclose or suggest that the cationic monomer used to make the microparticle can be replaced by an anionic monomer or used in admixture with an anionic monomer. The Examiner clearly recognizes the above deficiencies of Neff et al. and attempts to equate the different monomers by citing Whittaker. This reference, however,

7

CIBA 038719

merely teaches the mechanical degradation of high molecular weight polymers so as to render them more useful in flocculation. The Whittaker reference fails to disclose microparticles of polymer and while anionic and cationic monomers are shown, there is no teaching that they are equivalent other than that they may be degraded by the process taught therein. There is nothing in Whittaker which suggests to one skilled in the art to employ anionic monomers only or in conjunction with cationic monomers in the microparticles of Neff et al. It is only based on hindsight using information from Appellants' own disclosure that such a suggestion can be considered obvious. Furthermore, in view of Appellants' unexpected showing of superiority, discussed above, nothing in Whittaker would lead one skilled in the art to the present invention because Whittaker does not even employ a cross-linking agent. In fact, at col. 6, lines 23-26, Whittaker indicates that the polymers must be water-soluble and preferably linear, i.e. free of cross-linking. Thus Whittaker merely teaches that anionic, cationic and amphoteric polymers can be made more effective as flocculating agents by shearing them. Whittaker adds nothing to Neff et al. but the fact that anionic and amphoteric polymers can be used as flocculants. It is not clear from either of the references what effect cross-linking with 4-4000 ppm of cross-linker would have on anionic and amphoteric microparticles when they are used, for example, as retention aids in paper-making. There is nothing in either Neff et al. or Whittaker which would teach one skilled in the art that the unexpectedly superior results shown in Table I of the instant

8

CIBA 038720

specification could or would be achieved by such microparticles. Nothing in Neff et al. relates to anionic or amphoteric polymers or would lend the skilled artisan to the instant compositions especially since retention in paper-making requires the addition of far lesser amounts of additive than required in the sludge dewatering shown in Neff et al.'s examples, note the dosage in Table I of Neff et al. i.e. 11-56 lbs/ton versus that of Table II of Appellants i.e. 2 lbs/ton. Reversal of this ground of rejection is earnest solicited.

<u>CONCLUSION</u>

The Honorable Board of Appeals and Interferences is respectfully requested to reverse the rejections of Claims 1 and 3-22 and find said claims allowable.

Respectfully submitted,

Attorney for Applicants
Frank M. Van Riet
Registration #19933

[brief.fvr]
eg

9

CIBA 038721

31,320                          EXHIBIT A

WE CLAIM:

1.   A   composition   comprising   cross-linked   anionic   or amphoteric polymeric microparticles derived solely from water-soluble monomers, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about 5 mole percent.

2.   A composition as defined in Claim 1 wherein said crosslinking agent content ranges from about 4 to about 6,000 molar parts per million.

3.   A composition as defined in Claim 2 wherein said crosslinking agent content is from about 20 to about 4,000 molar parts per million.

4.   A composition as defined in Claim 2 wherein said crosslinking agent content is from about 50 to about 2,000 molar parts per million.

5.   A composition as defined in Claim 1 wherein said crosslinking agent is a difunctional monomer selected from N,N'-methylenebisacrylamide, N,N'-methylenebismethacryl-amide, polyethyleneglycol dimethacrylate, polyethyeneglycol diacrylate, N-vinyl acrylamide, glycidyl acrylate, divinylbenzene, acrolein, glyoxal, diepoxy compounds, epichlorohydrin and mixtures of the foregoing.

6.   A composition as defined in Claim 5 wherein said crosslinking agent comprises N,N'-methylenebisacrylamide.

CIBA 038722

- 20 -

7. A composition as defined in Claim 1 wherein said said unswollen diameter is less than 0.5 micron.

8. A composition as defined in Claim 1 wherein the organic polymer microparticle is composed of at least one ethylenically unsaturated non-ionic monomer.

9. A composition as defined in Claim 1 wherein the organic polymer microparticle is composed of at least one anionic monomer selected from acrylic acid, methylacrylic acid, ethylacrylic acid, 2-acrylamido-2-methylpropane-sulfonic acid or mixtures or salts thereof.

10. A composition as defined in Claim 9 wherein said anionic monomer comprises sodium acrylate, sodium methylacrylate, sodium ethylacrylate or sodium 2-acrylamido-2-methylpropanesulfonate.

11. A composition as defined in Claim 1 wherein the organic polymer microparticle is amphoteric and is composed of from 1% to 99% of an anionic monomer selected from acrylic acid, methacrylic acid, ethacrylic acid, 2-acrylamido-2-methylpropane sulfonic acid or salts thereof and from 99% to 1% of a cationic monomer selected from acryloxyethyltrimethylammonium chloride, 3-methyacrylamidopropyltrimethylammonium chloride, diallydimethylammonium chloride and mixtures thereof.

12. A composition as defined in Claim 8 wherein said non-ionic ethylenically unsaturated monomer is selected from acrylamide; methacrylamide;N,N-dialkylacrylamides; N-alkylacrylamides; N-vinylmethacetamide; N-vinyl methylformamide; vinyl acetate; N-vinyl pyrrolidone and mixtures thereof.

13. A composition as defined in Claim 1 wherein said organic polymer microbead is composed of sodium acrylate and acrylamide.

CIBA 038723

- 21 -

14. A process for the preparation of a composition as defined in Claim 1, said process comprising:

    (a)  admixing

        (i)  an aqueous solution comprising at least one ethylenically unsaturated anionic monomer alone or in admixture with a cationic monomer, and at least one crosslinking agent and, optionally, at least one ethylenically unsaturated non-ionic monomer;

        (ii)  an oily phase comprising at least one hydrocarbon liquid;

        (iii)  an effective amount of surfactant or surfactant mixture, so as to form an inverse emulsion; and

    (b)  subjecting the inverse emulsion obtained in step (a) to polymerization conditions.

15. A process as defined in Claim 14 wherein said monomer solution of step (a)(i) comprises sodium acrylate as said anionic monomer, N,N-methylenebisacrylamide as said crosslinking agent and acrylamide as said non-ionic monomer.

16. A process as defined in Claim 14 wherein said oily phase of step (a)(ii) comprises a saturated hydrocarbon.

17. A process as defined in Claim 14 wherein said surfactant or surfactant mixture of step (a)(iii) comprises polyoxythylene sorbitol hexaoleate or a mixture thereof with sorbitan sesquioleate.

18. A process as defined in Claim 14 wherein said polymerization conditions of step (b) comprise adding a polymerization initiator.

CIBA 038724

- 22 -

19. A process as defined in Claim 18 wherein said polymerization initiator comprises sodium metabisulfite or tertiary-butyl hydroperoxide.

20. A process as defined in Claim 14 wherein said polymerization conditions of step (b) comprise subjecting said inverse emulsion to ultraviolet irradiation.

21. A process as defined in Claim 14 wherein said aqueous solution of step (a)(i) additionally contains an effective amount of a chain-transfer agent selected from an alcohol, mercaptan, phosphite, sulfite, or a mixture thereof.

22. A process as defined in Claim 14 which also includes step (c), comprising recovering the composition from the emulsion.

CIBA 038725

[REV.4Apr89/MB9-6]                          Case No. <u>31,320-01</u>
                                                      PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:

Roderick G. Ryles, Dan S. Honig, Elieth W. Harris, Roger E. Neff

Serial No. 07/803,120                  Group No.: 1505
Filed: July 22, 1991                   Examiner: W. Cheng
For: CROSS-LINKED ANIONIC AND AMPHOTERIC POLYMERIC MICROPARTICLES

Commissioner of Patents and Trademarks
Washington, D.C. 20231

NOTICE OF APPEAL FROM THE PRIMARY EXAMINER
TO THE BOARD OF APPEALS

    Applicant hereby appeals to the Board of Appeals from the
decision of the Primary Examiner mailed <u>February 12, 1992</u>
finally rejecting Claims <u>1 and 3-22</u>                          .
    The items checked below are appropriate:

1.    REQUEST FOR ORAL HEARING
      [  ] An oral hearing is respectfully requested. <u>Fee $200.00</u>
2.    FEE FOR FILING NOTICE OF APPEAL
      Pursuant to 37 CFR 1.17(e), the fee for filing the Notice
      of Appeal is $240.00.

------------------------------------------------------------

CERTIFICATE OF MAILING [37 CFR 1.8(a)]

I hereby certify that this paper (along with any referred to as
being attached or enclosed) is being deposited with the United
States Postal Service on the date shown below with sufficient
postage as first class mail in an envelope addressed to the:
Commissioner of Patents and Trademarks, Washington, D.C. 20231.

                              Ellen Grasso
                              _____

Date: <u>April 27, 1992</u>      _____
                              (Signature of person mailing paper)
------------------------------------------------------------

DS20168  05/13/92  07803120      01-1300  020  119     260.00CH

CIBA 038726

[REV.4Apr89/MB9-6]                    -2-

3.    EXTENSION OF TERM
            (complete (a) or (b) as applicable)
      The proceedings herein are for a patent application and the
      provision of 37 CFR 1.136 apply.
          (a) [    ] Applicant petitions for an extension of time for
                  the total number of months checked below:
                    [    ] One Month.    Fee in the amount of $100.00
                    [    ] Two Months.   Fee in the amount of $300.00
                    [    ] Three Months. Fee in the amount of $738.00
                    [    ] Four Months.  Fee in the amount of
          $1,150.00
                                        FEE $_____
      If an additional extension of time is required, please consider
      this a petition therefor.

            (check and complete the next item, if applicable)
          [    ] An extension for ____ months has already been secured
                  and the fee paid therefor of $_____ is deducted
                  from the total fee due for the total months of
                  extension now requested.
                        Extension fee due with this request $_____
                                        or
          (b)   [    ] Applicant believes that no extension of term is
                  required. However, this conditional petition is
                  being made to provide for the possibility that
                  applicant has inadvertently overlooked the need
                  for a petition and fee for extension of time.

4.    TOTAL FEE DUE
          The total fee due is:
              Notice of Appeal fee      $240.00
              Extension fee (if any)    $_____
              Oral Hearing fee          $_____
                                  TOTAL FEE DUE $240.00

CIBA 038727

[REV.4Apr89/MB9-6]          -3-

5.   FEE PAYMENT
          [ X ] Charge Account No. 01-1300 the sum of $240.00   .
          A duplicate of this transmittal is attached.
          [ X ] If any additional extension and/or fee is
                required, charge Account No. 01-1300.
                              AND/OR
          [    ] If any additional fee for claims is required,
                charge Account No. 01-1300.

                              _____
                              (Signature of Attorney)

Reg. No. 19933                Frank M. Van Riet
                              (Type name of Attorney)

Tel. No. (203) 321-2614       American Cyanamid Company
                              1937 West Main Street
                              P.O. Box 60
                              Stamford, CT 06904-0060

CIBA 038728



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/803,120 | 7/22/91 | Roderick G. Ryles | 31.320-01 |

EXAMINER
CHENG, W. C.

| ART UNIT | PAPER NUMBER |
|---|---|
| 1505 | 7 |

DATE MAILED: July 14, 1992

### EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Mr. Frank M. Van Riet, Attorney_ (3) _____

(2) _W. C. Cheng, Examiner_ (4) _____

Date of interview: _7-14-92_

Type: ☒ Telephonic   ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No.  If yes, brief description: _____

Agreement ☒ was reached with respect to some or all of the claims in question.  ☐ was not reached.

Claims discussed: _all_

Identification of prior art discussed: _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _The examiner pointed out the cancellation of claim 2 on page 2 of filing under 37 CFR 1.60(b), filed on 7-22-91 under "2. amendment...", and suggested the following changes: (1) claim 1 lines 2-3, change "water-soluble monomers" to -- an aqueous solution of anionic or amphoteric monomers -- and (2) claim 12 line 5, delete "vinyl acetate". Mr. Van Riet authorized the deletion of "vinyl acetate" in claim 12 and the change from "water-soluble monomers" to -- the polymerization of an aqueous solution of at least one monomer -- in claim 1_

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_W.C.Cheng_
Examiner's Signature

PTOL-413 (REV. 1-84)

### ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER

CIBA 038729



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAME APPLICANT | | |
|---|---|---|---|---|
| 07/503,120 | 07/22/91 | RYLES | R | 31.320-01 |

CHENG, W

AMERICAN CYANAMID CO.,
1937 W. MAIN ST.,
P. O. BOX 60
STAMFORD, CT 06904-0060

1505                    PAPER NUMBER

                        8/C

DATE MAILED            07/16/92

## NOTICE OF ALLOWABILITY

**PART I.**

1. ☒ This communication is responsive to *4-28-92*

2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.

3. ☒ The allowed claims are *1 and 3-22*.

4. ☐ The drawings filed on _____ are acceptable.

5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [_] been received. [_] not been received. [_] been filed in parent application Serial No. _____ filed on _____

6. ☒ Note the attached Examiner's Amendment.

7. ☒ Note the attached Examiner Interview Summary Record, PTOL-413.

8. ☒ Note the attached Examiner's Statement of Reasons for Allowance.

9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.

10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

**PART II.**

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.

   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____ . CORRECTION IS REQUIRED.

   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.

   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.

   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
- Examiner's Amendment
- Examiner Interview Summary Record, PTOL-413
- Reasons for Allowance
- Notice of References Cited, PTO-892
- Information Disclosure Citation, PTO-1449

- Notice of Informal Application, PTO-152
- Notice re Patent Drawings, PTO-948
- Listing of Bonded Draftsmen
- Other

PTOL-37 (REV. 11-86)

USCOMM-DC 89-3615

CIBA 038730

Serial No. 07/803,120                    -2-

Art Unit   1505

An Examiner's Amendment to the record appears below. Should
the changes and/or additions be unacceptable to applicant, an
amendment may be filed as provided by 37 C.F.R. § 1.312. To
ensure consideration of such an amendment, it MUST be submitted
no later than the payment of the Issue Fee.

Authorization for this Examiner's Amendment was given in a
telephone interview with Mr. Frank M. Van Riet on July 14, 1992.

Mr. Van Riet authorized the deletions of "vinyl acetate" in
line 5 of claim 12 and "water-soluble monomers" in lines 2-3 of
claim 1, and the addition of --the polymerization of an aqueous
solution of at least of one monomer-- in place of the latter in
lines 2-3 of claim 1.

The following is an Examiner's Statement of Reasons for
Allowance. The change of water soluble to aqueous solution
prevents the claims from encompassing partially soluble monomers.
Although the upper end of the claimed crosslinking content would
in and of itself be obvious, based on similarity to the lower end
of the reference range, the further matching of this lower end to
the few monomers among many that may meet the claims is deemed
unobvious.

CIBA 038731

Serial No. 07/803,120                    -3-

Art Unit    1505

Any comments considered necessary by applicant must be submitted no later than the payment of the Issue Fee and, to avoid processing delays, should preferably accompany the Issue Fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Claims 1 and 3-22 are allowed.

W. C. Cheng
July 15, 1992
(703)308-2351

JOSEPH L. SCHOFER
SUPERVISORY PATENT EXAMINER
ART UNIT 155

CIBA 038732



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address:  Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

AMERICAN CYANAMID CO.,
1937 W. MAIN ST.,
P. O. BOX 60
STAMFORD, CT 06904-0060

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

☐ Note attached communication from the Examiner
☐ This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/803,120 | 07/22/91 | 021 | CHENG, W | 1505 | 07/16/92 |
| First Named Applicant | | | | | |
| RYLES | | | RODERICK G. | | |

TITLE OF INVENTION  CROSS-LINKED ANIONIC AND AMPHOTERIC POLYMERIC MICROPARTICLES

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31-320-01 | 526-264.000 | E62 | UTILITY | NO. | $1130.00 | 10/16/92 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS
APPLICATION SHALL BE REGARDED AS ABANDONED.  THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY Status shown above.

If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:

A. If the Status is changed, pay twice the amount of the
FEE DUE shown above and notify the Patent and
Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with,
payment of 1/2 the FEE DUE shown above.

II. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE.
Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned.
If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

III. All communications regarding this application must give series code (or filing date), serial number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees.**

PTOL-85 (REV 12-89)(OMB Clearance is pending)        PATENT AND TRADEMARK OFFICE COPY

CIBA 038733

PART B - ISSUE FEE TRANSMITTAL

*B*

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advanced orders and notification of maintenance fees will be mailed to addressee in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. See reverse for Certificate of Mailing.

| 1. CORRESPONDENCE ADDRESS | 2. INVENTOR'S ADDRESS CHANGE (Complete only if there is a change) |
|---|---|
| | INVENTOR'S NAME |
| | Street Address |
| AMERICAN CYANAMID CO. | City, State and ZIP Code |
| 1937 W. MAIN ST. | CO-INVENTOR'S NAME |
| P. O. BOX 60 | Street Address |
| STAMFORD, CT 06904-0060 | City, State and ZIP Code |
| | ☐ Check if additional changes are on reverse side |

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/803,120 | 07/22/91 | 021 | CHENG, W | 1505 | 07/16/92 |

First Named Applicant    RYLES, RODERICK G.

TITLE OF INVENTION    CROSS-LINKED ANIONIC AND AMPHOTERIC POLYMERIC MICROPARTICLES

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31.3260 | | | | NO | $1130.00 | 10/16/92 |

| 3. Further correspondence to be mailed to the following: | 4. For printing on the patent front page, list the names of not more than 1 registered patent attorneys or agents OR alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed. |
|---|---|
| Frank M. Van Riet | 1. Frank M. Van Riet |
| American Cyanamid Company | 2. |
| 1937 West Main Street | 3. |
| Stamford, CT 06904-0060 U.S.A. | |

DO NOT USE THIS SPACE

LA10283. 09/22/92  07803120   01-1300 010 142   1,130.00CH

| 5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type) | 6a. The following fees are enclosed: |
|---|---|
| (1) NAME OF ASSIGNEE: | ☐ Issue Fee   ☐ Advanced Order - # of Copies _____ (Minimum of 10) |
| American Cyanamid Company | 6b. The following fees should be charged to: |
| (2) ADDRESS: (City & State or Country) | DEPOSIT ACCOUNT NUMBER _01-1300_ (Enclose Part C) |
| Stamford, CT | ☒ Issue Fee   ☐ Advanced Order - # of Copies _____ (Minimum of 10) |
| (3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION | ☒ Any Deficiencies in Enclosed Fees |
| Maine | The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above. |
| ☐ This application is NOT assigned. | |
| ☒ Assignment previously submitted to the Patent and Trademark Office. | (Signature of party preparing or filing)    (Date) 9-8-92 |
| ☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS. | |
| PLEASE NOTE: Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment. | NOTE: The Issue Fee will not be accepted from anyone other than the applicant, a registered attorney or agent or the assignee or other party in interest as shown by the records of the Patent and Trademark Office. |

TRANSMIT THIS FORM WITH FEE-CERTIFICATE OF MAILING ON REVERSE

CIBA 038734

### Certificate of Mailing

I hereby certify that this correspondence is being deposited with
the United States Postal Service with sufficient postage as first class
mail in an envelope addressed to:

Box ISSUE FEE
Commissioner of Patents and Trademarks
Washington, D.C. 20231

on _____
　　　　　　　(Date)

_____
(Name of person making deposit)

_____
(Signature)

_____
(Date)

Note: If this certificate of mailing is used, it can only be used to transmit the
Issue Fee. This certificate cannot be used for any other accompanying
papers. Each additional paper, such as an assignment or formal drawings,
must have its own certificate of mailing.

This form is estimated to take 20 minutes to complete. Time will vary
depending upon the needs of the individual applicant. Any comments on
the amount of time you require to complete this form should be sent to the
Office of Management and Organization, Patent and Trademark Office,
Washington, D.C. 20231 and to the Office of Information and Regulatory
Affairs, Office of Management and Budget, Washington, D.C. 20503.

CIBA 038735

Docket No.: <u>31,320-01</u>

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of:                Date:   September 8, 1992
RODERICK GLYN RYLES
DAN S. HONIG
ROGER E. NEFF
ELIETH W. HARRIS

Serial No. 07/803,120            Group Art Unit:   1505
Filed:   July 22, 1991
For:   CROSS-LINKED ANIONIC AND        Examiner:  W. Cheng
       AMPHOTERIC POLYMERIC
       MICROPARTICLES

Commissioner of Patents
   and Trademarks

Washington, D. C.   20231

   S i r :

Enclosed please find:

      Issue Fee Transmittal Forms in Duplicate

      Postcard

Please   utilize   the   following   information   regarding   the
maintenance   fees,   which   will   become   due   regarding   the
above-identified application.

Payor Number:   000142
Fee Address:    Mrs. Marge O'Connor
                Patent Law Department
                American Cyanamid Company
                1937 West Main Street
                P.O. Box 60
                Stamford, CT  06904-0060

                       Respectfully submitted,

                       Frank M. Van Riet Esq.
                       Attorney for Applicant
                       Reg. No. 19933

1937 West Main Street
P.O. Box 60
Stamford, CT  06904-0060
Telephone:  (203) 321-2614

CIBA 038736