- 16 -

The drainage time for the untreated alkaline paper stock is 161.1 seconds. Addition of the linear, cationic polymer, 10 AETMAC/90 AMD, at a level of 2 lbs/ton decreases the drainage time to 116.9. Further decreases in drainage time are obtained by the joint addition of the anionic
5   microbeads of this invention of doses of 0,5, 1.0 and 2.0 lbs/ton with the 2 lbs/ton of the cationic polymer. The microbead 70 AMD/30 Na AMPS/10,086 ppm MBA has little effect on drainage due to the excessively high degree of cross-linking and is outside the scope of this invention.
10  The higher degree anionicity of 2 microbeads (40 AMD/60 AA/1381 ppm MBA-120nm and 100AA/1985 ppm MBA-80 nm) improves drainage time over those of the lower degree of anionicity microbeads 70 AMD/30 NaAPS/995 ppm MBA. The 1.0 lb/ton dosage of anionic microbead gives better drainage times than
15  either the 0.5 or 2.0 lbs/ton dosage. The only exception is with the microbead 40AMD/60 AA/1,381 ppm MBA where the 0.5 lb/ton dosage is the most desirable.

### Examples 23 - 27
20  Anionic microbeads of 5 and 10 mole percent of anionic charge and amphoteric microbeads with a 5 mole % higher anionic charge than cationic charge are made by the procedure of Example 1 and are shown in Table III. The microbeads have a particle size under 0.5 micron in Examples
25  23-27.

30

35

HERC0076085

- 17 -

Table III

Preparation of Anionic and
Amphoteric Microbeads

| Example | Copolymer Compositions (Mole %) | | | | MBA ppm | PS NM | SV mPa.S |
|---------|-----|------|-------|------|---------|-------|----------|
|         | AMD | NaAc | NaAPS | DMEA |         |       |          |
| 23      | 90  | 10   | --    | --   | 496     | --    | 1.34     |
| 24      | 95  | 5    | --    | --   | 97      | --    | 1.89     |
| 25      | 85  | --   | 10    | 5    | 1026    | --    | 1.40     |
| 26      | 55  | --   | 25    | 20   | 5101    | ---   | 1.59     |
| 27      | 60  | --   | --    | 40   | 100     | 100   | --       |

DMEA = Acryloxyethyltrimethyl-
ammonium Chloride

See Table I for other legends

/ ‘I

B912

HERC0076086

– 18 –

Example 28

The anionic and amphoteric microbeads of Table III are used in the paper making process described in Example 2. The results are substantially the same.

Examples 29-33

The procedure of Example 1 is again followed except that different monomers are employed in the preparation of the microbead. The results are set forth in Table IV, below.

Table IV

| Example | Non-Ionic Monomer (%) | Anionic Monomer (%) | MBA PPM |
|---|---|---|---|
| 29 | AM-50 | MMA-50 | 117 |
| 30 | AM-65 | VSA-35 | 226 |
| 31 | AM-75 | DADM-25 | 198 |
| 32 | --- | NaAPS-100 | 316 |
| 33 | MAM-90 | AA-10 | 441 |

MAM = methacrylamide
MMA = methacrylic acid
VSA = vinylsulfonic acid
DADM = diallyldimethylammonium chloride

The above mentioned patents and publications are incorporated herein by reference.

Many variations of the present invention will suggest themselves to those skilled in this art in light of the above detailed description. Chain-transfer agents may be optionally added to the monomer solution. Also contemplated are all methods of polymerization and dewatering processes.

All such obvious modifications are within the full intended scope of the appended claims.

B913

HERC0076087

- 19 -

31,320

WE CLAIM:

1. A composition comprising cross-linked anionic or amphoteric, organic polymeric microparticles, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s and a crosslinking agent content of above about 4 molar parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about 5.0%.

2. A composition as defined in Claim 1 wherein said crosslinking agent content ranges from about 4 to about 6,000 molar parts per million.

2½. A composition as defined in Claim 1 wherein said crosslinking agent content is from about 20 to about 4,000 molar parts per million.

3¼. A composition as defined in Claim 1 wherein said crosslinking agent content is from about 50 to about 2,000 molar parts per million.

4⅝. A composition as defined in Claim 1 wherein said crosslinking agent is a difunctional monomer selected from N,N'-methylenebisacrylamide, N,N'-methylenebismethacryl-amide, polyethyleneglycol dimethacrylate, polyethyeneglycol diacrylate, N-vinyl acrylamide, glycidyl acrylate, divinylbenzene, acrolein, aldehydes, glyoxal, diepoxy compounds, epichlorohydrin and mixtures of the foregoing.

5⅝. A composition as defined in Claim 4 wherein said crosslinking agent comprises N,N'-methylenebisacrylamide.

**B914**

HERC0076088

— 20 —

6.7. A composition as defined in Claim 1 wherein said said unswollen diameter is less than 0.5 micron.

7.8. A composition as defined in Claim 1 wherein the organic polymer microparticle is composed of at least one ethylenically unsaturated non-ionic monomer.

8.9. A composition as defined in Claim 1 wherein the organic polymer microparticle is composed of at least one anionic monomer selected from acrylic acid, methylacrylic acid, ethylacrylic acid, 2-acrylamido-2-methylpropane-sulfonic acid or mixtures or salts thereof.

9.10. A composition as defined in Claim 8 wherein said anionic monomer comprises sodium acrylate, sodium methylacrylate, sodium ethylacrylate or sodium 2-acrylamido-2-methylpropanesulfonate.

10.11. A composition as defined in Claim 1 wherein the organic polymer microparticle is amphoteric and is composed of from 1% to 99% of an anionic monomer selected from acrylic acid, methacrylic acid, ethacrylic acid, 2-acrylamido-2-methylpropane sulfonic acid or salts thereof and from 99% to 1% of a cationic monomer selected from acryloxyethyltrimethylammonium chloride, 3-methyacrylamidopropyltrimethylammonium chloride, diallydimethylammonium chloride and mixtures thereof.

11.12. A composition as defined in Claim 7 wherein said non-ionic ethylenically unsaturated monomer is selected from acrylamide; methacrylamide;N,N-dialkylacrylamides: N-alkylacrylamides; N-vinylmethacetamide; N-vinyl methylformamide; vinyl acetate; N-vinyl pyrrolidone and mixtures thereof.

12.13. A composition as defined in Claim 1 wherein said organic polymer microbead is composed of sodium acrylate and acrylamide.

B915

HERC0076089

- 21 -

13.
26. A process for the preparation of a composition as
defined in Claim 1, said process comprising:

    (a)  admixing

        (i)  an aqueous solution comprising at least
one ethylenically unsaturated anionic
monomer alone or in admixture with a
cationic monomer, and at least one
crosslinking agent and, optionally, at
least one ethylenically unsaturated
non-ionic monomer;

       (ii)  an oily phase comprising at least one
hydrocarbon liquid;

      (iii)  an effective amount of surfactant
or surfactant mixture, so as to form an
inverse emulsion; and

    (b)  subjecting the inverse emulsion obtained in
step (a) to polymerization conditions.

14.
28. A process as defined in Claim 13 wherein said
monomer solution of step (a)(i) comprises sodium acrylate as
said anionic monomer, N,N-methylenebisacrylamide as said
crosslinking agent and acrylamide as said non-ionic monomer.

15.
26. A process as defined in Claim 13 wherein said oily
phase of step (a)(ii) comprises a saturated hydrocarbon.

16.
27. A process as defined in Claim 13 wherein said
surfactant or surfactant mixture of step (a)(iii) comprises
polyoxythylene sorbitol hexaoleate or a mixture thereof with
sorbitan sesquioleate.

17.
28. A process as defined in Claim 13 wherein said
polymerization conditions of step (b) comprise adding a
polymerization initiator.

HERC0076090

B916

- 22 -

18. A process as defined in Claim 17 wherein said polymerization initiator comprises sodium metabisulfite or tertiary-butyl hydroperoxide.

19. A process as defined in Claim 13 wherein said polymerization conditions of step (b) comprise subjecting said inverse emulsion to ultraviolet irradiation.

20. A process as defined in Claim 13 wherein said aqueous solution of step (a)(1) additionally contains an effective amount of a chain-transfer agent selected from an alcohol, mercaptan, phosphite, sulfite, or a mixture thereof.

21. A process as defined in Claim 13 which also includes step (c), comprising recovering the composition from the emulsion.

B917

HERC0076091

07/803120



TITLE OF THE INVENTION

CROSS-LINKED ANIONIC AND AMPHOTERIC
POLYMERIC MICROPARTICLES

ABSTRACT OF THE *INVENTION* Disclosure

Novel compositions comprising anionic and/or amphoteric organic polymeric microparticles are disclosed, along with a method for their production. The products are useful in flocculating a wide variety of dispersions of suspended solids and in paper-making.

B918

HERC0076092

[REV.4Apr89/MB1-1]                    Docket No. 31,320

                                                    PATENT

COMBINED DECLARATION AND POWER OF ATTORNEY
(Original,Design,Supplemental,Divisional,Continuation,CIP)

As the below-named inventor, I hereby declare that:

TYPE OF DECLARATION

This declaration is of the following type:

 [ X ] original
 [ ] design
 [ ] supplemental
 [ ] divisional
 [ ] continuation
 [ ] continuation-in-part (CIP)

INVENTORSHIP IDENTIFICATION

My residence, post office address and citizenship are as stated
below next to my name, I believe I am the original, first and
sole inventor (if only one name is listed below) or an original,
first and joint inventor (if plural named are listed below) of
the subject matter which is claimed for, for which a patent is
sought on the invention entitled:

TITLE OF INVENTION

Cross-Linked Anionic and Amphoteric Polymeric Microparticles

SPECIFICATION IDENTIFICATION

the specification of which: (complete (a), (b), or (c))

 (a) [ X ] is attached hereto.
 (b) [ ] was filed on _____ as
   [ ] Serial Number /
   [ ] Express Mail No., as Serial Number not
    yet known
 (c) [ ] was described and claimed in PCT International
   Application No. _____ filed on
   _____ and as amended under PCT
   Article 19 on _____ (if any).

**B919**

HERC0076093

[REV.4Apr89/HB1-1]          -2-

ACKNOWLEDGEMENT OF REVIEW OF PAPERS AND DUTY OF CANDOR
    I hereby state that I have reviewed and understand the
contents of the above identified specification, including the
claims, as amended by any amendment referred to above.
    I acknowledge the duty to disclose information which is
material to the examination of this application in accordance
with Title 37 CFR 1.97.
                    PRIORITY CLAIM
    I hereby claim foreign priority benefits under Title 35,
United States Code, Section 119 of any foreign application(s) for
patent or inventor's certificate or of any PCT International
application(s) designating at least one country other than the
United States of America listed below and have also identified
below any foreign application(s) for patent or inventor's
certificate of any PCT International application(s) designating
at least one country other than the United States of America
filed by me on the same subject matter having a filing date
before that of the application(s) of which priority is claimed.
    (d) [ X ] no such applications have been filed.
    (e) [   ] such applications have been filed as follows.
Note: Where item (c) is entered above and the International
Application which designated the U.S. claimed priority check item
(e), enter the details below and make the priority claim.

Earliest Foreign Application(s), if any, filed within 12 months
    (6 months for Design) prior to this U.S. Application

| COUNTRY | APPLICATION NUMBER | DATE OF FILING (DAY,MONTH,YEAR) | PRIORITY CLAIMED 35 USC 119 |
|---------|--------------------|---------------------------------|------------------------------|
|         |                    |                                 |                              |
|         |                    |                                 |                              |
|         |                    |                                 |                              |
|         |                    |                                 |                              |

**B920**

HERC0076094

[REV.4Apr89/MB1-1]          -3-

All Foreign Application(s), if any, Filed More Than 12 Months
(6 Months for Design) Prior to This U.S. Application

_____
_____
_____

POWER OF ATTORNEY

As a named inventor, I hereby appoint the following
attorney(s) and/or agent(s) to prosecute this application and
transact all business in the Patent and Trademark Office
connected therewith.

Frank M. Van Riet _____ 19933 _____
        (Name)                    (Reg. No.)

Gordon L. Hart _____ 20191 _____
        (Name)                    (Reg. No.)

Roger S. Benjamin _____ 27025 _____
        (Name)                    (Reg. No.)

Michael J. Kelly _____ 27910 _____
        (Name)                    (Reg. No.)

Steven H. Flynn _____ 29639 _____

[  ]    Attached as part of this declaration and power of
        attorney is the authorization of the above-named
        attorney(s) to accept and follow instructions from my
        representative(s).

SEND CORRESPONDENCE AND TELEPHONE CALLS TO:
Frank M. Van Riet _____
C/O American Cyanamid Company _____
1937 West Main Street _____
Stamford, CT  06904-0060 _____
Telephone No. (203) 321-2614

**B921**

HERC0076095

[REV.4Apr89/MB1-1]          -4-

<u>DECLARATION</u>

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

<u>SIGNATURE(S)</u>

Full name of <u>SOLE OR FIRST</u> INVENTOR <u>Roderick Glynn Ryles</u>

Inventor's signature _Roderick Glynn Ryles_

Date _7th Mar. 1990_

Country of Citizenship <u>British</u>

Residence <u>96 Wendy Road, Milford, (CT)</u>

Post Office Address <u>Same</u>

Full name of <u>SECOND</u> JOINT INVENTOR, if any <u>Dan S. Honig</u>

Inventor's signature _Dan S. Honig_

Date _June 7, 1990_

Country of Citizenship <u>United States</u>

Residence <u>12 Conrad Road, New Canaan, (CT) 06840</u>

Post Office Address <u>Same</u>

Full name of <u>THIRD</u> JOINT INVENTOR, if any <u>Elieth W. Harris</u>

Inventor's signature _Elieth W. Harris_

Date _June 7, 1990_

Country of Citizenship <u>Antigua</u>

Residence <u>484 Colorado Avenue, Bridgeport, (CT) 06605</u>

Post Office Address <u>Same</u>

**B922**

HERC0076096

[REV.4Apr89/MB1-1]                    -5-

THE FOLLOWING 'ADDED PAGES' FORM A PART OF THIS DECLARATION

[ X ] Signature for fourth and subsequent joint inventors on
     ADDED PAGES.
[   ] ADDED PAGES TO COMBINED DECLARATION, POWER OF ATTORNEY
     for divisional, continuation, or continuation-in-part (CIP)
     application.
     [   ] Number of ADDED PAGES: _____
     [   ] Declaration ends with this page.

**B923**

HERC0076097

[REV.4Apr89/HB1-1]          -6-

ADDED PAGE TO COMBINED DECLARATION AND POWER OF ATTORNEY FOR
SIGNATURE BY FOURTH AND SUBSEQUENT INVENTORS

Full name of FOURTH JOINT INVENTOR, if any Roger E. Neff

Inventor's signature _Roger E. Neff_
Date _6/7/90_
Country of Citizenship United States
Residence 66 Woodridge Drive, Stamford, CT
Post Office Address _____

Full name of FIFTH JOINT INVENTOR, if any _____

Inventor's signature _____
Date _____
Country of Citizenship _____
Residence _____
Post Office Address _____

Full name of SIXTH JOINT INVENTOR, if any _____

Inventor's signature _____
Date _____
Country of Citizenship _____
Residence _____
Post Office Address _____

Full name of SEVENTH JOINT INVENTOR, if any _____

Inventor's signature _____
Date _____
Country of Citizenship _____
Residence _____
Post Office Address _____

**B924**

HERC0076098

[REV.4Apr89/HB16-3]

Docket No. 31,320

PATENT

For: [ ] U.S. and/or [ ] Foreign Rights
For: [ X] U.S. Application or [ ] U.S. Patent
For: [ ] Inventor(s) or [ ] Present Owner

<u>ASSIGNMENT OF INVENTION</u>

In consideration of the payment by ASSIGNEE to ASSIGNOR of the sum of One Dollar ($1.00), the receipt of which is hereby acknowledged, and for other good and valuable consideration,

ASSIGNOR:

(1)  Full Name of Inventor: Roderick Glynn Ryles
      Residence: 96 Wendy Road, Milford, CT
      Citizenship: British

(2)  Full Name of Inventor: Dan S. Honig
      Residence: 12 Conrad Road, New Canaan, CT  06840
      Citizenship: United States

(3)  Full Name of Inventor: Elieth W. Harris
      Residence: 484 Colorado Avenue, Bridgeport, CT  06605
      Citizenship: Antigua

(4)  Full Name of Inventor: Roger E. Neff
      Residence: 66 Woodridge Drive, Stamford, CT
      Citizenship: United States

(5)  Full Name of Inventor: _____
      Residence: _____
      Citizenship: _____

(if assignment is by person or entity to whom invention was previously assigned and this was recorded in PTO, add the following):

Page 1 of 4 pages

**B925**

HERC0076099

[REV.4Apr89/HB16-3]

Docket No. 31,320

Recorded on _____

     Reel _____

     Frame _____

hereby sells, assigns and transfers to

ASSIGNEE:          AMERICAN CYANAMID COMPANY

            1937 WEST MAIN STREET

            P.O. BOX 60

            STAMFORD, CT 06904-0060

and the successors, assigns and legal representatives of the
ASSIGNEE the entire right, title and interest for the United
States and its territorial possessions and in all foreign coun-
tries, including all rights to claim priority, in and to any and
all improvements which are disclosed in the invention entitled:
Cross-Linked Anionic and Amphoteric Polymeric Microparticles

_____

       [check and complete (a), (b), (c) or (d)]

and which is found in

    (a) [ X ] U.S. patent application executed on even date
           herewith

    (b) [   ] U.S. patent application executed on _____

    (c) [   ] U.S. application Serial No.   /     filed on

          _____.

    (d) [   ] U.S. Patent No. _____ issued _____

(also check (e) if foreign application(s) is also being assigned)

    (e) [   ] and any legal equivalent thereof in a foreign
           country, including the right to claim priority

and in and to all Letters Patent to be obtained for said inven-
tion by the above application or any continuation, division,
renewal, or substitute thereof, and as to letters patent any
reissue or re-examination thereof.

    ASSIGNOR hereby covenants that no assignment, sale, agree-
ment or encumbrance has been or will be made or entered into
which would conflict with this assignment;

Page 2 of 4 pages

# B926

HERC0076100

[REV.4Apr89/MB16-3]

Docket No. 31,320

ASSIGNOR authorizes ASSIGNEE to make applications for and to receive Letters Patent for said invention in any of said countries in its own name, or in my name, at its election.

ASSIGNOR covenants and agrees to execute or procure any further necessary assurance of the title to said invention and any Letters Patent which may issue therefor and to, at any time, upon the request and at the expense of ASSIGNEE deliver any testimony in any interference, litigation or proceeding related thereto and execute all papers that may be necessary or desirable to perfect the title to said invention or any Letters Patent which may be granted therefor in ASSIGNEE, its successors, assigns or other legal representatives, and that to, at any time, upon the request and at the expense of ASSIGNEE execute any continuations, continuations-in-part, divisional, renewal or substitute thereof, and as to Letters Patent and reissue or re-examination thereof, or any other additional applications for Letters Patent for said invention or any part or parts thereof, all of which applications and any Letters Patent issuing thereon are hereby assigned to ASSIGNEE, and will make all rightful oaths or declarations, and do all lawful acts requisite for procuring the same therein, without further compensation, but at the expense of ASSIGNEE, its successors, assigns or other legal representatives.

**B927**

HERC0076101

[REV.4Apr89/HB16-J]

Docket No. 31,320

ASSIGNOR authorizes and requests the Commissioner of Patents to issue any and all Letters Patent of the United States for said invention, resulting from any of the aforesaid applications to said AMERICAN CYANAMID COMPANY, as sole ASSIGNEE.

WITNESS my hand and seal this _7th_ day of _June_,
_1990_.

_Roderick Glyn Ryles_ _____ L.S.      _Elieth W Harris_ L.S. EWH
Roderick Glynn Ryles                     Elieth Harris

_Dan S. Honig_ _____ L.S.             _Roger E Neff_ _____ L.S.
Dan S. Honig                             Roger E. Neff

------------------------------------------------------------

ACKNOWLEDGEMENT

State of _Connecticut_ )
County of _Fairfield_  ) ss:

On this _7th_ day of _June_, 1990, personally appeared before me RODERICK GLYNN RYLES; DAN S. HONIG; ELIETH W. HARRIS AND ROGER E. NEFF, to me known, and known by me to be the same person(s) described in and who executed the foregoing instrument, and acknowledged that they executed the same, of their own free will and for the purposes set forth.

_Gloria A. Skorko_
Notary Public

My Commission Expires March 31, 1995

Page 4 of 4 pages

**B928**

HERC0076102

2

HERC0076103

07/800120

(Rule 60) [REV.4Apr89/HB4-3]                    Docket No. 31.320-01

PATENT

Commissioner of Patents and Trademarks
Washington, D.C. 20231

MAIL ROOM
JUL 22 1991
& TRADEMARK

FILING UNDER 37 CFR 1.60(b)

This is a request for filing a
        [ X ] Continuation
        [   ] Divisional
application under 37 CFR 1.60, of pending application Serial
Number 07/535,626  filed on June 11, 1990       of
                            (date)
Roderick Glyn Ryles; Dan S. Honig; Elieth W. Harris;
Roger E. Neff
        (inventors)
Cross-Linked Anionic and Amphoteric Polymeric Microparticles
        (Title)

1.  Copy of Prior Application as Filed Which is Attached
    [ X ] I hereby verify that the attached papers are a true
          copy of what is shown in my records to be the above
          identified prior application, including the
          declaration originally filed (37 CFR 1.60).

---------------------------------------------------------------

CERTIFICATION UNDER 37 CFR 1.10
    I hereby certify that this New Application Transmittal and the
documents referred to as enclosed therein are being deposited with
the United States Postal Service on this date _____
in an envelope as "Express Mail Post Office to Addressee" Mailing
Label Number _____ addressed to the: Commissioner of
Patents and Trademarks, Washington, D.C 20231.


            (name of person mailing paper)

            (Signature of person mailing paper)

---------------------------------------------------------------

**B930**

HERC0076104

(Rule 60) [REV.4Apr89/MB4-3]   -2-

The copy of the papers of prior application as filed which
are attached are as follows:

[ X ] _18_ page(s) of specification
[ X ] _4_ page(s) of claims
[ X ] _1_ page(s) of abstract
[   ] ____ sheet(s) of drawing
[   ] ____ copy of pages of declaration and power
         of attorney showing applicant's signature

2.  Amendments /
    [ X ] Cancel in this application original claims
          Claim 2 _____
          of the prior application before calculating the filing
          fee. (At least one original independent claim is
          retained for filing purposes.)
    [ X ] A preliminary amendment is enclosed. (Claims added by
          this amendment have been properly numbered
          consecutively beginning with the number next following
          with the highest numbered original claim in the prior
          application.)

3.  Petition for Suspension of Prosecution for the Time Necessary
    to File an Amendment
    [   ] Provided herewith is a Petition To Suspend Prosecution
          for the Time Necessary to File An Amendment (New
          Application Filed Concurrently)

4.  Fee Calculation

| CLAIMS AS FILED | | | | |
|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) BASIC FEE ($630.00) |
| TOTAL CLAIMS | 21 − 20 = | | X $20.00 | 20.00 |
| INDEP. CLAIMS | 2 − 3 = | | X $60.00 | |
| MULTIPLE DEPENDENCY FEE | | | $ 200.00 | |
| RECORDING OF ASSIGNMENT | | | $ 8.00 | |
| | | | TOTAL FILING FEE | $ 650.00 |

**B931**

HERC0076105

(Rule 60) [REV.4Apr89/MB4-3]   -3-

5.  Drawings

[   ] Transfer the following sheet(s) of drawing from the
     prior application to this application:

     _____

[   ] A copy of the amendment cancelling these sheets of
     drawing in the prior application is attached.

[   ] New drawings are enclosed
     [   ] formal
     [   ] informal

6.  Relate Back - 35 U.S.C. 120

[ X ] Amend the specification by inserting before the first
     line the sentence:

     "This is a
     [ X ], continuation,
     [   ] divisional
     of co-pending application, Serial No. 07/535,626,
     filed June 11, 1990. now abandoned

7.  Inventorship Statement

(a)  With respect to the prior copending U.S. application
     from which this application claims benefit under 35
     USC 120, the inventor(s) in this application is (are):
     [ X ] the same
     [   ] less than those named in the prior application
           and it is requested that the following
           inventor(s) identified above for the prior
           application be deleted:

(b)  The inventorship for all the claims in this
     application are
     [ X ] the same
     [   ] not the same, and an explanation, including the
           ownership of the various claims at the time the
           last claimed invention was made, is submitted.

**B932**

HERC0076106

(Rule 60) [REV.4Apr89/MB4-3]   -4-

8. Assignment
   [ X ] The prior application is assigned of record to
          American Cyanamid Company
          1937 West Main Street
          P.O. Box 60
          Stamford, CT 06904-0060
   [ ] An assignment of the invention is attached.

9. Fee Payment being made at this time
   [ X ] filing fee          $ 650.00
   [ ] recording assignment  $ _____
                TOTAL $ 650.00

10. Method of Payment of Fees:
   Charge Deposit Account No. 01-1300 in the amount of $ 650.00
   A duplicate of this transmittal is attached.

11. Instructions as to Overpayment:
   Credit any overpayment to Deposit Account No. 01-1300.

12. Power of Attorney
   [ X ] The Power of Attorney in the prior application is to
   Frank M. Van Riet _____ 19933
     (Attorney)        (Reg. No.)
   Roger S. Benjamin _____ 27025
     (Attorney)        (Reg. No.)
   Michael J. Kelly _____ 27910
     (Attorney)        (Reg. No.)
   William H. Calnan _____ 29520
     (Attorney)        (Reg. No.)

   a. [ X ] The power appears in the original papers in
     the prior application
   b. [ ] Since the power does not appear in the
     original papers, a copy of the power in the
     prior application is enclosed.
   c. [ ] A new power has been executed and is
     attached.

**B933**

HERC0076107

(Rule 60) [REV.4Apr89/MB4-3]   -5-

    d. [ X ] Address all future communications to:

        Frank M. Van Riet

        c/o American Cyanamid Company

13. Maintenance of Copendency of Prior Application

    [ X ] A petition, fee and response has been filed to extend
        the term in the pending application until:

        August 11, 1991   .

    [   ] A copy of the petition for extension of time in the
        prior application is attached.

14. Conditional Petition for Extension of Time in Prior
    Application (Complete this item and file conditional
    petition in the prior application if previous item not
    applicable.)

    [   ] A conditional petition for extension of time is being
        filed in the pending patent application.

    [   ] A copy of the conditional petition for extension of
        time in the prior application is attached.

15. [   ] A certified copy of the priority document has been
        filed in Serial Number _____

                    (Signature of Attorney)

Reg. No. 19933 .

Tel. No. (203) 321-2614

        Frank M. Van Riet
        (Type name of Attorney)

        American Cyanamid Company
        1937 West Main Street
        P.O. Box 60
        Stamford, CT 06904-0060

Assignment recorded in PTO on December 19, 1988 .

Reel 4986   Frame 0906

**B934**

HERC0076108

3

**B935**

HERC0076109

07/803120

/3. 730.  155

Docket No:  31.320-01

IN THE UNITED PATENT AND TRADEMARK OFFICE



In re Application of:                    Date:  July 18, 1991
RODERICK GLYN RYLES
DAN S. HONIG
ELIETH W. HARRIS
ROGER E. NEFF

*Does not belong in this case*

Continuation of
Serial No.: 07/515,626
Filed:  June 11, 1990
For:  CROSS-LINKED ANIONIC AND
       AMPHOTERIC POLYMERIC
       MICROPARTICLES

RECEIVED

JUL 24 1991

GROUP 150

Commissioner of Patents
and Trademarks Office

Washington, D.C.  20231

PRELIMINARY AMENDMENT

Preliminary to the issuance of the first Office

Action in this continuation application, please amend the

continuation application as follows:

In the Specifications:

Page 3, line 24, please cancel the words "vinyl

acetate".

Page 5, lines 14 and 15, cancel the words

"Attorney Docket No. 31,043), filed concurrently herewith"

and substitute therefor the words --07/536,382 filed June

11, 1990, now abandoned and refiled as Serial No.

07/540,667, filed June 18, 1990 as a continuation-in-part--.

Page 5, line 24, cancel the term "5%" and

substitute therefor --5 mole percent--.

Page 10, line 8 please correct the spelling of

"azobisisobutyronitrile".

Page 11, line 16, cancel the word "initialed" and

substitute therefor the word --initiated--.

**B936**

HERC0076110

Page 18, line 8, cancel the word "micorbead" and

substitute therefor the word --microbead--.

We claim:

### In the Claims:

Please rewrite Claim 1 as follows:

1. (Amended)  A  composition  comprising cross-linked anionic or amphoteric polymeric microparticles derived  solely  from  water-soluble  monomers,  said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity  of  at  least  about  1.1.  mPa.s,  [and]  a cross-linking agent content of [above] about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about [5%] 5 mole percent.

Claim 5, line 6, cancel the word "aldehydes".

Claim 10, line 2, cancel the word "cationic" and substitute therefore the word --anionic--.

### Remarks

This Amendment is being filed in response to the Office Action mailed April 11, 1991 in Applicants' parent application identified above.  In said Office Action, the Examiner had:

1.  Withdrawn the restriction requirement.

2.  Indicated that the rejection of Claims 5 and 10 under 35 USC 112, first paragraph, had been overcome.

3.  Indicated that the rejection of Claims 8 and 12 under 35 USC 112, first paragraph, was withdrawn.

4.  Indicated that the rejection of Claims 1-13 under 35 USC 112, second paragraph had been overcome.

**B937**

HERC0076111

The amendments made to the parent application have been repeated hereby and therefore all rejections previously made by the Examiner based on 35 USC 112 are also obviated in the instant continuation application.

In the parent application, the Examiner had rejected Claims 1-5, 7-9 and 12 under 35 USC 102(b) or under 35 USC 103 over Makhlouf etal stating that Applicants had previously argued that the polymers of Makhlouf etal contain 70-99% water-insoluble monomer however, the list of monomers in lines 41-63, col.2, of the reference includes vinyl acetate which is soluble in water. There is also a statement that essentially any copolymerizable monoethylenic monomer may be use, the Examiner concludes.

This ground of rejection has been overcome by the instant amendment whereby Claim 1 has been amended so as to indicate that the cross-linking agent content ranges from about 4 to about 4000 parts per million. This limitation clearly distinguishes the instant compositions over those of Makhlouf etal in that the patentee indicates at col. 4, lines 17-20 that the cross-linking monomer content is at least 0.5% i.e. 5000 parts per million. With regard to the listing of vinyl acetate in col. 2, lines 41-63 of Makhlouf etal., it is respectfully submitted that vinyl acetate is generally accepted as a water-insoluble monomer in that its solubility in 1000 parts of water is limited to 2 parts at 20°C. In fact, U.S. Patent No. 4,485,209, at col. 3, line 3, lists vinyl acetate in a listing of hydrophobic monomers, see attached copy. It is therefor strenuously urged that Applicants have clearly distinguished the instant claims over the Makhlouf etal reference by the limitation of the cross-linking monomer concentration to about 4-4000 ppm and the monomers to those which are water-soluble. Reconsideration of this ground of rejection is earnestly solicited.

**B938**

HERC0076112

In the Office Action of April 11, 1991 in Applicants' parent application, the Examiner had also indicated that the rejection under 35 USC 202(b) or 35 USC 103 over Durand and over Silver had also been overcome by Applicants' previous arguments and amendments.

Claims 1-13 had also been rejected under 35 USC 103 as unpatentable over Neff etal in view of Whittaker, the Examiner indicating that the primary reference discloses cross-linked, cationic, polymeric microparticles and a method for their preparation while Whittaker teaches the use of cationic, anionic, and/or amphoteric polymers as flocculating agents for different types of dispersions. It is therefore the Examiner's opinion that it would be obvious because cross-linked anionic and/or amphoteric polymeric microparticles would be expected to flocculate the type of dispersions which Whittaker's anionic and/or amphoteric polymers will flocculate.

This ground of rejection is respectfully traversed. Although the rejection does not so indicate, it is believed that the Examiner is of the opinion that because Whittaker equates anionic, cationic and/or amphoteric polymers as flocculating agents and because Neff etal teach cationic microparticles as flocculants, it would be expected that Applicants' anionic and/or amphoteric microparticles would also be useful as flocculants. It is strenuously urged that Applicants' microparticles have been shown to be superior to anionic and/amphoteric polymers made from excessive amounts of cross-linking agent, see Table 1, Example 20-22 wherein a cross-linked particle made using 10,086 ppm of methylenebisacrylamide cross-linker (Example 5) is clearly an ineffective drainage aid. Whittaker does not recognize the need to incorporate cross-linking agent into the polymer in a critical amount. Whittaker at col. 6, line 23-26 indicates that the polymer must be water-soluble

**B939**

HERC0076113

and the monomers are preferably free of cross-linking agent. Thus, Whittaker merely teaches that anionic, cationic and amphoteric polymers can be made more effective as flocculating agents by shearing them. Whittaker adds nothing to Neff but the fact that anionic and amphoteric polymers can be used as flocculants. It is not clear from either of the references what effect cross-linking with 4-4000 ppm of cross-linker would have on anionic and amphoteric microparticles when they are used as retention aids in paper-making. There is nothing in either Neff etal or Whittaker which would teach one skilled in the art that the unexpectedly superior results shown in Table I of the instant specification could or would be achieved by such microparticles. Nothing in Neff etal relates to anionic or amphoteric polymers or would lend the skilled artisan to the instant compositions especially since retention in paper-making requires the addition of far lesser amounts of additive than required in the sludge dewatering shown in Neff etal's examples, note the dosage in Table I of Neff etal i.e. 11-56 lbs/ton versus that of Table II of Applicants i.e. 2 lbs/ton. Applicants agree that one skilled in the art might expect Applicants' compositions to flocculate but one skilled in the art would not expect the extraordinary drainage results shown in Table II of the instant disclosure. This is the stuff inventions are made of! Reconsideration and withdrawal of this ground of rejection is earnestly solicited.

Claims 14-22 have been rejected under 35 USC 113 as unpatentable over Neff etal in view of Durand etal, the Examiner stating that Neff etal disclose a method of preparing cross-linked, cationic, polymeric microparticles while Durand etal show that anionic monomers are polymerizable under the inverse emulsion polymerization conditions of Neff etal and thus it would be obvious.

**B940**

HERC0076114

This ground of rejection is also respectfully traversed. Again the Examiner does not indicate _what_ would be obvious but it is assumed he meant to indicate that it would be obvious to polymerize the anionic monomers of Durand etal via the process of Neff etal. It is strenuously urged that Durand etal fails to include a cross-linking agent in the process taught therein. The inclusion of such an agent materially affects the product produced. It is not apparent from Durand etal if the use of an anionic monomer with a cross-linking agent would even be possible when using the Neff etal process. Merely because a monomer acts one way alone does not mean it will act as expected with other materials such as cross-linkers. Furthermore, there is nothing in the cited references which would indicate that, even if the anionic monomer would act with a cross-linker like it did alone in Durand etal's system, the resultant polymer would be unexpectedly superior as a paper-making retention aid. Reconsideration of this ground of rejection is also strenuously urged.

In view of the above Remarks, this application is believed to be in consideration for allowance and such action is earnestly requested at an early date.

Respectfully submitted,

Frank M. Van Riet

Attorney for Applicants
Frank M. Van Riet
Registration# 19933

cc/
A-313201

HERC0076115

4

HERC0076116



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/702,920 | 05/20/91 | RYLES | G...31-920-01 |

CHENG, EXAMINER

AMERICAN CYANAMID CO.,
1937 W. MAIN ST.,
P. O. BOX 60
STAMFORD, CT 06904-0060

| ART UNIT | PAPER NUMBER |
|---|---|
| 1505 | 7 |

DATE MAILED: 02/10/92

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined    ☐ Responsive to communication filed on _____    ☒ This action is made final.

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.    4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.    6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _1. and 3-22_ are pending in the application.

   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims _1 and 3-22_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

EXAMINER'S ACTION

PTOL-326 (Rev.8-89)

HERC0076117

**B943**

Serial No. 803,120                                    -2-

Art Unit  1505

15.
        The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

        A patent may not be obtained though the invention is not
        identically disclosed or described as set forth in section
        102 of this title, if the differences between the subject
        matter sought to be patented and the prior art are such that
        the subject matter as a whole would have been obvious at the
        time the invention was made to a person having ordinary
        skill in the art to which said subject matter pertains.
        Patentability shall not be negatived by the manner in which
        the invention was made.

        Subject matter developed by another person, which qualifies
        as prior art only under subsection (f) or (g) of section 102
        of this title, shall not preclude patentability under this
        section where the subject matter and the claimed invention
        were, at the time the invention was made, owned by the same
        person or subject to an obligation of assignment to the same
        person.

        Claims 1 and 3-22 are rejected under 35 U.S.C. § 103 as

being unpatentable over Makhlouf et al (US 4,147,688).

        In the abstract of the reference, Makhlouf et al disclosed a

composition comprising cross-linked organic polymeric

microparticles having particle sizes from 0.1 to 10 microns.  At

least one monoethylenically unsaturated monomer and a

crosslinking agent were used.

        From column 2 line 64 to column 3 line 6 of the reference,

the cross-linking agent was disclosed to be an epoxy-group

containing compound like glycidyl acrylate or glycidyl

methacrylate.  In column 2 lines 29 to 63, it was mentioned that

essentially any copolymerizable monoethylenic monomer may be

**B944**

HERC0076118

Serial No. 803,120                               -3-

Art Unit   1505

utilized. The list of suitable monomers include acrylic acid,
methacrylic acid, vinyl acetate and others. These three monomers
are soluble in water as shown in the Merck Index, 11th ed., 1989,
pages 21, 935, and 1572.

Although the instant claims use a cross-linking agent
content of about 4 molar parts to about 4000 parts per million
and the reference specified 0.5 percent to 15 percent by weight,
the higher limit of the claimed range is very close to the lower
limit of the reference range.

Thus it would be obvious.

16.

Claims 1 and 3-32 are rejected under 35 U.S.C. § 112, second
paragraph, as being indefinite for failing to particularly point
out and distinctly claim the subject matter which applicant
regards as the invention.

The term "water-soluble monomers" makes the claims
indefinite, because some monomers are partially soluble in water.
The examiner queries about the criteria for determining whether a
monomer is water-soluble or not.

17.

Claims 1 and 3-22 are rejected under 35 U.S.C. § 103 as
being unpatentable over Neff et al in view of Whittaker.

In the primary reference, Neff et al disclosed crosslinked
cationic polymeric microparticles and the method of preparation.

**B945**                                    HERC0076119

Serial No. 803,120                    -4-
Art Unit   1505

Whittaker taught the use of cationic, anionic, and/or amphoteric polymeric nucriparticles as flocculating agents for different types of dispersions (see column 7 lines 37-44 of the secondary reference). Although the Whittaker's polymers are not cross-linked, the same teaching can be applied to the cross-linked polymers.

It would be obvious to substitute anionic polymers in Neff's microparticles to flocculating suitable types of dispersions.

18.

This is a continuation application of applicant's earlier application S.N. 07/535,626. All claims are drawn to the same invention claimed in the earlier application and could have been finally rejected on the grounds or art of record in the next Office action if they had been entered in the earlier application. Accordingly, THIS ACTION IS MADE FINAL even though it is a first action in this case. See M.P.E.P. § 706.07(b). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE

**B946**

HERC0076120

Serial No. 803,120                    -5-

Art Unit   1505

ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.   IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM
THE DATE OF THIS FINAL ACTION.

JOSEPH L. SCHOFER
SUPERVISORY PATENT EXAMINER
ART UNIT 155

Cheng:pla
February 05, 1992
(703)308-2351

**B947**

HERC0076121

TO SEPARATE, PULL TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. 07/803, 120 | GROUP ART UNIT 1505 | ATTACHMENT TO PAPER NUMBER 4 |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | APPLICANT(S) Roderick G. Ryles, Dan S. Honig, Elieth W. Harris, and Roger E. Neff | | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| A | 4 1 4 7 6 8 8 | 4-3-79 | Makhlouf et al. | 526 | 273 | |
| B | 4 7 0 5 6 4 0 | 11-10-87 | Whittaker | 524 | 922 | |
| C | 4 9 6 8 4 3 5 | 11-6-90 | Neff et al. | 524 | 922 | 12-19-88 |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG. PP. SPEC. |
|---|---|---|---|---|---|---|---|
| L | | | | | | | |
| M | | | | | | | |
| N | | | | | | | |
| O | | | | | | | |
| P | | | | | | | |
| Q | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| R | Susan Budavari, Maryadele J. O'Neil, Ann Smith, and Patricia E. Heckelman, The Merck Index, pages 21, 935, and 1572, 1989 |
| S | |
| T | |
| U | |

| EXAMINER CHENG, W. C. | DATE 1-31-92 |
|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

HERC0076122

**B948**

5

HERC0076123

Gp 1505

Docket No. :31.320-01

IN THE UNITED PATENT AND TRADEMARK OFFICE

In re Application of:                           Date: April 27, 1992
RODERICK GLYN RYLES
DAN S. HONIG
ELIETH W. HARRIS
ROGER E. NEFF

#5
5/13/92

Continuation of
Serial No.: 07/803,120
Filed: July 22, 1991
For: CROSS-LINKED ANIONIC AND
     AMPHOTERIC POLYMERIC
     MICROPARTICLES

Commissioner of Patents                         RECEIVED
 and Trademarks Office
                                                MAY 07 1992
Washington, D.C. 20231
                                                GROUP 150

### BRIEF FOR APPELLANTS

This is a Brief in support of Appellants' appeal to the Board
of Appeals and Interferences from the decision of the Primary
Examiner dated February 10, 1992 finally rejecting Claims 1 and 3-
22.

### STATUS OF THE CLAIMS

Claims 1-22 are pending in the application. Claims 1 and 3-22
are under appeal. Claim 2 inadvertently was not cancelled in
Appellants' Preliminary Amendment dated July 18, 1991. The
Examiner has obviously considered the claim to be cancelled since
he did not refer thereto in his Final Rejection. Appellants agree
with such a designation and request the Honorable Board to treat
Claim 2 as cancelled. A copy of Claims 1 and 3-22 is attached
hereto as Exhibit A.

DS20098 05/04/92 07803120      01-1300 020 119     260.00CH
DS20170 05/13/92 07803120      01-1300 020 119     260.00CR
DS20171 05/13/92 07803120      01-1300 020 120     260.00CH

**B950**

HERC0076124

## STATUS OF AMENDMENTS

No amendments have been filed after issuance of the Final Rejection.

## SUMMARY OF THE INVENTION

The invention relates to a novel composition comprising cross-linked, anionic or amphoteric polymeric microparticles and a process for the production thereof. The microparticles have an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 molar parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about 5 mole percent.

The process of making said composition comprises admixing 1) an aqueous solution comprising at least one ethylenically unsaturated anionic monomer, alone or in admixture with a cationic monomer, and at least one cross-linking agent, and, optionally, at least one ethylenically unsaturated non-ionic monomer, 2) an oily phase comprising at least one hydrocarbon liquid and 3) an effective amount of a surfactant or surfactant mixture so as to form an inverse emulsion. The resultant admixed components are then subjected to polymerization conditions to produce the above-described composition.

Preferably, the cross-linking agent is present in amounts ranging from about 20 to 4000 molar parts per million, more preferably, about 50 to 2000 molar parts per million.

2

B951

HERC0076125