Preferred cross-linking agents include:

    N,N -methylenebisacrylamide,
    N,N -methylenetismethacrylamide,
    polyethyleneglycol dimethacrylate,
    polyethyleneglycol diacrylate,
    N-vinyl acrylamide,
    glycidyl acrylate,
    divinylbenzene,
    acrolein,
    glyoxal,
    diepoxy compounds,
    epichlorohydrin and mixtures thereof.

The most preferred cross-linking agent is N,N -

methylenebisacrylamide.

    Preferred anionic monomers include:

    acrylic acid,
    methacrylic acid,
    ethacrylic acid,
    2-acrylamido-2-methylpropane sulfonic acid or
    salts or mixtures thereof.

Preferred cationic monomers include:

    acryloxyethyl trimethylammonium chloride,
    diallyldimethyl ammonium chloride,
    3-(meth)acrylamidopropyl trimethylammonium chloride,
    3-acrylamidopropyl   trimethylammonium-2-
    hydroxypropylacrylate methosulfate,
    1-trimethylammonium-2-hydroxyprqpyl methacrylate
    methosulfate,
    methacryloxyethyl trimethylammonium chloride and
    mixtures thereof.

Preferred non-ionic monomers include:

    acrylamide,
    methacrylamide,
    N,N-dialkylacrylamides,
    N-alkylacrylamides,
    N-vinylmethacetamide,
    N-vinylmethylformamide,
    N-vinyl pyrrolidone and mixtures.

3

B952

HERC0076126

The compositions of the present invention have been found to be useful in flocculating dispersions of suspended solids and especially in paper-making.

## ISSUES

The issues presented for review are:

1. Whether or not Claims 1 and 3-22 are unpatentable over Makhlouf et al. under 35 USC 103.

2. Whether or not Claims 1 and 3-22 are indefinite for failing to particularly point out and distinctly claim the subject matter which Appellants regard as the invention under 35 USC 112, second paragraph.

3. Whether or not Claims 1 and 3-22 are unpatentable over Neff et al. in view of Whittaker under 35 USC 103.

## GROUPING OF THE CLAIMS

The claims under appeal stand or fall individually, especially Claims 1 and 3-13 and Claims 14-22 especially with regard to any showings made concerning distinct species.

## ARGUMENTS

The Examiner has rejected Claims 1 and 3-22 under 35 USC 103 as being unpatentable over Makhlouf et al. stating that in the Abstract of the reference there is disclosed a composition comprising cross-linked, organic polymeric microparticles having particle sizes from 0.1 to 10 microns of at least one monoethylenically unsaturated monomer and a cross-linking agent. From col. 2, line 64 to col. 3, line 6, the Examiner explains, the reference teaches the cross-linking agent to be an epoxy group-

4

**B953**

HERC0076127

containing compound like glycidyl acrylate or methacrylate and in col. 2, lines 29-63, there is mentioned that essentially any copolymerizable monoethylenic monomer may be used. The list of suitable monomers includes acrylic acid, methacrylic acid, vinyl acetate and others, the Examiner continues, and explains that such monomers are all soluble in water as indicated by the Merck Index article cited.

Although admitting that the instant claims use a cross-linking agent content of about 4 molar parts to about 4000 molar parts per million and the reference specifies 0.5% to 15%, by weight, the Examiner argues that the higher limit of the claimed range is very close to the lower limit of the reference range and thus it would be obvious.

Appellants respectfully take issue with this ground of rejection in that Makhlouf et al. does not teach, disclose or suggest the formation of a composition falling within the ambits of the instant claims. The patentées teach the formation of cross-linked particles using at least 5000 ppm of cross-linking agent and monomers comprising:

1)   70-99%, by weight, of such monomers as alkyl esters of acrylic or methacrylic acid, vinyl aromatic hydrocarbons, unsaturated esters of organic and inorganic acids, unsaturated nitriles (see col. 2, lines 41-63) and

2)   0.5-15%, by weight, of an alpha, beta-ethylenically unsaturated monocarboxylic acid (see col. 2, lines 29-40).

5

**B954**

HERC0076128

Appellants' claims require that the polymeric particles be prepared solely from water-soluble monomers of which the main component of the Makhlouf et al. particles are not. Secondly, the applied reference teaches the use of extraneous cross-linking agent, i.e. 0.5-15%, by weight. Appellants have shown in Table I of the instant specification that 10,086 ppm of cross-linking agent is too high in that when particles of polymer otherwise conforming to the limitations of the present claims are used, as shown in Example 9 and Table II, (Examples 20-22), the drainage time is no better than commercially available polymers (Example 7) and is far inferior to polymers according to the instant invention (Examples 8-19). Thus, Appellants have clearly shown the unexpected superiority of the instant compositions produced by the claimed novel process. Therefore, since Makhlouf et al. fail to teach the necessity of using only water-soluble monomers and fail to teach the claimed, critical range of cross-linking agent, it is respectfully submitted that the rejection based thereon is erroneous and should be reversed.

The Examiner has further rejected Claims 1 and 3-22 under 35 USC 112, second paragraph, as indefinite in the term "water-soluble monomers" because some monomers are partially soluble in water and questions the criteria for determining whether a monomer is water-soluble or not.

This ground of rejection is also strenuously urged as erroneous. The term in question is well known to those skilled in the art of polymers. For example, U.S. Pat. No. 4485209, cited by

**B955**

HERC0076129

Appellants previously, clearly spells out such monomers at col. 2, lines 39-46 thereof. Those monomers which are not water-soluble are described at col. 3, lines 1-7 thereof. It is noted that many of the listed water-soluble monomers are likewise disclosed by Makhlouf et al., as discussed above. Thus, it is respectfully submitted that the term in question is clearly understood by those skilled in the art and that this rejection is therefore erroneous and should be reversed.

Claims 1 and 3-22 have additionally been rejected under 35 USC 103 as being unpatentable over Neff et al. in view of Whittaker, the Examiner stating that Neff et al. disclose cross-linked, cationic polymeric microparticles and the method of preparation while Whittaker teaches the use of cationic, anionic and/or amphoteric polymeric microparticles as flocculating agents for different types of dispersions, citing col. 7, lines 37-44. Although Whittaker's polymers are not cross-linked, the Examiner argues that the same teaching can be applied to the cross-linked polymers and it would be obvious to substitute anionic polymers in Neff's microparticles to flocculate suitable types of dispersions.

The ground of rejection is also respectfully traversed. Neff et al. is limited to cationic polymeric microparticles and does not teach, disclose or suggest that the cationic monomer used to make the microparticle can be replaced by an anionic monomer or used in admixture with an anionic monomer. The Examiner clearly recognizes the above deficiencies of Neff et al. and attempts to equate the different monomers by citing Whittaker. This reference, however,

7

**B956**

HERC0076130

merely teaches the mechanical degradation of high molecular weight polymers so as to render them more useful in flocculation. The Whittaker reference fails to disclose microparticles of polymer and while anionic and cationic monomers are shown, there is no teaching that they are equivalent other than that they may be degraded by the process taught therein. There is nothing in Whittaker which suggests to one skilled in the art to employ anionic monomers only or in conjunction with cationic monomers in the microparticles of Neff et al. It is only based on hindsight using information from Appellants' own disclosure that such a suggestion can be considered obvious. Furthermore, in view of Appellants' unexpected showing of superiority, discussed above, nothing in Whittaker would lead one skilled in the art to the present invention because Whittaker does not even employ a cross-linking agent. In fact, at col. 6, lines 23-26, Whittaker indicates that the polymers must be water-soluble and preferably linear, i.e. free of cross-linking. Thus Whittaker merely teaches that anionic, cationic and amphoteric polymers can be made more effective as flocculating agents by shearing them. Whittaker adds nothing to Neff et al. but the fact that anionic and amphoteric polymers can be used as flocculants. It is not clear from either of the references what effect cross-linking with 4-4000 ppm of cross-linker would have on anionic and amphoteric microparticles when they are used, for example, as retention aids in paper-making. There is nothing in either Neff et al. or Whittaker which would teach one skilled in the art that the unexpectedly superior results shown in Table I of the instant

8

**B957**

HERC0076131

specification could or would be achieved by such microparticles. Nothing in Neff et al. relates to anionic or amphoteric polymers or would lend the skilled artisan to the instant compositions especially since retention in paper-making requires the addition of far lesser amounts of additive than required in the sludge dewatering shown in Neff et al.'s examples, note the dosage in Table I of Neff et al. i.e. 11-56 lbs/ton versus that of Table II of Appellants i.e. 2 lbs/ton. Reversal of this ground of rejection is earnest solicited.

### CONCLUSION

The Honorable Board of Appeals and Interferences is respectfully requested to reverse the rejections of Claims 1 and 3-22 and find said claims allowable.

Respectfully submitted,

Attorney for Applicants
Frank M. Van Riet
Registration #19933

[brief.fvr]
eg

9

**B958**

HERC0076132

31,320                    EXHIBIT A

WE CLAIM:

1. A composition comprising cross-linked anionic or amphoteric polymeric microparticles derived solely from water-soluble monomers, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer, and an ionicity of at least about 5 mole percent.

2. A composition as defined in Claim 1 wherein said crosslinking agent content ranges from about 4 to about 6,000 molar parts per million.

3. A composition as defined in Claim 2 wherein said crosslinking agent content is from about 20 to about 4,000 molar parts per million.

4. A composition as defined in Claim 2 wherein said crosslinking agent content is from about 50 to about 2,000 molar parts per million.

5. A composition as defined in Claim 1 wherein said crosslinking agent is a difunctional monomer selected from N,N'-methylenebisacrylamide, N,N'-methylenebismethacryl-amide, polyethyleneglycol dimethacrylate, polyethyeneglycol diacrylate, N-vinyl acrylamide, glycidyl acrylate, divinylbenzene, acrolein, glyoxal, diepoxy compounds, epichlorohydrin and mixtures of the foregoing.

6. A composition as defined in Claim 5 wherein said crosslinking agent comprises N,N'-methylenebisacrylamide.

HERC0076133

- 20 -

7. A composition as defined in Claim 1 wherein said said unswollen diameter is less than 0.5 micron.

8. A composition as defined in Claim 1 wherein the organic polymer microparticle is composed of at least one ethylenically unsaturated non-ionic monomer.

9. A composition as defined in Claim 1 wherein the organic polymer microparticle is composed of at least one anionic monomer selected from acrylic acid, methylacrylic acid, ethylacrylic acid, 2-acrylamido-2-methylpropane-sulfonic acid or mixtures or salts thereof.

10. A composition as defined in Claim 9 wherein said anionic monomer comprises sodium acrylate, sodium methylacrylate, sodium ethylacrylate or sodium 2-acrylamido-2-methylpropanesulfonate.

11. A composition as defined in Claim 1 wherein the organic polymer microparticle is amphoteric and is composed of from 1% to 99% of an anionic monomer selected from acrylic acid, methacrylic acid, ethacrylic acid, 2-acrylamido-2-methylpropane sulfonic acid or salts thereof and from 99% to 1% of a cationic monomer selected from acryloxyethyltrimethylammonium chloride, 3-methyacrylamidopropyltrimethylammonium chloride, diallydimethylammonium chloride and mixtures thereof.

12. A composition as defined in Claim 8 wherein said non-ionic ethylenically unsaturated monomer is selected from acrylamide; methacrylamide;N,N-dialkylacrylamides; N-alkylacrylamides; N-vinylmethacetamide; N-vinyl methylformamide; vinyl acetate; N-vinyl pyrrolidone and mixtures thereof.

13. A composition as defined in Claim 1 wherein said organic polymer microbead is composed of sodium acrylate and acrylamide.

**B960**

HERC0076134

- 21 -

14. A process for the preparation of a composition as defined in Claim 1, said process comprising:

    (a) admixing
        (i) an aqueous solution comprising at least one ethylenically unsaturated anionic monomer alone or in admixture with a cationic monomer, and at least one crosslinking agent and, optionally, at least one ethylenically unsaturated non-ionic monomer;
        (ii) an oily phase comprising at least one hydrocarbon liquid;
        (iii) an effective amount of surfactant or surfactant mixture, so as to form an inverse emulsion; and
    (b) subjecting the inverse emulsion obtained in step (a) to polymerization conditions.

15. A process as defined in Claim 14 wherein said monomer solution of step (a)(i) comprises sodium acrylate as said anionic monomer, N,N-methylenebisacrylamide as said crosslinking agent and acrylamide as said non-ionic monomer.

16. A process as defined in Claim 14 wherein said oily phase of step (a)(ii) comprises a saturated hydrocarbon.

17. A process as defined in Claim 14 wherein said surfactant or surfactant mixture of step (a)(iii) comprises polyoxythylene sorbitol hexaoleate or a mixture thereof with sorbitan sesquioleate.

18. A process as defined in Claim 14 wherein said polymerization conditions of step (b) comprise adding a polymerization initiator.

**B961**

HERC0076135

- 22 -

19. A process as defined in Claim 18 wherein said polymerization initiator comprises sodium metabisulfite or tertiary-butyl hydroperoxide.

20. A process as defined in Claim 14 wherein said polymerization conditions of step (b) comprise subjecting said inverse emulsion to ultraviolet irradiation.

21. A process as defined in Claim 14 wherein said aqueous solution of step (a)(i) additionally contains an effective amount of a chain-transfer agent selected from an alcohol, mercaptan, phosphite, sulfite, or a mixture thereof.

22. A process as defined in Claim 14 which also includes step (c), comprising recovering the composition from the emulsion.

HERC0076136

**6**

HERC0076137

[REV.4Apr89/MB9-6]

Case No. <u>31,320-01</u>
PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the Application of:
Roderick G. Ryles, Dan S. Honig, Elieth W. Harris, Roger E. Neff

Serial No. 07/803,120          Group No.: 1505
Filed: July 22, 1991           Examiner: W. Cheng
For: CROSS-LINKED ANIONIC AND AMPHOTERIC POLYMERIC MICROPARTICLES

Commissioner of Patents and Trademarks
Washington, D.C. 20231

NOTICE OF APPEAL FROM THE PRIMARY EXAMINER
TO THE BOARD OF APPEALS

Applicant hereby appeals to the Board of Appeals from the decision of the Primary Examiner mailed <u>February 12, 1992</u> finally rejecting Claims <u>1 and 3-22</u>.

The items checked below are appropriate:

1.   REQUEST FOR ORAL HEARING
     [ ] An oral hearing is respectfully requested. <u>Fee $200.00</u>

2.   FEE FOR FILING NOTICE OF APPEAL
     Pursuant to 37 CFR 1.17(e), the fee for filing the Notice of Appeal is $240.00.

_____

CERTIFICATE OF MAILING [37 CFR 1.8(a)]

I hereby certify that this paper (along with any referred to as being attached or enclosed) is being deposited with the United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to the: Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Ellen Grasso
_____
Date: <u>April 27, 1992</u>    (Signature of person mailing paper)

_____

DS2016D  05/13/92  07803120      01-1300  020  119      260.00CH

**B964**

HERC0076138

[REV.4Apr89/MB9-6]          -2-

3.  EXTENSION OF TERM
            (complete (a) or (b) as applicable)
    The proceedings herein are for a patent application and the
    provision of 37 CFR 1.136 apply.
        (a) [  ] Applicant petitions for an extension of time for
                the total number of months checked below:
                [  ] One Month.     Fee in the amount of $100.00
                [  ] Two Months.    Fee in the amount of $300.00
                [  ] Three Months.  Fee in the amount of $738.00
                [  ] Four Months.   Fee in the amount of
    $1,150.00
                                    FEE $_____
    If an additional extension of time is required, please consider
    this a petition therefor.

            (check and complete the next item, if applicable)
        [  ] An extension for ____ months has already been secured
            and the fee paid therefor of $_____ is deducted
            from the total fee due for the total months of
            extension now requested.
                Extension fee due with this request $_____
                                or
        (b)  [  ] Applicant believes that no extension of term is
                required. However, this conditional petition is
                being made to provide for the possibility that
                applicant has inadvertently overlooked the need
                for a petition and fee for extension of time.
4.  TOTAL FEE DUE
    The total fee due is:
        Notice of Appeal fee     $240.00
        Extension fee (if any)   $_____
        Oral Hearing fee         $_____
                            TOTAL FEE DUE $240.00

*B965*

HERC0076139

[REV.4Apr89/MB9-6]          -3-

5.   FEE PAYMENT
        [ X ] Charge Account No. 01-1300 the sum of $240.00 .
        A duplicate of this transmittal is attached.
        [ X ] If any additional extension and/or fee is
              required, charge Account No. 01-1300.
                        AND/OR
        [   ] If any additional fee for claims is required,
              charge Account No. 01-1300.

                        _____
                        (Signature of Attorney)

Reg. No. 19933          Frank M. Van Riet
                        (Type name of Attorney)

Tel. No. (203) 321-2614  American Cyanamid Company
                         1937 West Main Street
                         P.O. Box 60
                         Stamford, CT 06904-0060

**B966**                                    HERC0076140

**7**

HERC0076141



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/803,120 | 7/22/91 | Roderick G. Ryles | 31,320-01 |

| EXAMINER |
|---|
| CHENG, W. C. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1505 | 7 |

DATE MAILED: *July 14, 1992*

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) *Mr. Frank M. Van Riet, Attorney*    (3) _____

(2) *W. C. Cheng, Examiner*    (4) _____

Date of Interview  *7-14-92*

Type: ☒ Telephonic   ☐ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☒ No   If yes, brief description: _____

_____

Agreement ☒ was reached with respect to some or all of the claims in question.   ☐ was not reached.

Claims discussed:  *all*

Identification of prior art discussed: _____

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: *The examiner pointed out the cancellation of claim 2 on page 2 of filing under 37 CFR 1.60(b), filed on 7-22-91 under "2 amendment", and suggested the following changes: (1) claim 1 lines 2-3, change "water-soluble monomers" to -- an aqueous solution of anionic or amphoteric monomers -- and (2) claim 12 lines, delete "vinyl acetate", Mr. Van Riet authorized the deletion of "vinyl acetate" in claim 12 and the change from "water-soluble monomers" to -- the polymerization of an aqueous solution of at least one monomer -- in claim 1.*

[A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.]

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1—7 on the reverse side of this form.) If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachment) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_W. C. Cheng_
Examiner's Signature

PTOL-413 (REV. 1-84)

**B968**

HERC0076142

8

HERC0076143



UNITED STATES of PARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/803,120 | 07/22/91 | RYLES | R   31.320-01 |

EXAMINER

CHENG, W

AMERICAN CYANAMID CO.,
1937 W. MAIN ST.,
P. O. BOX 60
STAMFORD, CT 06904-0060

| ART UNIT | PAPER NUMBER |
|---|---|
| 1505 | 8/1 |

DATE MAILED: 07/16/92

## NOTICE OF ALLOWABILITY

PART I.

1. ☒ This communication is responsive to _4-28-92_
2. ☒ All the claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice Of Allowance And Issue Fee Due or other appropriate communication will be sent in due course.
3. ☒ The allowed claims are _1 and 3-22_
4. ☐ The drawings filed on _____ are acceptable.
5. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [...] been received. [...] not been received. [...] been filed in parent application Serial No. _____ filed on _____.
6. ☒ Note the attached Examiner's Amendment.
7. ☒ Note the attached Examiner Interview Summary Record, PTOL-413.
8. ☒ Note the attached Examiner's Statement of Reasons for Allowance.
9. ☐ Note the attached NOTICE OF REFERENCES CITED, PTO-892.
10. ☐ Note the attached INFORMATION DISCLOSURE CITATION, PTO-1449.

PART II.

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" indicated on this form. Failure to timely comply will result in the ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

1. ☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.
2. ☐ APPLICANT MUST MAKE THE DRAWING CHANGES INDICATED BELOW IN THE MANNER SET FORTH ON THE REVERSE SIDE OF THIS PAPER.
   a. ☐ Drawing informalities are indicated on the NOTICE RE PATENT DRAWINGS, PTO-948, attached hereto or to Paper No. _____. CORRECTION IS REQUIRED.
   b. ☐ The proposed drawing correction filed on _____ has been approved by the examiner. CORRECTION IS REQUIRED.
   c. ☐ Approved drawing corrections are described by the examiner in the attached EXAMINER'S AMENDMENT. CORRECTION IS REQUIRED.
   d. ☐ Formal drawings are now REQUIRED.

Any response to this letter should include in the upper right hand corner, the following information from the NOTICE OF ALLOWANCE AND ISSUE FEE DUE: ISSUE BATCH NUMBER, DATE OF THE NOTICE OF ALLOWANCE, AND SERIAL NUMBER.

Attachments:
- Examiner's Amendment
- Examiner Interview Summary Record, PTOL-413
- Reasons for Allowance
- Notice of References Cited, PTO-892
- Information Disclosure Citation, PTO-1449
- Notice of Informal Application, PTO-152
- Notice re Patent Drawings, PTO-948
- Listing of Bonded Draftsmen
- Other

PTOL-37 (REV. 11-82)

USCOMM-DC 85-0016

HERC0076144

**B970**

Serial No. 07/803,130                    -2-

Art Unit   1505

An Examiner's Amendment to the record appears below.  Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 C.F.R. § 1.312.  To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the Issue Fee.

Authorization for this Examiner's Amendment was given in a telephone interview with Mr. Frank M. Van Riet on July 14, 1992.

Mr. Van Riet authorized the deletions of "vinyl acetate" in line 5 of claim 12 and "water-soluble monomers" in lines 2-3 of claim 1, and the addition of --the polymerization of an aqueous solution of at least of one monomer-- in place of the latter in lines 2-3 of claim 1.

The following is an Examiner's Statement of Reasons for Allowance.  The change of water soluble to aqueous solution prevents the claims from encompassing partially soluble monomers. Although the upper end of the claimed crosslinking content would in and of itself be obvious, based on similarity to the lower end of the reference range, the further matching of this lower end to the few monomers among many that may meet the claims is deemed unobvious.

HERC0076145

**B971**

Serial No. 07/803,120                    -2-

Art Unit  1505

Any comments considered necessary by applicant must be submitted no later than the payment of the Issue Fee and, to avoid processing delays, should preferably accompany the Issue Fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

Claims 1 and 3-22 are allowed.

*Joseph L. Schofer*

JOSEPH L. SCHOFER
SUPERVISORY PATENT EXAMINER
ART UNIT 155

*W. C. Cheng*

W. C. Cheng
July 15, 1992
(703)308-2351

**B972**

HERC0076146

Docket No.: 31,320-01

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:                    Date:  September 8, 1992
RODERICK GLYN RYLES
DAN S. HONIG
ROGER E. NEFF
ELIETH W. HARRIS

Serial No. 07/803,120              Group Art Unit:  1505
Filed:  July 22, 1991
For:  CROSS-LINKED ANIONIC AND     Examiner:  W. Cheng
      AMPHOTERIC POLYMERIC
      MICROPARTICLES

Commissioner of Patents
  and Trademarks

Washington, D. C.  20231


S i r :

Enclosed please find:

     Issue Fee Transmittal Forms in Duplicate

     Postcard

Please  utilize  the  following  information  regarding  the
maintenance  fees,  which  will  become  due  regarding  the
above-identified application.

Payor Number:  000142
Fee Address:   Mrs. Marge O'Connor
               Patent Law Department
               American Cyanamid Company
               1937 West Main Street
               P.O. Box 60
               Stamford, CT  06904-0060

                         Respectfully submitted,


                         Frank M. Van Riet Esq.
                         Attorney for Applicant
                         Reg. No. 19933

1937 West Main Street
P.O. Box 60
Stamford, CT  06904-0060
Telephone:  (203) 321-2614

HERC0076147

**B973**



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: Box ISSUE FEE
COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

┌ AMERICAN CYANAMID CO.,
1937 W. MAIN ST.,
P. O. BOX 60
STAMFORD, CT 06904-0060 ┐

**NOTICE OF ALLOWANCE
AND ISSUE FEE DUE**

☐ Note attached communication from the Examiner
☐ This notice is issued in view of applicant's communication filed _____

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/803,120 | 07/22/91 | 021 | CHENG, W | 1505 | 07/16/92 |

First Named Applicant: RYLES, RODERICK G.

TITLE OF INVENTION: CROSS-LINKED ANIONIC AND AMPHOTERIC POLYMERIC MICROPARTICLES

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 31,320-01 | 526-264.000 | E62 | UTILITY | NO | £1130.00 | 10/16/92 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.

THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.

**HOW TO RESPOND TO THIS NOTICE:**

I. Review the SMALL ENTITY Status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:
A. If the Status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
B. If the Status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:
A. Pay FEE DUE shown above, or
B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

I. Part B of this notice should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by a charge to deposit account, Part B should be completed and returned. If you are charging the ISSUE FEE to your deposit account, Part C of this notice should also be completed and returned.

I. All communications regarding this application must give series code (or filing date), serial number and batch number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Patents Issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees.

PATENT AND TRADEMARK OFFICE COPY

HERC0076148

**B974**

PART B—ISSUE FEE TRANSMITTAL

B

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 2 through 6 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advanced orders and notification of maintenance fees will be mailed to addressee entered in Block 1 unless you direct otherwise, by: (a) specifying a new correspondence address in Block 3 below; or (b) providing the PTO with a separate "FEE ADDRESS" for maintenance fee notifications with the payment of Issue Fee or thereafter. See reverse for Certificate of Mailing.

1. CORRESPONDENCE ADDRESS

AMERICAN CYANAMID CO.
1937 W. MAIN ST.
P. O. BOX 60
STAMFORD, CT 06904-0060

2. INVENTOR(S) ADDRESS CHANGE (Complete only if there is a change)

INVENTOR'S NAME
Street Address and City
City, State and ZIP Code

CO-INVENTOR'S NAME
Street Address
City, State and ZIP Code

☐ Check if additional changes are on reverse side

| SERIES CODE/SERIAL NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 07/603,120 | 07/22/91 | 021 | CHENG, N | 1505 | 07/16/92 |

First Named Applicant: RYLES, RODERICK G.

TITLE OF INVENTION: CROSS-LINKED ANIONIC AND AMPHOTERIC POLYMERIC MICROPARTICLES

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| | | | | | $1130.00 | 10/16/92 |

3. Further correspondence to be mailed to the following:

Frank M. Van Riet
American Cyanamid Company
1937 West Main Street
Stamford, CT 06904-0060  U.S.A.

4. For printing on the patent front page, list the names of not more than 3 registered patent attorneys or agents OR alternatively, the name of a firm having as a member a registered attorney or agent. If no name is listed, no name will be printed.

1 Frank M. Van Riet
2
3

LA102B3  09/22/92  07803120

DO NOT USE THIS SPACE
01-1300  010  142  1,130.00CH

5. ASSIGNMENT DATA TO BE PRINTED ON THE PATENT (print or type)

(1) NAME OF ASSIGNEE:
American Cyanamid Company

(2) ADDRESS: (City & State or Country)
Stamford, CT

(3) STATE OF INCORPORATION, IF ASSIGNEE IS A CORPORATION
Maine

A. ☐ This application is NOT assigned.
☒ Assignment previously submitted to the Patent and Trademark Office.
☐ Assignment is being submitted under separate cover. Assignments should be directed to Box ASSIGNMENTS.

*PLEASE NOTE:* Unless an assignee is identified in Block 5, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

6a. The following fees are enclosed:
☐ Issue Fee    ☐ Advanced Order - # of Copies ___

6b. The following fees should be charged to:
DEPOSIT ACCOUNT NUMBER 01-1300
(Enclose Part C)
☒ Issue Fee    ☐ Advanced Order - # of Copies ___
☒ Any Deficiencies in Enclosed Fees

THE COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Signature of party in interest of record) _____
(Date) 7-8-92

*NOTE:* The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

TRANSMIT THIS FORM WITH FEE—CERTIFICATE OF MAILING ON REVERSE

HERC0076149

B975



Grant



SERVER\PUBLIC\TEMPLATES\SCAN SHEET.DOC

**B976**

HERC0076150



9

HERC0076151



PTO UTILITY GRANT
Paper Number ___

The Commissioner of Patents
and Trademarks

*Has received an application for a patent
for a new and useful invention. The title
and description of the invention are en-
closed. The requirements of law have
been complied with, and it has been de-
termined that a patent on the invention
shall be granted under the law.*

*Therefore, this*

United States Patent

*Grants to the person or persons having
title to this patent the right to exclude
others from making, using or selling the
invention throughout the United States
of America for the term of seventeen
years from the date of this patent, sub-
ject to the payment of maintenance fees
as provided by law.*

*Acting Commissioner of Patents and Trademarks*

*Attest*

PTO-1584

HERC0076152



Box M

ENTERED BY AMD (14)

AUG -4 93

PATENT MAINTENANCE
DIVISION

CYANAMID

American Cyanamid Company
Patent Law Department
1937 West Main Street
P.O. Box 60
Stamford, CT U.S.A. 06904-0060
(203)-321-2000
Fax: (203) 321-2971
Telex: 710-474-4056

July 27, 1993

Commissioner
U. S. Patent and Trademark Office
Attn: Box M Fee
Washington, D.C. 20231

Dear Sirs:

Re: CHANGE OF ADDRESS

This is to inform you that we are relocating the American
Cyanamid Patent Law Department, with the exception of those
attorneys servicing its Cytec Business Unit, to Corporate
Headquarters in Wayne, NJ.

As of August 2, 1993, our address, telephone and fax numbers
will be:

AMERICAN CYANAMID COMPANY
PATENT LAW DEPARTMENT
ONE CYANAMID PLAZA
WAYNE, NJ 07470-8426
UNITED STATES OF AMERICA

Telephone No. (201) 831-2000        Fax No. (201) 831-3305

Please send all further communication, EXCEPT THOSE relating to
the patent applications and patents identified IN THE ENCLOSED
LIST, to the above new address. The enclosed list relates to
patents of the Cytec Business Unit which will be divested from
American Cyanamid Company and become a separate legal entity by
the end of this year. Communications for those Cytec cases
should continue to be sent to "Cytec Patent Law" at the current
Stamford, address.

Sincerely yours,

Alphonsa R. Noe, Manager
Patent Law Department
(201) 831-3125

ARN/u
Address1

HERC0076153

B979



MASTER FILE REPORT
14.1.1993

CITEC - PATENTED CASES

PATENT MASTER REPORTER

14.1.1993   6:09:50  PAGE:  28

| PATENT-NO | EXP-DT | C-CU | FILE ID | |
|---|---|---|---|---|
| 5141750 | 23JU2007 | ACCO | 31592-00 | USA |
| 5141804 | 23JU2007 | ACCO | 30046-01 | USA D |
| 5140078 | 22SE2009 | CCI | 30701-03 | USA D |
| 5152003 | 06OC2007 | ACCO | 30726-04 | USA D |
| 5151509 | 13OC2009 | ACCO | 31057-01 | USA P |
| 5151517A | 20OC2009 | ACCO | 31070-01 | USA C |
| 5146453 | 17OC2009 | ACCO | 31351-00 | USA F |
| 5167764 | 01DE2009 | ACCO | 31043-01 | USA P |
| 5171419 | 15DE2009 | ACCO | 31109-00 | USA C |
| 5123600 | 15DE2009 | ACCO | 31320-01 | USA F |
| 5175201 | 29DE2009 | ACCO | 30641-00 | USA D |
| 5180250 | 19JA2010 | ACCO | 30351-01 | USA D |
| 5180353 | 19JA2010 | ACCO | 31557-00 | USA D |
| 5192661 | 09MR2010 | ACCO | 30351-02 | USA D |
| 5196512 | 16MR2010 | ACCO | 31055-02 | USA D |
| 5196473 | 16AP2010 | ACCO | 31716-00 | USA D |
| (4720064) | 26AU2004 | ACCO | 30180-00 | USA D |
| (4756423) | 07JL2005 | ACCO | 29387-00 | USA C |
| (4802141) | 19SE2004 | ACCO | 30177-01 | USA C |
| (4802009) | 21AU2006 | ACCO | 29917-01 | USA D |
| (4801411) | 02JA2007 | ACCO | 29938-00 | USA D |
| (4807435) | 30AU2007 | ACCO | 29879-01 | USA D |
| (4811797) | 27AU2007 | ACCO | 29419-00 | USA D |
| (4420055) | 17JL2007 | ACCO | 31012-01 | USA F |
| (4413070) | 17JL2007 | ACCO | 30579-00 | USA D |
| (5092244) | 03MR2009 | ACCO | 29717-00 | USA |

HERC0076154

7ঠ 1/92

07/803120

PATENT APPLICATION SERIAL NO.

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

LA10505  12/11/91  07803120        01-1300  010  101     650.00CH  31.320-01

PTO-1556
(5/87)

B981

HERC0076155

**PATENT APPLICATION FEE DETERMINATION RECORD**

Application or Docket Number: 803620

| CLAIMS AS FILED - PART I | | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| | (Column 1) | (Column 2) | | | | | |
| FOR | NUMBER FILED | NUMBER EXTRA | RATE | FEE | | RATE | FEE |
| BASIC FEE | | | | $315.00 | OR | | $630.00 |
| TOTAL CLAIMS | 21 | minus 20 = | x $10= | | OR | x $20 = | 20 |
| INDEPENDENT CLAIMS | | minus 3 = | x 30 = | | OR | x 60 = | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | + 100 = | | OR | + 200 = | |
| | | | TOTAL | | | TOTAL | 650 |

* If the difference in column 1 is less than zero, enter "0" in column 2

| CLAIMS AS AMENDED - PART II | | | | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | (Column 1) | (Column 2) | (Column 3) | | | | | |
| **AMENDMENT A** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total | * | Minus | ** | = | x $10= | | OR | x $20 = | |
| Independent | * | Minus | *** | = | x 30 = | | OR | x 60 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 100 = | | OR | + 200 = | |
| | | | | TOTAL ADDIT. FEE | | | TOTAL ADDIT. FEE | |

| | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT B** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total | * | Minus | ** | = | x $10 = | | OR | x $20 = | |
| Independent | * | Minus | *** | = | x 30 = | | OR | x 60 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 100 = | | OR | + 200 = | |
| | | | | TOTAL ADDIT. FEE | | | TOTAL ADDIT. FEE | |

| | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT C** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| Total | * | Minus | ** | = | x $10 = | | OR | x $20 = | |
| Independent | * | Minus | *** | = | x 30 = | | OR | x 60 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | + 100 = | | OR | + 200 = | |
| | | | | TOTAL ADDIT. FEE | | | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
Rev. 12-90

For Fees Effective Nov. 5, 1990    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**B982**

HERC0076156



**B983**

HERC0076157



Staple Issue Slip Here

| POSITION | INIT. | DATE |
|---|---|---|
| CLASSIFIER | | 12-13-91 |
| EXAMINER | | |
| VERIFIER | 270 | 12-19-91 |
| TYPIST | | |
| CORPS CODE. | | |
| SPEC. HAND. | | |
| FILE MAINT. | | |

## INDEX OF CLAIMS



HERC0076158



## SEARCHED

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
| 526 | 264 | 1-31-92 | WCC |

## SEARCH NOTES

| | Date | Exmr. |
|---|------|-------|
| APS  USPAT | 7-18-92 | WCC |

## INTERFERENCE SEARCHED

| Class | Sub. | Date | Exmr. |
|-------|------|------|-------|
| 526 | 264 | 7-18-92 | WCC |
| 526 | 303.1 | '' | '' |
| 526 | 317.1 | '' | '' |
| 526 | 207 | '' | '' |
| 526 | 213 | '' | '' |
| 525 | 107 | '' | '' |
| 525 | 193 | '' | '' |

**B985**

HERC0076159

APPENDIX RANGE B986 TO
B1046 HAS BEEN REDACTED