**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

CIBA SPECIALTY CHEMICALS CORPORATION,

Plaintiff,

v.

HERCULES INCORPORATED and CYTEC INDUSTRIES, INC.,

Defendants.

C. A. No. 04-293 (KAJ)

**PUBLIC VERSION**

**DEFENDANT HERCULES' REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING DAMAGES UNDER 35 U.S.C. § 287(a)**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Hercules Incorporated*

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Dated: February 17, 2006
Public Version Dated: February 27, 2006
721417

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..... 1

II. SUMMARY OF ARGUMENT ..... 1

III. ARGUMENT ..... 2

A. Ciba Had a Duty to Comply with the Marking Requirement of 35 U.S.C. § 287(a) ..... 2

1. Ciba's Contention That There is No "Patented Article" to Mark is Incorrect ..... 3

2. § 287(a) Applies Even Though Ciba Only Asserts Method Claims ..... 5

VI. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*American Med. Sys., Inc. v. Medical Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993) ..... 6

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994) ..... passim

*Devices for Medicine, Inc. v. Boehl*,
822 F.2d 1062 (Fed. Cir. 1987) ..... 3

*Gart v. Logitech, Inc.*,
254 F.3d 1334 (Fed. Cir. 2001) ..... 7, 8, 9, 10

*Mosel Vitelic Corp. v. Micron Tech., Inc.*,
C.A. No. 98-449-GMS, 2000 WL 1728351 (D. Del. February 25, 2000) ..... 5

*Philips Elecs. N. Am. Corp. v. Contec*,
312 F. Supp. 2d 649 (D. Del. 2004) ..... 5, 6, 7

*SRI Int'l, Inc. v. Advanced Tech. Labs*,
127 F.3d 1462 (Fed. Cir. 1997) ..... 7, 8, 10

**Federal Statutes**

35 U.S.C. § 287 ..... passim

## I. INTRODUCTION

Defendant Hercules Incorporated ("Hercules") respectfully submits this Reply Brief in support of its motion for partial summary judgment limiting damages under 35 U.S.C. § 287(a) and in response to Plaintiff Ciba Specialty Chemicals Corporation's ("Ciba") Answering Brief In Opposition to Hercules' Motion for Partial Summary Judgment Limiting Damages Under 35 U.S.C. § 287(a) (D.I. 321). As explained herein, Hercules is entitled to the requested summary judgment because the undisputed material facts establish that Ciba did not comply with the marking and notice provisions of 35 U.S.C. § 287(a) before the date suit was filed.

## II. SUMMARY OF ARGUMENT

1. Ciba sold its Polyflex product to customers who use it to make paper products covered by the claims in United States Patent No. 5,167,766 ("the '766 patent"). As such, Ciba impliedly licensed its customers to make a patented article "for or under" Ciba as that term is used in 35 U.S.C. § 287. Accordingly, Ciba was required to comply with the marking requirements of § 287(a).

2. Because the '766 patent contains both product and process claims, Ciba was required to satisfy the constructive notice provisions of § 287(a) by marking any tangible item capable of being marked in order to provide notice to the public. Both Ciba's Polyflex® products, and the paper made therefrom constitute such tangible items. The fact that Ciba is only asserting the process claims of the '766 patent is irrelevant. Ciba was required to mark, and failed to do so. Therefore Ciba cannot rely on the constructive notice provisions of § 287(a).

3. [redacted]



4. In view of Ciba's failure to mark and its failure to provide actual notice of infringement, damages in this case, if any, should be computed from the date of suit. The facts regarding these issues are not in dispute and partial summary judgment for Hercules so holding is respectfully requested.

## III. ARGUMENT

### A. Ciba Had a Duty to Comply with the Marking Requirement of 35 U.S.C. § 287(a)

Ciba argues that it had no duty to comply with the marking requirements of § 287(a) because [redacted] (2) although the '766 patent contains both method and product claims, Ciba is assserting only the method claims of the '766 patent. (Ciba Ans. Brief at 7-8).[1] Ciba's arguments are not supported by Federal Circuit law or the precedent established by this Court.

---

[1] For purposes of this Reply Brief, "Ciba Ans. Brief " and "Ciba Ans. Brief, Ex. __" refer to Ciba's Answering Brief In Opposition to Hercules' Motion for Partial Summary Judgment Limiting Damages Under 35 U.S.C. § 287(a) (D.I. 321), and the exhibits attached thereto, respectively; and "Hercules Opening Brief" and "Hercules Opening Brief, Ex. ___" refer to Hercules' Opening Brief In Support of Motion For Partial Summary Judgment Limiting Damages Under 35 U.S.C. § 287(a) (D.I.285), and the exhibits attached thereto, respectively.



### 1. Ciba's Contention That There is No "Patented Article" to Mark is Incorrect

In its entirety, the first sentence of § 287(a) provides that

> Patentees, and persons making, offering for sale, or selling within the United States any patented article ***for or under them***, or importing any patented article into the United States, may give notice to the public that same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.

35 U.S.C. § 287(a) (emphasis added). Clearly § 287(a) applies to products made by persons other than the patentee.

In *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, the Federal Circuit considered the scope and meaning of the "for or under" language of § 287(a). *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994). Amsted did not make or sell the patented article, but instead manufactured and sold center plates for use in its patented combination, and provided its customers with drawings and instructions on how to assemble the center plate along with other components according

[2] Ciba concedes that it did not provide constructive notice of United States Patent No. 5,1711,808 ("the '808 patent") under § 287(a) (Ciba Ans. Brief at 9, n. 3). Instead, Ciba argues that because it is asserting both the '766 and '808 patents, and since the '766 patent issued before the '808 patent, Ciba's damages begin to accrue as of the issuance of the '766 patent. (*Id.* at 7.) Thus Hercules only addresses the requirement to mark pursuant to the '766 patent.

to the teachings of the invention. *Id.* The court concluded that in doing so, Amsted impliedly authorized its customers to make, use, and sell the patented article. *Id.*

The court held that a "licensee who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked." *Id.* (citing *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987)). *Amsted* held that § 287(a) applied to patented articles made and sold by implied licensees. *Id.* Ultimately the court precluded Amsted from recovering damages prior to the date it provided the defendant with actual notice of infringement because the patented articles made and sold by Amsted's implied licensees were never marked. *Id.*

[redacted] Therefore, similar to the parties in *Amsted*, by selling chemicals to its customers so they can produce a patented article "according to the teachings of the patent," Ciba has impliedly authorized its customers to make and sell the patented paper products covered by the '766 patent. *See Amsted*, 24 F.3d at 185. As such, these customers make the patented paper products "for or under" Ciba, and the marking requirements of § 287(a) apply.

[redacted] Ciba further argued that in contrast to the party in *Amsted*, [redacted] The component sold by Amsted, however, was unpatented and therefore ***not*** covered by the claims of the patent. *Amsted*, 24 F.3d at 185. In fact, Amsted argued that it could not

mark that product because it would violate 35 U.S.C. §292, which prohibits the marking of an unpatented article. *Id.* Thus Ciba's attempt to distinguish the Federal Circuit case law fails.

**2. § 287(a) Applies Even Though Ciba Only Asserts Method Claims**

Ciba's assertion is incorrect, however, because the '766 patent contains both product and process claims.

In *Mosel Vitelic Corp. v. Micron Technology, Inc.*, the court held that "regardless of whether a plaintiff is asserting [process] claims, [product] claims, or both, that party must properly mark its products in order to obtain the benefits of the constructive notice provisions set forth in Section 287." *Mosel Vitelic Corp. v. Micron Tech., Inc.*, C.A. No. 98-449-GMS, 2000 WL 1728351, at *2 (D. Del. Feb. 25, 2000) (emphasis in original) (Ex. A hereto); *see also Philips Elecs. N. Am. Corp. v. Contec*, 312 F. Supp. 2d 649, 651-52 (D. Del. 2004) (holding that plaintiff's argument that it had no duty to mark its products because it was only asserting the process claims of the patents in suit failed as a matter of law). Although the patent at issue in *Mosel* contained both product and method claims, Mosel only asserted the method claims of the patent. *Mosel*, 2000 WL 1728351 at *1. Additionally, Mosel's licensees sold products covered by the claims of the patent in suit, and both Mosel and its licensees could have marked certain products which would have placed the public on notice of the claims of the patents in suit. *Id.* As a result, the court ruled that Mosel had a duty to comply with the notice provision of § 287(a), and because Mosel failed to do so, the court limited its damages to the date of actual notice. *Id.* at *2.

Despite Ciba's statements to the contrary, *Mosel* is directly analogous to the instant case. Similar to the facts in *Mosel*, the '766 patent contains both method and apparatus claims, [REDACTED] Furthermore, as discussed above, Ciba's implied licensees have made and sold products covered by the claims of the '766 patent which Ciba could have marked or required its licensees to mark. Therefore, according to the holding in *Mosel*, Ciba had a duty to comply with § 287(a), and failed to do so. *See Mosel*, 2000 WL 1728351 at *2. As a result Ciba's damages should be limited to the date it provided Hercules with actual notice of infringement. *See id.*

Similarly, this Court's holding in *Philips* is directly applicable to the instant case. In *Philips*, this Court held that a patentee had a duty to mark products covered by the product claims of the patent in suit, even though it was only asserting the process claims of the patent. *Philips*, 312 F. Supp. 2d at 651-52. The patentee in *Philips* made the same argument that Ciba offers in its brief, namely that it is only asserting the method claims of the patent in suit, and therefore had no duty to mark products covered by product claims of the same patent. *Id.* [REDACTED] As discussed above, although Ciba itself did not manufacture or sell the patented product, it impliedly authorized its customers to do so. *See Amsted*, 24 F.3d at 185. Thus, pursuant to § 287(a), the patented paper products were made "for or under" Ciba and represented a "tangible item" which could have been marked. *See id.*; *see also American Med. Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

Nowhere in *Philips* did this Court place any emphasis on the fact that the patentee made or sold the patented article as opposed to a licensee. *See Philips*, 312 F. Supp. 2d at

651-52. The focus of the case was on the existence of a tangible product that could have been marked to provide notice of the patent in suit. *See id.* Moreover, under § 287(a), it is irrelevant whether the patentee or a licensee made or sold that product. Thus, the fact that Ciba's licensee made and/or sold the "tangible item" that could have been marked to provide notice is not a distinction that justifies disregarding this Court's holding in *Philips*.

Ciba had a duty to comply with the notice requirements of § 287(a). It is undisputed that Ciba failed to do so, and thus Ciba cannot rely on the constructive notice provisions of § 287(a).

[redacted]

According to the standard set forth by the Federal Circuit, which this Court adopted in *Philips*, actual notice of infringement requires a "specific charge of infringement by a specific accused product or device" *Philips*, 312 F. Supp. 2d at 652 (citing *Amsted*, 24 F.3d at 187); *see also Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). While this requirement does not mean that the patentee must make an "unqualified charge of infringement" or a threat of suit, the patentee's communication to the alleged infringer must still provide "sufficient specificity regarding its belief that the recipient may be an infringer." *Gart*, 254 F.3d at 1345-46; *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997).

The letter in *Gart* contained a specific reference to two claims of the patent in suit, a specific reference to a product, and noted that the defendant may wish to have its patent counsel examine the patent in suit to determine if a license was necessary. *Gart,* 254 F.3d at 1346. The court ruled that "as long as the communication from the patentee provides sufficient specificity regarding its belief that the recipient may be an infringer, the statutory requirement of actual notice is met." *Id.* The court noted that "from an objective standpoint, the clear inference from the . . . letter's reference to specific claims of the patent, a specific product, and the suggestion that a license under the patent may be needed is that [the patentee] believed the TRACKMAN VISTA infringed claims 7 and 8 of the '165 patent." *Id.* The court held that this letter constituted actual notice. *Id.*

[redacted] For example, the letter in *Gart* referred to specific claims of the patent in suit. *Id.* [redacted] This is evident from the language of the patents themselves, as they disclose non-crosslinked polymers, and distinguish them from the crosslinked polymers disclosed in the patents in suit. (*See* Hercules Opening Brief, Ex. 9 at col. 2, line 4 - col. 3, line 51; Hercules Opening Brief, Ex. 10 at col. 2, line 14 - col. 3, line 53.) [redacted]

---

[3] Ciba sole discussion of these additional patents in its brief was its statement that [redacted]

[redacted]

[redacted]

Determining whether a communication constitutes actual notice, however, "cannot take into consideration the knowledge or understanding of the of the alleged infringer, but must focus on the action of the patentee." *Gart*, 254 F.3d at 1346. [redacted]

[redacted]

[redacted] In both *SRI* and *Amsted*, the Federal Circuit examined letters that the patentee sent to other persons in the same industry as the alleged infringer in determining whether the letter sent to the alleged infringer constituted actual notice. *See SRI*, 127 F.3d at 1470; *Amsted*, 24 F.3d at 186-187. [redacted]

[redacted]

For purposes of actual notice, the focus is on the language of the letters, not on the actions, knowledge, or understanding of the alleged infringer. *See Gart*, 254 F.3d at 1346. [redacted]

## VI. CONCLUSION

For all of the foregoing reasons, Hercules respectfully requests that the Court grant its motion and limit Ciba to an accounting period beginning on May 7, 2004, the date Ciba filed the complaint in this action.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendant Hercules Incorporated*

Dated: February 17, 2006
Public Version Dated: February 27, 2006
721417

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on February 27, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

I hereby certify that on February 27, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780
gcoons@leydig.com
ethompson@leydig.com
gbays@leydig.com

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
tcreel@goodwinprocter.com

*/s/ David E. Moore*

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19801
Telephone: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672306