# EXHIBIT A



Not Reported in F.Supp.2d                                                                                  Page 1

Not Reported in F.Supp.2d, 2000 WL 1728351 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

H
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
MOSEL VITELIC CORP., Plaintiff,
v.
MICRON TECHNOLOGY, INC., Defendant.
MICRON TECHNOLOGY, INC., Counter-Plaintiff,
v.
MOSEL VITELIC CORP. and MOSEL VITELIC, INC., Counter-Defendants.
No. CIV.A. 98-449-GMS.

Feb. 25, 2000.

Lewis H. Lazarus, Richard D. Kirk, Morris, James, Hitchens & Williams, Wilmington, for Mosel Vitelic Corp., United Memories Inc., plaintiffs.
Richard K. Herrmann, Blank, Rome, Comisky & McCauley, Wilmington, for Micron Technology, Inc., defendants.

MEMORANDUM AND ORDER

SLEET, District J.
*1 On January 7, 2000, Micron Technology, Inc. ("Micron") filed several motions for summary judgment in this action for patent infringement. In its first motion, Micron seeks to limit the time period for which Mosel Vitelic Corp. and Mosel Vitelic, Inc. (collectively referred to as "Mosel") can recover monetary damages for any infringement of U.S. Patent Nos. 5,481,581 and 5,245,583 (respectively, "the '581 patent" and "the '583 patent"). These two patents contain both method and apparatus claims. Mosel, however, has elected to assert only the method claims against Micron.

According to Micron, Mosel and its licensees have manufactured or sold products which embody claims of the '581 and '583 patents without marking them as such. See 35 U.S.C. § 287 (1994). Mosel does not contest this assertion. As a result, Micron contends, Mosel's damages period should begin on the dates when it provided Micron with actual notice of the computer company's potentially infringing activities. See *American Medical Sys., Inc. v. Medical Eng'g Corp*, 6 F.3d 1523, 1538-39 (Fed.Cir.1993) (relying on *Devices for Medicine, Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed.Cir.1987)). These dates are undisputed. They are July 31, 1998 for the '583 patent and March 15, 1999 for the '581 patent.

In light of Mosel's failure to properly mark products which would have placed others on notice of the patents in suit and, thus, their method claims, the court will grant Micron's motion for partial summary judgment. See Fed.R.Civ.P. 56(c) (1999) (stating that summary judgment may be "rendered forthwith if ... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

As the Federal Circuit explained in *American Medical Systems*,
The purpose behind the marking statute [35 U.S.C. § 287] is to encourage the patentee to give notice to the public of the patent. The reason that the marking statute does not apply to method claims is that, ordinarily, where the patent is directed to only a method or process[,] there is nothing to mark. Where the patent contains both apparatus and method claims, however, to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obligated to do so if it intends to avail itself of the constructive notice provisions of [S]ection 287(a).

6 F.3d at 1538-39.

In its papers, Mosel does not contest that it and its licensees made or sold tangible items which, if marked, could have provided notice of the asserted method claims of the '581 and '583 patents. Instead, Mosel argues that it is only asserting method claims against Micron. Thus, Mosel argues, this case is distinguishable from *American Medical Systems*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2000 WL 1728351 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

because, there, the plaintiff was asserting both method and apparatus claims against the defendant. *See id* at 1539. The court, however, finds this distinction to be immaterial.

*2 As the *American Medical Systems* court made clear, regardless of whether a plaintiff is asserting method claims, apparatus claims, or both, that party must properly mark its products in order to obtain the benefits of the constructive notice provisions set forth in Section 287. *Id.* at 1538-39. In fact, the only time that the notice provisions of the federal statute do not come into play is when the patent is directed to *only* a method or a process. *See, e.g., Bandag, Inc. v. Gerrard Tire Co., Inc.*, 704 F.2d 1578, 1581 (Fed.Cir 1983) (relying on *Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*, 297 U.S. 387 (1936)); *see also American Medical Sys.*, 6 F.3d at 1538 ("[W]here the patent is directed to *only* a method or process[,] there is nothing to mark.") (emphasis added).

Here, however, the '581 and '583 patents contain *both* method *and* apparatus claims. Moreover, products which embody claims from both of these patents were actually made and sold by Mosel or its licensees. Had these products been properly marked, the public (including Micron) would have been referred directly to either the '581 patent or the '583 patent. *See* 28 U.S.C. § 287(a). As a result, potential infringers (innocent or otherwise) would have been placed on constructive notice of not only the apparatus claims but also the method claims as well.

The Federal Circuit could not have made this point any more clear when it made the following statement in *American Medical Systems*,
Where the patent contains both apparatus and method claims, ... to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obligated to do so if it intends to avail itself of the constructive notice provisions of [S]ection 287(a).

6 F.3d at 1538-39.

As previously discussed, Mosel does not contest that both it and its licensees either made or sold products which, if properly marked, could have placed others on notice of the '581 and '583 patents and, thus, their method claims. Consequently, under *American Medical Systems,* Mosel cannot now avail itself to the constructive notice provisions of the marking statute.

Thus, to the extent that it is able to prove infringement at trial, Mosel may only recover damages for the time period beginning on the date when Micron received actual notice of its potentially infringing activities. Again, these uncontested dates are July 31, 1998 for the '583 patent and March 15, 1999 for the '581 patent.

For these reasons, IT IS HEREBY ORDERED that:

1. The First Motion for Summary Judgment (D.I.490) filed by Micron Technology, Inc. is GRANTED;

2. The relevant damages period for any infringement of U.S. Patent No. 5,481,581 by Micron Technology, Inc. begins on March 15, 1999; and

3. The relevant damages period for any infringement of U.S. Patent No. 5,245,583 by Micron Technology, Inc. begins on July 31, 1998.

D.Del.,2000.
Mosel Vitelic Corp. v. Micron Technology, Inc.
Not Reported in F.Supp.2d, 2000 WL 1728351 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.