## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 04-293 (KAJ) |
| v. | ) ) ) | **PUBLIC VERSION** |
| HERCULES INCORPORATED and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT HERCULES' REPLY BRIEF IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT HOLDING THAT HERCULES
IS NOT PRECLUDED FROM ASSERTING INVALIDITY AND
UNENFORCEABILITY OF THE PATENTS IN SUIT BECAUSE
OF PRIVITY BETWEEN CYTEC AND HERCULES**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

*Attorneys for Defendant
Hercules Incorporated*

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Dated:  February 17, 2006
Public Version Dated:  February 27, 2006
721408

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I.   INTRODUCTION ......................................................................................................... 1

II.  SUMMARY OF ARGUMENT ..................................................................................... 1

III. ARGUMENT ................................................................................................................ 1

    A.  Hercules' Relationship with Cytec Does Not Support Privity ........................... 3

<span style="background:black"> </span>

    C.  Alleged Joint Infringement of a Patent Does Not Establish Privity and
        Impute Assignor Estoppel Among Co-Defendants ........................................... 8

    D.  Balancing of the Equities Does Not Support Privity and Assignor Estoppel
        As to Hercules .................................................................................................... 9

IV.  CONCLUSION .............................................................................................................. 9

## TABLE OF AUTHORITIES

**Federal Cases**

*Acoustical Design, Inc. v. Control Elecs. Co.,*
 932 F.2d 939 (Fed. Cir. 1991) ...........................................................4

*Acushnet Co. v. Dunlop Maxfli Sports Corp.,*
 C.A. No. 98-717-SLR, 2000 U.S. Dist. LEXIS 10123 (D. Del. June 29, 2000) ..............5, 9

*Earth Resources Corp. v. United States,*
 52 U.S.P.Q.2d 1545 (Ct. Cl. 1999) ...................................... *passim*

*Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.,*
 45 F.3d 1550 (Fed. Cir. 1995) ...........................................................3

*Intel Corp. v. U.S. Int'l. Trade Comm'n,*
 946 F.2d 821 (Fed. Cir. 1991) ..................................................... 4, 7-8

*Lear, Inc. v. Adkins,*
 395 U.S. 653 (1969) ...........................................................9

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.,*
 150 F.3d 1374 (Fed. Cir. 1998) ...........................................................4

*Monsanto Co. v. Aventis Cropscience SA,*
 226 F. Supp. 2d 531 (D. Del. 2002) ...........................................................3

*National Cash Register Co. v. Remington Arms,*
 283 F. 196 (D. Del. 1922) ...........................................................8

*Shamrock Techs., Inc. v. Medical Sterilization, Inc.,*
 903 F.2d 789 (Fed. Cir. 1990) ...........................................................4, 7

*Urbain v. Knapp Bros. Mfg. Co.,*
 217 F.2d 810 (6th Cir. 1954) ...........................................................7

*U.S. Appliance Corp. v. Beauty Shop Supply Co.,*
 121 F.2d 149 (9th Cir. 1941) ...........................................................6, 8

*Weyerhaeuser Timber Co. v. Bostitch, Inc.,*
 178 F. Supp 757 (D.R.I. 1959 ) ...........................................................7

## I.    INTRODUCTION

Hercules Incorporated ("Hercules") respectfully submits this Reply Brief in support of its motion for partial summary judgment holding that Hercules is not precluded from asserting invalidity and unenforceability of the patents in suit, and in response to Plaintiff Ciba Specialty Chemicals Corporation's ("Ciba") Answering Brief in Opposition to Hercules' Motion. Ciba contends that Hercules is estopped to assert invalidity and unenforceability of these patents because Hercules is allegedly in privity with Defendant Cytec Industries, Inc. ("Cytec"), which assigned the patents in suit to Ciba. Hercules disagrees, as set forth below.

## II.    SUMMARY OF ARGUMENT

1.    Ciba's brief fails to address the undisputed evidence offered by Hercules that it has no relationship with Cytec which would support a finding of privity.

████████████████████████████████████████████

3.    Allowing Hercules to challenge the validity of the patents in suit furthers public policy. Hercules is prepared to show at trial that the patents in suit are invalid and were procured by inequitable conduct. Clearing the record of such patents is in the public interest.

## III.    ARGUMENT

In its Answering Brief, Ciba spends considerable time reciting "facts" allegedly relevant to the determination of privity. (*See* Ciba Ans. Brief at pp. 4-9.)[1] An overwhelming

---

[1] For purposes of this Reply Brief, "Ciba Ans. Brief " and "Ciba Ans. Brief, Ex. __" refer to Ciba's Answering Brief In Opposition to Hercules' Motion for Partial Summary Judgment Holding Hercules Is Not Precluded From Asserting Invalidity and Unenforceability of the Patents In Suit Because of Alleged Privity Between Hercules and Cytec (D.I. 320), and the exhibits attached thereto, respectively.

number of Ciba's statements, however, are incorrect.[2] 

If it is necessary for the Court to hold an equity trial on the privity issue, the true facts will be established. Hercules and Hercules alone developed the product.

Hercules submits, however, that such an equity trial is not needed. Facts not in dispute regarding the relationship between Hercules and Cytec are sufficient to preclude a finding of privity regardless of any disputed facts regarding product "development" vs. "scale-up." (*See* Hercules Opening Brief at pp. 3-5.)

 This rhetoric ignores the undisputed facts.

---

[2] Hercules directs the Court's attention to Hercules' Answering Brief In Opposition To The Motion Of Ciba For Partial Summary Judgment That the Accused PerForm® System Infringes U.S. Patent Nos. 5,167,766 and 5,171,808 (D.I. 309, filed January 27, 2006), which is fully incorporated herein by reference and sets forth at pp. 10 -11 an accurate discussion of the facts of this case.

[3] For purposes of this Reply Brief, "Hercules Opening Brief" and "Hercules Opening Brief, Ex. ___" refer to Hercules' Opening Brief In Support of Motion For Partial Summary Judgment Holding Hercules Is Not Precluded From Asserting Invalidity and Unenforceability of the Patents In Suit Because of Alleged Privity Between Hercules and Cytec (D.I. 283), and the exhibits attached thereto, respectively.

[4] For purposes of this Reply Brief, "Beall I, Ex. ___" refers to the exhibits attached to the Declaration of L. Scott Beall in Support of Ciba's Motion for Partial Summary Judgment that the Accused Perform® System Infringes U.S. Patent Nos. 5,167,766 and 5,171,808 (D.I. 279-81).

███████ Cytec manufactured Polyflex® for ████████ its distributors. ████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████ *See Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1562 (Fed. Cir. 1995) ("There must be sufficient substance, other than attorney argument, to show that the issue requires trial."(citation omitted)).

Whatever was proposed, offered or discussed between Cytec and Hercules or speculated about by Ciba (*see* Ciba Ans. Brief at p. 3), ████████████████████

████████████████████████████████████████████

██████████████████████████████ Such agreements are insufficient to support privity. *See Earth Res. Corp. v. United States*, 52 U.S.P.Q.2d 1545, 1555-56 (Ct. Cl. 1999). These undisputed facts readily distinguish the present case from *Monsanto Co. v. Aventis Cropscience SA*, where there was an actual partnership agreement and a direct benefit flowing to the party in privity from the assignment of the patents. *Monsanto Co. v. Aventis Cropscience SA*, 226 F. Supp. 2d 531, 540 (D. Del. 2002).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

A.    **Hercules' Relationship with Cytec Does Not Support Privity**

Ciba's argument that *Earth Resources* is not controlling authority misses the point. (*See* Ciba Ans. Brief at p. 13 n.6.) Additionally, Ciba, without explanation, brushes aside the

*Earth Resources* decision on the grounds that it is factually distinguishable from the present case because it involved the question of privity with respect to the U.S. government and not a private party. (*Id.*) The *Earth Resources* court, however, directly addressed this issue and determined that the doctrines of assignor estoppel and privity apply to the United States government in the same fashion as they apply to a private party. *See Earth Resources*, 52 U.S.P.Q.2d at 1550-53. Accordingly, *Earth Resources* cogently analyzes the controlling precedent from the Federal Circuit, and should be very helpful to the Court in applying the law of assignor estoppel/privity to the facts of the present case.

As *Earth Resources* concludes, the financial interrelationship of the estopped assignor and the party alleged to be in privity with the assignor is the key factor in the Federal Circuit's analyses. *Id* at 1555-56. The assignor (typically an inventor of the patent), being precluded from attacking the patent directly himself, cannot indirectly attack it through his corporation or another entity he supports financially. In *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 941 (Fed. Cir. 1991), the assignor/inventor was a principal in the defendant company. In *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 838-39 (Fed. Cir. 1991), the assignor/inventor was a major shareholder and CEO of one of the joint venture partners which were accused of infringement and an active participant in the joint venture which he helped create. In *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1379 (Fed Cir. 1988), the assignor purchased all the stock of the defendant alleged to be in privity, approved the budget for and financed the accused infringing operation. In *Shamrock Techs., Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 794 (Fed. Cir. 1990), the assignor/inventor was Vice President in Charge of Operations for the defendant and owned substantial stock in it.

The *Earth Resources* court properly concluded that financial control was the key factor to a finding of privity in these cases. *See Earth Resources*, 52 U.S.P.Q.2d at 1555-56.

4

Like *Earth Resources*, the undisputed facts in the present case demonstrate that the relationship between Hercules and Cytec is very far removed from the assignor/third party relationships in the Federal Circuit cases cited above. For example, Hercules and Cytec are independent companies and are competitors in the chemical industry. ███████████████ ████████████████████████████ Cytec, which is a spin-off of the former American Cyanamid company, has large polymer manufacturing facilities, and manufactures Perform® SP9232 and numerous other polymeric products for Hercules and many other customers, including Ciba, at these facilities. ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

     Additionally, unlike the cases discussed in *Earth Resources,* Cytec and Hercules do not have an employer/employee relationship ████████████████████████████

███████████████████████████████████████████████

Cytec does not have actual or ownership control over Hercules. ████████ No member from Cytec sits on Hercules' board of directors and Cytec has no control over Hercules' financial or strategic decisions. ████████████████████████████ This evidence remains undisputed by Ciba, and establishes that Hercules and Cytec are not in privity. *See Earth Resources*, 52 U.S.P.Q.2d at 1546-48, 1555-56 (where, after leaving plaintiff's employ the assignor/inventor founded his own company and was president and majority stockholder of that company, the court did not find privity because there was no close financial relationship between assignor's company and the defendant, even though there was a contractual relationship between them); *Acushnet Co. v. Dunlop Maxfli Sports Corp.*, C.A. No. 98-717-SLR, 2000 U.S. Dist. LEXIS 10123, *6-*14 (D. Del. June 29, 2000) (Ex. 2 hereto) (the court found no privity where, after assigning the patent rights, the inventor left

plaintiff's employ to work for defendant, but was not on defendant's Board of Directors, exercised no control over defendant's financial or strategic decisions, and owned an "insignificant number" of defendant's shares).

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ *See Earth Resources*, 52

U.S.P.Q.2d at 1555; *U.S. Appliance Corp. v. Beauty Shop Supply Co.*, 121 F.2d 149, 151 (9th Cir. 1941), (finding no privity where defendant acted independently as a purchaser, and despite a contractual agreement with the manufacturer of the infringing product).

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████ Despite the "e.g." citation, Ciba cites no other cases, and in fact the *Am. Mach.* court found <u>no</u> privity even though the assignor/inventor was a principal shareholder in the co-defendant corporation.

█████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████ Ciba argues incorrectly that ██████████████████████

██████████████████████████████████████████████████ (Ciba

Ans. Brief at p. 12 (emphasis added)) and cites to two cases, *Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810 (6th Cir. 1954) and *Weyerhaeuser Timber Co. v. Bostitch, Inc.*, 178 F. Supp. 757 (D.R.I. 1959). Neither of these cases, however, addressed the issue of privity in the context of assignor estoppel or found such an estoppel. Rather, in both cases the issue of privity was raised in the very different context of whether the court should stay an action before it in view of a co-pending action in a different court. *Urbain*, 217 F.2d at 815; *Weyerhaeuser*, 178 F. Supp. at 760-61.

While Ciba argues that these cases were cited approvingly in *Intel*, they were actually cited only in support of the court's dicta that "an indemnification agreement, in other cases, has alone been enough to find privity." *Intel*, 946 F.2d at 839. According to the Federal Circuit, "[w]hat constitutes 'privity' varies, depending on the purpose for which privity is asserted." *Shamrock*, 903 F.2d at 793. The issue here is assignor estoppel not a stay of proceedings and as the *Earth Resources* court held, an indemnification in the absence of financial control cannot establish privity for assignor estoppel. *Earth Resources*, 52 U.S.P.Q.2d at 1556.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████ In *Intel*, however, the indemnification agreement was merely one of several factors (including financial and corporate control) the court relied upon in finding privity. *See Intel*, 946 F.2d at 839. Moreover, in *Intel*, the indemnification was from the estopped assignor to the third party defendant, and was entered into before the third party agreed to develop the infringing designs and practiced the infringing processes. *Id.* at 838. According to the court, the third party would not have agreed to participate in the joint development project without the indemnification, and thus the assignor's personal guarantee to the third party was "crucial" to the joint development. *Id.*

7

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ The indemnification in *Intel* was offered by the assignor as

part of the initial agreement to have the third party develop and manufacture infringing

products. *Id.* ████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████

## C.     Alleged Joint Infringement of a Patent Does Not Establish
Privity and Impute Assignor Estoppel Among Co-Defendants

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████ Cooperation in the defense of a lawsuit does not provide a basis for finding

privity and imputing assignor estoppel from one co-defendant to another, however. It has

long been recognized and "expressly ruled . . . by the Supreme Court that there is no privity

between joint wrongdoers." *National Cash Register Co. v. Remington Arms*, 283 F. 196, 200

(D. Del. 1922) (citing *Bigelow v. Old Dominion Copper Co.*, 225 U.S. 111, 131 (1912)).

Additionally, in *U.S. Appliance*, the court permitted one defendant to challenge the validity

of the patents in suit, even when the assignor, a co-defendant, was estopped from doing so.

*U.S. Appliance*, 121 F.2d at 151.

**D.     Balancing of the Equities Does Not Support Privity and
Assignor Estoppel As to Hercules**

Allowing Hercules to challenge the patents in suit will not undermine the policy
considerations behind the doctrine of assignor estoppel. Indeed, public policy encourages the
challenge of invalid patents, even by a licensee, and disfavors the repression of competition
by the enforcement of invalid patents. *Lear, Inc. v. Adkins,* 395 U.S. 653, 663-64 (1969) ("It
is as important to the public that competition should not be repressed by worthless patents, as
that the patentee of a really valuable invention should be protected in his monopoly . . . ."
(citations omitted)).

A finding of privity would simply punish Hercules for using Cytec as a toll
manufacturer to compete with Ciba, which the doctrine of assignor estoppel was not designed
to do. *See Acushnet,* 2000 U.S. Dist. LEXIS 10123 at *12.

## IV.     CONCLUSION

Hercules respectfully requests that the Court grant its summary judgment motion
that Hercules and Cytec are not in privity and that Hercules can raise its invalidity and
unenforceability defenses at trial.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By:  */s/ David E. Moore*

Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413
Tel: (202) 408-4000

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: February 17, 2006
Public Version Dated:  February 27, 2006
721408

*Attorneys for Defendant
Hercules Incorporated*

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 27, 2006, the attached document was hand-delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899

I hereby certify that on February 27, 2006, I have Electronically Mailed the foregoing document(s) to the following non-registered participants:

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780
gcoons@leydig.com
ethompson@leydig.com
gbays@leydig.com

Thomas L. Creel, P.C.
Goodwin Procter LLP
599 Lexington Avenue
New York, NY  10022
tcreel@goodwinprocter.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
Telephone:   (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

672306