

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

May 17, 2006

**VIA ELECTRONIC FILING**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

  Re: *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,*
    Civil Action No. 04-293 (KAJ)

Dear Judge Jordan:

  This is in response to Ciba's letter of May 15, 2006 concerning discovery on the community of interest between Cytec and Hercules regarding infringement. There are only two issues.

  The first issue is the scope of the communications to be identified. Cytec offered to provide the requested information about any communication from Cytec to Hercules that relates to possible assistance to Hercules in its defense of invalidity (as well as unenforceability which is not set forth in Interrogatory 6). This would include all communications from the commencement of the first Hercules contact with Cytec about toll manufacturing in the Fall of 2001 to date. (See letter of Cytec's counsel, Exhibit I to Ciba's letter to the Court). Ciba argues this is not broad enough. It wants to include as well such things as communications concerning the scheduling arrangements of a former Cytec employee, Mr. Van Riet, who Hercules had subpoenaed and about the request of Hercules to Cytec, at the request of Ciba, for Cytec to search for pleadings from a litigation between the predecessors of Cytec and Ciba which Ciba said it did not have. These are both non-substantive communications. Such communications have nothing to do with the privity question. Cytec has provided the same courtesies to Ciba when Ciba wanted to schedule witnesses and obtain documents informally.

  Second, Ciba wants Cytec to provide an identification of all communications withheld under the claim of community of interest regarding infringement. We see no reason to change the rules under which all parties have been operating at this late date. The parties, including Ciba, have never produced privilege logs of documents being withheld by any party, pursuant to Ciba's agreement. Indeed, the defendants response to Interrogatory 6 was that the requested communications prepared or received before May 7, 2004, the commencement date of this litigation, would be identified and a privilege log would be exchanged when the parties exchanged privilege logs at an agreed upon date. (Exhibit A hereto)  Ciba has never before

The Honorable Kent A. Jordan
May 17, 2006
Page 2

requested that such a log be prepared, nor sought documents after the commencement date of the lawsuit.

In short, the proper scope of any further discovery should be about what Ciba says was improperly kept from Ciba under the community of interest claim, *i.e.*, documents from Cytec to Hercules which reflect any assistance or furnishing of information on the Hercules validity or unenforceability defenses. This is particularly true because of the short amount of time before trial and the time it would take to compile a list of all withheld communications at this date. Ciba is attempting to unnecessarily interfere with Cytec's trial preparation.

<u>Cytec Has Fully Complied With Its Discovery Obligations,
But Has Agreed to Search Once Again</u>

As shown below, Cytec has already provided complete discovery. Nevertheless, Cytec offered to voluntarily conduct another search about the subject matters complained about at the hearing and to produce anything found.

Ciba represented to the Court at the hearing that Hercules and Cytec are "trying to prove patents are invalid", that "they...communicate behind a veil of privilege and challenge the patents and try to prove them invalid" and that Cytec "maintained [the community of interest on invalidity] consistently throughout the months of discovery that we had." But this is not true. As Mrs. Schultz testified at the hearing, there is no community of interest and never has been between the two companies with regard to Hercules' claims of invalidity and unenforceability. This has consistently been Cytec's position since day one in this litigation.

The only evidence for such allegation presented at the hearing was Cytec's response to Interrogatory 6 (Exhibit A to Ciba's May 15 letter to the Court) and the letter from Cytec's counsel explaining that this response was based on a community of interest (Exhibit D to Ciba's May 15 letter to the Court).

Ciba misquoted Interrogatory 6 and ignores both Hercules' and Cytec's other responses. Interrogatory 6 does not ask for "all communications between Hercules and Cytec relating to invalidity" as Ciba stated. Rather, it asks for all communications relating to invalidity and/or infringement. Cytec properly claimed a community of interest with respect to the communications because they concern infringement. Hercules did the same. Since there have been no communications by Cytec to Hercules providing any information to assist in the Hercules claims of invalidity or unenforceability of the patents, there have been no communications about these subjects for Cytec to identify or withhold. The only thing the Cytec letter did was to confirm that what was being withheld was on the basis of community of interest. Neither the response nor the letter explanation said anything about a community of interest regarding invalidity or unenforceability. Therefore, discovery has been complete.

The Honorable Kent A. Jordan
May 17, 2006
Page 3

Indeed, since the very beginning of this litigation, Cytec has been consistent in saying it takes no position on the Hercules claims of invalidity and unenforceability. Cytec's answer did not have a claim of invalidity or unenforceability. When Ciba requested Cytec's position on invalidity and unenforceability in interrogatories, Cytec stated it had no such position because these were Hercules' defenses. See *e.g.* Cytec response to interrogatory 19 where Ciba asks for Cytec's basis of unenforceability. (Exhibit B hereto) Cytec responded that such information was beyond its possession, custody or control. Hence, no response by Cytec was required. Ciba never asked for any substantive answer to this interrogatory from Cytec.

### The Allied Colloids Communication

The Ciba reference to the production of pleadings from the Allied Colloids, Inc. v. American Cyanamid Co. litigation shows how far removed from the privity issue Ciba's requested discovery really is and how bizarre Ciba's positions are.

Hercules served a document request on Ciba for documents relating to a litigation between Allied Colloids Inc., et al. and American Cyanamid Co., in the Eastern District of Virginia, Civil Docket 92-CV-1658. Allied Colloids was a predecessor of Ciba and American Cyanamid was a predecessor of Cytec. Ciba responded that it had no such documents. Hercules then attempted to obtain these from the District Court in Virginia. However, there was a protective order in place so the documents could not be seen without a Court Order.

Hercules asked Ciba to agree to allow inspection of the Court records. In responding Ciba stated "Of course, the consent of American Cyanamid (or its successor) is needed prior to filing any motion. Please provide us with evidence that you have received such consent." In other words, Ciba asks Hercules to seek Cytec's consent to the motion. (Exhibit C hereto)

Next, Hercules asked whether Ciba would agree to a joint motion to inspect the court files of the Allied Colloids litigation documents and noted that "Cytec has already agreed to this procedure." (Exhibit D hereto). Ciba responded that if it had any documents relating to the Allied Colloids litigation, it would have already produced them. Ciba added that "[s]imilarly, and before proceeding to the Virginia Court to unseal the record, it would seem more expeditious to request the documents directly from Cytec (which we presume is the successor in interest to the business of American Cyanamid Co.) Indeed, if you intend to start with the Trial Exhibits List enclosed with your letter, these documents predominantly came from American Cyanamid." (Exhibit E hereto)

Hercules then requested this Court's assistance to either order Ciba to obtain the records from the Virginia Court or direct Ciba to cooperate in filing a motion in Virginia to allow Hercules to review the documents. Hercules advised this Court that Cytec had agreed to a joint motion to inspect but Ciba refused to do so. Hercules also noted Ciba "insists that Hercules obtain the information from Cytec, even though Cytec has informed Hercules (and Hercules has in turn informed Ciba) that it does not possess the requested information." (Exhibit F hereto)

The Honorable Kent A. Jordan
May 17, 2006
Page 4

      Ciba then sent its "gotcha" letter. Despite having suggested that Hercules contact Cytec to obtain the documents, Ciba asserted "In Hercules' letter to the Court dated September 9, 2005, [Exhibit F hereto] Hercules claims that it has sought information from Cytec regarding the invalidity of the '766 and '808 patents." Of course, since Hercules sought the <u>Allied Colloids</u> litigation documents from Cytec at Ciba's suggestion, not information regarding invalidity, this premise was false. Ciba then stated:

> "In light of Hercules' reliance on such assertedly privileged communications in its September 9, 2005 letter, Ciba requests that defendants waive their asserted privilege and provide full inquiry into the communications between them relating to invalidity of the patents in suit.
>
> As a first step, Ciba requests immediate agreement from defendants to waive asserted privilege and fully respond to Interrogatory No. 6." (Exhibit G hereto)

      It was in this context that Hercules wrote its letter of September 14, 2005 to Ciba, which Ciba attaches as Exhibit F to its May 15 letter to the Court. Ciba claims that this letter shows Hercules was asserting a community of interest for invalidity. Cytec invites the Court to read this letter in the context outlined above. This letter does no more than express dismay at Ciba's position.

> "Hercules disagrees that Hercules' having asked Cytec whether or not it had documents in its possession from the *Allied Colloids* litigation—which Ciba repeatedly told Hercules to do—could *ever* be characterized as seeking "information from Cytec regarding the validity of the '766 and '808 patents" or "reliance on . . . assertedly privileged communications" or could *ever* be a waiver of the Common Interest/Joint Defense Privilege that Hercules and Cytec have consistently asserted in this case. These statements in your letter are mischaracterizations of what Hercules actually said in its September 9, 2005 letter." (emphasis in original).

      The foregoing shows that Hercules first sought the documents from Ciba. After Ciba claimed not to have them, Hercules proposed moving to inspect the Allied Colloids Court records. Ciba requested that Hercules obtain Cytec's approval for the motion. Hercules did so and, consistent with its obligations under the Federal Rules, Cytec did not oppose this request. Ciba later suggested that Hercules should obtain the requested documents directly from Cytec before moving the Virginia Court for them. Hercules did so, and Ciba then complained about it. None of these communications have anything to do with a community of interest or privity.

The Honorable Kent A. Jordan
May 17, 2006
Page 5

### The Van Riet Communication

Ciba also asserts that it "is also aware that Cytec facilitated the deposition of Mr. Van Riet, which is the sole basis for Hercules' claim of unenforceability." Hercules had subpoenaed Mr. Van Riet, a former Cytec employee for a deposition. All Cytec did was to arrange for counsel to represent Mr. Van Riet, as it was required to do for former employees on work-related subjects, and to arrange a deposition site. That too has nothing to do with privity or community of interest. It is the kind of thing all parties to the litigation have routinely done as part of their professional obligations. Indeed, Cytec made its employees available for last week's hearing at Ciba's request, even without any subpoena.

### Cyanatrol Production

Ciba also argues that information concerning Cyanatrol 920-960 was produced by Cytec and "immediately supplemented into Dr. Prud'homme's report to allegedly support 'why the patents-in-suit are invalid.'"

Again, such information does not relate to the privity issue and the statement is factually incorrect. Cytec produced these documents pursuant to <u>Ciba's</u> document requests on August 9, 2005. (Exhibit H) The documents were provided to Hercules pursuant to the agreement of the parties that all production would be provided to all of the parties to the litigation, regardless of which party requested the documents. There was no immediate supplementation by Dr. Prud'homme. His report was five weeks after this production on September 19.

### Conclusion

For the foregoing reasons, Cytec requests that the Court agree that the proper scope of discovery is any communication from Cytec to Hercules that relates to possible assistance to Hercules in its defense of invalidity or unenforceability. This would include all communications from the commencement of the first Hercules contact with Cytec about toll manufacturing in the Fall of 2001 to date. Any other discovery at this point is unnecessary and counter-productive to readying the case for an August trial.

Respectfully Submitted,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

732825/Enclosures
cc:   Clerk of the Court
      Thomas L. Creel, P.C. (w/enc.) (via electronic mail)
      Ford F. Farabow, Esquire (w/enc.) (via electronic mail)
      Eley O. Thompson, Esquire (w/enc.) (via electronic mail)
      Chad M. Shandler, Esquire (w/enc.) (via hand delivery)