# EXHIBIT A

control, as it is directed to "Defendants" and not solely to Hercules.

Subject to and without waiving these objections and its General Objections, Hercules

responds that to the extent it has opinion(s) of counsel concerning the patents-in-suit, Hercules

will identify it(them) on a privilege log, to the extent required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the District of Delaware, to

be provided when the parties exchange privilege logs at an agreed upon future date.

Hercules reserves the right to modify and/or supplement its response to this interrogatory.

## INTERROGATORY NO. 5

Identify all people that are or were knowledgeable concerning the offer and sale of the
patents in suit prior to the execution of such sale, including when such persons became aware of
such activities, with whom such persons communicated about such activities, and when such
communications occurred.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5

Hercules objects to this interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, and/or any other

applicable privilege or immunity. Hercules further objects to this interrogatory for seeking

information outside of Hercules' possession, custody, or control, as this interrogatory concerns

"the offer and sale of the patents in suit prior to the execution of such sale" since Hercules was

not a party to this transaction.

## INTERROGATORY NO. 6

Identify all communications between Hercules and Cytec relating to the validity,
including the providing of any prior art, and infringement of the patents in suit, including
identifying who participated in such communications, when such communications occurred, and
detailing the content of such communications.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6

Hercules objects to this interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, and/or any other

applicable privilege or immunity. Hercules also objects to this interrogatory to the extent it seeks

information concerning communications that occurred on or after the date of filing of this

lawsuit, as such information is not reasonably calculated to lead to the discovery of admissible

evidence.

Subject to and without waiving these objections and its General Objections, Hercules

responds that any communication(s) that would otherwise be produced but is being withheld on

the grounds of an applicable privilege or immunity and dated, prepared or received before the

May 7, 2004, commencement of this lawsuit, will be identified on a privilege log, to the extent

required by the Federal Rules of Civil Procedure and the Local Rules of the United States

District Court for the District of Delaware, to be provided when the parties exchange privilege

logs at an agreed upon future date.

## INTERROGATORY NO. 7

Describe the structure of each of the PerForm® SP products, specifically and separately
describing any branching or cross-linking of the polymer, any testing performed to characterize
the structure of any of the PerForm® SP products, and the Huggins constant of any of the
PerForm® SP products.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7

Hercules objects to this interrogatory to the extent that it seeks information protected

from discovery by the attorney-client privilege, the work-product doctrine, and/or any other

applicable privilege or immunity. Hercules further objects to Ciba's definition of "PerForm® SP

product" to the extent it encompasses products that have not been accused of infringement in this

lawsuit, and are therefore not relevant to any issues in this lawsuit.

Subject to and without waiving these objections and its General Objections, Hercules

responds that its PerForm® SP product(s) is/are not cross-linked and that no cross-linking agent

is used in its/their production. Further information regarding the answer to this interrogatory can

# EXHIBIT B

Interrogatories (from 20 to 40) styled in the caption to its interrogatories, even exclusive of parts and subparts.

3.     Cytec further objects to these interrogatories because they are directed to allegations that may have been made by Hercules.  Cytec cannot respond on behalf of Hercules. Cytec is not under any obligation to obtain information outside of its possession, custody or control to respond   Accordingly, Cytec's responses are limited to Cytec's knowledge.

4.     To the extent that any General Objection is cited in response to a specific interrogatory, those specific citations are provided because they are believed to be particularly applicable to the interrogatory and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

5.     Cytec further notes that these responses are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Cytec's responses thereto.

## CYTEC'S OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 19

With respect to Hercules' allegations, if any, that the patents in suit are unenforceable state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by Hercules to support such allegation.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19

This interrogatory is directed to allegations that may have been made by Hercules.  Cytec objects to this request because it seeks information outside of Cytec's possession, custody or control.  Accordingly, no response by Cytec is required.

-2-

# EXHIBIT C

LAW OFFICES

# LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

JAMES B. MUSKAL
DENNIS R. SCHLEMMER
GORDON R. COONS
JOHN M. ROZAK
MARK E. PHELPS
H. MICHAEL HARTMANN
BRUCE M. GAGALA
CHARLES H. MOTTIER
JOHN KILYK, JR.
ROBERT F. GREEN
JOHN B. CONKLIN
JAMES D. ZALEWA
MARK J. LISS
JOHN M. BELT
BRETT A. HESTERBERG
JEFFREY A. WYAND
PAUL J. KORNICZKY
PAMELA J. RUSCHAU
STEVEN P. PETERSEN
JOHN M. AUGUSTYN
CHRISTOPHER T. GRIFFITH
WESLEY O. MUELLER
JEREMY M. JAY
LYNN A. SULLIVAN
JEFFREY B. BURGAN
ELEY C. THOMPSON
MARK JOY
DAVID M. AIRAN
XAVIER PILLAI
Y. KURT CHANG
GREGORY C. BAYS
STEVEN H. SKLAR
TAMARA A. MILLER
M. DANIEL HEFNER
SALIM A. HASAN
ROGER D. WYLIE

KENNETH R. SPINA
PHILLIP M. PIPPENGER
ANNE L. HATTTHOCK
VLADAN M. VASILJEVIC
CLAUDIA W. STANGLE
PAUL J. FILBIN
JOHN L. GASE
JEREMY C. LOWE
JOHN T. BRETSCHER
ROBERT T. WITTMANN
SHANNON D. SCHEMEL
ANDREW M. ALUL
J. KARL GROSS
SETH A. ROSE
SAUMIL S. MEHTA
JASON T. MURATA
SCOTT H. SCHULHOF
VICTOR L. JONES
AARON R. FEIGELSON
A. WESLEY FERRERBEE
L. SCOTT BEALL
LISA M. KELLY
STEPHEN R. AUTEN
MARK A. NIESS
CAROLINE L. STEVENS
DOUGLAS A. ROBINSON
NANCY J. GETTEL
PETER H. DOMER
JEFFREY H. TURNER
SUSAN L. STEELE
STEPHANIE N. LAWLEY
HURT T. BUECHLE
KEVIN C. PARKS
THOMAS K. McBRIDE, JR
JENNIFER M. DUK
MARCOS P. RIVAS

TWO PRUDENTIAL PLAZA, SUITE 4900
CHICAGO, ILLINOIS 60601-6780
———
(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 381-9385
FACSIMILE: (206) 224-3587

OF COUNSEL
C. FREDERICK LEYDIG
THEODORE W. ANDERSON        JOHN E. ROSENQUIST
JOHN R. BUNDOCK, JR.        CHARLES S. OBLAKOVIC
BERTON SCOTT SHEPPARD       JOHN D. FOSTER

TECHNICAL ADVISORS
HEATHER R. KISSLING         KRISTI A. CALVERT
KRISTEN J. HARRELL          DEREK W. BARNETT
MELISSA E. KOLOM            KATHLEEN H. ILIA-BYCHOWSKI
CARYN C. BOSS-BREEN         FRANCIS J. KOSZYK
RACHEL J. MEJDRICH          ELIZABETH M. CROMPTON
JULIE J. HONG               JASON A. MILLER
RICHARD P. DODSON

ALL RESIDENT IN CHICAGO EXCEPT AS NOTED
*RESIDENT IN WASHINGTON OFFICE    †ADMITTED IN VIRGINIA ONLY
**RESIDENT IN ROCKFORD OFFICE     ‡ADMITTED IN MASSACHUSETTS ONLY
***RESIDENT IN SEATTLE OFFICE

August 5, 2005

*VIA FACSIMILE*
*CONFIRMATION*
*VIA FIRST CLASS MAIL*

Eric J. Fues, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

  **Re: Ciba Specialty Corporation v. Hercules Inc. et al.**
    **C.A. No. 04-293 (KAJ)**

Dear Eric:

  In Eley Thompson's absence from the office, I am responding to your letter of earlier today concerning the *Allied Colloids Inc. et al. v. American Cyanamid Co.* litigation in the U.S. District Court for the Eastern District of Virginia ("the Virginia litigation").

  We had previously requested that you provide us with a copy of the Protective Order entered in the Virginia litigation so that we could evaluate your proposal. You never responded to our request.

  We understand that any attempt to unseal the court documents from the Virginia litigation must be consented to by Ciba Specialty Chemicals Water Treatments Limited ("Water Treatments Limited") and the successor to American Cyanamid. As you know, Ciba Water Treatments is not a named party to this litigation. While Water Treatments Limited is a related company to Plaintiff Ciba Specialty Chemicals Corporation ("Ciba"), we understand Ciba does not have control over Water Treatments Limited. Thus, Ciba must seek the cooperation of Water Treatments Limited on this matter. We do not anticipate any problems in this regard, certainly if the request can be limited to records relating to the specific topics identified in your July 29 letter.

Eric J. Fues, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
August 5, 2005
Page 2

Consent to any process by which Hercules or Hercules' counsel would have access to all of the sealed records from the Virginia litigation, most of which are totally irrelevant to this case, seems inappropriate given that we have neither the Protective Order nor even an understanding as what records still exist. Indeed, much of what you seem to be seeking is obtainable from the opposition proceedings referenced in your letters.

At any rate, we certainly will cooperate and join in any motion, and procedure, before the Virginia court that is necessary to provide Hercules with relevant, targeted discovery. It would make the most sense for you to put together a draft of such a motion for review. Of course, the consent of American Cyanamid (or its successor) is needed prior to filing any such motion. Please provide us with evidence that you have received such consent.

Your August 5 letter also raises the more general issue of discovery from related companies that are not parties to this suit. As an initial matter, while you have broadly raised the issue of discovery from companies related to Ciba, the only related company you specifically identified was Water Treatments Limited. If you have specific concerns with respect to other related companies, please let us know. We are unaware of any other related companies that would have information relevant to the present suit.

If you have any case precedent that would establish that Ciba has "custody or control" of documents in the possession of a related, but unnamed, party like Water Treatments Limited, then let us know and we will reconsider your demands on this issue. In the interim, we are willing to confer with Water Treatments Limited regarding conditions under which it might agree to respond to limited document requests. However, at this time, extensive discovery from a related, but unnamed, party seems inappropriate.

If you have any questions, please let us know.

Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

By: _____
Gregory C. Bays

cc:   Thomas L. Creel, P.C.
      Richard L. Horowitz, Esq.
      Chad M. Shandler, Esq.

# EXHIBIT D



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER**LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

ERIC J. FUES
(202) 408-4245
eric.fues@finnegan.com

August 9, 2005

Gregory C. Bays, Esq.                          VIA FACSIMILE & FEDERAL EXPRESS
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601

    Re:    *Ciba Specialty Chem. Corp. v. Hercules Inc., et al.*
           Civil Action No. 04-293 (KAJ) (D. Del.)

Dear Greg:

    Further to our letters of July 26, July 29, and August 5, as well as numerous prior correspondence, we again write regarding Hercules' request for information concerning Allied Colloids' (and now Ciba's) U.S. Patent No. 4,720,346 (to Flesher *et al.*) ("the Flesher '346 patent"). As you know, Hercules contends that the claims of Ciba's asserted '766 and '808 patents are invalid over the Flesher '346 patent, and that Ciba's patents are unenforceable for failure to cite this prior art during patent prosecution.

    In an August 5 letter, Ciba requested a copy of the Protective Order from a patent case where Ciba's predecessor (Allied Colloids) previously asserted the Flesher '346 patent in litigation, in *Allied Colloids Inc. v. American Cyanamid Co.*, No. 92-CV-1658 (E.D.Va.). Ciba's request is unusual in that both the U.S. and UK businesses of Allied Colloids are now part of Ciba. Hence, you should have been able to easily obtain this information. Nonetheless, to expedite matters, enclosed is a copy of the January 8, 1993 Protective Order, as amended, from the Virginia patent litigation. Also enclosed are copies of Allied Colloids' Amended List of Trial Exhibits and Allied Colloids' Second Amended List of Trial Exhibits.

    Hercules would like to inspect the court files for the Virginia patent litigation, starting with Allied Colloids' trial exhibits. Please indicate by the close of business on <u>Thursday, August 11, 2005</u> whether Ciba will agree to a joint motion to inspect and copy documents from the Virginia patent litigation. Cytec has already agreed to this procedure.

    You also indicated in your August 5 letter that discovery from Ciba Specialty Chemicals Water Treatments Limited (the UK successor to Allied Colloids) "seems inappropriate." We remind you that Ciba has already produced and relied upon testing information concerning the

Gregory C. Bays, Esq.
Leydig, Voit & Mayer, Ltd.
August 9, 2005
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

accused product, PerForm® SP9232, that originated with this UK-based Ciba entity.  We also
identified a host of other reasons in our prior correspondence why discovery from this Ciba
entity is necessary.  Please inform us by the close of business on Thursday, August 11, 2005
whether you will agree to full discovery (including documents responsive to Hercules' document
requests and deposition witnesses) from Ciba Specialty Chemicals Water Treatments Limited.  If
we do not receive Ciba's definitive response by that time, we will have no choice but to bring
this to the attention of the Court.

Sincerely,

Eric

Eric J. Fues

Enclosures

cc:     Thomas L. Creel, P.C. (via facsimile & Enc. by Fed Ex)
        Marta E. Gross, Esq. (via facsimile)
        Richard L. Horwitz, Esq. (via facsimile)
        Gordon R. Coons, Esq. (via facsimile)
        Chad M. Shandler, Esq. (via facsimile)

# EXHIBIT E

LAW OFFICES

# LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

JAMES V. MUSKAL
DENNIS R. SCHLEMMER
GORDON R. COONS
JOHN W. KOZAK
MARK E. PHELPS
M. MICHAEL HARTMANN
BRUCE M. BAGALA
CHARLES H. MÖTTIER
JOHN KILYK, JR.
ROBERT F. GREEN
JOHN B. CONKLIN
JAMES D. ZALEWA
MARK J. LISS
JOHN W. BELZ*
BRETT A. HESTERBERG
JEFFREY A. WYAND*
PAUL J. KORNICZKY
PAMELA J. RUSCHAU
STEVEN P. PETERSEN
JOHN H. AUGUSTYN
CHRISTOPHER T. GRIFFITH
WESLEY O. MUELLER
JEREMY M. JAY*
LYNN A. SULLIVAN
JEFFREY B. BURGAN
ELEY O. THOMPSON
MARK JOY
DAVID M. AIRAN
XAVIER PILLAI
Y. KURT CHANG
GREGORY C. BAYS
STEVEN M. SKLAR
TAMARA A. MILLER
M. DANIEL HEFNER
SALIM A. HASAN
ROGER D. WYLIE***

KENNETH P. SPINA
PHILLIP M. PIPPENGER
ANNE E. NAFFZIGER**
VLADAN M. VASILJEVIC
CLAUDIA W. STANGLE
PAUL J. FILBIN
JOHN L. GABE
JEREMY C. LOWE
JOHN T. BRETSCHER
ROBERT T. WITTMANN
SHANNON D. SCHEMEL*
ANDREW M. ALUL
J. KARL GROSS
SETH A. ROSE
BAUMILE B. MEHTA
JASON T. MURATA
SCOTT H. SCHUAHOF
VICTOR I. SONG
AARON R. FEIGELSON
A. WESLEY FERRENBEE*
L. SCOTT BEALL
LISA K. WILEY
STEPHEN R. AUTEN
MARK A. NIEDS
CAROLINE L. STEVENS
DOUGLAS A. ROBINSON
NANCY J. GETTEL
PETER M. DOMER
JEFFREY H. TURNER
SUSAN L. STEELE
STEPHANIE M. LAWLEY*‡
KURT T. BUECHLE
KEVIN C. PARKS
THOMAS H. McBRIDE, JR.
JENNIFER M. DUK
NARCOS F. RIVAS**

TWO PRUDENTIAL PLAZA, SUITE 4900

CHICAGO, ILLINOIS 60601-6780

———

(312) 616-5600

FACSIMILE: (312) 616-5700

WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1346
(206) 521-5955
FACSIMILE: (206) 224-3857

OF COUNSEL
C. FREDERICK LEYDIG
THEODORE W. ANDERSON      JOHN E. ROSENQUIST
JOHN P. SUNDOCK, JR.*     CHARLES S. OSLAKOVIC**
BERTON SCOTT SHEPPARD     JOHN D. FOSTER*

TECHNICAL ADVISORS
HEATHER R. KISSLING       KRISTI A. CALVERT
KRISTEN J. HARRELL        DEREK W. BARNETT
MELISSA E. KOLOM          KATHLEEN H. HCH-BYCHOWSKI
CARYN C. BORG-BREEN       FRANCIS J. KOSZYK
RACHEL J. MEJORICH        ELIZABETH H. CROMPTON
JULIE J. HONG             JABON A. MILLER
RICHARD P. DODSON***

ALL RESIDENT IN CHICAGO EXCEPT AS NOTED
*RESIDENT IN WASHINGTON OFFICE      ‡ADMITTED IN VIRGINIA ONLY
**RESIDENT IN ROCKFORD OFFICE       ‡‡ADMITTED IN MASSACHUSETTS ONLY
***RESIDENT IN SEATTLE OFFICE

August 23, 2005

*VIA FACSIMILE*
*CONFIRMATION*
*VIA FIRST CLASS MAIL*

Eric J. Fues, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re:   *Ciba Specialty Chemicals Corporation v. Hercules Inc. et al.*
      C.A. No. 04-293 (KAJ)

Dear Eric:

This is response to your letter of August 9, 2005 concerning the *Allied Colloids Inc. and Allied Colloids Limited. v. American Cyanamid Co.* litigation in the U.S. District Court for the Eastern District of Virginia ("the Virginia litigation") and discovery from Ciba Specialty Chemicals Water Treatments Limited ("Water Treatments") of the United Kingdom. As these issues are distinct, we will deal with them separately below.

By way of background, plaintiff Ciba is not the successor in interest to Allied Colloids Limited. Our understanding is that the successor is Water Treatments. Plaintiff Ciba's parent corporation is not the parent of Water Treatments. We represent Water Treatments for the limited purposes of dealing with the issues raised by your August 9 letter. Water Treatments is not subject to jurisdiction in the United States and Water Treatments does not submit to such jurisdiction for any purpose.

**The Virginia Litigation**

As to documents relating to the Virginia litigation which are in the possession, custody, or control of plaintiff Ciba, if any, such documents would have been produced. Similarly, and before proceeding to the Virginia Court to unseal the record, it would seem more expeditious to request the documents directly from Cytec (which we presume is the

Eric J. Fues, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
August 23, 2005
Page 2

successor in interest to the business of American Cyanamid Co.). Indeed, if you intend to
start with the Trial Exhibits List enclosed with your letter, these documents predominantly
came from American Cyanamid.

Additionally, we believe that a substantial amount of information from the Virginia
(and related UK litigation) was made part of the opposition proceedings in the EPO. It is our
understanding that information from such proceedings is publicly available. We believe
Hercules should first exhaust these other sources of documents before resorting to unsealing
the record of the Virginia litigation.

If Hercules nevertheless chooses to proceed with a motion to unseal the record in that
litigation, plaintiff Ciba and Water Treatments would request two things, i.e., (1) protection
under the protective order in the above-referenced Delaware litigation, and (2) a procedure
that will involve limiting the part of the record that is unsealed to specific targeted subjects
relevant to the Delaware litigation. This latter item is probably best addressed by Hercules
specifically identifying the portions of the record that it wishes to have unsealed. Any
process by which Hercules or Hercules' counsel would have access to all of the sealed
records from the Virginia litigation, most of which are totally irrelevant to this case, seems
inappropriate.

**Water Treatments Documents**

In its investigations of the PerForm® product, Plaintiff Ciba occasionally utilized the
resources of the Physical Measurements Lab in Bradford, England which is affiliated with
Water Treatments. As a result, Plaintiff Ciba had possession of several reports relating to
this work in its files, which have been produced in this case.

Water Treatments has agreed to cooperate and provide documents from the Physical
Measurements Lab that relate to the investigations of the PerForm® product and is
cooperating in providing some of its employees, including Malcolm Hawe and Jackie
Cassagranda, for depositions in this case. In cooperating with discovery, Water Treatments
is not waving any of its rights under U.K. law including its right to object to discovery on the
basis of privilege nor consenting to jurisdiction in the United States including in any
Delaware court.

Your letter requests "full discovery" by which you presumably mean to include,
among other things, all Water Treatments documents that would be responsive to all
Hercules' document requests made to plaintiff Ciba. That would present a substantial burden
on Water Treatments, which is neither a parent corporation nor a sister corporation to
plaintiff Ciba. In our August 5 letter, we requested that you provide any case precedent
which would establish that plaintiff Ciba has "custody or control" of the documents of Water
Treatments. You have not provided any such case precedent, nor are we aware of any.

Eric J. Fues, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
August 23, 2005
Page 3

     If you have any questions, please let us know.

                    Very truly yours,

                    **LEYDIG, VOIT & MAYER, LTD.**

          By:

                    Gregory C. Bays

cc:    Thomas L. Creel, P.C.
        Richard L. Horowitz, Esq.
        Chad M. Shandler, Esq.

# EXHIBIT F



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

September 9, 2005

<u>VIA ELECTRONIC FILING</u>
<u>AND HAND-DELIVERY</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

**CONFIDENTIAL - PURSUANT
TO PROTECTIVE ORDER**

Re:   *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,*
      Civil Action No. 04-293(KAJ)

Dear Judge Jordan:

        We write on behalf of defendant Hercules Incorporated ("Hercules") regarding ongoing discovery disputes that Hercules has with plaintiff Ciba Specialty Chemicals Corporation ("Ciba"). Hercules seeks: (1) access to litigation documents involving the predecessor companies of plaintiff Ciba and defendant Cytec Industries, Inc. ("Cytec") in the case of *Allied Colloids Inc. v. American Cyanamid Co.*, Civ. Action No. 92-CV-1658 (E.D.Va.), where Allied Colloids asserted U.S. Patent No. 4,720,346 (to Flesher *et al.*) ("the Flesher '346 patent"); and (2) to have Ciba procure discovery from Ciba Specialty Chemicals Water Treatments P.L.C. ("Ciba UK"), a sister company that has interjected itself into the current dispute with Hercules on numerous occasions. The discovery from the *Allied Colloids* litigation is relevant to invalidity, unenforceability, and claim construction issues, and discovery from Ciba UK relates to these issues and also to Ciba's pre-suit testing of the accused product, PerForm® SP9232.

<u>Ciba Refuses to Produce or Allow Access to *Allied Colloids* Documents</u>

        Allied Colloids Inc. and Allied Colloids Ltd.[1] asserted the Flesher '346 patent and another patent against American Cyanamid in the *Allied Colloids* litigation. When Allied Colloids filed its complaint, the applications that matured as the '766 and '808 patents-in-suit were still pending before the United States Patent & Trademark Office ("PTO"). Moreover, the *Allied Colloids* complaint averred that American Cyanamid, who prosecuted the '766 and '808 patents, had knowledge of the Flesher '346 patent. (*See* Allied Colloids' Complaint, ¶ 9.) In 2000, American Cyanamid's successor, Cytec, sold its water treatment business to Ciba and assigned the '766 and '808 patents (among others). Ciba sued Hercules and Cytec for alleged infringement of the '766 and '808 patents in 2004.

---

        [1] Plaintiff Ciba is the successor to Allied Colloids Inc. and Ciba UK is successor to Allied Colloids Ltd.

The Honorable Kent A. Jordan
September 9, 2005
Page 2

Hercules has alleged that the Flesher '346 patent, as well as other prior art, invalidates the '766 and '808 patents and renders these patents unenforceable due to the failure of prosecuting attorney Frank Van Riet, and others at American Cyanamid owing a duty of candor during patent prosecution, to bring this prior art to the PTO's attention. Hercules explained these allegations in its recently-filed Amended Answer. (*See* Ex. B, Amended Answer at Counterclaim ¶¶ 16-77.) Discovery from the *Allied Colloids* litigation relates to American Cyanamid's and Mr. Van Riet's prior knowledge of the Flesher '346 patent, assertions by Allied Colloids regarding the scope and content of this prior art, and potential inventor testimony. Hercules' Document Request Nos. 39-40, 43, 81, and 110 request this information. (*See* Exs. C, D, E.)

Hercules has been requesting discovery concerning the *Allied Colloids* litigation and the Flesher '346 patent since January of this year. (*See* Ex. C, Hercules' Doc. Req. Nos. 39-41, 43.) Ciba initially objected to providing discovery regarding patent invalidity or unenforceability based on assignor estoppel arguments against Cytec that Ciba inappositely attempted to extend to Hercules. Ciba later claimed that it did not possess the *Allied Colloids* documents. Hercules has sent over ten letters to Ciba seeking production of, or access to, these records. (*See* Ex. F.)

Because Ciba refused to produce this information, Hercules sought it from the court files of the United States District Court for the District of Virginia. But much of this record remains sealed. Consequently, Hercules drafted a joint motion for Ciba and Cytec to sign (as successors to Allied Colloids Inc. and American Cyanamid) that would have allowed Hercules to inspect and copy the *Allied Colloids* court files. (*See* Ex. G, Letter dated Aug. 29, 2005 attaching proposed Joint Motion and Agreed Order.) Cytec has agreed to this joint motion but Ciba refuses to do so. Ciba also refuses to draft an alternative motion and insists that Hercules obtain the information from Cytec, even though Cytec has informed Hercules (and Hercules has in turn informed Ciba) that it does not possess the requested information.

Hercules respectfully requests that the Court order Ciba to promptly obtain the court record from the *Allied Colloids* litigation (where Ciba's predecessor was a named party), or direct Ciba to cooperate in filing, within one week, a motion in the Virginia federal district court that would allow Hercules to inspect and copy the *Allied Colloids* litigation documents.

<u>Ciba Refuses to Procure Discovery from Ciba UK</u>

Ciba has used the facilities of Ciba UK to test PerForm® SP9232. Ciba UK has issued a number of technical reports regarding its pre-suit testing, and Ciba has relied on those reports in responding to interrogatories. Further, Ciba's testifying expert, Dr. Robert Gilbert, discussed the Ciba UK testing in his expert report and has had at least one lengthy teleconference with personnel from Ciba UK regarding this testing.

Hercules has requested that Ciba provide discovery from Ciba UK related to PerForm® SP9232 and its testing of it, including email, correspondence, notebooks, and polymer samples (the latter for inspection) from Ciba UK. This information is responsive to at least Hercules' Document Request Nos. 8-9, 77, 82, and 84-85. (*See* Exs. C, D, I.) Ciba has only offered a sub-set of this information, specifically information from the Physical Measurements Laboratory of

The Honorable Kent A. Jordan
September 9, 2005
Page 3

Ciba UK, which is insufficient because it would not capture all of the information that Ciba UK has regarding the testing of PerForm® SP9232.

Hercules has also requested that Ciba provide discovery from Ciba UK for Hercules' invalidity and unenforceability claims and defenses regarding:

- The technology described in the Flesher '346 patent, U.S. Patent No. 4,528,321 (to Allen *et al.*) ("the Allen '321 patent"), and their foreign counterparts, all of which were developed by Allied Colloids, Ltd. (*See* Exs. C, D, E, Hercules' Doc. Req. Nos. 39, 81, 99-100, 108-109, and 113-114.)

- The opposition proceeding involving a European counterpart of the Flesher '346, including internal documentation related to that proceeding. (*See* Ex. E, Hercules' Doc. Req. Nos. 101-102.)

- An ongoing opposition proceeding involving the European counterpart of the '766 patent-in-suit, which is owned by Ciba UK. (*See* Ex. C, Hercules' Doc. Req. No. 27.) The parties submitted extensive testing during that proceeding concerning the disclosures of the Flesher '346 patent and the Allen '321 patent. This information also is relevant because it could directly refute assertions made by Ciba's expert Dr. Gilbert regarding the teachings of these prior art patents.

Ciba has refused to provide this discovery. It is fundamentally unfair for Ciba to rely on limited discovery from Ciba UK to support its infringement contentions, but to shield from discovery other Ciba UK information relating to Hercules' invalidity and unenforceability claims.

When documents are sought from a corporation affiliated with a party litigant, the court can order production of those documents under Federal Rule 34 if that litigant has control or shares control over those documents. *See Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 129-30 (D. Del. 1986) (holding a litigant had "control" over a non-party's documents based on the close relationship of their corporate structures, the non-party's connection to the issue, and the degree to which the non-party would benefit from an award in the case).

Plaintiff Ciba and Ciba UK are ultimately wholly owned by Ciba Specialty Chemicals Holding Inc., which issues consolidated financial reports and states in its SEC filing that its "Water & Paper Treatment" business, which includes both Ciba and Ciba UK, "is managed as an integrated global business." (Ex. H at H4, H6, H7, and H9.) These companies are part of a unified business entity such that Ciba can exercise control over the documents at issue. *See Alcan Int'l Ltd. v. S.A. Day Mfg. Co., Inc.*, 176 F.R.D. 75, 78 (W.D.N.Y. 1996) (compelling production of documents in the possession of litigant's foreign sister corporation because they were "corporate members of a unified worldwide business entity . . . under common control"). Indeed, Ciba has requested testing of PerForm® in the UK, distributing its request to Ciba employees in the U.S., the UK, and Switzerland (CH). (*See* Ex. J.) Accordingly, Hercules respectfully requests that the Court order Ciba to procure the Ciba UK discovery.

The Honorable Kent A. Jordan
September 9, 2005
Page 4

Respectfully,

Richard L. Horwitz

698454
Enclosures

cc:    Thomas L. Creel, P.C.
       Ford F. Farabow, Esq.
       Joann M. Neth, Esq.
       Gordon R. Coons, Esq.
       Chad M. Shandler, Esq.

# EXHIBIT G

LAW OFFICES

# LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

TWO PRUDENTIAL PLAZA, SUITE 4900
CHICAGO, ILLINOIS 60601-6780

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

JAMES B. MUSKAL
DENNIS R. SCHLEMMER
GORDON B. COONS
JOHN W. KOZAK
MARK E. PHELPS
H. MICHAEL HARTMANN
BRUCE M. GAGALA
CHARLES H. MOTTIER
JOHN SILYK, JR.
ROBERT F. GREEN
JOHN B. CONKLIN
JAMES D. ZALEWA
MARK J. LISS
JOHN M. BELZ*
BRETT A. HESTERBERG
JEFFREY A. WYAND*
PAUL J. KORNICZKY
PAMELA J. RUSCHAU
STEVEN P. PETERSEN
JOHN M. AUGUSTYN
CHRISTOPHER T. GRIFFITH
WESLEY O. MUELLER
JEREMY M. JAY*
LYNN A. SULLIVAN
JEFFREY B. BURGAN
ELEY O. THOMPSON
MARK JOY
DAVID M. AIRAN
XAVIER PILLAI
Y. KURT CHANG
GREGORY C. BAYS
STEVEN H. SKLAR
TAMARA A. MILLER
M. DANIEL HEFNER

SALIM A. HASAN
ROGER D. WYLIE***
KENNETH R. SPINA
PHILLIP M. PIPPENGER
ANNE E. NAFFZIGER**
VLADAN M. VASILJEVIC
CLAUDIA W. STANGLE
PAUL J. FILBIN
JOHN L. GASE
JEREMY G. LOWE
JOHN T. BRETSCHER
ROBERT T. WITTMANN
J. KARL GROSS
SETH A. ROSE
SAUMIL S. MEHTA
JASON T. MURATA
SCOTT H. SCHULNHOF
AARON R. FEIGELSON
L. SCOTT BEALL
LISA K. KELLY
STEPHEN R. AUTEN
KARA A. NIEDS
CAROLINE L. STEVENS
DOUGLAS A. ROBINSON
NANCY J. GETTEL
PETER H. DOMER
JEFFREY N. TURNER
SUSAN L. STEELE
STEPHANIE M. LAWLEY**
KURT T. BUECHLE
KEVIN C. PARKS
THOMAS K. MCBRIDE JR
JENNIFER M. DUK
MARCOS P. RIVAS**

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D C 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8015
(815) 963-7661
FACSIMILE: (815) 963-7864

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 621-9985
FACSIMILE: (206) 224-3607

OF COUNSEL

C. FREDERICK LEYDIG          JOHN E. ROSENQUIST
THEODORE W. ANDERSON    CHARLES S. OSLAKOVIC—
JOHN P. SUNDOCK, JR.*         JOHN D. FOSTER*
BERTON SCOTT SHEPPARD

TECHNICAL ADVISORS

KRISTEN J. HARRELL          DEREK W. BARNETT
MELISSA E. KOLOM            KATHLEEN H. HELMBYCHOWSKI
CARYN C. BORG-BREEN       FRANCIS J. KOSZYK
RACHEL J. MEJDRICH          ELIZABETH M. CROMPTON
JULIE J. HONG                    JASON A. MILLER
RICHARD F. DODSON***       ELIZABETH A. LITZINGER

ALL RESIDENT IN CHICAGO EXCEPT AS NOTED
*RESIDENT IN WASHINGTON OFFICE    ^ADMITTED IN VIRGINIA ONLY
**RESIDENT IN ROCKFORD OFFICE    #ADMITTED IN MASSACHUSETTS ONLY
***RESIDENT IN SEATTLE OFFICE

September 12, 2005

*VIA FACSIMILE*
*CONFIRMATION BY FEDEX*

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Thomas L. Creel, P.C.
Marta E. Gross, Esq.
Goodwin Proctor LLP
599 Lexington Ave.
New York, NY 10022

**Re:    Ciba Specialty Corporation v. Hercules Inc. et al.
         C.A. No. 04-293 (KAJ)**

Dear Ford, Joann, Thomas and Marta:

In Hercules' letter to the Court dated September 9, 2005, Hercules claims that it has sought information from Cytec regarding the invalidity of the '766 and '808 patents.

Ciba has previously asked defendants to identify all of their communications over time relating to challenging the validity of the patents. (See Ciba's Interrogatory No. 6 to each of the defendants.) Both defendants refused to provide any information in response on the basis of community of interest privilege between them, both before and after the filing of

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Thomas L. Creel, P.C.
Marta E. Gross, Esq.
September 12, 2005
Page 2

the lawsuit. In light of Hercules' reliance on such assertedly privileged communications in its September 9, 2005 letter, Ciba requests that defendants waive their asserted privilege and provide full inquiry into the communications between them relating to invalidity of the patents in suit.

As a first step, Ciba requests immediate agreement from defendants to waive asserted privilege and fully respond to Interrogatory No. 6.

Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

By: _____

Eley O. Thompson

cc:    Richard L. Horowitz, Esq.
       Chad M. Shandler, Esq.

# EXHIBIT H

# GOODWIN | PROCTER

Donny S. Vermut
212.459.7385
dvermut@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800
F: 212.355-3333

<u>**ORIGINAL AND ATTACHMENTS VIA FEDEX**</u>
<u>**COPY VIA FACSIMILE**</u>

August 9, 2005

Gregory C. Bays, Esq.
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780

Re:    <u>**Cytec Document Production (CYT0009258-CYT0010377)**</u>

Dear Mr. Bays:

Enclosed please find Cytec Industries, Inc.'s production of documents (CYT0009258-
CYT0010377) in response to Ciba Specialty Chemicals Corporation's First and Second Requests
for Production of Documents and Things.  The vast majority of documents have been designated
as confidential or highly sensitive and should be treated accordingly.  Additionally, please note
that Cytec has sent two rounds of samples over the past week to designated individuals at Ciba
and Hercules.

Sincerely,

Donny Vermut

Donny S. Vermut