### RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHAD M. SHANDLER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7836
SHANDLER@RLF.COM

May 19, 2006

**VIA ELECTRONIC FILING**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

> **Re:**   *Ciba Specialty Chemicals Corporation v. Hercules, Inc. and Cytec Industries, Inc.*, C.A. No. 04-293 (KAJ)

Dear Judge Jordan:

This is in response to Cytec's letter of May 17, 2006 relating to the misleading assertions of common interest privilege, and the failure to provide complete discovery.

Cytec does not contest, because it cannot, that Ciba's letter of May 13, 2005 requested specifically whether Cytec asserted common interest privileged relating to invalidity, and only invalidity. (See D.I. 373 at Ex. C.) Infringement is not mentioned in the letter and no inquiry was made relative to infringement. Cytec's response to the inquiry about invalidity was an unmistakable assertion of community of interest privilege as to invalidity. (See D.I. 373 at Ex. D; PHX 98.) The Defendants' assertion of common interest privilege as to invalidity was confirmed when Ciba asked about the Defendants' communications regarding identifying and investigating the Flesher '346 litigation, *Allied Colloids, Inc. v. American Cyanamid Co.* (now Cytec). Nevertheless, in its letter of May 15, 2006, Cytec attempts to mischaracterize and obfuscate the events surrounding this matter. Ciba never played "gottcha" as Cytec now pejoratively portrays. Ciba was never included in any communication between the Defendants to identify the Flesher '346 litigation as having invalidity information or any communications about locating specific documents. These communications were done in secret and have never been identified or investigated to determine the true extent of Cytec's involvement in the invalidity investigations. Cytec was the party with the inside information relating to the Flesher '346 litigation. Ciba merely asked if the Defendants maintained their common interest privilege relative to invalidity or wished to waive it. The response was that such communications were privileged under what Hercules called the "Common Interest/Joint Defense Privilege that Hercules and Cytec have consistently asserted in this case." (See D.I. 373 at Ex. F.) The invalidity defense in this case is now based in part on documents from the Flesher '346 litigation. (See, e.g., Ex. A hereto, Hercules' Trial Exhibit List at HTX 146, 156, etc.)

The Honorable Kent A. Jordan
May 19, 2006
Page 2

Apparently emboldened by a belief that it can continue to work to prove the patents invalid through Hercules, Cytec has listed Cynatrol documents on its trial exhibit list. (See Ex. B hereto, Cytec's Trial Exhibit List at Cytec 8, 9, etc.) As pointed out in Ciba's May 15, 2006 letter, Dr. Prud'homme relied on the very same Cynatrol documents listed on Cytec's exhibit list to assert that the patents are invalid. Cytec also lists Rod Ryles (a named inventor) and Dr. Prud'homme as witnesses in apparent support its invalidity case at trial. Cytec does not deny that the Cynatrol documents were developed in joint effort and communication with Hercules. All these communications occurred and were shielded from investigation by Ciba under the claims of joint privilege, which derived from the common business interest in continuing to sell the Perform products.

Cytec further argues in its May 17, 2006 letter to the Court that it should only be required to provide communications "from Cytec to Hercules." (See, e.g., D.I. 376 at pp. 1, 5.) This is inappropriate because many of the communications were from Hercules to Cytec telling Cytec to go and search for documents that would help the invalidity and unenfoceability defenses. Indeed, as made readily apparent from Cytec's positions, in an effort to continue to conceal communications, Cytec claims that searching for invalidity and unenforceability information for the mutual benefit of the Defendants is not discoverable because it is not substantive or may have related to infringement. The only way to properly address such distinctions is to have all of the communications identified so they may be properly examined.

Cytec also attempts to limit Ciba's discovery because of the "short amount of time before trial." (See D.I. 376 at p. 2.) The lack of reasonable time prejudices Ciba, not Cytec and Hercules -- the parties using privilege as a shield during discovery and a sword at a hearing/trial. *Pack v. Beyer*, 157 F.R.D. 219, 224 (D.N.J. 1993); *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 779 F.Supp. 1429, 1485 n.43 (D.Del. 1991); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 577 (1st Cir. 1989) (party not permitted to shield itself and then "impale her accusers with surprise testimony at trial"). Here, the Defendants' improper use of privilege in this case has substantially prejudiced Ciba both in preparing for trial and in presenting its case at the May 8-9 hearing.

Cytec's additional argument that there should be no identification of the communications because of an alleged agreement that there would not be logs is misplaced. During discovery, Ciba was operating on the basis of Defendants' blanket assertion of privilege. There was no discussion that Cytec and Hercules would be making a distinction between communications relating to invalidity and unenforceability on the one hand, and infringement on the other. Certainly, no agreement was ever reached or discussed in this regard.

The Honorable Kent A. Jordan
May 19, 2006
Page 3


       For the foregoing reasons, Ciba respectfully reiterates its request that the Court grant the relief sought in our May 15, 2006 letter.


Respectfully,

Chad M. Shandler (#3796)

cc:     Clerk of Court (Via E-Filing)
        Richard L. Horwitz, Esq. (Via E-Filing and Hand Delivery)
        Thomas L. Creel, Esq. (Via Facsimile)
        Joann M. Neth, Esq. (Via Facsimile)
        Ford F. Farabow, Esq. (Via Facsimile)
        Eley O. Thompson, Esq. (Via Facsimile)