## RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JEFFREY L. MOYER

DIRECT DIAL NUMBER
302-651-7525
MOYER@RLF.COM

May 15, 2006

REDACTED - PUBLIC VERSION

**VIA E-FILING AND HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

Re:    Ciba Specialty Chemicals Corporation v. Hercules, Inc. and Cytec
         Industries, Inc., C.A. No. 04-293 (KAJ)

Dear Judge Jordan:

Pursuant to the Court's direction on May 9, 2006 at the conclusion of the privity hearing, we write on behalf of Ciba Specialty Chemicals Corp. ("Ciba") regarding Cytec Industries, Inc.'s ("Cytec's") misleading assertions of common interest privilege and the failure to provide complete discovery. Ciba seeks (1) full and complete responses to its Interrogatory Nos. 6 and 9 including a listing of any communications withheld as privileged, and (2) production of all documents responsive to such interrogatories. After attempting to reach agreement, the dispute primarily regards Cytec's assertion that there were no such communications and Cytec's refusal to list communications maintained as privileged so that Ciba may determine which it may wish to challenge.

Background:

Interrogatory No. 6 requested, inter alia, "all communications between Hercules and Cytec relating to the validity" of the patents in suit, in addition to infringement. (See Cytec's Responses to Interrogatories; PHX 97, Attachment A.) Interrogatory No. 9 sought the identity of all individuals and documents relating to any answers to interrogatories. (Id.) Document Request Nos. 40, 49 and 55 sought all documents to or from Hercules concerning, inter alia, validity and enforceability. (See Cytec's Responses to Document Requests. Nos. 40, 49 and 55; Attachment B.) In all instances, Cytec asserted privilege and no communications, individuals or documents were produced or identified with regard to

The Honorable Kent A. Jordan
May 15, 2006
Page 2

defendants' communications regarding invalidity or unenforceability or Cytec's efforts at developing information to advance such challenges.

In May 2005, Ciba challenged Cytec's assertion of community of interest privilege stating that "[t]his interrogatory concerned communications between Defendants concerning validity." (See Mr. Thompson's letter of May 13, 2005; Attachment C.) Ms. Gross responded stating that "[t]he assertion of privilege is based on community of interest between Hercules and Cytec with regard to the patents-in-suit…" (See Ms. Gross's letter of May 24, 2005; PHX 98, Attachment D.)

Later, Ciba became aware of Cytec and Hercules communicating regarding the Flesher '346 litigation involving American Cyanamid Co. (now Cytec) captioned as *Allied Colloids Inc. v. American Cyanamid Co.* According to Hercules, the Flesher '346 patent is the centerpiece of the invalidity and unenforceability defenses in this case. On September 12, 2005, Ciba asked that the defendants provide complete responses to Interrogatory No. 6 based on such information and requested that Hercules and Cytec "waive" their common interest privilege as to invalidity. (See Mr. Thompson's letter of September 12, 2005; Attachment E.) While admitting that Hercules had asked Cytec whether Cytec had documents from the Flesher '346 litigation, Ms. Neth asserted that such communications would not be a waiver of the "Common Interest/Joint Defense Privilege that Hercules and Cytec have consistently asserted in this case." (Ms. Neth's letter of September 14, 2005; Attachment F.) Ms. Neth further asserted that she failed to see how such inquiries between Cytec and Hercules "could *ever* be characterized as seeking information from Cytec regarding the validity or the '766 and '808 patents." (Id., emphasis original.)

As a result of the consistent assertion of common interest privilege in regard to such validity and enforceability communications and the mining of such information, Ciba accepted the position of the defendants that they asserted a common interest privilege that covered all of their communications without exception. However, on May 9, 2006, Ms. Schultz of Cytec testified upon the urging of Hercules' counsel that there was not common interest privilege relating to validity or enforceability. (See Privity Hearing Transcript at B-72, Attachment G.)

Discussion:

Pursuant to the Court's direction, Ciba asked Cytec whether it would agree to fully and completely respond to Interrogatory Nos. 6 and 9 and provide all related documents. (See Ciba's letter of May 12, 2006; Attachment H.) Cytec's response was "there have been no communications by Cytec to Hercules providing any information to assist Hercules claims of invalidity or unenforceability of the patents [and] there have been no communications about these subjects for Cytec to identify or withhold." (See Cytec's letter of May 15, 2006;

RLF1-3014291-1

The Honorable Kent A. Jordan
May 15, 2006
Page 3

Attachment I.)  Based on such premise, Cytec agreed to supplement.  But, Cytec would only agree to identify communications it deemed to be invalidity and unenforceability communications.  Of course, defendants take the position that most of their communications and mining of information are not related to "invalidity" or "unenforceability" under the interrogatories and document requests.

As noted above, in connection with the Flesher '346 patent and the related litigation, the defendants took the position that such communications were not about invalidity.

There are likely many other communications between Hercules and Cytec directed to developing and mining information for the purpose of challenging the validity or enforceability of the patents.  Since Cytec had asserted a blanket privilege relating to all communications between it and Hercules, Ciba never asked for all of the communications to be identified.  Certainly, as evidenced relative to the Flesher '346 litigation matter, the parties may disagree whether a given mining effort or other activity is for the purpose of invalidity and unenforceability, or for infringement.

For these reasons, Ciba requested Cytec's agreement to identify all communications with Hercules so that Ciba could identify which of the communications Ciba might challenge as being directed to validity and enforceability (and thereby not privileged under the recent testimony of Ms. Schultz).  Cytec refused.  Cytec's position is that it should determine which communications to identify and Ciba should not be able to check or confirm Cytec's decisions.  Without such checks and as evidenced in regard to the Flesher, Cynatrol and Van Reit situations, Ciba will be told that there are no communications and Ciba will not be able to make any confirmation.

Conclusion and Request For Relief:

For the foregoing reasons, Ciba requests that this Court compel Cytec to provide the following:

RLF1-3014291-1

The Honorable Kent A. Jordan
May 15, 2006
Page 4

(1) full and complete responses to Interrogatory Nos. 6 and 9 including as regards invalidity and unenforceability communications with Hercules (such as communications toward mining information for challenging the patents) regardless of whether such communications were verbal, by telephone, by email, or in any other form recorded.

(2) production of all documents regarding invalidity and unenforceability communications with Hercules (such as communications toward mining information for challenging the patents) as requested, for example, in Document Request Nos. 40, 49, 55.

To the extent there are any communications or documents asserted to be privileged, Ciba requests the Court to direct Cytec to describe such communications and documents so that Ciba may be permitted to evaluate whether such communications relate only to infringement or encompass other topics such as invalidity and unenforceability. Ciba further requests that the responses be current through their production and that the responses cover all individuals at Cytec, including Ms. Schultz, Ms. Gross and others communicating with Hercules.

Respectfully submitted,

*Jeffrey L. Moyer /def (#4395)*

Jeffrey L. Moyer (#3309)

cc:    Clerk of Court (Via E-Filing and Hand Delivery)
       Thomas L. Creel, Esq. (Via Facsimile)
       Ford F. Farabow, Jr., Esq. (Via Facsimile)
       Richard L. Horowitz, Esq. (Via E-Filing and Hand Delivery)

RLF1-3014291-1