# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) | |
| Plaintiff, | ) ) ) | C. A. No. 04-293 (KAJ) |
| v. | ) ) ) | *JURY TRIAL DEMANDED* |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) ) | |

### CYTEC'S RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-9)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Cytec Industries, Inc. ("Cytec") hereby responds to the First Set of Interrogatories (Nos. 1-9) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Cytec's responses to these interrogatories, including any documents to be produced, are based upon reasonable and diligent inquiry and the best knowledge or information known or readily available to Cytec as of the date of this response. Further investigation may reveal additional responsive information and documents. Cytec reserves the right to continue discovery and investigation into this matter and to present at trial or otherwise, in accordance with the Federal Rules of Civil Procedure, additional information discovered after the date of this response. Cytec therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.

PHX097

Item Code: XB-10F

1

seeks information outside of Cytec's possession, custody, or control, as it is directed to "Defendants" and not solely to Cytec.

Subject to and without waiving these objections and its General Objections, Cytec responds that to the extent it has relied upon opinion(s) of counsel concerning the patents-in-suit, Cytec will identify them on a privilege log, to the extent required by the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Delaware, to be provided when the parties exchange privilege logs at an agreed upon future date.

Cytec reserves the right to modify and/or supplement its response to this interrogatory.

**INTERROGATORY NO. 5**

Identify all people that are or were knowledgeable concerning the offer and sale of the patents in suit prior to the execution of such sale, including when such persons became aware of such activities, with whom such persons communicated about such activities, and when such communications occurred.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5**

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to this interrogatory as unduly burdensome and overly broad for seeking information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Ciba, as the purchaser of the patents-in-suit, is already in possession of such information relating to the negotiations for the patents-in-suit.

**INTERROGATORY NO. 6**

Identify all communications between Hercules and Cytec relating to the validity, including the providing of any prior art, and infringement of the patents in suit, including identifying who participated in such communications, when such communications occurred, and detailing the content of such communications.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6**

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec also objects to this interrogatory to the extent it seeks information concerning communications that occurred on or after the date of filing of this lawsuit, as such information is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and its General Objections, Cytec responds that any communication(s) that would otherwise be produced but is being withheld on the grounds of an applicable privilege or immunity and dated, prepared or received before the May 7, 2004 commencement of this lawsuit, will be identified on a privilege log, to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, to be provided when the parties exchange privilege logs at an agreed upon future date.

**INTERROGATORY NO. 7**

Describe the structure of each of the PerForm® SP products, specifically and separately describing any branching or cross-linking of the polymer, any testing performed to characterize the structure of any of the PerForm® SP products, and the Huggins constant of any of the PerForm® SP products.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7**

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit, and are therefore not relevant to any issues in this lawsuit.

-10-

Subject to and without waiving these objections and its General Objections, Cytec responds that Hercules' PerForm® SP product(s) which is/are manufactured by Cytec is/are not cross-linked and that no cross-linking agent is used in its/their production.

## INTERROGATORY NO. 8

For each of the PerForm® SP products, specify all of the steps utilized in the process or processes used to manufacture each product, specifically and separately addressing each sequential step of the process(es), including identifying the raw materials used in each step, the manufacturer or supplier from whom each of the raw materials is/was obtained, and the reaction parameters employed in each step.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8

Cytec objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit, and are therefore not relevant to any issues in this lawsuit.

Subject to and without waiving these objections and its General Objections, and because the burden of deriving or ascertaining the answer to this interrogatory from discoverable documents is substantially the same for Ciba as it would be for Cytec, pursuant to Fed.R.Civ.P. 33(d), Cytec will produce documents regarding the process used to manufacture PerForm® SP product(s) produced by Cytec, to the extent they are not objectionable and/or privileged, from which Ciba can derive the answer to this interrogatory.

## INTERROGATORY NO. 9

Identify all persons knowledgeable about and all documents and things relating to any of Defendants' answers to any interrogatory posed by Ciba.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9

Cytec objects to this interrogatory because it seeks information that is not relevant to any claim or defense of any party, including, *inter alia*, information subsequent to the commencement of this litigation. Cytec further objects to this interrogatory to the extent it seeks

-11-

information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to this interrogatory as overbroad, unduly burdensome, and not relevant to the claim or defense of any party in that it requires Cytec to broadly identify "all" persons "relating to any of Defendants' answers to any interrogatory" without any limits or definitions regarding time, extent of involvement, or type of involvement.

Subject to and without waiving these objections and its General Objections, Cytec responds that Roderick Ryles (Senior Research Fellow at Cytec), Claire Schultz (Chief Patent Counsel at Cytec), Paul Waterman (Operations Technology Director at Cytec), and Zeb Morgan (Senior Developmental Chemist at Cytec) are knowledgeable about certain of Cytec's answers to these interrogatories.

Cytec reserves the right to modify and/or supplement its response to this interrogatory.

As to objections,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Thomas L. Creel, P.C.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

Dated:  March 2, 2005

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000

*Attorneys for Defendant*
*Cytec Industries, Inc.*

672348 / 28118

-12-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS CORPORATION, )
                                      )
              Plaintiff,              )
                                      )
      v.                              )      C. A. No. 04-293 (KAJ)
                                      )
HERCULES INCORPORATED and             )
CYTEC INDUSTRIES, INC.,               )
                                      )
              Defendants.             )


**VERIFICATION OF DEFENDANT CYTEC INDUSTRIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-9)**

I, Claire Schultz, declare and state that: I am Chief Patent Counsel at Cytec Industries, Inc.; I have read the foregoing DEFENDANT CYTEC INDUSTRIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-9) and know the contents thereof; DEFENDANT CYTEC INDUSTRIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF INTERROGATORIES (NOS. 1-9) were prepared with the assistance of counsel; the answers set forth herein, subject to inadvertent or undiscovered errors are based on and therefore necessarily limited by the records and information still in existence, and reasonably available to Cytec, presently recollected and thus far discovered in the course of the preparation of these answers; consequently Cytec reserves the right to make any changes in these answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; I do not have personal knowledge of all of the information provided; subject to the limitations set forth herein the answers set forth herein are true to the best of my knowledge, information and belief.

_____
                        Claire Schultz

SUBSCRIBED and SWORN before me this
9th day of March, 2005.

_____
NOTARY PUBLIC
KIMBERLY J. ECKERT
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2006

-14-

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 04-293 (KAJ) |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

## CYTEC'S RESPONSES AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-71)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Cytec Industries, Inc. ("Cytec") hereby responds to the First Request for Production of Documents and Things (Nos. 1-71) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Cytec reserves the right to produce documents by making them available for inspection and copying by Ciba at the facilities of Cytec or the offices of Goodwin Procter LLP. Otherwise, Cytec will send to the offices of Ciba's counsel, Leydig, Voit & Mayer, Ltd., a copy of those responsive documents in Cytec's possession, custody, or control that have been located after reasonable search and inquiry, except to the extent such documents are protected by the attorney-client privilege or work-product immunity doctrine or otherwise are subject to objections set forth in this response.

Cytec provides these answers on the basis of its present understanding of the requests and without prejudice to Cytec's right to obtain and present at trial or in pretrial proceedings such

1

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll documents . . . concerning Hercules or Ciba." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time and as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents relating to Hercules or Ciba which also relate to Hercules' PerForm® SP product(s) to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 40**

All documents concerning any correspondence between Defendants regarding the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request to

the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged documents to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 41**

All documents from the files of William Avrin concerning crosslinked or structured polymers for use in papermaking.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "crosslinked" and "structured polymers" are undefined in these document requests. Cytec further objects to this request as overly broad. In particular, the term "concerning crosslinked or structured polymers for use in papermaking" could include at minimum every document concerning Polyflex® polymers. Every document concerning Polyflex® polymers is not relevant to any claim or defense in this litigation nor is it reasonably calculated to lead to the discovery of admissible evidence. Moreover, in connection with the sale of the Polyflex® business from Cytec to Ciba, Cytec provided Ciba with the documents concerning the Polyflex® products.

Cytec further objects to this request as unduly burdensome, duplicative and harassing in view of the fact that other requests, such as No. 23, call for documents concerning crosslinked or structured polymers for use in papermaking. Mr. William Avrin is a corporate officer holding the position of Vice President – Corporate and Business Development of Cytec and does not currently run any business related to papermaking. Notably, Mr. Avrin is the only employee singled out by name in these document requests. The broad subject matter scope of this

information. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged contracts or agreements relating to the sale of Hercules' PerForm® SP products, to the extent such documents exist and are located after a reasonable search.

## REQUEST NO. 49

All communications concerning any contracts or agreements (whether active, potential or expired) between Cytec and Hercules.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "[a]ll communication concerning any contracts or agreements . . . between Cytec and Hercules." Cytec also objects to this request as overly broad and unduly burdensome to the extent it calls for the production of documents that are not limited to a relevant period of time. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the above Specific and General Objections, Cytec will produce responsive, nonprivileged communications between Cytec and Hercules concerning any contract or agreement relating to the sale of Hercules' PerForm® SP products, to the extent such documents exist and are located after a reasonable search.

**REQUEST NO. 50**

All documents concerning any agreement by either of Defendants to manufacture and/or supply either of Defendants and/or any third party any product encompassed by either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as vague and ambiguous as to the meaning of the phrase "any product encompassed by either of the patents in suit" and because Ciba has not provided its contention, nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit. To the extent that Ciba intends this request to include Polyflex® polymers, Cytec objects to this request as overly broad and unduly burdensome in that it seeks discovery that is neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 51**

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any product encompassed by either of the patents in suit.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this document request as vague and ambiguous as to the meaning of the phrase "any product encompassed by either of the patents in suit" and because Ciba has not provided its contention, nor has the Court determined, what subject matter is "encompassed" by the patents-in-suit. To the extent that Ciba intends this

-39-

further objects to this request to the extent it calls for the production of documents and

information that are outside of Cytec's possession, custody, or control.

## REQUEST NO. 54

All documents concerning any agreement by Cytec to manufacture and/or supply Hercules any
of the PerForm® SP products.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this document request to the

extent it seeks documents that are immune from discovery under the attorney-client privilege, the

work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this

request to the extent it calls for the production of documents and information that are outside of

Cytec's possession, custody, or control.

Subject to and without waiving the above Specific and General Objections, Cytec will

produce responsive, nonprivileged documents concerning any agreement by Cytec to

manufacture and/or supply Hercules the PerForm SP® product(s), to the extent such documents

exist and are located after a reasonable search.

## REQUEST NO. 55

All documents to or from Hercules concerning Ciba, the subject matter of the patents in suit, the
patents in suit, this lawsuit, indemnity agreements, microbeads, microparticles, and/or organic
particulates, processes used to produce microbeads, microparticles, and/or organic particulates,
or the production of paper using microbeads, microparticles, and/or organic particulates.

## SPECIFIC OBJECTIONS AND RESPONSE:

In addition to the General Objections, Cytec objects to this request as vague, as the terms

"microbeads," "microparticles," and "organic particulates" are undefined in these document

requests. Cytec also objects to this request as duplicative of other of Ciba's document requests.

-41-

Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control.

**REQUEST NO. 56**

All documents to or from Cytec concerning Ciba, the subject matter of the patents in suit, the patents in suit, this lawsuit indemnity agreements, microbeads, microparticles, and/or organic particulates, processes used to produce microbeads, microparticles, and/or organic particulates or the production of paper using microbeads, microparticles, and/or organic particulates.

**SPECIFIC OBJECTIONS AND RESPONSE:**

In addition to the General Objections, Cytec objects to this request as vague, as the terms "microbeads," "microparticles," and "organic particulates" are undefined in these document requests. Cytec further objects to this document request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Cytec further objects to this request to the extent it seeks documents that are immune from discovery under the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity. Cytec further objects to this request to the extent it calls for the production of documents and information that are outside of Cytec's possession, custody, or control. Cytec further objects to this request as exceeding the scope of permissible discovery by calling for the production of documents that are neither relevant to any claim or defense in this litigation nor are reasonably calculated to lead to the discovery of admissible evidence. Cytec also objects to this request as

-42-

OF COUNSEL:

Thomas L. Creel, P.C.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

Dated: March 2, 2005

POTTER ANDERSON & CORROON LLP

By: _____
      Richard L. Horwitz (#2246)
      David E. Moore (#3983)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P. O. Box 951
      Wilmington, DE 19899
      (302) 984-6000

*Attorneys for Defendant*
*Cytec Industries, Inc.*

# Exhibit C

LAW OFFICES

## LEYDIG, VOIT & MAYER, LTD.
A PROFESSIONAL CORPORATION

JAMES R. MUSKAL
DENNIS R. SCHLEMMER
ORDON R. COONS
IHN W. KOZAK
.ARK E. PHELPS
H. MICHAEL HARTMANN
BRUCE M. GAGALA
CHARLES H. MOTTIER
JOHN KILYK, JR.
ROBERT F. GREEN
JOHN B. CONKLIN
JAMES D. ZALEWA
MARK J. LISS
JOHN M. BELZ*
BRETT A. HESTERBERG
JEFFREY A. WYAND*
PAUL J. KORNICZKY
PAMELA J. RUSCHAU
STEVEN P. PETERSEN
JOHN M. AUGUSTYN
CHRISTOPHER T GRIFFITH
WESLEY O. MUELLER
JEREMY M. JAY*
LYNN A. SULLIVAN
JEFFREY B. BURGAN
ELCY O. THOMPSON
MARK JOY
DAVID H. AIRAN
XAVIER PILLAI
Y. KURT CHANG
GREGORY C. BAYS
STEVEN H. SKLAR
TAMARA A. MILLER
M. DANIEL HEFNER
ANDREW J. HENISCH**
JEFFERY J. MAKEEVER***
SALIM A. HASAN

ROGER D. WYLIE***
KENNETH P. SPINA
PHILLIP M. PIPPENGER
ANNE C. MAFFZIGER***
VLADAN M. VASILJEVIC
CLAUDIA M. STANGLE
KEVIN L. WINGATE**
PAUL J. FILBIN
JOHN L. GASE
JEREMY C. LOWE
JOHN T. GRETSCHER
ROBERT T. WITTMANN
SHANNON D. SCHEMEL*
ANDREW M. ALUL
J. KARL GROSS
ROBERT M. LANNING
SETH A. ROSE
SAUHIL S. MEHTA
JASON T. MURATA
SCOTT H. SCHULHOF
VICTOR L. SONG
AARON R. FEIGELSON
A. WESLEY FERREBEE*
L. SCOTT BEALL
LAWRENCE E. CROWE**
LISA K. KELLY
STEPHEN R. AUTEN
MARK A. NIEDS
CAROLINE L. STEVENS
DOUGLAS A. ROBINSON
NANCY J. GETTEL
PETER H. DOMER
JEFFREY H TURNER
SUSAN L. STEELE
STEPHANIE N. LANLEY
KURT T. BUECHLE
WILLIAM A. DIETRICH***+

TWO PRUDENTIAL PLAZA, SUITE 4900

CHICAGO, ILLINOIS 60601-6780

————

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6778

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 521-6905
FACSIMILE: (206) 224-3557

OF COUNSEL:
C. FREDERICK LEYDIG
THEODORE W. ANDERSON    JOHN E. ROSENQUIST
JOHN P. BUNDOCK, JR.*    CHARLES S. OSLAKOVIC**
BERTON SCOTT SHEPPARD    JOHN D. FOSTER*

TECHNICAL ADVISORS
HEATHER R KISSLING    KRISTI A. CALVERT
KRISTEN J. HARRELL    DEREK W. BARNETT
MELISSA E. KOLOM    KATHLEEN H. HELLA-BYCHOWSKI
CARYN C BORG-BREEN    FRANCIS J. KOSZYK
RACHEL J. HEJDRICH    ELIZABETH H. CROMPTON
JULIE J. HONG    JASON A. MILLER
RICHARD P. DODSON***

ALL RESIDENT IN CHICAGO EXCEPT AS NOTED
*RESIDENT IN WASHINGTON OFFICE    ***RESIDENT IN SEATTLE OFFICE
**RESIDENT IN ROCKFORD OFFICE    +ADMITTED IN WISCONSIN ONLY

May 13, 2005

*VIA FACSIMILE*
*CONFIRMATION*
*VIA U.S. MAIL*

Thomas L. Creel, P.C.
Goodwin Proctor LLP
599 Lexington Ave.
New York, NY 10022

Re:    **Ciba Specialty Corporation v. Hercules Inc. et al.**
**C.A. No. 04-293 (KAJ)**
Our Reference: 228872

Dear Tom:

This letter relates to our earlier correspondence relating to Defendants' incomplete responses to discovery, including: our letters of April 11, 2005 (relating to Defendants' responses to Ciba's first sets of requests and interrogatories), April 20, 2005 (relating to document production), and April 21, 2005 (relating to Defendants' responses to Ciba's' Second Sets of requests and interrogatories).

Cytec has not responded to Ciba's letters on the basis of its improper objection to a single letter format stated in its letter of April 29, 2005. As will be explained in detail below, Ciba believes that Cytec's delay and objections are improper. Ciba's earlier letters clearly and efficiently presented Ciba's concerns relating to Defendants' deficient and improper discovery responses. Ciba will continue to address the deficiencies in Defendants' discovery responses in any means it feels is most clear and efficient.

In that Cytec has refused to provide any substantive response to most of Ciba's requests and follow-up letters, the parties are apparently at an impasse regarding several matters. A few of those maters are set forth below.

Thomas L. Creel, P.C.
Goodwin Proctor LLP
May 13, 2005
Page 3



Cytec's Response to Ciba's Interrogatory No. 6

This interrogatory concerned communications between Defendants concerning validity. Cytec refused to answer on grounds of privilege between Defendants. In our letter of April 11, we asked Cytec and Hercules' to explain how privilege existed between them before and after the commencement of the lawsuit. Cytec has never substantively responded to our April 11, 2005 letter. Ciba must continue its insistence on a complete answer to this interrogatory, and the parties appear to be at an impasse with respect to this interrogatory in that a complete answer does not appear forthcoming.

Cytec's Response to Ciba's Interrogatory No. 7

This interrogatory requests information about the structure of the Perform® SP products. The only response from Cytec is that the Perform® SP products are not cross-linked. However, the request asks Defendants to describe what is the structure of the products (as opposed to what it is not), including tests conducted to characterize the products and such parameters as the Huggins constant.

Cytec did not respond to our April 11, 2005 letter, which pointed out the deficiencies in Cytec's response to this interrogatory. In that Cytec has declined to substantively respond to our April 11, 2005 letter, Cytec and Ciba are apparently at an impasse regarding this interrogatory response.

Cytec's Response to Ciba's Interrogatory No. 8

This interrogatory generally relates to the processes used to make the Perform® SP products. Cytec responded to this interrogatory by unspecific reference to Rule 33(d). In our letter of April 11, 2005, we requested that Cytec identify the documents that specify the requested information and we further asked that Cytec relate the documents to specific Perform® SP products. A general reference to production documents as a whole does not provide this information as required by Rule 33(d). Thus, we request that Cytec provide the requested specificity.

Cytec's Response to Ciba's Interrogatory No. 10

This interrogatory generally relates to assignor estoppel as to Cytec. In its response, Cytec attempted to "reserve" the right to raise invalidity. In our letter of April 21, 2005, we asked Cytec to explain how it would have such right. Cytec has chosen not to substantively respond to our letter, and thus the parties are apparently at an impasse.

Thomas L. Creel, P.C.
Goodwin Proctor LLP
May 13, 2005
Page 5


identified.  In its letter of April 29, 2005, Cytec took the position that it had provided a complete
response to this interrogatory.  Unless Cytec is willing to provide further specificity, the parties
are apparently at an impasse as regards this interrogatory.


Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

By:

Eley O. Thompson


EOT:js

cc:    Eric J. Fues, Esq.
       Joann Neth, Esq.
       Richard L. Horowitz, Esq.
       Chad M. Shandler, Esq.

# Exhibit D

05/24/2005 19:54 FAX  2123553333          GOODWIN PROCTER LLP                    @002/005

GOODWIN | PROCTER

Marta E. Gross, Esq.                Goodwin Procter LLP
212.459.7499                        Counsellors at Law
mgross@goodwinprocter.com           599 Lexington Avenue
                                    New York, NY 10022
                                    T: 212.813.8800
                                    F: 212.355.3333

May 24, 2005

By Facsimile

Eley O. Thompson, Esq.
Leydig, Voit & Mayer
Two Prudential Plaza
Suite 4900
Chicago, IL  60601-6780

Re:  Ciba v. Hercules and Cytec

Dear Eley:

This is in response to your May 13, 2005 letter to Tom Creel. As an initial comment, we disagree with the position stated in your second paragraph regarding Cytec's "objection to a single format." But in any event we appreciate that Ciba has separated its discovery issues in its May 13 letter and made specific those issues it perceives with Cytec's discovery. I do note, however, that you have used the term "Defendants" in prefacing each interrogatory discussion. I would like to make clear that Cytec is speaking on behalf of Cytec only and does not have knowledge or authority to speak on behalf of Hercules.

Ciba's Interrogatory No. 1

As I believe has been made clear in Cytec's interrogatory response, it is Cytec's understanding that the PerForm® product sold by Cytec to Hercules "does not contain an' ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers'."

In light of Ciba's failure to substantively respond to the question of the basis for its assertion of crosslinking in the PerForm® product and the identity of the so-called "crosslinking agent," Cytec is unable to respond further to this interrogatory.

Cytec does not understand what Ciba is referring to by "Cytec has not provided any basis in its response challenging indirect infringement." As you are undoubtedly aware absent direct infringement there can be no indirect infringement. Furthermore, until Ciba specifies any act of Cytec which it believes is an act of indirect infringement, Cytec cannot further respond.

PHX098

05/24/2005 19:54 FAX 2123553333    GOODWIN PROCTER LLP    🖾003/005

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 2

## Ciba's Interrogatory No. 3

Cytec stands on its response in that it has a license available to it pursuant to the Asset Purchase Agreement between Ciba and Cytec dated August 31, 2000. The terms of the license are set forth in that agreement. Should any of the sales of the PerForm® product fall within the terms of this license than Cytec asserts those sales are covered by this license. No further answer is required.

## Ciba's Interrogatory No. 4

Cytec believes that it is premature to make a decision as to whether it will waive privilege. Hercules has proposed the date of two months before close of discovery by which it will make a decision of whether or not to waive privilege. Cytec agrees to this proposed date, and further believes this will provide Ciba with ample time to take any necessary discovery in the event that Cytec chooses to waive its privilege.

## Ciba's Interrogatory No. 5

Cytec stands on its response that this request seeks non-relevant information. Moreover, Ciba knows with whom at Cytec it negotiated the sale of the Polyflex® business, (of which the sale of the patents-in-suit was a part).

## Ciba's Interrogatory No. 6

Cytec stands on its response. The assertion of privilege is based on community of interest between Hercules and Cytec with regard to the patents-in-suit that arose when Ciba threatened infringement of those patents.

## Ciba's Interrogatory No. 7

Cytec stands on its response. Cytec understands that the PerForm® product it makes for Hercules does not use a cross linking agent and is not cross linked. Cytec has not conducted any test to characterize the PerForm® product. No further answer is required.

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 4

additional information that was not requested in the original interrogatory.  No further answer is
required.

                                     Very truly yours,

                                     Marta E. Gross

cc:    Eric J. Fues, Esq. (via facsimile)
       Richard L. Horwitz, Esq. (via facsimile)
       Chad M. Shandler, Esq. (via facsimile)

# Exhibit E

LAW OFFICES

## LEYDIG, VOIT & MAYER, LTD.

A PROFESSIONAL CORPORATION

JAMES B. MUSKAL
DENNIS R. SCHLEMMER
GORDON R. COONS
JOHN W KOZAK
IARK E. PHELPS
H. MICHAEL HARTMANN
BRUCE M GAGALA
CHARLES H. MOTTIER
JOHN KILYK, JR.
ROBERT F. GREEN
JOHN B. CONKLIN
JAMES D. ZALEWA
MARK J. LISS
JOHN M BELZ*
BRETT A. HESTERBERG
JEFFREY A. WYAND*
PAUL J. KORNICZKY
PAMELA J. RUSCHAU
STEVEN P. PETERSEN
JOHN M. AUGUSTYN
CHRISTOPHER T. GRIFFITH
WESLEY O. MUELLER
JEREMY M. JAY*
LYNN A. SULLIVAN
JEFFREY B. BURGAN
ELEY O. THOMPSON
MARK JOY
DAVID M. AIRAN
XAVIER PILLAI
Y. KURT CHANG
GREGORY C. BAYS
STEVEN H. SKLAR
TAMARA A. MILLER
M DANIEL HEFNER

SALIM A. HASAN
ROGER D. WYLIE***
KENNETH P. SPINA
PHILLIP M. PIPPENGER
ANNE C. NAFFZIGER***
VLADAN M. VASILJEVIC
CLAUDIA W. STANGLE
PAUL J. FILBIN
JOHN L. GASE
JEREMY C. LOWE
JOHN T. BRETSCHER
ROBERT T. WITTMANN
J. KARL GROSS
SETH A. ROSE
SAUNIL S. MEHTA
JASON T. MURATA
SCOTT H. SCHULHOF
AARON R. FEIGELSON
L. SCOTT BEALL
LISA K. KELLY
STEPHEN R. AUTEN
MARK A. NIEDS
CAROLINE L. STEVENS
DOUGLAS A. ROBINSON
NANCY J. GETTEL
PETER H. DOMER
JEFFREY N. TURNER
SUSAN L. STEELE
STEPHANIE M. LAWLEY**
KURT T. BUECHLE
KEVIN C. PARKS
THOMAS K. McBRIDE, JR
JENNIFER M. DUK
MARCOS P. RIVAS**

TWO PRUDENTIAL PLAZA, SUITE 4900

CHICAGO, ILLINOIS 60601-6780

(312) 616-5600
FACSIMILE: (312) 616-5700
WWW.LEYDIG.COM

WASHINGTON OFFICE
700 THIRTEENTH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005-3960
(202) 737-6770
FACSIMILE: (202) 737-6776

ROCKFORD OFFICE
6815 WEAVER ROAD, SUITE 300
ROCKFORD, ILLINOIS 61114-8018
(815) 963-7661
FACSIMILE: (815) 963-7664

SEATTLE OFFICE
1420 FIFTH AVENUE, SUITE 2200
SEATTLE, WASHINGTON 98101-1346
(206) 521-5985
FACSIMILE: (206) 224-3557

September 12, 2005

*VIA FACSIMILE*
*CONFIRMATION BY FEDEX*

OF COUNSEL

C. FREDERICK LEYDIG          JOHN E. ROSENQUIST
THEODORE W. ANDERSON         CHARLES S. OSLAKOVIC**
JOHN P. BUNDOCK, JR.*        JOHN D. FOSTER*
BERTON SCOTT SHEPPARD

TECHNICAL ADVISORS

KRISTEN J. HARRELL           DEREK W. BARNETT
MELISSA E. KOLOM             KATHLEEN M. HELM-BYCHOWSKI
CARYN C. BORG-BREEN          FRANCIS J. KOSZYK
RACHEL J. MEJDRICH           ELIZABETH M. CROMPTON
JULIE J. HONG                JASON A. MILLER
RICHARD P. DODSON***         ELIZABETH A. LITZINGER

ALL RESIDENT IN CHICAGO EXCEPT AS NOTED
*RESIDENT IN WASHINGTON OFFICE    *ADMITTED IN VIRGINIA ONLY
**RESIDENT IN ROCKFORD OFFICE    **ADMITTED IN MASSACHUSETTS ONLY
***RESIDENT IN SEATTLE OFFICE

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Thomas L. Creel, P.C.
Marta E. Gross, Esq.
Goodwin Proctor LLP
599 Lexington Ave.
New York, NY 10022

Re:    Ciba Specialty Corporation v. Hercules Inc. et al.
C.A. No. 04-293 (KAJ)

Dear Ford, Joann, Thomas and Marta:

In Hercules' letter to the Court dated September 9, 2005, Hercules claims that it has sought information from Cytec regarding the invalidity of the '766 and '808 patents.

Ciba has previously asked defendants to identify all of their communications over time relating to challenging the validity of the patents. (See Ciba's Interrogatory No. 6 to each of the defendants.) Both defendants refused to provide any information in response on the basis of community of interest privilege between them, both before and after the filing of

Ford F. Farabow, Esq.
Joann M. Neth, Esq.
Thomas L. Creel, P.C.
Marta E. Gross, Esq.
September 12, 2005
Page 2

the lawsuit. In light of Hercules' reliance on such assertedly privileged communications in its September 9, 2005 letter, Ciba requests that defendants waive their asserted privilege and provide full inquiry into the communications between them relating to invalidity of the patents in suit.

As a first step, Ciba requests immediate agreement from defendants to waive asserted privilege and fully respond to Interrogatory No. 6.

Very truly yours,

LEYDIG, VOIT & MAYER, LTD.

By:

Eley O. Thompson

cc:    Richard L. Horowitz, Esq.
       Chad M. Shandler, Esq.

# Exhibit F





901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400 ▪ www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

**CONFIRMATION**

RECEIVED
SEP 2 0 2005
LEYDIG, VOIT & MAYER

JOANN M. NETH
(202) 408-4028
joann.neth@finnegan.com

September 14, 2005

<u>**VIA FACSIMILE**</u>

Eley O. Thompson, Esq.
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Illinois
60601

Re:   *Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,*
      *Civil Action No. 04-293(KAJ)*

Dear Eley:

I am responding on behalf of Hercules Incorporated to your letter of September 12, 2005.

Hercules disagrees that Hercules' having asked Cytec whether or not it had documents in its possession from the *Allied Colloids* litigation--which Ciba repeatedly told Hercules to do-- could *ever* be characterized as seeking "information from Cytec regarding the validity of the '766 and '808 patents" or "reliance on . . . assertedly privileged communications" or could *ever* be a waiver of the Common Interest/Joint Defense Privilege that Hercules and Cytec have consistently asserted in this case. These statements in your letter are mischaracterizations of what Hercules actually said in its September 9, 2005 letter.

To resolve the pending issue regarding Ciba's request for production of the indemnification agreement between Hercules and Cytec without similar misrepresentations and mischaracterizations, we enclose a Consent Order, ordering production of the document in question. Please return an executed copy of the Order to us, and we will have it executed on behalf of Hercules and Cytec and will file it with the Court.

Sincerely,

Joann M. Neth

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Eley O. Thompsom, Esq.
September 14, 2005
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

JMN/mp

cc:    Gordon R. Coons, Esq.
       Thomas L. Creel, P.C.
       Marta E. Gross, Esq.
       Richard L. Horwitz, Esq.
       Chad M. Shandler, Esq.

# Exhibit G

1              IN THE UNITED STATES DISTRICT COURT

2              IN AND FOR THE DISTRICT OF DELAWARE

3                          - - -

CIBA SPECIALTY CHEMICALS
4  CORPORATION, INC.,                    :     CIVIL ACTION
                                         :
5            Plaintiff and               :
             Counter-defendant,          :
6                                        :
        v                                :
7                                        :
HERCULES INC., and CYTEC                 :
8  INDUSTRIES INC.,                      :
                                         :
9            Defendants and              :     NO. 04-293 (KAJ)
             Counter-claimants.          :
10                         - - -

11                  Wilmington, Delaware
              Tuesday, May 9, 2006 at 9:00 a.m.
12                  PRIVITY BENCH TRIAL

13                         - - -

14  BEFORE:          HONORABLE **KENT A. JORDAN**, U.S.D.C.J.

15                         - - -

    APPEARANCES:
16

17            RICHARDS LAYTON & FINGER
              BY:  CHAD MICHAEL SHANDLER, ESQ.
18
                   and
19
              LEYDIG, VOIT & MAYER, LTD.
20            BY:  GORDON R. COONS, ESQ.,
                   ELEY O. THOMPSON, ESQ.,
21                 GREGORY C. BAYS, ESQ., and.
                   DOUGLAS ROBINSON, ESQ.
22                 (Chicago, Illinois)

23                 and

24

25  Ellie Corbett Hannum           Brian P. Gaffigan
    Registered Merit Reporter      Registered Merit Reporter

Schultz - cross

1    evidence.)

2              MR. THOMPSON:  We have no further questions of

3    this witness.

4              THE COURT:  All right.  Mr. Farabow.

5                        CROSS-EXAMINATION

6    BY MR. FARABOW:

7    Q.    Good morning, Ms. Schultz.

8    A.    Good morning.

9    Q.    Ms. Schultz, has Cytec indemnified Hercules in any

10   way with regard to the PerForm 9232 product?

11   A.    No, we haven't.

12   Q.    You have not encouraged Hercules in any way by

13   indemnifying them with regard to this product?

14   A.    No.

15   Q.    Has Cytec financed Hercules with regard to the

16   PerForm 9232 product?

17   A.    Not at all.

18   Q.    In your view, what is the community of interest

19   between the parties directed to?

20   A.    Noninfringement.

21   Q.    Is there a community of interest with regard to

22   invalidity in your view?

23   A.    No, there is not.

24   Q.    How about unenforceability?

25   A.    No, there is not.

# Exhibit H

REDACTED - PUBLIC VERSION

# Exhibit I

GOODWIN | PROCTER

Thomas L. Creel, P.C.
212.813.8866
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800
F: 212.355.3333

May 15, 2006

**By Facsimile**

Eley O. Thompson, Esq.
Leydig, Voit & Mayer
Two Prudential Plaza
Suite 4900
Chicago, IL 60601-6780

Re:    **Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.,**
       **Civil Action No. 04-293(KAJ)**

Dear Eley:

This letter responds to yours of last Friday concerning the community of interest between
Hercules and Cytec. In that letter you complain about supposed incomplete discovery. Cytec
has already provided complete discovery according to the agreement of the parties.
Nevertheless, as explained below, Cytec will voluntarily search once again about the subject
matters of which you complained at the hearing.

As Mrs. Schultz testified at the hearing, there is no community of interest and never has been
between the two companies with regard to Hercules' claims of invalidity and unenforceability.
This has consistently been Cytec's position since day one in this litigation. Ciba completely
misrepresented to the Court at the hearing that Hercules and Cytec are "trying to prove patents
are invalid", that "they...communicate behind a veil of privilege and challenge the patents and try
to prove them invalid" and that Cytec "maintained [the community of interest on invalidity]
consistently throughout the months of discovery that we had." The only evidence for such an
allegation you presented at the hearing was Cytec's response to Interrogatory 6 and the letter
from Cytec's counsel explaining that this response was based on a community of interest.

However, in your May 12 letter and at the hearing, you misquote Interrogatory 6 and ignore both
Hercules' and Cytec's other responses. Interrogatory 6 does not ask for "' all communications
between Hercules and Cytec relating to invalidity' of the patents in suit" as you state. Rather, it
asks for all communications relating to invalidity and/or infringement. Cytec properly claimed a
community of interest with respect to the communications because they concern infringement.

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 15, 2006
Page 2



Hercules did the same. Since there have been no communications by Cytec to Hercules
providing any information to assist in the Hercules claims of invalidity or unenforceability of the
patents, there have been no communications about these subjects for Cytec to identify or
withhold. The only thing the Cytec letter did was to confirm that what was being withheld was
on the basis of community of interest. Neither the response nor the letter explanation said
anything about a community of interest regarding invalidity or unenforceability. Therefore,
discovery has been complete.

Indeed, since the very beginning of this litigation, Cytec has been consistent in saying it takes no
position on the Hercules claims of invalidity and unenforceability. Cytec's answer did not have
a claim of invalidity or unenforceability. When Ciba requested Cytec's position on invalidity
and unenforceability in interrogatories, Cytec stated it had no such position because these were
Hercules' defenses. See *e.g.* Cytec response to interrogatory 19 where Ciba asks for Cytec's
basis of unenforceability. (Exhibit A hereto) Cytec responded that such information was beyond
its possession, custody or control. Hence, no response by Cytec was required. Ciba never asked
for any substantive answer to this interrogatory from Cytec.

I turn now to your specific requests. You request that Cytec "fully and completely" provide
wide-ranging discovery starting in 2001 to the present time. And you ask that this discovery be
completed in one week's time. Much of what you seek does not relate to the supposed discovery
you say was denied, i.e., communications between Hercules and Cytec whereby Cytec was
supposedly assisting Hercules in trying to prove the patents invalid and unenforceable. For
example, you request an identity of all persons knowledgeable about all documents and things
relating to any of defendant's answers to any interrogatory posed by Ciba (Interrogatory No. 9),
all documents to or from Hercules concerning Ciba, indemnity agreements, microbeads,
microparticles and/or organic particulates, processes used to produce microbeads, microparticles
and/or organic particulates, or production of paper using microbeads, microparticles and/or
organic particulates (Document Request No. 55), communications regarding any contracts or
agreements between Cytec and Hercules (Document Request 49), etc. None of these relate to the
supposed insufficient discovery you complained about at the hearing. Furthermore, Ciba did not
previously complain about the Cytec responses to these discovery requests.

We believe the proper scope of any further discovery should be about what you say was kept
from Ciba under the community of interest claim. This is particularly true because of the short
time until trial and the time it would take to comply with your broad demands. Accordingly,
Cytec will respond to Interrogatory 6 by providing the requested information about any
communication from Cytec to Hercules that involves assistance of any kind, including providing
of information, to Hercules on its defense of invalidity (as well as unenforceability which is not
set forth in Interrogatory 6). This will be from the date of the first contact by Hercules of Cytec
in the Fall of 2001 about the possibility of toll manufacturing to date. We will do this by May
22nd, as you request.

LIBNY/4519623.1

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 15, 2006
Page 3


You make several further demands which we believe are improper. These were never raised
during discovery and/or were discussed during meet and confer sessions and Ciba agreed with
defendants' positions. For example, you ask for all communications to be identified, even if
within the community of interest concerning the infringement claims, and that they be identified
to date. Hercules' response to Interrogatory No. 6 (Exhibit B) and its follow-up explanation
(Exhibit C) indicated that the requested communications prepared or received before May 7,
2004, the commencement date of this litigation, would be identified and a privilege log would be
exchanged when the parties exchanged privilege logs at an agreed upon date. The parties,
including Ciba, have never produced privilege logs of withheld documents, pursuant to Ciba's
agreement. Likewise, Ciba has never before requested documents after the commencement date
of the lawsuit. We see no reason to change the rules under which all parties have been operating
at this late date.

Please contact me to have any questions.


Very truly yours,


Thomas L. Creel, P.C.

TLC:maz

cc:
        Joann M. Neth, Esq.
        Richard L. Horowitz, Esq.
        Chad M. Shandler, Esq.

# Exhibit J

REDACTED - PUBLIC VERSION

# Exhibit K

REDACTED - PUBLIC VERSION