# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

CHAD M. SHANDLER
DIRECTOR

Direct Dial Number
302-651-7836
Shandler@rlf.com

May 31, 2006

**VIA E-FILING**

The Honorable Kent A. Jordan   **REDACTED – PUBLIC VERSION**
United States District Court
844 King Street
Wilmington, DE 19801

Re: **Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.**
**Civil Action No. 04-293 (KAJ)**

Dear Judge Jordan:

This is in response to Hercules' letter of May 30, 2006 seeking to exclude supplemental information Dr. Gilbert referenced in his Second Supplemental Expert Report of May 23, 2006 (D.I. 388).

The Federal Rules of Civil Procedure require that experts supplement "information contained in the report and ... information provided through deposition" and that such information shall be provided "by the time" of pre-trial disclosures. Fed. R. Civ. P. 26(e). Pre-trial submissions under the scheduling order in this case are not due until June 12, 2006. (D.I. 26.). The scheduling order follows the parameters of Rule 26(e)(1) and does not set special supplementation rules under this Rule. Courts have uniformly found that experts may supplement their reports until the pre-trial disclosures. *EZ Dock, Inc. v. Schafer Systems, Inc.*, 2003 WL 1610781 at *11 (D. Minn. 2005); *Jack Tyler Engineering Co. v. ITT Flygt Corp.*, 2004 WL 2905407 at *3 (W.D. Tenn 2004). Hercules itself has been supplementing many of its Rule 26 disclosures in the last few weeks. (See, e.g., Hercules' supplemental Rule 26(a) disclosure, Exh. A hereto; Hercules' agreement to supplement damages expert information, Exh. B hereto; Hercules' supplemental interrogatory responses; Ex. C hereto).

Dr. Gilbert's supplemental report is very brief (only 5 paragraphs) and does not materially change any opinions previously expressed. The supplementation may be broken down in to three sections pertaining to Paragraph 1, Paragraph 5 and Paragraphs 2-4.

Paragraph 1 Is Timely Supplementation

Paragraph 1 merely brings current the identification of materials considered and reviewed by Dr. Gilbert. In earlier expert reports, Dr. Gilbert specifically stated that his

investigation was ongoing and that he reserved the right to supplement based on "any additional information or discovery that is subsequently generated or produced." (See, e.g., Gilbert Expert Report of July 22, 2005; Exh. A to Hercules' letter.).

Paragraph 5 Is Timely Supplementation

As with the supplemental materials considered, Dr. Gilbert specifically "reserve[d] the right to supplement [his] report to clarify possible ambiguities or to opine further based on ... any further testimony by either party either by deposition, at hearing, or at trial." (See, e.g., Gilbert Expert Report of July 22, 2005; Exh. A to Hercules' letter.). During the privity hearing on May 9, 2006, Dr. Gilbert was asked by counsel for Hercules about how much of the Hypermer content of PerForm becomes inseparable from the final product:

(May 9, 2006 Transcript at 21; D.I. 372.) In paragraph 5 of his supplemental report, Dr. Gilbert merely explains and clarifies this testimony as he specifically reserved the right to do. Such supplementation prevents the possibility that his testimony might be misunderstood and used in a manner that would mischaracterize Dr. Gilbert's opinions. Such occurred before in connection with Hercules' claim construction presentation. (See excerpt; Exh. D hereto.).

Paragraphs 2-4 Are Timely Supplementations

In his expert report of July 22, 2005, Dr. Gilbert provided a detailed explanation of the reactions during polymerization that lead to the PerForm product. (See, e.g., Gilbert Expert Report at ¶¶18-22; Exh. A to Hercules' letter.) At his deposition, Dr. Gilbert drew a reaction chart showing various of the reactions that occur. (See, Gilbert Dep. Exh. 8; Exh. E hereto.).

Paragraphs 2-4 do not alter Dr. Gilbert's opinion regarding the presence of covalent crosslinking in any material manner. The reactions that Dr. Gilbert explained and testified about are still his opinion of what occurs in making PerForm. The substance of the paragraphs is merely to explain that Dr. Bromberg's work similarly supports what Dr. Gilbert has said relative to covalent crosslinking. Dr. Gilbert's up-dating merely references Dr. Bromberg's work and its internal use within Hercules. Dr. Gilbert further notes where Dr.

Prud'homme has failed to recognize the similarities between Dr. Bromberg's work. There are no new opinions, merely the updating of information that was not available earlier. Dr. Prud'homme did the same thing when he submitted his declaration.

There Is No Harm To Hercules

The law in the Third Circuit does not favor imposition of the harshest sanction of excluding relevant information from the jury, even where a party fails to follow the rules of supplementation provided under the Federal Rules of Civil Procedure. *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 792 (3rd Cir. 1994) (no exclusion where the objecting party was "already aware of the basic substance of the witness' testimony"). The courts have found that "lack of diligence" will not justify exclusion. *Id.* at 793; *see also*, *Newman v. GHS Osteopathic Inc.*, 60 F.3d 153, 156 (3rd Cir. 1995) (finding no bad faith in delay).

Rule 26(e)(1) provides for supplementation which has been done here within the time periods provided by the Federal Rules. Nevertheless, if the Court believes it is necessary, Ciba is willing to provide Dr. Gilbert for a further deposition limited to the five paragraphs of this supplementation. *Borden v. Ingersoll-Rand Co.*, 2003 WL 21488511 at *3 (E.D.Pa. 2003) (offer of deposition three months before trial vitiates harm). Ciba did not move to exclude the supplemental declaration of Dr. Prud'homme and Ciba did not ask for further depositions of Dr. Prud'homme. Here, Hercules has already asked Dr. Gilbert about the substance of paragraph 5. Further, Hercules' own expert has addressed paragraphs 2-4. There is no surprise or harm to Hercules. The substance of Dr. Gilbert's opinions has not changed. Any deposition on the five paragraphs would likely last less than one hour.

For the foregoing reasons, Ciba requests that Hercules' request for relief be denied.

Respectfully,

Chad M. Shandler (#3796)

CS:ps
cc: Clerk of Court (By E-Filing)
    Joann M. Neth, Esq. (By Facsimile)
    Richard L. Horowitz, Esq. (By E-Filing and Hand Delivery)
    Eley O. Thompson, Esq. (By Facsimile)
    Thomas L. Creel, Esq. (By Facsimile)

RLF1-3020151-1