IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS, CORPORATION, <br><br>  Plaintiff, <br><br> HERCULES INC. and CYTEC INDUSTRIES, INC., <br><br>  Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 04-293 (KAJ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) REDACTED - PUBLIC VERSION <br> ) |

# PROPOSED FINAL PRETRIAL ORDER

## VOLUME I

                                                  Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
Chad M. Shandler (#3796)
Richards, Layton & Finger
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
shandler@rlf.com
Attorneys for CIBA Specialty Chemicals Corporation

Dated: June 12, 2006

RLF1-3005629-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION,<br><br>                Plaintiff,<br><br>       v.<br><br>HERCULES INC. and CYTEC INDUSTRIES, INC.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-293 (KAJ)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)  **CONFIDENTIAL -**<br>)  **FILED UNDER SEAL**<br>)<br>) |

## PROPOSED FINAL PRETRIAL ORDER

This matter having come before the Court at a pretrial conference held pursuant to Federal Rule of Civil Procedure 16. This Proposed Final Pretrial Order was created in accordance with the Court's Scheduling Order (D.I. 23, ¶ 15-16), the sample proposed final pretrial order attached thereto, the Court's Trial Management Order (D.I. 24, ¶ 1), and Delaware Local Rule 16, which set forth the procedures for preparing, exchanging, and filing drafts of the proposed pretrial order. The parties understand that filing this Proposed Final Pretrial Order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). (See Court's Scheduling Order, D.I. 23, ¶ 15.)

**Plaintiff's Counsel:**

Frederick L. Cottrell III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
RICHARDS, LAYTON & FINGER, P.A
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551

Of Counsel:
Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Thomas K. McBride
Douglas A. Robinson
L. Scott Beall
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

**Hercules' Counsel:**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302)984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Of Counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202)408-4000

**Cytec's Counsel:**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Tel: (302)984-6000
rhorwitz@potteranderson.com

2
RLF1-3025205-1

dmoore@potteranderson.com

Of Counsel:
Thomas L. Creel, P.C.
Marta E. Gross
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212)813-8800

## I.   NATURE OF THE CASE

This is a patent infringement case involving United States Letters Patent Nos. 5,167,766 entitled "Charged Organic Polymer Microbeads in Paper Making Process" ("the '766 patent") and 5,171,808 entitled "Cross-linked Anionic and Amphoteric Polymeric Microparticles" ("the '808 patent"). Both patents are owned by Ciba and relate to compositions that are used as retention and drainage aids in making paper and methods of making paper using such compositions.

Ciba alleges that Hercules and Cytec are jointly and severally liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products and processes covered by one or more of the claims of the '766 and '808 patents in violation of Title 35, United States Code, § 271(a). Ciba also alleges that Hercules and Cytec have further induced, aided and abetted, and contributed to others' manufacture, use, sale, offers to sell products and processes covered by one or more of the claims of the '766 and '808 patents in violation of Title 35, United States Code, § 271(b) and (c). Ciba alleges that, as a result of Hercules and Cytec's patent infringement, Ciba has suffered and will continue to suffer damages and irreparable injury.

Ciba contends that Hercules and Cytec were aware of the '808 and '766 patents and that Defendants infringement is willful. Ciba contends that Cytec and Hercules failed to satisfy their

affirmative duty to exercise due care to avoid infringement in the manufacture of AEM-232, which was commercialized as PerForm® SP9232.

Ciba seeks damages in the form of lost profits and reasonable royalties on Defendants' sales of the PerForm® SP9232 product and certain associated products. Ciba also seeks enhanced damages as a result of Defendants' willful infringement, pre-judgment and post judgment interest, costs, reasonable attorney fees and a permanent injunction prohibiting the continued infringement of the '766 and '808 patents by Hercules, Cytec and those acting in concert with them.

Defendants deny Ciba's allegations. Hercules and Cytec deny that they are joint infringers and contend that they are not liable for infringement (either directly, contributorily, or by inducement) of any asserted claim of the '766 or '808 patents because Hercules' PerForm® SP9232 product does not literally meet each and every limitation of the asserted claims, as is required by law. Hercules and Cytec contend that Ciba has failed to adequately and appropriately proffer any admissible evidence of infringement under the doctrine of equivalents and cannot meet its burden to show such equivalence.

Hercules contends that its scientists were aware of the '808 and '766 patents and designed and developed PerForm® SP9232 to avoid infringement of those patents. Thus, Hercules contends that it took reasonable steps to avoid infringement of those patents and did not willfully infringe those patents.

Cytec contends that its scientists were aware of the '808 and '766 patents and understood there was no infringement of those patents by the PerForm® SP9232 product. Thus, Cytec contends that it took reasonable steps to avoid infringement of those patents and did not willfully infringe those patents.

4

Hercules further alleges that the '766 and '808 patents are invalid under 35 U.S.C. §§ 102 and/or 103 over what Hercules contends, and has included in its Trial Exhibit list, as the prior art.

Hercules additionally alleges that the '766 and '808 patents are unenforceable due to inequitable conduct because persons owing a duty of candor to the PTO withheld from the PTO and misrepresented to the PTO highly material prior art during prosecution of the '766 and '808 patents. Hercules alleges that such intentional acts were material to patentability under PTO Rule 1.56.

Hercules and Cytec further allege that the products covered by the patents-in-suit have never been marked with the numbers of the patents-in-suit and that Ciba did not give Hercules and Cytec legally effective notice of infringement.

If Hercules and Cytec are found to infringe the asserted claims of the '766 or '808 patents, Hercules and Cytec contest that a permanent injunction is appropriate. Rather, the decision whether to grant or deny injunctive relief rests within the equitable discretion of the trial court, and such discretion must be exercised consistent with traditional principles of equity. Hercules and Cytec contest the damages computation made by Ciba's expert and the computation of any damages prior to the date this action was filed.

Ciba denies Defendants' allegations. Ciba contends that the claimed invention is not anticipated or obvious over the prior art upon which Hercules relies.

As to inequitable conduct, Ciba contends that Hercules has failed to provide sufficient evidence under the clear and convincing standard that any material art was withheld from the patent office or misrepresented to the patent office. Ciba also contends that Hercules has similarly failed to provide clear and convincing evidence of a fraudulent intent to defraud the patent office.

5

Ciba contends that process patents do not require marking and, therefore, the recoverable damages due to the defendants' infringement are recoverable. Even if marking were required, Ciba contends that defendants have been on notice of the patents since at least as early as the letters from Ciba asserting the patents. Ciba further contends that a permanent injunction is appropriate in this case.

## II.   BASIS FOR FEDERAL JURISDICTION

This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code. Subject matter jurisdiction is conferred on this Court by Title 28, United States Code, §§1331 and 1338. Defendants do not dispute that the exercise of personal jurisdiction over Defendants is proper. The parties do not dispute that venue in this Court is proper pursuant to Title 28, Unites States Code, § 1400(b).

## III.   STATEMENTS OF FACTS

### A.   Undisputed Facts

Pursuant to the Court's Scheduling Order (D.I. 23, ¶ 15) and the sample pretrial order referred to and attached therein, the parties submit **Exhibit 1**, which sets forth facts which are not disputed and have been agreed to by the parties. These proposed stipulated facts require no proof at trial, will become a part of the evidentiary record in the case, and may be read to the jury. The parties reserve the right to object on grounds of relevance.

### B.   Issues of Fact to be Decided

Pursuant to paragraph 1(b) of the Court's Trial Management Order (D.I. 24) and Delaware Local Rules 16.4(d)(4), (8), (9), and (10), the parties each submit the essential facts in issue and their expected proofs.

Plaintiff Ciba's Statement of Contested Issues of Fact and Expected Proofs on Issues for which Ciba has the Burden of Proof is set forth in **Exhibit 2**.

Defendants Hercules' and Cytec's Counterstatements of Contested Issues of Fact and Expected Proofs on Issues for which Ciba has the Burden of Proof are set forth in **Exhibit 3**.

Defendant Hercules' Statement of Contested Issues of Fact and Expected Proofs on Issues for which Hercules has the Burden of Proof is set forth in **Exhibit 4**.

Plaintiff Ciba's Counterstatements of Contested Issues of Fact and Expected Proofs on Issues for which Hercules has the Burden of Proof are set forth in **Exhibit 5**.

## IV. AGREED TO ISSUES OF LAW

Pursuant to paragraph 1(a) of the Court's Trial Management Order (D.I. 24), and as set forth in Delaware Local Rule 16.4(d)(5), **Exhibit 6** contains the parties' joint statement of legal issues which the parties agree remain to be decided by the Court.

## V. WITNESSES

### A. Witnesses Ciba Expects To Call To Testify at Trial

The list of expert and fact witnesses whom Ciba expects to call, as well as summaries of its experts' testimony, are set forth in **Exhibit 7**. Hercules' and Cytec's objections to Ciba's experts are set forth in **Exhibit 8**.

### B. Witnesses Hercules May Call to Testify at Trial

The list of expert and fact witnesses whom Hercules expects to call, as well as summaries of its experts' testimony, are set forth in **Exhibit 9**.

### C. Witnesses Cytec May Call to Testify at Trial

The list of expert and fact witnesses whom Cytec expects to call are set forth in **Exhibit 10**.

### D. Rebuttal Witnesses

Each party reserves the right to call rebuttal witnesses and any additional witnesses required to establish the foundation for and/or admissibility of any document objected to by another party.

### E. Deposition Testimony

Pursuant to paragraph 1(e) of the Court's Trial Management Order, the testimony designated by Ciba which may be offered at trial through deposition testimony is listed in **Exhibit 11**. Joint Hercules and Cytec counter-designations are indicated therein as well. Joint Hercules and Cytec Objections to Ciba's Deposition Designations are included in **Exhibit 12**. The testimony designated by Hercules and Cytec which may be offered at trial through deposition testimony is listed in **Exhibit 13**. Ciba's counter-designations are indicated therein as well. Ciba's Objections to Hercules' and Cytec's Deposition Designations are included in **Exhibit 14**.

Based on the evidence, arguments, and testimony presented by the parties during the trial, for some witnesses identified above the parties may wish to offer *less* testimony from the deposition than was originally preserved by designation in Exhibits 11-14 attached hereto.

## VI. EXHIBITS

Pursuant to paragraph 1(d) of the Trial Management Order, Fed. R. Civ. P. 26(a)(3)(c), and as set forth in Local Rule 16.4(d)(6), the parties provide the following information regarding exhibits.

### A. Ciba's Exhibits

Ciba's list of exhibits that it may present at trial, other than those used solely for impeachment, is submitted as **Exhibit 15**. Exhibit 15 also includes Hercules' and Cytec's objections

to certain Ciba exhibits, as well as Ciba's basis for the admissibility of the exhibits to which Hercules and Cytec objected.

### B. Hercules' Exhibits

Hercules' list of exhibits that it may present at trial, other than those used solely for impeachment, is submitted as **Exhibit 16**. Exhibit 16 also includes Ciba's and Cytec's objections to certain Hercules exhibits, as well as Hercules' basis for the admissibility of the exhibits to which Ciba and Cytec objected.

### C. Cytec's Exhibits

Cytec's list of exhibits that it may present at trial, other than those used solely for impeachment, is submitted as **Exhibit 17**. Exhibit 17 includes Ciba's objections to Cytec exhibits, as well as Cytec's basis for the admissibility of the exhibits to which Ciba objected. Exhibit 17 also includes Ciba's objections to certain Hercules exhibits, as well as Cytec's basis for the admissibility of certain exhibits to which Ciba objected, for which the basis of admissibility is different than that provided by Hercules.

### D. Delaware AO-187 Exhibit List

Pursuant to paragraph 1(d) of the Court's Trial Management Order, each party will present to the Courtroom Deputy a copy of its completed AO-187 Exhibit List in hardcopy and in electronic format on Friday, August 18, 2006, one business day before the trial is scheduled to begin. The parties agree to provide each other with an identical copy of what each party files with the Courtroom Deputy, i.e., a hardcopy and electronic copy of the party's AO-187 exhibit list, no later than 6:00 p.m. on August 18, 2006.

## VII. DAMAGES

An itemized statement from Plaintiff Ciba setting forth all damages, including special damages, and Hercules' and Cytec's responses thereto are provided in **Exhibit 18**.

## VIII. BIFURCATED TRIAL

At the conclusion of the privity hearing, the Court indicated that validity would be tried to the Jury and enforceability would be tried to the Court. (D.I. 372 at B221.) Ciba contends that Hercules' counterclaim and its responses to interrogatories involve allegations of inequitable conduct that only specifically identify Mr. Van Riet, the attorney for Cytec that prosecuted the patents in suit. (See, Hercules' counterclaim, D.I. 67, and supplemental response to interrogatory no. 19, PTX 515.) Hercules has identified Mr. Van Riet as being "live and/or by deposition." Thus, Ciba contends that enforceability should be tried to the Court after the Jury trial, and evidence to be introduced by Hercules should be limited to the specific allegations in Hercules' counterclaim and its responses to interrogatories, i.e., involving only Mr. Van Reit.

Hercules disagrees with Ciba's contentions that Hercules should be limited to specific allegations of inequitable conduct. Ciba is essentially attempting to move *in limine* to restrict Hercules' proofs as to the inequitable conduct issue after the period for making such motions has passed.

Hercules contends that Ciba has been on notice regarding Hercules' positions, *inter alia*, through pleadings, interrogatory responses, depositions that Hercules has taken in this case (including of Mr. Van Riet and the named inventors Harris and Honig), expert reports, witness lists, and Hercules' Essential Facts in Issue and Expected Proofs. For example, Hercules' interrogatory responses identify Messrs. Honig and Harris in addition to Mr. Van Riet, as well as "other individuals" having a duty to disclose material information to the United States Patent and Trademark Office during prosecution of the patents-in-suit. Hercules has also identified Mr. Honig as testifying "live" in court, and has indicated that it will present deposition testimony from Mr. Harris.

10

Additionally, Hercules contends that is entitled to present technical information from experts as well as other foundational testimony.

Finally, Hercules contends that the issue of enforceability should be tried to the Court at the time and date selected by the Court.

## IX. TRIAL BRIEFS (MOTIONS IN LIMINE)

Pursuant to the Court's Trial Management Order (D.I. 24, ¶ 1(g)) and Scheduling Order (D.I. 23, ¶ 16), Plaintiff Ciba provides its *in limine* requests, as well as Hercules' and Cytec's responses to those requests, in **Exhibit 19**.[1] Defendant Hercules' *in limine* requests, including joint Hercules and Cytec *in limine* requests, as well as Ciba's responses to those requests, are set forth in **Exhibit 20**.[2] Defendant Cytec's *in limine* request, as well as Ciba's response to that request, is set forth in **Exhibit 21**.[3]

## X. LIMITATIONS, RESERVATIONS AND OTHER MATTERS

### A. Length of Trial

The probable length of trial is ten (10) days beginning at 9:30 a.m. on August 21, 2006. Each side shall be allocated a total of twenty-two (22) hours to present its case.

Mark appropriate box:   Jury ☒
                        Non-Jury ☐

---

[1] The documents cited in Ciba's *in limine* requests are found in the Appendix of Exhibits to the Joint Pretrial Order in Support of Ciba Specialty Chemicals Corporation's Motions *In Limine* To Exclude Evidence (Exhibit 19) being filed contemporaneously herewith.
[2] The documents cited in Ciba's responses to Hercules' *in limine* requests, including joint Hercules and Cytec *in limine* requests, are found in the Appendix of Exhibits to the Joint Pretrial Order in Support of Ciba Specialty Chemical Corporation's Responses to Defendants' *In Limine* Requests to Exclude Evidence (Exhibits 20 & 21) being filed contemporaneously herewith.
[3] The documents cited in Ciba's response to Cytec's *in limine* request are found in the Appendix of Exhibits to the Joint Pretrial Order in Support of Ciba Specialty Chemical Corporation's Responses to Defendants' *In Limine* Requests to Exclude Evidence (Exhibits 20 & 21) being filed contemporaneously herewith.

B. **Number of Jurors**

There shall be six (6) jurors and three (3) alternate jurors.

C. **Jury Voir Dire**

The Court will conduct voir dire.

D. **Other Matters**

Hercules would like to discuss with the Court a mechanism for determining the publication dates of the asserted prior art. Hercules attempted to streamline its proofs by having Ciba agree that the asserted prior art and other prior art was published more than one year before the earliest effective filing date of the patents-in-suit but Ciba refused to do so for an alleged lack of foundation and relevance.

Ciba has objected to Hercules' alleged invalidating prior art as lacking the proper foundation for admissibility. Ciba has further asserted that because of the lack of relevance of this alleged prior art, it has the high probability of confusing the jury and prejudicing Ciba. Thus, Ciba has moved under its *in limine* request no. 1 for its exclusion. Until this request is resolved, Ciba is not in a position to agree to the admissibility of Hercules' alleged prior art.

XI. **CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY**

The parties certify that two-way communication has occurred between the persons having authority in a good faith effort to explore the resolution of the controversy by settlement. No agreement has been reached.

IT IS ORDERED that this Final Pretrial Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice. Such modification may be made either on application of counsel for the parties or on motion of the Court.

Dated: June 12, 2006                                        _____
                                                            United States District Court Judge

APPROVED AS TO FORM AND SUBSTANCE

*Jeffrey J. Moyer* /def (#4395)
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (# 3309)
Chad M. Shandler (#3796)
RICHARDS, LAYTON & FINGER, P.A.
P.O. Box 551
One Rodney Square
Wilmington, DE 19899-0551
(302) 651-7700
cottrell@rlf.com
moyer@rlf.com
shandler@rlf.com
*Attorneys for Plaintiff*
*Ciba Specialty Chemicals Corporation*

Of Counsel:
Gordon R, Coons
Eley O. Thompson
Gregory C. Bays
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601

/s/ *David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
*Attorneys for Defendant*
*Hercules Incorporated*

Of Counsel:
Ford F. Farabow, Jr.
Joann M. Neth
Eric J. Fues
A. Neal Seth
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413

13

                          /s/ *David E. Moore*
                          Richard L. Horwitz (#2246)
                          David E. Moore (#3983)
                          POTTER ANDERSON & CORROON LLP
                          Hercules Plaza, 6th Floor
                          1313 N. Market Street
                          P.O. Box 951
                          Wilmington, DE 19899-0951
                          (302) 984-6000
                          rhorwitz@potteranderson.com
                          dmoore@potteranderson.com
                          *Attorneys for Defendant*
                          *Cytec Industries, Inc.*

Of Counsel:
Thomas L. Creel, P.C.
Marta E. Gross
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2006 I hand delivered the foregoing document to the following persons and electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Richard L. Horwitz, Esquire
David E. Moore, Esquire
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899-0951

I hereby certify that on June 19, 2006, I have Federal Expressed the foregoing document to the following non-registered participants:

Ford F. Farabow, Jr., Esquire
Joann M. Neth, Esquire
A. Neal Seth, Esquire
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001-4413

Thomas L. Creel, Esquire
Goodwin Proctor, LLP
599 Lexington Avenue
New York, NY  10022

*Kelly E. Farnan*
Kelly E. Farnan (#4395)