# EXHIBIT 19
# Part 4

# EXHIBIT D

Westlaw.

Slip Copy                                                                                                          Page 1

Slip Copy, 2005 WL 2465900 (D.Del.)
(Cite as: Slip Copy)

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
CORNING INCORPORATED, et al., Plaintiffs,
v.
SRU BIOSYSTEMS, et al., Defendants.
No. Civ.A. 03-633 JJF.

Oct. 5, 2005.

Richard L. Horwitz, and David E. Moore, of Potter Anderson & Corroon LLP, Wilmington, Delaware, Kenneth E. Krosin, Andrew E. Rawlins, Larry L. Shatzer, and George C. Best, of Foley & Lardner, Washington, D.C., for Plaintiffs, of counsel.
Steven J. Balick, and John G. Day, of Ashby & Geddes, Wilmington, Delaware, John J. McDonnell, Daniel A. Boehnen, Matthew J. Sampson, Richard A. Machonkin, Patrick G. Gattari, of McDonnell Boehnen Hulbert & Berghoff LLP, Chicago, Illinois, for Defendants, of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Pending before the Court are several evidentiary matters raised by the parties. Plaintiffs, Corning Incorporated and Artificial Sensing Instruments ASI AG (collectively, "Corning") have filed three motions: (1) Motion In Limine (D.I.198), (2) Motion In Limine To Exclude Any Testimony At Trial From Dr. Buckman Based Upon His Supplemental Expert Report (D.I.210-2), and (3) Motion In Limine To Exclude Certain Of SRU's Deposition Designations (D.I.228). Defendants, SRU Biosystems, LLC, SRU Biosystems, Inc. and SRU Holdings, LLC (collectively, "SRU") have filed two motions: (1) In Limine Motions (D.I.199), and (2) Motion In Limine No. 7 To Exclude Evidence Of Harm Caused By SRU's Alleged Acts Of Infringement (D.I.202). In addition, the parties raised several evidentiary objections during the course of the trial, which the Court instructed the parties to brief post-trial. This Memorandum Opinion constitutes the Court's rulings with regard to the pending evidentiary matters.

DISCUSSION

I. Corning's Motions In Limine (D.I.198)

A. *Motion In Limine To Preclude Argument Or Expert Testimony From Dr. A. Bruce Buckman That Applies An Incorrect Legal Standard (D.I.198-1)*

By its Motion, Corning requests the Court to exclude certain testimony of Dr. Buckman on the grounds that his infringement opinions are improperly based on a comparison of SRU's optical sensors to a preferred embodiment of the '843 patent and to a commercial embodiment of the inventor's optical sensor, rather than to the patent's claims. Corning contends that the correct analysis for infringement compares the accused infringing device to the patent's claims, and therefore, Dr. Buckman's testimony to the contrary should be excluded as irrelevant.

Corning raises this same objection post-trial and also contends that Dr. Buckman's testimony on obviousness should be excluded to the extent that it is based upon an incorrect legal standard. Specifically, Corning contends that Dr. Buckman improperly uses the claimed invention as a blueprint to piece together the claimed invention from the prior art, an approach disfavored by the Federal Circuit.

In response, SRU contends that Dr. Buckman's testimony about the patent and the inventor's commercial embodiment provides important scientific information essential to a proper understanding of the claims and the technology as a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

whole. SRU contends that this testimony is also relevant to infringement under the doctrine of equivalents. As for his testimony on obviousness, SRU contends that Dr. Buckman applied the correct standard.

Reviewing the parties' arguments in light of the proffered evidence, the Court will deny Corning's motion and overrule its related trial objections. To the extent that Dr. Buckman's testimony goes to the overall technology and background of the invention it is admissible evidence. To the extent that it can be said that Dr. Buckman's testimony applied the incorrect legal standard in the context of his infringement opinions, the Court concludes that his testimony should not be stricken, but that any inconsistencies between his analysis and the correct legal standards should be considered in the weight to be afforded to Dr. Buckman's trial testimony. The Court's conclusion applies equally to Dr. Buckman's testimony on obviousness.

### B. *Motion In Limine To Preclude Argument Or Testimony Contrary To The Court's Claim Construction (D.I.198-2)*

\*2 Corning next contends that any argument or testimony proffered by SRU which is contrary to the Court's claim construction should be excluded. In response, SRU contends that Dr. Buckman's supplemental expert report expressly applies the Court's claim construction, and therefore, his testimony should not be excluded.

Reviewing the parties' arguments in light of the evidence adduced at trial, the Court will deny Corning's motion and overrule its related trial objection. Dr. Buckman's supplemental expert report applies the Court's claim construction, and Corning had ample opportunity at trial to cross-examine Dr. Buckman on his opinions to the extent that they departed from the Court's claim construction. Further, any deviations between Dr. Buckman's testimony and the Court's claim construction will be considered by the Court in determining the weight to afford Dr. Buckman's testimony.

### C. *Motion In Limine To Preclude SRU's Expert From Opining On Patent Law (D.I.198-3)*

Corning next contends that any testimony offered by Dr. Buckman on patent law should be excluded. Because Dr. Buckman has no legal training or experience, Corning contends that he should not be permitted to offer such testimony because he is not qualified as an expert on patent law under Fed.R.Evid. 702.

SRU maintains that Dr. Buckman's testimony was offered as a technical expert, not a legal expert. SRU maintains that Dr. Buckman is qualified to provide expert testimony as to how the '843 patent is invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112, and that this testimony should not be excluded simply because it overlaps with the legal principles applicable to invalidity.

To the extent that Dr. Buckman provided the Court with a legal opinion, the Court agrees with Corning that his testimony is irrelevant, and therefore, Corning's motion will be granted and its related trial objection sustained. However, because the written description inquiry involves factual questions, the Court concludes that Dr. Buckman was permitted to discuss the technology at issue in light of the factors relevant to the written description inquiry. To the extent Dr. Buckman's testimony provided such a factual analysis and opinion, rather than a legal opinion, the Court will deny Corning's motion and overrule its related trial objection.

### D. *Motion In Limine To Preclude Defendants From Introducing Evidence Regarding U.S. Patent No. 5,071,248 (the " '248 patent") (D.I.198-4)*

Corning contends that evidence proffered by SRU relating to its dismissed counterclaims for invalidity and non-infringement of the '248 patent should be excluded. Corning contends that this evidence is irrelevant to the issues of infringement, validity and enforceability of the '843 patent. Corning raises the same objection post-trial and also contends that evidence concerning SRU's counterclaims for breach of contract, tortious interference and/or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 2465900 (D.Del.)
(Cite as: Slip Copy)

misappropriation of trade secrets should be excluded as irrelevant.

*3 In response, SRU contends that this evidence should be admitted because it is relevant to the issue of invalidity and whether this is an exception case under 35 U.S.C. § 285. According to SRU, evidence related to the '248 patent is relevant because the '248 patent is a continuation of the '843 patent. SRU also contends that evidence about its dismissed counterclaims is relevant to demonstrate that Corning initiated this lawsuit based on its desire to block SRU from entering the market, rather than based on legal merit.

Subsequent to the filing of this motion, the parties signed a Covenant-Not-To-Sue dismissing SRU's counterclaims regarding non-infringement and invalidity of the '248 patent. In addition, SRU voluntarily dismissed its state law claims against Corning with prejudice. Accordingly, the Court concludes that the dismissed counterclaims are irrelevant to this action, and therefore, the Court will grant Corning's motion and sustain its related trial objections.

E. *Motion To Preclude Questions Implicating The Attorney-Client Privilege Or Attorney Work Product (D.I.198-5)*

Corning next requests the Court to preclude SRU from questioning witnesses in a way that will require the witness to invoke the attorney-client privilege. The Court concludes that Corning's request is overbroad and vague. Further, the Court gave Corning the opportunity to present any specific objections regarding the attorney-client privilege post-trial, and Corning declined to brief any such objections in its post-trial evidentiary submissions. Accordingly, the Court will deny Corning's motion as moot.

F. *Motion In Limine To Preclude SRU's Assertion That Professor Clifford Pollock Has A Conflict Of Interest (D.I.198-6)*

Corning requests the Court to exclude any argument or testimony suggesting that Corning's expert witness Professor Clifford Pollock has a conflict of interest arising from Corning's employment of his former graduate student, Dr. Eric Mozdy. Corning contends that SRU's assertion is baseless and unduly prejudicial to Corning.

In response, SRU contends that Professor Pollock's former graduate student is working in the department of Corning that is developing a biosensor product that will compete with SRU's biosensor product. SRU contends that there is a close relationship between Dr. Pollock and Dr. Mozdy and that any evidence tending to show a bias on the part of Dr. Pollock is relevant.

The Court agrees with SRU that evidence demonstrating a conflict of interest on the part of Dr. Pollock as a result of the employment by Corning of Dr. Mozdy is relevant to showing bias on the part of Dr. Pollock. Accordingly, the Court will deny Corning's motion.

G. *Motion To Preclude Testimony From Lance Laing (D.I.198-7)*

Corning next requests the Court to preclude SRU from offering the testimony of Lance Laing. Because Mr. Laing did not testify at trial, the Court will deny this motion as moot.

II. Corning's Motion In Limine To Exclude Any Testimony At Trial From Dr. Buckman Based Upon His Supplemental Expert Report (D.I.210-2)

*4 By its Motion, Corning requests the Court to exclude any testimony offered by Dr. Buckman based on his untimely supplemental expert report. Corning contends that it was prejudiced by the late submission, and therefore, exclusion of this evidence is appropriate.

In its November 5, 2005, Memorandum Order (D.I.239), the Court concluded that Dr. Buckman's supplemental report was not untimely, and therefore, denied Plaintiffs' Motion To Strike The Supplemental Expert Report Of Dr. A. Bruce

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Buckman (D.I.210-1). For the reasons stated in that Memorandum Order, the Court will likewise deny Plaintiff's request to exclude trial testimony based on Dr. Buckman's supplemental report.

### III. Corning's Motion In Limine To Exclude Certain Of SRU's Deposition Designations (D.I.228)

By its Motion, Corning seeks to exclude from evidence the portions of the deposition transcripts of Thomas R. Beall, Dr. Pasqual Marque, and Joseph P. Fredette designated by SRU. Plaintiff contends that these designations are irrelevant to the issues before the Court and prejudicial to Corning. The Court will review each of the areas sought to be excluded.

#### A. *Evidence Relating To Commercial Embodiments*

Corning requests the Court to exclude testimony from Dr. Marque's deposition relating to ASI's commercial embodiments of its patented technology, as well as information from Dr. Fredette regarding a marketing evaluation conducted on ASI's technology. Corning contends that this testimony is irrelevant to the issues of infringement and validity, because both analyses require the Court to look to the claims of the patent and not the commercial embodiments of the claims.

SRU contends that this testimony is relevant to the "secondary considerations" of obviousness. Specifically, SRU contends that the evidence is relevant to the commercial success of the patentee's invention.

The Court agrees with SRU that the testimony proffered is relevant to issues concerning the patent's validity, including secondary considerations regarding whether the claimed invention is obvious under 35 U.S.C. § 103. In addition, the Court is persuaded that the testimony has some relevance to interchangeability considerations for the purposes of analyzing infringement under the doctrine of equivalents. Given the testimony's relevance, and in the context of a bench trial, the Court is not persuaded that Corning will suffer any undue prejudice based on the admission of this testimony into evidence. Accordingly, the Court will deny Corning's request to exclude this testimony and overrule its related trial objection.

#### B. *Licensing Agreements And Negotiations*

Corning also requests the Court to exclude deposition testimony from Mr. Beall concerning the licensing agreements and negotiations between Corning and ASI, and testimony from Mr. Marque concerning his research leading up to the licensing agreement. Corning contends that this evidence is irrelevant to the issues of infringement and validity. In addition, Corning requests the Court to exclude evidence concerning the Corning-SRU negotiations. Corning contends that this evidence is unduly prejudicial to Corning.

*5 In response, SRU contends that this testimony is relevant to the secondary considerations of obviousness. SRU also contends that the negotiations between itself and Corning show the value of a potential license and are therefore relevant to obviousness.

As with testimony concerning the commercial success of the patented invention, the Court agrees with SRU that the testimony sought to be excluded by Corning is relevant to the secondary considerations of obviousness under Section 102. *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957 (Fed.Cir.1997). The Court is also persuaded that Corning will not suffer any undue prejudice as a result of the admission of this testimony. Accordingly, the Court will deny Corning's request to exclude this testimony.

#### C. *Evidence Concerning Corning Personnel Involved In Concluding SRU's Alleged Infringement Of The '843 Patent*

Corning next requests the Court to exclude deposition testimony relating to Corning's internal consideration and conclusion that SRU allegedly infringes the '843 patent. Specifically, this topic is relevant to the relationship between Dr. Pollock and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                              Page 5
Slip Copy, 2005 WL 2465900 (D.Del.)
(Cite as: Slip Copy)

Dr. Mozdy, as well as other scientists at Corning who were former graduate students of Dr. Pollock. The Court has previously concluded that testimony concerning Dr. Pollock's relationship with scientists at Corning is probative of bias, and thus, relevant to an evaluation of the credibility of Dr. Pollock. For the reasons discussed above, the Court also concludes that Corning will not be unduly prejudiced by the admission of this testimony. Accordingly, the Court will deny Corning's request to exclude this testimony.

### D. Education, employment, and other background designations

Corning also contends that the Court should exclude the deposition testimony of Mr. Beall, Mr. Fredette, and Dr. Marque concerning their education and employment, as well as other deposition testimony concerning their background. Corning contends that this evidence is a "waste of time should the Court exclude the other substantive portions [of the testimony] addressed in this motion." (D.I. 228 at 12).

The Court has denied Corning's request to exclude the substantive portions of the deposition designations raised by Corning, and the Court is persuaded that this background testimony is relevant. Accordingly, the Court will deny Corning's motion to exclude this evidence.

### IV. Defendants' In Limine Motions (D.I.199)

#### A. Motion In Limine To Exclude The Non-Probative Opinions Of Plaintiffs' Expert, Dr. Clifford R. Pollock (D.I.199-1)

By its Motion and related trial objection, SRU requests the Court to exclude certain calculations performed by Dr. Pollock and his related testimony. SRU contends that Dr. Pollocks' calculations are " new" and that his testimony is based on different assumptions than he used in his expert report.

The Court concludes that Dr. Pollock's testimony is not "new" and is not unduly prejudicial to SRU. Dr. Pollock's calculations were identical to those used in his expert report, except that he changed the value of the thickness of the titanium oxide film in accordance with the testimony of SRU's witness, Dr. Cunningham, who provided testimony at trial that differed from his deposition testimony. In addition, PDX-77 and 78 and the associated testimony about strength of gratings, the quantity of light that is coupled off the tooth of each grating and that the binding causes the angle at which light leaves the tooth to change is not new evidence, because Dr. Pollock's expert report discusses these issues. Accordingly, the Court will deny SRU's Motion and overrule its related trial objection.

#### B. Motion In Limine To Exclude The Expert Report And Testimony of Gerald J. Mossinghoff (D.I.199-2)

*6 In its Motion, SRU acknowledges that it sought the exclusion of Mr. Mossinghoff's testimony in a prior Motion (D.I.129). However, in the instant Motion, SRU provides additional reasons why SRU's prior motion should be granted.

By Memorandum Order dated November 5, 2005, the Court granted SRU's motion to exclude the testimony of Mr. Mossinghoff. Because this issue has already been addressed and the present motion is a continuation of the previously filed and granted motion, the Court will deny the instant request as moot.

#### C. Motion In Limine To Exclude Evidence Regarding SRU's Filing And Voluntary Dismissal Of Counterclaims For Breach Of Contract, Trade Secret Misappropriation, And Tortious Interference (D.I.199-3)

By its motion, SRU requests the Court to exclude any evidence related to the counterclaims for breach of contract, trade secret misappropriation and tortious interference filed by SRU and subsequently voluntarily dismissed by SRU. SRU contends that this evidence has "no tendency to make the existence of any fact that is of consequence to the issues of infringement or validity of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                  Page 6
Slip Copy, 2005 WL 2465900 (D.Del.)
(Cite as: Slip Copy)

patent-in-suit more probable or less probable than it would be without the evidence." (D.I. 199, Tab 3 at 2).

The Court has concluded in the context of Corning's motion and related trial objections that evidence related to the dismissed counterclaims are irrelevant to the claims at issue. Accordingly, the Court will grant SRU's motion.

### D. Motion In Limine To Exclude Evidence That Third-Parties Did Not Enter Into Business Relationships With SRU (D.I.199-4)

By its motion, SRU requests the Court to exclude evidence that SRU has not been able to enter into business relationships with potential partners and venture capital firms. Because Corning did not offer this evidence at trial, the Court will deny as moot SRU's motion.

### E. Motion In Limine To Exclude Evidence Regarding Infringement And The Outcome Of The Infringement Portion Of The Trial (D.I.199-5)

SRU next requests the Court to exclude all evidence regarding infringement and the outcome of the infringement trial from the validity portion of the trial. Because the issues of infringement and validity were tried together before the Court, SRU's motion will be denied as moot.

### F. Motion In Limine To Exclude Evidence Regarding SRU's Opinions Of Counsel (D.I.199-6)

SRU also requests the Court to exclude evidence regarding SRU's opinions of counsel, because those issues are related to willfulness. Because Corning did not offer evidence regarding SRU's opinions of counsel during the invalidity and infringement trial, and because these issues were tried before the Court instead of a jury, the Court will deny as moot SRU's motion.

### V. SRU's Motion In Limine No. 7 To Exclude Evidence Of Harm Caused By SRU's Alleged Acts Of Infringement (D.I.202)

By its motion and related trial objection, SRU requests the Court to exclude all evidence, testimony or argument related to Corning's claim that it will be harmed by SRU's alleged acts of infringement. SRU contends that Corning's Complaint contained no such allegations of harm and that Corning has waived its damages claim. SRU also contends that Corning refused to provide discovery regarding its optical biosensor product.

*7 Corning contends that SRU has been on notice that Corning was seeking an injunction from the time it filed its Complaint in this action. Corning contends that its claim for injunctive relief is separate and distinct from its claim for monetary damages. Thus, Corning contends that its decision not to proceed with its claim for monetary damages has no affect on its claim for injunctive relief. As for SRU's contention regarding discovery, Corning contends that any discovery not produced was the result of SRU's failure to request such discovery.

The Court agrees with Corning that its claim for injunctive relief survived its withdrawn claim for monetary damages, and SRU was on notice that Corning sought injunctive relief. As for any lack of discovery, the Court concludes that SRU has not established that it requested such discovery or that such discovery, if requested, was not disclosed in other documents produced by Corning. Accordingly, the Court will deny SRU's motion in limine and overrule its related trial objection.

### VI. Corning's Additional Evidentiary Objections

### A. Corning's Objection To Dr. Buckman's Opinion On New Matter In the '843 Patent Application

In its post-trial briefing, Corning also objects to Dr. Buckman's opinion that portions of the '843 specification added by amendment constitute new matter that cannot be viewed as part of the original filing. Corning contends that Dr. Buckman has no training in patent law and therefore, he cannot

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2005 WL 2465900 (D.Del.)
(Cite as: Slip Copy)

Page 7

render such an opinion.

In response, SRU contends that the new matter involves Figure 9 and its associated text in the '893 patent, and that Corning did not rely on this portion of the patent to show an adequate written description. SRU also contends that Dr. Buckman's opinion on this issue is probative evidence that should not be excluded.

It appears to the Court that Corning has not relied on Figure 9 and its associated text in their written description argument, and therefore, Corning's objection is moot. However, to the extent that the issue is not mooted, the Court concludes that Dr. Buckman's opinion has probative value to the new matter determination of whether one skilled in the art would recognize that the original specification disclosed the allegedly new matter. Accordingly, the Court will overrule Corning's objection to Dr. Buckman's testimony on this matter.

### B. Corning's Objection To Dr. Cunningham's Expert Testimony

Corning objects to the testimony of Dr. Cunningham on the grounds that Dr. Cunningham was not qualified as an expert witness and it was improper for SRU to attempt to elicit expert testimony from him. Specifically, Corning contends that it was improper to provide Dr. Cunningham with a document that he neither wrote nor received and ask him to provide an opinion on the meaning of the document, particularly where, as here, Dr. Cunningham provided no expert report and was not qualified as an expert witness.

SRU contends that the "standing objection" made by Corning during trial related to different testimony by Dr. Cunningham than Corning seeks to exclude in its post-trial evidentiary papers. SRU also contends that Dr. Cunningham's testimony is not being used to prove infringement, and that Dr. Cunningham's position as SRU's chief technical officer qualifies him to offer lay opinion on the operation of SRU's technology.

*8 Under Rule 701, a lay witness may testify regarding his own perceptions and knowledge and participation in the day-to-day affairs of a business. In the Court's view, Dr. Cunningham's testimony was not offered by SRU as expert testimony, but as Rule 701 testimony regarding the background of SRU and its technology. Accordingly, Dr. Cunningham's testimony will not be used as expert testimony by the Court in its infringement analysis, and therefore, the Court will overrule Corning's objection.

### C. Corning's Objections To SRU's Demonstrative Exhibits

Corning contends that several demonstrative exhibits used by SRU during the trial misrepresent the technologies involved. Corning also contends that these exhibits should be excluded from evidence under Rule 402 and 403.

SRU contends that Corning relies on several of the exhibits to which it objects in its own Findings of Fact and Post-Trial Briefs, and Corning has not explained how it can suggest that the exhibits are inaccurate while relying on them in their Briefs. SRU also contends that Corning did not raise its objections during trial.

The Court concludes that the demonstrative exhibits cited by Corning are relevant and that Corning had adequate opportunity to cross-examine witnesses concerning the accuracy of those exhibits. Accordingly, the Court concludes that any objections Corning maintains to these exhibits goes to their weight and not their admissibility, and therefore, the Court will overrule Corning's objections.

### D. Corning's Objections On The Grounds Of Hearsay And Improper And Untimely Expert Testimony

Corning objects that the following exhibits are hearsay and inadmissible under Federal Rules of Evidence 701 and 702, because they are improper expert testimony. Corning further objects to the exhibits on the grounds that most of them were

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

designated in an untimely manner. The Court will address each exhibit raised in turn.

### 1. DTX 21A-Journal of Biomolecular Screening

The Court will overrule Corning's objection to DTX 21A. First, Corning never raised an objection to DTX 21A at trial (Tr. 803), and therefore, the Court concludes that any objection raised at this juncture has been waived. However, even if a proper objection was lodged, the Court concludes that Corning has not established that SRU used DTX 21A to prove the truth of the matter asserted therein, and therefore, DTX 21A is not inadmissible hearsay. In addition, the Court concludes that DTX 21A is not untimely, because it a full color version of DTX 21 which was timely identified in SRU's original exhibit list. Finally, the Court concludes that DTX 21A is not inadmissible expert opinion of Dr. Cunningham, because the article contained in DTX 21A was admitted into evidence as PTX 136 and Dr. Cunningham, as a lay witness, could testify about its content-namely, the results of the experiments he performed.

### 2. DTX 23A and 23B-SRU Presentations

The Court will overrule Corning's objections to DTX 23A and 23B. First, the Court notes that Corning did not object to the admission of these exhibits (Tr. 803, 1074), and therefore, Corning has waived any objection to these exhibits. However, even if the Court considers the substantive basis of Corning's objection, the Court concludes that these exhibits are admissible. DTX 23A and 23B are not untimely, because they are full color versions of DTX 23, which was timely listed on SRU's exhibit list. In addition, the Court concludes that these exhibits are business records of SRU that fall within the hearsay exception of Rule 803(6), and that Mr. Dempsey and Dr. Cunningham were qualified to testify about these exhibits under Rule 701 based on the personal knowledge they gained while working for SRU.

### 3. DTX 26, 52, 106-Expert reports of Dr. Buckman

*9 The Court will overrule Corning's objection to DTX 26, 52 and 106. Corning did not raise any objections to these exhibits during trial (Tr. 1399), and therefore, the Court concludes that Corning waived its objection. In the alternative, the Court concludes that these exhibits are admissible pursuant to Fed.R.Evid. 807, because they show the underlying calculations and assumptions upon which Dr. Buckman based his opinion.

### 4. DTX 115-Dr. Buckman's drawing attempting to discredit Dr. Pollock's modeling of the SRU structure

The Court will overrule Corning's objection to DTX 115. Corning did not raise any objection to this exhibit at trial (Tr. 1400), and therefore, the Court concludes that Corning waived its objection. In the alternative, the Court concludes that this exhibit is not inadmissible hearsay. Although this exhibit was labeled as a trial exhibit, rather than as a demonstrative exhibit, it was used in court by Dr. Buckman to explain his trial testimony and it was adopted by Dr. Buckman during his testimony.

### 5. DTX 118-GlaxoSmithKline Document

The Court will overrule Corning's objection to DTX 118. Based on the testimony of Mr. Dempsey, the Court concludes that this exhibit falls within the business records exception of the hearsay rule. (Tr. 783-787). In addition, the Court concludes that Corning has not demonstrated any undue prejudice related to the untimeliness of this exhibit.

### 6. DTX 119-Data SRU recently generated with an imaging system having a resolution of nine microns

The Court will overrule Corning's objection to DTX 119. Corning did not object to this exhibit (Tr. 1074), and therefore, the Court concludes that Corning waived any objection to its admissibility. In the alternative, the Court concludes that, based upon the testimony of Dr. Cunningham (TR. 858-869), the exhibit is admissible under the business records exception to the hearsay rule. The

Slip Copy
Slip Copy, 2005 WL 2465900 (D.Del.)
(Cite as: Slip Copy)

Page 9

Court further concludes that Corning has not established any undue prejudice as a result of the untimeliness of this exhibit.

### 7. DDX 13-Demonstrative exhibit comparing figures from the '843 patent with figures from prior art references

The Court will overrule Corning's objection. Corning did not object to this exhibit at trial, and therefore, the Court concludes that Corning has waived any objection to its admissibility. In the alternative, the Court concludes that the exhibit was adopted by Dr. Buckman as part of his trial testimony, because the exhibit was used by Dr. Buckman as a demonstrative exhibit. Accordingly, the Court concludes that DDX 13 is not inadmissible hearsay.

### 8. DTX 58 and 60-Dr. Buckman's FDTD simulation of a structure with a waveguiding film and a diffraction grating

The Court will overrule Corning's objection to DTX 58 and 60. The Court concludes that the simulations designated by these exhibit numbers are relevant and are not unduly prejudicial to Corning.

### E. Corning's Objection To SRU's Allegedly "New" Non-Infringement Defense

*10 Corning contends that SRU set forth at trial a previously undisclosed non-infringement defense, namely, that the SRU sensor does not have a continuous titanium oxide film. Corning contends that because this defense was never raised, its presentation at trial unfairly surprised and prejudiced Corning. In response, SRU contends that it is not advancing a non-infringement argument on this basis.

The Court agrees with SRU and finds that this argument is not a basis to support a defense of non-infringement by SRU. Accordingly, the Court will overrule Corning's objection to the proffered evidence.

### VII. SRU's Additional Evidentiary Objections

#### A. SRU's Objection To Certain Testimony Of Dr. Pollock And Related Exhibits

SRU contends that (1) Dr. Pollock offered testimony regarding a new set a calculations; (2) Dr. Pollock offered new testimony regarding the differences in the strength of gratings and exhibits PDX 77 and 78; and (3) Dr. Pollock offered new testimony that some quantity of light is coupled off the tooth of each grating and that binding causes the angle at which the light leaves to change. The Court concludes that such testimony was not new. Dr. Pollock's calculations were identical to those used in his expert report, except that Dr. Pollock changed the value of the thickness of the titanium oxide film in accordance with Dr. Cunningham's revised testimony at trial. Further, PDX 77 and Dr. Pollock's associated testimony were not new. Dr. Pollock discussed the effect of grating strength in his expert report. Similarly, PDX 78 and the associated testimony were not new. Accordingly, the Court will overrule SRU's objection.

#### B. SRU's Objection To Dr. Mrksich's Opinion

During trial, Corning introduced an SRU document reporting experimental protocols and asked Dr. Mrksich, "Is it your opinion that a typical user of an optical biosensor could follow the instructions included in Exhibit 76 to produce a chemo-responsive layer?" (Trial Tr. at 359.) SRU contends that none of Dr. Mrksich's reports expressed such an opinion, and therefore Dr. Mrksich's responses should be excluded from evidence as beyond the scope of any expert reports provided by the witness.

The Court concludes that Dr. Mrksich expressed his opinion on the issues raised by Corning in his First Expert Report (D.I.283, Ex. A) and during his deposition. In addition, the Court finds that Dr. Mrksich's opinion is supported by other trial evidence not objected to by SRU. Accordingly, the Court will overrule SRU's objection to Dr. Mrksich's testimony.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2005 WL 2465900 (D.Del.)
**(Cite as: Slip Copy)**

### C. SRU's Objection to Court Exhibit 2

SRU next objects to Corning's reliance on Court Exhibit 2, a purported FDTD simulation that was allegedly based on Dr. Buckman's FDTD simulation. SRU objected to the admission of this exhibit at trial, and the Court sustained SRU's objection. (Trial Tr. at 1377, 1380, 1382.) The Court is not persuaded that its trial ruling was erroneous, and therefore, the Court will sustain SRU's objection and strike Plaintiff's Findings of Fact to the extent that they rely on Exhibit 2 and are unsupported by other record evidence.

### D. SRU's Objection To Argument And Findings Allegedly Unsupported By Record Evidence

*11 SRU contends that Corning's Proposed Findings of Fact 54 and 496, as well as point 1 on page 24 of Corning's Opening Post-Trial Brief, should be stricken because they rely upon non-admitted exhibits PTX 137, DTX 30, and PDX 75. In response, Corning contends that the cited argument and findings of fact are supported by other cited record evidence and DTX-30 was offered at trial, but inadvertently omitted from the Joint Exhibit List.

The Court agrees with Corning that there is independent record evidence to support Findings of Fact 54 and 496 such that those findings should not be stricken from the record. In addition, the Court notes that DTX-30 was admitted into evidence at trial. (Tr. 1399). Accordingly, the Court will overrule SRU's objection.

### CONCLUSION

For the reasons discussed, the Court has granted in part, denied in part and denied as moot Corning's Motion In Limine (D.I.198), denied Corning's Motion In Limine To Exclude Any Testimony At Trial From Dr. Buckman Based Upon His Supplemental Expert Report (D.I.210-2), and denied Corning's Motion In Limine To Exclude Certain Of SRU's Deposition Designations (D.I.228). In addition, the Court has granted in part, denied in part and denied as moot SRU's In Limine Motions (D.I.199) and denied SRU's Motion In Limine No. 7 To Exclude Evidence Of Harm Caused By SRU's Alleges Acts Of Infringement (D.I.202). The Court has also sustained and/or overruled the various trial objections lodged by the parties.

An appropriate Order detailing the Court's rulings on these evidentiary matters has been entered.

D.Del.,2005.
Corning Inc. v. SRU Biosystems
Slip Copy, 2005 WL 2465900 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00633 (Docket) (Jul. 10, 2003)

END OF DOCUMENT

# EXHIBIT E

**REDACTED**

# EXHIBIT F

**REDACTED**

# EXHIBIT G

**REDACTED**

# EXHIBIT H

**REDACTED**

# EXHIBIT I

REDACTED