# EXHIBIT 93

**Michael E. Tate**
Vice President

GENERAL SUMMARY

Mr. Tate has served as a consultant and expert witness in a wide range of litigation matters, including antitrust, patent and copyright infringement, breach of contract, bid rigging, trade secrets, lost profits, securities fraud, construction disputes, lender liability, personal injury, wrongful death, wrongful termination and a nuclear power plant prudence review.

This experience includes testifying as an expert witness and consulting on accounting and economic issues involved in the determination of damages. This experience also includes revenue, cost and pricing determinations, the determination or evaluation of claims for economic loss, valuation of intellectual property rights, as well as the determination of incremental costs, cost allocations, cost of capital and lost profits, and reasonable royalties.

Other experiences in the litigation process include assisting counsel in discovery, fact-finding and information management, as well as providing assistance to counsel at deposition and trial.

EDUCATION

M.S., Industrial Administration, Purdue University

B.B.A., Finance, University of Houston

PROFESSIONAL EXPERIENCE

| | |
|---|---|
| 1999- | CRA International, Vice President |
| 1994-1999 | A.T. Kearney, Inc.: Principal, Economics Consulting Group |
| 1992-1994 | Price Waterhouse:  Manager, Dispute Analysis & Corporate Recovery Services Group |
| 1987-1992 | Peterson Consulting:  Executive Consultant |



PROFESSIONAL AFFILIATIONS

Licensing Executives Society-Member

# EXHIBIT 97

.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C. A. No. 04-293 (KAJ) |
| v. | ) ) ) | *JURY TRIAL DEMANDED* |
| HERCULES, INC. and CYTEC INDUSTRIES, INC., | ) ) ) | |
| Defendants. | ) | |

## CYTEC'S RESPONSES AND OBJECTIONS TO PLAINTIFF
## CIBA SPECIALTY CHEMICALS CORPORATION'S
## <u>FIRST SET OF INTERROGATORIES (NOS. 1-9)</u>

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Cytec Industries, Inc. ("Cytec") hereby responds to the First Set of Interrogatories (Nos. 1-9) served by Plaintiff, Ciba Specialty Chemicals Corporation ("Ciba").

Cytec's responses to these interrogatories, including any documents to be produced, are based upon reasonable and diligent inquiry and the best knowledge or information known or readily available to Cytec as of the date of this response. Further investigation may reveal additional responsive information and documents. Cytec reserves the right to continue discovery and investigation into this matter and to present at trial or otherwise, in accordance with the Federal Rules of Civil Procedure, additional information discovered after the date of this response. Cytec therefore reserves the right to supplement, modify, change, amend, or alter these responses at any time between now and the pretrial order.



PHX097

## GENERAL OBJECTIONS

Cytec makes the following General Objections to Ciba's First Set Of Interrogatories (Nos. 1-9), which are incorporated by reference and made part of the response to each interrogatory:

1.      Cytec hereby incorporates by reference, as if set forth fully herein, the General Objections from its Objections And Responses To Plaintiff Ciba Specialty Chemicals Corporation's First Request for Production of Documents and Things (Nos. 1-71) that pertain to Ciba's definitions of specific terms.

2.      Cytec objects to Ciba's definitions and instructions to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, overly broad, unduly burdensome, or uncertain.

3.      Cytec objects to each interrogatory to the extent that it purports, through Ciba's instructions, definitions, or otherwise, to impose burdens or duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, any applicable orders of this Court, or any stipulation or agreement of the parties.

4.      Cytec objects to each and every request to the extent that it seeks information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The inadvertent production of any such information or documents by Cytec does not waive any applicable privilege, immunity, or other protection.

5.      Cytec objects to each interrogatory to the extent that it calls for a legal conclusion. Any responses or production of information by Cytec shall not be construed as providing a legal

-2-

conclusion regarding the meaning or application of any terms or phrases used in Ciba's interrogatories.

6.     Cytec objects to each interrogatory to the extent it is unduly burdensome, overly broad, and calls for information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Cytec objects to each interrogatory to the extent it is vague, ambiguous, or confusing, by failing to adequately define terms or failing to describe the information sought with reasonable particularity.

8.     Cytec objects to each interrogatory to the extent that it is premature.  Discovery has just begun and Cytec expressly reserves the right to supplement these responses and its contentions as necessary when discovery has further progressed.

9.     Cytec objects to each interrogatory as premature to the extent that it seeks information in advance of the time periods provided in the Court's December 20, 2004, Scheduling Order, including but not limited to the Disclosure of Expert Testimony (on July 22, 2005), Claim Construction Issue Identification (on November 18, 2005), and Claim Construction (on January 27, 2006).  *See* Scheduling Order at ¶¶ 3(d), 11, and 12, respectively.

10.    Cytec objects to providing any information generated on or after the date of filing of this lawsuit, except as may be agreed to by counsel.

11.    Consistent with Federal Rule of Civil Procedure 33(d), Cytec objects to providing responses to interrogatories where the information can be derived from documents that are being produced, and where the burden to derive such information is substantially the same for Ciba as it is for Cytec.

12.    Cytec objects to each interrogatory to the extent that it exceeds the permissible number of interrogatories, including all parts and subparts. Cytec further notes that by serving interrogatories directed to "Defendants" and receiving separate responses from Defendants Hercules and Cytec, Ciba has already served double the number of interrogatories (from 9 to 18) styled in the caption to its interrogatories, even exclusive of parts and subparts.

13.    Cytec objects to Ciba's interrogatories to the extent they ask Cytec to produce or otherwise analyze documents or other information that is not within the possession, custody, or control of Cytec, or to prepare documents that do not already exist.

To the extent that any General Objection is cited in response to specific interrogatory, those specific citations are provided because they are believed to be particularly applicable to the interrogatory and are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

Cytec further notes that these responses are made without waiving any rights or objections or admitting the relevance, materiality, or admissibility into evidence of the subject matter or facts contained in any request or Cytec's responses thereto.

**CIBA'S INTERROGATORIES AND CYTEC'S OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1**

With respect to Defendants' allegations that they are not infringing and have not infringed the patents in suit including Defendants' Answers alleging that Defendants "[have] not infringed and [are] not infringing (either directly, contributorily, or by inducement) any claim of the [patents in suit] either literally or under the doctrine of equivalents," state all bases and evidence supporting such allegations, including all underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may be relied upon by Defendants at trial, separately addressing each element of each claim and each Defendant, and provide claim charts for each claim asserted not to be infringed explaining on an element-by-element basis why each element is or is not met by each of Defendants' manufacture, use, sale, offers for sale, implementation and/or distribution of any of the PerForm® products.

-4-

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to this interrogatory to the extent it seeks information outside of Cytec's possession, custody, or control, as it is directed to "Defendants" and not solely to Cytec. Cytec further objects to this interrogatory as premature. Paragraph 11 of the December 20, 2004, Scheduling Order specifically provides that the parties shall "exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed construction of those term(s)/phrase(s)." Therefore the construction of the claim terms is premature, as such information will be provided on November 18, 2005, as designated by this Court. The subsequent determination of non-infringement is likewise premature.

Subject to and without waiving these objections and its General Objections, Cytec responds that it has not infringed and is not infringing (either directly, contributorily, or by inducement) any claim of the patents in suit either literally or under the doctrine of equivalents. The product produced by Cytec and sold to Hercules (the "Cytec product") does not contain "an ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers" as required by all claims of the '766 patent. Hence, based upon review of the claims, specification, and prosecution history of the '766 patent, this product does not literally infringe this patent.

Additionally, in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushika Co.*, 122 S. Ct. 1831 (2002), the Court held that "[e]stoppel arises when an amendment is made to secure a patent and the amendment narrows the patent's scope." *Id.* at 1840. Such an amendment was made in claim 1 of the '766 patent to the elements reciting "an ionic, organic, cross-linked, polymeric

-5-

microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers." And because the amendment of these elements does not fall into any of the three categories wherein a narrowing amendment may be held not to surrender all equivalents (*i.e.*, the equivalent was unforeseeable; the rationale for the amendment "bears no more than a tangential relation to the equivalent in question;" or "some other reason" suggests that the "patentee could not reasonably be expected to have described the insubstantial substitute in question"), Ciba is foreclosed from asserting any equivalents for these claim elements. For at least this reason, the Cytec product does not infringe any claim of the '766 patent under the doctrine of equivalents.

Similarly, the Cytec product does not contain "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an aqueous solution of at least one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer" as required by all claims of the '808 patent. Hence, based upon review of the claims, specification, and prosecution history of the '808 patent, the Cytec product does not literally infringe this patent. Furthermore, during prosecution applicants made a narrowing amendment in claim 1 of the '808 patent to the elements reciting "cross-linked anionic or amphoteric polymeric microparticles derived solely from the polymerization of an aqueous solution of at least of one monomer, said microparticles having an unswollen number average particle size diameter of less than about 0.75 micron, a solution viscosity of at least about 1.1 mPa.s, a cross-linking agent content of about 4 molar parts to about 4000 parts per million, based on the monomeric units present in the polymer." Ciba is estopped from asserting any equivalents for these claim elements. *See Festo*, 122 S. Ct. at 1840. For at least this reason,

-6-

the Cytec product does not infringe any claim of the '808 patent under the doctrine of

equivalents.

Cytec will supplement this response after Ciba identifies the claims of the patents in suit

alleged to be infringed in this action, and Cytec reserves the right to modify and/or supplement

its response to this interrogatory.

## INTERROGATORY NO. 2

With respect to Hercules' allegation that the patents in suit are invalid including
Defendants' Answers alleging that the patents in suit are "invalid for failure to comply with the
conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112," state all bases and
evidence supporting such allegations, including all underlying facts, testimony, documents,
witnesses, etc. supporting such allegations or which may be relied upon by either of Defendants
at trial, separately addressing each element of each claim, provide claim charts for each claim
asserted to be invalid under 35 U.S.C. §§ 102 or 103 setting forth an element-by-element
application of each prior art disclosure to each claim of the patents in suit, including an
explanation of why each particular element is or is not met by each prior art disclosure, and state
the scope and content of the prior art, the similarities and differences between each prior art
disclosure and each claim, the level of ordinary skill in the art, and where specifically the
suggestion to combine the prior art may be found for any combination of prior art asserted by
either of Defendants.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2

As this interrogatory is directed to allegations made by Hercules, no response by Cytec is

requested or required.

## INTERROGATORY NO. 3

With respect to Defendant Cytec's allegation in its Answer that it "is licensed under the
[patents in suit]", state all bases and evidence supporting such allegations, including all
underlying facts, testimony, documents, witnesses, etc. supporting such allegations or which may
be relied upon by either of Defendants at trial, separately addressing all terms of the alleged
license, the duration of the alleged license, any rights of sublicense, and termination of the
alleged license.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3

Cytec objects to this interrogatory as seeking information outside of Cytec's possession,

custody, or control, to the extent it seeks information "which may be relied upon by either of

Defendants at trial." Cytec further objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving these objections and its General Objections, Cytec responds that it has a license available to it as set forth in Section 1.01, "Transferred Intellectual Property," Subparagraph (a) of the Asset Purchase Agreement, dated as of August 31, 2000 among Cytec Industries, Inc., Cytec Technology Corp. and Ciba Specialty Chemicals Water Treatments, Inc. The terms and conditions of this license are there set forth and speak for themselves.

Cytec reserves the right to modify and/or supplement its response to this interrogatory.

## INTERROGATORY NO. 4

With respect to any assertion that either Defendant's infringement of the patents in suit has not been willful and deliberate, state all steps that were taken by each of the Defendants to avoid infringing the patents in suit or to comply with the duty to reasonably avoid infringement, including, but not limited to, identifying any opinions of counsel upon which either of Defendants intend to rely in an attempt to show that it acted reasonably.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec also objects to this interrogatory as premature as fact discovery has just begun. At this point in the litigation Ciba has not identified which claims of the patents in suit it alleges to be infringed, nor has Ciba identified any facts supporting its allegations of infringement. Cytec further objects to Ciba's unfounded presumption in this Interrogatory in improperly stating "Defendant's infringement of the patents in suit." *See* Objections and Response to Interrogatory No. 1 above. Cytec further objects to this interrogatory to the extent it

-8-

seeks information outside of Cytec's possession, custody, or control, as it is directed to "Defendants" and not solely to Cytec.

Subject to and without waiving these objections and its General Objections, Cytec responds that to the extent it has relied upon opinion(s) of counsel concerning the patents-in-suit, Cytec will identify them on a privilege log, to the extent required by the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the District of Delaware, to be provided when the parties exchange privilege logs at an agreed upon future date.

Cytec reserves the right to modify and/or supplement its response to this interrogatory.

**INTERROGATORY NO. 5**

Identify all people that are or were knowledgeable concerning the offer and sale of the patents in suit prior to the execution of such sale, including when such persons became aware of such activities, with whom such persons communicated about such activities, and when such communications occurred.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5**

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to this interrogatory as unduly burdensome and overly broad for seeking information that is neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, Ciba, as the purchaser of the patents-in-suit, is already in possession of such information relating to the negotiations for the patents-in-suit.

**INTERROGATORY NO. 6**

Identify all communications between Hercules and Cytec relating to the validity, including the providing of any prior art, and infringement of the patents in suit, including identifying who participated in such communications, when such communications occurred, and detailing the content of such communications.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec also objects to this interrogatory to the extent it seeks information concerning communications that occurred on or after the date of filing of this lawsuit, as such information is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections and its General Objections, Cytec responds that any communication(s) that would otherwise be produced but is being withheld on the grounds of an applicable privilege or immunity and dated, prepared or received before the May 7, 2004 commencement of this lawsuit, will be identified on a privilege log, to the extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, to be provided when the parties exchange privilege logs at an agreed upon future date.

## INTERROGATORY NO. 7

Describe the structure of each of the PerForm® SP products, specifically and separately describing any branching or cross-linking of the polymer, any testing performed to characterize the structure of any of the PerForm® SP products, and the Huggins constant of any of the PerForm® SP products.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7

Cytec objects to this interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit, and are therefore not relevant to any issues in this lawsuit.

-10-

Subject to and without waiving these objections and its General Objections, Cytec responds that Hercules' PerForm® SP product(s) which is/are manufactured by Cytec is/are not cross-linked and that no cross-linking agent is used in its/their production.

**INTERROGATORY NO. 8**

For each of the PerForm® SP products, specify all of the steps utilized in the process or processes used to manufacture each product, specifically and separately addressing each sequential step of the process(es), including identifying the raw materials used in each step, the manufacturer or supplier from whom each of the raw materials is/was obtained, and the reaction parameters employed in each step.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8**

Cytec objects to Ciba's definition of "PerForm® SP product" to the extent it encompasses products that have not been accused of infringement in this lawsuit, and are therefore not relevant to any issues in this lawsuit.

Subject to and without waiving these objections and its General Objections, and because the burden of deriving or ascertaining the answer to this interrogatory from discoverable documents is substantially the same for Ciba as it would be for Cytec, pursuant to Fed.R.Civ.P. 33(d), Cytec will produce documents regarding the process used to manufacture PerForm® SP product(s) produced by Cytec, to the extent they are not objectionable and/or privileged, from which Ciba can derive the answer to this interrogatory.

**INTERROGATORY NO. 9**

Identify all persons knowledgeable about and all documents and things relating to any of Defendants' answers to any interrogatory posed by Ciba.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9**

Cytec objects to this interrogatory because it seeks information that is not relevant to any claim or defense of any party, including, *inter alia*, information subsequent to the commencement of this litigation. Cytec further objects to this interrogatory to the extent it seeks

-11-

information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Cytec further objects to this interrogatory as overbroad, unduly burdensome, and not relevant to the claim or defense of any party in that it requires Cytec to broadly identify "all" persons "relating to any of Defendants' answers to any interrogatory" without any limits or definitions regarding time, extent of involvement, or type of involvement.

Subject to and without waiving these objections and its General Objections, Cytec responds that Roderick Ryles (Senior Research Fellow at Cytec), Claire Schultz (Chief Patent Counsel at Cytec), Paul Waterman (Operations Technology Director at Cytec), and Zeb Morgan (Senior Developmental Chemist at Cytec) are knowledgeable about certain of Cytec's answers to these interrogatories.

Cytec reserves the right to modify and/or supplement its response to this interrogatory.

As to objections,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Thomas L. Creel, P.C.
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

Dated: March 2, 2005

By: _____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000

*Attorneys for Defendant*
*Cytec Industries, Inc.*

672348 / 28118

-12-

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 2, 2005, true and correct copies

of the within document were caused to be served on the attorney of record at the

following addresses as indicated:

### VIA HAND DELIVERY

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE  19899

### VIA FEDERAL EXPRESS

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601-6780

Ford F. Farabow, Jr.
Joann M. Neth
A. Neal Seth
Eric J. Fues
Finnegan, Henderson, Farabow, Garrett &
            Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413


_____
            David E. Moore

666520

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CIBA SPECIALTY CHEMICALS CORPORATION, )
                                       )
                Plaintiff,             )
                                         )
                  v.                )    C. A. No. 04-293 (KAJ)
                                       )
HERCULES INCORPORATED and         )
CYTEC INDUSTRIES, INC.,              )
                                       )
             Defendants.        )

**VERIFICATION OF DEFENDANT CYTEC INDUSTRIES, INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S
FIRST SET OF INTERROGATORIES (NOS. 1-9)**

       I, Claire Schultz, declare and state that: I am Chief Patent Counsel at Cytec Industries,
Inc.; I have read the foregoing DEFENDANT CYTEC INDUSTRIES, INC.'S RESPONSES
AND OBJECTIONS TO PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S
FIRST SET OF INTERROGATORIES (NOS. 1-9) and know the contents thereof;
DEFENDANT CYTEC INDUSTRIES, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CIBA SPECIALTY CHEMICALS CORPORATION'S FIRST SET OF
INTERROGATORIES (NOS. 1-9) were prepared with the assistance of counsel; the answers set
forth herein, subject to inadvertent or undiscovered errors are based on and therefore necessarily
limited by the records and information still in existence, and reasonably available to Cytec,
presently recollected and thus far discovered in the course of the preparation of these answers;
consequently Cytec reserves the right to make any changes in these answers if it appears at any
time that omissions or errors have been made therein or that more accurate information is
available; I do not have personal knowledge of all of the information provided; subject to the
limitations set forth herein the answers set forth herein are true to the best of my knowledge,
information and belief.

                                                                _____

                                                 Claire Schultz

SUBSCRIBED and SWORN before me this
9th day of March, 2005.

Kimberly J. Eckert

NOTARY PUBLIC
KIMBERLY J. ECKERT
*NOTARY PUBLIC*
MY COMMISSION EXPIRES DEC. 31, 2008

                                     -14-

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 16, 2005, true and correct copies

of the within document were caused to be served on the attorney of record at the

following addresses as indicated:

### VIA HAND DELIVERY

Frederick L. Cottrell, III
Jeffrey L. Moyer
Chad M. Shandler
Richards, Layton & Finger, P.A.
One Rodney Square
P. O. Box 551
Wilmington, DE 19899

### VIA FEDERAL EXPRESS

Gordon R. Coons
Eley O. Thompson
Gregory C. Bays
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780

Ford F. Farabow, Jr.
Joann M. Neth
A. Neal Seth
Eric J. Fues
Finnegan, Henderson, Farabow, Garrett &
     Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413


_____
David E. Moore

666520

# EXHIBIT 98

ALL-STATE® LEGAL 800-222-0510   E231   RECYCLED

GOODWIN | PROCTER

Marta E. Gross, Esq.
212.459.7499
mgross@goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800
F: 212.355.3333

May 24, 2005

By Facsimile

Eley O. Thompson, Esq.
Leydig, Voit & Mayer
Two Prudential Plaza
Suite 4900
Chicago, IL 60601-6780

Re: Ciba v. Hercules and Cytec

Dear Eley:

This is in response to your May 13, 2005 letter to Tom Creel. As an initial comment, we disagree with the position stated in your second paragraph regarding Cytec's "objection to a single format." But in any event we appreciate that Ciba has separated its discovery issues in its May 13 letter and made specific those issues it perceives with Cytec's discovery. I do note, however, that you have used the term "Defendants" in prefacing each interrogatory discussion. I would like to make clear that Cytec is speaking on behalf of Cytec only and does not have knowledge or authority to speak on behalf of Hercules.

Ciba's Interrogatory No. 1

As I believe has been made clear in Cytec's interrogatory response, it is Cytec's understanding that the PerForm® product sold by Cytec to Hercules "does not contain an' ionic, organic, cross-linked polymeric microbead, the microbead having an unswollen particle diameter of less than about 750 nanometers'."

In light of Ciba's failure to substantively respond to the question of the basis for its assertion of crosslinking in the PerForm® product and the identity of the so-called "crosslinking agent," Cytec is unable to respond further to this interrogatory.

Cytec does not understand what Ciba is referring to by "Cytec has not provided any basis in its response challenging indirect infringement." As you are undoubtedly aware absent direct infringement there can be no indirect infringement. Furthermore, until Ciba specifies any act of Cytec which it believes is an act of indirect infringement, Cytec cannot further respond.

PHX098

05/24/2005 19:54 FAX  2123553333        GOODWIN PROCTER LLP                    ☑ 003/005

GOODWIN PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 2

## Ciba's Interrogatory No. 3

Cytec stands on its response in that it has a license available to it pursuant to the Asset Purchase Agreement between Ciba and Cytec dated August 31, 2000. The terms of the license are set forth in that agreement. Should any of the sales of the PerForm® product fall within the terms of this license than Cytec asserts those sales are covered by this license. No further answer is required.

## Ciba's Interrogatory No. 4

Cytec believes that it is premature to make a decision as to whether it will waive privilege. Hercules has proposed the date of two months before close of discovery by which it will make a decision of whether or not to waive privilege. Cytec agrees to this proposed date, and further believes this will provide Ciba with ample time to take any necessary discovery in the event that Cytec chooses to waive its privilege.

## Ciba's Interrogatory No. 5

Cytec stands on its response that this request seeks non-relevant information. Moreover, Ciba knows with whom at Cytec it negotiated the sale of the Polyflex® business, (of which the sale of the patents-in-suit was a part).

## Ciba's Interrogatory No. 6

Cytec stands on its response. The assertion of privilege is based on community of interest between Hercules and Cytec with regard to the patents-in-suit that arose when Ciba threatened infringement of those patents.

## Ciba's Interrogatory No. 7

Cytec stands on its response. Cytec understands that the PerForm® product it makes for Hercules does not use a cross linking agent and is not cross linked. Cytec has not conducted any test to characterize the PerForm® product. No further answer is required.

05/24/2005 19:54 FAX  2123553333        GOODWIN PROCTER LLP              Ø004/005

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 3

**Ciba's Interrogatory No. 8**

Cytec will provide the production numbers of documents sufficient to describe the process used for the PerForm® product that Cytec makes for Hercules. Cytec will do so at the time it makes its second wave of production.

**Ciba's Interrogatory No. 10**

Cytec's response to Interrogatory No. 10 very clearly explains its position on assignor estoppel. Case law clearly shows that Cytec has the right to rely on prior art in the way there explained, whether assignor estoppel applies or not. *See, e.g.,* Westinghouse Electric & Manufacturing Company v. Formica Insulation Co., 266 U. S, 342, 351 (1924); Mentor Graphics Corp. et al v. Quickturn Design Systems, Inc., 150 F.3d 1374 (5 Fed. Cir. 1998) at 1379-1380; and O.G. Products, Inc. et al v. Shortly, Inc., 992 F.2d 1211 (Fed. Cir. 1993) at 1213. No further answer is required.

**Ciba's Interrogatory No. 11**

Interrogatory No. 11 is directed to whether Hercules is estopped from asserting an invalidity defense. Estoppel is an equitable defense based on all of the underlying facts and is unique to each defendant. It is improper for Ciba to ask Cytec contentions about a personal defense asserted by its co-defendant. Furthermore, since all of the facts are uniquely within the knowledge of Hercules and Ciba, Cytec cannot provide a position on this defense, in any event. No further answer is required.

**Ciba's Interrogatory No. 13**

Ciba has misstated Cytec's response in its letter. Cytec has objected to this interrogatory as seeking information that is not relevant and that the burden of ascertaining the requested information is substantially the same for Ciba as for Cytec. Cytec stated in its response that it would provide documents that describe the manufacture of the PerForm® SP product that is toll manufactured by Cytec. Cytec has and will do so. Ciba is the owner of the Polyflex® technology and therefore has within its knowledge the Polyflex® manufacturing process. Thus, Ciba can ascertain for itself any additional difference between the PerForm® and Polyflex® manufacturing processes.

**Ciba's Interrogatory No. 14**

Ciba's interrogatory states: "Identify any products or processes that you have made, had made on your behalf, used, sold or offered for sale that have been covered, licensed, or protected by either of the patents in suit." Cytec responded to this interrogatory. Ciba now is seeking

GOODWIN | PROCTER

Eley O. Thompson, Esq.
May 24, 2005
Page 4

additional information that was not requested in the original interrogatory. No further answer is required.

Very truly yours,

Marta E. Gross

cc:     Eric J. Fues, Esq. (via facsimile)
        Richard L. Horwitz, Esq. (via facsimile)
        Chad M. Shandler, Esq. (via facsimile)

24/2005 19:53 FAX  2123553333          GOODWIN PROCTER LLP                    ☑001/005

# GOODWIN | PROCTER

Goodwin Procter LLP
Counsellors at Law
599 Lexington Avenue
New York, NY 10022
T: 212.813.8800

*ORIGINAL*

# F A X   T R A N S M I T T A L

If problems with transmittal, call fax department at 212.813.8800.

| Date | Total pages | Attorney number | Client/matter number |
|---|---|---|---|
| May 24, 2005 | 5 | 08155 | 105678-146743 |

| To | Company | Fax number | Telephone |
|---|---|---|---|
| Eley O. Thompson, Esq. | Leydig, Voit & Mayer, Ltd. | 312.616.5700 | 312.616.5600 |
| Gregory C. Bays, Esq. | Leydig, Voit & Mayer, Ltd. | 312.616.5700 | 312.616.5600 |

| Cc | Company | Fax number | Telephone |
|---|---|---|---|
| Joann M. Neth, Esq. | Finnegan, Henderson, et al. | 202-408-4400 | 202-408-4000 |
| Eric J. Fues, Esq. | Finnegan, Henderson, et al. | 202-408-4400 | 202-408-4000 |
| Richard L. Horowitz, Esq | Potter, Anderson & Corroon LLP | 302-658-1192 | 302-984-6000 |
| David E. Moore, Esq. | Potter, Anderson & Corroon LLP | 302-658-1192 | 302-984-6000 |
| Chad M. Shandler, Esq. | Richards Layton & Finger, P.A. | 302-651-7701 | 302-651-7700 |

| From | | Fax number | Telephone |
|---|---|---|---|
| Marta E. Gross, Esq. | | 212.355.3333 | 212.459.7499 |

Message:

Please see attached.

The Information contained in this communication is intended only for the personal and confidential use of the designated recipients addressed. This message may be an attorney-client communication from an attorney at the law firm of Goodwin Procter LLP and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us at the telephone number shown above, and return the original message to us by mail. Thank you.