

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

July 24, 2006

<u>VIA ELECTRONIC FILING</u>

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE  19801

      Re:   <u>*Ciba Specialty Chemicals Corporation v. Hercules Incorporated, et al.*
              Civil Action No. 04-293(KAJ)</u>

Dear Judge Jordan:

      I am writing on behalf of Defendants in brief response to Ciba Specialty Chemicals Corporation's letter to the Court of July 21, 2006.

      Ciba's statement that final judgment is being rendered in this case only on Ciba's complaint for patent infringement is not correct.  As Defendants understand the present posture of the case, the Court will render final judgment in the case on all issues upon which there has been adjudication by the Court.  This includes all issues that the Court has decided on summary judgment--one of which was no privity between Hercules and its co-defendant, Cytec Industries Inc.  That the issues of invalidity and unenforceability were not addressed, since the Court found no infringement, is irrelevant to the fact that the issue of privity was adjudicated--following a two-day evidentiary hearing including testimony of some fourteen (14) witnesses.  Following that hearing, the Court found no privity, and granted Hercules' motion for summary judgment on that issue.  That adjudication is clearly going to become part of the final Judgment in this case, once final judgment is entered by the Court, and it is thus an appropriate part of the form of Judgment that will be entered by the Court.

      Ciba's further statement that paragraphs 2 and 3 in Defendants' proposed form of Judgment "are overbroad in that they do not identify the product at issue in this case and on which the Court's summary judgment decision is based" and that those paragraphs "should identify Perform® SP9232 as the product found not to infringe" ignores and is inconsistent with Ciba's own pleadings, briefing on summary judgment, and the Court's Order finding no infringement on summary judgment in this case.  Ciba's own complaint stated that "Hercules and Cytec are jointly liable for infringement of the '766 and '808 patents through their activities including the manufacture, use, sale, offers for sale, implementation and distribution of products (including but not limited to the Perform® product) . . . .  D.I. 1 at ¶ 9.  Consistent with that pleading, Ciba's arguments on summary judgment regarding infringement are replete with references to "Perform®", "the Perform® system" and/or "the Perform® product" as the alleged infringing product.  *See e.g.,* D.I. 317 at 2, 3, 4, 5, 21, 22, 23, 28, 29, 30, 31, 34, 36, 37, 38.  These product references are entirely consistent with the Court's adjudication of non-

The Honorable Kent A. Jordan
July 24, 2006
Page 2

infringement on summary judgment.  *See* D.I. 411, 412.  Furthermore, Ciba never proved that any Perform® product infringed any claim of either of the patents-in-suit.

      Defendants submit that for the above reasons Ciba's comments of July 21, 2006 are inaccurate, and respectfully request that the Court enter the form of Judgment Defendants proposed and submitted to the Court on July 21, 2006.

      Respectfully,

      */s/ Richard L. Horwitz*

      Richard L. Horwitz

RLH/msb/742520
Enclosure

cc:    Clerk of the Court (via hand delivery)
        Thomas L. Creel, P.C. (via electronic mail)
        Marta E. Gross, Esquire (via electronic mail)
        Ford F. Farabow, Esquire (via electronic mail)
        Joann M. Neth, Esquire (via electronic mail)
        Gordon R. Coons, Esquire (via electronic mail)
        Eley O. Thompson, Esquire (via electronic mail)
        Chad M. Shandler, Esquire (via electronic mail)